```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

**Vivian Bert, et al.,**              :
                                       :
        **Plaintiffs,**       :
                                       :
       **vs.**                    :   Case C-1-02-0467
                                       :
**AK Steel Corporation,**              :
                                       :
        **Defendant.**        :


ORDER

This matter is before the Court on Defendant AK Steel Corporation's Motion to Dismiss the Title VII Claims of the Middletown Plaintiffs and Motion for Summary Judgment on Roderique Russell's Title VII Claims (Doc. No. 10). Plaintiff filed a memorandum in opposition (Doc. No. 12) to which Defendant filed a reply (Doc. No. 33).

I.  **BACKGROUND**

This class action discrimination suit was brought (1) by a group of African-American plaintiffs[1] who applied for employment

---

[1] The individual plaintiffs are Vivian Bert, Thaddeus Freeman, Darrell Carter, Edward James Lewis, Timothy Oliphant, Mary Harris, Roderique Russell, Kay Jackson, Marnie Carter, Darlene Denise Carter, Dwight Lewis, Michael Miller, Ronald Sloan, Donald Edwards, Shawn Pryor, and Tiffany Jackson.

with Defendant AK Steel and allege they were denied employment on account of their race and (2) by Plaintiff Allen Roberts, a current employee of AK Steel, who alleges he was denied the right to "work in a racially integrated environment free from racial discrimination" as a result of Defendant's alleged practice of not hiring African-Americans. (Doc. No. 1, ¶ 150). Nine of the Plaintiffs, Vivien Bert, Donald Edwards, Thaddeus Freeman, Mary Harris, Edward James Lewis, Michael Miller, Shawn Pryor, Ronald Sloan, and Roderique Russell, are referred to by the parties as "the Middletown Plaintiffs". Defendant AK Steel is moving to dismiss the Title VII claims of the Middletown Plaintiffs and is also moving for summary judgment with respect to the Title VII claim of Middletown Plaintiff Roderique Russell.

II. **DISCUSSION**

    a. **Motion to Dismiss**

Defendant AK Steel argues that the Middletown Plaintiffs' Title VII claims should be dismissed because the Middletown Plaintiffs failed to satisfy the procedural requirements of Title VII by failing to obtain a right-to-sue letter from the Equal Employment Opportunity Commission ("the EEOC") prior to instituting the current action.[2]

---

[2] Under Title VII's statutory scheme, a person claiming to be aggrieved must file a charge with the EEOC. 42 U.S.C. § 2000e-5; 29 U.S.C. § 626(d). If the EEOC chooses not to investigate the

After reviewing Defendant's motion to dismiss and the complaint[3], the Court is, quite frankly, perplexed by Defendant's motion. (Doc. Nos. 10, and 1). In its motion, Defendant clearly states that it is moving for the dismissal of the Title VII claims of the Middletown Plaintiffs. However, the Middletown Plaintiffs have not brought any claims under Title VII. The only claims alleged by the Middletown Plaintiffs in the complaint are brought under the Civil Rights Acts of 1866, 42 U.S.C. § 1981 ("§ 1981").[4] (Doc. No. 1, Count 1, ¶¶ 145-48). The sole Title VII claim

---

charge, it will notify the aggrieved person that they have ninety days to bring a civil action against a respondent. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). The EEOC gives notice by issuing a right-to-sue letter to the aggrieved person. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). The timely filing of an EEOC charge and the issuance of a right-to-sue letter are conditions precedent to filing a Title VII lawsuit. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Rivers v. Barberton Board of Education*, 143 F.3d 1029, 1031-32 (6th Cir. 1998); *Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984), *cert. denied*, 493 U.S. 964 (1989).

[3] An amended complaint was filed after briefing was closed in this matter. (Doc. No. 22). The amendments to the complaint are unrelated to the issues addressed in this Order.

[4] Although the heading of Count I of the complaint includes a parenthetical which makes reference to Title VII and § 1981, the actual body of the complaint only refers to § 1981. (Doc. No. 1, ¶ 145 and ¶148). The heading of Count II, which involves different Plaintiffs, includes an identical reference to Title VII and § 1981, but the body of the complaint refers to Title VII and § 1981. (Doc. No. 1, ¶ 150 and ¶153). Because the body of the complaint of Count I repeatedly refers to only § 1981 whereas Count II refers to both § 1981 and Title VII, the Court can only conclude that the inclusion of the reference to Title VII in the heading of Count I was in error.

3

included in the complaint is brought by Plaintiff Roberts, on behalf of himself and other AK Steel employees, for the denial of the right to work in a racially integrated environment. (Doc. No. 1, Count II, ¶¶ 150-53). As the Middletown Plaintiffs are not, nor have they ever been, AK Steel employees, they do not fall within the Title VII claim included in the complaint.

Although the Middletown Plaintiffs have not pled any Title VII claims in the complaint, Plaintiffs have responded to Defendant's motion on its merits and appear to agree with Defendant's assertion that the Middletown Plaintiffs have brought claims under Title VII. Thus, while the Court has concluded that Defendant's motion is meritless because it seeks to dismiss claims that have not been pled and will deny Defendant's motion on this basis, it will address the validity of the arguments presented by Plaintiffs regarding the merits of Defendant's motion.

Although Plaintiffs acknowledge that the receipt of a right-to-sue letter is a condition precedent to bringing an action under Title VII, they contend that, under the circumstances of this case, the Middletown Plaintiffs were not required to satisfy this requirement.[5] First, Plaintiffs argue that the Middletown Plaintiffs do not need individual right-to-sue letters because

---

[5]The Middletown Plaintiffs filed timely charges with the EEOC and thus, satisfied the condition precedent requiring such a filing. To date, however, they have not received their right-to-sue letters from the EEOC.

their claims are subject to the "single-filing rule". Under the single-filing rule, "if one plaintiff has filed a timely EEOC complaint as to that plaintiff's individual claim, then co-plaintiffs with individual claims arising out of similar discriminatory treatment in the same time frame need not have satisfied the filing requirement. *EEOC v. Wilson Metal Casket Co.*, 24 F.3d 836, 840 (6th Cir. 1994)(quoting *Ezell v. Mobile Hous. Bd.*, 709 F.2d 1376, 1381 (11th Cir. 1983)). Plaintiffs argue that the Middletown Plaintiffs' claims arise out of similar discriminatory treatment as that allegedly suffered by Plaintiff Roberts, who timely filed a third-party charge on behalf of all blacks and has received his right-to-sue letter.[6] Thus, Plaintiffs argue that the Middletown Plaintiffs were not required to file a charge with the EEOC or be in receipt of a right-to-sue letter prior to instituting this action. Plaintiffs' argument is unpersuasive.

A number of courts, including at least one court within this Circuit, have held that the single-filing rule only applies to plaintiffs who have not filed an administrative claim or have filed an untimely administrative claim. *Smith v. Healthsouth Rehabilitation Center of Memphis, Ltd.*, 234 F.Supp.2d 812, 815-16 (W.D. Tenn. 2002); *Anderson v. Unisys Corp.*, 47 F.3d 302, 308-09,

---

[6]It is not at all clear whether a third-party charge can be brought on behalf of an entire protected group based simply on their membership in that group. However, this issue has not been raised by Defendant and thus, the Court will not address it here.

(8th Cir. 1995), *cert. denied*, 516 U.S. 913 (1995); *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1223 (5th Cir. 1995); *Gitlitz v. Compagnie Nationale Air France*, 129 F.3d 554, 558 (11th Cir. 1997). Although the Sixth Circuit has not directly addressed this issue, this Court agrees with the *Smith* court that it is likely that the Sixth Circuit would conclude that a plaintiff who has filed his or her own timely administrative claim cannot take advantage of the single-filing rule. *See Smith*, 234 F.Supp.2d at 816 (noting that the *Wilson Metal Casket* court held that the single-filing rule applied to "a substantially related *non-filed* claim . . . *Wilson Metal Casket*, 24 F.3d at 840 (footnotes omitted) (emphasis added)"). In this case, it is undisputed that the Middletown Plaintiffs have filed individual timely EEOC charges and are simply awaiting their right-to-sue letters.

Plaintiffs' argument also fails because the Middletown Plaintiffs' claims do not arise out of similar discriminatory treatment as that suffered by Plaintiff Roberts. The alleged discriminatory treatment suffered by Plaintiff Roberts is the denial of his right to work in a racially integrated environment due to Defendant's allegedly discriminatory hiring practices. Plaintiff Roberts does not allege that Defendant discriminated against him in the hiring process. Thus, while Plaintiff Robert's claim that he was subject to a non-racially integrated work environment is connected to Defendant's allegedly discriminatory

hiring practices, it is fundamentally different from the Middletown Plaintiff's claims that they were directly discriminated against during the hiring process. *C.f., Birone v. Indian River School*, 145 F.3d 1329 (6th Cir. 1998)(table decision)(single-filing rule not applicable where claims involved a white woman suing for *direct harassment* and a black man suing for *retaliation*). Consequently, the Middletown Plaintiffs' claims did not "arise" out of similar discriminatory treatment as that from which Plaintiff Roberts allegedly suffered.

For these reasons, the Court concludes that any Title VII claims brought by the Middletown Plaintiffs could not be piggybacked onto the claim of Plaintiff Roberts pursuant to the single-filing rule.

In the alternative, Plaintiffs argue that the Middletown Plaintiffs are not required to have right-to-sue letters in hand because they filed charges with the EEOC prior to filing this action but, to date, have not received their right-to-sue letters. Plaintiffs base their argument on a decision issued by this Court in the case of *Ohio Council of the Blind v. Voinovich*, No. C2-930528, 1994 WL 504405 (S.D. Ohio March 28, 1994). Plaintiffs reliance on *Voinivich* is misplaced.

In *Voinivich*, this Court refused to dismiss a plaintiff's Title VII claim on the grounds that he had not received his right-to-sue letter at the time he filed the action because the plaintiff

was in possession of his right-to-sue letter by the time the court considered defendant's motion to dismiss.[7]  *Id.* At *11.  The facts of *Voinivich* are clearly distinguishable from the facts of this case in that the Middletown Plaintiffs have yet to receive their right-to-sue letters nor does it appear they have made any effort to obtain such letters.

Despite Plaintiffs' suggestion to the contrary, the fact that the receipt of a right-to-sue letter is considered a condition precedent rather than a jurisdictional requirement does not mean that the need for such a letter can simply be ignored.  Rather, the fact that the right-to-sue requirement is a condition precedent means that it may be tolled or waived by the court under compelling circumstances.  In this case, Plaintiffs have not provided the Court with any bases upon which as to why the Court should toll or waive the right-to-sue letter requirement on behalf of the Middletown Plaintiffs.

Consequently, if the Middletown Plaintiffs had pled claims under Title VII, the Court would find that such claims should be dismissed as a result of the Middletown Plaintiffs' failure to

---

[7] The specific legal issue before the court in *Voinivich* was whether the receipt of a right-to-sue letter was a jurisdictional requirement that could not be cured by the subsequent receipt of a right-to-sue letter.  Since *Voinivich*, the Sixth Circuit has ruled that the receipt of a right-to-sue letter is a condition precedent rather than a jurisdictional requirement. *Rivers v. Barberton Board of Education*, 143 F.3d 1029, 1031-32 (6th Cir. 1998

obtain right-to-sue letters. However, as the Middletown Plaintiffs have not pled any Title VII claims, the Court need not rule on this issue and will deny Defendant's motion on the grounds that the Middletown Plaintiffs have not pled any claims under Title VII.

### b. Summary Judgment

Defendants are also moving for summary judgment on the Title VII claim of Plaintiff Roderique Russell relating to EEOC Charge No. 221A00326. A review of the complaint reveals that Plaintiff Russell has not pled a claim under Title VII, and therefore, Defendant's motion will be denied for the same reasons discussed above.[8]

### III. CONCLUSION

For all the foregoing reasons, the Court **DENIES** Defendant AK Steel Corporation's Motion to Dismiss the Title VII Claims of the Middletown Plaintiffs and Motion for Summary Judgment on Roderique

---

[8] The Court feels compelled to note that even if Plaintiff Russell had pled a Title VII claim, EEOC Charge No. 221A00326 would not serve as the basis of such a claim. The complaint states that the alleged discriminatory treatment of Plaintiff Russell related to his application for employment is 2001, which is raised in EEOC Charge No. 221A200673. Charge No. 221A00326 was based on alleged discriminatory treatment that related to Plaintiff Russell's application for employment in 1999 and is not part of the current action. Even if Plaintiff Russell had pled a Title VII claim, the Court would obviously not grant summary judgment based on facts not pled in the complaint.

Russell's Title VII Claims (Doc. No. 10).

**IT IS SO ORDERED**

Date January 21, 2004                    /s Sandra S. Beckwith
                                          Sandra S. Beckwith
                                          United States District Judge