UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. C-1-02-467 |
| | ) | Judge Sandra S. Beckwith |
| AK STEEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO ALTER OR AMEND
JUDGMENT UNDER RULE 59(e)**

COME NOW the plaintiffs in the above-styled action and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, respectfully request that the Court alter or amend its judgment filed January 21, 2004 (Doc. No. 26) (hereinafter "Order") to vacate that judgment. The plaintiffs contemporaneously file a motion for leave to amend their complaint and their Second Amended Complaint to which are attached the plaintiffs' right-to-sue letters. As grounds for this motion, the plaintiffs state as follows:

1. The plaintiffs filed their Complaint in this lawsuit on June 26, 2002 (Doc. No. 1) and amended it on November 28, 2003 (Doc. No. 22).[1] The defendant filed its Motion to Dismiss the Title VII claims of the "Middletown" Plaintiffs[2] and their Motion for Summary Judgment on Roderique Russell's Title VII claim on November 15, 2002 (Doc. No. 10) and renewed their motions

---

[1] The amendments made on November 28, 2003, have no bearing on the Court's Order.

[2] The "Middletown" plaintiffs are nine of the sixteen plaintiffs who brought this class action discrimination suit. The "Middletown" plaintiffs are: Vivien Bert, Donald Edwards, Thaddeus Freeman, Mary Harris, Edward James Lewis, Michael Miller, Shawn Pryor, Ronald Sloan, and Roderique Russell.

on December 9, 2003 (Doc. No. 24) after the plaintiffs filed their Amended Complaint (Doc. No. 22). The plaintiffs filed their Opposition to Defendant's Motion to Dismiss and Motion for Summary Judgment on December 9, 2002 (Doc. No. 12) to which the defendant filed its Reply (Doc. No. 13).

2.   The Court's Order denied the defendant's Motion to Dismiss the Title VII claims of the "Middletown" Plaintiffs and the defendant's Motion for Summary Judgment on Roderique Russell's Title VII claims. The defendant argued that the plaintiffs' Title VII claims should be dismissed because the plaintiffs had not filed their right-to-sue letters for the EEOC charges that the plaintiffs had brought prior to filing their Complaint. The Court's stated reason for denying the defendant's motions is that neither the "Middletown" Plaintiffs nor Russell had brought claims under Title VII.

3.   The Court based its ruling, in part, on having no notice of the Plaintiffs' right-to-sue letters. The plaintiffs' right-to-sue letters were issued on January 9, 2003, are now submitted to this Court as an attachment to the plaintiffs' Second Amended Complaint contemporaneously filed herewith. The Court further based its ruling on grounds that the plaintiffs' Title VII claims had not been properly pled in either their initial or the amended complaint because the plaintiffs had only referenced Title VII in the caption to Count I. However, as discussed further in plaintiffs' Memorandum attached hereto, plaintiffs' complaint was sufficient to state Title VII claims for the Middletown Plaintiffs; however, plaintiffs have submitted their Second Amended Complaint filed contemporaneously herewith to cure the deficiencies that the Court found in their previous complaints.

4.   The Court's acceptance of the plaintiffs' Second Amended Complaint to which are

attached the plaintiffs' right-to-sue letters filed contemporaneously herewith will cure the deficiencies the Court found in the plaintiffs' initial and amended complaints and will moot the objections brought by the defendant in its Motion to Dismiss and Motion for Summary Judgment.

WHEREFORE, premises considered, the plaintiffs respectfully request that this Court alter or amend its Order denying the defendant's Motion to Dismiss and Motion for Summary Judgment to vacate as moot based upon the Court's acceptance of the plaintiffs' Second Amended Complaint with the plaintiffs' right-to-sue letters attached thereto.

s/ Paul H. Tobias
PAUL H. TOBIAS, OH Bar No. 0032415
DAVID D. KAMMER, OH Bar No. 0061808
**TOBIAS, KRAUS & TORCHIA**
414 WALNUT STREET
SUITE 911
CINCINNATI, OH 45202
Telephone: (513) 241-8137
Facsimile: (513) 241-7863
TKT@TKTlaw.com

SUSAN DONAHUE
Ala. Bar No. ASB-4525A48D
**WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.**
1400 SOUTHTRUST TOWER
BIRMINGHAM, AL 35203
Telephone: (205) 458-4548
Facsimile: (205) 254-1500
sgd@wcqp.com

Mr. David Sanford
Attorney at Law
Sanford, Wittels, & Heisler, L.L.P.
2121 K St. N.W.
Suite 700
Washington, D.C. 20037

Telephone: 202/942-9124
Fax number: 202/628-8189
internet:dsanford@davidsanford.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

       I hereby certify that on February 4, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically serve CM/ECF participants Gregory P. Rogers, Esq. and Patricia Anderson Pryor, Esq. of Taft, Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202-3957, attorneys for Defendant.

                    s/ Paul H. Tobias

                    Paul H. Tobias – 0032415