UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **VIVIAN BERT, et al.,** | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. C-1-02-467 |
| | ) | Judge Sandra S. Beckwith |
| **AK STEEL CORPORATION,** | ) | |
| | ) | |
|     Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e)**

COME NOW the plaintiffs, by and through counsel, pursuant to the Rules of this Court and the Federal Rules of Civil Procedure, and submit this memorandum in support of their Motion to Alter or Amend Judgment Under Rule 59(e).

**I.     PROCEDURAL HISTORY**

The plaintiffs filed their Complaint in this lawsuit on June 26, 2002 (Doc. No. 1). The Defendant filed its Motion to Dismiss the Title VII claims of the "Middletown" Plaintiffs[1] and their Motion for Summary Judgment on Roderique Russell's Title VII claim on November 15, 2002 (Doc. No. 10). The plaintiffs filed an Amended Complaint on November 28, 2003 (Doc. No. 22),[2] and the defendants renewed their motions to dismiss and for summary judgment on December 9, 2003 (Doc.

---

[1] The "Middletown" plaintiffs are nine of the sixteen plaintiffs who brought this class action discrimination suit. The "Middletown" plaintiffs are: Vivien Bert, Donald Edwards, Thaddeus Freeman, Mary Harris, Edward James Lewis, Michael Miller, Shawn Pryor, Ronald Sloan, and Roderique Russell.

[2] The amendments made on November 28, 2003, have no bearing on the Court's Order which the Plaintiffs now ask the Court to alter or amend.

No. 24). The plaintiffs filed their Opposition to Defendant's Motion to Dismiss and Motion for Summary Judgment on December 9, 2002 (Doc. No. 12) to which the defendant filed its Reply (Doc. No. 13).

The Court's January 21, 2004 (Doc. No. 26) denied the defendant's Motion to Dismiss the Title VII claims of the "Middletown" Plaintiffs and the Defendant's Motion for Summary Judgment on Roderique Russell's Title VII claims. The plaintiffs now ask the Court to alter or amend its Order by vacating that judgment. The plaintiffs file contemporaneously herewith their Second Amended Complaint which cures the defects pointed out in the Court's Order by including in the body of Count I reference to the plaintiffs' Title VII claim and by attaching the plaintiffs' right-to-sue letters which were issued to them on January 9, 2003. As argued in their Memorandum in Support of the Plaintiffs' Motion to Alter or Amend and in their Memorandum in Support of the Plaintiffs' Motion for Leave to Amend, the Court's acceptance of their Second Amended Complaint will moot the issues that formed the basis of the Court's January 21, 2004 Order. Under these proposed circumstances, vacating the Court's Order of January 21, 2004 is reasonable.

**II.    ARGUMENT**

The Federal Rules of Civil Procedure allow a district court to alter or amend its judgment: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Case law acknowledges at least two grounds for altering or amending the present Order–to correct a clear legal error and to prevent a manifest injustice. *See White v. New Hampshire Department of Employment Security*, 455 U.S. 445 (1982) (stating that "the federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits"); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012

(10th Cir. 2000) (stating that a 59(e) motion "is appropriate where the court has misapprehended the facts . . . or the controlling law").

### A. The plaintiffs' Complaint sufficiently pled their Title VII claims.

The Court's Order denied the Defendant's Motion to Dismiss the Title VII claims of the "Middletown" Plaintiffs and the Defendant's Motion for Summary Judgment on Roderique Russell's Title VII claims. The defendant argued that the plaintiffs' Title VII claims should be dismissed because the plaintiffs had not filed their right-to-sue letters for the EEOC charges that the plaintiffs had brought prior to filing their Complaint. The Court's stated reason for denying the defendant's motions is that neither the "Middletown" plaintiffs nor Russell had brought claims under Title VII.

The Court *sua sponte* raised the issue of insufficient pleading for the first time in its Order and based its ruling, in part, on grounds that the plaintiffs' Title VII claims had not been properly pled in either their initial or their amended complaint. The Court is in error on this question, and the Court's Order should be vacated in light of the plaintiffs' submission of their Second Amended Complaint herewith which cures any such defects noted by the Court in its Order.

#### 1. The plaintiff's Complaint complies with the notice pleading standards of the Federal Rules of Civil Procedure and sufficiently pleads their Title VII claims.

The Court states that the plaintiffs have insufficiently pled their Title VII claims as follows: "Because the body of the complaint of Count I repeatedly refers to only § 1981 whereas Count II refers to both § 1981 and Title VII, the Court can only conclude that the inclusion of the reference to Title VII in the heading of Count I was in error." Order, p. 3 n.4.

In *Swierkiewicz v. Soreman*, 534 U.S. 506 (2002), the United States Supreme Court held that Fed. R. Civ. P. 8(a)'s "simplified notice pleading standard" applies to employment discrimination

3

claims. *Id.* at 513. The Court emphasized that notice pleading "gives respondent fair notice of the basis for petitioner's claims." *Id.* at 514. The Court further explained that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Id.* at 515. Further, the *Swierkiewicz* Court cites *Conley v. Gibson*, 355 U.S. 41, 48 (1957) for the proposition that "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Id.* at 514. Additionally, the *Swierkiewicz* Court cites *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) which instructs that "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* The Sixth Circuit has repeatedly affirmed the notice pleading standard articulated in *Swierkiewicz*. *See Jackson v. Crosset Company,* 33 Fed. Appx. 761 (6th Cir. 2002) (stating that "[t]o survive a motion to dismiss, a complaint need only contain a short and plain statement of the claim showing that the pleader is entitled to relief"). With these principles in mind, it is clear that the plaintiffs in this case have sufficiently pled their Title VII claims. The plaintiffs not only referenced Title VII in the heading to Count I, but also in the jurisdictional and administrative exhaustion sections of the Complaint, both of which were expressly incorporated into Count I of the Amended Complaint. *See* Fed. R. Civ. P. 10(c) ("Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion."). Further, the Plaintiffs' Amended Complaint (Doc. No. 22) specifically charges A. K. Steel's hiring practices with "disparate treatment based on race" which have a "disparate impact on African-Americans." Plaintiffs' Amended Complaint at ¶¶ 47 and 48. The language used in these paragraphs obviously

4

relates to Title VII claims since § 1981 claims make no distinction between "disparate impact" and "disparate treatment." The plaintiffs' language in their complaint thus conforms to the language of a Title VII claim and, together with all the other references to Title VII mentioned *supra*, fairly warned the defendant of that the plaintiffs were charging violations of Title VII.

These references to Title VII in the Complaint, both explicitly by naming Title VII as such and by using the language of a Title VII claim, together with the facts alleged in the complaint indicate that the plaintiffs are asserting Title VII claims on behalf of all plaintiffs. The Court was also aware that the plaintiffs are bringing a discrimination case under Title VII because the Court cited as an alternative grounds for its Order the absence of right-to-sue letters from the EEOC. Significantly, the defendant has never challenged the sufficiency of the plaintiffs' Complaint in this regard, and the defendant was clearly on notice that all plaintiffs had pled Title VII claims. Indeed, the Court notes the defendant's acceptance of the sufficiency of the plaintiffs' pleading of their Title VII claim in its Order.

> **2.    The Court's conclusion that a clerical error produced the words "Title VII" in the heading to Count I is not the only conclusion that may be drawn from appearance of the Complaint.**

The Court's argument that the Plaintiff has failed to sufficiently plead their Title VII claims because of the lack of the words "Title VII" in the body of Count I creates a too-technical standard which is not in keeping with the mandates of Rule 8(a) as delineated in *Swierliewicz, supra,* and in *Hishon*.

In *Hishon, supra*, the United States Supreme Court stated that "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." In dismissing the plaintiffs' Title VII claims in its Order, the Court

violated this principle. The Court erroneously concluded that the reference to Title VII in the *heading* of Count I in the Plaintiffs' Complaint was a clerical error. The Court found that because Count I of the Complaint refers to both Title VII and § 1981 in its heading but the body of Count I only refers to § 1981, whereas Count II refers to Title VII and § 1981 both in the heading and in the body of the count that "the Court can only conclude that the inclusion of the reference to Title VII in the heading of Court I was in error." Order, p. 3 n. 4 [Doc. No. 26]. This conclusion was incorrect and is not compelled by the language of the Complaint. Indeed, there is more than one conclusion that may be drawn from the appearance of the words "Title VII" in Count I's heading but not in the body to that count. There is another set of facts based on the appearance of "Title VII" in Count I's heading which could lead to a different interpretation. That is, "Title VII" was purposely included in the *heading* of Count I and the absence of the words "Title VII" in the *body* of Count I was an inadvertent omission. Notably, the defendant's followed the plaintiffs' interpretation that Title VII claims were included in Count I of the Complaint, evidenced by their motion to dismiss such claims. This violates the principle that in a motion to dismiss the court must draw all inferences in favor of the non-movant. In reviewing a motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff . . . and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Grindstaff v. Green,* 133 F.3d 416, 421 (6th Cir.1998) (citation omitted).

>   **B.    If the Court finds that the Plaintiffs insufficiently pled their Title VII claims, the Court should allow the Plaintiffs to amend their Complaint to cure this deficiency.**

This Court raised, on its own, the issue of whether plaintiffs had properly pled any Title VII claims, and then determined, without giving the plaintiffs the opportunity to brief or address the

issue, that plaintiffs had not pled such claims. At the same time, the Court acknowledged that both plaintiffs and defendants believed that plaintiffs *had* pled Title VII claims for the Middletown plaintiffs. While not technically a dismissal of the Middletown plaintiffs' Title VII claims, the Court's findings that plaintiffs had not pled such claims is tantamount to a dismissal. Plaintiffs intended to pursue such claims, and this Court's Order now bars them from pursuing such claims in this case, and will likely bar plaintiffs from pursuing these claims in any other forum.

Prior to issuing its Order, the Court gave plaintiffs no notice that it was considering the issue of the sufficiency of the pleading of the Middletown plaintiffs' Title VII claims. The Court's Order states that it is "perplexed" by the Middletown plaintiffs intention to pursue such claims (*see* Order at 3-4) and by the plaintiffs' "agreement" with "defendants' assertion" that the Middletown plaintiffs have pled Title VII claims. Such confusion does make one thing clear--the Court understood that plaintiffs intended to pursue Title VII claims on behalf of the Middletown plaintiffs and that the Defendant was on notice of such intention, but the Court believed that the plaintiffs' complaint was not properly drafted to include such claims. In such a situation, "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993). It is an abuse of the Court's discretion to disallow amendment of a complaint where the plaintiff does not have sufficient notice that the complaint was deficient. *Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634, 644 (6th Cir. 2003). In the *Bledsoe* case, the Sixth Circuit found error in the following circumstances:

> The district court's September 18, 2001 opinion we now review constituted its first communication to the Realtor that (1) he was required to satisfy Rule 9(b) and (2) he failed to satisfy it. Yet this very same ruling denied Realtor the opportunity to correct the defects

> of which he had just been informed, electing instead to dismiss the amended complaint without prejudice.

*Id.* These circumstances are closely analogous to the present circumstances. This Court's Order was its first communication to the plaintiffs in this case that they had not pled their Title VII claims properly, and the Order appears to leave the plaintiffs no opportunity to correct the defects of which they were informed for the first time in the Order. *Sua sponte* dismissals with no prior notice to plaintiff are not permitted in this Circuit, as the law of this Circuit has long been that a *sua sponte* dismissal must come with several procedural protections that the plaintiffs were not granted in this case, including that "the court give the plaintiff a chance to amend the complaint or respond to notice of intended dismissal." *Morrison v. Tomano*, 755 F.2d 515, 516 (6th Cir. 1985); *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983). Here, the Court did not give the plaintiffs the opportunity to amend the Middletown plaintiffs' claims to include more specific references to Title VII, nor did the Court provide the plaintiffs with notice that it was considering making a determination on the sufficiency of the pleading of plaintiffs' Title VII claims. The Court's findings that the Middletown Plaintiffs did not bring Title VII claims will substantially prejudice the plaintiffs, likely barring the Plaintiffs from ever bringing such claims, as the 90-day limitations period ran on such claims in April 2003, ninety days after the right-to-sue letters were issued. Such prejudice is unwarranted where the plaintiffs could cure the errors the court perceived by simply amending the language of the complaint to more specifically reference 42 U.S.C. § 2000e.

The Court's determination is also in error because there has been no undue delay, bad faith, or dilatory motive on the part of the plaintiffs, and where, as here, the Defendants will suffer no prejudice if the Plaintiffs are allowed to amend. *See Morse v. Mcwhorter*, 290 F.3d 795, 800 (6th

Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 187 (1962)).³  Here, the defendant clearly understood that the Middletown plaintiffs were asserting Title VII claims, as they answered the Middletown plaintiffs' Title VII claims, and never attempted to have such claims dismissed for improper pleading.  Indeed, this Court's own Order ruling that such claims had not been properly pled recognized that the defendant acknowledged that the plaintiffs had brought such claims, and the defendant attempted to have such claims dismissed not grounds of improper pleading or failure to state a claim, but rather for the plaintiffs' failure to produce right-to-sue letters from the EEOC.  Nor did this Court find that the plaintiffs had engaged in any undue delay, bad faith, or dilatory motive.  Under these circumstances, where the Court identified a simple defect in the drafting of the Middletown plaintiffs' Title VII complaint, and where, under the facts of this case, it is plain that the Middletown plaintiffs have alleged facts that would support a Title VII claim, the plaintiffs must be given the opportunity to amend their complaint to properly plead the Title VII claims.  As noted above,  "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  *EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993).

This Court has also recognized that the Middletown plaintiffs have properly pled claims for hiring discrimination under 42 U.S.C. §1981.  Under the law of this Circuit, such claims are proved under the same methods, using the same elements, as Title VII claims. *Johnson v. University of Cincinnati*, 215 F.3d 561, 573 & n.5 (6th Cir. 2000) ("[t]he elements of *prima facie* case as well as the allocations of the burden of proof are the same for employment claims stemming from Title VII

---

³*See* Plaintiffs' Motion for Leave to File a Second Amended Complaint, filed contemporaneously herewith, for further discussion regarding the proposed Second Amended Complaint.

and §1981") (citing *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502 (1993)). As discussed above, both the plaintiffs' Complaint and Amended Complaint discuss the exhaustion of administrative remedies necessary to bring a Title VII claim, and both include reference to Title VII in the counts for the Middleton plaintiffs. As the facts that form the bases for the Middletown plaintiffs Title VII and §1981 claims are identical, the only modifications needed in the complaint to set forth Title VII claims under the standards set forth by this Court in its Order is a more careful reference to 42 U.S.C. § 2000e (Title VII). Given the simplicity of such amendment, the lack of prejudice to the defendant, and that "federal courts must be liberal in allowing parties to amend their complaints," *Coffey v. Foamex, L.P.*, 2 F.3d 157, 162 (6th Cir. 1993), this Court should permit the plaintiffs to amend their complaint to properly state a Title VII claim for the Middletown plaintiffs.

    **C.**    **If the Court finds that the plaintiffs sufficiently pled their Title VII claims but dismissed those claims because the plaintiffs had not notified the Court of their right-to-sue letters, the plaintiffs submit those letters now.**

As the Court notes, the Sixth Circuit has ruled that the receipt of a right-to-sue letter is a condition precedent rather than a jurisdictional requirement for a Title VII lawsuit. *See Rivers v. Barberton Board of Education*, 143 F.3d 1029, 1031-32 (6th Cir. 1998). The "receipt" referred to here is the receipt by the plaintiff of his or her right-to-sue letter. The Sixth Circuit has made it clear that it is the receipt by the plaintiff of the right-to-sue letter that "'cure[s] the filing defect.'" *Portis v. State of Ohio*, 141 F.3d 632, 635 (6th Cir. 1998) (citing *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1218 (5th Cir. 1982)). The *Portis* court reversed the district court's dismissal of Portis' Title VII claim when Portis' right-to-sue letter was received after her complaint had been filed. The Sixth Circuit saw "no reason to bar Portis's claim solely on the grounds of a non-jurisdictional requirement." *Id.* at 634. *See Kane v. State of Iowa Department of Human Services*, 955 F.Supp.

1117, 1137-38 (N.D. Ia. 1997) (stating that the plaintiff's "'receipt' of the right-to-sue letter . . not her filing of it, cures the defect of her premature filing of her lawsuit"); *Wrighten v. Metropolitan Hosp., Inc.*, 726 F.2d 1346, 1351 (9th Cir. 1984) (holding that "a district court has jurisdiction over a Title VII claim if a suit is filed before a right-to-sue letter has been issued, as long as such la letter is issued before trial"); *Jones v. Bechtel*, 788 F.2d 571, 573 (9th Cir. 1986) (holding it error to dismiss a complaint with prejudice for lack of a right-to-sue letter without affording the plaintiff an opportunity to amend his complaint to allege that the right-to-sue letter had been issued and thus cure the jurisdictional defect"). In the instant case, the "Middletown" plaintiffs, including Roderique Russell, received their right-to-sue letters on January 9, 2003.[4]

Under controlling case law in this Circuit, as discussed *supra*, when the plaintiffs received their right-to-sue letters on January 9, 2003, the defect of their Complaint was cured because the condition precedent for their lawsuit had been fulfilled. Clearly, it is incumbent upon the plaintiffs' counsel to appraise the Court of the receipt of the right-to-sue letters. The plaintiffs submit herewith the right-to-sue letters obtained from the EEOC in January 2003. The plaintiffs' failure to submit such letters earlier was an oversight on the part of the plaintiffs' counsel for which the plaintiffs' counsel apologize to the Court. The plaintiffs' counsel did not submit these letters when responding to defendants' Motion to Dismiss because the letters had not yet been issued when the plaintiffs' counsel drafted their response. Through their own oversight, the plaintiffs' counsel failed to amend their Response to Defendants' Motion to Dismiss when they received such letters.

---

[4]The plaintiffs agree with the Court that Roderique Russell's EEOC Charge No. 221A200673, which relates to his application for employment in 2001, is the basis for his claim in this lawsuit. The arguments raised herein by the plaintiffs regarding the Court's finding of insufficient pleading in regard to the defendant's Motion to Dismiss apply equally to the Court's finding of insufficient pleading in regard to the defendant's Motion for Summary Judgment.

Plaintiffs and plaintiffs' counsel apologize to the Court for not supplying such notices to the Court more promptly. However, these letters are now in possession of the Court and the defendants, and no longer serve as a basis for dismissing the Plaintiffs' Title VII claims.

### III. CONCLUSION

The plaintiffs respectfully request this Court to vacate its January 21, 2004 Order under Rule 59(e) and to accept the plaintiffs' Second Amended Complaint filed contemporaneously herewith to which the Plaintiffs' right-to-sue letters are attached. Acceptance of the plaintiffs' Second Amended Complaint cures the defects the Court found in the plaintiffs' initial and amended Complaint and moots the issues raised by the defendant in its Motion to Dismiss the "Middletown" Plaintiffs' Title VII Claims and Motion for Summary Judgment on Roderique Russell's Title VII Claim. Under these proposed circumstances, vacating the Court's January 21, 2004 Order is a reasonable request.

s/ Paul H. Tobias
PAUL H. TOBIAS, OH Bar No. 0032415
DAVID D. KAMMER, OH Bar No. 0061808
**TOBIAS, KRAUS & TORCHIA**
414 WALNUT STREET
SUITE 911
CINCINNATI, OH 45202
Telephone: (513) 241-8137
Facsimile: (513) 241-7863
TKT@TKTlaw.com

SUSAN DONAHUE
Ala. Bar No. ASB-4525A48D
**WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.**
1400 SOUTHTRUST TOWER
BIRMINGHAM, AL 35203

Telephone: (205) 458-4548
Facsimile: (205) 254-1500
sgd@wcqp.com

Mr. David Sanford
Attorney at Law
Sanford, Wittels, & Heisler, L.L.P.
2121 K St. N.W.
Suite 700
Washington, D.C. 20037
Telephone: 202/942-9124
Fax number: 202/628-8189
internet:dsanford@davidsanford.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically serve CM/ECF participants Gregory P. Rogers, Esq. and Patricia Anderson Pryor, Esq. of Taft, Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202-3957, attorneys for Defendant.

    s/ Paul H. Tobias
Paul H. Tobias – 0032415