**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| VIVIAN BERT, *et al.*, | ) | Case No. C-1-02-467 |
| | ) | |
| Plaintiffs, | ) | Judge Beckwith |
| | ) | |
| v. | ) | |
| | ) | |
| AK STEEL CORPORATION, | ) | MEMORANDUM IN SUPPORT |
| | ) | OF PLAINTIFFS' MOTION |
| Defendant. | ) | FOR LEAVE TO FILE A SECOND |
| | ) | <u>AMENDED COMPLAINT</u> |

Plaintiffs, by and through their undersigned counsel, hereby respectfully submit their Memorandum In Support Of Plaintiffs' Motion For Leave To File A Second Amended Complaint, particularly to clarify the Title VII claims pled in the Complaint and to reflect the receipt of EEOC Right to Sue Notices for several of the named Plaintiffs.

### I.  BACKGROUND

#### A.  Procedural History

The Plaintiffs filed the original Complaint on June 26, 2002, (the "Complaint") as a class action pursuant to Title VII of the Civil Rights Acts of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended, and the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 and 1981(A), as amended.  In the original Complaint, the Plaintiffs provided extensive factual evidence of Defendant's discrimination against African-American applicants for employment.  Plaintiffs served their Complaint on October 11, 2002.  On November 15, 2002, the Defendant filed a Motion to Dismiss Title VII Claims of the Middletown Plaintiffs For Failure To State A Claim Upon Which Relief May Be Granted And For Summary Judgment On Roderique Russell's Title VII Claims Based On His EEOC Charge No. 221A00326.  Plaintiffs filed their Opposition to Motion

to Dismiss and Motion for Summary Judgment on December 9, 2002. On January 9, 2003, several of the named Plaintiffs were issued their Right to Sue Notices by the EEOC.[1] It was not until January 2004, however, that Plaintiffs' counsel was notified that the Right to Sue Notices had been issued. The proposed Second Amended Complaint has been amended to reflect the receipt of these Right to Sue Notices. On January 22, 2004, the Court entered its Order denying Defendant's Motion to Dismiss and Motion for Summary Judgment. The Court's Order, which is more fully addressed in Plaintiffs' Motion to Amend or Alter the Judgment filed contemporaneously with the instant motion, incorrectly states that Plaintiffs have not pled Title VII claims. Regardless, in the proposed Second Amended Complaint, Plaintiffs further clarify and delineate the Title VII claims for all Plaintiffs.

## II. DISCUSSION

It is well-settled that Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings. For purposes of Plaintiffs' motion, Rule 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Although the decision to permit amendment of pleadings is committed to the discretion of district courts, their discretion is "'limited by Rule 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits.'" Goldman Services Mechanical Contracting, Inc. v. Citizens Bank & Trust Company of Paducah, 812 F.Supp. 738, 743 (W.D. Ky. 1992) (quoting Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir. 1987)), aff'd, 9 F.3d 107 (6th Cir. 1993). "Because Rule 15(a) envisions liberal allowance of amendments to pleadings, there must be some substantial reason justifying denial of the motion." Smith v. Garden Way, Inc., 821 F.Supp. 1486, 1488 n. 2 (N.D. Ga. 1993) (citing

---

[1] Copies of these EEOC Right to Sue Notices are attached hereto as Exhibit A.

Foman v. Davis, 371 U.S. 178, 182 (1962)) (other citations omitted).  In evaluating the interests of justice, courts typically consider the following factors:  (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party; (4) lack of notice to the opposing party; and (5) futility of the amendment.  See Goldman Services, 812 F.Supp. at 743 (citing Hageman v. Signal L.P. Gas, Inc., 486 F.2d 479, 484 (6th Cir. 1973)); Brooks v. Celeste, 39 F.3d 125, 130 (6th Cir. 1994) (citing Head v. Jellico Housing Authority, 870 F.2d 1117, 1123 (6th Cir. 1989)).  Analysis will reveal that these factors weigh heavily in Plaintiffs' favor and thus the interests of justice compel adoption of the Plaintiffs' motion.

### A.  No Undue Delay

Plaintiffs submit that there has been no "undue delay" in presenting this motion to the Court.  Plaintiffs filed the original Complaint on June 26, 2002 and the Amended Complaint was entered November 28, 2003.  The instant motion serves to address concerns raised in the Court's January 22, 2004 Order and to reflect the receipt of Right to Sue Notices that Plaintiffs' counsel discovered in January 2004.  Even assuming, *arguendo*, there may have been some delay in filing the instant motion, such delay does not warrant a ruling contrary to Plaintiffs' motion.  The Sixth Circuit has held that:

> Delay alone . . . does not justify the denial of leave to amend.  Rather, the party opposing a motion to amend must make some *significant* showing of prejudice to prevail.  'Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading[.]'

Security Insurance Company of Hartford v. Kevin Tucker & Associates, Inc., 64 F.3d 1001, 1009 (6th Cir. 1995) (emphasis added) (quoting Moore v. City of Paducah, 790 F.2d 557, 561 (6th

Cir. 1986)) (bracket alteration in original). Therefore, any perceived delay in filing this motion to amend cannot justify a denial of the motion without the presence of other factors. Plaintiffs do not intend to harass or cause any prejudice to Defendant by virtue of the proposed Second Amended Complaint. Moreover, at this early stage in the discovery before any depositions have been conducted and with only the first set of discovery requests having been answered, no undue prejudice will befall Defendant by granting Plaintiffs' proposed Second Amended Complaint. See Ward Electronics Serv., Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987) (holding that, *inter alia*, because the case was in the early stages of discovery, no depositions had been conducted, and no trial date had been scheduled that there was no prejudice to the defendant in permitting a second amended complaint).

### B. No Failure to Cure Deficiencies

Plaintiffs proposed Second Amended Complaint addresses specific concerns raised *sua sponte* by the Court in its January 22, 2004 Order. Plaintiffs, as set forth in the contemporaneously filed Motion to Amend or Alter the Judgment, disagree with some of the Court's reasoning regarding the Title VII claims pled. However, the instant motion seeks leave to amend in order to more fully describe and delineate the Title VII claims, both disparate treatment and disparate impact, that are applicable to all Plaintiffs in this action. The proposed Second Amended Complaint also clarifies the record regarding Plaintiffs' Right to Sue Notices which were issued in January 2003 but Plaintiffs' counsel were not informed of until January 2004. As described in the accompanying Motion to Amend or Alter Judgment, the receipt of such Right to Sue Notices has a determinative effect upon Defendant's previously filed Motion to Dismiss and Motion for Summary Judgment. Although Planitiffs disagree with the Court's

ruling,[2] the instant motion seeks to timely cure the deficiencies addressed by the Court's January 22, 2004 Order.

### C.  No Undue Prejudice or Lack of Notice

Rule 15(a)'s interest-of-justice balancing requires litigants to discern any "undue prejudice" lodged upon the non-moving party.  In its explanation of the phrase, the Court designates (1) insufficient time to conduct discovery, (2) unfair surprise generated by new assertions, or (3) inability to effectively rebut new claims, as markers of "undue prejudice."  See Roy v. Russell County Ambulance Service, 809 F.Supp. 517, 518 (W.D. Ky. 1992) (citing Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983)).  Where, as here, no depositions have been taken, discovery is still in the early stages, and Plaintiffs do not seek to add new factual claims, the three "undue prejudice" factors (insufficient time to conduct discovery, unfair surprise, or inability to rebut claims) are inapplicable and Plaintiffs' Motion to Amend should be granted.

### D.  No Futility of Amendment

A fourth obstacle to Plaintiffs' motion rests upon any perceived futility in amending the pleading.  This factor principally queries whether a complaint, as amended, "withstand[s] a motion to dismiss for failure to state a claim."  Lovett v. Boddy, 810 F.Supp. 844, 849 (W.D. Ky. 1993) (citing United States v. Wood, 877 F.2d 453, 456 (6th Cir. 1989)). Consistent with Lovett, it suffices that the proposed Second Amended Complaint alleges facts that would entitle Plaintiffs to recover under Title VII and Section 1981.

---

[2] See Plaintiffs' Motion to Alter/Amend the Court's Judgment, filed contemporaneously herewith, for a fuller discussion of this issue.

### E. No Bad Faith/Dilatory Motive

The last factor merits little discussion. Plaintiffs do not seek an amendment in bad faith or to harass Defendants. Plaintiffs seek to clarify the record regarding the receipt of the Rights to Sue Notices and to amplify the specificity with which the Title VII claims are pled based upon the concerns expressed in the Court's January 22, 2004 Order. Plaintiffs request leave to file a Second Amended Complaint in good faith and should be accorded relief by the Court.

### III. CONCLUSION

Based on the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Leave to File A Second Amended Complaint.

Respectfully submitted this 4th day of February 2004.

s/ Paul H. Tobias
PAUL H. TOBIAS, OH Bar No. 0032415
DAVID D. KAMMER, OH Bar No. 0061808
**TOBIAS, KRAUS & TORCHIA**
414 WALNUT STREET
SUITE 911
CINCINNATI, OH 45202
Telephone: (513) 241-8137
Facsimile: (513) 241-7863
TKT@TKTlaw.com


SUSAN DONAHUE
Ala. Bar No. ASB-4525A48D
**WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.**
1400 SOUTHTRUST TOWER
BIRMINGHAM, AL 35203
Telephone: (205) 458-4548
Facsimile: (205) 254-1500
sgd@wcqp.com

       Mr. David Sanford
       Attorney at Law
       Sanford, Wittels, & Heisler, L.L.P.
       2121 K St. N.W.
       Suite 700
       Washington, D.C. 20037
       Telephone: 202/942-9124
       Fax number: 202/628-8189
       internet:dsanford@davidsanford.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| VIVIAN BERT, *et al.*,   ) | |
| ) | Case No. C-1-02-467 |
| Plaintiffs,   ) | |
| ) | |
| v.   ) | Judge Beckwith |
| ) | Magistrate Judge Hogan |
| AK STEEL CORPORATION,   ) | |
| ) | |
| Defendant.   ) | <u>PROPOSED ORDER</u> |
| _____) | |

    WHEREAS, the Court having reviewed and considered Plaintiffs' Motion for Leave to File A Second Amended Complaint and the Memorandum in support thereof;

    IT IS HEREBY ORDERED:

    That Plaintiffs' Motion for Leave to File A Second Amended Complaint is GRANTED.

    ENTERED, this ____ day of _____ 2004.

 

                                                        _____
                                                         JUDGE SANDRA S. BECKWITH
                                                         U.S. DISTRICT COURT JUDGE

## CERTIFICATE OF SERVICE

      I hereby certify that on February 4, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically serve CM/ECF participants Gregory P. Rogers, Esq. and Patricia Anderson Pryor, Esq. of Taft, Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202-3957, attorneys for Defendant.


                                              _s/ Paul H. Tobias_

                                              Paul H. Tobias – 0032415