UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | |
| v. | : | DEFENDANT'S MEMORANDUM IN |
| | : | OPPOSITION TO PLAINTIFFS' |
| AK STEEL CORPORATION, | : | MOTION TO ALTER OR AMEND |
| | : | JUDGMENT UNDER |
| Defendant. | : | RULE 59(e) |

## I.  INTRODUCTION

On November 15, 2002, Defendant AK Steel Corporation ("AK Steel") filed a motion to dismiss any Title VII claims of the Middletown Plaintiffs.  On January 22, 2004, this Court denied Defendant's motion as moot, finding that the Middletown Plaintiffs pled no Title VII claims.  On February 4, 2004, Plaintiffs filed a Motion to Amend Judgment under Rule 59(e) seeking to alter or amend this "judgment".  Defendant opposes Plaintiff's motion as it is both procedurally improper and meritless.

## II.     THERE IS NO JUDGMENT TO AMEND.   PLAINTIFF'S MOTION IS PROCEDURALLY IMPROPER.

Plaintiffs' Motion to Alter or Amend Judgment is improper as no *judgment* has been issued.  This Court's order denying Defendant's Motion to Dismiss and Motion for Summary Judgment is not a judgment.  Rule 59(e) cited by Plaintiffs as the basis for their Motion, applies by its terms only to judgments.  The rule states that:  "Any motion to alter or

W0129569.1

amend a judgment shall be filed no later than 10 days after entry of the judgment." No judgment

has been issued here. Plaintiffs' Motion should be denied on this independently sufficient basis

alone.


### III.  THIS COURT'S DECISION WAS CORRECT.  THERE IS NO CAUSE TO ALTER OR AMEND.

Even were Plaintiffs' Motion procedurally proper (which it is not), Plaintiffs have

identified no error of law or other ground to justify altering or amending this Court's decision.

Defendants moved to dismiss or for summary judgment. The Motion was denied. Plaintiffs

prevailed.

This Court properly determined that Plaintiffs had not asserted Title VII claims in

Count I of their original complaint and their First Amended Complaint. Federal Rule of Civil

Procedure 10(b) requires that:   "[a]ll averments of claim or defense shall be made in numbered

paragraphs. . . ." Nowhere in the numbered paragraphs of Count I, or any other numbered

paragraphs in the Complaint or First Amended Complaint, did the Plaintiffs, other than Allen

Roberts in Count II,  assert claims under Title VII. In fact, the Court's decision makes evident

that Plaintiffs' claims in Count I are expressly limited to claims under Section 1981. In relevant

part, Plaintiffs alleged that:

> 145.    AK Steel has discriminated against the Plaintiffs
> and all members of the proposed class by denying them
> employment and the same rights as are employed by white
> applicants for employment with AK Steel and to the enjoyment of
> all benefits, privileges, terms and conditions of that relationship, *in
> violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981
> ("§ 1981"), as amended.*

\* \* \*

      148.    By reason of AK Steel's discrimination, the Plaintiffs and the members of the proposed class *are entitled to all legal and equitable remedies available under § 1981, including, but not limited to, nominal and punitive damages.*

(Amended Complaint, ¶¶ 145, 148) (emphasis added)  Count II, on the other hand, specifically

included claims under both Title VII and Section 1981.  In relevant part, Allen Roberts alleged in

Count II that:

      150.    AK Steel has discriminated against Plaintiff Roberts and against all of Defendant's employees by denying AK Steel employees the right to work in a racially integrated environment free from racial discrimination and the enjoyment of all benefits, privileges, terms and conditions of working in a racially integrated environment, *in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"),* **and Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq. ("Title VII")**.

      153.    By reason of AK Steel's discrimination, Plaintiff Roberts *is entitled to all legal and equitable remedies available under 1981* **and Title VII**, *including, but not limited to, nominal, compensatory, and punitive damages.*

(Amended Complaint, ¶¶ 150, 153) (emphasis added)  It appears that Plaintiffs purposefully did

not allege Title VII claims with respect to Plaintiffs Vivian Bert, Thaddeus Freeman, Darrell

Carter, Edward Lewis, Timothy Oliphant, Mary Harris, Roderique Russell, Kay Jackson, Marnie

Carter, Darlene Denise Carter, Dwight Lewis, Michael Miller, Ronald Sloan, Donald Edwards,

Shawn Pryor, or Tiffany Jackson (the Applicant Plaintiffs).

      Plaintiffs' further incorrectly claim that their proposed Second Amended

Complaint cures the Title VII deficiencies addressed by the Court in its decision.  As discussed in

AK Steel's memorandum opposing Plaintiffs' Motion for Leave to File a Second Amended

Complaint: (a) Plaintiffs failed to move to add a Title VII claim for the Plaintiffs even though they possessed the notices of right to sue prior to the amendment deadline and so they are out of time and (b) it is too late to assert a Title VII claim for the Plaintiffs, as they failed to bring a Title VII claim within 90 days of their receipt of their notices of right to sue (as acknowledged by Plaintiffs at page 8 of their Memorandum supporting their Rule 59(e) Motion).  There is no actionable Title VII claim that may now be brought.  Plaintiffs' untimely proposed amendment cannot cure the Title VII deficiencies addressed by this Court.

## IV.  CONCLUSION

For each and all of the forgoing reasons, Defendant respectfully requests that Plaintiffs' Motion to Alter or Amend Judgment Under Rule 59(e) be denied.

Respectfully submitted,


 s/ Gregory Parker Rogers
Lawrence J. Barty (0016002)
Patricia Anderson Pryor (0069545)
Gregory Parker Rogers (0042323)
Roger A. Weber (0001257)
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202-3957
(513) 381-2838
(513) 381-0205 (fax)

Trial Attorneys for Defendant
AK Steel Corporation

W0129569.1                                    4

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2004, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following:   Paul H. Tobias and David D. Kammer, Tobias, Kraus & Torchia, 911 Mercantile

Library Building, 414 Walnut Street, Cincinnati, Ohio  45202, Susan Donahue, Wiggins, Childs,

Quinn and Pantazis, P.C., 1400 Southtrust Tower, Birmingham, Alabama  35203 and David

Sanford, Sanford, Wittels and Heisler, L.L.P., 2121 K Street, N.W., Suite 700, Washington, D.C.

20037.


       s/ Gregory Parker Rogers
Gregory Parker Rogers (0042323)
rogers@taftlaw.com
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202-3957
(513) 381-2838
(513) 381-0205 (fax)