UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | |
| v. | : | DEFENDANT AK STEEL |
| | : | CORPORATION'S MEMORANDUM |
| AK STEEL CORPORATION, | : | IN OPPOSITION TO PLAINTIFFS' |
| | : | MOTION FOR LEAVE TO FILE A |
| Defendant. | : | SECOND AMENDED COMPLAINT |

## I. INTRODUCTION

On June 26, 2002, seventeen (17) named Plaintiffs filed a Complaint with this Court purporting to represent a class of individuals. Count I of that Complaint alleged on behalf of a putative class that Defendant AK Steel Corporation ("AK Steel") discriminated against African Americans in hiring at its Middletown Works. AK Steel has denied this allegation – it hires African Americans at a rate higher than their presence in the relevant work force. (See letter from EEOC, attached, confirming this.)

On November 15, 2002, Defendant AK Steel Corporation ("AK Steel") filed a motion to dismiss any alleged Title VII claims of Plaintiffs Vivian Bert, Donald Edwards, Thaddeus Freeman, Mary Harris, Edward James Lewis, Michael Miller, Shawn Pryor, Ronald Sloan and Roderique Russell for failure to state a claim upon which relief could be granted. On December 31, 2002, the Parties filed their Joint Discovery Plan, in which the Parties agreed that the deadline for amendment of the complaint would be May 1, 2003. This Court adopted this

W0128706.2

deadline in its Calendar Order of January 6, 2003. On April 30, 2003, Plaintiffs moved for leave to file an amended complaint, which was granted by the Court on November 25, 2003. The amended complaint did not add a Title VII claim or materially change Count I of the Complaint. On December 9, 2003, AK Steel renewed its Motion to Dismiss with respect to the amended complaint. On January 22, 2004, this Court entered an Order denying AK Steel's motion to dismiss as moot, determining that the Plaintiffs had not pled Title VII claims.

Plaintiffs now seek to amend their Complaint for a second time to add Title VII claims to Count I based upon notices of right to sue allegedly received by the Plaintiffs over one year ago, in January, 2003. AK Steel respectfully submits that the motion for leave to amend should be denied as untimely pursuant to this Court's Calendar Order and the Parties' own Joint Discovery Plan. In addition, even if Plaintiffs' Motion to Amend were timely, the proposed amended complaint would be futile as the Title VII claims are untimely.

## II.  ARGUMENT

### A.  Plaintiffs' Motion To Amend The Complaint Is Untimely Pursuant To This Court's Scheduling Order.

Plaintiffs' Motion for Leave to File a Second Amended Complaint is governed by Federal Rule of Civil Procedure 16(b), not 15(a) as argued by Plaintiffs. On January 6, 2003, this Court issued a Calendar Order which provided that amendments to the pleadings would not be allowed after May 1, 2003. Rule 16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the District Court. . . ." Fed. R. Civ. P. 16(b).

Plaintiffs have failed to show good cause why this Court should modify its Calendar Order to permit this untimely Second Amended Complaint. When a party seeks to amend a complaint after the date specified in the scheduling order, the requirement in Rule 16(b) that the parties show good cause controls rather than the more liberal requirements in Rule 15(a). *See Dyer v. Casey*, 72 F.3d 129 (Table) (6th Cir. 1995) (attached); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609-611 (9th Cir. 1992); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (party seeking to amend pleadings after dates specified in the scheduling order xmust first show "good cause" for amendment under Rule 16(b), then if "good cause" be shown, the party must demonstrate the amendment was proper under Rule 15). The court's evaluation of good cause under Rule 16(b) is not the same as the evaluation of the propriety of the amendment under Rule 15. The court in *Johnson* stated that:

> Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking amendment. The district court may modify the pre-trial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."

*Johnson*, 975 F.2d at 609, quoting Fed. R. Civ. P. 16, Advisory Committee's Notes (1983 Amendment). *See also Forstmann*, 114 F.R.D. at 85 (similar).

When plaintiffs are not diligent in attempting to comply with the Calendar Order, the motion to amend the complaint should be denied. *See Johnson*, 975 F.2d at 609-10. Plaintiffs allege they received their notices of right to sue in January, 2003. The agreed, and Court ordered, deadline for amending the complaint was May 1, 2003. Plaintiffs had their notices of right to sue on April 30, 2003 when they moved to file their first amended complaint, but they chose at that

time not to amend their complaint to add Title VII claims to Count I.  Instead, Plaintiffs waited until February, 2004, more than a year after they received the notices of right to sue, a year and a half after the initial complaint was filed, and nine months after the amendment deadline passed, to seek to amend the complaint and add Title VII claims based on these notices of right to sue.

Plaintiffs could have amended their Complaint to add proper Title VII claims based on the January 2003 notice of right to sue before the Amendment deadline but they chose not to do so.  Plaintiffs' latest motion to amend is untimely under Rule 16 and should be denied.

> B. Even Were This Court Inclined To Allow Plaintiffs To File An Amended Complaint So Late After The Cut-Off Date, This Amendment Should Not Be Allowed As It Would Be Futile.
>
>> 1. Proposed Count I Of The Second Amended Complaint Is Barred By The Statute Of Limitations.

Plaintiffs' Second Amended Complaint, which seeks to add claims under Title VII for racial discrimination in hiring, is untimely and the amendment is futile.  The Plaintiffs received notices of right to sue in January, 2003.  Plaintiffs had ninety (90) days after receipt of the notices of right to sue to file suit, as they acknowledge in their Motion to Alter or Amend Judgment at page 8.  *See* 42 U.S.C. § 2000e-5(f)(1).  They waited over a year before seeking to bring the Title VII claims based on these notices of right to sue.  Their alleged Title VII claims are untimely. *See Nash v. City of Oakwood*, 541 F. Supp. 220, 222 (S.D. Ohio 1982) (plaintiff's failure to wait until receipt of notice of right to sue to file Title VII claim not cured by subsequent receipt of right to sue where plaintiff did not amend complaint within 90 days of receiving letter).

The Court need look no further than Plaintiffs' Memorandum in Support of their Motion to Alter or Amend Judgment (attached to Doc. #29) where they state that: "The Court's findings that the Middletown Plaintiffs did not bring Title VII claims will substantially prejudice the plaintiffs [who failed to plead a Title VII claim], likely barring the Plaintiffs from ever bringing such claims, as the 90-day limitation period ran on such claims in April, 2003, ninety days after the right-to-sue letters were issued." *Id.* at 8. Plaintiffs are correct that they are time-barred, although there is no substantial prejudice as (a) they sat on their rights for over a year and (b) they still have their § 1981 claims pled in their original complaint. Plaintiffs could have timely added these Title VII claims prior to the expiration of the 90-day period after they received their notices of right to sue, but they did not to do so. This Court's decision on the Motion to Dismiss prohibits the Plaintiffs from pursuing Title VII claims, as the request to add the Title VII claim now is untimely as Plaintiffs recognize. The proposed amendment is futile and should be denied.

### 2. The Amendments Sought With Respect To Count II Of The Amended Complaint Are Untimely And Seek To Confuse The Issues.

Plaintiffs seek to amend, and divide into two separate counts, the current Count II of the Amended Complaint. Count II of the First Amended Complaint seeks relief only for individual Plaintiff Allen Roberts. (*See* Amended Complaint ¶ 153) Plaintiffs' proposed Second Amended Complaint amends and divides Count II into two counts (Counts III and IV) and claims that both Roberts *and members of the proposed class* are entitled to relief. (See Proposed Second Amended Complaint ¶¶ 159 and 164) As discussed above, this proposed amendment is untimely pursuant to this Court's Calendar Order. Moreover, Plaintiffs' proposed Second Amended

Complaint does not identify a proposed class for Counts III and IV or seek certification of a proposed class with respect to Counts III and IV. In fact the prayer for relief only seeks damages for Plaintiff Allen Roberts. (*See* Proposed Second Amended Complaint, ¶ 165(K)). Plaintiffs' untimely proposed Second Amended Complaint should not be allowed. The proposed amendments are untimely and seek to confuse the issues.

### III. CONCLUSION

For each of the foregoing reasons, Defendant AK Steel Corporation respectfully requests that this Court deny Plaintiff's Motion for Leave to file the Second Amended Complaint.

Respectfully submitted,

s/Gregory Parker Rogers
Lawrence J. Barty (0016002)
Patricia Anderson Pryor (0069545)
Gregory Parker Rogers (0042323)
Roger A. Weber (0001257)
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838

OF COUNSEL:

John P. O'Connor
Stephanie S. Bisselberg
AK Steel Corporation
703 Curtis Street
Middletown, Ohio 45043-0001
(513) 425-5000

CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Paul H. Tobias and David D. Kammer, Tobias, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202, Susan Donahue, Wiggins, Childs, Quinn and Pantazis, P.C., 1400 Southtrust Tower, Birmingham, Alabama 35203 and David Sanford, Sanford, Wittels and Heisler, L.L.P., 2121 K Street, N.W., Suite 700, Washington, D.C. 20037.

 s/ Gregory Parker Rogers
Gregory Parker Rogers (0042323)
rogers@taftlaw.com
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
(513) 381-2838
(513) 381-0205 (fax)