UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. C-1-02-467 |
| | ) | Judge Beckwith |
| AK STEEL CORPORATION, | ) | Magistrate Judge Hogan |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION
TO MOTION TO ALTER OR AMEND JUDGMENT
UNDER RULE 59(e)**

**I.    THE COURT'S ORDER OF JANUARY 21, 2004 (Doc. no. 26) IS A JUDGMENT.**

The fact that the Court denied the defendant's motion to dismiss in this case does not negate the plaintiffs' ability to move the court to alter or amend its judgment.[1] In fact, by Order of April 8, 2004 (later withdrawn), the Court agreed with the plaintiffs and granted the plaintiffs' Motion for Leave to File a Second Amended Complaint (hereinafter "Motion for Leave to File") (Doc. no. 30), stating that the plaintiffs' arguments were "well-taken." The Court also agreed that allowing the plaintiffs leave to file its Second Amended Complaint rendered the plaintiffs' Motion to Alter or

---

[1] Admittedly, this is an odd procedural posture for the plaintiffs. They were taken by surprise when the Court raised, for the first time in its Order of January 21, 2004, an issue regarding the sufficiency of their Amended Complaint and then denied the defendant's Motion to Dismiss on the ground that the plaintiffs had never pled a Title VII claim for the proposed class in the first place. The plaintiffs have argued that the Court is clearly in error on this issue and that, therefore, the Court's Order of January 21, 2004 is due to be vacated or declared moot upon a granting of the plaintiffs' Motion for Leave to File Second Amended Complaint, as the Court determined in its first order of April 8, 2004.

1

Amend Judgment Under Rule 59(e) (hereinafter "Motion to Alter or Amend") (Doc. no. 29) moot. The plaintiffs contend that the Court's Order of April 8, 2004, granting the plaintiffs leave to file a Second Amended Complaint and rendering the plaintiffs' Motion to Alter or Amend moot, was the correct ruling on these motions. Later that same day, however, the Court withdrew this Order, noting that on February 27, 2004, Magistrate Judge Timothy S. Hogan granted the defendant an extension of time until May 15, 2004, in which to file responses to plaintiffs' motions.

In its responsive Memorandum in Opposition to Plaintiffs' Motion to Alter or Amend Judgment Under Rule 59(e) (hereinafter "Opposition") (Doc. no. 35), the defendant suggests that the plaintiffs' Motion to Alter and Amend is not proper because the Court's Order of January 21, 2004 was not a judgment on the Title VII claims disposed by that Order. The defendant offers only one scant paragraph to assert this argument in its Opposition, with no citation to any case at all and no supporting analysis of its position that the Court's Order of January 21, 2004 does not constitute a judgment. In fact, the defendant's Opposition contains no citation to any case law whatsoever in support of any point of law or argument it advances on any issue.

It is clear that the Court's Order of January 21, 2004 is a judgment. The Order completely dismisses the plaintiffs' Title VII claims even though the Order denies the defendant's Motion to Dismiss. In other words, the Court held that the plaintiffs had never pled Title VII claims at all, which was a ground not asserted by the defendants. Thus, in effect, the Court "granted" the dismissal of Title VII claims in the posture of its "denial" of the defendant's Motion to Dismiss. Therefore, the Order of January 21, 2004, is subject to a motion to alter or amend under Rule 59(e) because its disposal of the plaintiffs' Title VII claims constitutes a judgment on those claims.

The Sixth Circuit has repeatedly recognized that a motion to alter or amend a judgment under Rule 59(e) is appropriate upon disposal of a plaintiff's claims via a motion to dismiss. *See Morse v. McWhorter*, 290 F.3d 795, 797-798 (6th Cir. 2002) (vacating the district court's order denying plaintiffs' motion to alter judgment and leave to amend their complaint after the district court dismissed the plaintiffs' claims pursuant to the defendants' motion to dismiss); *Little v. Yeutter*, 984 F.2d 160 (6th Cir. 1993) (reversing the district court's order that granted the defendant's motion to dismiss and denied the plaintiff's motion to alter or amend the judgment); *SSD Distribution System, Inc. v. General Motors Corporation,* 883 F.2d 41 (6th Cir. 1989) (reversing the district court's grant of defendant's motion to dismiss and the district court's subsequent denial of the plaintiff's motion to alter or amend).

There is no requirement that the Court's Order of January 21, 2004 be formally entered as a judgment for Rule 59(e) to apply. As the Sixth Circuit has stated, "[i]t is not unusual . . . for a putative Rule 59(e) motion to predate the formal entry of judgment." *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979). In *Smith*, the Sixth Circuit held that it was "proper for the District Court to entertain a motion to alter or amend a judgment under Rule 50(e) even thought it was filed prior to the actual entry of judgment." *Id.*

This Court has already recognized the purposes of Rule 59(e) in its first Order of April 8, 2004, when it permitted the plaintiffs to file a second amended complaint to rectify the deficiencies the Court articulated in its January 21, 2004 Order, stating that the arguments presented by the plaintiffs were "well-taken." The plaintiffs assert that the Court's first Order of April 8, 2004 remains the correct ruling on the plaintiffs' Motion for Leave to File and Motion to Alter or Amend. The plaintiffs urge the Court to re-instate its first April 8, 2004 Order so ruling.

Alternatively, assuming *arguendo* that the Court finds that its Order of January 21, 2004, is not a judgment, the Order would necessarily be an interlocutory order subject to modification or reversal at any time. Whether the Order is deemed to be a judgment or an interlocutory order, the outcome remains the same. The Order is due to be modified to allow the plaintiffs to file their Second Amended Complaint which cures any defects which the Court identified in its Order.

**II.    PLAINTIFFS' AMENDED COMPLAINT PROPERLY PLEAD TITLE VII CLAIMS; THE COURT IS IN ERROR TO RULE OTHERWISE.**

Contrary to what the defendant asserts in its Opposition, the plaintiffs' Motion to Alter or Amend clearly identifies as an error of law the Court's conclusion that the plaintiffs' Amended Complaint failed to plead a Title VII claim. As the plaintiffs argued, omitting a reference to Title VII in the body of Count I does not negate the conclusion that, under the notice pleading standards articulated in *Swierkiewicz v. Soreman*, 534 U.S. 506 (2002), *Hishon v. King & Spalding*, 467 U.S. 69 (1984) and other cases cited by the plaintiffs, the plaintiffs have pled claims under Title VII. Courts have affirmed that a Rule 59(e) motion "challenges the merits of the district court's decision," *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992), which the plaintiffs in the instant case have done by challenging the Court's conclusion that the plaintiffs did not plead Title VII claims in their amended complaint. Further, the plaintiffs have complied with the requirement articulated by the Sixth Circuit and other circuits that "[m]otions under Rule 59(e) must . . . clearly establish a manifest error of law . . . ." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *Nissim v. McNeil Consumer Products Company, Inc.,* 957 F.Supp. 600, 601 (E.D. Pa. 1997).

The plaintiffs' Motion to Alter or Amend fulfills all the requirements of such motions and is due to be granted for the reasons stated by the plaintiffs.

### III. FILING RIGHT-TO-SUE LETTERS IS A CONDITION PRECEDENT TO A JUDGMENT ON THE MERITS OF A TITLE VII CLAIM, NOT A JURISDICTIONAL REQUIREMENT FOR SUCH A CLAIM.

As the plaintiffs argued in their Motion to Alter or Amend, under controlling case law in this Circuit, the receipt by a plaintiff of a right-to-sue letter is a condition precedent rather than a jurisdictional requirement for a Title VII lawsuit. *See Rivers v. Barberton Board of Education*, 143 F.3d 1029, 1031-32 (6th Cir. 1998). As the plaintiffs have further argued, under controlling law in the 6th Circuit, when the plaintiffs received their right-to-sue letters on January 9, 2003, the defect of their Complaint was cured because the condition precedent for their lawsuit had been fulfilled. *See Portis v. State of Ohio*, 141 F.3d 632, 635 (6th Cir. 1998). Thus, there is no jurisdictional deficiency in the plaintiffs' Amended Complaint attributable to non-receipt of the plaintiffs' right-to-sue letters.[2] Further, the receipt of their right-to-sue letters on January 9, 2003, renders their Amended Complaint timely as to their Title VII claims. The plaintiffs have fully complied with all the jurisdictional and pleading requirements of their Title VII claims, and their Motion to Alter or Amend is fully in accord with these requirements as well as the requirements for the motion itself.

For each and all of the foregoing reasons stated, the plaintiffs respectfully request that the plaintiffs' Motion to Alter or Amendment Judgment Under Rule 50(e) be granted, or in the alternative, that it be rendered moot upon the granting of the plaintiffs' Motion for Leave to File Second Amended Complaint.

Respectfully submitted,

---

[2] The plaintiffs submitted copies of their right-to-sue letters with their Motion to Alter or Amend.

        s/ Paul H. Tobias
        PAUL H. TOBIAS (OH Bar No. 0032415)
        DAVID D. KAMMER (OH Bar No. 0061808)
        **TOBIAS, KRAUS & TORCHIA**
        414 WALNUT STREET
        SUITE 911
        CINCINNATI, OH 45202
        Telephone: (513) 241-8137
        Facsimile: (513) 241-7863
        TKT@TKTlaw.com

        SUSAN DONAHUE (*pro hac vice*)
        **WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.**
        The Kress Building
        301 19th Street North
        BIRMINGHAM, AL 35203
        Telephone: (205) 314-0592
        Facsimile: (205) 254-1500
        sgd@wcqp.com

        DAVID SANFORD (*pro hac vice*)
        **SANFORD, WITTELS, & HEISLER, L.L.P.**
        2121 K St. N.W.
        Suite 700
        Washington, D.C. 20037
        Telephone: (202) 942-9124
        Fax number: (202) 628-8189
        dsanford@davidsanford.com

        *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 1, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gregory Parker Rogers
Taft, Stettinius & Hollister, LLP
1800 First Star Tower
425 Walnut Street
Cincinnati, OH 45202

                    s/Paul H. Tobias
                    _____
                    OF COUNSEL