**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| VIVIAN BERT, *et al.*, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. C-1-02-467 |
| | ) | Judge Beckwith |
| AK STEEL CORPORATION, | ) | Magistrate Judge Hogan |
| | ) | |
| | ) | |
|     Defendant. | ) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION
TO MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

**I.    PLAINTIFFS' PROPOSED SECOND AMENDED COMPLAINT IS PERMISSIBLE PURSUANT TO FED. R. CIV. P. 15(a) AND 16(b)**

The defendant does not argue that the plaintiffs have failed to meet the requirements of Rule 15. Rather, the defendant argues incorrectly that the plaintiffs have failed to show good cause pursuant to Rule 16(b), which would permit filing the proposed Second Amended Complaint. Contrary to the defendant's assertions, the plaintiffs have demonstrated good cause for leave to file their Second Amended Complaint. In *Inge v. Rock Financial Corporation*, 281 F. 3d 613, 626 (6th Cir. 2002), the Sixth Circuit found that the plaintiff had presented good cause for requesting leave to amend the complaint after the deadline set in the scheduling order. The Court held that "Plaintiff's request to amend was a prompt effort to remedy pleading deficiencies identified by the district court in the dismissal order, as opposed to an effort to add new claims or parties." *Id. See McNeal v. City of Hickory Valley*, No. 01-1205, 2002 WL 1397249, at *2 (W.D. Tenn. June 4, 2002) (holding that plaintiff may amend his complaint after the scheduling deadline because "the

1

amendment sought by Plaintiff as to Defendants' policy and/or custom is merely a clarification of the allegations pleaded in the original complaint."). The same is true here. As stated in the Memorandum in Support of Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. no. 30), the plaintiffs seek to "timely cure deficiencies addressed by the Court's January 22, 2004 Order." *Id.* at 4-5. The plaintiffs do not seek to add new claims but, rather, to provide greater detail and clarification of their previously pled allegations and to apprize the Court and the parties that right-to-sue notices have been received.

Additionally, as stated in the above-mentioned Memorandum, there is "no undue prejudice lodged upon the non-moving party" as "no depositions have been taken . . . and Plaintiffs do not seek to add new factual claims." *Id.* at 5. Finally, as soon as the plaintiffs' counsel learned that the EEOC right-to-sue notices had been issued, they petitioned the Court to reconsider its decision regarding the plaintiffs' Title VII claims.[1] As such, pursuant to *Inge* and *McNeal*, the plaintiffs' Motion for Leave to File A Second Amended Complaint should be granted.

**II.     PLAINTIFFS' PROPOSED SECOND AMENDED COMPLAINT IS NOT FUTILE**

    **A.     Plaintiffs' Entitlement to and Receipt of Their Right-to-Sue Notices Renders Defendant's Argument Moot**

The defendant asserts erroneously that the plaintiffs' proposed amendment should not be permitted because it would be futile. Def.'s Opp. to Pls.' Mot. Amend. Compl (Doc. no. 36) at 4. The key issue raised by the defendant in its Motion to Dismiss the Title VII Claims of Certain Plaintiffs is that "none of the Plaintiffs possess a right-to-sue and therefore their claims must be dismissed." Def.'s Reply in Support of Mot. Dismiss (Doc. no. 13) at 3. The defendant further

---

[1] Unfortunately, the EEOC issued the right-to-sue notices to the plaintiffs rather than to their counsel which resulted in the confusion about when and if the notices were issued.

argues that because the plaintiffs did not amend their complaint within ninety days of receipt of the right-to-sue notices, their Title VII claims must be dismissed. Def.'s Opp. to Amend. Complaint (Doc. no. 36) at 4.

However, the defendant's argument ignores relevant case law, common sense, and judicial economy.[2] "Receipt of a right-to-sue notice during the pendency of the Title VII action cures the defect caused by the failure to receive a right-to-sue notice before filing a Title VII claim in federal court." *Perry v. Beggs*, 581 F. Supp. 816 (D.D.C. 1983) (citations omitted). *See Portis v. State of Ohio*, 141 F.3d 632, 634-35 (6th Cir. 1998) (refusing to dismiss the Title VII claims of a plaintiff who received a right-to-sue notice after the complaint had been filed); *Kohn v. GTE North, Inc.,* 754 F. Supp. 563, 570 (S. D. Ohio 1990) (J. Smith) ("The weight of authority supports the concept that premature filing, prior to the later receipt of a notice of right to sue will not defeat a plaintiff's claim") (citing *Wilburn v. Dial Corp.*, 724 F. Supp. 530, 536 (W.D. Tenn. 1989)). Moreover, "it is the entitlement of the right to sue notice rather than the actual issuance which is a prerequisite to the jurisdiction of a federal court." *Kohn*, 754 F. Supp. at 570 (citing *Bradford v.General Telephone Co. of Michigan*, 618 F. Supp. 390 (W.D. Mich. 1985)). "Thus, where a Title VII plaintiff files his action first and then subsequently receives a right to sue notice while that action is pending, the requirement of a right to sue letter is satisfied." *Wilburn*, 724 F. Supp. at 536 (citing *Williams v.*

---

[2] Pursuant to AK Steel's argument, if every Title VII claimant must first receive a right-to-sue notice prior to joining as a named plaintiff in this lawsuit, litigants would be forced to amend the pleadings numerous times. Given the practical unlikelihood that right-to-sue notices for various employees harmed by the discrimination of AK Steel would all be issued within the same 90-day time period, the process of amending pleadings, or filing of a series of lawsuits to be consolidated pursuant to a series of motions, would become an enormous burden and waste of resources not only for the parties, but for the Court as well. Such inefficiency was not the intent behind Title VII's administrative process.

*Washington Metro. Area Transit Auth.*, 721 F.2d 1412, 1418 n. 12 (D.C. Cir. 1983); *Jones v. American State Bank*, 857 F.2d 494, 499 (8th Cir. 1988) ("failure to obtain a right-to-sue letter prior to the commencement of a suit is a curable defect."); *Galvan v. Bexar County*, 785 F.2d 1298, 1305-06 (5th Cir. 1986)).

In this case, the plaintiffs were entitled to receive and were issued EEOC right-to-sue notices on January 9, 2003.[3] At that time, this action was pending. Consistent with the above case law, the requirement of a right-to-sue notice has been satisfied.

### B.  Plaintiffs' Proposed Second Amended Complaint Clarifies The Class Claims At Issue

The defendant contends that Plaintiffs' Proposed Second Amended Complaint–which divides Count II of the First Amended Complaint into two counts (Count III and Count IV, respectively) somehow confuses issues in this case. This argument is without merit. The only effect dividing previous Count II into proposed Counts III and IV engenders is to separate the plaintiffs' class action claims under Title VII and Section 1981. In previous Count II, both Title VII and Section 1981 had been listed within the same count. Such clarification in proposed Counts III and IV certainly does not confuse the issues.

Next, the defendant argues that Count II of the First Amended Complaint only seeks relief for Plaintiff Allen Roberts, yet Count III and Count IV in the Second Amended Complaint seek relief for Plaintiff Roberts as well as members of the proposed class. The defendant's assertion is not correct. Count II in the First Amended Complaint asserts "Class-wide discrimination in

---

[3] Notably, the reason the right-to-sue notices were issued, according to the EEOC, was that "charging party filed suit in U.S. District Court." *See* Exhibit A to Pls.' Mot. to File Second Amend. Complaint (Doc. no. 30).

Employment Due to Hiring Discrimination . . . ." In addition, Count II in the First Amended Complaint states that "AK Steel has discriminated against Plaintiff Roberts *and against all of Defendant's employees* . . . ." First Amended Complaint at ¶ 150. Similarly, Counts III and IV of the Second Amended Complaint state "Class-wide Discrimination in Employment Due to Hiring Discrimination . . . ." The primary difference between Count II of the First Amended Complaint and Counts III and IV of the Second Amended Complaint is that the latter separates the Title VII and Section 1981 claims into different counts. In both the First Amended Complaint and Second Amended Complaint, the plaintiffs seek to represent a class to remedy class-wide discrimination in employment due to hiring discrimination. The Second Amended Complaint simply seeks to further clarify the class allegations of which AK Steel already had notice.

Finally, AK Steel argues that the proposed Second Amended Complaint does not identify a proposed class for Counts III and IV. However, as discussed above, this is in error. The defendant appears to argue that the proposed Second Amended Complaint does not properly seek class certification. At this stage, however, the plaintiffs are not required to actually seek class certification. Instead, the plaintiffs must provide AK Steel with notice about the factual claims related to their allegations. The plaintiffs have clearly met this notice burden. The plaintiffs intend to represent a class of individuals who have been adversely affected by AK Steel's discriminatory hiring practices, policies, and procedures, as evidenced by the class allegations contained in the Second Amended Complaint. *See, e.g.,* ¶¶ 33-34, 37-39, and 44.

### III. CONCLUSION

Based on the foregoing reasons, the plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Leave to File A Second Amended Complaint.

Respectfully submitted,


s/ Paul H. Tobias
PAUL H. TOBIAS (OH Bar No. 0032415)
DAVID D. KAMMER (OH Bar No. 0061808)
**TOBIAS, KRAUS & TORCHIA**
414 WALNUT STREET
SUITE 911
CINCINNATI, OH 45202
Telephone: (513) 241-8137
Facsimile: (513) 241-7863
TKT@TKTlaw.com

SUSAN DONAHUE (*pro hac vice*)
**WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.**
The Kress Building
301 19th Street North
BIRMINGHAM, AL 35203
Telephone: (205) 314-0592
Facsimile: (205) 254-1500
sgd@wcqp.com

DAVID SANFORD (*pro hac vice*)
**SANFORD, WITTELS, & HEISLER, L.L.P.**
2121 K St. N.W.
Suite 700
Washington, D.C. 20037
Telephone: (202) 942-9124
Fax number: (202) 628-8189
dsanford@davidsanford.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 1, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gregory Parker Rogers
Taft, Stettinius & Hollister,LLP
1800 First Star Tower
425 Walnut Street
Cincinnati, OH 45202

      s/Paul H. Tobias
      _____
      OF COUNSEL