UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VIVIAN BERT, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CASE NO. C-1-02-467 |
| | )   Judge Beckwith |
| AK STEEL CORPORATION, | )   Magistrate Judge Hogan |
| | ) |
|     Defendant. | ) |

**PLAINTIFFS' REQUEST FOR RULING REGARDING
PLAINTIFFS' MOTION FOR RECONSIDERATION OF
JANUARY 21, 2004 ORDER (DOC. NO. 29) AND PLAINTIFFS' MOTION TO
AMEND/CORRECT AMENDED COMPLAINT (DOC. NO. 30)
AND MOTION TO EXTEND ALL CLASS ACTION DEADLINES**

In accordance with Fed. R. Civ. P. 16(b), the plaintiffs respectfully move this Honorable Court to extend all class action deadlines, including the deadlines for designating class experts, conducting class discovery regarding experts, completing class discovery, and filing a motion for class certification. These extensions are necessary to allow the parties sufficient time after this Court's ruling on Plaintiff's Motion for Reconsideration of January 21, 2004 Order (Doc. no. 29) and Plaintiffs' Motion to Amend/Correct Amended Complaint (Doc. no. 30) to complete this work.

A number of circumstances have arisen which necessitate this request, including the illness, heart attack and subsequent stroke suffered by Plaintiffs' lead counsel, Barry V. Frederick.[1] Mr. Frederick's medical problems will require an extended recovery period such that another attorney

---

[1] Although Mr. Frederick had not made a formal appearance in this case, he has been the lead attorney for the Plaintiffs since May of 2004. In particular, Mr. Frederick, along with Mr. Sanford, conducted face-to-face negotiations with defense counsel in June of 2004 in an effort to settle this case. The Plaintiffs efforts to settle this case are on-going.

will need to take over Mr. Frederick's role in this case. In addition, other circumstances, outlined below, establish good cause to grant Plaintiffs' motion for an extension of all class action deadlines.

**MEMORANDUM**

In support of their Motion for an Extension, as well as their Request for Rulings, the Plaintiffs state as follows:

1. By Order of January 21, 2004 (Doc no. 26), this Honorable Court, in pertinent part, denied the Defendant's Motion to Dismiss the Title VII claims of the Plaintiffs for the failure to state a claim upon which relief could be granted. The Court based its denial on its finding that Plaintiff's Title VII claims had never been properly pled in their Complaint or their Amended Complaint, meaning that no Title VII claims existed to be denied. In reaching this decision, the Court concluded, in pertinent part, that the Plaintiffs' reference to Title VII claims in the headings of certain sections of the Complaint, without re-stating these claims in the numbered paragraphs following those headings, was insufficient to state a Title VII claim.

2. In response to this ruling, the Plaintiffs filed two motions on February 4, 2004: (1) a Motion for Reconsideration of January 21, 2004 Order (Doc no. 29); and (2) a Motion to Amend/Correct Amended Complaint (Doc no. 30).

3. On April 8, 2004, this Court entered an Order, finding the Plaintiff's Motion for Reconsideration moot because it was concurrently granting the Plaintiffs' Motion to Amend/Correct Amended Complaint. This Order, in effect, recognized the Plaintiffs' Title VII claims and allowed the Plaintiffs to Amend their Complaint to cure the deficiencies found by the Court in the Plaintiffs' Amended Complaint.

4. However, four days later, on April 12, 2004, the Court withdrew its Order of April 8th and granted the Defendant an extension of time until May 15, 2004 to respond to the Plaintiffs' motions. The Defendant subsequently filed its responses in opposition to the Plaintiffs' motions (Doc. nos. 35 and 36) on May 17, 2004, and the Plaintiffs filed their replies to these responses (Doc nos. 37 and 38) on June 1, 2004. The Court has not yet ruled on these pending Motions.

5. Because the above-identified motions are still pending, the Defendant has refused to provide discovery to the Plaintiffs regarding their Title VII claims, including computerized information related to the work force at AK Steel. *See* Letter from Gregory Parker Rogers to David Sanford, dated June 4, 2004, attached herewith as "Attachment A." Due to the pending motions, the Plaintiffs have been unable to file a motion to compel this discovery.[2]

6. Shortly after the Plaintiffs' efforts to have this Court recognize that they had properly pled their Title VII claims, the parties attempted to settle this matter informally. In considering whether a negotiated settlement was preferable to continued litigation, Plaintiffs' counsel weighed heavily Defendant counsel's claims that Defendant AK Steel was nearing bankruptcy. Plaintiffs' counsels acceptance of the Defendant's refusal to produce statistical data in discovery was tied to AK Steel's expressed dire financial situation at the time. Fortunately, AK Steel has now apparently recovered financially. Thus, the Plaintiffs are no longer willing to accept the Defendant's continuing refusal to produce essential data for examination by Plaintiffs' counsel. Moreover, Plaintiffs' counsel cannot discharge its due diligence requirements in representing a class of rejected applicants without reviewing the requested data.

---

[2] As this Court had not yet ruled that the Plaintiffs' Title VII claims were properly before the Court, a motion to compel the production of the information and data needed to pursue class certification could not be filed.

3

7.    While the parties' settlement efforts have not yet resulted in a settlement, the parties have, hopefully, narrowed some of the issues ultimately to be decided by this Court. To aid in the settlement process, the parties filed a Joint Motion for Extension of Time for Experts and Expert Reports on July 1, 2004, which this Court granted by Order entered on July 7, 2004 (Doc. no. 40). This Order established the following deadlines for class discovery:

| | |
|---|---|
| September 1, 2004 | Plaintiffs' expert reports due |
| October 15, 2004 | Defendant's expert reports due |
| November 15, 2004 | Plaintiffs' expert report replies due |
| December 1, 2004 | Discovery deadline with respect to experts on class issues. |

Further, the Court's Amended Calendar Order entered on November 18, 2003, set December 5, 2004, as the deadline for Plaintiffs' motion for class certification.

8.    Because of the Defendant's financial condition, its refusal to provide discovery regarding the Plaintiffs' Title VII claims based on the motions that are still pending before this Court, and the subsequent health problems of Plaintiffs' lead counsel, the Plaintiffs have not been able to finish their class discovery and gather the information necessary for an expert's analysis of the Defendant's hiring practices.

9.    The Plaintiffs respectfully request that this Court re-instate its April 8, 2004 Order finding their Motion for Reconsideration to be moot based on the Court simultaneously granting their Motion to Amend/Correct Amended Complaint. Nothing in the Defendant's responses to these motions prevents this Court from doing so. Once this Order is entered, the Defendant will have no valid reason for refusing the Plaintiffs' discovery requests regarding computerized application and employment data based on their Title VII claims. If the Defendant continues to do so, the Plaintiffs

may then file a Motion to Compel.

10.   Based on the foregoing, the Plaintiffs would respectfully propose the following schedule:

Plaintiffs' expert reports due 45 days from the Court's favorable ruling on their Motion to Reconsider and Motion to Amend/Correct Amended Complaint and the defendant's provision of appropriate computer data to Plaintiffs;

Defendant's expert reports due 30 days after Plaintiffs' expert reports are due;

Plaintiffs' expert report replies due 30 days after defendant's expert reports are due;

Discovery deadline with respect to class issues would be 30 days after Plaintiffs' replies are due;

Plaintiffs' motion for class certification due 15 days after discovery deadline with respect to class issues.

11.   The Defendant has only agreed to a four-week extension of the December 5, 2004 deadline for the Plaintiffs' motion for class certification. However, the Defendant has not agreed to provide the requested class discovery or to extend the other class certification deadlines. Defendant's proposal is untenable because the Plaintiffs will be required to move for class certification without the necessary discovery regarding their Title VII claims.

12.   No party will be prejudiced by the extension of the court-ordered deadlines sought by the Plaintiffs. However, the Plaintiffs will be severely prejudiced if their Motion for Extension is not granted.

The Plaintiffs, therefore, respectfully request that the Court re-instate it Order entered on April 8, 2004 (Doc. no. 33), and set a discovery schedule for class-wide issues as proposed by the

Plaintiffs herein.

Respectfully submitted, this **29th** day of **November**, 2004.

*/s/ Susan Donahue*

Susan Donahue (*pro hac vice*)
**WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.**
The Kress Building
301 19th Street North
BIRMINGHAM, AL 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
sgd@wcqp.com

Paul H. Tobias, OH Bar No. 0032415
David D. Kammer, OH Bar No. 0061808
**TOBIAS, KRAUS & TORCHIA**
414 Walnut Street
Suite 911
Cincinnati, Oh 45202
Telephone: (513) 241-8137
Facsimile: (513) 241-7863
tkt@tktlaw.com

Mr. David Sanford (*pro hac vice*)
Attorney at Law
**SANFORD, WITTELS, & HEISLER, L.L.P.**
2121 K St. N.W.
Suite 700
Washington, D.C. 20037
Telephone: 202/942-9124
Fax number: 202/628-8189
dsanford@nydc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on _November 29_, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically serve the following:

Mr. Gregory P. Rogers
Mr. Lawrence James Barty
Ms. Patricia Anderson Pryor,
**TAFT, STETTINIUS & HOLLISTER, LLP**
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957

_Susan Donahue_
OF COUNSEL

## TAFT, STETTINIUS & HOLLISTER LLP

425 WALNUT STREET, SUITE 1800
CINCINNATI, OHIO 45202-3957
513-381-2838
FAX: 513-381-0205
www.taftlaw.com

COLUMBUS, OHIO OFFICE
TWELFTH FLOOR
21 EAST STATE STREET
COLUMBUS, OHIO 43215-4221
614-221-2838
FAX: 614-221-2007

NORTHERN KENTUCKY OFFICE
SUITE 340
1717 DIXIE HIGHWAY
COVINGTON, KENTUCKY 41011-4704
859-331-2838
513-381-2838
FAX: 513-381-6613

CLEVELAND, OHIO OFFICE
3500 BP TOWER
200 PUBLIC SQUARE
CLEVELAND, OHIO 44114-2302
216-241-2838
FAX: 216-241-3707

GREGORY PARKER ROGERS
(513) 357-9349
rogers@taftlaw.com

June 4, 2004

David Sanford
Sanford, Wittels & Heisler LLP
2121 K Street
Suite 700
Washington, DC 20036

Re: Bert v. AK Steel Corporation

Dear David:

This letter follows up on our telephone conversations of May 27 and 28, 2004, your e-mail of May 28, 2004 at 3:42 p.m., and my e-mail to you of May 28, 2004 at 4:54 p.m. Our conversations last week were the first claim we heard from Plaintiffs that the Company's November 27, 2002 timely responses to Plaintiffs' October 29, 2002 discovery requests were allegedly unsatisfactory.

### Depositions

We agreed to accept an e-mail/letter from you in lieu of requiring you to serve formal notices of depositions for deposition dates after the June 1, 2004 discovery cutoff with respect to class issues. Whether Plaintiffs have the right to take depositions after the cutoff for class discovery is a matter to be addressed if the parties are unable to negotiate a settlement. AK Steel reserves the right to object to certain of Plaintiffs' proposed deponents.

### Response to Document Request Nos. 1, 2, 4, 5, 6, 8, 10, 11, 12

AK Steel is producing documents it has located that it has agreed to produce. These documents are Bates numbered AKX00001-AKX001386, and are being produced today directly to David Kammer. When we receive the invoice from the copying service, we will pass it along

{W0186170.1}

David Sanford
June 4, 2004
Page 2

to you for payment. The Company will produce to you next week lines of progression charts and job descriptions that are responsive to Request No. 6.

### Response to Document Request Nos. 3, 7, 9, 14

AK Steel has previously produced its applications, published selection criteria and qualifications, application form, and interview form used at Ashland Works and Middletown Works. These amount to more than 150,000 pages of documents. AK Steel has not produced affirmative action studies, test validation studies, test, or affirmative action plans, which we do not believe are relevant to a disparate treatment theory, or reasonably calculated to lead to the discovery of admissible evidence. At this time, Plaintiffs' claim is alleged discrimination because they were not hired, allegedly due to race, allegedly in violation of 42 U.S.C. § 1981, which, as you know, does not allow disparate impact claims.

We told you we would reconsider our position if you could show us any Section 1981 case involving similar claims where similar documents were required to be produced. You have not cited us a single case. We also said we would reconsider this objection if the Court allowed you to plead a Title VII claim.

### Response to Document Request Nos. 15 and 16

You have asked for computerized information relating to the current workforce of AK Steel, requesting 24 different types of information with respect to the current workforce, including such things as social security number, relatives employed by AK Steel, wages and/or salary received at AK Steel, discipline received, names, races and job titles of each supervisor of AK Steel. This request is extremely overbroad and unduly invasive, and we fail to see how a request for this information is relevant to your Section 1981 claims or reasonably calculated to lead to the discovery of admissible evidence. Again, we invited you to produce any case involving similar claims where such information was required to be produced, but you have not identified a single such case.

### Document Request No. 18

You asked for any and all decrees or settlement agreements against AK Steel related to allegations of race discrimination, regardless of whether the Company was found liable. We told you that there have been no consent decrees during the requested period, nor have there been any adverse findings against AK Steel. If you have any case that shows how settlement agreements or findings that the Company did not discriminate (as in the case of Al Roberts's individual lawsuit against AK Steel, which the same Judge considering this case found to be meritless) could have any relevance whatsoever to this action, we would reconsider this objection.

### Document Request Nos. 20 and 23

You asked for lawsuits, charges and internal or external investigations of complaints of race discrimination. I told you we would produce the files that the Company has regarding its

{W0186170.1}

David Sanford
June 4, 2004
Page 3

investigation of complaints of race discrimination, and these are produced in the Bates range described above. There are a few additional responsive files that have yet to be produced, but which will be produced next week. You earlier asked in Document Request No. 18 for lawsuits, and that issue was addressed in response to Document Request No. 18. You also asked for charges, which we continue to assert are not discoverable pursuant to the doctrine set forth by the Supreme Court in *EEOC v. Associated Dry Goods*, 449 U.S. 590 (1981).

### Document Request No. 21

We have produced EEO-1 data going back to 2001, which you have not disputed.

We will produce a privilege log to you next week.

We continue to await your payment for $13,005.92 for documents AK Steel previously produced.

Sincerely yours,

Gregory Parker Rogers

GPR:clh
cc:     David Kammer (via hand delivery, with the documents being produced)

{W0186170.1}