UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al. | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | |
| v. | : | Magistrate Judge Hogan |
| | : | |
| AK STEEL CORPORATION | : | DEFENDANT'S MEMORANDUM IN |
| | : | OPPOSITION TO PLAINTIFFS' |
| Defendant. | : | MOTION TO EXTEND ALL CLASS |
| | : | ACTION DEADLINES |

I.   INTRODUCTION

Defendant AK Steel Corporation ("AK Steel") opposes Plaintiffs' Motion to Extend all Class Action Deadlines in this long-pending (meritless) case.[1]

This action has been pending before this Court for nearly two and one-half years. Other than one set of document requests, in response to which AK Steel produced nearly 200,000 pieces of paper, Plaintiffs have done little to prosecute this case. Plaintiffs have taken no depositions during the 29 months this case has been pending. There is no good cause to extend the class action deadlines for a *fourth* time in this case, particularly when class discovery and expert identification/reports deadlines expired six months and three months, respectively, before Plaintiffs filed the instant motion.

---

[1] Plaintiffs styled their Motion as a "Request for Ruling Regarding Plaintiffs' Motion for Reconsideration of January 21, 2004 Order (Doc. # 29) and Plaintiffs' Motion to Amend/Correct Amended Complaint (Doc. # 26) and Motion to Extend all Class Action Deadlines." While Plaintiffs reargue their Motion for Reconsideration and Motion to Amend/Correct the Complaint, those Motions have been fully briefed, and AK Steel will not burden the Court by rearguing the reasons they should be denied.

{W0321560.1}

II.     PROCEDURAL POSTURE

        A.     Plaintiffs Filed This Action in June 2002 And Served Discovery Five Months Later.

Plaintiffs filed this action, alleging hiring discrimination by AK Steel, on June 26, 2002. (Doc. # 1) On October 29, 2002, Plaintiffs served AK Steel with their first and only discovery request, a request for production of documents. (Rogers Dec. ¶ 2) On November 27, 2002 — more than 24 months ago — AK Steel timely served Plaintiffs with responses to the document requests. (*Id.*) AK Steel produced almost 200,000 pages of responsive documents. (*Id.* ¶ 3)

        B.     The Database Created From The Produced Documents Establishes Plaintiffs' Allegations Of Class-wide Discrimination In Hiring Are Meritless.

For purposes of this litigation, AK Steel paid for an outside vendor to create a database of applications to the Middletown Works, from the documents it had produced to Plaintiffs. (Rogers Dec. ¶ 6) Analysis of this database showed that AK Steel hires African Americans at a rate that substantially exceeds the availability of African Americans in the relevant hiring pool. (*Id.*) This data also showed that there is no statistically significant difference in the number of African Americans who applied for hire versus those who were hired. (*Id.*) In other words, the claim of class-wide discrimination in hiring is not true – there is nothing to these allegations.

Summaries of this data were shared with Plaintiffs in June of 2004 as part of settlement discussions. (*Id.*) Plaintiffs requested on November 19, 2004, the underlying data supporting these summaries, and this data was produced, for settlement purposes only, on December 7, 2004. (*Id.*)

        C.     The Court-Ordered Deadlines Are Extended.

On January 13, 2003, this Court issued its first Calendar Order after the parties' initial pre-trial conference. (Doc. # 15) This Order gave Plaintiffs almost a year to complete discovery

on class issues. At the request of the parties, the Court set December 1, 2003 as the discovery deadline for class issues, January 5, 2004 as Plaintiffs' deadline to identify experts and September 6, 2004 as the deadline for Plaintiffs' motion for class certification. (*Id.*) On November 12, 2003, the parties jointly moved to extend the class discovery deadline until March 1, 2004 and the deadline for class certification until December 5, 2004. (Doc. # 18) This Court granted this request on November 18, 2003. (Doc. # 20)

### D. Plaintiffs Request A Second Extension Of Time.

On January 21, 2004, this Court issued an order denying AK Steel's motion to dismiss Plaintiff's Title VII claims because Plaintiffs had not pled any Title VII claim. (Doc. # 26) On February 4, 2004, Plaintiffs filed a motion for leave to file a second amended complaint and filed a motion to alter or amend judgment. (Doc. # 29, 30) On February 24, 2004, a week before the close of class discovery, Plaintiffs asked for a second extension of time and AK Steel agreed to extend class discovery and the expert report deadlines for a second time. (Rogers Dec. ¶ 5) Accordingly, the parties again jointly moved that class discovery be extended until June 1, 2004, that Plaintiffs' expert report be due on July 1, 2004 and that AK Steel be given until May 15, 2004 to respond to Plaintiffs' motion to alter or amend judgment and to amend the complaint. (Doc. # 31) The Court granted this motion on February 27, 2004. (Doc. # 32)

On April 8, 2004, the Court, presumably unaware that the latest agreed order delayed the request for AK Steel to file a response, granted Plaintiffs' motion for leave to file a second amended complaint because AK Steel had not opposed the motion. (Doc. # 33) The Court

withdrew that Order that same day[2] (Doc. # 34) because the Court had previously granted AK Steel an extension of time until May 15, 2004 in which to respond.[3] (Doc. # 32)

    E. Plaintiffs Wait Until The Close Of Discovery To Express Concern About AK Steel's Discovery Responses Made 18 Months Earlier.

On May 26, 2004, just five days before the class discovery deadline, Plaintiffs for the first time expressed concern about AK Steel's 18-month-old responses to Plaintiffs' discovery requests. (Rogers Dec. ¶ 7, Ex. 1) Telephone conferences were held on May 27 and 28, 2004, about discovery and settlement. (*Id.*) AK Steel responded to Plaintiffs' concerns about discovery. (*Id.*) AK Steel also agreed to produce and did produce additional documents requested by Plaintiffs. (*Id.*) Even after discovery closed, AK Steel produced job progression lines, job descriptions and, for settlement purposes only, its own summary and analysis of the hiring statistics for the Middletown Works that AK Steel had prepared for this litigation. (*Id.*)

    F. Plaintiffs Request and Obtain a Third Extension With Respect To the Expert Deadline.

A settlement conference was held in Cincinnati on June 16, 2004 (referred to in the May 28 e-mails), attended by David Sanford, Grant Morris, Barry Frederick, Paul Tobias and David Kammer for Plaintiffs and by Lawrence Barty and Gregory Rogers for AK Steel. (Rogers Dec. ¶ 8) The results of those discussions were inconclusive, but while settlement talks were ongoing, AK Steel once again agreed on July 1, 2004 to a joint motion to extend Plaintiffs' expert report deadline until September 1, 2004. (Doc. # 39) AK Steel did not agree to extend discovery in the joint motion. Plaintiffs did not move separately to extend the discovery period which had ended

---

[2] The Court signed this Order (Doc. # 34) the same day as the one it withdrew (Doc. # 33), however, it was not entered on the docket until April 12, 2004.

[3] May 15, 2004 was a Saturday, so AK Steel filed its responses to Plaintiffs' motions on May 17, 2004.

three weeks earlier on June 1, 2004. This Court, on July 7, 2004 granted the joint motion to extend the expert deadlines. (Doc. # 40)

   G. Plaintiffs Have No Further Communication with AK Steel About Discovery On Class Issues Until November 18, 2004.

AK Steel did not hear from Plaintiffs again about discovery or class certification issues until November 18, 2004, when Sanford sent a letter requesting data (most of which had already been provided) and then on November 19, 2004, when Bob Childs of the Birmingham, Alabama firm of Wiggins, Childs informed Greg Rogers by telephone that Barry Frederick of his firm, one of at least seven lawyers representing Plaintiffs, had, unfortunately, suffered a stroke the day before. (Rogers Dec. ¶ 9)

In response, AK Steel offered Plaintiffs a four week extension of the class certification deadline in light of this circumstance. (*Id.*) Plaintiffs, however, took this opportunity to request additionally an extension of the class discovery and expert report deadlines that had passed months and months prior to this unfortunate episode. AK Steel agreed to moving the class certification deadline that had not passed, but it would not agree to moving deadlines that had passed so long ago. The instant motion ensued.

III. ARGUMENT

   A. Under the Federal Rules, A Schedule May Not Be Modified In The Absence of Good Cause.

Federal Rule of Civil Procedure 16(b) provides that a "schedule shall not be modified except upon a showing of good cause." Plaintiffs have identified no good cause to modify the scheduling order other than the class certification deadline to which AK Steel has already readily agreed.

### B. Mr. Frederick's Recent Medical Situation Does Not Explain The Request To Extend Expired Deadlines.

Mr. Frederick's unfortunate stroke,[4] that occurred months *after* both the class discovery deadline and the expert deadline passed, did not have any impact on Plaintiffs' failure to comply with those deadlines. The four week extension of time for the class certification motion readily agreed to by AK Steel should accommodate any hardship created by Mr. Frederick's condition on Plaintiffs' many other lawyers, four of whom are listed on the pleadings.

### C. Plaintiffs' Lack Of Discovery Is Not Good Cause To Extend Deadlines A Fourth Time.

Plaintiffs' claim, six months after the close of class discovery, that they have not received unspecified discovery from AK Steel, does not constitute good cause to extend deadlines for a fourth time. Plaintiffs' decision not to obtain discovery during the 29 months this case has been pending highlights a dilatory approach to this case. These excuses do not amount to "good cause."

#### 1. Plaintiffs Never Filed A Motion To Compel.

Although Plaintiffs now claim that AK Steel has not produced requested discovery, Plaintiffs have never filed a motion to compel or asked this Court for a discovery conference. Plaintiffs did not even object to AK Steel's discovery responses until 18 months after they were served and just five days before the close of discovery in May of 2004  At that time, AK Steel responded to Plaintiff's alleged concerns. If Plaintiffs believed they were entitled to additional discovery, their proper recourse was to file a motion to compel or seek a discovery conference

---

[4] The undersigned is quite sympathetic to Mr. Frederick's condition after having suffered a stroke (transient ischemic attacks) himself earlier this year. But, it is difficult to understand how this unfortunate event should justify extension of deadlines that expired months before this circumstance.

with the Court before the close of class discovery. They cannot now use their alleged lack of discovery as an excuse to expand expired class discovery deadlines.

### 2. Plaintiffs' Pending Motions Have Not Prevented Them From Conducting Discovery.

This Court's January 21, 2004 Order on the Title VII claims and Plaintiffs' subsequent motions on February 4, 2004 seeking to add Title VII claims also do not excuse Plaintiffs' failure to obtain discovery during the twice-extended discovery period. Plaintiffs claim that because their motions were pending, AK Steel has refused to provide Plaintiffs with discovery regarding the Title VII claims (in particular "computerized information related to the workforce at AK Steel"). This is not so. Plaintiffs informally asked for the data base information in November of 2004 and this information was produced in an Excel spreadsheet on December 7, 2004. (Rogers Dec. ¶ 6) Further, AK Steel responded to Plaintiffs' discovery requests two years ago on November 27, 2002, more than one year before the Court's January 21, 2004 Order. Plaintiffs never objected or raised any issue with respect to any of AK Steel's objections or responses until May 26, 2004, days before the (twice-extended) discovery deadline and four months after this Court had identified the absence of a Title VII claim. (Rogers Dec. ¶ 7) Even then, no motion to compel was filed.

Even if Plaintiffs believed the pending Title VII-related motions were preventing them from obtaining discovery, the pendency of these motions does not explain why Plaintiffs waited so long to raise lack of discovery as an issue. Plaintiffs' Title VII motions were filed ten months ago, four months before the class discovery period expired, yet Plaintiffs waited six additional months after the deadline had passed before moving to extend the discovery deadline. Plaintiffs did not even move to extend the discovery deadline in conjunction with the agreed motion to extend the expert deadline in July 2004. (Doc. # 39) If the pending motions created an issue

with respect to discovery, Plaintiffs should have raised this issued before the discovery deadline passed, not six months later.

        3.    AK Steel's Financial Situation Did Not Prevent Discovery.

Plaintiffs' attempt to base their lack of diligence on AK Steel's financial situation also fails. Plaintiffs state that although they accepted AK Steel's alleged refusal to produce statistical data at the time based on AK Steel's financial situation, now (six months after the close of discovery) they have changed their minds because AK Steel has begun to improve financially. (And AK Steel has in fact now produced the data at Plaintiffs' request.) AK Steel's financial situation was discussed with Plaintiffs during settlement negotiations. It had nothing to do with AK Steel's alleged decision to produce "statistical data".[5] In fact, AK Steel has shared with Plaintiffs, during settlement negotiations, its own statistical analysis created for purposes of this litigation. (Rogers Dec. ¶ 6) AK Steel long ago produced the hundreds of thousands of necessary documents by which Plaintiffs could have created their own statistical analysis. (*Id.*) AK Steel's financial condition never prohibited Plaintiffs from conducting discovery.

        4.    The Parties' Settlement Discussions Did Not Prevent Discovery.

Nor have the parties' settlement discussions prevented Plaintiffs from obtaining discovery or moving this Court prior to the discovery deadline to compel discovery or for an extension of discovery. Plaintiffs did neither. The parties never agreed to stay discovery during their settlement discussions. (Rogers Dec. ¶ 7) To the contrary, Sanford stated in his e-mail of

---

[5]     AK Steel did not avoid or evade any obligation under the Federal Rules of Civil Procedure due to its alleged financial situation. In fact, AK Steel produced 200,000 documents to Plaintiffs at a cost of over $13,000, which remains unreimbursed.

May 26, 2004 that Plaintiffs would "proceed with parallel litigation and negotiation tracks" and they would file a motion to compel if necessary. (*Id.* ¶ 7, Ex. 1)  Plaintiffs knew the proper course to take if they truly needed discovery.  Plaintiffs chose not to follow this course.  Their belated attempt to evade the Court's expired deadlines now, after 29 months of dilatory behavior by Plaintiffs, should not be rewarded.

>       D.      Plaintiffs' Request To Extend Discovery And Expert Deadlines
>               Months After They Expired Is Untimely.

Missing from Plaintiffs' excuses as to why they have not obtained discovery is any satisfactory explanation for why they waited six months after the close of class discovery to raise these issues with the Court or seek an extension.  Regardless of whether Plaintiffs would have "good cause" to extend the class discovery and expert deadlines if the request had been made timely, which, as demonstrated above, they do not, Plaintiffs do not have "good cause" now.  Plaintiffs waited six months after the discovery deadline expired and three months after the expert deadline expired to file any request for an extension.  Plaintiffs sat on any rights they might have had and now ask this Court to countenance their dilatory tactics and disregard for the Court-ordered schedule and procedures.

Plaintiffs' request is untimely.  Courts have repeatedly rejected similar requests made by plaintiffs much more diligent than those in this case. *See, e.g., Woods v. McGuire*, 954 F.2d 388, 391 (6th Cir. 1992) (district court properly denied request for extension of discovery period where plaintiff had had ample opportunity to conduct discovery, including two prior extensions); *Mallory v. Noble Correctional Institute*, 45 Fed. Appx. 463, 468 (6th Cir. 2002) (motion to extend discovery made after close of discovery properly denied).  *See also Majewski v. Automatic Data Procesing, Inc.*, 274 F.3d 1106, 1114 (6th Cir. 2001) ("Where the full period for pre-trial discovery has run its course, a party should generally be precluded from re-opening

discovery months after it has closed in a last-ditch attempt to salvage a deficient claim of defense"); *Boyd v. Bressler*, 18 Fed. Appx. 360, 367 (6th Cir. 2001) (motion to extend discovery properly denied where plaintiff was dilatory in his discovery efforts).

Plaintiffs' extremely dilatory tactics in this case should not be countenanced. "Discovery should not be extended when a party has an ample opportunity to pursue the evidence during discovery." *Harris v. Computer Assoc. Intern, Inc.*, 204 F.R.D. 44, 45 (E.D.N.Y. 2001). *See also Lake v. Fairview Nursing Home, Inc.*, 151 F.3d 1033 (Table) (7th Cir. 1998) (trial court properly denies request for extension of discovery "when a party fails to secure discoverable evidence due to his own lack of diligence").

Plaintiffs cannot continue this litigation ad infinitum while they sit idly by. After 29 months and three prior extensions, Plaintiffs do not have good cause to extend the class action deadlines again.

### E.   Plaintiffs' Delay Prejudices The Company.

Plaintiffs' lawsuit has been pending for 29 months. AK Steel has the right to have these meritless class claims dismissed. The Federal Rules of Civil Procedure recognize the prejudice that can occur by having unsupported class allegations languish and therefore require that the Court determine whether to certify the action as a class action "at an early practicable time."[6] Fed. R. Civ. P. 23(c)(1)(A). AK Steel, a publicly traded company, must report the pendency of the class claims in its 10-K filings even though there is no merit to the claims of class-wide discrimination. The delay in this case prejudices the Company's ability to remove that disclosure and be rid of the class-wide claims, which are meritless. If Plaintiffs can certify a

---

[6]   The local rules note that normally the party asserting a class action shall move for certification within **120 days** after filing the pleading asserting the existence of a class. Local Rule 23.3.

class, let them make such a motion now (or four weeks from now as offered by the Company). But if Plaintiffs cannot certify a class (and the Company believes they cannot), these class allegations should be dismissed.

IV. <u>CONCLUSION</u>

For each and all of the foregoing reasons, Defendant AK Steel Corporation respectfully requests that Plaintiffs' Motion be denied.

                        Respectfully submitted,

                        s/ Gregory Parker Rogers
                        Lawrence J. Barty (0016002)
                        Gregory Parker Rogers  (0042323)
                        Patricia Anderson Pryor (0069545)
                        Taft, Stettinius & Hollister LLP
                        425 Walnut Street, Suite 1800
                        Cincinnati, OH   45202
                        (513) 381-2838
                        (513) 38l-0205 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on December 8, 2004 using the Court's CM/ECF system, which will send notice of this filing to Susan Donahue, Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama 35203, Paul H. Tobias and David Kammer, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202 and David Sanford, Sanford, Wittels & Heisler, L.L.P., 2121 K Street, N.W., Suite 700, Washington, D.C. 20037

   s/ Gregory Parker Rogers
Lawrence J. Barty (0016002)
Gregory Parker Rogers (0042323)
Patricia Anderson Pryor (0069545)
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
(513) 381-2838
(513) 38l-0205 (fax)