UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al. | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | |
| v. | : | Magistrate Judge Hogan |
| | : | |
| AK STEEL CORPORATION | : | DECLARATION OF GREGORY |
| | : | PARKER ROGERS |
| Defendant. | : | |
| | : | |

I, Gregory Parker Rogers, state that I am competent to testify if called and further state that the following facts are true to the best of my knowledge, based upon my independent personal knowledge.

1.      I am a partner at the law firm of Taft, Stettinius & Hollister LLP.  I represent AK Steel Corporation in the above-referenced matter.

2.      On October 29, 2002, Plaintiffs served AK Steel with their first and only discovery request, a request for production of documents.  On November 27, 2002, AK Steel timely served Plaintiffs with responses to the document requests.

3.      AK Steel produced approximately 200,000 pages of responsive documents to this discovery request.

4.      Through discussions I had with David Sanford, lead counsel for Plaintiffs, in November of 2003, we agreed to move jointly to extend the class discovery and class

certification motion deadlines to March 1, 2004 and December 5, 2004, respectively, from the Court's original schedule.

5.     In February 2004, a week before the close of class discovery, Plaintiffs asked for a second extension of time and AK Steel agreed to extend class discovery and expert report deadlines for the second time. We agreed to move class discovery until June 1, 2004 and expert deadlines until July 1, 2004.

6.     We paid for an outside vendor to create a database, from the thousands of pages of documents that AK Steel produced, of two years worth of applications to the Middletown Works. An analysis of this database showed that AK Steel hired African Americans at a rate that substantially exceeds the availability of African Americans in the relevant hiring pool. The data showed there is no statistically significant difference in the number of African Americans who applied for hire versus those who were hired. Summaries of this data were shared with Plaintiffs in June of 2004 for settlement purposes only. On November 19, 2004, Plaintiffs requested the underlying data supporting these summaries and this data was produced to them on December 7, 2004 for settlement purposes only.

7.     On May 26, 2004, Plaintiffs for the first time expressed concern about AK Steel's responses to Plaintiffs' discovery requests. I held telephone conferences with Plaintiffs' counsel, David Sanford, David Kammer of Tobias, Kraus & Torchia and also a representative of the Birmingham firm of Wiggins, Childs, on May 27 and May 28 about discovery and settlement. The parties never agreed to stay discovery during their settlement discussions. E-mails between Mr. Sanford and me are attached as Exhibit 1. AK Steel responded to Plaintiffs' concerns about discovery. AK Steel also agreed to produce and did produce additional documents requested by

Plaintiffs. Even after discovery closed, AK Steel produced job descriptions, job progression lines and, for settlement purposes only, its own summary and analysis of thousands of applications that it had earlier produced, which AK Steel had prepared for this litigation.

8.    On June 16, 2004, a settlement conference was held in Cincinnati, attended by David Sanford, Grant Morris, Barry Frederick, Paul Tobias and David Kammer on behalf of Plaintiffs and by Lawrence Barty and me on behalf of AK Steel. While these settlement talks were ongoing, AK Steel once again agreed on July 1, 2004 to a joint motion to extend Plaintiffs' expert report deadline until September 1, 2004. AK Steel did not agree to extend class-wide discovery, which deadline had already passed by that time.

9.    AK Steel did not hear from Plaintiffs again about discovery or class certification issues until November 18, 2004, when Sanford sent a letter requesting data (much of which had been provided earlier) and then on November 19, 2004, when Bob Childs of the Birmingham, Alabama firm of Wiggins, Childs, informed me by telephone that Barry Frederick of his firm, one of at least seven lawyers representing Plaintiffs, had, unfortunately, suffered a stroke the day before. This was obviously a very unfortunate circumstance for Mr. Frederick, and I was quite sympathetic, having experienced transient ischemic attacks, a mini-stroke, earlier this year. AK Steel offered Plaintiffs a four week extension of the class certification deadline in light of the circumstances. But, Plaintiffs, at this time, also sought extension of the long expired class discovery and expert report deadlines. Mr. Frederick's stroke could not be used as a reason to resuscitate these. Further, the claim that the pendency of Plaintiffs' Title VII motion justifies their failure to name an expert is nonsense. Plaintiffs were aware of this issue for months before the expert deadline passed, but they did nothing related to an expert prior to the expiration of that deadline.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December __8__, 2004.

_____
Gregory Parker Rogers

## Rogers, Gregory P.

| | |
|---|---|
| **From:** | David Sanford [dsanford@davidsanford.com] |
| **Sent:** | Wednesday, May 26, 2004 2:14 PM |
| **To:** | Rogers, Gregory P. |
| **Cc:** | 'Eric Bachman'; 'Susan G. Donahue'; 'Barry V. Frederick'; rlw@wcqp.com; 'Dian Jernigan' |
| **Subject:** | Motion to Compel |

Greg:

This email memorializes our conversation moments ago. You said that your client, AK Steel, is interested in pursuing settlement discussions the week of June 14. Plaintiffs have agreed to do that. Plaintiffs have proposed to extend discovery deadlines two months. You informed me today that your client would not agree to extend deadlines, despite their being no prejudice to your client by any such extension.

Plaintiffs will proceed with parallel litigation and negotiation tracks. To that end, Plaintiffs will file a motion to compel, given AK Steel's inadequate discovery responses. Plaintiffs reserve the right to take depositions of AK Steel representatives once the motion to compel is resolved by the court.

Given everyone's availability on June 16, which was one of the days you proposed, can we confirm that date as the date we will meet in Cinn to attempt to negotiate a settlement?

David

**EXHIBIT**

|

PENGAD 800-631-6989

12/1/2004

## Rogers, Gregory P.

**From:** David Sanford [dsanford@davidsanford.com]

**Sent:** Wednesday, May 26, 2004 4:20 PM

**To:** Rogers, Gregory P.

**Cc:** 'Eric Bachman'; 'Susan G. Donahue'; lgoldblatt@davidsanford.com; dgraddon@davidsanford.com; 'grant morris'; 'Barry V. Frederick'

**Subject:** RE: Motion to Compel

Greg:

We are free tomorrow to attempt to resolve the dispute concerning your inadequate discovery responses.  Does 4 p.m. work for you?

David

> -----Original Message-----
> **From:** Rogers, Gregory P. [mailto:Rogers@TAFTLAW.com]
> **Sent:** Wednesday, May 26, 2004 3:48 PM
> **To:** David Sanford
> **Subject:** RE: Motion to Compel
>
> David,
>
> June 16 is fine for mediation.  I suggest 9:00 a.m. that day in my office.  Please advise if that works for you.
>
> It would be most helpful if we could have a written proposal from you several days in advance of that meeting.
>
> With regard to discovery, I do not believe that extra-judicial efforts to resolve any dispute have been exhausted.  Our response to your discovery was served in November of 2002 -- more than 18 months ago.  In the meantime, we have had virtually no discussion about what you believe to be problems with our response.  We remain willing to discuss whatever problem you think exists.
>
> On a related note, you still owe us $13,005.92 for the more than 150,000 pages of documents that we have produced already.  Please let us know when we will receive payment for this.
>
> Greg
>
> > -----Original Message-----
> > **From:** David Sanford [mailto:dsanford@davidsanford.com]
> > **Sent:** Wednesday, May 26, 2004 2:14 PM
> > **To:** Rogers, Gregory P.
> > **Cc:** 'Eric Bachman'; 'Susan G. Donahue'; 'Barry V. Frederick'; rlw@wcqp.com; 'Dian Jernigan'
> > **Subject:** Motion to Compel
> >
> > Greg:
> >
> > This email memorializes our conversation moments ago.  You said that your client, AK Steel, is interested in pursuing settlement discussions the week of June 14.  Plaintiffs have agreed to do that.  Plaintiffs have proposed to extend discovery deadlines two months.  You informed me today that your client would not agree to extend deadlines, despite their being no prejudice to your client by any such extension.

Plaintiffs will proceed with parallel litigation and negotiation tracks.  To that end, Plaintiffs will file a motion to compel, given AK Steel's inadequate discovery responses.  Plaintiffs reserve the right to take depositions of AK Steel representatives once the motion to compel is resolved by the court.

Given everyone's availability on June 16, which was one of the days you proposed, can we confirm that date as the date we will meet in Cinn to attempt to negotiate a settlement?

David

## Rogers, Gregory P.

**From:**   Rogers, Gregory P.
**Sent:**   Wednesday, May 26, 2004 4:25 PM
**To:**     'David Sanford'
**Subject:** RE: Motion to Compel

While I don't believe the responses are inadequate, I am available at 4:00 and look forward to your call.

> -----Original Message-----
> **From:** David Sanford [mailto:dsanford@davidsanford.com]
> **Sent:** Wednesday, May 26, 2004 4:20 PM
> **To:** Rogers, Gregory P.
> **Cc:** 'Eric Bachman'; 'Susan G. Donahue'; lgoldblatt@davidsanford.com; dgraddon@davidsanford.com;
> 'grant morris'; 'Barry V. Frederick'
> **Subject:** RE: Motion to Compel
>
> Greg:
>
> We are free tomorrow to attempt to resolve the dispute concerning your inadequate discovery responses.
> Does 4 p.m. work for you?
>
> David
>
>> -----Original Message-----
>> **From:** Rogers, Gregory P. [mailto:Rogers@TAFTLAW.com]
>> **Sent:** Wednesday, May 26, 2004 3:48 PM
>> **To:** David Sanford
>> **Subject:** RE: Motion to Compel
>>
>> David,
>>
>> June 16 is fine for mediation.  I suggest 9:00 a.m. that day in my office.  Please advise if that works
>> for you.
>>
>> It would be most helpful if we could have a written proposal from you several days in advance of
>> that meeting.
>>
>> With regard to discovery, I do not believe that extra-judicial efforts to resolve any dispute have
>> been exhausted.  Our response to your discovery was served in November of 2002 -- more than
>> 18 months ago.  In the meantime, we have had virtually no discussion about what you believe to
>> be problems with our response.  We remain willing to discuss whatever problem you think exists.
>>
>> On a related note, you still owe us $13,005.92 for the more than 150,000 pages of documents that
>> we have produced already.  Please let us know when we will receive payment for this.
>>
>> Greg
>>
>>> -----Original Message-----
>>> **From:** David Sanford [mailto:dsanford@davidsanford.com]
>>> **Sent:** Wednesday, May 26, 2004 2:14 PM
>>> **To:** Rogers, Gregory P.
>>> **Cc:** 'Eric Bachman'; 'Susan G. Donahue'; 'Barry V. Frederick'; rlw@wcqp.com; 'Dian
>>> Jernigan'
>>> **Subject:** Motion to Compel

12/1/2004

Greg:

This email memorializes our conversation moments ago.  You said that your client, AK
Steel, is interested in pursuing settlement discussions the week of June 14.  Plaintiffs have
agreed to do that.  Plaintiffs have proposed to extend discovery deadlines two months.  You
informed me today that your client would not agree to extend deadlines, despite their being
no prejudice to your client by any such extension.

Plaintiffs will proceed with parallel litigation and negotiation tracks.  To that end, Plaintiffs
will file a motion to compel, given AK Steel's inadequate discovery responses.  Plaintiffs
reserve the right to take depositions of AK Steel representatives once the motion to compel
is resolved by the court.

Given everyone's availability on June 16, which was one of the days you proposed, can we
confirm that date as the date we will meet in Cinn to attempt to negotiate a settlement?

David

## Rogers, Gregory P.

From:     Rogers, Gregory P.
Sent:     Friday, May 28, 2004 4:54 PM
To:       'David Sanford'
Subject:  RE: Meet and Confer

David, with respect to depositions, we agreed to accept your letter in lieu of requiring you to serve formal notices of depositions. Whether plaintiffs have the right to take depositions after the cutoff for class discovery is a matter to be addressed only if the settlement conference is not successful. Further, were plaintiffs permitted to take depositions, AK Steel reserves the right to object to certain of his proposed deponents -- also a matter to be addressed only if 6/16 meeting does not result in settlement.

With regard to our discussions of May 27 and 28, 2004 concerning the responses to document requests served by AK Steel eighteen months ago on November 27, 2002, I have a number of issues with your descriptions, including the fullness of the reasons why we stated objections, which will be expressed in writing in the letter we send to you next week with the additional documents we agreed to produce. The principal item, though, is that since you do not have a Title VII claim, we fail to see the relevance of the pre-employment test, the test validation studies, the affirmative action plans, and the HRIS system. I told you with respect to each item that we would reconsider this objection if you could show us any Section 1981 case involving similar claims where similar documents were required to be produced. You have not cited us a single such case. We also said we would reconsider our objection if the court allowed you to plead a Title VII claim.

We will send to Dave Kammer the documents next week, except for the job descriptions and lines of progression, which we will endeavor to produce the following week.

I trust that you too have a restful holiday weekend. We look forward to seeing you on the 16th.

Greg

>        -----Original Message-----
>        **From:** David Sanford [mailto:dsanford@davidsanford.com]
>        **Sent:** Friday, May 28, 2004 3:42 PM
>        **To:** Rogers, Gregory P.
>        **Cc:** grantemorris@hotmail.com; 'Susan G. Donahue'; 'Eric Bachman'; rlw@wcqp.com; 'Dian Jernigan';
>        rfc@wcqp.com; 'Barry V. Frederick'; lgoldblatt@davidsanford.com; dgraddon@davidsanford.com
>        **Subject:** Meet and Confer
>
>        Greg:
>
>        This email memorializes plaintiffs' understanding of our meet and confer held yesterday and
>        today.
>
>        In light of the outstanding discovery issues raised by plaintiffs, and in light of the parties'
>        commitment to engaging in good faith settlement talks in Cincinnati, Ohio beginning at 10 a.m. in
>        your office on June 16, 2004, you agreed that plaintiffs need not serve notices of depositions for
>        the individuals and designees listed in plaintiffs' October 10, 2003 correspondence. Instead, you
>        agreed that a short one paragraph note to you would be sufficient to preserve plaintiffs' right to
>        take depositions after settlement talks on June 16 (should such depositions remain necessary).
>        Here is that note, albeit slightly longer than one paragraph.
>
>                Plaintiffs will take the 30(b)(6) deposition of the designated corporate
>        representative of Defendant relating to the organizational structure of the

Defendant: (a) the present and past organizational, management, and supervisory structure of the Defendant; and (b) the present and past organizational and management structure of the Human Resources Department or comparable entity.

Plaintiffs will take the 30(b)(6) deposition of the designated corporate representative of Defendant relating to hiring by the Defendant: (a) all systems, methods, and procedures for determining and making personnel decisions regarding hiring, recruiting, interviewing, applicant (or applicant qualification) evaluation or assessments, hiring selection processes or criteria, and any apprenticeship or similar program throughout and within AK Steel; (b) all decisions by AK Steel to hire or not hire any person since January 1, 1997; (c) each and every system, method or procedure at AK Steel for compiling, tracking, memorializing, measuring, or otherwise recording hiring and/or recruiting efforts, applicant flow system(s), applicant data base(s), interviewing and/or recruiting techniques or training, interview and/or recruiting record keeping, and interviewer and/or recruiter effectiveness or performance since January 1, 1997; (d) all efforts to enhance, promote, or maintain racial diversity through any of the systems, procedures, and/or decisions described in (a) through (c), above, including, but not limited to, affirmative action.

In addition to the 30(b)(6) depositions, above, Plaintiffs intend to take the deposition of (a) Howard Anastasia; (b) Michael Lehman; (c) Dick Boehm; (d) Brenda Harmon;(e) Dale Gerber; (f) George Armor; (g) Phyllis Short; (h) Jessica Hicks; (i) Lucy Gibson; and (j) Susan Lester.

In the event the parties are unable to successfully negotiate a settlement, plaintiffs will proceed with these depositions (and possibly others) after the court rules on plaintiffs' motion to compel.

With respect to plaintiffs' document requests, the following represents our understanding of the results of the meet and confer.

#1:  Defendant will produce documents responsive next week.

#2:  Defendant will produce documents responsive next week, including Defendant's EEO policy and drug testing policies.

#3:  Defendant changed its position from its stated position of yesterday. Instead of producing responsive documents subject to a confidentiality agreement, Defendant's current position is that is will produce anything given (1) its understanding of the court's ruling with respect to Title VII claims; and (2) its understanding of U. S. Supreme Court law.

#4:  Defendant will produce documents responsive next week.

#5:  Defendant will produce documents responsive next week.

#6:  Defendant will produce documents responsive in two weeks, including lines of progression charts and job descriptions.

#7:  Defendant's current position is that is will produce anything given (1) its

understanding of the court's ruling with respect to Title VII claims; and (2) its understanding of U. S. Supreme Court law.

#8:  Defendant will produce documents responsive next week.

#9:  Defendant will not produce tests in the applications.

#10.  Defendant will produce documents responsive next week.

#11.  Defendant will produce copies of plaintiffs' applications and/or will produce to plaintiffs a bates range of responsive documents next week.

#12:  Defendant claims it has produced all responsive documents, but continues to check and will supplement if appropriate.

#13:  Defendant will not produce documents and will provide a privilege log.

#14:  Defendant will not produce affirmative action reports.

#15:  Defendant has a computerized data base, but considers it irrelevant to Section 1981 claims.

#16:  Defendant has documents, but considers them irrelevant to Section 1981 claims.

#17:  Defendant will not produce documents and will provide a privilege log.

#18:  Defendant will not produce documents and will provide a privilege log.

#19:  Defendant will not produce documents and will provide a privilege log.

#20:  Defendant will produce investigative files associated with discrimination complaints, but will not produce information regarding lawsuits or charges.

#21:  Defendant maintains that plaintiffs have all responsive documents, but that the HR manager has been tasked with continuing to produce any other documents that may be responsive to this request.

#22:  Defendant has produced the EEO-1 reports since 2001, but will not produce reports from January 1, 1995 through 2000.

#23:  Defendant will produce investigative files associated with discrimination complaints, but will not produce information regarding lawsuits or charges.


If the above is not an accurate memorialization, please let me know by 5 p.m. EST today so that we discuss and correct any misunderstanding.

Plaintiffs look forward to receiving responsive documents to the above agreed upon requests by next week (and, with respect to #6, above, within two weeks), and look forward to meeting with you on June 16 at 10 a.m. in your office.

Have a restful Memorial Day weekend.

David Sanford