UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. C-1-02-467 |
| | ) | Judge Beckwith |
| AK STEEL CORPORATION, | ) | Magistrate Judge Hogan |
| | ) | |
|    Defendant. | ) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFFS' MOTION TO EXTEND
ALL CLASS ACTION DEADLINES**

**I.    THE DEFENDANT HAS DENIED DISCOVERY ON PLAINTIFFS' TITLE VII CLAIMS PENDING THIS COURT RULING THAT PLAINTIFFS HAVE SUCH CLAIMS.**

Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part, that "[p]arties may obtain discovery regarding any matter . . . that is relevant to the claim . . . of the party . . . ." As indicated in the email of May 28, 2004 from defense counsel to plaintiffs' counsel, appended in Exhibit 1 to Defendant's Opposition to Plaintiffs' Motion to Extend All Class Action Deadlines (Doc. no. 42) (hereinafter "Opposition to Extension"), as well as other correspondence between defense counsel and Plaintiffs' counsel provided in the Plaintiff's Motion to Extend All Class Action Deadlines (Doc. no. 41) (hereinafter "Motion to Extend") filed on December 8, 2004, the Defendant has explicitly, and on more than one occasion, refused discovery regarding Plaintiffs' Title VII claims. Defense counsel states in its email of May 28, 2004, as follows:

> [S]ince you do not have a Title VII claim, we fail to see the relevance of the pre-employment test, the test validation studies, the affirmative action plans, and the HRIS system. I told you with respect to each

1

> item that we would reconsider this objection if you could show us any Section 1981 case involving similar claims where similar documents were required to be produced. You have not cited us a single such case. **We also said we would reconsider our objection if the court allowed you to plead a Title VII claim**. (emphasis added)

(*See* email from defense counsel to Plaintiffs' counsel dated May 28, 2004 included in Exhibit 1 to Declaration of Gregory Parker Rogers, attached to Defendant's Opposition to Extension. *See also* Attachment "A" to Plaintiffs' Motion to Extend, which is a letter from Gregory Parker Rogers to David Sanford dated June 4, 2004, in which the defendant refuses to produce discovery pertinent to Plaintiffs' Title VII claims because this Court has not ruled that the Plaintiffs have such claims.)

What the Defendant does not acknowledge in its Opposition to Extension, is that this Court has not yet ruled on the Plaintiffs' pending Motion to Amend so as to cure any deficiencies that this Court may have initially found in the Plaintiffs' pleading of their Title VII claims and that this procedural aspect has been the basis for the Defendant's consistent refusal to produce discovery regarding the Plaintiffs' Title VII claims, including discovery necessary for the Plaintiffs' class allegations, as indicated *supra*. Indeed, the Defendant relegates this important aspect of this case to a dismissive footnote in its Opposition to Extension, completely ignoring that the Plaintiffs have concurrently requested that this Court rule on the Plaintiffs' pending Motion to Amend which is inextricably tied to the Plaintiffs' Request for Extension of Class Deadlines.

On January 22, 2004, this Court entered an Order denying the Defendant's Motion to Dismiss and Motion for Summary Judgment finding that the Plaintiffs had not pled a Title VII claim in their Amended Complaint. Although this Court initially granted Plaintiffs' leave to amend their Complaint (Doc no. 33) on April 8, 2004, such leave was withdrawn on when this Court granted Defendant's request to respond to the Plaintiffs' motions (Doc. no. 34). The Defendant subsequently

responded on May 17, 2002 (Doc. nos. 35 and 36), and the Plaintiffs replied in turn on June 1, 2004 (Doc nos. 37 and 38). While these motions have been pending, the Plaintiffs have continued to seek discovery regarding their Title VII class and individual claims, and the Defendant has continually denied any such discovery. (Exh. 1 to Declaration of Rogers and Attachment "A" to Plaintiffs' Motion to Extend.) Given the Defendant's responses to Plaintiffs' requests for Title VII discovery, i.e., that they would not produce discovery on this claim unless and until the Court ruled on the Plaintiffs' Motion to Amend its Complaint, and the procedural posture of this case, the Plaintiffs have had no basis upon which to file a Motion to Compel this discovery.

In *Janikowski v. Bendix Corporation*, 823 F.2d 945 (6th Cir. 1987), the Sixth Circuit overturned the denial of a Motion to Amend a Complaint and extended discovery so that the plaintiff could complete discovery on the claim that had been added. Janikowski had filed for leave to amend his complaint within the deadline for such motions, but the district court had granted summary judgment as to the claims pled without considering the Motion for Leave to Amend or the plaintiff's request for Extension of Discovery on the new claim. Then, four months later, the district court denied the plaintiff's Motion for Leave to Amend. In overturning the district court's denial of the plaintiff's Motion for Leave to Amend, the Sixth Circuit re-iterated that "there must be at least some significant showing of prejudice to the opponent if the motion [to amend the Complaint] is to be denied." *Id.* at 951 (internal citation omitted). Concurrent with overturning the district court's denial of the Motion for Leave to Amend, the Sixth Circuit granted the plaintiff discovery on the claim added to the complaint. *Id.* at 952. Similarly, in the case at bar, there has been no significant showing of prejudice by the Defendant so as to deny the pending Motion to Amend, and once the Title VII claim is added, the Plaintiffs' Motion to Extend Class Action Deadlines to allow discovery regarding this new claim is also due to be granted. *See also Baker v. Wells*, 221 F. 3d 1333, 2000

WL 923554 at *2 (6th Cir. 2000) (overturning district court's denial of a Motion to Amend when the first notice the plaintiff had that his prayer for relief was defective was the magistrate judge's report recommending summary judgment in favor of the defendant); *Perfection Corporation v. Dresser Industries, Inc.,* 641 F.Supp. 782 (W.D Pa. 1986) (allowing plaintiffs' Motion to Amend and To Extend Discovery where defendant only opposed the plaintiffs' Motions because discovery had already been extended six times and plaintiff had amended its complaint twice).

The cases cited by the Defendant in support of its opposition to the Plaintiffs' Motion to Extend Class Discovery are distinguishable from the instant case. In *Woods v. McGuire*, 954 F.2d 388 (6th Cir. 1992), additional time for discovery was denied where the plaintiff sought discovery regarding an issue (the scope of employment) which had been an element of the plaintiff's claim all along, not, as in the instant case, a controversy over what claims had been pled by the plaintiff to start with. Moreover, unlike this case, there had been no discussions during which the parties asked for extensions of deadlines. In *Mallory v. Noble Correctional Institute*, 45 Fed. Appx. 463 (6th Cir. 2002), an extension of the discovery period was denied where the plaintiff argued that she had delayed asking for certain discovery because she was waiting for her right-to-sue letter from the EEOC. Furthermore, the court noted that there was no evidence that the defendant had not timely responded to the plaintiff's earlier discovery requests. In the instant case, there is evidence that the Defendant has not timely responded to the Plaintiffs' discovery request based on its argument that this Court has not yet recognized the Plaintiffs' Title VII claims. Indeed, waiting for a court to determine which claims have been properly pled, is according to Fed. R. Civ. P. 26(b)(1), a prerequisite for the conducting of discovery regarding such claims. As the *Mallory* court noted, the receipt of a right-to-sue letter is merely a condition precedent to suit and does not create a jurisdictional question regarding suit, as is the circumstances in the instant case. *Mallory* sheds no

light on the instant case. In *Majewski v. Automatic Data Processing, Inc.,* 274 F.3d 1106 (6th Cir. 2001), the plaintiff was denied the right to reopen discovery after the defendant filed its summary judgment motion because there was no support for the plaintiff's assertion that additional discovery was likely to produce relevant evidence. The situation is entirely different in the instant case where the Court has put into question whether the Plaintiffs' have pled Title VII claims, and the defendant has refused any discovery regarding those claims during the pendency of the Court's deliberation. In *Boyd v. Bressler,* 18 Fed. Appx. 360 (6th Cir. 2001), the court refused the plaintiff's request to re-open discovery because there had been no discovery requests until two weeks before discovery was due to end, and the plaintiff did not identify to the court how the information sought was essential to the litigation of his claims. Obviously, *Boyd* is quite different from the case at bar where the Plaintiffs have made discovery requests long ago that are essential to the litigation of their claims, and the Defendant has denied such requests based on pending motions before this Court. In *Harris v. Computer Associates International,* 204 F.R.D. 44 (E.D.N.Y. 2001), the court denied the re-opening of discovery where the depositions requested would have been cumulative of evidence already gathered by the plaintiff. This situation is wholly unlike the instant case where the discovery the Plaintiffs seek is clearly not cumulative. Finally, in *Lake v. Fairview Nursing Home, Inc.*, 151 F.3d 1033 (7th Cir. 1998), the court denied the re-opening of discovery because the Plaintiff had not initiated discovery at all until a week before the cut off date. This is certainly not the case at hand where Plaintiffs initiated discovery long ago, but such discovery was at first mutually extended because of settlement talks, and the Defendant then denied production because of pending motions concerning whether the Plaintiffs had properly pled their Title VII claims. None of the cases cited by the Defendant are dispositive of this case, and, in fact, are easily distinguishable from it.

The Plaintiffs' Motion to Extend Class Deadlines is inextricably intertwined with their

request for a ruling on their pending Motion to Amend/Correct Complaint, as argued in the Plaintiffs' Motion to Extend. The Defendant attempts to draw the Court's attention away from this interconnected circumstance by restricting its response to the Plaintiffs' Motion to Extend and not the relationship of said Motion to the Court's pending rulings on Plaintiffs' related motions. Case law in this Circuit and in other circuits make it clear that, under these circumstances, Plaintiffs' Motion to Amend/Correct its Complaint is due to be granted so as to remove any grounds under Fed. R. Civ. P. 26(b)(1) for the Defendant to refuse to produce the Plaintiffs' requested discovery, and that once this occurs, discovery should be permitted to the Plaintiffs on those claims.

## II.  ON-GOING SETTLEMENT NEGOTIATIONS HAVE EXTENUATED THE PLAINTIFFS' NEED FOR EXTENSION OF CLASS ACTION DEADLINES.

Settlement negotiations between the parties, which were held in Cincinnati on June 16, 2004, have also complicated the Plaintiffs' efforts to obtain discovery regarding their class action claims. As the Defendant states in its Opposition to Extension, on November 12, 2003, the parties jointly moved to extend class discovery deadlines because settlement negotiations were underway. Opposition to Extend at 3. It was only after the dispute arose over whether the Plaintiffs had sufficiently pled their Title VII claims that the Plaintiffs requested extensions based on both on-going settlement negotiations and the Defendant's refusal to produce discovery regarding the Plaintiffs' Title VII claim until the Court had ruled regarding the Plaintiffs' pleading of this claim. Both on-going settlement negotiations and the unresolved question of the Plaintiffs' Title VII claim played a role in the Plaintiffs' need to extend the class action deadlines. At this point, the Plaintiffs require the Court's aide in resolving their discovery dilemma by allowing their Title VII claim to proceed, as has been argued, and extending class deadlines.

## III. PAST EXTENSION OF CLASS ACTION DEADLINES IS NOT RELEVANT TO THE CURRENT CIRCUMSTANCES.

The Defendant attempts to alarm this Court regarding further extensions of discovery on the Plaintiffs' class action claims by dredging up past requests for extensions. However, such past extensions are not relevant to the current circumstances which should rise and fall on their merits.

There will be no prejudice to the Defendant if this Court extends the class action discovery deadlines, and the discovery requested by the Plaintiff is likely to produce relevant evidence regarding the Plaintiffs' Title VII class action claims. Indeed, the Defendant has proven no prejudice to date. Based on the procedural objections advanced by the Defendant and case law in the 6th Circuit, it is clear that the Plaintiffs' Motions are due to be granted. *See Janikowski, supra.*

### IV. PLAINTIFFS HAVE SHOWN GOOD CAUSE FOR THEIR REQUEST TO EXTEND CLASS ACTION DEADLINES.

For the reasons given above, the Plaintiffs have shown good cause, pursuant to Fed. R. Civ. P. 16(b), for its request to extend class action deadlines. The Plaintiffs request for extension of deadlines is predicated in large part on the fact that they have been awaiting a ruling on their pending Motions to clarify whether they have a Title VII claim. During the pendency of these motions, the Defendant has persistently and consistently refused to produce discovery on the plaintiffs' Title VII claims. Such circumstances constitute "good cause shown" as is required by Rule 16(b). The Plaintiffs Motion to Extend Class Action Deadlines is, therefore, due to be granted.

Respectfully submitted,

\_\_\_\_\_s/_____Susan Donahue_____
Susan Donahue (*pro hac vice*)
WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.
The Kress Building
301 19th Street North
BIRMINGHAM, AL 35203

Telephone: (205) 314-0500
Facsimile: (205) 254-1500
sgd@wcqp.com

Paul H. Tobias, OH Bar No. 0032415
David D. Kammer, OH Bar No. 0061808
TOBIAS, KRAUS & TORCHIA
414 Walnut StreetSuite 911 Cincinnati, Oh 45202 Telephone: (513) 241-8137 Facsimile: (513) 241-7863
tkt@tktlaw.com

Mr. David Sanford (*pro hac vice*)
Attorney at Law
SANFORD, WITTELS, & HEISLER, L.L.P.
2121 K St. N.W.
Suite 700
Washington, D.C. 20037
Telephone: 202/942-9124
Fax number: 202/628-8189
dsanford@nydc.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 19, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to:

Gregory Parker Rogers
Lawrence James Barty
Patricia Anderson Pryor
Taft, Stettinius & Hollister,LLP
1800 First Star Tower
425 Walnut Street
Cincinnati, OH 45202

                                                          ____s/Susan Donahue_____
                                                          OF COUNSEL