IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

```
Vivian Bert, et al.,           )
                               )
         Plaintiffs,           ) Case No. 1:02-CV-467
                               )
      vs.                      )
                               )
AK Steel Corporation,          )
                               )
         Defendant.            )
```

O R D E R

      This matter is before the Court on Plaintiffs' motion to alter or amend judgment (Doc. No. 29), motion to file second amended complaint (Doc. No. 30), and motion to extend all class action deadlines (Doc. No. 41). For the reasons that follow, Plaintiffs' motion to alter or amend judgment is **MOOT**; Plaintiffs' motion to file second amended complaint and motion to extend all class action deadlines are well-taken and are **GRANTED**.

      The present series of motions arise because it was not evident to the Court that Plaintiffs' first amended complaint contained claims of race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., on behalf of the group of plaintiffs designated as "the Middletown Plaintiffs." Therefore, when Defendant AK Steel Corporation moved to dismiss the Middletown Plaintiffs' Title VII claims for failure to receive a right-to-sue letter, the Court ruled that

1

the motion was moot because there were no Title VII claims asserted on behalf of these Plaintiffs in the amended complaint. <u>See</u> Doc. No. 26.  Plaintiffs then moved the Court to alter or amend that decision (Doc. No. 29), even though it denied AK Steel's motion, on the grounds that their Title VII claims were sufficiently pled.  Contemporaneously, Plaintiffs filed a motion for leave to file a second amended complaint to correct any pleading deficiencies in their Title VII claims (Doc. No. 30).

      The Court's ruling on AK Steel's motion to dismiss had other consequences.  Although there is some dispute over the diligence with which Plaintiffs pursued discovery, the record shows that AK Steel refused to produce certain documents requested by Plaintiffs because the Court had ruled that the Middletown Plaintiffs had no Title VII claims, even though, it should be noted, that they have alleged employment discrimination claims pursuant to 42 U.S.C. § 1981.  Plaintiffs then apparently believed that they could not file a motion to compel the discovery they wanted until the Court either granted the motion to alter or amend the judgment or granted them leave to file the second amended complaint.  There were some other occurrences in the interim, including unfruitful settlement discussions and the serious illness of one of Plaintiffs' attorneys, but the upshot of the matter is that the case has proceeded up to and past the amended experts' reports and class discovery deadlines

established by Magistrate Judge Hogan without Plaintiffs obtaining the additional discovery they want. AK Steel opposes Plaintiffs' motion to extend the deadlines, arguing that this case has gone on too long already and that Plaintiffs have been dilatory in pursuing the discovery they claim to need.

The import of the present motions seems to be that Plaintiffs want additional discovery and feel that it cannot be obtained without Title VII claims in their case. At this time the Court notes that the remedies provided to employment discrimination plaintiffs under § 1981 are coextensive with, although independent of, the remedies provided by Title VII. See Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 459-60 (1975). Moreover, the evidentiary burdens for employment discrimination plaintiffs are the same under § 1981 and Title VII. Jackson v. RKO Bottlers of Toledo, Inc., 743 F.2d 370, 378 (6th Cir. 1978). Because both of these statutes provide relief for employment discrimination, AK Steel's refusal to produce the requested discovery on the grounds that the Court ruled that the Plaintiffs had no Title VII claims was unjustified. On the other hand, based on the controlling case law, Plaintiffs should have known that AK Steel's basis for refusing to produce discovery was groundless and filed a motion to compel.[1]

---

[1] Having said that, however, the Court expresses no opinion on whether there are other grounds for denying Plaintiffs the discovery they seek, such as the request is not reasonably

Nevertheless, the present situation was largely created because of technical defects in Plaintiffs' first amended complaint. In the interests of resolving the case on its merits rather than pleading technicalities, Thacker v. City of Columbus, 328 F.3d 244, 252 (6th Cir. 2003), the Court finds that Plaintiffs should be allowed to file their second amended complaint and that the deadlines should be extended. Accordingly, Plaintiffs' motion for leave to file a second amended complaint is well-taken and is **GRANTED**. As a result, Plaintiffs' motion to alter or amend judgment is **MOOT**.

Following are the amended deadlines:

| | |
|---|---|
| Plaintiffs' Expert Reports | February 22, 2005 |
| Defendants' Expert Reports | March 22, 2005 |
| Plaintiffs' Expert Replies | April 22, 2005 |
| Class Discovery Deadline | May 23, 2005 |
| Motion for Class Certification | June 7, 2005 |

No further requests for extension of these deadlines will be granted.

Finally, the Court notes that although it addressed the issue of Plaintiffs' right-to-sue letters in its earlier order finding AK Steel's motion to dismiss moot, that discussion was

---

calculated to lead to the discovery of admissible evidence or that compliance with the request would be overly burdensome. The Court leaves those questions for the Magistrate Judge to decide in the event a motion to compel or a motion for a protective order is subsequently filed.

dicta because the Court first found that the Middletown Plaintiffs had not filed Title VII claims. Therefore, nothing in this order should be construed as prohibiting AK Steel from filing a timely motion to dismiss claims in the second amended complaint for failure to satisfy any of Title VII's conditions precedent. Any such motion, however, should be filed no later than February 14, 2005.

**IT IS SO ORDERED**

Date January 4, 2005            s/Sandra S. Beckwith
                                Sandra S. Beckwith, Chief Judge
                                United States District Court