UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | : | Case No. 1:02-CV-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | Magistrate Judge Hogan |
| vs. | : | |
| | : | |
| AK STEEL CORPORATION, | : | DEFENDANT'S ANSWER TO |
| | : | PLAINTIFFS' SECOND AMENDED |
| Defendant. | : | COMPLAINT |

Defendant AK Steel Corporation ("AK Steel"), for its Answer to the Second

Amended Complaint ("Complaint"), states as follows:

**FIRST DEFENSE**

1.    AK Steel admits that this action is brought on behalf of 16 individuals

who now claim that they applied for employment with AK Steel and one former AK Steel

employee, but AK Steel denies that it discriminated against these Plaintiffs or anyone because of

race, and AK Steel denies the remaining allegations of paragraph 1 of the Complaint.

2.    AK Steel denies the allegations in paragraph 2 of the Complaint.

3.    AK Steel admits that the action seeks nominal and punitive damages and

equitable and declaratory relief for the Plaintiffs and the proposed class, but AK Steel denies that

it discriminated on the basis of race against these Plaintiffs or the proposed class, or that it

violated any law in its hiring decisions.  AK Steel denies that the proposed class is appropriate,

and it denies the remaining allegations in paragraph 3 of the Complaint.

4.    AK Steel admits that Roberts filed a third party charge which claimed

injury to others based on alleged discrimination in hiring.  AK Steel denies that it discriminates

against African Americans in hiring and it denies the remaining allegations in paragraph 4 of the Complaint.

5.    AK Steel admits that in this lawsuit Roberts seeks for himself nominal and punitive damages and other remedies.  AK Steel denies that Roberts is employed by it, and it denies that it discriminates against African Americans in its hiring.  AK Steel denies the remaining allegations in paragraph 5 of the Complaint.

6.    AK Steel admits that this Court has jurisdiction under the Civil Rights of 1866, 42 U.S.C. § 1981 and Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-5(f) for acts occurring within their respective statutes of limitation, but AK Steel denies that it violated these laws or any law in its hiring practices.  AK Steel denies the remaining allegations in paragraph 6 of the Complaint.

7.    AK Steel admits that venue is proper, that it does business in Ohio, and that it has documents in Ohio.  AK Steel denies the remaining allegations in paragraph 7 of the Complaint.

8.    AK Steel admits that the Plaintiffs' claims arising under § 1981 do not require administrative exhaustion, but AK Steel denies that it violated this law or any law in its hiring practices.  AK Steel admits that Roberts, a former employee, filed a third party charge of discrimination with the EEOC.  AK Steel admits that the other named Plaintiffs have filed charges of discrimination, but denies that EEOC has issued all of them Notices of Right to Sue and it denies that some of their claims are ripe.  AK Steel denies the remaining allegations in paragraph 8 of the Complaint.

9.    AK Steel denies that Vivian Bert is an African-American resident of Middletown, Ohio for lack of information or knowledge sufficient to form a belief.  AK Steel denies the remaining allegations in paragraph 9 of the Complaint.

10.     AK Steel denies that Thaddeus Freeman is an African American resident of Middletown, Ohio for lack of knowledge or information sufficient to form a belief.  AK Steel denies the remaining allegations in paragraph 10 of the Complaint.

11.     AK Steel denies that Darrell Carter is an African American resident of Ironton, Ohio for lack of knowledge or information sufficient to form a belief.  AK Steel denies the remaining allegations in paragraph 11 of the Complaint.

12.     AK Steel denies that Edward James Lewis is an African American resident of Middletown, Ohio for lack of knowledge or information sufficient to form a belief.  AK Steel denies the remaining allegations in paragraph 12 of the Complaint.

13.     AK Steel denies that Timothy Oliphant applied for employment with AK Steel in Ashland, Kentucky in April of 2002, but admits that he did submit a resume.  AK Steel denies that Timothy Oliphant is an African American resident of Portsmouth, Ohio for lack of knowledge or information sufficient to form a belief.  AK Steel admits that Oliphant was not hired, but it denies the remaining allegations in paragraph 13 of the Complaint.

14.     AK Steel denies that Mary Harris is an African American resident of Cincinnati, Ohio for lack of knowledge or information sufficient to form a belief.  AK Steel denies the remaining allegations in paragraph 14 of the Complaint.

15.     AK Steel denies that Roderique Russell is an African American resident of Middletown, Ohio for lack of knowledge and information sufficient to form a belief.  AK Steel denies the remaining allegations in paragraph 15 of the Complaint.

16.     AK Steel admits that Kay Jackson took the pre-employment test with the Company in Ashland, Kentucky and that she was not hired.  AK Steel denies that she is an African American resident of Greenup, Kentucky for lack of knowledge or information sufficient to form a belief.  AK Steel denies the remaining allegations in paragraph 16 of the Complaint.

17.    AK Steel denies that Marnie Carter is an African American resident of Ironton, Ohio for lack of knowledge or information sufficient to form a belief. AK Steel denies the remaining allegations in paragraph 17 of the Complaint.

18.    AK Steel denies that Darlene Denise Carter is an African American resident of Ironton, Ohio for lack of knowledge or information sufficient to form a belief. AK Steel denies the remaining allegations in paragraph 18 of the Complaint.

19.    AK Steel denies that Dwight Lewis is an African American resident of Portsmouth, Ohio for lack of knowledge or information sufficient to form a belief. AK Steel admits that Lewis applied for employment with it in Ashland in May of 2002, that he was not qualified, and was not hired. AK Steel denies the remaining allegations in paragraph 19 of the Complaint.

20.    AK Steel denies that Michael Miller is an African American resident of Dayton, Ohio for lack of knowledge or information sufficient to form a belief. AK Steel denies the remaining allegations in paragraph 20 of the Complaint.

21.    AK Steel denies that Ronald Sloan is an African American resident of Middletown, Ohio for lack of knowledge or information sufficient to form a belief. AK Steel denies the remaining allegations in paragraph 21 of the Complaint.

22.    AK Steel denies that Donald Edwards is an African American resident of Middletown, Ohio for lack of knowledge or information sufficient to form a belief. AK Steel denies the remaining allegations in paragraph 22 of the Complaint.

23.    AK Steel denies that Shawn Pryor is an African American resident of Middletown, Ohio for lack of knowledge or information sufficient to form a belief. AK Steel denies the remaining allegations in paragraph 23 of the Complaint.

24.     AK Steel denies that Tiffany Jackson is an African American resident of Greenup, Kentucky for lack of knowledge or information sufficient to form a belief.  AK Steel denies the remaining allegations in paragraph 24 of the Complaint.

25.     AK Steel admits that it employed Allen Roberts in Middletown, Ohio from April 25, 1998 until 2002 when he was discharged for *inter alia* conduct unbecoming an AK Steel employee and asking another employee to lie on his behalf in a futile attempt to cover up his misconduct.  AK Steel further admits that Roberts filed a third party EEOC charge allegedly on behalf of African Americans alleging that individuals who were not hired were injured.  AK Steel denies the remaining allegations in paragraph 25 of the Complaint.

26.     AK Steel admits that its corporate office is located in Middletown, Ohio and that it maintains steel manufacturing and/or steel finishing facilities in Middletown, Coshocton, Mansfield and Zanesville, Ohio; Ashland, Kentucky; Rockport, Indiana and Butler, Pennsylvania, and that it employs approximately 8,000 people.  AK Steel admits that it is an individual subject to suit under Title VII and § 1981, though it denies that it violated these laws or any law.  AK Steel further admits that it manufactures and finishes flat rolled carbon, stainless and electrical steel products for use in the automotive, appliance, construction and manufacturing markets.  AK Steel denies it violated any law, including Title VII and § 1981 with respect to the Plaintiffs or anyone else.  AK Steel denies the remaining allegations in paragraph 26 of the Complaint.

27-52.   AK Steel denies the allegations in paragraphs 27-52 of the Complaint.

53.     AK Steel denies that it received any application from Vivian Bert for a clerical position.  AK Steel further denies that Bert worked for it from February 1982 until September 1984, for AK Steel did not exist until 1994.  AK Steel further states that Bert's prior employment with Armco disqualified her from being considered for employment with AK Steel,

which is true for all individuals regardless of race.  AK Steel denies the remaining allegations in paragraph 53 of the Complaint for lack of information or knowledge sufficient to form a belief.

54.    AK Steel received no application from Bert and thus made her no offer. AK Steel denies the remaining allegations in paragraph 54 of the Complaint.

55-59.    AK Steel denies the allegations in paragraphs 55-59 of the Complaint.

60.    AK Steel admits Thaddeus Freeman applied for employment in 1999, that he was not successful on the pre-employment test, and was not hired.  AK Steel denies the remaining allegations in paragraph 60 of the Complaint.

61-65.    AK Steel denies the allegations in paragraphs 61-65 of the Complaint.

66.    AK Steel admits that Darrell Carter applied for a position in October 2001 for a general laborer position at the Ashland Works.  AK Steel further admits that Carter was not successful on the pre-employment examination and was informed of this.  AK Steel denies the remaining allegations in paragraph 66 of the Complaint.

67-70.    AK Steel denies the allegations in paragraphs 67-70 of the Complaint.

71.    AK Steel admits that Edward Lewis applied for employment with it as a laborer in April of 2001 and that it attempted to contact him to take the pre-employment test, but that his phone was disconnected and he could not be reached.  AK Steel denies the remaining allegations in paragraph 71 of the Complaint.

72-74.    AK Steel denies the allegations in paragraphs 72-74 of the Complaint.

75.    AK Steel admits the allegations in paragraph 75 of the Complaint.

76.    AK Steel admits that Timothy Oliphant visited the AK Steel booth at a job fair and that AK Steel employee Rodney Cosby instructed Oliphant to fax Cosby his resume. AK Steel further admits that Susan Lester contacted Oliphant to schedule a time to take AK

Steel's pre-employment test. AK Steel denies the remaining allegations in paragraph 76 of the Complaint.

77.    AK Steel admits that Oliphant applied for a general laborer position. AK Steel denies the remaining allegations in paragraph 77 of the Complaint for lack of information or knowledge sufficient to form a belief.

78.    AK Steel admits the allegations in paragraph 78 of the Complaint.

79-82.    AK Steel denies the allegations in paragraphs 79-82 of the Complaint.

83.    AK Steel admits that Mary Harris applied for employment with it in May of 2001. AK Steel denies the remaining allegations in paragraph 83 of the Complaint for lack of knowledge or information sufficient to form a belief.

84.    AK Steel denies the allegations in paragraph 84 of the Complaint for lack of information or knowledge sufficient to form a belief.

85-87.    AK Steel denies the allegations in paragraphs 85-87 of the Complaint.

88.    AK Steel admits that Roderique Russell applied for employment with it in September of 2000. AK Steel lacks knowledge or information sufficient to form a belief as to Russell's education or experience. AK Steel denies the remaining allegations in paragraph 88 of the Complaint.

89.    AK Steel admits that Russell took the pre-employment test in September of 2000 and that he was successful. AK Steel denies the remaining allegations in paragraph 89 of the Complaint.

90-91.    AK Steel denies the allegations in paragraphs 90-91 of the Complaint.

92.    AK Steel admits that Kay Jackson applied for employment with it in May of 2001 and she submitted her resume to it on May 9, 2002. AK Steel denies the remaining allegations in paragraph 92 of the Complaint.

93.     AK Steel admits that Jackson applied for a laborer or clerical position in 2001 and 2002.  AK Steel admits that Jackson was not successful on the pre-employment test in 2001 and 2002.  AK Steel denies the remaining allegations in paragraph 93 of the Complaint.

94-97.    AK Steel denies the allegations in paragraphs 94-97 of the Complaint.

98.     AK Steel admits that Marnie Carter applied for employment with it in October of 2001, and that she was not successful on the pre-employment test in November of 2001.  AK Steel denies the remaining allegations of paragraph 98 of the Complaint.

99-101.  AK Steel denies the allegations in paragraphs 99-101 of the Complaint.

102.     AK Steel admits that Darlene Carter attended a career fair in Portsmouth, Ohio in October of 2001 in which AK Steel had a booth, that AK Steel encouraged Carter to apply and she did, and that she was scheduled for the pre-employment test.  AK Steel denies the remaining allegations in paragraph 102 of the Complaint.

103.     AK Steel admits that Carter applied for a general laborer position, she took the pre-employment test, and that she was not successful.  AK Steel denies the remaining allegations in paragraph 103 of the Complaint.

104-105.  AK Steel denies the allegations in paragraphs 104-105 of the Complaint.

106.     AK Steel admits the allegations in paragraph 106 of the Complaint.

107.     AK Steel admits that Dwight Lewis attended a career fair in Portsmouth, Ohio in May of 2002 in which AK Steel had a booth, that an AK Steel representative encouraged Lewis to apply and that he did, that he was scheduled to take the pre-employment test.  AK Steel denies the remaining allegations in paragraph 107 of the Complaint.

108.    AK Steel admits that Dwight Lewis applied for a general laborer position, that he took the AK Steel pre-employment test, and that he was not successful.  AK Steel denies the remaining allegations in paragraph 108 of the Complaint.

109-112.  AK Steel denies the allegations in paragraphs 109-112 of the Complaint.

113.    AK Steel admits that Michael Miller applied for a position in maintenance repair and that he was scheduled to and did take the pre-employment tests.  AK Steel denies the remaining allegations in paragraph 113 about Miller's background for lack of information or knowledge sufficient to form a belief.  AK Steel denies the remaining allegations in paragraph 113.

114.    AK Steel admits that Miller was interviewed by Human Resources representative and a supervisor from maintenance.  AK Steel admits that Miller was not successful on the maintenance examination.  AK Steel admits that Miller's background was checked and was not acceptable to the Corporation.  AK Steel denies the remaining allegations in paragraph 114 of the Complaint.

115-119.  AK Steel denies the allegations in paragraphs 115-119 of the Complaint.

120.    AK Steel admits that Sloan applied for a job in production.  AK Steel denies the remaining allegations in paragraph 120 for lack of knowledge or information sufficient to form a belief.

121.    AK Steel admits that Sloan was not qualified for a management position. AK Steel admits that Sloan was successful on the pre-employment test necessary to become a general laborer.  AK Steel denies the remaining allegations in paragraph 121 of the Complaint.

122.    AK Steel admits that Sloan had an interview with the Human Resources Representative and the maintenance supervisor and that Sloan refused to take the maintenance examination.  AK Steel admits that Sloan agreed to be considered for production job, and that he was told that a background check and a drug test were among other steps remaining.  AK Steel denies the remaining allegations in paragraph 122 of the Complaint.

123.    AK Steel admits that it had Sloan's application reviewed and a background check revealed that Sloan was not truthful in his application.  AK Steel denies the remaining allegations in paragraph 123 of the Complaint.

124-133.  AK Steel denies the allegations in paragraphs 124-133 of the Complaint.

134.    AK Steel admits that Shawn Pryor applied for a position in November of 2001.  AK Steel denies the remaining allegations in paragraph 134 for lack of information or knowledge sufficient to form a belief

135.    AK Steel admits that Pryor was not offered a position.  AK Steel denies the remaining allegations in paragraph 135 of the Complaint.

136-137.  AK Steel denies the allegations in paragraphs 136-137 of the Complaint.

138.    AK Steel admits the allegations in paragraph 138 of the Complaint.

139.    AK Steel admits that Tiffany Jackson attended a career fair in Portsmouth, Ohio at which AK Steel had a booth, that AK Steel encouraged Jackson to apply, and that Jackson submitted an application to it in December of 2001.  AK Steel admits that Jackson was told there were no available office positions.  AK Steel admits that Jackson was later contacted to take the pre-employment examination for a laborer position.  AK Steel denies the remaining allegations of paragraph 139 of the Complaint.

140.    AK Steel denies the allegations in paragraph 140 for lack of knowledge or information sufficient to form a belief.

141.    AK Steel admits that Jackson took the pre-employment test, that she was not successful on the test, and that AK Steel personnel told her this.  AK Steel denies the remaining allegations in paragraph 141 of the Complaint.

142-143.  AK Steel denies the allegations in paragraphs 142-143 of the Complaint.

144.    AK Steel restates and realleges its answers to paragraphs 1-143 of the Complaint, as if fully set forth herein.

145-148.  AK Steel denies the allegations in paragraphs 145-148 of the Complaint.

149.    AK Steel restates and realleges its answers to paragraphs 1 - 148 as if fully set forth herein.

150-154.  AK Steel denies the allegations in paragraphs 150-154 of the Complaint.

155.    AK Steel restates and realleges its answers to paragraphs 1-154 of the Complaint, as if fully set forth herein.

156-159.  AK Steel denies the allegations in paragraphs 156-159.

160.    AK Steel restates and realleges its answers to paragraphs 1-159 of the Complaint, as if fully set forth herein.

161-165.  AK Steel denies the allegations in paragraphs 161-165.

166.    AK Steel admits that Plaintiffs request a trial by jury for all issues triable as of right to a jury, but AK Steel denies that all issues are triable to a jury.

167. AK Steel denies each and every allegation not specifically admitted herein.

168. AK Steel denies that Plaintiffs are entitled to the relief that they seek.


## SECOND DEFENSE

169. No jury trial is appropriate for equitable claims.


## THIRD DEFENSE

170. Some, or all, of Plaintiffs' allegations are barred by the applicable statutes of limitations, and/or laches.


## FOURTH DEFENSE

171. Plaintiffs' Title VII claims fail to satisfy the jurisdictional prerequisites and this Court lacks jurisdiction to hear these claims.


## FIFTH DEFENSE

172. These Plaintiffs are not adequate class representatives.


## SIXTH DEFENSE

173. The class certification in the class sought, or in any proposed class, is not appropriate in this action.


## SEVENTH DEFENSE

174. AK Steel acted in good faith at all times and, even had there been any violation and AK asserts there has been none, no punitive damages would be appropriate under the Supreme Court decision in Kolstad v. American Dental Ass'n., 119 S. Ct. 2118 (1999).

## EIGHTH DEFENSE

175.    Individual claims for damages predominate over the class claims and class treatment is not superior to other methods of litigation, making class allegations/certification inappropriate.

## NINTH DEFENSE

176.    Counts III and IV fail to state a claim upon which relief can be granted.

## TENTH DEFENSE

177.    Plaintiffs' lack standing to pursue the claims in Counts III and IV.

## ELEVENTH DEFENSE

178.    Any claim for injunctive relief in Counts III and IV is moot.

## TWELFTH DEFENSE

179.    The EEOC, after investigation, has dismissed a number of the charges of these Plaintiffs as having no merit.  In no case with regard to any of the claims of the putative class Plaintiffs in this action has EEOC found probable cause to believe a violation of law has occurred.

## THIRTEENTH DEFENSE

180.    Plaintiffs' claims in Counts III and IV are barred by res judicata, claim preclusion, issue preclusion and estoppel.

WHEREFORE, AK Steel having answered, and respectfully requests that the Second

Amended Complaint be dismissed and that it recover its attorney fees and costs incurred in

responding.

Respectfully submitted,

s/ Gregory Parker Rogers
Lawrence J. Barty (0016002)
barty@taftlaw.com
Patricia Anderson Pryor (0069545)
pryor@taftlaw.com
Gregory Parker Rogers (0042323)
rogers@taftlaw.com
Roger A. Weber (0001257)
weber@taftlaw.com
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on January 19, 2005

using the Court's CM/ECF system, which will send notice of this filing to Susan Donahue,

Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North,

Birmingham, Alabama  35203, Paul H. Tobias and David Kammer, Kraus & Torchia, 911

Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202 and David Sanford,

Sanford, Wittels & Heisler, L.L.P., 2121 K Street, N.W., Suite 700, Washington, D.C.  20037

 s/ Gregory Parker Rogers
Lawrence J. Barty (0016002)
Gregory Parker Rogers  (0042323)
Patricia Anderson Pryor (0069545)
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH   45202
(513) 381-2838
(513) 38l-0205 (fax)