UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | : | |
| | : | Case No. C-1-02-467 |
| Plaintiffs, | : | |
| | : | Judge Beckwith |
| vs. | : | Magistrate Judge Hogan |
| | : | |
| AK STEEL CORPORATION, | : | **MOTION OF DEFENDANT AK STEEL** |
| | : | **CORPORATION FOR SUMMARY** |
| Defendant. | : | **JUDGMENT ON COUNTS III AND IV** |
| | : | **OF THE SECOND AMENDED** |
| | : | **COMPLAINT** |

Defendant AK Steel Corporation ("AK Steel" or the "Company"), pursuant to Fed. R. Civ. P. 56(c), moves this Court for summary judgment on Counts III and IV of the Second Amended Complaint, as there is no genuine issue of material fact and it is respectfully submitted that judgment is appropriate for the Company. Plaintiff Allen Roberts ("Roberts") asserts in Counts III and IV that the Company discriminated against him in the terms and conditions of his employment on the basis of race under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Roberts earlier brought, and lost, similar claims of race discrimination in a separate action against the Company.

AK Steel respectfully submits that Counts III and IV are barred by the doctrine of res judicata and should be dismissed.  A memorandum in support of this motion is attached.

Respectfully submitted,

/s Gregory Parker Rogers
Lawrence J. Barty (0016002)
Patricia Anderson Pryor (0069545)
Gregory Parker Rogers (0042323)
Roger A. Weber (0001257)
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838
(513) 381-0205 (fax)
Trial Attorneys for Defendant
AK Steel Corporation

OF COUNSEL:

Stephanie S. Bisselberg
AK Steel Corporation
703 Curtis Street
Middletown, Ohio 45043-0001
(513) 425-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | : | |
| | : | Case No. C-1-02-467 |
| Plaintiffs, | : | |
| | : | Judge Beckwith |
| vs. | : | Magistrate Judge Hogan |
| | : | |
| AK STEEL CORPORATION, | : | **MEMORANDUM OF DEFENDANT** |
| | : | **AK STEEL CORPORATION IN** |
| Defendant. | : | **SUPPORT OF ITS MOTION FOR** |
| | : | **SUMMARY JUDGMENT ON COUNTS** |
| | : | **III AND IV OF THE SECOND** |
| | : | **AMENDED COMPLAINT** |

I. INTRODUCTION

AK Steel Corporation ("AK Steel" or "the Company") respectfully submits that Counts III and IV of the Second Amended Complaint are barred by res judicata and should be dismissed. Counts III and IV are brought by former AK Steel employee Allen Roberts ("Roberts"), who alleges that the Company denied "employees the right to work in a racially integrated environment free from racial discrimination," and by reason of which allegedly Roberts is "entitled to all legal and equitable remedies available under [Section 1981 and Title VII,] including, but not limited to, nominal, compensatory and punitive damages." (*Bert*, Doc. #45, ¶¶ 156, 159, 161, 164) [1]

This case constitutes Roberts's attempt to get a second bite of the apple. Roberts has already sued AK Steel for race discrimination under Title VII and state law, and lost. AK

---

[1] To distinguish the documents in this case from those filed in Roberts's individual action, references to the docket of this case will be identified to as "*Bert* Doc. #___". References to the docket of Roberts's earlier individual action in this Court, Case No. 1:02cv656, will be identified as "*Roberts*, Doc. #___".

{W0347306.2}   1

Steel prevailed on summary judgment in Roberts's previous case. (*Roberts*, Doc. #53) Roberts's appeal of that decision was dismissed, and that case is now final. (*Roberts*, Doc. #58) Roberts's claims of race discrimination have been litigated to a final adjudication on the merits against him; they cannot be re-litigated here.

## II. STATEMENT OF THE CASE

A. Allen Roberts's Individual Action Against Defendant AK Steel Was Dismissed On Summary Judgment.

On September 13, 2002, Roberts, a former employee of AK Steel, filed an action against AK Steel in this Court, Case No. 1:02-CV-656, alleging race discrimination and retaliation in employment. (*Roberts*, Doc. #1)  Roberts amended his complaint on June 30, 2003. (*Roberts*, Doc. #28)  The Amended Complaint incorporated and attached five EEOC charges and alleged that AK Steel treated Roberts "differently from other similarly situated Caucasian employees," and, further, "engaged in a pattern and practice of race discrimination in violation of Title VII," and that such practices unlawfully altered the terms and conditions of his employment. (*Roberts*, Doc. #28, ¶¶ 4 - 41)

On February 24, 2004, this Court granted summary judgment to AK Steel on all of Roberts's claims of race discrimination and retaliation brought under Title VII and state law that relied on these EEOC charges. (*Roberts*, Doc. #53)  Roberts filed a notice of appeal to the Sixth Circuit, but that appeal was dismissed on June 8, 2004. (*Roberts*, Doc. #58)

B. Allen Roberts Attempts To Participate In This Lawsuit Against AK Steel.

On June 26, 2002, Roberts and 16 other individuals filed this purported class action suit against AK Steel. (*Bert*, Doc. #1)  The plaintiffs in this case (including Roberts) filed a Second Amended Complaint on January 19, 2005. (*Bert*, Doc. #45)  Counts I and II of the Second Amended Complaint are claims brought by 16 named plaintiffs on behalf of a putative

{W0347306.2}                                    2

class claiming that the Company allegedly discriminates in hiring based on race, in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. (*Bert*, Doc. #45, ¶¶ 144-48)  Roberts is not included in Counts I or II and does not seek relief under either of these Counts.

Counts III and IV are brought by Roberts, alleging that AK Steel discriminated against him in the **"benefits, privileges, terms and conditions"** of his employment at AK Steel and denied Roberts a "racially integrated environment free from racial discrimination" in alleged violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964.[2] (*Bert*, Doc. #45, ¶¶ 156, 161) (emphasis added)  Paragraphs 8 and 25 of the Second Amended Complaint state that Roberts "filed a third party charge on behalf of African-Americans" that forms the jurisdictional basis for his Title VII claim.

C.   Roberts's Allegations In Both The *Roberts* Case And This Case Are The Same.

Roberts's allegations in this case are the same allegations, or at least sufficiently related to the allegations, made in his previous case.  In fact, in many places, his allegations are almost identical.  For example, in both cases, he:

1.   Relied upon the same EEOC charge filed in April, 1999:

> ***Roberts*** **Case**: "On April 7, 1999, Plaintiff filed a third party charge of race discrimination against Defendant. (See copy of Charge, attached to Plaintiff's Complaint as Exhibit "A".)" (*Roberts*, Doc. #28, ¶ 5, Ex. 1)
>
> **This Case**: "Plaintiff Allen Roberts, an AK Steel employee, has filed a third party charge of class wide racial discrimination in hiring with the United States Equal Employment Opportunity Commission ("EEOC") in

---

[2]   Although the Complaint alleges that Roberts and "members of the proposed class" are entitled to legal and equitable remedies, Roberts is the only Plaintiff identified with respect to either Count III or Count IV and nowhere is the "proposed class" identified or defined nor is class relief sought with respect to either of these claims in the prayer for relief.  In fact, paragraphs 4 and 5 of the Second Amended Complaint make clear that Counts III and IV are brought solely by Roberts.

{W0347306.2}                         3

    Ohio and filed suit within ninety (90) days of the receipt of his notice of right to sue." (*Bert*, Doc. #45, ¶ 8)

2.  Alleged that AK Steel engaged in a pattern and practice of race discrimination:

  ***Roberts* Case**: AK Steel "engaged in a pattern and practice of race discrimination in violation of Title VII". (*Roberts*, Doc. #28, ¶ 59)

  **This Case**: "Plaintiffs join individual claims to redress the Defendant's continuing systemic racial discrimination in hiring." (*Bert*, Doc. #45, ¶ 1)

3.  Alleged that AK Steel's alleged racial discrimination affected the terms and conditions of his employment.

  ***Roberts* Case**: "AK Steel Corporation ***has discriminated and continues to discriminate*** against me in the terms and conditions of my employment ***on the basis of my race.***" (*Roberts*, Doc. #28, Exhs. S at 2 and U at 2)(emphasis added) Roberts also alleged in his Complaint numerous terms and conditions of his employment that he believed were affected including disciplinary actions, his opportunity to work overtime, transfers he received, and an alleged denial of promotional opportunities. (*Roberts*, Doc. #28, ¶¶ 4-41)

  **This Case**: "AK Steel has discriminated against Plaintiff Roberts and against all of Defendant's employees by denying AK Steel employees the right to work in a racially integrated environment ***free from racial discrimination*** and ***the enjoyment of all benefits, privileges, terms and conditions*** of working in a racially integrated environment." (*Bert*, Doc. #45, ¶ 156, 161)(emphasis added)

4.  Alleged that AK Steel's hiring and placement processes were discriminatory because of race:

  ***Roberts* Case**:

- "AK Steel engages in a pattern and practice of discrimination which favors Caucasians over African Americans in the enforcement and application of the Company's personnel policies including ***hiring*** and discipline" (*Roberts*, Doc. #28, Exh. B at 2)(emphasis added).

- "AK Steel Corporation has discriminated and continues to discriminate against me in the terms and conditions of my employment on the basis of my race." (*Id.*, Exhs. S and U at 2).

- AK Steel engages in systemic discrimination and "***denies all employees the right to work in a racially integrated environment*** free from racial discrimination." (*Id.*, Exhs. S at 3 and U at 3-4)(emphasis added)

{W0347306.2}      4

- *"**AK Steel has discriminated and continues to discriminate against me in the terms and conditions of my employment with them on the basis of my race, African American**, by denying me promotional opportunities while providing such opportunities to equally or less qualified white employees and subjecting me to a racially hostile promotion application process and other forms of discrimination.  **I believe that AK Steel Corporation's actions are part of a continuing pattern and practice of discrimination against African-American employees**, including but not limited to denying them promotional opportunities while providing such opportunities to equally or less qualified white applicants, subjecting them to a racially hostile promotion application process, and **denying employees the right to work** and apply for promotions **in a racially diverse environment free from racial discrimination**."  (Id., Exh. S at 2) (emphasis added)*

**This Case**:

- *"In Counts Three and Four, employee Plaintiff Roberts files a third party charge against Defendant for its **discrimination in hiring**.  Defendant discriminates against all of its employees by **preventing its employees from working in a racially integrated environment free from racial discrimination**."  (Bert, Doc. #45, ¶ 4)(emphasis added)*

- *"AK Steel has discriminated against Plaintiff Roberts and against all of Defendant's employees by denying AK Steel employees the right to work **in a racially integrated environment free from racial discrimination and the enjoyment of all benefits, privileges, terms and conditions of working in a racially integrated environment**."  (Bert, Doc. #45, ¶ 156, 161)(emphasis added)*

### III.  ARGUMENT

A.  Counts III And IV Of This Action Are Barred By The Doctrine Of Res Judicata And Should Be Dismissed.

Roberts's claims in Counts III and IV, alleging race discrimination in Roberts's employment in alleged violation of Title VII and § 1981, are barred by res judicata.  Roberts asserted in *both* actions that he was discriminated against in the terms and conditions of his employment, that AK Steel has engaged in a pattern and practice of discrimination and that AK Steel has denied employees the right to work in a racially diverse or integrated environment.

(*Compare Roberts*, Doc. #28, ¶¶ 4-41 *and* Exhs. S & U with *Bert*, Doc. #45, ¶¶ 25, 156, 161)

Roberts's claims of race discrimination have been previously adjudicated to a final decision on the merits. (*Roberts*, Doc. #54)

> The Sixth Circuit has identified four elements for res judicata to apply:
>
> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1031 (6th Cir. 1998) (dismissing plaintiff's subsequent Title VII claim, because it could have been litigated in her prior § 1981 claim) (internal citation omitted).

Each of the required elements for res judicata is present here: (1) this Court's summary judgment dismissal of Roberts's earlier action, in its entirety, constitutes a final decision on the merits; (2) this action is between the same parties, Roberts and AK Steel; (3) Roberts's claims of race discrimination in his employment conditions, were litigated in the prior action or could have been litigated;[3] and (4) an "identity of the causes of action" exists between the claims in *Roberts* and those in this action.

In defining what is meant by "identity of causes of action," the Sixth Circuit has stated that:

> [I]f the claims asserted in [the two suits], . . . were sufficiently related, that is, if they were founded upon the same transaction, arose out of the same nucleus of operative facts, and sought redress for essentially the same basic wrong, the two suits advanced the same cause of action notwithstanding any differences in remedies sought or theories of recovery pleaded.

---

[3] To the extent Roberts claims the allegations in this case are different than in *Bert*, nothing prevented Roberts from raising his claims in a single action. Roberts could have raised these claims together. Instead, he chose to file multiple lawsuits that rely in substantial part on the same 1999 EEOC charge.

*Sherman v. Ludington*, 968 F.2d 1216 (Table) (6th Cir. 1992) (quoting *Kale v. Combined Insurance Co.*, 924 F.2d 1161, 1166 (1st Cir. 1991)), *cert. denied*, 506 U.S. 1071 (1993).

Roberts's claims in both this case, and his prior action are the same: race discrimination in employment. Even were this Court to determine that the claims are somehow different, the allegations in both this action and the action already adjudicated are sufficiently related, arise out of the same nucleus of operative facts and could and should have been litigated in a single action, which is what is required for res judicata to apply. Both cases rely on the claims involved in the same 1999 EEOC charge. (*Compare Roberts*, Doc. #28, Exh. A *with Bert*, Doc. #45, ¶¶ 25, 156, 161) Both cases rely at least in part on the claim that AK Steel did not hire enough African Americans. (*Id.*) The claims in both actions were founded upon the same transaction, Roberts's employment with AK Steel, and arise out of the same nucleus of operative facts, his terms and conditions of employment concerning alleged race discrimination and the alleged situation that not enough African Americans were hired. (*Compare Roberts*, Doc. #28, ¶¶ 5-41, 59-65, Exhs. A, B, S and U, *with Bert*, Doc. #45, ¶¶ 4, 25, 155-64) In addition, both actions seek redress for the same wrong, AK Steel's alleged pattern and practice of race discrimination. (*Compare Roberts*, Doc. #28, ¶¶ 59-61, 63-65, *with Bert*, Doc. #45, ¶¶ 1, 4, 5, 156-164)

Courts have determined in other cases that final adjudication on one employment claim bars a subsequent claim arising from the same employment relationship, even though it is advanced under a different theory and/or involves additional facts. For example, in *Havercombe v. Department of Educ. of the Commonwealth of Puerto Rico*, 250 F.3d 1, 6 (1st Cir. 2001), the court found that a final judgment on a complaint that alleged employment discrimination in the terms and conditions of employment including allegations of a pattern and practice of discriminatory conduct, harassment and failure to promote for the years 1990 to 1997 barred a

{W0347306.2}                                7

later filed complaint making similar allegations of employment discrimination but enlarging the time frame of the alleged discriminatory conditions from 1990 to 1999. The court noted that: "Key in both cases was the employment relationship between Havercombe and the defendants and the propriety of the defendants' motivation for adverse employment decisions that Havercombe alleged he endured. Spread out over a long period of time, from 1990 to 1999, all of these acts were allegedly committed because of racial and age-related animus. It is, in fact, Havercombe's contention that all of these events were directly related to each other in terms of motivation and common purpose." *Id.*

Similarly, in *Clark v. Haas Group Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992), *cert. denied*, 506 U.S. 832 (1992), the court determined that a prior decision on an employee's Fair Labor Standards Act overtime claim barred a later claim for equal pay and age discrimination. The court determined that the "transaction" in that case was the plaintiff's employment with the defendant. The claims in each case were predicated on plaintiff's employment with defendant during a two year period, the only distinction involved the legal theories advanced. The court noted the actions were related in time, space, origin or motivation and formed a convenient trial unit "particularly in that the various 'claims' and legal theories were predicated exclusively on Clark's employment relationship with HGI." *Id*

The analysis is no different here. Roberts's allegations in both actions are predicated on his employment with AK Steel during the same time frame. The claims in both actions are based in part on the same 1999 EEOC charge and allege that the Company discriminated based on race. They are related in time and alleged motivation. Roberts already has litigated and lost. To the extent he alleges his claims are somehow different than before, his failure to assert claims arising from the same nucleus of operative facts in his earlier dismissed

action bars him from doing so under any alternate legal theory in this action.  One bite of the apple is all Roberts is entitled.

## IV.  CONCLUSION

Counts III and IV of this action, in which Roberts for the second time alleges racial discrimination, are barred under the doctrine of res judicata.  For each and all of the foregoing reasons, Defendant AK Steel respectfully submits that Counts III and IV are barred by res judicata and that summary judgment is appropriate.

                    Respectfully submitted,

                    s/ Gregory Parker Rogers
                    Lawrence J. Barty (0016002)
                    Patricia Anderson Pryor (0069545)
                    Gregory Parker Rogers (0042323)
                    Roger A. Weber (0001257)
                    Taft, Stettinius & Hollister LLP
                    425 Walnut Street, Suite 1800
                    Cincinnati, Ohio 45202-3957
                    (513) 381-2838
                    (513) 381-0205 (fax)
                    Trial Attorneys for Defendant
                    AK Steel Corporation

OF COUNSEL:

Stephanie S. Bisselberg
AK Steel Corporation
703 Curtis Street
Middletown, Ohio 45043-0001
(513) 425-5000

## **CERTIFICATE OF SERVICE**

        I hereby certify that the foregoing was electronically filed on January 21, 2005 using the Court's CM/ECF system, which will send notice of this filing to Susan Donahue, Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama  35203, Paul H. Tobias and David Kammer, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202 and David Sanford, Sanford, Wittels & Heisler, L.L.P., 2121 K Street, N.W., Suite 700, Washington, D.C.  20037

                                          <u>s/ Gregory Parker Rogers</u>
                                          Lawrence J. Barty (0016002)
                                          Gregory Parker Rogers  (0042323)
                                          Patricia Anderson Pryor (0069545)
                                          Taft, Stettinius & Hollister LLP
                                          425 Walnut Street, Suite 1800
                                          Cincinnati, OH   45202
                                          (513) 381-2838
                                          (513) 38l-0205 (fax)