UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VIVIAN BERT, ET AL.,
PLAINTIFFS

CASE NO. C-1-02-467
(BECKWITH, J.)
(HOGAN, M.J.)

VS.

AK STEEL CORPORATION,
DEFENDANT

**ORDER**

This Court conducted a telephonic and informal discovery conference on February 16, 2005. All parties were represented by counsel. Since Defendant had filed a one-page brief, stating its objections to Plaintiffs' discovery requests, the Court continued the conference until February 23, 2005 to allow Plaintiffs to file a one-page brief arguing the merits of their discovery demands. Since Plaintiffs have now responded, the matter is ripe for the decision which follows. The briefs of the parties are hereby incorporated in this Order in order to facilitate a ruling on possible Objections by the District Judge. This is a race-based discrimination case, which was filed as a class action. It is significant to us that a pattern and practice of discrimination is alleged.

Plaintiffs requested hiring information from September, 2002 to the present. Defendant previously provided hiring information prior to July, 2002 on the theory that the threshold for the relevant time period was set by the latest EEOC filing of any class member and that occurred in July, 2002. Thus, Defendant argues that it has previously made the appropriate discovery and need not respond with information relative to after-the-fact hires, specifically in 2003. Plaintiffs argue that theirs is a pattern and practice case and that the second amended complaint defines the class as "all African-American applicants denied employment at any time since June 26, 1998." Plaintiffs also argue that the concept of relevance is more broad in discrimination cases generally and thus they seek discovery for a two-year period commencing either on the date EEOC charges were filed or when Plaintiffs received right to sue notices, either of which dates would lead to the

discovery of Defendant's hiring during 2003.

The Court notes that the deadline for Plaintiffs' Motion to Certify the Class is June 7, 2005 and that the Second Amended Complaint was filed on January 19, 2005. The class discovery deadline is May 23, 2005. The probable reason why the class was defined as indicated above was to allow the discovery process to put a temporal limit on class members. It is not surprising that these Plaintiffs, like most, if not all, plaintiffs wish an expanded period of time in which to collect date favorable to their case. Most, if not all, defendants, of course, wish to contract the time. Temporal limits have to be imposed to avoid placing undue burdens upon the party making discovery, so we find that the two-year period approved by *EEOC v. Roadway Express*, 261 F.3d 634 (6th Cir. 2001) for discovery subsequent to the filing of EEOC charges is a reasonable time frame.

Plaintiffs' problem, as we understand it, is that if subsequent acts of discrimination are uncovered as a result of the 2003 hiring, Plaintiffs cannot name the aggrieved persons as parties to this case, because none have, as yet, filed administrative complaints with EEOC, notwithstanding the fact that time remains to move for class certification. Nevertheless, Plaintiffs wish to use suspected evidence of 2003 employment rejections as circumstantially impacting hiring decisions made in years previous. This is what Plaintiffs mean when they state in their brief that "this information provides the context that is necessary to evaluate whether discrimination has occurred."

We find that the answer to this disagreement between the parties is contained in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). The hiring decisions in the *National Railroad* case were discrete acts, not subject to a continuing violation theory and there was no hostile environment claim in the cited case. Justice Thomas, the author of the opinion in *National Railroad*, was careful to state that "We have no occasion here to consider the timely filing question with respect to pattern or practice claims brought by private litigants as none are at issue here." AK Steel's hiring decisions in 2003 are relevant in the context of this case because Plaintiffs allege that Defendant has a discriminatory policy, pursuant to which a pattern and practice of racial discrimination has developed. Plaintiff's informal Motion to Compel is therefore granted. Although conduct which falls outside the statutory period may not be considered as a basis for liability in a case other than hostile environment cases, it does not

follow that evidence of discriminatory conduct which occurs after the fact could not shed light on earlier behavior within the statutory period. Plaintiff's Motion is granted. Defendant shall disclose the requested information relative to its hiring decisions in 2003 and contrary to past behavior, Plaintiff shall promptly reimburse Defendant for its administrative costs.

March 1, 2005

_____
Timothy S. Hogan
United States Magistrate Judge