UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | Magistrate Judge Hogan |
| vs. | : | |
| | : | **DEFENDANT AK STEEL** |
| AK STEEL CORPORATION, | : | **CORPORATION'S REPLY** |
| | : | **MEMORANDUM IN SUPPORT** |
| Defendant. | : | **OF ITS MOTION FOR SUMMARY** |
| | : | **JUDGMENT ON COUNTS III AND** |
| | : | **IV OF THE SECOND AMENDED** |
| | : | **COMPLAINT** |

## I. INTRODUCTION

Defendant AK Steel Corporation ("AK Steel") respectfully submits that summary judgment is appropriate on Counts III and IV of the Second Amended Complaint. Plaintiff Allen Roberts's conclusory arguments, unsupported by fact and law, do not support Roberts's piecemeal attempt at litigation. This Court has already dismissed his claims in *Roberts v. AK Steel Corp.*, Case No. 1:02 cv 656 ("*Roberts*"). This second lawsuit alleging race discrimination for the second time against AK Steel, for acts allegedly affecting Roberts's employment during the same time frame as his earlier dismissed lawsuit, is barred by res judicata.

## II. ARGUMENT

    A.    Roberts Offers No Law To Support His Conclusion That His Employment Claims Alleging Race Discrimination Could Be Brought Separately.

Roberts describes his claims in this case as claims for injury to his "associational right to work in an integrated *working environment that is unaffected by racial discrimination*." (Pl. Opp. p. 1-2) (emphasis added) Roberts's argument that these claims are not the same or

sufficiently related to his claims in the first lawsuit that AK Steel "engaged in a pattern and practice of race discrimination" in violation of Title VII that affected the terms of his employment (*Roberts* Doc. #28, ¶¶ 59, 63) is incorrect.

Although Roberts spends most of his 22 page opposition discussing the legal standard for res judicata and the alleged cognizability of the claim for this "associational" right itself,[1] his actual argument as to why res judicata should not apply essentially boils down to his unsupported belief that the Title VII and Section 1981 race discrimination claims in this action constitute separate causes of action and are not "identical" to the Title VII and state law race discrimination claims in his earlier action. Courts have rejected similar attempts to evade res judicata. *See, e.g., Banks v. International Union Electronic, Electrical, Technical, Salaried and Machine Workers*, 390 F.3d 1049, 1052-53 (8th Cir. 2005) (rejecting plaintiff's argument that the initial action under Title VII and the second action under the LMRA constitute separate and distinct causes of action and therefore the second action was not precluded by res judicata); *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 38 (2d Cir. 1992) (same), *cert. denied*, 506 U.S. 1053 (1993).

Roberts cites no case in which a claim for "associational" rights was allowed to proceed despite the dismissal of an earlier claim of discrimination and/or retaliation. To the contrary, in the cases Roberts relies upon to support the existence of this alleged "associational" right cause of action, the plaintiffs alleged ***both*** discrimination or disparate treatment directed toward them ***and*** a violation of this alleged "associational" right. *See Palmer v. Occidental Chemical Corp.*, 356 F.3d 235 (2d Cir. 2004). *See also Gray v. Greyhound Lines East*, 545 F.2d 169 (D.C. Cir. 1976) (plaintiffs complained the hiring practices resulted in their own subjection to

---

[1] AK Steel's Motion (Doc. # 47) is based solely on res judicata. AK Steel has not, at this time, moved on the merits or the alleged cognizability of Roberts's claims in Counts III and IV. Whether these claims could state a cause of action is irrelevant to whether they are barred by res judicata. However, it is noted that even Roberts has conceded that the claims he has alleged have not gained universal approval by the courts. (*See* Pl. Opp. p. 18-21 and n.4)

{W0390679.2}                                    2

discriminatory treatment at work). These cases prove the Company's position here that Roberts could, and should, have brought his claims together just as the plaintiffs in those cases did.[2]

Further, Roberts has presented no case in which *any* employment-related claim was allowed to proceed after judgment on a previous employment-related claim during the same time frame. To the contrary, courts repeatedly have barred subsequent employment claims stemming from the same employment relationship as earlier dismissed claims under the doctrine of res judicata, even when the subsequent claims involved different events, so long as the events had occurred before the initial lawsuit. *See Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992), *cert. denied*, 506 U.S. 832 (1992) (discussed in AK Steel's motion p. 8); *Steward v. Gwaltney of Smithfield Ltd.*, 954 F. Supp. 1118, 1122 (E.D. Va. 1996) (plaintiff's earlier suits which asserted broad claims of discrimination during his employment based on race and retaliation encompassed and barred any further claim during his employment), *aff'd*, 103 F.3d 120 (4th Cir. 1996). Roberts agrees that res judicata was appropriate in *Clark* because, in Roberts's words, the lawsuits were "identical" in that "both lawsuits involved [the plaintiff's] employment by the defendant at the identical time period." (Pl. Opp. p. 13, n.2) The same is true here. Both lawsuits involve Roberts's employment by AK Steel at the identical time period. Roberts is precluded from proceeding with his claims in this case.

    B.  <u>Roberts Cannot Survive The Sixth Circuit Test For Res Judicata.</u>

As discussed in AK Steel's motion (Doc. # 47, p. 6), the Sixth Circuit has developed a four prong test for res judicata to apply. Roberts concedes that prongs one and two are met. As discussed below, and in AK Steel's Motion (Doc. # 47, p. 6-9), prongs three and four have also been established.

---

[2] In fact, Roberts filed at least two EEOC charges in which he alleged both that he was subjected to disparate treatment and that AK Steel denied him the right to work in a racially integrated environment. (*See Roberts* Doc. 28, Exhs. S and U) His argument now that the two types of claims can not be brought together is belied by his own actions.

{W0390679.2}    3

        1.       Roberts Could Have Brought The Claims Asserted In Counts III And IV In His Earlier Action.

AK Steel has established prong three of the Sixth Circuit's res judicata test -- Roberts's claims could have been asserted in the earlier action.

Roberts wrongly takes the position that because he decided not to plead an "associational" right to an integrated work environment in his individual case, it could not have been litigated. This ignores a basic tenet of the res judicata doctrine. It does not matter whether the claim was actually pled in the earlier litigation. It matters only whether it could have been pled. *See J.Z.G. Resources Inc. v. Shelby Insurance Co.*, 84 F.3d 211, 214 (6th Cir. 1996) ("The general rule of claim preclusion, or true res judicata, is that a valid and final judgment on a claim precludes a second action on that claim or any part of it. Claim preclusion applies not only to bar the parties from relitigating issues that were *actually* litigated but also to bar them from relitigating issues that could have been raised in an earlier action.").

Roberts filed both actions in the Southern District of Ohio. This case does not allege any facts not in existence at the time the *Roberts* case was filed. In fact, this action was filed over two months before *Roberts* was even filed. Roberts's claims *could* and should have been brought together. *See Sherman v. Ludington*, 1992 WL 158878, 968 F.2d 1216 (Table) (6th Cir. 1992) ("because plaintiff possessed the facts and evidence and had the opportunity to litigate the claims at an earlier date, the doctrine of federal res judicata will be applied"), *cert. denied*, 506 U.S. 1071 (1993).

        2.       Roberts's Claims Of Race Discrimination In Employment In His Earlier Action Share An Identity With His Claims Of Race Discrimination In This Action.

AK Steel also has established prong four of the res judicata test -- there is an identity of claims in both cases. In determining whether an identity of actions exist, courts consider whether the claims are sufficiently related, whether they are based on the same transaction, arise

out of the same nucleus of operative facts and seek redress for the same basic wrong. *Sherman v. Ludington*, 968 F.2d 1216 (Table) (6th Cir. 1992), *cert. denied*, 506 U.S. 1071 (1993). Courts also consider whether the facts are related in time, space, origin or motivation. *Nevada v. U.S.*, 463 U.S. 110, 131 n.12 (1983). Roberts incredulously argues that there is no shared identity between Roberts's race discrimination claims in the earlier action and the race discrimination claims in this action. The claims in this case are the same as, or at least sufficiently related to, the race discrimination claims in *Roberts*, so as to be barred by res judicata here.

    a. Roberts's Own Allegations In His Complaints Establish Identity.

In an effort to avoid the similarities throughout the two complaints that are highlighted in AK Steel's motion (Doc. #47), Roberts argues the Court should ignore his own allegations, the 22 exhibits he attached and incorporated in his amended complaint in *Roberts,* and over 230 paragraphs in the two complaints. Roberts claims that the proper comparison is to compare only the language found in the actual "counts" of the two complaints to determine whether the claims share an identity. (Pl. Opp. p. 10-11) In this manner, Roberts wrongly attempts to limit the inquiry to the language of four paragraphs: paragraphs 43 and 59 of the amended complaint in *Roberts* and paragraphs 156 and 161 of the second amended complaint in *Bert*. Roberts offers no citation of law for this argument and it makes no sense, particularly considering that Roberts incorporated ***all*** of the previous paragraphs of each complaint into the actual counts in both sets of complaints. (*Roberts* Doc. # 28, ¶¶ 42, 46, 50, 62, 66; *Bert* Doc. 45, ¶¶ 155, 160) Even if the Court were restricted to examining only the actual "counts", all of Roberts's allegations cited in AK Steel's motion are incorporated by Roberts into those counts.

Roberts's incorporation of several EEOC charges in *Roberts* that contain the identical hiring allegations he makes here cannot be discounted. He cannot pick certain of the allegations of the charge he will litigate in one case and then save remaining allegations for the second case,

{W0390679.2}        5

which is the theory he proposes to the Court. It is obvious that Roberts viewed these facts to be significant as *he* included and attached them to his complaint in *Roberts* and now relies on the same facts here. In *Sherman v. Ludington*, the plaintiff filed one lawsuit challenging his discharge. During the briefing of that claim, the plaintiff referred to a subsequent telephone conversation. After the plaintiff lost his discriminatory discharge claim, the court determined that his subsequent claims for misrepresentation based on representations made in the telephone conversation were barred by res judicata:

> It is obvious that appellant viewed this particular conversation to be a significant aspect of the facts and evidence necessary to prove the claims alleged in *Sherman* I [as he referenced the conversation in his opposition to summary judgment filed with the Court in *Sherman I*]. It is irrelevant to this Court that appellant intended to use the conversation only as evidence of a discriminatory discharge in *Sherman I*, and not to show intentional and/or negligent misrepresentation. What is relevant, for purposes of federal res judicata, is that the facts and evidence which make up part of appellant's claims in *Sherman I* are the exact same facts and evidence that are necessary to prove his claims in *Sherman II*. ***The principle of federal res judicata is only concerned with whether the claims arise from the same operative facts, not with a particular party's intention regarding their use.*** Based on the pleadings and plaintiff's admitted reliance, this Court can only conclude that the operative facts and evidence which form the basis for the *Sherman II* claims, are an integral part of *Sherman I*.

1992 WL 158878, 968 F.2d 1216 at ** 6 (emphasis added). The same analysis applies here. Roberts included the EEOC charge in the complaint of his earlier action upon which the claims in this case are based. Roberts also included numerous other references to the alleged hiring discrimination in his complaint in *Roberts*. (*Roberts* Doc. # 28, Exh. B at 2; Exh. S at 2, 3; Exh. U at 2, 3-4) It is irrelevant what his purpose was for including it; what is relevant is that these are the same allegations raised in both complaints. Again, he cannot pick or choose which items to litigate and which items to save for later litigation. He gets only one bite at the proverbial apple.

          b.        The Evidence Is Sufficiently Related To Form A Convenient Unit For Trial.

Roberts wrongly argues that there is no identity between Roberts's race discrimination claims in this case and his race discrimination claims in his prior case because, according to Roberts, the witnesses and documents that would be used to prove Roberts's alleged associational claim are different than the witnesses and documents Roberts needed in his individual case. (Pl. Opp. p. 16) This conclusory argument by Roberts is just wrong.

Roberts argues that while his earlier action "was predicated exclusively on his employment at AK Steel," this case is more widely predicated because it involves allegations of hiring practices "that are not exclusively focused on Roberts." (Pl. Opp. p. 3) However, to the extent Roberts seeks to recover for his claims, these claims are exclusively focused on Roberts and the alleged effect on his employment. Roberts's claims in this action do not turn on whether or not there was hiring discrimination -- as someone who was hired he does not have standing to pursue a pure hiring discrimination claim. If there is such a cause of action, his claims turn on the impact or effect of this alleged discrimination on his own employment, as Roberts must show that he himself has suffered injury. In *Gray v. Greyhound Lines East,* 545 F.2d 169, 173 (D.C. Cir. 1976)(cited by Roberts), the alleged injury was the plaintiff's alleged own discriminatory treatment at work in addition to an alleged impact on his psychological well-being. In this case "Robert [sic] complains that AK Steel's unlawful hiring practices created an emotionally and psychologically injurious working environment for him." (Pl. Opp. p. 16) Similarly in *Roberts*, Roberts claimed that AK Steel's conduct in the working environment caused him to suffer emotional distress and mental anxiety. (*Roberts* Doc. # 28, ¶¶ 41, 61, 65)

The evidence required for the two cases is similar. Both actions focus on alleged race discrimination by AK Steel and the alleged impact on Roberts's employment. Information relating to Roberts's employment would be relevant in both; information relating to AK Steel's

attitude toward race would be relevant in both; information relating to Roberts's emotional and psychological well being would be relevant in both.[3]

Contrary to Roberts's assertions now, there is significant overlap in both witnesses and evidence between the two cases. Plaintiffs in this case have taken two depositions, of Phyllis Short and Susan Lester. Short was also deposed in the *Roberts* litigation. Moreover, of the eight individuals deposed in *Roberts*, four have been identified as potential deponents in this case: in addition to Al Roberts himself and Phyllis Short, Plaintiffs have previously requested the depositions of both Dale Gerber and George Armour, who were also both deposed in *Roberts*. (Rogers Dec. ¶ 2)

Roberts's own discovery requests in both cases also demonstrate the overlap. In *Roberts*, Roberts requested all documents that related in any way to the charge Roberts filed with the EEOC in April 1999, which alleged hiring discrimination, and which forms the basis for his claims in this action. (Rogers Dec. ¶ 3, Exh. 1, Doc. Request 17)

To the extent the hiring allegations in this case would require different evidence, it is not significant and does not mean, as Roberts argues, that the claims could not have been brought together. Roberts lumped a number of different events in his earlier action, including suspensions, disciplines, job placements, and terminations. It was not a case about a single discrete employment action, but rather about the whole of Roberts's employment relationship and the various terms and conditions of that relationship. Each of these events would require different evidence, to the same extent as would the hiring allegations under Roberts's theory, yet

---

[3] Roberts wrongly claims that the relief sought in the two cases is different because in *Roberts* he sought reinstatement, which he does not seek here. However, in both cases he sought compensatory and punitive damages. Roberts claims in his opposition that he is also seeking injunctive relief in this action, but in the Second Amended Complaint he seeks only nominal, compensatory and punitive damages. (*Bert*, Doc. # 45, ¶ 159, 164, 165(k)) Moreover, because Roberts is no longer an employee, his individual request for injunctive relief is moot. AK Steel's alleged hiring practices have no effect on him now that he is not an employee.

he added all of these various other claims together. He could and should have added his alleged claims in this action as well.

Moreover, the mere fact that the causes of action will require some different evidence does not preclude res judicata. *See Lane v. Peterson*, 899 F.2d 737, 743 (8th Cir. 1990) ("concededly, some of the claims asserted here would involve some evidence that perhaps was not relevant in *Lane I*….we recognize this; what we take issue with is the conclusion that where the second action would involve proof of some facts that were not operative in the prior suit, res judicata necessarily does not apply"), *cert. denied*, 498 U.S. 823 (1990). Courts repeatedly have dismissed claims based on res judicata that would require some different evidence from the earlier case. For example, in *Banks*, a subsequent LMRA claim was barred by an earlier Title VII claim. The LMRA claim would require proofs different from the Title VII claim: the LMRA claim would focus on evidence that the decisionmaker ignored grievances filed pursuant to a collective bargaining agreement and the Title VII claims would require evidence of discrimination. 390 F.3d at 1052-53. Similarly, in *Spencer v. Thomas*, 87 Fed. Appx. 594, 596 (7th Cir. 2004), the dismissal of an earlier claim of failure to accommodate and retaliation barred a later claim challenging plaintiff's termination as an attempt to make her ineligible for an early retirement benefit. *See also Swaida v. Gentiva Health Services*, 238 F. Supp. 2d 325 (D. Mass. 2002) (retaliation claim based on plaintiff's cooperation with a Department of Labor investigation barred subsequent claim of age discrimination).

In *Spencer v. Thomas*, 2002 WL 31375499 (N.D. Ill. 2002), *aff'd*, 87 Fed. Appx. 594 (2004), the plaintiff brought an action alleging discrimination and retaliation with respect to a suspension and other hostile actions but she did not challenge her termination. When she later brought suit challenging her termination, the court determined that even though the later suit

related to a different event than the acts in the prior action, it was nonetheless barred by res judicata due to the final judgment issued as to the other claims. The court stated that:

> We note at the outset that Plaintiff's position has significant superficial appeal. Her termination was a different event than the other acts she complained of in the prior action. Moreover, that an employer prevails over an employee in one discrimination lawsuit does not immunize future discriminatory acts by the employer from challenge in a court of law. However, Plaintiff, like any other plaintiff in these circumstances, would not just be presenting the fact she was terminated. Obviously that fact alone does not prove her case. Instead, she must present every fact from her employment history that she believes shows the termination was wrongful. Therein lies the problem. All this evidence was available in her first case, as she was terminated before that case was filed. This appears to demonstrate that the cases have a more than sufficient factual overlap for res judicata to apply. *See generally Brzostowki*, 49 F.3d 337, 338-9. Judicial economy is not served by allowing multiple lawsuits presenting essentially the same evidence to prove closely related claims.

*Id.* at *3. A similar analysis applies here. Roberts, in his prior case, presented all the circumstances of his employment. Any facts relating to the impact of the alleged hiring discrimination on him or his employment were known and were available to him at the time he filed that litigation. Judicial economy is not served by allowing these multiple lawsuits.

        c.      Retaliation Claims And The Underlying Discrimination Claims Are, By Definition, Sufficiently Related.

Moreover, Roberts admits that the claims in this case constitute the underlying discrimination claims which formed the basis for his claims of retaliation and discrimination in *Roberts*: "In Roberts' individual suit, he complained of retaliation, including wrongful termination in retribution for his involvement in *Bert*, as well as race discrimination for that involvement." (Pl. Opp. p. 16) Courts have routinely barred later filed retaliation claims based on the dismissal of earlier discrimination claims where the facts supporting the retaliation claim were known at the time of the discrimination suit. *See*, *e.g.*, *Yaba v. Roosevelt*, 961 F. Supp. 611, 623 (S.D.N.Y. 1997) ("A claim of retaliation, based on an incident occurring before the filing of

{W0390679.2}          10

a first action alleging discrimination, can be precluded if not included in that first action. Such claims are precluded because they should have been brought in the first action."); *Anderson v. Abraham*, 214 F. Supp. 2d 1036, 1039-40 (D.N.D. 2002) (same); *Bailey v. USX Corp.*, 658 F. Supp. 279, 282 (N.D. Ala. 1987) (same), *aff'd*, 850 F.2d 1506 (11th Cir. 1988). Such claims are sufficiently related, even though the factual bases may be different, because one claim stems from the other. As the Court stated in *Bailey:*

> The public policy represented by res judicata is one which demands of a litigant that he present in one suit all of the claims which have a common nexus. A plaintiff cannot file piecemeal complaints. Bailey's retaliation claim grew out of his sex discrimination claim. They are closely interrelated. Res judicata is a principle both of judicial economy and of common sense.

658 F. Supp. at 282.

In this case the converse is also true. Roberts's earlier case alleged retaliation stemming from the 1999 EEOC charge he had filed which alleged hiring discrimination. This case now seeks to litigate that underlying alleged discrimination. As in the above cases, his claims of discrimination here are closely interrelated with his earlier claims of discrimination and retaliation. Res judicata bars Roberts's claims in this case.

    d.    <u>The Claims Are Sufficiently Related.</u>

In this case the similarities between the claims are overwhelming. As discussed in detail in AK Steel's motion for summary judgment in this matter, Roberts's earlier action and this action involve the same parties (Roberts and AK Steel); the same transaction (Roberts's employment); the same alleged wrong (race discrimination); the same alleged effect (an impact on Roberts's terms and conditions of employment and emotional state); and the same alleged period of time. They are related in time, space, origin and motivation. Moreover, Roberts's allegations in both complaints are similar in content and rely on the same EEOC charge. Roberts incorporated into his amended complaint in *Roberts* the same EEOC charges that he had filed

which contained the same hiring discrimination claims raised here.  Regardless of whether Roberts's claim for the right to work in an integrated work environment unaffected by race discrimination is a separate cause of action, this claim could and should have been brought together with Roberts's other claims of race discrimination affecting his terms and conditions of employment.  The dismissal of those earlier claims bars Roberts from litigating these claims now.

### III.  CONCLUSION

Counts III and IV of this action, in which Roberts for the second time alleges racial discrimination, are barred by res judicata.  The court's analysis in *Anderson* is equally applicable here:

> In short, the Court concludes that this is perhaps a paradigmatic case for the application of res judicata.  Plaintiff filed a lawsuit in 1999 based on events in 1997.  At that time, he knew he had related claims against the same defendant relating to events which occurred even earlier.  These claims were ripe and ready for adjudication.  He declined to bring them, and a jury heard the entire case and rendered a verdict.  His effort at this point to litigate these claims is barred by res judicata.

214 F. Supp. 2d at 1040.

      For each and all of the foregoing reasons, Defendant AK Steel respectfully submits that Counts III and IV are barred by res judicta and that summary judgment is appropriate.

                Respectfully submitted,

                s/ Gregory Parker Rogers
                Lawrence J. Barty (0016002)
                Patricia Anderson Pryor (0069545)
                Gregory Parker Rogers (0042323)
                Roger A. Weber (0001257)
                Taft, Stettinius & Hollister LLP
                425 Walnut Street, Suite 1800
                Cincinnati, Ohio 45202-3957
                (513) 381-2838
                (513) 381-0205 (fax)
                Trial Attorneys for Defendant
                AK Steel Corporation

Of Counsel:

Stephanie S. Bisselberg
AK Steel Corporation
703 Curtis Street
Middletown, OH 45043-0001

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Susan Donahue, Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama 35203, Paul H. Tobias and David Kammer, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202 and David Sanford, Sanford, Wittels & Heisler, L.L.P., 2121 K Street, N.W., Suite 700, Washington, D.C. 20037

   s/ Gregory Parker Rogers
Lawrence J. Barty (0016002)
Gregory Parker Rogers (0042323)
Patricia Anderson Pryor (0069545)
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
(513) 381-2838
(513) 38l-0205 (fax)