UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | Magistrate Judge Hogan |
| vs. | : | |
| | : | **DECLARATION OF** |
| AK STEEL CORPORATION, | : | **GREGORY PARKER ROGERS** |
| | : | |
| Defendant. | : | |

Gregory Parker Rogers truthfully states that the following is based on his personal knowledge and further truthfully states that he is competent to testify if called.

1. I am a partner at the law firm of Taft, Stettinius & Hollister LLP. I am one of the attorneys representing AK Steel Corporation in both the above-referenced matter, and the earlier matter styled *Allen Roberts v. AK Steel Corporation*, Case No. 1:02 CV 656 ("*Roberts*").

2. Plaintiffs in this action have taken two depositions: the depositions of Phyllis Short and Susan Lester. Phyllis Short was also deposed in the *Roberts* litigation. Earlier in this litigation, Plaintiffs identified both Dale Gerber and George Armour as possible deponents. Both of these individuals were deposed in *Roberts*,

3. In the *Roberts* litigation, Roberts requested all documents that would relate to the charge that he filed with the EEOC in April, 1999. This charge alleged hiring discrimination and forms the basis for Roberts's claims in this action.

Attached as Exhibit 1 are the document requests that Allen Roberts served on AK Steel in *Roberts*.

       I declare under penalty of perjury, that the foregoing is true and correct. Executed on March 14, 2005.

                                                    _____
                                                  Gregory Parker Rogers

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ALLEN ROBERTS,** | : | CASE NO.:  C-1-02 656 |
| | : | |
| **Plaintiff,** | : | JUDGE:         BECKWITH |
| | : | MAGISTRATE:   HOGAN |
| vs. | : | |
| | : | **PLAINTIFF'S REQUEST FOR** |
| **AK STEEL COMPANY,** | : | **PRODUCTION OF DOCUMENTS** |
| | : | **PROPOUNDED TO DEFENDANT** |
| **Defendant.** | : | **AK STEEL COMPANY** |

Now comes Plaintiff, Allen Roberts, by and through his attorneys, Gonzalez, Saggio & Harlan, LLP, 441 Vine Street, 3615 Carew Tower, Cincinnati, Ohio 45202, and requests that Defendant, AK Steel Company, produce the following documents and permit Plaintiff's attorneys to inspect and copy such documents pursuant to Rule 34 of the Federal Rules of Civil Procedure, such production to be made within thirty (30) days from the date of service of this request, at the offices of Plaintiff's attorneys, Gonzalez, Saggio & Harlan, LLP, 441 Vine Street, 3615 Carew Tower, Cincinnati, Ohio 45202.

You are required to produce all documents in your possession, custody or control, or in the possession, custody or control of any and all persons representing you or acting on your behalf, including your attorneys. Further, you are under a duty to supplement your response should you subsequently come into the possession of, or learn of the existence of, additional documents responsive to this request.

## DEFINITIONS

1. "Document" or "documents" refer to any and all items that are in your actual or constructive possession, custody or control, or to which you have access, and means the original

**EXHIBIT**
1

and each nonidentical copy, whether different from the original because of marginal notes or other material inserted therein or attached thereto or otherwise, and drafts and both sides thereof, of any written, printed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including, but not limited to: e-mails, resumes, employment applications, papers, books, letters, correspondence, telegrams, cables, telex messages, memoranda, communications, notes, accounting records, tax records, tax returns, notations, work papers, transcripts, employment records, payroll records, earnings records, W-2's, 1099s, employee benefit records, summary plan and descriptions of employee benefits, employee handbooks, employment contracts, reports and recordings and notes of telephone or other interviews or of conferences or other meetings, affidavits, statements, manuscripts, statutes, regulations, ordinances, media articles, legal papers, summaries, opinions, reports, desk calendars, appointment books, telephone logs, diaries, lists, tabulations, sound recordings, video recordings, computer printouts, data processing input and output, computer tapes, disks or diskettes, microfilms, photographs, motion pictures, tape recordings, charts, accounts, financial statements or reports, and all other records kept by electronic photographic, or mechanical means, and thing similar to any of the foregoing, however denominated.

    2.    "Person" or "persons" means a natural person, a corporation, an unincorporated association, a partnership, or any other form of business, commercial or governmental.

## INSTRUCTIONS

    1.    Each paragraph below shall operate and be construed independently and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

    2.    The documents designated in this Request shall be produced in accordance with

the requirements of Rule 34 of the Federal Rules of Civil Procedure, including the requirement that the documents be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in this Request.

3.  Whenever a document responsive to a particular Request is believed to be privileged from production for any reason, it shall be identified by (a) date; (b) author; (c) addressee; (d) subject matter; (e) all persons who received, handled or saw a copy of the document at any time, or to whom its contents were communicated to at any time, either advertently or inadvertently; (f) why the document is claimed to be privileged from production; and (g) if the privilege asserted arises under Rule 26(b)(3) of the Federal Rules of Civil Procedure, identify the litigation for which the document was prepared.

4.  The Requests should be deemed continuing and you are requested to provide pursuant to Federal Rule of Civil Procedure 26(e)(2), by was of supplementary responses thereto, such as additional information or documents as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your response now given to the Requests below. Supplemental responses and documents are to be served upon Plaintiff's counsel pursuant to Rule 26(e) promptly after receipt of such information or documents.

## Documents Requested

1.  Any and all paycheck stubs or payroll data from January 1, 1999 through September 12, 2002 for Allen Roberts.

**RESPONSE:**

2.  The personnel file for every person identified in your answer to interrogatory number one, including documents relating in any way to disciplinary actions taken against each person and grievances files by each person.

**RESPONSE:**

3.  The personnel file for every person identified in your answer to interrogatory number two, including documents relating in any way to charges filed by the person with the Ohio Civil Rights Commission.

**RESPONSE:**

4.  The personnel file for every person identified in your answer to interrogatory number three, including documents relating in any way to charges filed by the person with the Equal Employment Opportunity Commission.

**RESPONSE:**

4

5. The personnel file for every person identified in your answer to interrogatory number four, including documents relating in any way to charges filed by the person with the Ohio Civil Rights Commission.

**RESPONSE:**

6. The personnel file for every person identified in your answer to interrogatory number five, including documents relating in any way to charges filed by the person with the Equal Employment Opportunity Commission.

**RESPONSE:**

7. The personnel file for every person identified in your answer to interrogatory number six, including but not limited to documents relating in any way to any complaint each person made that he or she had been discriminated against based upon his or her race.

**RESPONSE:**

8. Any and all memoranda, notices, correspondence, guidelines, rules, policies, directives, notes, e-mails, outlines, summaries, proposals, drafts, or other document that sets forth or relates in any way to how AK Steel responds(ed) to and/or handles(ed) a charge of discrimination filed against it with the Equal Employment Opportunity Commission and/or the Ohio Civil Rights Commission between January 1, 1990 and the present.

**RESPONSE:**

9. Any and all agreements, contracts, memoranda, notices, correspondence, guidelines, rules, policies, directives, notes, e-mails, outlines, summaries, proposals, drafts, or other document that sets forth or relates in any way to how AK Steel handles(ed) and/or responds(ed) to rule infractions committed by its hourly paid employees, between January 1, 1990 and January 31, 2003.

**RESPONSE:**

10. The personnel file for every person identified in your answer to interrogatory number nine, including but not limited to documents relating in any way to the grievance filed by each person, the arbitrator's award and the subsequent actions taken by the person to enforce the arbitrator's award.

**RESPONSE:**

11. The personnel file for every person identified in your answer to interrogatory number ten, including but not limited to documents relating in any way to the grievance filed by each person.

**RESPONSE:**

12. Any and all memoranda, notices, correspondence, guidelines, rules, policies, directives, notes, e-mails, outlines, summaries, proposals, drafts, or other document that sets forth or relates in any way to the decision to bypass Allen Roberts for overtime between November 27, 2000 and April 14, 2001.

**RESPONSE:**

13. Any and all memoranda, notices, correspondence, guidelines, rules, policies, directives, notes, e-mails, outlines, summaries, proposals, drafts, or other document that sets forth or relates in any way to the decision to offer the Ladle Car Repairman position to Charles Eckles, not Allen Roberts, on February 7, 2001.

**RESPONSE:**

7

      14.    Any and all memoranda, notices, correspondence, guidelines, rules, policies, directives, notes, e-mails, outlines, summaries, proposals, drafts, or other document that sets forth or relates in any way to the decision to offer Allen Roberts the opportunity to return to work in July, 2000.

      **RESPONSE:**

      15.    Any and all memoranda, notices, correspondence, guidelines, rules, policies, directives, notes, e-mails, outlines, summaries, proposals, drafts, or other document that sets forth or relates in any way to the decision to reduce thee disciplinary action taken against Allen Roberts from a five-day suspension pending discharge to a ten-day disciplinary suspension, regarding the July 12, 2001 allegations against Allen Roberts.

      **RESPONSE:**

16. Any and all memoranda, notices, correspondence, guidelines, rules, policies, directives, notes, e-mails, outlines, summaries, proposals, drafts, or other document that sets forth or relates in any way to the decision not to discipline Allen Roberts for the alleged deficient handling of the maintenance duties at the Basic Oxygen Furnace on July 1, 2001, in exchange for his agreeing he would no longer be eligible to be crew chief.

**RESPONSE:**

17. Any and all memoranda, notices, correspondence, guidelines, rules, policies, directives, notes, e-mails, outlines, summaries, proposals, drafts, or other document that relates in any way to the charge Allen Roberts filed with the Ohio Civil Rights Commission and/or the Equal Employment Opportunity Commission in April 1999.

**RESPONSE:**

18. Any and all memoranda, notices, correspondence, guidelines, rules, policies, directives, notes, e-mails, outlines, summaries, proposals, drafts, or other document that relates in any way to the charge Allen Roberts filed with the Ohio Civil Rights Commission and/or the Equal Employment Opportunity Commission in October 1999.

**RESPONSE:**

19.    Any and all memoranda, notices, correspondence, guidelines, rules, policies, directives, notes, e-mails, outlines, summaries, proposals, drafts, or other document that relates in any way to the charge Allen Roberts filed with the Ohio Civil Rights Commission and/or the Equal Employment Opportunity Commission in July 2002.

**RESPONSE:**

20.    Any and all memoranda, notices, correspondence, guidelines, rules, policies, directives, notes, e-mails, outlines, summaries, proposals, drafts, or other document that relates in any way to Armco's and/or AK Steel's promotion of, discipline of, termination of, and/or employment decisions regarding "African American" or "Black" hourly employees in general, between January 1, 1990 and January 31, 2003.

**RESPONSE:**

21.    Other than any document produced pursuant to responses to requests to produce one through twenty, any and all memoranda, notices, correspondence, guidelines, rules, policies, directives, notes, e-mails, outlines, summaries, proposals, drafts, or other document that relates in any way to "African American" or "Black" hourly employees in general, between January 1, 1990 and January 31, 2003.

**RESPONSE:**

22. Other than any document produced pursuant to responses to requests to produce one through twenty-one, any and all memoranda, notices, correspondence, guidelines, rules, policies, directives, notes, e-mails, outlines, summaries, proposals, drafts, or other document that relates in any way to Allen Roberts, dated between April 1, 1999 and January 31, 2003.

**RESPONSE:**

23. Any and all memoranda, correspondence, directives, notes, e-mails, summaries, proposals, reports, write-ups, work history records, or other document that relates in any way to disciplinary action taken in response to a complaint, charge, allegation or other report of discriminatory behavior based upon race, by an Armco or AK Steel employee, between April 1, 1999 and January 31, 2003.

**RESPONSE:**

11

24. Other than any document produced pursuant to responses to requests to produce one through twenty-three, any and all memoranda, notices, correspondence, guidelines, rules, policies, directives, notes, e-mails, outlines, summaries, proposals, drafts, or other document that was relied upon or referred to in answering the interrogatories or that you identified in your answers to interrogatories.

**RESPONSE:**

25. Any and all documents that relate in any way to benefits Allen Roberts was eligible to receive as of:

a) August 5, 1999; and
b) September 12, 2002; and

for each, produce all documents that relate to the cost incurred by AK Steel to provide said benefit.

**RESPONSE:**

John J. Williams ( 0041466)
Elizabeth Conkin (0064678)
Gonzalez, Saggio & Harlan LLP
441 Vine Street, Suite 3615
Cincinnati, Ohio 45202
Telephone:    513-651-3456
Attorneys for Plaintiff, Allen Roberts

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Plaintiff's First Request For Production of Documents was served by Ordinary U.S. Mail this 5th **day of February 2003** to: Gregory Parker Rogers, Attorney for Defendant, at Taft, Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202.

_____
John J. Williams (0041466)
Elizabeth Conkin (0064678)
Gonzalez, Saggio & Harlan LLP
441 Vine Street, Suite 3615
Cincinnati, Ohio 45202
Telephone:    513-651-3456
Fax No.:    513-651-3446
Attorneys for Plaintiff, Allen Roberts

13