## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **VIVIAN BERT, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. C-1-02-467** |
| | ) | **Judge Beckwith** |
| **AK STEEL CORPORATION,** | ) | **Magistrate Judge Hogan** |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs, through undersigned counsel, move for class certification on behalf of themselves and a class consisting of all black individuals who failed the test administered by the defendant AK Steel's Middletown, Ohio and Ashland, Kentucky facilities for Laborer vacancies and further advancement within the company.

Plaintiffs have satisfied each of the elements of Rules 23(a) and 23(b), Federal Rules of Civil Procedure. There are numerous questions of law and fact common to the class. The challenge to the defendant AK Steel's qualifying test for Laborer vacancies and further advancement will involve a common method of proof and evidence at trial regarding whether the test is racially discriminatory, both as to the putative class and the individual class representatives. Each class representative has been injured by the challenged selection process in the same way as the class they seek to represent, and thus, have claims that are typical of those of the putative class. The class representatives have no conflicts of interest and can provide adequate representation through counsel who have successfully prosecuted similar class actions for many years. The named plaintiffs and class representatives seek the same relief for themselves as they do for the class. The putative class is too

numerous and impracticable to join. Because the class seeks injunctive and declaratory relief that predominates over any monetary relief, certification under Rules 23(b)(2) and 23(b)(3) is appropriate. In the event the Court finds that one class is not maintainable, then plaintiffs request that the Court certify two subclasses based upon AK Steel's Middletown Works and Ashland Works, respectively.

Filed contemporaneously with this Motion is a memorandum of law in support of class certification.

WHEREFORE, PREMISES CONSIDERED, plaintiffs respectfully request the Court to grant their Motion for Class Certification.

Respectfully Submitted,

*/s/ Herman N. Johnson, Jr.*
Robert F. Childs, Jr. (ASB-2223-C-60R)
Herman N. Johnson, Jr.(ASB-3607-R50J)
**WIGGINS, CHILDS, QUINN & PANTAZIS**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 328-0640
(205) 254-1500 (facsimile)

Tobias, Kraus & Torchia, LLP
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (facsimile)

## CERTIFICATE OF SERVICE

I do hereby certify that on October 31, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Gregory Parker Rogers
Lawrence James Barty
Patricia Anderson Pryor
Taft, Stettinius & Hollister, LLP
1800 First Star Tower
425 Walnut Street
Cincinnati, OH 45202
Fax: (513) 381-0205

*/s/ Herman N. Johnson, Jr.*
OF COUNSEL