```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

Vivian Bert, et al,                  :
                                     :     Case No. 1:02-cv-00467
    Plaintiffs,                      :
                                     :
v.                                   :
                                     :
AK Steel Corporation,                :
                                     :
    Defendant.                       :

**ORDER**

Before the Court is Defendant's motion for summary judgment on Counts III and IV of the Second Amended Complaint (Doc. 47). Plaintiffs oppose the motion (Doc. 62) and Defendant has replied (Doc. 64).

Factual Background

Plaintiffs in this action are sixteen African-American individuals who unsuccessfully applied for entry level jobs at AK Steel, and one African-American employee of the company, Allen Roberts. Roberts brings individual claims under Title VII and 42 U.S.C. §1981, alleging that AK Steel has denied Roberts "the right to work in a racially integrated environment free from racial discrimination and the enjoyment of all benefits, privileges, terms and conditions of working in a racially integrated environment . . .". See Doc. 45, Second Amended Complaint at ¶¶ 156 and 161. Roberts filed an EEOC charge on April 7, 1999 complaining about AK Steel's hiring practices, a charge the parties refer to as the "third party" charge. The

motion before the Court seeks judgment on Roberts' individual claims, based on the preclusive effect of a 2004 judgment of this Court in a different case between Roberts and AK Steel.

Roberts worked at AK Steel from 1988 through September 2002, and was an employee at the time the original complaint in **this** case was filed, on June 26, 2002. Approximately three months later, Roberts filed a different complaint with only himself as a plaintiff. That case, Roberts v. AK Steel, No. 1:02-cv-656 (S.D. Ohio 2002), filed on September 13, 2002, alleges retaliation and race discrimination under federal (Title VII) and state law. Roberts alleged in Count I that AK Steel retaliated against him in a series of disciplinary actions, and eventually terminated him, because of his several EEOC complaints, including the "third party" hiring discrimination complaint he filed on April 7, 1999. Count II alleged that AK Steel's decisions to suspend and to discharge him, its opposition to Roberts' application for unemployment benefits, its failure to offer him overtime, its failure to comply with an arbitrator's award favorable to Roberts, and other adverse employment-related conduct were all motivated by racial discrimination. He alleged that similarly situated Caucasian employees were not subject to such discipline. Roberts' complaint did not refer to AK Steel's hiring practices which were the subject of the complaint in this case. (Roberts filed an amended complaint in 2003, adding allegations concerning his termination, which he unsuccessfully challenged under his union grievance procedure, and an Ohio public policy violation

claim.)

Roberts' Rule 26(A) disclosures, filed January 6, 2003, identified 40 possible witnesses, only one of whom is listed concerning the April 7, 1999 third party hiring charge.  AK Steel's witness list, filed August 11, 2003, identified witnesses concerning Roberts' "conduct, employment and discipline" and AK Steel's policies concerning those subjects.  AK Steel's discovery responses objected to Roberts' request for documents relating to the April 1999 third-party EEOC charge as not relevant to Roberts' claims in Case No. 02-656, stating that "Roberts has stipulated that this charge does not claim discrimination against him."  (Doc. 40-4, AK Steel's Response to Document Request No. 17 at p. 6.)

This Court granted AK Steel's motion for summary judgment in Case No. 02-656 in an order dated February 24, 2004 (Doc. 53). Roberts did not discuss his employment-related racial discrimination claims when he opposed AK Steel's motion, and the Court considered them to be abandoned.  The Court granted judgment on the merits of Roberts' retaliation claims.  The only mention of the June 26, 2002 filing of the complaint in **this** case is in the context of discussing Roberts' retaliation allegations, as Roberts argued that AK Steel "must have known" about his participation in this class action lawsuit because of local newspaper coverage.  Roberts' opposition to the summary judgment motion noted that this class action lawsuit was filed "as a direct result" of Roberts' April 7, 1999 third party EEOC charge.

-3-

There was no mention of the status of this case nor of its merits in the Court's order granting judgment.

## **Analysis**

The "res judicata" doctrine generally promotes the finality of judgments and prevents repetitive litigation. In <u>Migra v. Warren City School Dist. Bd. Of Ed.</u>, 465 U.S. 75, 77 n. 1 (1984), the Supreme Court noted that "res judicata" is more precisely described as two different but related concepts: issue preclusion and claim preclusion. Issue preclusion, or direct estoppel, applies to an issue that was actually litigated in a prior action and is essential to the judgment entered in the prior action. Claim preclusion, on the other hand, "refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar." <u>Id.</u> The Sixth Circuit has stated its preference for use of the more precise preclusion language. See, <u>Barnes v. McDowell</u>, 848 F.2d 725, 728 n. 5 (6th Cir. 1988): "We also express our hope that future litigants, in the interests of precision and clarity, will formulate arguments which refer solely to issue or claim preclusion and which refrain from using the predecessors of those terms, whose meanings have become so convoluted." While AK Steel's motion uses the term "res judicata," its arguments and analysis invoke claim preclusion, a term the Court will use in this order.

The elements of claim preclusion are well established: (1) a

-4-

final merits decision by a competent court; (2) a subsequent action between the same parties; (3) an issue in the subsequent action which was litigated or should have been litigated in the prior action; and (4) an identity of the causes of action. Sanders Confectionery Prods., Inc. v. Heller Financial, Inc., 973 F.2d 474, 484 (6th Cir. 1992).

AK Steel argues that all four elements are established here. (1) The Court's judgment in Case No. 02-656 is clearly a final merits decision. (2) This case was filed **before** Roberts' individual complaint in Case No. 02-656, and is not technically a "subsequent action." But given the fact that a judgment was entered first in the later-filed action, the Court will assume for the moment that this element can be satisfied here.

(3) The critical question is whether or not a claim in this case was or should have been litigated in Case No. 02-656, such that claim preclusion applies. The history of No. 02-656 recited above makes it fairly clear that Roberts' "associational" third party claim, based on AK Steel's allegedly discriminatory hiring practices, was not actually litigated in that case. Roberts' racial discrimination claims in 02-656 are laced with references to other employees, and alleged that Roberts was treated differently from similarly-situated Caucasian **employees**. (See, e.g., Doc. 28, Second Amended Complaint at ¶¶43, 47, 59 and 63.) The Court's judgment in that case states that Roberts did not argue his racial discrimination claims in opposition to AK Steel's summary judgment motion, and granted judgment on the

-5-

basis they were abandoned.  There is no indication that AK Steel sought judgment on Roberts' "third party" hiring process claims in No. 02-656 - most probably because all parties knew that those claims were pending in **this** case when AK Steel filed its summary judgment motion in No. 02-656 on December 10, 2003.  Clearly, Roberts' "third party" hiring process claims were not **actually** litigated in Case No. 02-656.

AK Steel then argues that Roberts' hiring claims "should have been" litigated in Case No. 02-656, suggesting that both lawsuits "rely in substantial part on the same 1999 EEOC charge." (Doc. 47, p. 6 n. 3.)  The Court disagrees.  As shown in the facts concerning Case No. 02-656, Roberts' "third party" EEOC charge was mentioned as one of a series of events that Roberts contended prompted AK Steel's retaliatory discipline, suspension and eventual discharge.  The substance of that "third party" 1999 charge was markedly different from the rest of his EEOC charges, which all dealt with specific actions taken against him individually and which Roberts believed were retaliatory and/or discriminatory.

The Court does not view Roberts' complaint in No. 02-656 as an attempt to "split" his claims against AK Steel.  When the initial complaint in this case was filed, Roberts was still employed.  He was not suspended until September 2002, which likely prompted the filing of his individual complaint alleging the various events that took place during the course of his employment.  Fed. R. Civ. P. 18(a) would have permitted Roberts

to join his individual employee claims that he raised in his second lawsuit with his "third party" hiring process claims alleged in this case. Such joinder is of course permissive, but neither party requested the Court to join the claims or to consolidate the two actions for any purpose.

(4) Even if Roberts' "third party" hiring claims "should have been" litigated in his individual employment and retaliation lawsuit (or vice versa), the Court concludes that there is no "identity" of the causes of action. "Identity of causes of action means an identity of the facts creating the cause of action and evidence necessary to sustain each action." Sanders Confectionery Prods., 973 F.2d at 484. The facts upon which Roberts alleged retaliation and employment discrimination all concerned Roberts' own protected activities (e.g., reporting differential treatment, filing EEOC charges, and being named as a plaintiff in this case), and AK Steel's responses to those activities. The facts upon which Roberts alleges his associational right to work in a racially integrated environment all concern AK Steel's allegedly discriminatory hiring procedures. While all of Roberts' claims broadly stem from the fact of his employment, that alone does not create an "identity" of his claims for purposes of claim preclusion.

The Restatement of the Law, Second, Judgments, §24 addresses this question, and states:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished

-7-

> includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
>
> (2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Comment b to this section makes clear that no single factor is determinative, and that "the relevance of trial convenience makes it appropriate to ask how far the witnesses or proofs in the second action would tend to overlap the witnesses or proofs relevant to the first. If there is a substantial overlap, the second action should ordinarily be held precluded."

Based on the record of both cases, the separate treatment of Roberts' "hiring process" associational claims in this case and his individual employment-related claims in Case No. 02-656, apparently conformed to all parties' expectations about these cases. It is also quite likely that the facts underlying the two types of claims may not have made a "convenient trial unit," thus explaining why joinder or consolidation was not sought by any party. And based upon the witnesses and evidence disclosed in Case No. 02-656, and the witnesses and evidence in the record to date in this case, the Court also concludes there is no substantial overlap between the two cases.

## Conclusion

For all of the foregoing reasons, defendant's motion for summary judgment on Counts III and IV of the Second Amended Complaint is denied.

**IT IS SO ORDERED.**

DATED:  May 11, 2006                         /s/
                                    Sandra S. Beckwith, Chief Judge
                                    United States District Court