UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al. | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | |
| v. | : | Magistrate Judge Hogan |
| | : | |
| AK STEEL CORPORATION | : | **DEFENDANT'S OBJECTION TO** |
| | : | **THE ORDER DENYING THE** |
| Defendant. | : | **DEPOSITION OF DONALD** |
| | : | **EDWARDS (DOC. #84) AND** |
| | : | **MOTION TO EXTEND THE TIME** |
| | : | **WITHIN WHICH DEFENDANT** |
| | : | **HAS TO RESPOND TO** |
| | : | **PLAINTIFF'S SUPPLEMENTAL** |
| | : | **MEMORANDUM REGARDING** |
| | : | **MOTION FOR CLASS** |
| | : | **CERTIFICATION** |

Defendant AK Steel Corporation ("AK Steel"), pursuant to Fed. R. Civ. P. 72(a), respectfully objects to the Order issued by the Magistrate Judge denying AK Steel the opportunity to depose proposed class representative Donald Edwards. (Doc. #84) Additionally, AK Steel moves the Court to grant it an extension of time in which to respond to Plaintiffs' Supplemental Memorandum Regarding Motion for Class Certification. (Doc. #81) A Memorandum in support of this Motion is attached.

**MEMORANDUM IN SUPPORT**

**I.    The Deposition of Proposed Class Representative Edwards Is Appropriate Now to Allow This Court to Make an Informed Decision About Whether to Certify A Middletown Subclass**

Donald Edwards and James Greenwood are the only proposed representatives of the Plaintiffs' proposed Middletown subclass of unsuccessful African-Americans test takers. The Magistrate Judge's Discovery Order (Doc. #84) allowed Defendant AK Steel Corporation ("AK

{W0725516.2}                                         1

Steel" or "the Company") to depose newly named proposed class representative Greenwood, but did not allow the Company to depose Edwards because the class discovery period has expired.

The Company submits that the part of the Order denying the Edwards deposition now was erroneous and that Edwards's deposition should be permitted now. AK Steel does not believe that either Greenwood or Edwards can be proper class representatives. Absent a class representative, there can be no Middletown subclass. If AK Steel is correct, such a finding will have a dramatic impact on the future of this matter, both in the litigation and possible settlement.

Concerning Edwards, AK Steel does not believe he is a member of the proposed subclass. The Company's records show he did not take the test at issue during the relevant time. (Doc. #78, p. 18) The Company believes that deposition of Edwards will establish that Edwards is not a class member and therefore cannot be a class representative.

The Court should have this relevant evidence before it when it makes its decision on Plaintiffs' motion for class certification. The Court noted in an earlier Order that: "The Court also has the continuing obligation to alter or decertify either or both of these subclasses, if further discovery and developments should warrant." (Doc. #78 at 16) Absent this evidence, the Court might now make a decision concerning Edwards that it later would be required to reverse once AK Steel takes the deposition of Edwards during the merits phase of discovery. No good reason exists to put the Court and the parties through this process twice. Permitting the deposition of Edwards now would allow the Court and the parties to brief the issue now – with deposition evidence – rather than brief it twice, and have the Court decide it twice. Court permission now to depose Edwards -- outside the class discovery period -- will conserve the resources of the Court and the parties by obviating a later additional round of briefing by the parties and additional decision by the Court.

**II.     AK Steel Asks for Additional Time to File Its Responsive Brief**

AK Steel asks for additional time to respond to Plaintiffs' Supplemental Memorandum on Class Certification (Doc. #81) until after the new deposition(s) are taken.  Currently, the Company's response is due July 3, 2006.  But the Magistrate Judge has given the Company until July 20, 2006 to depose Mr. Greenwood.  Additional time to respond to Plaintiffs' supplemental memorandum would make sense under the circumstances.  Plaintiffs' counsel was asked if there was objection to this request, but no answer has been received.  The Company therefore requests an extension until August 23, 2006 or twenty (20) days after the deposition of Mr. Edwards (should permission be granted), whichever is later.  This request for an extension will not delay any trial in this matter, as no trial dates have yet been set.

Respectfully submitted,

  /s/ Gregory Parker Rogers
Lawrence J. Barty (0016002)
Gregory Parker Rogers  (0042323)
Patricia Anderson Pryor (0069545)
Roger A. Weber (0001257)
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH   45202
(513) 381-2838
(513) 38l-0205 (fax)
Attorneys for AK Steel Corporation

4

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on June 22, 2006 using the Court's CM/ECF system, which will send notice of this filing to Robert Childs, Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama  35203, Paul H. Tobias and David Kammer, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202 and David Sanford, Sanford, Wittels & Heisler, L.L.P., 2121 K Street, N.W., Suite 700, Washington, D.C.  20037

  /s/ Gregory Parker Rogers