UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. C-1-02-467 |
| | ) | Judge Beckwith |
| AK STEEL CORPORATION, | ) | Magistrate Judge Hogan |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION TO
THE ORDER DENYING THE DEPOSITION OF DONALD EDWARDS**

Plaintiffs, through undersigned counsel, hereby submits this Response to Defendant's Objection to the Order Denying the Deposition of Donald Edwards.

Pursuant to its Objection, AK Steel requests a deposition to "allow" the Court to "make an informed decision about whether to certify a Middletown subclass." Dkt. #85 at 1. However, this Court has already created a Middletown subclass, holding in its April 24, 2006, Order regarding plaintiffs' Motion for Class Certification "that creation of two subclasses, one for each plant, would be appropriate at this stage." Dkt. #79 at 16. Indeed, the Court proceeded to define the Middletown subclass in its April 24th Order as "those African-American applicants who took and failed the written AK Steel test within the 300-day period preceding July 9, 2002." *Id*. at 19. Thus, contrary to AK Steel's assertions, this Court has already certified a Middletown subclass, and it is improper at this juncture, over two and a half years after discovery commenced, for AK Steel to request a deposition of plaintiff Donald Edwards.

As succinctly stated by the Magistrate Judge, the Court's creation of subclasses after the

deadline for class discovery has passed does not express an intent to "reopen class discovery to permit the deposition of Mr. Edwards." Dkt. #84. The Magistrate Judge's Order in this regard is well-founded. This Court entered a Calendar Order on January 13, 2003, permitting class discovery until December 1, 2003, and allowing the defendant to take 25 depositions, including half-day depositions of the named plaintiffs. Dkt. #15. Through successive Orders, the class discovery deadline was extended to a final date of August 1, 2005. Dkt. #66. During that more than two and a half year class discovery period – January 13, 2003 to August 1, 2005 – AK Steel did not take **one** deposition of the named plaintiffs, including Donald Edwards, and not even of plaintiffs' expert, Dr. Edwin L. Bradley.

Indeed, the defendant knew as of July 6, 2005, via Dr. Bradley's Rebuttal Report, that its test was the component of the hiring process causing an adverse impact against African-American applicants. *See* Ex. 2 to *Class Cert. Memo.* at 5, 7-8 (Dkt. #71). Therefore, AK Steel had 26 additional days thereafter to depose Mr. Edwards, and the other Applicant Class Plaintiffs, about their claims. However, the defendant chose not to do so. AK Steel's delay is more startling in view of the fact that Mr. Edwards's declaration (Ex. 5 to *Class Cert. Memo.*) was attached to his E.E.O.C. charge filed on July 9, 2002, and thus, the defendant knew of his claims before class discovery was even authorized. Moreover, AK Steel did not even ask to take Mr. Edwards's deposition after the briefing on class certification was submitted, which was not concluded until 2006. It was only after the Court certified two subclasses that the defendant now posits a compelling need to depose Mr. Edwards and purportedly conserve resources. In consideration of the above-referenced circumstances, the defendant's request to depose Mr. Edwards at this juncture is extremely prejudicial and dilatory. The defendant's request only delays progress on merits discovery; it does

not conserve resources.[1]

The defendant states that the Court would be required to make a decision twice about Mr. Edwards if his deposition is not convened until the advent of merits discovery. Dkt. #85 at 2. AK Steel fails to consider that this Court has already 'made a decision' regarding Mr. Edwards. By creating the Middletown subclass, the Court has preliminarily found that Mr. Edwards is an adequate class representative. The Court did not ask for supplemental briefing on Mr. Edwards's adequacy as a class representative. Rather, the Court ruled that if plaintiffs intend to substitute a class representative for Mr. Edwards *in the event* "the facts establish" that he did not take the test within 300 days before July 9, 2002, they must do so now rather than during merits discovery. Dkt. #79 at 18, 19. The Court's allowance of substitution at this juncture was not an invitation to engage in class discovery about Mr. Edwards's adequacy (or even Mr. Greenwood's for that matter); the Court merely sought to prevent the inclusion of new individuals during merits discovery that would delay these proceedings. Indeed, as this Court correctly stated in its April 24th Order, it could "not weigh or make a preliminary determination of the merits of the action" in certifying the subclasses, *see* Dkt. #79 at 9 (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974)), so it has necessarily withheld consideration of Mr. Edwards's claims.

Finally, deposing Mr. Edwards now instead of during merits discovery will not conserve any resources, as claimed by AK Steel. The defendant apparently fails to recognize that the Applicant Class Plaintiffs may prosecute the disparate impact testing claims on either a class basis or an

---

[1] Plaintiffs did not object to the Magistrate Judge's Order allowing the deposition of James Greenwood because he is a new named plaintiff in this case. Nevertheless, allowing the deposition of Mr. Greenwood does not excuse the defendant's prejudicial delay in declining to depose Mr. Edwards until now.

individual basis. *See Isabel v. City of Memphis*, 404 F.3d 404 (6th Cir. 2005) (disparate impact case for four individual plaintiffs); *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971) (disparate impact case for class). Thus, merits discovery in this case will be the same regarding the disparate impact testing claim regardless of whether this case proceeds as a class action or several individual actions. Both involve the same statistical evidence; the same evidence of a protected group failing a test disproportionately; the same evidence regarding business necessity and job relatedness; the same anecdotal evidence of an individual plaintiff taking the test and failing it; and, the same evidence regarding an alternative mechanism with less disparate impact. *See Isabel*, 404 F.3d at 411. Therefore, convening Mr. Edwards's deposition at this juncture will not entail any conservation of resources because the same course of litigation will ensue regardless of whether the disparate impact claim is prosecuted on a class or individual basis.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the plaintiffs respectfully request that the Court OVERRULE defendant's objection to the Magistrate Judge's Order.

Respectfully Submitted,

*/s/ Herman N. Johnson, Jr.*
Robert F. Childs, Jr. (ASB-2223-C-60R)
Herman N. Johnson, Jr.(ASB-3607-R50J)
**WIGGINS, CHILDS, QUINN & PANTAZIS, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 328-0640
(205) 254-1500 (facsimile)

Tobias, Kraus & Torchia, LLP
414 Walnut Street

Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (facsimile)

**CERTIFICATE OF SERVICE**

  I do hereby certify that on July 12, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:


Gregory Parker Rogers
Lawrence James Barty
Patricia Anderson Pryor
Taft, Stettinius & Hollister, LLP
1800 First Star Tower
425 Walnut Street
Cincinnati, OH 45202
Fax: (513) 381-0205


                */s/ Herman N. Johnson, Jr.*
                OF COUNSEL