UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al. | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | |
| v. | : | Magistrate Judge Hogan |
| | : | |
| AK STEEL CORPORATION | : | **DEFENDANT AK STEEL** |
| | : | **CORPORATION'S REPLY** |
| Defendant. | : | **MEMORANDUM IN SUPPORT OF** |
| | : | **ITS OBJECTION TO THE ORDER** |
| | : | **DENYING THE DEPOSITION OF** |
| | : | **DONALD EDWARDS** |

Defendant AK Steel Corporation ("AK Steel") respectfully requests that this Court permit it to proceed with the deposition of Plaintiff Donald Edwards at this time. Plaintiffs have offered no reason why proceeding with this deposition now instead of during the "merits" phase of discovery would be prejudicial or improper.

In this Court's April 24, 2006 Order (Doc. # 79) the Court ordered Plaintiffs to file a supplemental memorandum concerning class certification issues. The Court did not certify a class with Donald Edwards as the named representative. Instead, the Court stated:

> If the facts establish that Mr. Edwards took the AK Steel test within the 300 days prior to July 9, 2002, his claim is timely and he would have standing to sue. If, on the other hand, he took the exam earlier, or if he did not take the AK Steel exam at all, he obviously cannot serve as a typical or adequate class representative.

(Doc. # 79, p. 18) The Court provided Plaintiffs with 45 days to withdraw Edwards as a class representative and identify a new representative.

Plaintiffs have chosen not to withdraw Edwards. Plaintiffs, not AK Steel, have the burden of proof both in terms of class certification and in terms of the merits of the claims. There is no evidence that Edwards was an unsuccessful test taker of the AK Steel test. In his affidavit, he did not claim to have taken a test at AK Steel. He claimed he took a test with Palmer Temps. It is undisputed that AK Steel does not test through Palmer Temps. AK Steel did not depose Edwards during class discovery because there was no evidence that he was an adequate class representative.

AK Steel has the right to depose Edwards during the "merits" phase of discovery. However, as this Court properly has concern whether Edwards could be a class representative, there is no good reason not to allow AK Steel to depose Edwards now.

Were the Court to certify a class, the Court may decertify a class whenever it is evident that class certification is improper. As this Court stated in an earlier Order: "The Court also has the continuing obligation to alter or decertify either or both of these subclasses, if further discovery and developments should warrant." (Doc. #79, p. 16) In this case, certifying a class with a class representative who the Court has recognized may not have even failed the same test as that alleged to have been taken by the purported class members would make little sense. Edwards will be proven not to be a class member, and so cannot be a proper class representative. This issue, to the extent there is one, can be cleared up by deposition.

AK Steel's request does not delay merits discovery. The Court has allowed and Plaintiffs have agreed that Defendant can take the deposition of James Greenwood. Edwards's deposition would be short and can be done as quickly.

For each of the above reasons and those expressed in Defendant's Objection to the Order, Defendant AK Steel Corporation respectfully requests that it be permitted to depose Donald Edwards at this time rather than waiting for the "merits" phase of discovery.

Respectfully submitted,

/s/ Gregory Parker Rogers
Lawrence J. Barty (0016002)
Gregory Parker Rogers (0042323)
Patricia Anderson Pryor (0069545)
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202
(513) 381-2838
(513) 381-0205 (fax)
Attorneys for AK Steel Corporation

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on July 21, 2006 using the Court's CM/ECF system, which will send notice of this filing to Robert Childs, Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama 35203, Paul H. Tobias and David Kammer, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202 and David Sanford, Sanford, Wittels & Heisler, L.L.P., 2121 K Street, N.W., Suite 700, Washington, D.C. 20037.

/s/ Gregory Parker Rogers