```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION


Vivian Bert, et al,            :     Case No. 1:02-cv-00467
                               :
     Plaintiffs,               :
                               :
v.                             :
                               :
AK Steel Corporation,          :
                               :
     Defendant.                :
```

**ORDER**

Before the Court is Defendant AK Steel's combined Objection to the Order of Magistrate Judge Hogan denying the deposition of Donald Edwards, and Motion to Extend Time to respond to Plaintiffs' supplemental memorandum concerning class certification (Doc. 86). Plaintiffs have responded (Doc. 88) and AK Steel has filed a reply (Doc. 89).

As a brief background to this dispute: Mr. Edwards is a named Plaintiff and one of the individuals proposed as a class representative for the disparate impact "testing" claim on which Plaintiffs are seeking certification. AK Steel opposed the class certification motion in part by arguing that Mr. Edwards never took the AK Steel test, and thus was not a class member. Mr. Edwards' EEOC declaration (see Exhibit 5 to Doc. 71) claims that he did take the test. In view of this dispute, the Court permitted Plaintiffs the opportunity to identify a substitute

representative for the proposed class of Middletown applicants. In their supplemental brief on class certification (Doc. 81), Plaintiffs identified James Greenwood as a new representative. Plaintiffs also elected not to withdraw Mr. Edwards. AK Steel then requested depositions of both Greenwood and Edwards. Plaintiffs objected to these depositions because the "class discovery" period expired in August 2005.

The Magistrate Judge resolved this dispute by permitting AK Steel to depose Mr. Greenwood, but denying a "class discovery" deposition of Edwards. AK Steel objects to the Magistrate Judge's order, asserting that Edwards is not a member of the proposed testing class and that permitting his deposition now could establish that fact.

AK Steel did not seek to depose Edwards, nor apparently any other named Plaintiff, at any time prior to the close of the "class discovery" period last year. AK Steel states that it did not depose Edwards because there was no evidence to suggest that he was an adequate class representative. However, Edwards' EEOC declaration does suggest at least "some evidence" that he may be a member of the proposed testing class.

Furthermore, the Magistrate Judge correctly observed that this Court's Order, allowing Plaintiffs to name a substitute representative if they chose to do so, was not intended to re-open an additional period of "class" discovery from plaintiffs

whose identities have been well known to AK Steel for several years. Permitting Greenwood's deposition is an appropriate exception, and is certainly fair to all parties.

The Court also notes the age of this case, and the fact that class certification has not yet been finally determined. (Plaintiffs' assertion that the Court has already certified a subclass for Middletown misapprehends the Court's prior order. The Court ruled that it could not determine whether Plaintiffs can satisfy all of Rule 23's requirements, and requested additional briefing.) Plaintiffs have elected to add Mr. Greenwood as a class representative and to continue with Mr. Edwards, as is their right. They do so with full appreciation of the dispute over whether Mr. Edwards is a member of the class at all.

Finally, the Court notes that class certification is not the appropriate juncture for resolution of factual disputes about an individual plaintiff's claim. AK Steel will certainly be able to challenge Edwards' standing and the merits of his claims after the class certification decision has been made.

AK Steel's objection to the Magistrate Judge's order denying a deposition from Edwards is therefore overruled.

The Magistrate Judge granted AK Steel until July 20, 2006 to depose Mr. Greenwood. AK Steel's response to Plaintiffs'

Supplemental Brief on Class Certification must therefore be filed by August 18, 2006.

    SO ORDERED.

DATED: July 28, 2006             <u>s/Sandra S. Beckwith</u>
                                                 Sandra S. Beckwith, Chief Judge
                                                  United States District Court