UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al. | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | |
| v. | : | Magistrate Judge Hogan |
| | : | |
| AK STEEL CORPORATION | : | DEFENDANT'S MEMORANDUM IN |
| | : | OPPOSITION TO PLAINTIFF'S |
| Defendant. | : | SUPPLEMENTAL MEMORANDUM |
| | : | REGARDING MOTION FOR CLASS |
| | : | CERTIFICATION |

## I. INTRODUCTION

Defendant AK Steel Corporation ("AK Steel" or "the Company") respectfully requests that this Court deny Plaintiffs' Motion for Class Certification. Plaintiffs have now had four years and two opportunities to support their request for class certification. Plaintiffs have failed to do so. Plaintiffs have not shown that the claims they seek to bring are in the interest of the class or that proceeding as a class would serve the purposes of judicial economy. They cannot identify an adequate class representative who has standing and a typical class claim for the purported class in Middletown and they have failed to establish the requirements of Rule 23(a) and (b) with respect to either the purported class in Ashland or the one in Middletown. Plaintiffs' supplemental memorandum (Doc. # 81) fails to establish that class certification is appropriate in this case.

II.  ARGUMENT

    A.    There Is No Middletown Class:  There Is No Class Representative For The Purported Middletown Plaintiffs.

        1.    Greenwood Is Not A Proper Class Representative, His Request To Intervene Should Be Denied.

After four years Plaintiffs are unable to identify any adequate representative of the purported Middletown class.  Plaintiffs now ask this Court to allow James Greenwood to intervene as a class representative.  Greenwood is not a proper class representative.  His request to intervene should be denied.

           a.    Greenwood Did Not File An EEOC Charge; He Does Not Have Standing To Proceed As The Class Representative.

Greenwood does not have standing to represent the purported class.  Greenwood did not file a discrimination charge with the EEOC (or take any other action to pursue any claim against AK Steel in the last five years).  (Greenwood Dep. 20)  "[A] plaintiff has no standing to be named as a class representative unless he or she has filed an EEOC charge in accordance with the law."  *Clayborne v. Omaha Public Power Dist.*, 211 F.R.D. 573, 597 (D. Neb. 2002).  *See also Thomas v. Reno*, 943 F. Supp. 41, 43 (D.D.C. 1996) ("Plaintiff has not exhausted his administrative remedies and cannot serve as class representative"); *Levels v. Akzo Nobel Salt, Inc.*, 178 F.R.D. 171, 179 (N.D. Ohio 1998) ("Also, the named class representative must himself satisfy all jurisdictional prerequisites before a class action can go forward").  *See also* this Court's Order (Doc. # 79, p. 19)  ("The putative class members need not have filed their own charge concerning the AK Steel written test so long as the class representative had timely done so.").  Greenwood did not file a charge.  He does not have standing to act as a class representative.

    b.  Greenwood Does Not Have Standing To Pursue Injunctive Relief.

Plaintiffs seek injunctive relief and seek class certification under Rule 23(b)(2). Greenwood cannot represent the purported class in this case because he does not have standing to seek injunctive relief. "A civil rights plaintiff seeking prospective injunctive relief must demonstrate a 'real or immediate' threat of future injury." *Drayton v. Western Auto Supply Co.*, 2002 WL 32508918, *4 (11th Cir. 2002) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)). *See also Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1007 (11th Cir. 1997). Greenwood has submitted no claim or evidence that he will be discriminated against in the future. He has not applied or expressed an interest to apply to AK Steel since 2001. He has been fully employed at a higher level position at another company since 1987 than the one he applied for at AK Steel. (Greenwood Dep. 5) In response to the question: "Do you have an interest today in becoming a laborer at AK Steel Middletown Works, employees represented by the AEIF" he replied: "Well, I don't know if a laborer at AK could handle my status right at this point. Like I say, I'm a manager of eight." (Greenwood Dep. 19) Greenwood does not allege a real and imminent threat of future injury or discrimination. He lacks standing to pursue a Rule 23(b)(2) class action for injunctive relief.

    c.  Greenwood Does Not Share The Same Interests With The Purported Class; His Claims Are Not Typical And He Cannot Fairly And Adequately Represent The Class.

Even if Greenwood had standing to represent a class, Greenwood does not satisfy the third or fourth requirements of Rule 23(a). His claim, to the extent he has one, is not typical of the alleged claims of the class and he does not share the same interest in the litigation as would members of the class such that he could adequately represent these absent members.

{W0754596.2}    3

Greenwood seeks to represent a class of individuals who were not provided employment at AK Steel as entry level laborer reserves after they failed a pre-employment test. Greenwood is a manager at another company, Square D. He has worked at Square D since 1987. (Greenwood Dep. 5) In 2001, when he learned that Square D was shutting down a plant, he applied for a management or technical position at AK Steel. (*Id.* at 14, Ex. 3) Although Greenwood claims to have taken and failed an entry-level test at AK Steel, he testified that when he failed the test, Jessica Hicks, who was involved in hiring at AK Steel, recommended that he talk to the individuals in charge of hiring professionals at AK Steel. (*Id.* at 17) Greenwood chose not to follow-up on or pursue this opportunity and instead dropped out of the process, because he had learned that he would continue to have his job with Square D. (*Id.*)

Unlike other purported class members, Greenwood has been fully employed at Square D, at a higher rate of pay and higher level position, both before and after his application to AK Steel. He has no personal interest in the relief requested by the purported class. He has no claim for back pay or interest in reinstatement. (Greenwood Dep. 19)

In response to the question about why he wanted to become part of this lawsuit, he testified:

> "Well, I feel that at this point in time, you know, I lived in Middletown all my life and I know what goes around. And the minority at AK Steel - - AK is very minimum, very minimum. And if there's some way for me to open the doors to make it easier for my brother or my three best friends that tried to get hired at AK that couldn't, I'll help in any way I can to do what I have to do."

(Greenwood Dep. 21-22) Greenwood cannot fairly and adequately represent the purported class. Greenwood's stated purpose in joining this lawsuit is to open the door for his brother and three best friends who allegedly were not hired by AK Steel. But, his brother would not even be part

of the class that Greenwood is supposedly seeking to represent. Greenwood testified his brother did not even take the test. He was screened out before the test. (*Id.* at 21-22)

Greenwood's interests are not aligned with that of the purported class. He does not have a personal stake in this matter substantial enough to prosecute this action vigorously on behalf of absent class members. In fact, his decision not to file a charge or otherwise pursue any action in the five years since his alleged application establishes that he cannot adequately represent the interests of the purported class. *See Rhoades v. Jim Dandy Co.*, 107 F.R.D. 26, 30 (N.D. Ala. 1985) (denying motion to intervene because failure to file EEOC charge indicates lack of interest and belief in alleged cause of action). His claim, to the extent he has one, is not typical of the alleged claims of the class and he is not an adequate representative of the class. Any request by him to intervene to represent the class should be denied.

2.      Edwards Is Not An Appropriate Class Representative.

Plaintiffs ask this Court to certify a class of individuals who were denied hire at AK Steel's Middletown Works because they failed the pre-employment test. Edwards cannot serve as a representative for that purported class -- he cannot show that he is a member of that class. There is no evidence that he failed the test at issue here. "Where the class representative's individual claim lacks merit, that representative cannot be allowed to represent the interests of a class." *Clayborne*, 211 F.R.D. at 597 (citing *East Texas Motor Freight Syst., Inc. v. Rodriguez*, 431 U.S. 395 (1977)). *See also Bacon v. Honda of Am. Mfg.,* 370 F.3d 565, 572-73 (6th Cir. 2004) (plaintiffs did not have typical claim where defendant could assert legitimate reason for not promoting them that was not available against other class members), *cert. denied*, 543 U.S. 1157 (2005); *Hardin v. Harshbarger*, 814 F. Supp. 703, 708 (N.D. Ill. 1993) ("Further it is settled law that the presence of even an arguable defense against the named plaintiff that is not

applicable to the proposed class, or in this case subclass, can vitiate the adequacy of named plaintiff's representation").

In this case, Edwards's claim suffers from more than just a "unique defense" which, if he were a class member, might prevent him from recovery. Here, the issue is whether he is even a member of the purported class -- an issue that was raised by AK Steel in November 2005. Plaintiffs have done nothing to satisfy their burden under Rule 23 that Edwards has a typical claim and would make an adequate representative of a class that claims to have been denied hire because they failed AK Steel's test.

Plaintiffs have the burden of proof and must establish each of the prerequisites of Rule 23 by a preponderance of the evidence. *In re American Medical Sys. Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996); *Ilhardt v. A.O. Smith Corp.*, 168 F.R.D. 613, 617 (S.D. Ohio 1996). As the Sixth Circuit stated in *American Medical Sys.*, a district judge must "probe behind the pleadings" before concluding that the elements of Rule 23 are met. 75 F.3d at 1082, 1084 (court erred in certifying a class without requiring plaintiffs to submit persuasive evidence to show Rule 23(a) factors were met). The court "must rigorously analyze the Plaintiffs' allegations and evidence under Rule 23 because actual, and not assumed compliance with Rule 23 requirements is indispensable." (Doc. # 79, p. 10)

Under this standard, Plaintiffs must establish by a preponderance of the evidence that Edwards has a claim typical to that of the class and that he would make an adequate class representative. *Bacon*, 370 F.3d at 572. As this Court stated, if Edwards took the AK Steel test more than 300 days prior to July 9, 2002 or "if he did not take the AK Steel exam at all, he obviously cannot serve as a typical or adequate class representative." (Doc. # 79, p.18) While there may be a dispute whether Edwards took the test in the relevant period, there is no claim and

no proof that he failed the test in the relevant period. He is not a member of a class of failed test takers. Plaintiffs have the burden in this regard and Plaintiffs have offered no evidence, not even testimony by Edwards, that he is a member of, and has a claim typical to, that of the purported class, i.e. that he was not hired because he failed the AK Steel pre-employment test.

The only statement or testimony offered by Plaintiffs in support of their claim that Edwards has a typical claim is the affidavit Edwards submitted to the EEOC in July 2002 in which he was complaining about an alleged application in January 2002 for which he was allegedly not offered the opportunity to test. In this affidavit, he claims only that in August, 2001 he "took an aptitude test and was interviewed by a white male Palmer Temp representative" and then he never heard back. (Edwards Aff. attached to Doc. #70, Pl. Motion for Class Certification) Even if the test he claims to have taken with Palmer Temp were the AK Steel test at issue here, ***there is no evidence that he failed the test***. While Edwards claims that he took a test, there is no evidence he failed the AK Steel test. Merely taking the test does not make him a class member. Edwards does not claim he failed this test or that anyone told him he failed this test. AK Steel has no record of him taking or failing the test. (Doc. # 73, Short Dec. ¶ 13) The undisputed evidence is that Edwards never heard back from AK Steel, not because he failed a test, but because AK Steel never received his application and had no record of him testing. Plaintiffs' request that this Court certify a class, with Edwards as the sole representative, who Plaintiffs still, after four years of litigation, cannot establish is even a member of the purported class, should be denied.[1]

---

[1] Moreover, Edwards's charge filed on July 9, 2002 is not timely with respect to an alleged test in August 2001. Because he did not file a timely EEOC charge with respect to the alleged test, he does not have standing to pursue this Title VII claim on behalf of a class who claim to have failed the test.

      B.      Plaintiffs Have Not Satisfied The Requirements Of Rule 23(a)(4) Or 23(b)(2) Or (b)(3); Certification Is Not Appropriate.

Even if Plaintiffs could establish the existence of a Middletown class representative, class certification is inappropriate. Plaintiffs have not established the prerequisites required for certification under Rule 23(a) and 23(b) for either a Middletown class or an Ashland class despite this Court's provision of a second opportunity for Plaintiffs to support their request for class certification.

      1.      Plaintiffs Are Not Adequate Representatives Of A Class.

           a.      Plaintiffs, Who Have Waived Their Ability (And The Ability Of The Class) To Seek Certain Damages, Are Not Adequate Representatives.

Class certification is inappropriate because Plaintiffs' actions in this litigation demonstrate that they cannot fairly and adequately represent the claims of the absent purported class members. Rule 23(a)(4) allows certification only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). "This prerequisite is essential to due process, because a final judgment in a class action is binding on all class members." *In re American Medical Sys.*, 75 F.3d at 1083.

Plaintiffs initially raised disparate treatment and disparate impact claims on behalf of a purported class of all applicants. (Doc. ## 1, 45) They then limited the class claims to disparate impact claims on behalf of those applicants who failed the pre-employment test, retaining disparate treatment claims for themselves. (Doc. # 70) Now they seek to dismiss the disparate treatment claims of the purported class representatives and retain them only for the non-class representative plaintiffs (the "Other Plaintiffs"). (Doc. # 81)

Plaintiffs' actions demonstrate that they are not adequate representatives who can fairly and adequately represent the interests of the absent class members. Plaintiffs have given up the

disparate treatment claims described in the Second Amended Complaint for the class, yet continue to pursue these same claims for the Other Plaintiffs. If these claims have any validity,[2] as apparently counsel and the Other Plaintiffs think they do, why have the class Plaintiffs dropped these claims for themselves and the class members? It is nothing more than a simple attempt to manipulate the claims of the class members, at any cost, in order to obtain class certification.

By insisting upon bringing a class action allegedly seeking only equitable relief, Plaintiffs effectively seek to waive the rights of the class members to subsequently litigate pattern or practice disparate treatment claims or other claims sharing common factual issues, along with the accompanying right to seek compensatory and punitive damages. After litigating the disparate impact claim, Plaintiff and the proposed class members would be unable to litigate the pattern or practice disparate treatment claims that Plaintiffs originally alleged on behalf of the class and which the Other Plaintiffs still intend to pursue individually, without running afoul of the Seventh Amendment and res judicta and collateral estoppel (if attempted in a subsequent action). *See Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 425 (5th Cir. 1998) ("The claims for injunctive relief, declaratory relief, and any equitable or incidental monetary relief cannot be litigated in a class action bench trial (in the same case prior to certification of any aspects of the pattern or practice claim) without running afoul of the Seventh Amendment. Nor may they be advanced in a subsequent class action without being barred by res judicata and collateral estoppel because all of the common factual issues will already have been decided, or could have been decided, in the prior litigation") (citations omitted).

---

[2] AK Steel disputes that there is any validity to these disparate treatment claims or to the Plaintiffs' current disparate impact claims.

Plaintiffs' release of these claims and the potential for recovery of damages for the class members while the Other Plaintiffs pursue these same claims raises an issue as to the adequacy of their representation. Courts have refused to certify classes in similar circumstances where plaintiffs put individual claims of the class members at risk for subsequent preclusion. As the Eleventh Circuit stated in response to a similar offer by a group of plaintiffs seeking to certify a class by foregoing damages:

> "to the extent the named plaintiffs were willing to forego class certification on damages in order to pursue injunctive relief that consisted of an admonition to follow general principles of settled law, it is far from clear that the named plaintiffs would adequately represent the interests of the other putative class members. Indeed, to many of the class members (and especially to those who no longer work for the defendants), the monetary damages requested might be of far greater significance than injunctive relief, stated at a high order of abstraction, that simply directs the defendants not to discriminate."

*Cooper v. Southern Co.*, 390 F.3d 695, 721 (11th Cir. 2004), *cert. denied*, 126 S. Ct. 478 (2005). *See also Colindres v. Quietflex Mfg.*, 235 F.R.D. 347, 375-76 (S.D. Tex. 2006) (plaintiffs who agreed to forego compensatory damages in Title VII claim to increase likelihood of class certification were not adequate representatives); *Hall v. ITT Financial Serv.*, 891 F. Supp. 580, 582 (M.D. Ala. 1994) (finding question as to whether class representative who unilaterally restricted recovery of all class members was an adequate class representative); *Hodgins Moving & Storage Co. v. American Exp. Co.*, 292 F. Supp. 2d 991, 1001 (M.D. Tenn. 2003) (plaintiff's restriction of own damages raises question as to ability to adequately represent class: "If Hodgins does not seek the full amount of potential damages for itself, a question may exist as to whether it will zealously seek all possible damages for the class members it represents"); *Ardoin v. Stine Lumber Co.*, 220 F.R.D. 459, 466 (W.D. La. 2004) (counsel did not adequately represent class where claims were split and re-split solely in pursuit of obtaining class certification); *Vance*

*v. City of Nacogdoches, Tex.*, 198 F. Supp. 2d 858, 861 (E.D. Tex. 2002) (expressing concern that the class representatives of class alleging disparate impact Title VII claims were not pursuing the full measure of damages available, which could have "potential preclusive effect on individuals who fail to opt-out."); *Zachery v. Texaco Exploration & Prod., Inc.*, 185 F.R.D. 230, 244-45 (W.D. Tex. 1999) (denying certification of class where class representatives who chose to drop their compensatory and punitive damages claims to aid certification of injunctive claims were not adequate representatives).

Plaintiffs (or Plaintiffs' counsel) have demonstrated in this litigation that they are willing to trade off anything (including named Plaintiffs who have been carved out of the litigation, damages and disparate treatment claims) to attempt to create a class action, likely in an effort to force a settlement by the threat of the burdensome class litigation procedure. The Fifth Circuit rejected a similar "certification at-all-costs approach" in *Allison*: "we should not condone a certification at-all-costs approach to this case for the simple purpose of forcing a settlement. Settlements should reflect the relative merits of the parties' claims, not a surrender to the vagaries of an utterly unpredictable and burdensome litigation procedure." *Allison*, 151 F.3d at 422, n.17.

There is no reason to believe that Plaintiffs' certification-at-all-costs approach in this case, by which they hope to obtain injunctive relief with respect to AK Steel's hiring process (which has seen no utilization in years at Middletown) while potentially precluding monetary relief for the class members, is a fair and adequate representation of the interests of the purported class members. ***If*** there were any validity to Plaintiffs' claims, it is hard to fathom how one could reasonably conclude that injunctive relief, i.e., changing a test for future applicants (if and

when AK Steel conducts hiring), would be a better result for the class members than allowing them to pursue claims for damages.

                b.      There Is A Conflict Between The Applicant Class Plaintiffs And The Other Plaintiffs.

Plaintiffs' tactics in this case have created a conflict between the Other Plaintiffs, who are now excluded from the class, and who now claim to seek recovery under a disparate treatment theory and the class members who have dropped the disparate treatment claims, both of whom are represented by the same counsel in the same action.

Plaintiffs concede that there is a conflict between the purported class and the Other Plaintiffs and request that the Other Plaintiffs be severed into a separate action to avoid this conflict and the problems under the Seventh Amendment to the U.S. Constitution. This does not eliminate the conflict.

"[T]he responsibility of class counsel to absent class members whose control of the attorneys is limited does not permit even the 'appearance' of divided loyalties," and the "appearance of divided loyalties includes both differing and potentially conflicting interests, not merely instances actually manifesting such conflict." *Bacon v. Honda of Am.*, 205 F.R.D. 466, 482 (S.D. Ohio 2001), *aff'd*, 370 F.3d 565 (6th Cir. 2004) (citing *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1465 (9th Cir. 1995)). In *Bacon*, the court denied class certification because plaintiffs failed to establish adequacy of representation stating:

> "In the instant case, while some of the relief sought by the Hoffman class may also inure to the benefit of the proposed class in this case, the fact that class members from these two proposed classes may be seeking the same job assignments or promotions, which are limited in number, would be sufficient to create concern on the part of the male members of the African-American class that counsel may not be pursuing their interests as rigorously in the conduct of the action or in settlement negotiations as they are the interests of the female Hoffman plaintiffs. One possible remedy for this situation would be the retention of new class counsel by

> either the Hoffman plaintiffs or the plaintiffs in this case. However, it is unknown whether the named plaintiffs in either case would be willing to retain new counsel at this stage, when the proceedings and discovery in both cases are well advanced. Such a course of action would likely result in the further delay of this case and a postponement of the current trial date."

Similarly, the court in *In re Microsoft Corp. Antitrust Litigation*, 214 F.R.D. 371, 379 (D. Md. 2003), stated:

> "As to the question of fairness and adequacy of representation, I believe I would be creating a conflict of interests—or at least an apparent conflict of interest—between the relatively small monetary damages class I am certifying and the extremely large nationwide injunctive class whose additional certification plaintiffs seek. At least some members of the monetary damages class might, as events unfold, be interested in a compromise resolution that would be acceptable to Microsoft while the injunctive class might contain members who would be willing to accept nothing less than a full range of conduct remedies that Microsoft would vigorously contest. Accommodation of these potentially conflicting interests might well prove impossible, and the class representatives (and their counsel) might be put to the choice of either not pursuing a settlement that would be in the interest of the class members with monetary claims or appearing to use the leverage provided by the nationwide injunctive class to achieve a monetary settlement that leaves some members of the injunctive class disgruntled. Accordingly, I find that DeJulius, Dieter, and Leach—the representatives of the monetary damages class—are not fair and adequate representatives of a nationwide injunctive class."

*Id.*

Similarly here, Plaintiffs' counsel seek to represent both (a) a class of individuals now seeking only equitable relief and (b) eight Other Plaintiffs, who have been carved out of the class. Counsel has conflicting allegiances. Where there is a finite amount of settlement dollars and a finite number of jobs at issue, counsel may have to advance the interests of one group at the expense of the others. As in *Microsoft*, this may place them in the position of choosing between pursuing a settlement in the interest of the class or using the injunctive class as leverage

to achieve a monetary settlement for the named individuals leaving members of the class disgruntled. In addition, both the class and the Other Plaintiffs (those who did not fail the test) seek employment at Middletown Works as a remedy. There are a finite number of jobs at issue under a shortfall analysis. If the Other Plaintiffs are successful on their claims, then the shortfall (and backpay) will be diminished by that number for the class. This conflict is not eliminated by the cosmetic change of separating the two cases on the docket.

    2.    <u>Plaintiffs Have Not Satisfied Rule 23(b).</u>

Even if Plaintiffs had established by a preponderance of the evidence the requirements of Rule 23(a), i.e., that the proposed class was so numerous as to make joinder impracticable, that Plaintiffs possessed a claim common and typical of the alleged claims of the class[3] and that the named Plaintiffs and their counsel could fairly and adequately represent the interests of the absent class members, certification would still be inappropriate because Plaintiffs have not established that injunctive relief is the predominant relief sought under Rule 23(b)(2) or that a class action is the superior method of proceeding under Rule 23(b)(3).

    a.    <u>Plaintiffs Have Not Satisfied Rule 23(b)(2); Injunctive Relief Is Not The Predominant Relief Sought.</u>

Plaintiffs have not established that injunctive relief is the predominant (and preferred) relief sought by the class they seek to represent. Rule 23(b)(2) requires the Court to conclude that members of the class would ultimately rather have defendant enjoined from further conduct of this type than be compensated for damages for prior injury. Injunctive or declaratory relief must be the predominant relief that the class (not just the purported class representatives) seek. *See* F.R.C.P. 23(b)(2) (advisory committee notes); *Hoffman v. Honda of Am. Mfg., Inc.*, 191

---

[3] Plaintiffs' failure to establish the first three elements is addressed in Defendant's Memorandum in Opposition to Plaintiff's Motion for Class Certification (Doc. # 73) and Surreply (Doc. # 77).

F.R.D. 530, 535-36 (S.D. Ohio 1999) (23(b)(2) class is inappropriate when class is not primarily interested in injunctive or declaratory relief). Plaintiffs cannot make this showing. In fact, eight of the named Plaintiffs now claim to be pursuing damage claims instead of seeking a class action.

Plaintiffs have identified one individual in the purported Middletown class (a class which Plaintiffs claim is so numerous that joinder would be impracticable), Greenwood, who is willing to make this choice for an injunction.[4] Greenwood may make this choice, because he did not suffer any loss by AK Steel's actions and did not even pursue another opportunity offered by AK Steel. However, it is a leap to assume that others who were not hired at AK Steel would prefer an injunction, i.e., that the test be changed for future applicants. An injunction would do little to assist class members. AK Steel has done no hiring at Middletown using the test in nearly three years. There are limited opportunities for reinstatement.[5] *See Thorn v. Jefferson-Pilot Life Ins.*, 445 F.3d 311, 331 (4th Cir. 2006) (certification under (b)(2) not appropriate where members of the proposed class would not benefit from injunctive relief). Plaintiffs' request for injunctive relief under these circumstances does not predominate over Plaintiffs' request for monetary damages in the form of back pay. *See id* at 331-32.

Moreover, Plaintiffs' claim for back pay in this case further demonstrates that a (b)(2) class in inappropriate. "[T]he underlying premise of (b)(2) certification -- that the class members suffer from a common injury that can be addressed by classwide relief -- begins to break down when the class seeks to recover back pay or other forms of monetary damages to be allocated based on individual injuries." *Coleman v. General Motors Acceptance Corp.*, 296 F.3d

---

[4]   As discussed above, Greenwood does not have standing to make this choice.
[5]   Even had Plaintiffs been hired, many such laborers have been laid off since their applications. In Middletown, all hourly employees have been locked out since March 1, 2006.

443, 448 (6th Cir. 2001) (quoting *Eubanks v. Billington*, 110 F.3d 87, 95 (D.C. Cir. 1997)). When back pay has been allowed under a (b)(2) analysis the court has done so because it generally involves less complicated factual determinations and fewer individualized issues. *See Reeb v. Ohio Dept. of Rehab. & Correction*, 435 F.3d 639, 650 (6th Cir. 2006). This is not the case here. Even if Plaintiffs could show that individuals had been discriminatorily screened out by the test, correcting the alleged discriminatory impact of the test would not result in an award of back pay to the class. There were still several other hurdles (which Plaintiffs do not contend were discriminatory) which individuals had to pass before they would be eligible for hire (and, therefore, back pay). Only approximately 42% of those who pass the test are hired. For example, individuals needed to pass a background check, have a good driving record, pass a physical and be among those selected in an interview. Back pay in this case is not a damage that flows directly to the class as a whole. *See id.* (a "critical factor" in the (b)(2) analysis is whether relief requested will require individualized calculations or if the relief will be calculable on a class-wide basis). Many of the proposed class would have been objectively screened out for other legitimate reasons and never hired.

In an attempt to avoid these individualized issues, Plaintiffs propose that a shortfall back pay calculation be used, reduced by the mitigation amount of the interim earnings of the class members, and distributed pro rata among the class members.[6] This creates a windfall for individuals who would not have been hired by AK Steel based on background checks, driving records or physical exams. It also creates a windfall for individuals like the proposed

---

[6] Plaintiffs cite two cases in alleged support of this type of pro rata distribution. These cases allowed a pro rata distribution when it was impossible to determine who would have been hired or not hired. Unlike the circumstances in the two cases cited by Plaintiffs, in this case, the many objective criteria utilized by AK Steel in its multi-stepped hiring process would make it possible to determine who in the class would not have been hired (and therefore not eligible for relief).

representative Greenwood who suffered no loss of pay during the period and is entitled to no back pay.

Injunctive relief is not the predominant relief sought in this case. The proposed class is not so homogenous that the relief sought would flow to them as a whole. *See Reeb*, 435 F.3d at 649-50.

      b. Plaintiffs Have Not Satisfied Rule 23(b)(3); A Class Action Is Not The Superior Method Of Proceeding.

Plaintiffs also have not established that they satisfy Rule 23(b)(3). In order to satisfy Rule 23(b)(3), Plaintiffs must establish that common issues predominate and a class action is a more superior method of proceeding than individual lawsuits or joinder. The single alleged common issue in this case (failing the test) is not sufficient to support a class action where individual issues concerning back pay, reinstatement and even whether injury occurred will be required. Both Edwards's and Greenwood's own situations demonstrate the predominance of individual inquiries. Neither of them would be entitled to recover based on their own individual circumstances. Greenwood has been fully employed and has no entitlement to back pay. AK Steel never received Edwards's alleged application or test. Even if these individuals were allowed to represent the class, their own individual circumstances predominate their claims.

Moreover, a class action in this case is not superior to individual suits and/or joinder. The Sixth Circuit has admonished that "the purposes of the class action suit are judicial economy and the opportunity to bring claims that would not be brought absent the class action forum because it might not be economically feasible to bring them as individual claims." *Reeb v. Ohio Dept., of Rehab. And Correction*, 435 F.2d 639, 650 (6th Cir. 2006). Neither of these purposes are served here. Since the 1991 amendments, Title VII claims no longer require the inducement of a class action to make it economically feasible to bring an individual claim. *Id.* ("There is

certainly no lack of individual plaintiffs lining up to bring Title VII actions as any cursory search on Lexis Nexis or Westlaw will illustrate"). And in this case, Plaintiffs' proposed plan of litigation demonstrates that judicial economy is not served by a class action.

Plaintiffs already seek to split the case into two cases with the eight Other Plaintiffs in one and the class Plaintiffs in another. The class claims are then split into two subclasses with the Ashland class attempting to prove a disparate impact case with respect to the entire hiring process and the Middletown class attempting to prove a disparate impact case with respect to the test. Plaintiffs then seek to bifurcate each of these class claims with the liability phase adjudicated separately from the damages phase, which would require individualized determinations. Plaintiffs' suggestion that the case be tried in multiple parts demonstrates that class action is not a superior method of proceeding. This is not a large class to begin with. If the cases need to be split up and tried in multiple parts there is no benefit to the class process.

There is no evidence that a class action will conserve more judicial resources than joinder of the Plaintiffs in one action. In fact, in Ashland, all of the individuals whom Plaintiffs claim have failed the test have already been joined in this action. There is no sense in an Ashland class. All "class members" have already been joined as named Plaintiffs.

Moreover, the factors set forth in Rule 23(b)(3) establish that class certification under (b)(3) is not appropriate. There is a substantial interest in class members individually controlling the prosecution of their own actions, particularly in light of the potential relinquishment of damage claims. There is no pending litigation concerning the same controversy threatening inconsistent results. There is no evidence that the Court would be the forum of choice for absent class members. (In Ashland there are no class members other than named Plaintiffs.) Further, the difficulties likely to be encountered in the management of this class action are considerable

where there are overlapping individual claims represented by the same counsel, where there is a potential for preclusion of individual damage claims, where there are Seventh Amendment issues, and where there are individualized issues relating to the relief afforded the class, including back pay and reinstatement issues.

Plaintiffs have set forth no evidence (let alone a preponderance of the evidence) as to how a class action is a superior method for proceeding in an action in which the purported class is only (by Plaintiffs' own calculation) 17 individuals in Middletown and 13 individuals in Ashland.  (Doc. # 75, Bradley Declaration ¶ 7; Doc. # 71 at 18)  Joinder is possible and practicable and would be as efficient or more so than the multi-case, bifurcated plan proposed by Plaintiffs.

### III.  CONCLUSION

For each and all of the foregoing reasons and those in Defendant's Opposition to Plaintiff's Motion for Class Certification, Defendant AK Steel Corporation respectfully requests that this Court deny Plaintiffs' Motion for Class Certification.

                Respectfully submitted,

                /s/ Gregory Parker Rogers
                Lawrence J. Barty (0016002)
                Patricia Anderson Pryor (0069545)
                Gregory Parker Rogers  (0042323)
                Roger A. Weber (0001257)
                Taft, Stettinius & Hollister LLP
                425 Walnut Street, Suite 1800
                Cincinnati, OH   45202
                (513) 381-2838
                (513) 38l-0205 (fax)
                Attorneys for AK Steel Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on August 18, 2006 using the Court's CM/ECF system, which will send notice of this filing to Susan Donahue, Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama 35203, Paul H. Tobias and David Kammer, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202 and David Sanford, Sanford, Wittels & Heisler, L.L.P., 2121 K Street, N.W., Suite 700, Washington, D.C. 20037

 /s/ Gregory Parker Rogers