# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **CASE NO. C-1-02-467** |
| | ) | **Judge Beckwith** |
| AK STEEL CORPORATION, | ) | **Magistrate Judge Hogan** |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' REPLY IN SUPPORT OF SUPPLEMENTAL MEMORANDUM REGARDING MOTION FOR CLASS CERTIFICATION

Plaintiffs, through undersigned counsel, hereby submit this Reply In Support of Supplemental Memorandum Regarding Motion for Class Certification.

## I.    PLAINTIFFS GREENWOOD AND EDWARDS ARE PROPER REPRESENTATIVES FOR A MIDDLETOWN SUBCLASS

The defendant's first argument against class certification in its response to Plaintiffs' Supplemental Memorandum rests upon its assertion that plaintiffs James Greenwood and Donald Edwards lack standing to prosecute the class claims and fail the requirements of Rule 23(a)(3) and (4).[1]  AK Steel errs in both respects.

### A.    Greenwood Is Not Required to File a Charge to Be a Class Representative

The defendant's first and primary argument against Greenwood is that he cannot serve as a class representative because he did not file a charge of discrimination with the Equal Employment Opportunity Commission.  *Def.'s Suppl. Memo.* at 2 (Dkt. #94).  However, the single filing rule,

---

[1] Plaintiffs reaffirm their argument that the Applicant Class Plaintiffs who failed the test upon seeking employment at Ashland may serve as class representatives for Middletown because the same test is used at both facilities.  *See Pls.' Class Cert. Reply* at 11-12 (Dkt. # 75).

upon which Greenwood relied to intervene as a party-plaintiff, provides that he does not need to file

a charge to serve as class representative:

> [I]t is not necessary for each person with the same grievance to file an EEOC charge as a prerequisite to class membership. *Nor is it necessary that an intervenor bring a charge with the EEOC as a prerequisite to serving as a class representative*. . . . As long as at least one named plaintiff timely filed an EEOC charge, the precondition to a Title VII action is met for all other named plaintiffs and class members.

*Griffin v. Dugger*, 823 F.2d 1476, 1492 (11th Cir. 1987) (citing *Oatis v. Crown Zellerbach Corp.*,

398 F.2d 496, 498-99 (5th Cir. 1968)) (emphasis added); *see also Hines v. Widnall*, 334 F.3d 1253,

1257 (11th Cir. 2003) (same); *Hartman v. Duffy*, 158 F.R.D. 525, 530, 535-36 (D.D.C. 1994) (same);

*Martinez v. Oakland Scavenger Co.*, 680 F.Supp. 1377, 1389-90 (N.D. Cal. 1987) (same); *Berry v.

Pierce*, 98 F.R.D. 237, 248 (E.D. Tex. 1983) (same). Therefore, Greenwood may rely upon the

charges filed by the other Applicant Class Plaintiffs in his effort to serve as a class representative.[2]

### B.    Greenwood Is Seeking Injunctive Relief In This Case

AK Steel argues that Greenwood lacks standing because he is not seeking prospective

injunctive relief in this case. *Def.'s Suppl. Memo.* at 3. Unfortunately, the defendant misrepresented

the testimony rendered during Greenwood's deposition. Greenwood unequivocally testified that he

would consider employment with AK Steel if offered the opportunity:

> Q.    Do you have an interest today in becoming a laborer at AK Steel Middletown Works, employees represented by the AEIF [sic]?
> A.    Well, I don't know if a laborer at AK could handle my stature right at this point. Like I say, I'm a manager of eight.

---

[2] The cases cited by the defendant in support of its argument that Greenwood needed to file a charge are inapposite. *See Def.'s Suppl. Memo.* at 2. Those cases ruled against named plaintiffs who completely failed to file charges of discrimination regarding class claims and did not involve the single filing rule. *See Clayborne v. Omaha Public Power Dist.*, 211 F.R.D. 573, 597 (D. Neb. 2002); *Thomas v. Reno*, 943 F. Supp. 41, 43 (D.D.C. 1996); *Levels v. Akzo Nobel Salt, Inc.*, 178 F.R.D. 171, 179 (N.D. Ohio 1998).

Q.  That's one of the reasons I asked, yeah.

A.  But the thing about it, options are open.  I grew up in Middletown all my life and AK Steel is the place to work.  I mean benefits, money.  A lot of their employees have the good things in life in Middletown that a lot of us don't have.  So AK Steel was the place to be hired at.  Like I said, that was one of the reasons why that if I was going to work for any way in Middletown other than that, I would have to go to AK Steel to supplant my annual salary.

Q.  Do you want today to be hired by AK Steel to the laborer's job?

MR. JOHNSON:  Object to the form.  Asked and answered.  You may answer.

A.  I'd leave my options open.  I wouldn't say no.

Q.  Would you say yes?

A.  I would have to think about it, talk to my wife and look at my pros and cons. If it was to my advantage, I would probably do it.  I need to get better, not regress.

Greenwood Dep. at 19-20 (attached as Ex. 26).  Therefore, Greenwood's testimony that he would consider employment at AK Steel in the future demonstrates that he will suffer harm if the discriminatory test is still in effect, and thus, prospective injunctive relief is proper.

### 1.    Defendant Confuses Article III Standing With Rule 23 Requirements

In addition, the defendant's argument that Greenwood must have standing to represent the class is wholly misplaced.  *See Def.'s Suppl. Memo.* at 2-3.  AK Steel has committed the error of confusing Greenwood's standing to pursue his Title VII claims with his capacity to fairly and adequately represent the class pursuant to Rule 23.  *See Fallick v. Nationwide Mutual Insur. Co.*, 162 F.3d 410, 422 (6th Cir. 1998) (the court confused "the issue of a plaintiff's standing under Article III vis-a-vis a defendant with the relationship between a potential class representative and absent class members, which is governed by [Rule 23(a)]").  "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III," *id.* (citation omitted), and "a potential class representative must demonstrate individual standing vis-as-vis the defendant."  *Id.* at 423.  "'[O]nce an individual has alleged a distinct and palpable injury to himself he has standing

3

to challenge a practice even if the injury is of a sort shared by a large class of possible litigants.'" *Id.* (quoting *Senter v. General Motors Corp.*, 532 F.2d 511, 517 (6th Cir.1976)).  After his or her standing is established, a plaintiff's ability to represent a putative class is solely governed by Rule 23.  *Id.*[3]

As reflected, an individual's capacity to serve as a class representative is governed by standards distinct from Article III standing.  *See Reid v. White Motor Corp.*, 886 F.2d 1462, 1471 (6th Cir. 1989) ("'A class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members.'") (citations omitted); *Basile v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 105 F.R.D. 506, 508 (S.D. Ohio 1985) ("[I]f the representative was a member of the class at the time the suit was filed, his claims will be typical," and "the named plaintiff must not only be 'a part of the class' but also must 'possess the same interest and suffer the same injury.'")

---

[3]  *See also Vuyanich v. Repub. Nat'l. Bank of Dallas*, 82 F.R.D. 420 (E.D. Tex. 1979):

> For meaningful analysis, this question of whether the entities before the court satisfy Article III's requirement of an injury in fact ought to be separate from and should not be confused with the inquiry into the relationship between the class representative and the putative class.  Although courts sometimes mistakenly analyze the link between the representative and the putative class in Article III terms, that relationship is defined by Rule 23. . . .  In a class action, then, the trial court initially must address whether the named plaintiffs have standing under Article III to assert their individual claims.  If that initial test is met, the court must then scrutinize the putative class and its representatives to determine whether the relationship between them is such that under the requirements of Rule 23 the named plaintiffs may represent the class.  The trial court generally need not address the final question of whether the class itself, after certification, has standing.  If that court, guided by the nature and purpose of the substantive law on which the plaintiffs base their claims, properly applies Rule 23, then the certified class must necessarily have standing as an entity.  Because the trial court undoubtedly will have applied the rule in a manner that it thought proper, its answer to the question of whether the certified class has standing will almost invariably be in the affirmative.

*Id.* at 427, 428.

(citing *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977); *Senter*, 532 F.2d at 525). In its failure to distinguish between standing and Rule 23, the defendant erroneously argued that Greenwood *must* be seeking the same prospective injunctive relief as those absent class members who may desire a job with AK Steel. Although he is seeking such relief, as demonstrated previously, standing requirements and the forms of equitable relief sought by Greenwood are not that restrictive.

There should be no dispute that Greenwood easily satisfies the requirements of Article III standing. *See Senter*, 532 F.2d at 517 ("This Court has taken a broad view of standing in Title VII actions. . . . Standing for purposes of the Civil Rights Act of 1964 was intended by Congress to be defined as broadly as permitted by Article III of the Constitution.") (citations omitted). The standing inquiry centers on the following factors:

> In order to have Article III standing, the plaintiff must meet three requirements: 1) the plaintiff must have suffered injury in fact--an invasion of a legally protected interest which is concrete and particularized, and actual and immediate; 2) there must be a causal connection between the injury and the conduct complained of--the injury must be traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and, 3) it must be likely, and not merely speculative, that the plaintiff's injury will be redressed by a favorable decision from the court.

*Coston v. Petro*, 398 F. Supp. 2d 878, 882 (S.D. Ohio 2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "In order to establish constitutional standing to sue under Title VII, a plaintiff must show that he was 'personally injured by the defendant's alleged discrimination and that *his injury will likely be redressed by the requested relief*.' . . ." *Phillips v. Cohen*, 400 F.3d 388, 398 (6th Cir. 2005) (emphasis added). In the "context of a disparate impact claim, [a plaintiff] must show that he was injured as a result of the policies or practices that are alleged to have had a

disparate impact on the protected class to which he belongs." *Lander v. Montgomery County Bd. of Commissioners*, 159 F. Supp. 2d 1044, 1058 (S.D. Ohio 2001) (citing *Lujan*, 504 U.S. at 560-61).

Greenwood easily satisfies the *Coston* factors. He failed the defendant's discriminatory test, and thus, was denied an opportunity for employment at AK Steel. Attached to this memorandum is a copy of Greenwood's application for employment with AK Steel, including the notation that he failed the pre-employment test that he took on November 8, 2001. *See* Ex. 27 at AKM-043756. As for the third factor, it should be clear that Greenwood's injury will be redressed by the requested relief, pursuant to *Phillips* and *Coston*. First, contrary to defendant's arguments, Greenwood has never disavowed backpay relief in this case. Greenwood is entitled to such relief pursuant to applicable law. *See E.E.O.C. v. Wilson Metal Casket Co.*, 24 F.3d 836, 840 (6th Cir. 1994) ("The remedial section of Title VII authorizes back pay and other compensation for economic losses sustained.") (citing 42 U.S.C. § 2000e-5(g)(1)). "'Victorious Title VII plaintiffs are presumptively entitled to back pay until the date judgment has been entered in the case.'" *Id*. (quoting *Shore v. Federal Express Corp.*, 777 F.2d 1155, 1159 (6th Cir.1985)). "[I]n the absence of exceptional circumstances, back pay should always be awarded when a Title VII violation is found." *Rasimas v. Michigan Dep't. of Mental Health*, 714 F.2d 614, 626 (6th Cir. 1983).

Therefore, the equitable relief sought by Greenwood is not only prospective injunctive relief, but that relief necessary to remedy his past failure of the discriminatory test, which would include an injunction against further use of the test and incidental backpay relief. *See Wilson Metal Casket*, 24 F.3d at 842 ("A district court has broad discretionary powers to craft an injunction to the specific violations found to ensure that the employer complies with the law. . . . The proper scope of an injunction is to enjoin conduct which has been found to have been pursued or is related to the proven

6

unlawful conduct.") (citations omitted); *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 557 (8th Cir. 1998) ("A court may exercise its discretion to fashion injunctive relief to remedy the effects of racial discrimination.") (citing *Briscoe v. Fred's Dollar Store*, 24 F.3d 1026, 1028 (8th Cir.1994)).

Therefore, Greenwood has standing to pursue his Title VII claims, including his request for injunctive relief.

### C.    Greenwood Satisfies Typicality and Adequacy Requirements

The defendant lodges several meritless arguments against Greenwood's suitability for under Rules 23(a)(3) and (4).  Preliminarily, the defendant falsely states that Greenwood seeks to represent a class of individuals who were not provided employment at AK Steel as a Laborer after they failed a pre-employment test.  As plaintiffs provided in their Motion for Class Certification, and the Court recognized in its April 24, 2006, Order, plaintiffs seek certification of a more "narrowly defined class, of African-Americans who failed a written pre-employment test, and who allege that the test has an impermissible disparate impact on African-American applicants." April 24th Order at 2 (Dkt. #79); Class Cert. Mot. at 1 (Dkt. #70).  This distinction is critical because the defendant well knows that the pre-employment test is succeeded by other steps in the AK Steel Laborer hiring process.

Notwithstanding those successive steps, however, the Supreme Court squarely held years ago that disparate impact challenges may be lodged against a discriminatory, intermediate test in a multi-step selection process, <u>even if</u> the bottom-line results do not exhibit a statistical impact.  *See Connecticut v. Teal*, 457 U.S. 440, 451 (1982) ("The suggestion that disparate impact should be measured only at the bottom line ignores the fact that Title VII guarantees these individual respondents the *opportunity* to compete equally with white workers on the basis of job-related criteria.") (emphasis in original).  Therefore, the harm occasioned by failing AK Steel's

7

discriminatory test, regardless of whether one would have been successful in the subsequent steps of the hiring process, limited the class members' opportunities for employment and embodies the class challenge at bar.

Proceeding to defendant's challenge to Greenwood's under Rules 23(a)(3) and (4), AK Steel argues that purportedly unlike other class members, Greenwood has been fully employed at a higher rate of pay and higher level position. *Def.'s Suppl. Memo.* at 4. First, of course, Greenwood testified that he would consider employment with AK Steel if given the opportunity because "he grew up in Middletown all [his] life and AK Steel is the place to work. [He] mean[s] benefits, money. A lot of their employees have the good things in life in Middletown that [he and a lot of others] don't have." Greenwood Dep. at 19. Therefore, AK Steel's argument regarding Greenwood's present employment is inconsequential. Second, the defendant fails to provide any evidence that other class members purportedly have not been fully employed at a higher rate of pay and higher level position. In any event, pursuant to *Teal* <u>any</u> class member would still be entitled to a remedy for being subjected to AK Steel's discriminatory test.

Moreover, the defendant argues that Greenwood has no personal interest in the relief requested by the class because he has no claim for backpay or an interest in reinstatement. *Def.'s Suppl. Memo.* at 4. As demonstrated in Plaintiffs' Supplemental Memorandum, however, Greenwood adopted the plaintiffs' pleadings in this case upon his request for intervention, and those pleadings certainly contain a request for backpay and other equitable relief. Greenwood has not waived any claims for backpay damages, and he has testified that he would consider employment with AK Steel if the opportunity presented itself. Greenwood Dep. at 19-20.

Furthermore, the defendant totally ignored Greenwood's testimony that he wants the

discriminatory test at AK Steel eradicated. Greenwood Dep. at 22-23.[4] Indeed, Greenwood's testimony about the test reveals his capacity to serve as a class representative because he inherently understands the problems associated with the test. *See id*. Likewise, Greenwood's demonstrated interest in employment with AK Steel and for equitable relief voids the defendant's argument that his purpose for joining the lawsuit was to assist his brother and "three best friends,"*Def.'s Suppl. Memo.* at 4-5, an assertion by Mr. Greenwood which was clearly stated to describe the class of individuals he seeks to represent, i.e., African-Americans, not just close relatives and friends. *See* Greenwood Dep. at 21-22 ("I lived in Middletown all my life and I know what goes around. And the minority at AK Steel – AK is very minimum, very minimum. And if there's some way for me to open the doors to make it easier for my brother or my three best friends that tried to get hired at AK that couldn't, I'll help in any way I can to do what I have to do."). Indeed, that Greenwood desires to remove the test as a discriminatory barrier for other African-Americans demonstrably portrays his adequacy to serve as a class representative.

---

[4] Greenwood testified about the test as follows:

> Q.  And if you become part of this lawsuit what is it that you're seeking?
> A.  Satisfaction. Change the test basis. I mean, you know, the thing about it is, the test was behavioral analysis. And I thought it was, you know, what would you do in this situation, or you can have two right answers and if you make the wrong judgment, you're wrong. * * *
> Q.  You were beginning to tell us about the test.
> A.   Like I said, behavioral analysis. I've been involved with the hiring process at Square D and in a similar -- like I say, behavioral analysis, the judgment questions on what do you think in this case or what would you do or which one do you think. And if there's not a right answer, it's not a right answer. You might have two right answers for the same question. But the one you pick might not be the right one to make you pass the test.

Greenwood Dep. at 22-23.

Finally, the defendant erroneously argues that Greenwood is an inadequate class representative because he failed to file an EEOC charge or otherwise pursue any action until he requested intervention in this case. *Def.'s Suppl. Memo.* at 5. As plaintiffs argued above, an individual intervening as a named plaintiff in a class action may rely upon the EEOC charge of other plaintiffs to serve as a class representative. Furthermore, Greenwood did not have to pursue any separate action because of the filing of this pending class action against AK Steel regarding its hiring practices.

### D.    Edwards Is An Adequate Class Representative

The defendant re-asserted its arguments that Edwards is not a proper class representative because he purportedly did not take and fail its test within the applicable time frame. *Def.'s Suppl. Memo.* at 6-7. Plaintiffs and the Court have already addressed AK Steel's arguments in the past, and thus, plaintiffs will rely upon their prior arguments on this issue and the Court's rulings thereon. *See* Dkt. #75 at 12-16, 20-21; Dkt. #79 at 18; Dkt. #91 at 3. As stated previously, the defendant's contention is a merits issue that does not render Edwards atypical or inadequate to serve as a class representative at this juncture. *See id.*

Furthermore, Greenwood's application highlights a critical piece of evidence in favor of Edwards's claims. Although the defendant initially argues that Edwards has not offered any evidence that he has claims typical to the class, it backtracks in the very next utterance and acknowledges Edwards's declaration that he applied for employment with AK Steel in August 2001 and subsequently failed its discriminatory test. *Def.'s Suppl. Memo.* at 6-7. The defendant argues that Edwards's declaration is not sufficient evidence that he took and failed the test in August 2001. However, as evidenced by Greenwood's application for employment, which was dated September

10

12, 2001, *see* Ex. 27 at AKM-043752, and the date of Greenwood's test, which was November 8,

2001, *see id.* at AKM-043756, it is clear that AK Steel did not administer its test as soon as

individuals applied for employment.  In addition, evidence that Edwards failed the test is reflected

by the testimony of Phyllis Short, the hiring coordinator at Middletown, that AK Steel contacted only

<u>successful</u> test takers after they retrieved the results of the test, not those who failed.  Short Dep. at

31-32, 93-94 (attached as Ex. 28).  Edwards declared that he never heard back from AK Steel after

taking the test, *see* Ex. 5 to Dkt. #71, and thus, there exists circumstantial evidence that he failed the

test.

II.   **PLAINTIFFS ARE ADEQUATE CLASS REPRESENTATIVES BECAUSE THERE HAS NOT BEEN ANY WAIVER OF CLAIMS AND DAMAGES AND THERE EXISTS NO CONFLICTS**

    A.   **Plaintiffs Have Not Waived the Disparate Treatment Claims, and Related Compensatory and Punitive Damage Relief, of Class Members**

In an attempt to prevent certification of the class or subclasses in this case, the defendant

accused plaintiffs (and plaintiffs' counsel) of "dropping" claims of absent class members, willing

to "trade off anything" to certify a class, and engaging in a "certification-at-all-costs approach."

*Def.'s Suppl. Memo.* at 8-12.  Setting aside the defendant's (and its counsel's) regrettable attempt

to malign plaintiffs and plaintiffs' counsel with baseless accusations, the defendant's arguments are

even more lamentable because AK Steel wholly ignores the facts of this case and well-settled legal

precedent applicable to those facts.  The crux of AK Steel's contention is that by seeking only

equitable relief, plaintiffs are waiving the rights of absent class members to litigate disparate

treatment claims and achieve compensatory and punitive damages.  *Id*.  As plaintiffs will portray,

however, the efforts to certify a disparate impact class action does not entail a waiver of the class

11

members' disparate treatment claims and concomitant damages.[5]

The unspoken assumption behind defendant's charge that plaintiffs have waived the pattern and practice claims of absent class members is that plaintiffs are <u>required</u> to seek class certification of such claims along with class claims of disparate impact. That assumption, however, is categorically not the law. As the Fourth Circuit stated in its discussion of Supreme Court precedent, disparate impact and disparate treatment avenues of relief "are rightly treated simply as alternative theories upon which a right to relief under Title VII may be established in a given case." *Wright v. Nat'l. Archives & Records Svc.*, 609 F.2d 702, 711 (4th Cir. 1979) (citing *Furnco Construction Corp. v. Waters*, 438 U.S. 567 (1978)). "[A]s alternative theories and not separate claims they may not be applied to establish multiple violations on the same facts, but short of this *no procedural election between them is required of a claimant at either pre-trial, trial, or appellate stages*." *Id*. (emphasis added). "As such, in keeping with general rules of civil procedure, they may properly be pleaded, Fed.R.Civ.P. 8(e)(2), *and if sufficiently supported by evidence*, Fed.R.Civ.P. 41(b), analyzed by the trier of fact as alternative grounds of relief." *Id*. (emphasis added).

In contravention of *Wright* and the Federal Rules of Civil Procedure, however, the defendant faults plaintiffs for not advancing a pattern and practice class action. However, plaintiffs conducted

---

[5] Plaintiffs need address one preliminary matter. The defendant commenced its entreaty by stating that plaintiffs now "seek to dismiss the disparate treatment claims of the purported class representatives and retain them only for the non-class representatives." *Def.'s Suppl. Memo.* at 8. The defendant's statement is confusing. The "plaintiffs" currently lodging these claims for a class action are the plaintiffs named as putative class representatives in the Memorandum in support of class certification (Dkt. #71), and in addition Mr. Greenwood, not the other plaintiffs in this action who were not harmed by the discriminatory test. Therefore, the defendant errs in contending that some nondescript group of "plaintiffs" have retained disparate treatment claims for the non-class representatives. The Applicant Class Plaintiffs do not control the claims of the non-class representatives, and the opposite holds true as well.

their due diligence and concluded that the discriminatory impact of defendant's hiring practices lie in its pre-employment test. *See* Dkt. #71 at 8-9. Devoid of any evidence that the defendant intentionally utilizes its discriminatory test to disproportionately bar African Americans from employment at AK Steel, the only appropriate avenue of relief for the aggrieved class is a disparate impact challenge, not a pattern and practice case, and thus, plaintiffs are not required to 'procedurally elect' both theories. And because disparate impact claims afford only equitable remedies in the form of injunctive relief and backpay, plaintiffs cannot be faulted for declining to seek compensatory and punitive damages to which the class is not entitled.

Notwithstanding the plaintiffs' efforts to certify a disparate impact class action, however, absent class members are not precluded under the Seventh Amendment or via res judicata and collateral estoppel from bringing disparate treatment claims, with compensatory and punitive damage requests, in other litigation. As correctly countenanced by the defendant, "a judgment in a properly entertained class action [whether for or against plaintiffs] is binding on class members in any subsequent litigation" and "extinguishes" their class claims. *Cooper v. Federal Res. Bank of Richmond*, 467 U.S. 867, 873 (1984). The judgment on the class claims, however, does not bar class members from bringing individual disparate treatment claims in subsequent litigation. *Id*. at 880.

The rationale of *Cooper* was more recently upheld in *Coleman v. GMAC*, 220 F.R.D. 64 (M.D. Tenn. 2004). In *Coleman*, the defendant similarly argued that the plaintiffs were not adequate class representatives because they were only seeking injunctive and declaratory relief on behalf of the class and hence, foreclosing class members from achieving compensatory and punitive damages in subsequent litigation. In a lengthy rejoinder, the *Coleman* court first noted that the Advisory Committee Notes to Rule 23 provides that Rule 23 "'does not disturb the recognized principle that

the court conducting the action cannot predetermine the res judicata effect of the judgment; this can be tested only in a subsequent action.'" *Id*. at 80 (quoting Fed. R. Civ. P. 23 adv. cmt. note). Of course, this understanding is equally applicable to this case. Nonetheless, the *Coleman* court proceeded to discuss *Cooper* and other cases in holding that "individual monetary claims are not barred by previous class actions for declaratory and injunctive relief only." *Id*. at 84. Therefore, in like manner, because the absent class members at bar are not barred from pursuing individual, disparate treatment claims in separate litigation, the defendant's adequacy argument is wholly unfounded.

The defendant's reliance upon the cases it cites for its solicitation is misplaced. In those cases, the rulings centered on the adequacy of putative class representatives who were willing to forego compensatory and punitive damages on behalf of class members and/or themselves in pattern and practice class actions.[6] Indeed, the primary case cited by the defendant, *Cooper v. Southern Co.*, actually sanctions adequacy when backpay relief is sought along with injunctive relief. 390 F.3d at 720 ("Back pay is considered equitable relief and can therefore be awarded in a case certified under Rule 23(b)(2)") (citations omitted). Because plaintiffs here can only obtain declaratory relief and equitable remedies in the form of injunctive relief and backpay, the defendant's cases are inapposite.[7]

---

[6] *See Cooper v. Southern Co.*, 390 F.3d 695, 721 (11th Cir. 2001); *Colindres v. Quietflex Mfg.*, 235 F.R.D. 347, 375,76 (S.D. Tex. 2006); *Hall v. ITT Financial Svc.*, 891 F. Supp. 580, 582 (M.D. Ala. 1994); *Hodgins Moving & Storage Co. v. American Exp. Co.*, 292 F. Supp. 2d 991, 1001 (M.D. Tenn. 2003); *Ardoin v. Stine Lumber Co.*, 220 F.R.D. 459, 466 (W.D. La. 2004); *Vance v. City of Nacogdoches, Tex.*, 198 F. Supp. 2d 858, 861 (E.D. Tex. 2002); *Zachery v. Texaco Explor. & Prod., Inc.*, 185 F.R.D. 230, 244-45 (W.D. Tex. 1999).

[7] In addition, the defendant incorrectly argues that plaintiffs are seeking injunctive relief on behalf of the class at the expense of monetary damages. *Def.'s Suppl. Memo.* at 12. The defendant's argument is erroneous because backpay relief is provided in monetary form.

**B.**    **Plaintiffs Have Previously Demonstrated That No Conflict Exists Between the Applicant Class Plaintiffs and Any Other Group**

The defendant has not identified any viable conflict that would prevent plaintiffs or plaintiffs' counsel from adequately representing the class. The defendant asserts that plaintiffs "conceded" the existence of a conflict between the class and other plaintiffs due to plaintiffs' suggestion that the Court sever the non-class plaintiffs into a separate trial or action, *Def.'s Suppl. Memo.* at 12, yet, plaintiffs suggested that particular measure to address the Court's concerns regarding the confusion that may engender at trial if both sets of claims are adjudicated together. As described in Plaintiffs' Supplemental Memorandum, there exists no conflict as to the subject matter in controversy, i.e., whether AK Steel's test has a discriminatory impact, competition among plaintiffs and class members for jobs does not present a conflict of interest, and there exists no competition for remedies between the Applicant Class Plaintiffs and the non-class plaintiffs. *Pls.' Suppl. Memo.* at 4-6.

Confusingly, the defendant states in its Memorandum that there exists a limited possibility that an aggrieved class member would receive a job because other steps exist in the hiring process, *Def.'s Suppl. Memo.* at 15, yet subsequently in its brief AK Steel argues that a conflict arises because class members and non-class plaintiffs will compete for such jobs. Notwithstanding this contradiction in the defendant's contentions, there will be no competition for jobs. The number of individuals comprising the shortfall for the Applicant Class is not comparable to the number of jobs that the non-class plaintiffs are entitled to if they prove their claims of disparate treatment discrimination. That is, individuals who are intentionally discriminated against with respect to hiring at AK Steel are entitled to a job at the company regardless of the number of individuals who were discriminatorily denied the opportunity to proceed in the hiring process at AK Steel due to failing

15

the test.  Simply put, there is not a finite number of jobs to which victims of <u>intentional</u> <u>discrimination</u> are entitled, either via placement in those jobs or via frontpay relief.  They should receive such relief upon proving their disparate treatment claims, and the only individuals who would be harmed by such relief are those persons who were wrongfully placed in those positions.[8]

## III.    PLAINTIFFS HAVE CLEARLY SATISFIED THE PREREQUISITES FOR RULE 23(B) CERTIFICATION

### A.    Rule 23(b)(2) Certification Is Warranted

The defendant lodges several specious arguments against Rule 23(b)(2) certification.  *Def.'s Suppl. Memo.* at 14-17.  First, the defendant argues that plaintiffs have not demonstrated that injunctive or declaratory relief is the primary relief sought, *id*. at 14, yet the defendant acknowledged earlier in its contentions regarding adequacy that plaintiffs seek only equitable relief at the expense of compensatory and punitive damages.  *Id*. at 9.  Therefore, injunctive and declaratory relief are not only the primary relief sought, they are the <u>only</u> forms plaintiffs are seeking for the class.  Second, the defendant again points out that the eight non-class plaintiffs are pursuing individual disparate treatment claims instead of seeking a class action, yet as plaintiffs discussed earlier, the averments of those individuals are unrelated to the class claims because they were not aggrieved by the test.  Further, contrary to defendant's assertions, *id*. at 15, Greenwood is seeking an injunction and backpay from AK Steel, as discussed previously.

Astoundingly, the defendant argues that plaintiffs' request for backpay predominates over the request for injunctive relief and that backpay relief signals the existence of individuals who suffer

---

[8] Indeed, any spectre of a conflict between the Applicant Class Plaintiffs and the non-class plaintiffs for jobs is highly premature due to the absence of any merits determinations that any individual suffered discrimination.

dissimilar injuries. *Def.'s Suppl. Memo.* at 15-16. In declaring these assertions, the defendant starkly ignores a well-developed body of law from *Franks v. Bowman Transp. Co.*, 424 U.S. 747 (1976) and *International Bd. of Teamsters v. U.S.*, 431 U.S. 324 (1977), to the present. Indeed, *in this very jurisdiction*, the Sixth Circuit declared years ago that "a back pay award is a discretionary, 'make whole' remedy *which is incidental to injunctive relief*." *Hildebrand v. Bd. of Trustees of Mich. State Univ.*, 607 F.2d 705, 708 (6th Cir. 1979) (citing *Lorillard v. Pons*, 434 U.S. 575, 582 (1978)) (other citations omitted) (emphasis added). Therefore, there exists no rationale by which backpay, which by law 'is incidental to injunctive relief,' *predominates* over injunctive relief, as asserted by defendant. In addition, the Sixth Circuit more recently declared that backpay is a permissible form of relief for Rule 23(b)(2) class actions because "'back pay generally involves less complicated factual determinations and fewer individualized issues' than the computation of compensatory damages, and back pay is an equitable remedy that does not implicate the procedural and constitutional issues that a damage award does." *Reeb v. Ohio Dept. of Rehab. & Correction*, 435 F.3d 639, 650 (6th Cir. 2006) (quoting *Coleman v. GMAC*, 296 F.3d 443, 449-50 (6th Cir. 2002)); *see also Senter*, 532 F.2d at 525 n. 33 ("As long as class-wide discrimination has been shown, the fact that back pay awards vary and are to be determined later is not relevant."). Hence, variances among the backpay relief for class members, if any, do not overshadow the common class issue.

The defendant argues that an award of backpay for the class is not appropriate because passing the discriminatory test would not necessarily result in employment due to the other "hurdles" in its hiring process. *Def.'s Supp. Memo.* at 15. In addition, the defendant argues that classwide backpay relief may not be awarded to the class because it would create a "windfall" for individuals who would not have been hired due to the objective criteria in the subsequent steps of its hiring

process. *Id*. at 16-17. As an initial rejoinder, the defendant has no proof that any class members would have been screened out in the post-examination stage, hence, its conspicuous merits argument is wholly devoid of any foundation. Nevertheless, the Supreme Court in *Teal* held that plaintiffs may maintain a disparate impact challenge, and obtain relief, for a discriminatory test that limits the *opportunities* for individuals to advance within a hiring process, not just for failing to obtain jobs. *Teal*, 457 U.S. at 451.

**B.      Rule 23(b)(3) Certification Is Warranted**

The defendant's primary argument against Rule 23(b)(3) certification rests upon its belief that individual issues of backpay, reinstatement (which is strange because none of the Applicant Class Plaintiffs have had a job with AK Steel), and liability predominate over the common the issue of failing the test. *Def.'s Suppl. Memo.* at 17. Firstly, the common class issue is not just 'failing the test;' there are distinct liability issues in a disparate impact case that would require more evidence than a presentation that individuals failed a test, such as statistical evidence of the discriminatory impact, the defendant's business necessity defense for using the test, and the plaintiffs' identification of alternative mechanisms to the test.[9]

Those disparate impact liability issues, which are common to the entire class, clearly predominate over the purported individual issues identified by the defendant. As demonstrated in the previous section, backpay and other equitable relief are incidental to the liability issues underlying the request for injunctive relief. Further, the backpay issue in this case would be decided on a *pro rata* basis, which eradicates the need for individualized determinations. And the defendant's arguments regarding Greenwood and Edwards are clearly of no moment. The only issue

---

[9] *See Isabel v. City of Memphis*, 404 F.3d 404, 411 (6th Cir. 2005).

at trial for each of them would be whether they took and failed the test, which based upon the evidence thus far should not result in proceedings which predominate over the disparate impact inquiry.

AK Steel argues that because there is only a shortfall of 17 African-American applicants in Middletown and 13 in Ashland, this class action is not superior to adjudication by joinder of individuals. The defendant errs in equating the statistical shortfall of applicants with the number of African-American applicants who failed the test. The number of African-American applicants who failed the test in Middletown and Ashland surpass the statistical shortfall in the number of African American applicants who should have passed the test but for discrimination. That is, the number of African Americans who failed the test for Middletown employment is greater than 17 individuals, and the number of African Americans who failed the test for Ashland employment is greater than 13 individuals. *Those* African-American applicants who failed the test comprise the class, not just 30 unidentified individuals representing the statistical shortfall in the test results. This observation buttresses the provision of classwide backpay relief on a *pro rata* basis because more putative class members exist than the number of vacancies to which the class is entitled if the disparate impact claim is proved.

The defendant states that this case will be tried in multiple parts, and because of this purported method of proceeding the class action is not a superior method of adjudication. However, the defendant's inclusion of the non-class plaintiffs in the consideration of whether multiple proceedings will occur is improper. Those individuals are not part of the class, and their separate trials should not play a role in the Rule 23(b)(3) determination.

Finally, the class trial is definitely a more superior method of adjudication. The defendant

has set forth no evidence that class members have a substantial interest in individually prosecuting their own actions; indeed, plaintiffs are unaware of any other case challenging AK Steel's discriminatory test. As plaintiffs described in their Supplemental Memorandum, the trial of the disparate impact testing claims may proceed in two phases, with Phase I entailing the adjudication of liability (which, plaintiffs note, will be the same even if the plaintiffs were advancing only individual disparate impact claims). If the Court finds liability on the disparate impact claim and issues the appropriate injunction, then the Phase II proceedings include identification of those class members who were affected by the discriminatory test (which should be easily accomplished because membership in the class automatically designates African-American applicants who failed the test), the calculation of a classwide backpay reward pursuant to *Bailey v. Great Lakes Canning, Inc.*, 908 F.2d 38, 42 (6th Cir. 1990), and *EEOC v. O & G Spring & Wire Forms Spec. Co.*, 38 F.3d 872, 880 n. 9 (7th Cir. 1994), and distribution of that award among the class members on a *pro rata* basis. The defendant has not identified any viable flaw with this clearly superior method to adjudicating the disparate impact claims.

## <u>CONCLUSION</u>

WHEREFORE, PREMISES CONSIDERED, plaintiffs respectfully request that the Court GRANT their Motion for Class Certification.

Respectfully Submitted,

*/s/ Herman N. Johnson, Jr.*
Robert F. Childs, Jr. (ASB-2223-C-60R)
Herman N. Johnson, Jr.(ASB-3607-R50J)
**WIGGINS, CHILDS, QUINN & PANTAZIS**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 328-0640
(205) 254-1500 (facsimile)

Tobias, Kraus & Torchia, LLP
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (facsimile)

ATTORNEYS FOR THE PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on September 1, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Gregory Parker Rogers
Lawrence James Barty
Patricia Anderson Pryor
Taft, Stettinius & Hollister, LLP
1800 First Star Tower
425 Walnut Street
Cincinnati, OH 45202
Fax: (513) 381-0205


<u>*/s/ Herman N. Johnson, Jr.*</u>
OF COUNSEL

## <u>LIST OF EXHIBITS</u>

Ex. 26        James E. Greenwood Deposition Excerpts

Ex. 27        James E. Greenwood Application for AK Steel Employment

Ex. 28        Phyllis Short Deposition Excerpts