UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. C-1-02-467 |
| | ) | Judge Beckwith |
| AK STEEL CORPORATION, | ) | Magistrate Judge Hogan |
| | ) | |
|    Defendant. | ) | |

**STATEMENT REGARDING PROPOSED NOTICE TO SUBCLASSES**

Pursuant to the Court's Order granting Plaintiffs' Motion for Class Certification (Dkt. #96), Plaintiffs hereby submit this Statement Regarding the timing and general text of a proposed notice.

1.  The standards for notice to a Fed. R. Civ. P. 23(b)(2) class are governed by Rule 23(d)(2):

> In the conduct of actions to which this rule applies, the court may make appropriate orders . . . requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action.

2.  As the Sixth Circuit has held, "[n]othing in Rule 23 explicitly requires prejudgment notice to absent members of a class by virtue of a certification under Rule 23(b)(2)." *Alexander v. Aero Lodge No. 735*, 565 F.2d 1364, 1373 (1977), *superceded by statute on other grounds as stated in, Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59 (1982). Moreover, said Court has ruled that "prejudgment notice of a (b)(2) class suit need not in all cases be sent to absent class members to comply with the requirements of due process." *Id*. at 1374. Rule 23(c)(2)(B)'s

mandatory notice provision is "expressly confined by its terms to actions under (b)(3)." *Id.* at 1373. "This is because (b)(1) and (b)(2) classes will generally be more cohesive than (b)(3) classes. Thus, absent parties are more likely to have their interests adequately represented by the named plaintiffs in (b)(1) or (b)(2) actions than in (b)(3) actions." *In re Cherry's Petit.*, 164 F.R.D. 630, 635 (E.D. Mich. 1996) (citing *Alexander*, 565 F.2d at 1374); *see also Sweet v. General Tire & Rubber Co.*, 74 F.R.D. 333, 336-37 (N.D. Ohio 1976) (Due process does not require notice to all class members as Rule 23(a) and (b) "insure that a class's interests will be represented fairly and adequately"). Nevertheless, notice may be necessary for a Rule 23(b)(2) action that requests monetary relief in the form of backpay or other benefits. *See Cherry's Petit.*, 164 F.R.D. at 635; *Meadows v. Ford Motor Co.*, 62 F.R.D. 98, 101 (W.D. Ky. 1973) (Due process required notice to Rule 23(b)(2) absent class members to ascertain who was interested in receiving benefits of class action).

       3.      Rule 23(b)(2) also does not require that absent class members be given an opportunity to opt-out of the class. *Laskey v. Int'l. Union UAW*, 638 F.2d 954, 956-57 (6th Cir. 1981). While a court has discretion to provide an opt-out opportunity in "hybrid" Rule 23(b)(2) class actions, i.e., where the class seeks monetary damages, usually in the form of backpay relief, in addition to injunctive and declaratory relief,[1] the Eleventh Circuit cautions that such opt-out rights for Rule 23(b)(2) class actions should only be accorded after a finding of liability on the common class issues:

    A hybrid Rule 23(b)(2) class action is one in which class members seek individual

---

[1] *See Penson v. Terminal Transport Co., Inc.*, 634 F.2d 989, 994 (5th Cir. Unit B 1981) ("A district court, acting under its Rule 23(d)(2) discretionary powers, may require that an opt-out right and notice thereof be given should it believe that such a right is desirable to protect the interests of the absent class members.") (citations omitted); *Fuller v. Fruehauf Trailer Corp.*, 168 F.R.D. 588, 603-05 (E.D. Mich. 1996) (discussing reasons for permitting opt-out in Rule 23(b)(2) ERISA class action with two subclasses); *accord Eubanks v. Billington*, 110 F.3d 87, 92-95 (D.C. Cir. 1997) (permitting opt-outs).

monetary relief, typically back pay, in addition to class-wide injunctive or declaratory relief. *Penson*, 634 F.2d at 994. The general rule in this Circuit is that absent members of (b)(2) classes have no automatic right to opt out of a lawsuit and to prosecute an entirely separate action. *Holmes*, 706 F.2d at 1153. But the hybrid form changes that rule slightly. "The *Penson* and *Pettway* [*v. American Cast Iron Pipe Co.*, 494 F.2d 211 (5th Cir.1974) ] decisions represent an acknowledgement that *the monetary relief stage* of a Title VII case often 'begins to resemble a 23(b)(3) action' and that courts have shown increasing 'concern for providing for the due process rights of individual class members.'" *Id.* at 1154 (citation omitted) (emphasis added). Thus, under the hybrid theory, "absent class members [must] be given an opportunity to opt out of the class at *the monetary relief stage* of a Title VII lawsuit or settlement," *Id.* at 1155 (emphasis added).

Here, however, the trial court authorized an opt-out at the certification stage of the suit. This has not been the practice of our courts. *See Holmes*, *id*.; *Penson*, 634 F.2d 989; *Fowler v. Birmingham News*, 608 F.2d 1055 (5th Cir.1979); *Bogard v. Cook*, 586 F.2d 399 (5th Cir.1978) (opt-outs all permitted at monetary relief stage of suit). Indeed, the concerns that mandate opt-out procedures at stage two of a hybrid Title VII suit are not present at certification, where there is as yet no danger that individual class members may be bound against their interests by a money judgment or settlement. What is to be tried in stage one is simply the issue of liability--in this case, the question of whether the defendant actually had a policy of discriminating against women. By releasing some class members from the suit at this stage, a trial judge would invite the repeated litigation of the pattern and practice issue, with lamentable consequences for judicial economy and the finality and consistency of judgments.

*Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1554 (11th Cir. 1986).

4.      Therefore, based on the precedent and authority above, Plaintiffs submit that class notice should be sent out as soon as practicable, i.e., within two weeks of the Court's order approving a final notice. *See* Manual for Complex Litigation (Fourth) § 21.311 (2004) ("Ordinarily, notice to class members should be given promptly after the certification order is issued."). However, to preserve judicial economy and the effect of the judgment in this case, Class Members should not be given an opportunity to opt-out of the subclasses until after the Court has adjudicated the liability issues in this case at stage one of the trial. As discussed above, this course of proceeding will effect

the proper measure of due process protection for absent class members.

5.    As for the content of the proposed notice, the Federal Judicial Notice has crafted a Model Class Notice for Employment Discrimination cases, *available at* www.fjc.gov.  The Federal Judicial Center reviewed the methodology for the creation of its model notice, which exhibited a lengthy process utilizing the expertise of lawyers, non-lawyers, linguists, focus groups, and of course, judges.

6.    Therefore, Plaintiffs have taken the model notice provided by the Federal Judicial Center and revised it for use as the proposed notice in this case.  *See* Exh. A, attached.  The major substantive difference in Plaintiffs' proposed notice, other than the underlying nature of this case, is that Plaintiffs have altered the information regarding opting-out to reflect that such events, if desired by Class Members, have been reserved for a future date.

Respectfully Submitted,

*/s/ Herman N. Johnson, Jr.*
Robert F. Childs, Jr. (ASB-2223-C-60R)
Herman N. Johnson, Jr.(ASB-3607-R50J)
**WIGGINS, CHILDS, QUINN & PANTAZIS**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 328-0640
(205) 254-1500 (facsimile)

Tobias, Kraus & Torchia, LLP
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (facsimile)

ATTORNEYS FOR THE PLAINTIFFS

**CERTIFICATE OF SERVICE**

      I do hereby certify that on February 2, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Gregory Parker Rogers
Lawrence James Barty
Patricia Anderson Pryor
Taft, Stettinius & Hollister, LLP
1800 First Star Tower
425 Walnut Street
Cincinnati, OH 45202
Fax: (513) 381-0205

                                                  */s/ Herman N. Johnson, Jr.*
                                                  PLAINTIFFS' COUNSEL