UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al. | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | |
| v. | : | Magistrate Judge Hogan |
| | : | |
| AK STEEL CORPORATION | : | DEFENDANT'S RESPONSE TO |
| | : | PLAINTIFFS' STATEMENT |
| Defendant. | : | REGARDING PROPOSED NOTICE |
| | : | TO SUBCLASSES |
| | : | |

## I. INTRODUCTION

Defendant AK Steel Corporation ("AK Steel" or "the Company") respectfully submits, for reasons stated more fully below, that notice to the conditionally certified subclasses at this stage in this Rule 23(b)(2) action is not appropriate. If the Court determines to send notice, the Company submits that it be sent in the manner indicated on the revised notice filed with this Response.

## II. TIMING OF NOTICE

A. Notice Should Be Stayed Until After The Liability Phase.

It is respectfully submitted that distribution of notice to class members at this stage of this Rule 23(b)(2) litigation is not supported by the law of this Circuit. The Sixth Circuit has rejected the contention that due process requires prejudgment notice for absent class members in actions under Rule 23(b)(2). *See Alexander v. Aero Lodge No. 735*, 565 F.2d 1364, 1373 (6th Cir. 1977), *superseded by statute on other grounds as stated in Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59 (1982). There the Court stated that: "Nothing in Rule 23 explicitly requires prejudgment notice to absent members of a class by virtue of a certification under Rule 23(b)(2).

The mandatory notice provision of Rule 23(c)(2) is expressly confined by its terms to actions under (b)(3), and a number of courts have indicated that actual prejudgment notice is not required by Rule 23 in actions certified under sections other than (b)(3)." *Id.*

AK Steel submits that there is not sufficient reason to send notice now. Plaintiffs have proposed that the liability/injunctive relief phase of this litigation be tried separately from the monetary/back pay phase. They have also proposed that any opportunity to opt out occur after the liability phase. Under Plaintiffs' own proposed scenario, there is no reason to send notice at this time. If Plaintiffs fail to establish liability, there will be no need for notice. Delaying notice until a more appropriate time will not cause any prejudice or harm to the Plaintiffs or class members. The time, expense and confusion created by sending a notice at this time, in addition to the prejudice and injury to the Company's reputation that inherently occurs with the sending of such notice, is not justified.

Even in (b)(3) cases where notice is mandatory, courts generally choose to delay notice when early notice may adversely affect one party and delay would not prejudice the other. *See, e.g., R&D Business Sys. v. Xerox Corp.*, 150 F.R.D. 87, 91 (E.D. Tex. 1993); *Murray v. E*Trade Financial Corp.*, 2006 WL 3354039 (N.D. Ill. 2006) (court may decide motion for summary judgment in 23(b)(3) case before requiring parties to mail notices to absent class members); *Fischer v. Kletz*, 41 F.R.D. 377, 386 (S.D.N.Y. 1966) (notice in a (b)(3) action was premature: "As already suggested, although a class action seems appropriate at this time, subsequent development of the facts might indicate otherwise, thus eliminating the necessity of any notice."); *Cavin v. Home Loan Center*, 2007 WL 92509 (N.D. Ill. 2007) (denying plaintiff's request to send notice to class members in action where delay would not prejudice class). *See also Wooten v. County of Hamilton*, 94 F.R.D. 176 (S.D. Ohio 1982) (delaying notice until after

summary judgment was decided as there was no reason to disturb class members with notice for action which may yet be dismissed).

The Company notes that Courts which have allowed notice in (b)(2) cases frequently delay notice until a more advanced stage of the litigation, for example, after class-wide liability is proven, recognizing that the need for notice only arises, if at all, with respect to the monetary claims. *Sembach v. McMahon College Inc.*, 86 F.R.D. 188, 193 (S.D. Tex. 1980). *See also Vulcan Society of Westchester v. Fire Dept. of City of White*, 82 F.R.D. 379, 402 (S.D.N.Y. 1979) (notice to the class members after conditional certification of four subclasses would be inappropriate at that stage of the proceedings); *Sweet v. General Tire & Rubber Co.*, 74 F.R.D. 333, 336-37 n.11 (N.D. Ohio 1976) ("in Rule 23(b)(2) action, notice would serve no purpose at this time as class members cannot opt out"; if plaintiffs prevail on merits court retained discretion to reconsider).

The cases Plaintiffs cite do not support the distribution of notice to the subclasses at this point in the litigation. In *In re Cherry's Petit.*, 164 F.R.D. 630, 635 (E.D. Mich. 1996), notice was required under Rule 23(e) because there was a settlement. In *Meadows v. Ford Motor Co.*, 62 F.R.D. 98 (W.D. Ky. 1973), the court provided notice *after* liability was determined. The court recognized that the giving of notice was not required and was possibly "an over-exercise of caution" but would "be useful, in that the Court feels that it should require the members of the class to notify counsel for plaintiff as to whether or not they wish to be placed in the pool of persons who may be selected for employment by Ford, pursuant to the Court's final judgment." *Id.* at 101. Here there is no settlement, and liability has not yet been established.

B.  Notice Should Be Postponed Until After The Issues Concerning Middletown Class Representative Edwards Are Resolved.

Even were notice appropriate before the damages phase of litigation, notice at this time is premature here. This Court has recognized at present that there is a significant issue whether there is an adequate Middletown class representative (and thus any Middletown class). AK Steel believes it will show to the satisfaction of the Court that Donald Edwards did not fail the test within the relevant time period and that he is not a class member. If Edwards did not actually take the test in question, he is not a member of the Middletown class and there is no adequate class representative for this class. The Middletown class hinges entirely upon Edwards's participation.

This discrete and significant issue, in terms of both time and money, can and should be resolved before further action (such as notice) is taken on the class claims. On January 22, 2007, Defendant sent Plaintiffs a Notice of Deposition requesting Edwards' deposition for February 22, 2007. Plaintiffs have objected to this date. The Company is prepared to take this deposition as soon as possible. The issue concerning whether Edwards took the appropriate test could then be resolved either by motion or, if there is a factual issue, by a short evidentiary hearing before the Court.[1] If Plaintiffs fail to establish that Edwards timely took and failed the test, there will be no Middletown class, and no reason to send a notice. Plaintiffs' proposal to send notice to a class that may not survive is at this point a waste of resources and likely will confuse the recipients of the notice.

There is no need at this point to send a notice to the Ashland class members. The only members of this class that have been identified to date are named Plaintiffs, and they presumably already are on notice.

---

[1]  As the Class Plaintiffs have waived their disparate treatment claims, the class claims (disparate impact claims) will be tried to the Court. There is no right to a jury.

### III. THE CONTENT OF THE NOTICE IS CONFUSING AND INACCURATE

Even were the Court to determine that notice is appropriate now in this (b)(2) litigation, AK Steel respectfully requests that such notice be revised as reflected in the notice filed with this Response. There is no right to opt out here. Plaintiffs wrongly copied a (b)(3) notice with opt-out rights and adopted it for this (b)(2) litigation. And the time period of the class Plaintiffs propose does not match the temporal scope of the class conditionally certified by this Court.

First, the notice does not accurately reflect the class certified by this Court. This Court's Order conditionally certified a Middletown class of African Americans who took and failed AK Steel's pre-employment test "within the 300-day period preceding July 9, 2002" (i.e., between September 12, 2001 and July 9, 2002) and an Ashland class of African-Americans who took and failed AK Steel's pre-employment test "within the 300-day period preceding June 8, 2002" (i.e., between August 12, 2001 and June 8, 2002). The notice should accurately define the class as conditionally certified by the Court.

Second, providing a notice that would permit opting out after liability is determined is inappropriate here. There is no right to opt-out in this action. *See Reeb v. Ohio Dept. of Rehab. and Correction*, 435 F.3d 639, 645 (6th Cir. 2006) (Rule 23(b)(2) authorizes mandatory class actions where class members do not have a right to opt out); *Austin v. Wilkinson*, 83 Fed. Appx. 24, 25 (6th Cir. 2003).

Plaintiffs concede that there are no opt out rights for the liability/injunctive phase of this litigation. This is not a "hybrid" class action. Hybrid class actions, in which opt-outs are allowed in (b)(2) actions, typically involve disparate treatment claims or claims which include compensatory damages (i.e., circumstances in which each individual could prove or not prove an independent entitlement to backpay or damages). These circumstances are not present in this disparate impact case. None of the cases cited by Plaintiffs discussing the potential for opt-outs

in (b)(2) actions are disparate impact cases. *See, e.g., Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1554 (11th Cir. 1986) (discussing potential for opt-out in disparate treatment pattern and practice claims); *Penson v. Terminal Transport Co.*, 634 F.2d 989, 994 (5th Cir. 1981) (disparate treatment); *Fuller v. Fruehauf Trailer Corp.*, 168 F.R.D. 588, 603-604 (E.D. Mich. 1996) (opt-outs provided in ERISA action where some employees may have stronger estoppel claims); *Eubanks v. Billington*, 110 F.3d 87, 93 (D.C. Cir. 1997) (recognizing that opt-outs were possible under (b)(2) where damages are based on individual injuries).

When Plaintiffs were seeking class certification and attempting to show that the class was homogenous, they claimed that there were more class members than vacancies to which they claim to be entitled. They claimed that the total backpay to which the class as a whole allegedly could be entitled should be paid on a pro rata basis to the class. (Doc. #95, p. 19) The damages that the class or its members could obtain if they were successful are by definition the amount of backpay for any proven shortfall. There are no separate damages for individual class members to obtain by opting out and bringing suit on their own. There is no good reason to permit opt outs.

## IV. CONCLUSION

For each and all of the foregoing reasons, Defendant AK Steel Corporation respectfully requests that:

(1) Notice not be sent until after the liability phase of the litigation is resolved, or at the earliest, until after the outstanding issue concerning whether there will be a Middletown class representative (and thus a Middletown class) is resolved;

(2) If any notice is sent, that it accurately reflect the temporal scope of the class as ordered by this Court; and

(3)     This Court determine that there are no opt-out rights in this Rule 23(b)(2) litigation and preclude any mention of such rights in the notice.

Respectfully submitted,

 /s/ Gregory Parker Rogers
Lawrence J. Barty (0016002)
Patricia A. Pryor (0069545)
Gregory Parker Rogers (0042323)
Roger A. Weber (0001257)
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH   45202
(513) 381-2838
Attorneys for Defendant AK Steel Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on February 12, 2007 using the Court's CM/ECF system, which will send notice of this filing to Susan Donahue, Herman N. Johnson, Jr., Robert Childs, Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama  35203, Paul H. Tobias and David Kammer, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202 and David Sanford, Sanford, Wittels & Heisler, L.L.P., 2121 K Street, N.W., Suite 700, Washington, D.C.  20037.

 /s/ Gregory Parker Rogers
