**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Vivian Bert, et al.,
        Plaintiffs

v.                                                    Case No.   1:02-cv-467

AK Steel Corporation,
        Defendant

---

**NOTICE**

---

## I.        FINAL PRETRIAL & TRIAL DATES

The above captioned case is set for trial on June 2, 2008 at 1:00 p.m.  The final pretrial/settlement conference is set for May 16, 2008 at 10:00 a.m., before the Honorable Sandra S. Beckwith, Chief Judge.

Trial counsel and their clients shall be present at the final pretrial/settlement conference unless otherwise excused by the Court prior to the conference.  The parties must have exchanged offers and demands at least forty-eight (48) hours prior to the conference and have full authority to discuss settlement at the conference.

## II.       TRIAL ASSIGNMENTS - TRAILING DOCKET

The Court utilizes a modified "trailing docket."  Five to eight cases will be scheduled for trial during each setting.  An additional number of criminal cases may also be scheduled and will take precedence under the Federal Speedy Trial Act.  Cases

so scheduled will be held on a standby  basis until preceding cases are disposed of. Counsel will not be required to "standby" for more than two weeks.  If your case is not reached, it will be given preference when being rescheduled.  You are responsible for monitoring the progress of your case.  To do so, you may call my Case Manager, Mary Brown, at 513/564-7520.  If your case should settle, you must immediately notify Mrs. Brown.

   **NOTE:**  Should a case settle after 12:00 Noon on the business day immediately preceding the trial date, the Court may assess against either or both parties the costs of summoning a jury.  A case will be considered settled for the purposes of this provision when notice thereof is given to the Court.  A hearing will be held before such costs are assessed, if requested by the parties.

   If, for any reason, counsel wish to have their case advanced for trial to the earliest available date, they may contact my Case Manager, Mary Brown, to be placed upon the "standby" list.  Should any trial setting be vacated by a settlement or continuance of other trials, you would be contacted to determine whether you wish to utilize the newly available time slot.


**III.        CONTINUANCE OF TRIAL**

   Ordinarily, counsel will receive three to six months advance notice of the trial date.  The Court will defer to a prior setting of any Court of record if advised within fifteen (15) days following notice of trial.  Continuances may be granted for reasons of health of trial counsel or parties.  The Court will generally deny a continuance for any other reason.


**IV.        DISCOVERY**

   All discovery is to be completed by **November 28, 2007.**  Discovery shall be initiated so as to enable the opposing party to serve a response within the period allowed by the rules but in advance of this deadline.  Discovery requested before the discovery cutoff date, but not scheduled for completion before the discovery closing date, does not comply with this Notice.  No depositions may be scheduled to occur after the discovery cutoff date.  All discovery-related motions must be filed no later than the discovery cutoff date.  In structuring their discovery requests, counsel are

reminded that Southern District of Ohio Local Rule 37.1 requires exhaustion of extrajudicial means for resolving discovery differences prior to filing motions to compel and motions for protective orders.

Discovery may continue beyond the cutoff date by agreement of counsel, or by order of the Court. No supervision or intervention by the Court, such as a Rule 37 proceeding, will occur after the cutoff date without a showing of extreme prejudice. No trial date will be vacated because of information acquired in post-cutoff discovery. The Court expects discovery disputes to be resolved by counsel. Discovery motions that do not comply with S.D. Ohio Rules 37.1 and 37.2 will not be accepted. Attorney's fees will normally be assessed against the losing party pursuant to Fed.R.Civ.P. 37. <u>If a pending discovery motion should jeopardize a trial date, counsel are to notify the Magistrate Judge assigned to the case.</u>

### V.        DISPOSITIVE MOTIONS

Motions for summary judgment are due to be filed **January 14, 2008.**

### VI.        WITNESS LISTS

No witness may be included on a witness list if not identified in connection with initial disclosures required under F.R.Civ.P. 26 (or reasonably timely supplements thereto) or in response to a discovery request seeking the identity of persons with knowledge regarding the matters at issue (or reasonably timely supplements thereto), unless neither pretrial obligation applies to the action.

No later than 4:00 p.m. on the day before trial, and by the close of court each day thereafter, the counsel conducting witness examinations on the following day shall provide opposing counsel with a list of those witnesses he or she anticipates calling, in the order in which they are expected to testify.

### VII.  FINAL PRETRIAL STATEMENT (REQUIRED FORM)

Counsel are hereby **REQUIRED** to email a Joint Final Pretrial Statement to the

Case Manager, Mary Brown, at beckwith_chambers@ohsd.uscourts.gov. no later than **ONE WEEK** prior to the final pretrial conference.  Counsel are required to follow the format of the final pretrial statement, enclosed herein.  It is counsels' duty to confer, when practical, in person or by telephone, in a good faith effort to reach an agreement on all items referred to in the final pretrial statement.  The purpose is to eliminate all items in dispute, and, thus, resolve all disputed items before the final pretrial conference.

Trial counsel for the parties shall be present at the final pretrial conference together with their clients or a representative thereof, with full authority to discuss all aspects of the case including pleadings, scheduling, and settlement.  Attorneys not present at the final pretrial conference may not participate at trial.

### VIII.        TRIAL BRIEFS

Trial briefs must be filed with the Clerk of Courts and served upon opposing counsel within **ONE WEEK** after the final pretrial conference.  All briefs shall be in full compliance with S.D. Ohio Rule 5.1.  All references and citations shall conform to S.D. Ohio Rule 7.2(b).  Counsel should utilize their trial briefs to instruct the Court in advance of trial in any area of the law upon which counsel will rely at trial.  Therefore, the trial briefs should contain arguments with citations to legal authority in support of any evidentiary questions and any other legal questions which may be reasonably anticipated to arise at trial.

### IX.        TRIAL MOTIONS AND MOTIONS IN LIMINE

Any trial motions should be filed with the Clerk of Courts and served upon opposing counsel within **ONE WEEK** after the final pretrial conference.  Motions filed thereafter will not be considered except upon a showing of good cause.

**Daubert Motions**.  Any motions in limine addressed to the admissibility of expert testimony under *Daubert*  if not included in a previously filed summary judgment motion, shall be filed at least forty-two (42) days prior to the final pretrial conference.  Responses to such motions shall be filed not later than thirty-five (35) days prior to the final pretrial conference.  No replies will be filed unless otherwise ordered by the Court.

In non-jury trials, proposed findings of fact and conclusions of law shall be incorporated into the trial brief.

In all cases, trial briefs and Motions in limine are to be exchanged with opposing counsel by hand delivery or fax.

## X.        JURY INSTRUCTIONS

Counsel shall exchange proposed jury instructions no later than fourteen (14) days prior to the final pretrial conference.  Counsel shall then confer regarding their respective proposals in an effort to reach an agreement regarding as many jury instructions as possible.

Seven (7) days prior to the final pretrial conference, a joint submission shall be made indicating 1) agreed instructions; 2) instructions proposed by plaintiff, but opposed by defendant; and 3) instructions proposed by defendant, but opposed by plaintiff.  All proposed instructions shall be supported by citations to authority at the time submitted to the Court.  Grounds for objections need not be articulated at this time, but will be addressed at the final pretrial conference.  Boiler plate instructions need not be submitted.  If counsel wish to utilize special verdict forms or submit interrogatories to the jury, these should also be filed along with the jury instructions.

During trial or at the close of all evidence, the parties may submit supplemental requests for instructions on matters not anticipated prior to trial.

**Courtesy copies of all filings set forth in this Notice shall be hand-delivered to chambers at the time of the filing with the Clerk**.

## XI.        COMMUNICATION WITH CHAMBERS

There should be minimal communication with chambers.  Any communication should be in the form of a written pleading, served upon opposing counsel and filed in accordance with the procedures set out in this notice.  However, in the event communication with the Court becomes necessary, counsel may contact my Case Manager, Mary Brown.

## XII.      SANCTIONS FOR NON-COMPLIANCE

Counsel are expected to comply literally with this notice.  The Court will consider the imposition of appropriate sanctions in the event of non-compliance, specifically, failure of counsel to comply with this notice could result in sanctions, including limitations on evidence and witnesses permitted at trial, and dismissal of the action.

Sandra S. Beckwith, Chief Judge
United States District Court

March 2, 2007          By:      s/ Mary C Brown
Date                              Mary C. Brown
                                  Case Manager to Judge Beckwith

***THIS CASE IS CURRENTLY POSITIONED      2nd  ON THE TRAILING DOCKET***

*Please check this Court's website for Judge Beckwith's Trial Procedures,* **http://www.ohsd.uscourts.gov/fpbeck.htm**

*(rev. 11/03)