UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Vivian Bert, et al.,              :   Case No. 1:02-cv-467
                                  :
    Plaintiffs,                   :
                                  :
vs.                               :
                                  :
AK Steel Corporation,             :
                                  :
    Defendant.                    :

**ORDER CONCERNING CLASS NOTICE**

    The Court's Order of January 19, 2007 (Doc. 96) conditionally certified two subclasses in this case under Fed. R. Civ. P. 23(b)(2).  The subclasses consist of African-American applicants for labor positions at AK Steel who took and failed a screening employment test.  Plaintiffs generally contend that the written test had a disparate impact on African-American applicants.

    One subclass includes applicants at AK Steel's Middletown plant.  There is a dispute as to whether the named subclass representative, Donald Edwards, is actually a member of the class.  Discovery is ongoing on this question, as well as on the merits of the claims.  The second subclass consists of applicants at AK Steel's Ashland, Kentucky plant.

    Plaintiffs' class certification pleadings asserted that notice to the proposed class would be appropriate at the second stage of trial, in determining an appropriate back pay award.

(See Doc. 81 p. 9.)  However, Plaintiffs did not clearly describe their position on the specific timing of any class notice. Therefore, the Court ordered Plaintiffs to state their position on both the propriety and timing of class notice.

Plaintiffs' statement in response (Doc. 98) recognizes that pre-judgment notice is not mandatory for a class certified under Rule 23(b)(2).  See, e.g., <u>Alexander v. Aero Lodge No. 735</u>, 565 F.2d 1364, 1373 (6th Cir. 1977).  Plaintiffs also recognize that opt-out rights are not generally provided to members of a (b)(2) class.  This is based on the cohesive nature of a Rule 23(b)(2) class, as the rule permits certification only when "final injunctive or declaratory relief with respect to the entire class is appropriate."  Plaintiffs cite <u>Cox v. American Cast Iron Pipe Co.</u>, 784 F.2d 1546 (11th Cir. 1986), which addressed the potential need for notice and opt-out rights in a so-called "hybrid" class action, when the b(2) class is also seeking back pay damages.  Even there, however, the Eleventh Circuit held that notice was not required nor advisable prior to a determination of the defendant's liability.

Despite these authorities supporting the conclusion that notice is not required, Plaintiffs nevertheless request that class notice be sent as soon as possible, and that opt-out rights should be granted if and when Plaintiffs obtain a favorable liability determination.

<u>Reeb v. Ohio Dept. Of Rehabilitation and Correction</u>, 435 F.3d 639 (6th Cir. 2006) clearly held that Rule 23(b)(2) certification is proper only for claims seeking injunctive or declaratory relief, or such claims made in conjunction with damages "that inure to the group benefit." <u>Id</u>. at 651. The Court granted certification here because individual compensatory damages of any kind are not being sought by the class. Plaintiffs' classwide claim for back pay, as Plaintiffs have previously explicitly recognized, is an equitable claim which Plaintiffs argue can be determined on a classwide basis (a contention Defendant challenges). Given these facts, Plaintiffs have cited no persuasive authority supporting their request for immediate notice to the class.

Defendant argues that there is no legal or practical reason to send notice to the class now, before Defendant's liability is determined. Many cases where pre-judgment notice has been sent to a 23(b)(2) class typically involve settlements (for which notice is required in any event under Rule 23(e)(1)(B)), or unusual facts not present here. Defendant also notes the uncertainty surrounding Mr. Edwards and his membership in the Middletown subclass as further support for a delay in notice. The question of whether Edwards is a member of the class will presumably be resolved before the question of liability, and may require a de-certification of the Middletown subclass, as the

Court's prior order made clear.

The Court concludes that notice to the certified subclasses is not required nor advisable at this stage of the litigation. There is no doubt that the Court has discretion to order notice prior to a determination of liability. See, e.g., <u>Fuller v. Fruehauf Trailer Corp.</u>, 168 F.R.D. 588, 603-606 (E.D. Mich. 1996), where the district court required both notice and opt-out rights at the certification stage. However, the plaintiffs in that case sued their former employer, challenging its decision to charge them premiums for retiree health benefits, which the plaintiffs alleged had been promised to them without charge for life. The district court required opt out rights because some of the employee-plaintiffs likely had much stronger ERISA estoppel claims than others; affording the class opt-out rights thus fully comported with due process concerns. Here, however, the Court finds no factual or legal basis to exercise its discretion to provide notice, much less opt out rights, at this point.

Moreover, Plaintiffs' proposed notice is improper and confusing in several respects. For example, the notice suggests that some class members will be able to opt out at some undefined future time, or that some could opt out now. The subclasses have been certified under Rule 23(b)(2), and it is not entirely clear that opt-out rights **must** be granted in a (b)(2) case involving only an equitable, classwide claim for back pay. <u>Reeb</u> did not

-4-

expressly address this issue.  The Court need not resolve this question at the present time, given the Court's conclusion that neither notice nor opt out rights are required now.

Finally, the parties' pleadings have pointed out a needed revision to the subclass definitions contained in the January 19 Order.  Those definitions state that subclass members are applicants who took the challenged test within 300 days of the date of the class representatives' EEOC charges.  The Court concluded that applicants who took the test prior to those dates (August 12, 2001 for Ashland, and September 12, 2001 for Middletown) are excluded from the class because their claims are time-barred.  However, the subclass membership is not limited solely to applicants who took the test within that 300-day period; rather, subclass membership should extend from the applicable 2001 date through at least October 31, 2003, by which time Defendant had stopped hiring at both plants.  (See Doc. 73, p. 21-22, and Exhibit 5, Short Declaration at ¶7.)  The subclass definitions should therefore reflect this correct ending point.

For all of the foregoing reasons, Plaintiffs' request for immediate notice to the certified subclasses is denied.

SO ORDERED.

DATED: April 11, 2007               s/Sandra S. Beckwith
                                    Sandra S. Beckwith, Chief Judge
                                      United States District Court