UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al. | : | |
| | : | Case No.  C-1-02-467 |
| Plaintiffs, | : | |
| | : | Judge Beckwith |
| v. | : | |
| | : | |
| AK STEEL CORPORATION, | : | **DEFENDANT'S MOTION FOR** |
| | : | **SUMMARY JUDGMENT ON THE** |
| Defendant. | : | **CLAIMS OF RONALD SLOAN,** |
| | : | **MARY HARRIS AND** |
| | : | **THADDEUS FREEMAN BASED** |
| | : | **ON JUDICIAL ESTOPPEL** |

Defendant AK Steel Corporation ("AK Steel") moves for summary judgment on the claims of Plaintiffs Ronald Sloan, Mary Harris and Thaddeus Freeman, based upon judicial estoppel. All three have received a discharge in bankruptcy and failed to disclose their claims in this matter as an asset in their bankruptcy proceedings. There are no genuine issues of material fact and AK Steel respectfully submits that summary judgment in its favor is appropriate. A memorandum in support of this Motion is attached.

Respectfully submitted,

/s/ Gregory Parker Rogers
Lawrence J. Barty (0016002)
barty@taftlaw.com
Gregory Parker Rogers (0042323))
rogers@taftlaw.com
Patricia Anderson Pryor (0069545)
pryor@taftlaw.com
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
(513) 381-2838
(513) 381-0205 (fax)

Trial Attorneys for Defendant

{W0959840.1}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al. | : | |
| | : | Case No. C-1-02-467 |
| Plaintiffs, | : | |
| | : | Judge Beckwith |
| v. | : | |
| | : | |
| AK STEEL CORPORATION, | : | **DEFENDANT'S MEMORANDUM** |
| | : | **IN SUPPORT OF ITS MOTION FOR** |
| Defendant. | : | **SUMMARY JUDGMENT ON THE** |
| | : | **CLAIMS OF RONALD SLOAN,** |
| | : | **MARY HARRIS AND** |
| | : | **THADDEUS FREEMAN BASED** |
| | : | **UPON JUDICIAL ESTOPPEL** |

## I. INTRODUCTION

Defendant AK Steel Corporation ("AK Steel" or "the Company") moves for summary judgment on all of the claims of Plaintiffs Ronald Sloan, Mary Harris and Thaddeus Freeman. These Plaintiffs' claims here are barred, as a matter of law, by judicial estoppel. Each of these Plaintiffs, in order to obtain the benefit of a discharge of their debts through bankruptcy, represented to the Bankruptcy Court that they did not have any contingent or unliquidated claims or causes of action. They did not list their alleged claims in this action as assets or potential assets in their bankruptcy cases and each received a discharge in bankruptcy. They are estopped from proceeding with their claims here.

## II. STATEMENT OF FACTS

A. Ronald Sloan

Plaintiff Ronald Sloan claims he applied for employment with AK Steel in September, 2001. (Doc. #42, 2d Am. Compl. ¶ 21) Thousands of individuals, more than 3,000 of whom

{W0959840.1}

were Caucasian, applied and were not selected for employment between September 12, 2001 and December 31, 2003.  (Doc. # 73, Baker Report, Table 1.a)

On June 17, 2002, Sloan filed an EEOC charge alleging that he was not hired due to race discrimination.  He received a notice of right to sue from the EEOC on January 9, 2003.  (Doc. # 45, 2d Am. Compl. ¶ 8)  On June 26, 2002, he filed this action alleging both individual and class claims of discrimination.[1]  (Doc. # 1, Complaint)

On May 21, 2003, less than one year after filing this lawsuit, Sloan and his wife filed a Chapter 7 Voluntary Petition for Bankruptcy in the United States Bankruptcy Court for the Southern District of Ohio.  (Sloan Dep., Ex. 10)  Sloan did not list his alleged claims against AK Steel as an asset in the schedule of his assets in his bankruptcy action.  (*Id.* at 7)  He then concealed his participation in this litigation.  In the Statement of Financial Affairs, he was asked to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case."  He disclosed only a lawsuit involving a claim brought against him by Capital One Bank.  He did not disclose this litigation even though he had filed it less than a year earlier and it was ongoing throughout the bankruptcy case.  (*Id.* at 21)  Sloan signed his Petition, all related schedules and the Statement of Financial Affairs under oath and penalty of perjury.  (Sloan Dep. Ex. 10)

On September 30, 2003, based on the representations made by Sloan, the Bankruptcy Court discharged Sloan's debts.  (*Id.*, Ex. 11)  On October 8, 2003, the bankruptcy case was closed.

---

[1]    Sloan is no longer part of the class litigation.  He is not a class representative or a class member.  He took and passed the pre-employment test challenged by the class as discriminatory.  He is proceeding only on his individual claims of disparate treatment.

B.  Mary Harris

Plaintiff Mary Harris claims she applied for employment with AK Steel in April, 2002. (Doc. # 45, 2d Am. Compl. ¶ 14)  AK Steel received thousands of applications between September 12, 2001 and December 31, 2003.  (Doc. # 25, Baker Report, Table 1.a)

On June 21, 2002, Harris filed an EEOC charge alleging that she was not hired due to race discrimination.  She received a notice of right to sue from the EEOC on January 9, 2003. (Doc. # 45, 2d Am. Compl. ¶ 8)  On June 26, 2002 she filed this action alleging both individual and class claims of discrimination.[2]  (Doc. # 1, Complaint)

On January 9, 2003, less than six months after filing this lawsuit and the same day that she received a notice of right to sue from the EEOC, Harris and her husband filed a Chapter 7 Voluntary Petition for Bankruptcy in the United States Bankruptcy Court for the Southern District of Ohio.  (Doc. # 45, 2d Am. Compl. ¶ 8; Pryor Dec., Ex. 7)   Harris did not list her alleged claims against AK Steel as an asset in the schedule of her assets in her bankruptcy action. (*Id.* at 4)  She then concealed her participation in this litigation.  In response to the request that she "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case," she listed two lawsuits involving her husband.  She did not disclose this litigation even though she had filed it less than a year earlier and it was ongoing throughout the bankruptcy proceedings.  (*Id.* at 29)  Harris signed her Petition, the related schedules and the Statement of Financial Affairs under oath and penalty of perjury.

---

[2]  Harris is no longer part of the class litigation.  She is not a class representative or a class member.  She did not take the pre-employment test challenged by the class.  She is proceeding only on her individual claims of disparate treatment.

On June 25, 2003, based on the representations made by Harris, the Bankruptcy Court discharged Harris' debts. (*Id.* Ex. 8)  On June 23, 2002, the bankruptcy case was closed. (*Id.* Ex. 9)

  C. <u>Thaddeus Freeman</u>

Plaintiff Thaddeus Freeman claims he applied for employment at AK Steel in April, 2002. (Doc. # 45, 2d Am. Compl. ¶ 10)  AK Steel received thousands of applications between September 12, 2001 and December 31, 2003. (Doc. # 73, Baker Report, Table a.1)

On June 21, 2002, Freeman filed an EEOC charge alleging that he was not hired due to race discrimination. He received a notice of right to sue from the EEOC on January 9, 2003. (Doc. # 45, 2d Am. Compl. ¶ 8)  On June 26, 2002, he filed this action alleging both individual and class claims of discrimination.[3] (Doc. # 1, Complaint)

On June 24, 2003, Freeman and his wife filed a Chapter 7 Voluntary Petition for Bankruptcy in the United States Bankruptcy Court for the Southern District of Ohio. (Pryor Dec. Ex. 10)  Freeman did not list his alleged claims against AK Steel as an asset in the schedule of his assets in his bankruptcy action. (*Id.* at 8)  He then concealed his participation in this litigation. He did not disclose this litigation in response to the request that he "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." (*Id.* at 26)  Freeman signed his Petition, the related schedules and the Statement of Financial Affairs under oath and penalty of perjury.

On December 9, 2003, based on Freeman's representations, the Bankruptcy Court discharged Freeman's debts. (*Id.* Ex. 11)  On December 17, 2003, the bankruptcy case was closed. (*Id.* Ex. 12)

---

[3]  Freeman is no longer part of the class litigation. He is not a class representative or a class member. He did not take the pre-employment test challenged by the class within the class period. He is proceeding only on his individual claims of disparate treatment.

### III. ARGUMENT

Plaintiffs Sloan, Harris and Freeman are judicially estopped from asserting their discrimination claims against AK Steel now because they each took an inconsistent position under oath before the Bankruptcy Court from the positions they assert here. "'The doctrine of judicial estoppel bars a party from asserting a position that is contrary to one the party has asserted under oath in a prior proceeding, where the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition.'" *Wallace v. Johnston Coca-Cola Bottling Group*, 2007 WL 927929, *2 (S.D. Ohio 2007), quoting *Eubanks v. CBSK Financial Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004). *See also Reynolds v. C.I.R.*, 861 F.2d 469, 472 (6th Cir. 1988). The purpose of the doctrine "is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (citations omitted). "Courts have used a variety of metaphors to describe the doctrine, characterizing it as a rule against 'playing fast and loose with the courts,' 'blowing hot and cold as the occasion demands', or 'hav[ing] [one's] cake and eat[ing] it too.'" *Reynolds*, 861 F.2d at 472 (citations omitted).

Section 521(a)(1) of the Bankruptcy Code requires an individual who is requesting the protection of the Bankruptcy Code to file "a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." 11 U.S.C. § 521(a)(1). It is well-settled that a cause of action, whether actual or potential, is an asset that must be scheduled under Section 521(a)(1). *See Youngblood Group v. Lufkin Federal Sav. And Loan Assn*, 932 F. Supp. 859, 868 (E.D. Tex. 1996). "Any claim with potential must be disclosed, even if it is 'contingent, dependent or conditional.'" *Youngblood*, 932 F. Supp. at 867.

Judicial estoppel prevents a plaintiff who fails to list a claim with the bankruptcy court from later asserting it. *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) ("all six appellate courts that have considered this question hold that a debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends."), *cert. denied*, 127 S. Ct. 838 (2006). The failure to list a claim in the "mandatory bankruptcy filings is tantamount to a representation that no such claim existed." *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004). "Courts in numerous cases have precluded debtors or former debtors from pursuing claims about which the debtors had knowledge, but did not disclose, during the debtors' bankruptcy proceedings." *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999). *See also Randelson v. Kennametal, Inc.*, 2006 WL 3196457 (N.D. Ohio 2006) (dismissing discrimination claim filed one year prior to bankruptcy that was not disclosed to bankruptcy court); *Chandler v. Samford University*, 35 F. Supp. 2d 861, 863-64 (N.D. Ala. 1999) (judicial estoppel precludes discrimination claims that were not disclosed in bankruptcy petition).

Despite the requirement that they list all potential claims in their bankruptcy petitions, Plaintiffs Sloan, Harris and Freeman did not list the alleged claims asserted in this case. Instead, they each stated under oath in their petitions that they had no contingent or unliquidated claims. (Sloan Dep. Ex. 10; Pryor Dec. Exs. 7, 10) They then concealed their participation in this litigation, omitting any reference to it in their Statement of Financial Affairs. The bankruptcy court accepted these representations and discharged their debts.

Plaintiffs Sloan, Harris and Freeman were each aware of their claims against AK Steel when they filed their bankruptcy petitions – they had filed this action less than a year before they filed their bankruptcy petitions and were actively participating in this litigation at the time they

filed for bankruptcy. Their representations made under oath to the Bankruptcy Court preclude their claims in this case from going forward.

This case is similar to *Wallace v. Johnston Coca-Cola Bottling Group*, 2007 WL 927929 (S.D. Ohio 2007) in which this Court dismissed a plaintiff's discrimination claim where the plaintiff failed to disclose his alleged discrimination claim in his bankruptcy petition. As was the case in *Wallace*, Plaintiffs Sloan, Harris and Freeman in this case had knowledge of their alleged discrimination claims prior to filing for bankruptcy, yet failed to disclose them. They had motive to conceal their claims in order to obtain a discharge of their debts. Just as this Court concluded judicial estoppel precluded the plaintiff in *Wallace* from proceeding with his claims, so in this case judicial estoppel precludes Plaintiffs Sloan, Harris and Freeman from proceeding with their claims.

## IV. CONCLUSION

For each and all of the foregoing reasons, AK Steel Corporation respectfully requests that this Court grant its Motion for Summary Judgment and dismiss all of the claims of Plaintiffs Ronald Sloan, Mary Harris and Thaddeus Freeman.

Respectfully submitted,

/s/ Gregory Parker Rogers
Gregory Parker Rogers (0042323))
rogers@taftlaw.com
Lawrence J. Barty (0016002)
barty@taftlaw.com
Patricia Anderson Pryor (0069545)
pryor@taftlaw.com
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
(513) 381-2838
(513) 381-0205 (fax)

Trial Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on May 14, 2007 using the Court's CM/ECF system, which will send notice of this filing to Susan Donahue, Robert Childs, Herman N. Johnson, Jr., Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama  35203; Paul H. Tobias and David Kammer, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202; and David Sanford, Sanford, Wittels & Heisler, L.L.P., 2121 K Street, N.W., Suite 700, Washington, D.C.  20037

  s/ Gregory Parker Rogers