IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | ) | Case No. C-1-02-00467 |
| | ) | Judge Beckwith |
| Plaintiffs, | ) | Magistrate Judge Hogan |
| | ) | |
| v. | ) | PLAINTIFF MARY HARRIS' |
| | ) | RESPONSES TO DEFENDANT'S |
| AK STEEL CORPORATION, | ) | FIRST REQUEST FOR THE |
| | ) | PRODUCTION OF DOCUMENTS |
| Defendant. | ) | |
| | ) | |

### GENERAL OBJECTIONS

1. The Plaintiff objects to these discovery requests to the extent they seek information or documents protected from discovery and/or disclosure by the attorney/client privilege, the work product doctrine, or any other applicable privilege.

2. The Plaintiff objects to these discovery requests to the extent they seek information or documents neither material nor relevant to the claims or defenses of this action nor reasonably calculated to lead to the discovery of admissible evidence.

3. The Plaintiff objects to these discovery requests to the extent they are overly broad and/or unduly burdensome.

4. The Plaintiff objects to these discovery requests to the extent they are so vague and ambiguous as to be incapable of a definite response.

5. The Plaintiff objects to these discovery requests to the extent they seek confidential or proprietary information or documents. Notwithstanding this objection, the Plaintiff agrees to provide, if any exist, as more fully set forth below, such information or documents subject to the terms of a mutually agreeable protective order to be entered in this action.

6. The Plaintiff objects to these discovery requests to the extent they call for conclusions of law.

7. The Plaintiff objects to these discovery requests to the extent that they seek and/or require the production of documents which are not in the Plaintiff's possession, custody, or control.

8. The Plaintiff objects to the time and place of production for documents specified in these

EXHIBIT 2

discovery requests but state, to the extent that the documents are available, as more fully set forth below, they will be produced at a mutually convenient time and place.

9. The Plaintiff objects to the definitions and instructions in the discovery requests to the extent they seek to require the Defendant to comply with requirements beyond the scope of or impose burdens, duties and obligations in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure.

10. The Plaintiff objects to these discovery requests to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of attorneys or other representatives of Plaintiff and/or the substance of information developed by them (i.e., interpretive, not investigatory) in preparation for the trial of this action.

11. The Plaintiff objects to these discovery requests to the extent that the information sought, if any, was obtained and prepared in anticipation of litigation, and the Plaintiff has not made the required showing of substantial need for the information or that the substantial equivalent of such information is unobtainable by other means. The Plaintiff further objects to these discovery requests to the extent that the information called for, if any, is privileged and is not discoverable under FRCP 26(b)(3) and *Hickman v. Taylor*, 329 U.S. 495 (1947).

12. The Plaintiff objects to these discovery requests to the extent that they seek information that is equally available to the Defendant, and the burden on the Defendant to obtain the requested information is no greater than the burden on the Plaintiff.

13. The Plaintiff objects to these discovery requests to the extent they seek information or documents relating to expert witnesses, witnesses, and trial exhibits in excess of the disclosure duties imposed by the Federal Rules of Civil Procedure and the Court's Orders relating to such matters.

14. The Plaintiff objects to these discovery requests to the extent that they seek information regarding matters which are not at issue in this action.

15. The Plaintiff objects to these discovery requests to the extent that they do not, on their face, restrict themselves either to an identifiable time or a reasonable, rationally-based time frame.

16. The Plaintiff objects to these discovery requests to the extent that they are oppressive, i.e., designed to create an unreasonable burden on the Plaintiff which burden is not commensurate with the professed result sought.

17. Except as otherwise indicated, the Plaintiff incorporates the General Objections into each

and every response set forth below. By responding to any of the discovery requests, the Plaintiff does not waive any of the foregoing General Objections.

Plaintiff responds to Defendant's requests for the production of the following documents:

**Request No. 1**: Produce all documents that refer to, reflect, comment on, or tend to prove or disprove any of the contentions in the Complaint or the Answer.

**Specific Objection to Request No. 1**: Plaintiff objects to the extent this request is vague, ambiguous, and overly broad. Plaintiff further objects to the extent that this request seeks information or documents protected from discovery and/or disclosure by the attorney/client privilege, the work product doctrine, or any other applicable privilege. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

**Request No. 2**: Produce all documents that you believe support your claim for damages, or which reflect, comment on, or tend to prove or disprove such claims.

**Specific Objection to Request No. 2**: Plaintiff objects to the extent this request is vague, ambiguous, and overly broad. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

**Request No. 3**: Produce any diary, journal, or calendar of appointments, or notes that you have maintained since January 1, 1998.

**Specific Objection to Request No. 3**: Plaintiff objects to the extent that this request is overly broad and/or unduly burdensome. Plaintiff also objects to the extent that this request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:** Plaintiff will produce any diary, journal, or calendar of appointments that Plaintiff has maintained since January 1, 1998 that relate to the claims or defenses in this case.

**Request No. 4**: Produce all documents provided to or obtained from Defendant.

**Specific Objection to Request No. 4**: Plaintiff objects to the extent that this request is overly broad and/or unduly burdensome. Plaintiff further objects to the extent that this request seeks information that is equally available to the Defendant, and the burden on the Defendant to obtain the requested information is no greater than the burden on the Plaintiff. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

**Request No. 5**: Produce all of your medical or psychological records since January 1, 1998.

**Specific Objection to Request No. 5**: Plaintiff objects to this Request to the extent that the information sought is confidential and/or privileged.

**Request No. 6**: Produce all documents that refer to, reflect, or comment on any criminal proceeding in which in which you have been either arrested or convicted during the past 10 years.

**Specific Objection to Request No. 6**: Plaintiff objects to this Request to the extent that the information sought is confidential and/or privileged. Plaintiff further objects that the information is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 7**: Produce your federal income tax returns and any W-2s or Form 1099s for each tax year beginning in 1999.

**Specific Objection to Request No. 7**: Plaintiff objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent the information sought is confidential and/or privileged. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:** Plaintiff will produce Plaintiff's W-2s or Form 1099s for 1999, 2000, and 2001.

**Request No. 8**: Produce any documents that you sent to or received from the EEOC, OCRC, or any other state agency with the power to investigate charges of discrimination.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

**Request No. 9**: Produce any resume or other listing of your qualifications for employment you have prepared or had prepared for you since January 1, 1998.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

**Request No. 10**: Produce any document by which you sought employment from any employer from January 1, 1998 to date.

**Specific Objection to Request No. 10**: Plaintiff objects to the extent this request is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

**Request No. 11**: Produce any document by which you claim you requested employment from AK Steel Corporation.

**Specific Objection to Request No. 11**: Plaintiff objects to the extent this request is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

Respectfully submitted this 27th day of November, 2002.

/s/ David Sanford / ERB

DAVID SANFORD, D.C. Bar No. 457933
ERIC BACHMAN, KY Bar. No. 88122
**GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.**
7 DUPONT CIRCLE, N.W.
SUITE 200
WASHINGTON, D.C. 20036
Telephone: (202) 467-4123
Facsimile: (202) 467-4489

GRANT MORRIS, D.C. Bar No. 926253
**LAW OFFICES OF GRANT MORRIS**
7 DUPONT CIRCLE, N.W.
SUITE 250
WASHINGTON, D.C. 20036
Telephone: (202) 331-4707

PAUL H. TOBIAS, OH Bar No. 0032415
DAVID D. KAMMER, OH Bar No. 0061808
**TOBIAS, KRAUS & TORCHIA, LLP**
414 WALNUT STREET
SUITE 911
CINCINNATI, OH 45202
Telephone: (513) 241-8137
Facsimile: (513) 241-7863

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of Plaintiffs' Responses to Defendant's First Set of Requests for Production of Documents was served via first-class mail, postage prepaid, upon:

> Lawrence J. Barty
> Patricia Anderson Pryor
> Gregory Parker Rogers
> Roger A. Weber
> TAFT, STETTINIUS & HOLLISTER LLP
> 425 Walnut Street, Suite 1800
> Cincinnati, Ohio 45202-3957

This is the 27th day of November, 2002.

*Attorney for Plaintiffs*