## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| VIVIAN BERT, et al.,      ) | |
|                ) | |
|     Plaintiffs,      ) | |
|                ) | |
| v.                ) | **CASE NO. C-1-02-467** |
|                ) | **Judge Beckwith** |
| AK STEEL CORPORATION,      ) | **Magistrate Judge Hogan** |
|                ) | |
|     Defendant.      ) | |

### PLAINTIFF MARY HARRIS' RESPONSES TO
### DEFENDANT A. K. STEEL CORPORATION'S FIRST SET OF INTERROGATORIES

Comes now the Plaintiff, Mary Harris, by and through her undersigned counsel of record and responds to the Defendant's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1.    The Plaintiff objects to the definitions and instructions accompanying these interrogatories to the extent that they seek to impose burdens, duties and obligations upon the Plaintiff in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure; Plaintiff will respond in accordance with said law and rules.

2.    The Plaintiff objects to these requests to the extent they seek information and/or documentation regarding matters about which the Defendant has knowledge but has failed to disclose, or so limited their responses to previous discovery of the Plaintiff, so as to in effect deny the Plaintiff the information requested and needed by them to answer these requests.

3.    The Plaintiff objects to these requests to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of

PENGAD 800-631-6989

**EXHIBIT**

5

attorneys or other representatives of the Plaintiff, rather than seeking this information from the Plaintiff.

4.    The Plaintiff objects to these requests to the extent they seek information and/or documentation protected by the attorney-client privilege or any other applicable privilege.

5.    The Plaintiff objects to these requests to the extent that the Defendant is seeking to make them into a bill of particulars.

6.    The Plaintiff objects to these requests to the extent they seek to require Plaintiff's counsel to present a "dress rehearsal" of the evidence to be submitted in the course of the proceedings. The mental impressions, legal theories, legal conclusions, and legal opinions of Plaintiff's counsel, as well as any communications between Plaintiff and her counsel, are clearly protected from discovery by the attorney-client privilege and the work product doctrine.

7.    The Plaintiff objects to these requests to the extent that the information and/or documentation sought, if any, was obtained and prepared in anticipation of litigation and the Defendants have not made the required showing of substantial need for the information and/or documentation or that the substantial equivalent of such information and/or documentation is unobtainable by other means. The Plaintiff further objects to these requests to the extent that the information and/or documentation called for, if any, is protected and is not discoverable under Rule 26(b)(3) of the Fed. R. Civ. P. and Hickman v. Taylor, 329 U.S. 495 (1947).

8.    The Plaintiff objects to these requests to the extent that they seek information and/or documentation that is equally available to the Defendant and the burden on the Defendant to obtain the requested information and/or documentation is no greater than the burden on the Plaintiff.

9.    The Plaintiff objects to these requests to the extent they exceed the requirements of Rules

2

26, 30, 34 or 45 of the Fed. R. Civ. P.

10.     The Plaintiff objects to these requests to the extent they seek information and/or documentation relating to expert witnesses, witnesses, and trial exhibits in excess of the disclosure duties imposed by the Fed. R. Civ. P. and the Court's Scheduling and Pretrial Orders relating to such matters.

11.     The Plaintiff objects to these requests to the extent they require the Plaintiff to disclose "each and every" fact or piece of knowledge possessed by them as such a requirement is impossible to fulfill and is objectionably broad for failure to be "reasonably particularized".

12.     The Plaintiff objects to these requests to the extent they request duplicative and cumulative information and/or documentation heretofore disclosed in conjunction with discovery already undertaken by the Defendant in this action.

13.     The Plaintiff objects to these requests to the extent that they seek to require the Plaintiff's attorneys to divulge the substance of information and/or documentation developed by them (i.e., interpretive, not investigatory) in preparation for any hearing or trial in this action.

14.     The Plaintiff objects to these requests to the extent that they do not, on their face, restrict themselves either to an identifiable time or a reasonable, rationally-based time frame.

15.     The Plaintiff objects to these requests to the extent that they seek information and/or documentation from the Plaintiff regarding matters about which the Defendant has refused or objected to providing in their interrogatory or request for production responses.

16.     The Plaintiff objects to these requests to the extent that they are oppressive, i.e., they were designed to create an unreasonable burden on the Plaintiff which burden is not commensurate with the professed result sought.

3

17.    The Plaintiff objects to these interrogatories to the extent they seek answers to multiple interrogatories within a single interrogatory.

18.    These requests are addressed to the Plaintiff and the responses herein are based on information and/or documentation presently available to the Plaintiff. Investigation is presently continuing, however, and additional information and/or documentation pertinent to these requests may well be disclosed as a result of such ongoing and continuing investigation.

Except as otherwise indicated, the Plaintiff incorporates the General Objections into each and every answer set forth below. Without waiving the foregoing objections, the Plaintiff answers as follows:

**INTERROGATORY NO. 1:**  Identify all litigation or legal proceedings in which you have been a witness or party, including the name and number of the case, the court or administrative agency for which the case was pending, and a brief description of the nature of the case, and the year in which the matter was pending.

**SPECIFIC OBJECTION TO REQUEST**: Plaintiff objects because this request does not seek relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this request is unduly harassing, burdensome, and oppressive. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**ANSWER:**    Bert, et al, v. AK Steel
           Case No.: 1:02-CV-00467
           United States District Court
           Southern District of Ohio (Cincinnati)
           Nature of case: Race discrimination in hiring

**INTERROGATORY NO. 2:** Identify all employers for whom you have worked since January 1, 2001, including the dates of employment, the positions held, amounts paid per week, and reason for

4

leaving, if applicable.

**SPECIFIC OBJECTION TO REQUEST**: Plaintiff objects because this request does not seek relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this request is unduly harassing, burdensome, and oppressive. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**ANSWER:**    RDI Marketing Services - May of 1998 to the Present - Position is Telephone Sales Representative - Pay is approximately $400.00 - $9.50 per hour depending upon how many hours are available.

**INTERROGATORY NO. 3:** Identify all employers to whom you applied for employment since January 1, 2001, including the date you submitted written applications, the job to which you applied, the dates you were interviewed, the employers who tendered you job offers, and a description of the offer.

**SPECIFIC OBJECTION TO REQUEST**: Plaintiff objects because this request does not seek relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this request is unduly harassing, burdensome, and oppressive. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**ANSWER:**    I have applied to A. K. Steel Corporation in November of 2001 (second time applied); General Electric Company in July, August and November of 2006; applied for positions of laborer, assembler, machine operator - was never contacted or interviewed by employers.

**INTERROGATORY NO. 4:** Identify all income received from whatever source, by amount each week after January 1, 2001.

5

**ANSWER:**    2001 - $400 per week; 2002 - $424 per week; 2003 - $425 per week; 2004 -

$402 per week; 2005 - $497 per week; 2006 - $508 per week

**INTERROGATORY NO. 5:** Identify by name, address and telephone number all individuals

who have knowledge about or information about the allegations in the Complaint, and state a summary of

what you believe their knowledge to be.

**ANSWER:**    Allen Roberts, 4916 Oak Court, Middletown, Ohio 45044, Vivian Bert and

Shawn Pryor

**INTERROGATORY NO. 6:** Identify all individuals who you intend to call as witnesses in the

litigation of this matter.

**SPECIFIC OBJECTION TO REQUEST:**  Plaintiffs objects because this Interrogatory violates

the Court's Order establishing a deadline for Plaintiff to disclose witnesses and testimony.  Plaintiff further

objects to the extent this interrogatory seeks information protected by the attorney-client privilege or other

privilege and/or the work product doctrine.  Subject to and without waiving the foregoing general and

specific objections, Plaintiff responds as follows:

**ANSWER:**  Plaintiff will abide by the deadlines established by the Court and the disclosure

requirements set by the Federal Rules of Civil Procedure to disclose the witnesses they will use at trial in

this case.

Respectfully Submitted,

Robert F. Childs, Jr.
Herman N. Johnson, Jr.

6

WIGGINS, CHILDS, QUINN & PANTAZIS
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 328-0640
(205) 254-1500 (facsimile)

Tobias, Kraus & Torchia, LLP
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (facsimile)

ATTORNEYS FOR THE PLAINTIFFS

## CERTIFICATE OF SERVICE

I do hereby certify that on May 4, 2007, I served the foregoing via U.S. Mail and electronic mail upon the following:

Gregory Parker Rogers
Lawrence James Barty
Patricia Anderson Pryor
Taft, Stettinius & Hollister, LLP
1800 First Star Tower
425 Walnut Street
Cincinnati, OH 45202
Fax: (513) 381-0205

_____
PLAINTIFFS' COUNSEL

**<u>VERIFICATION</u>**

I, Mary Harris hereby state that the answers to the foregoing interrogatories are true and

complete to the best of my knowledge.

_____
Mary Harris

This the _____ day of April, 2007.