# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| VIVIAN BERT, et al., | ) |
| Plaintiffs, | ) |
| v. | ) CASE NO. C-1-02-467 |
| | ) Judge Beckwith |
| AK STEEL CORPORATION, | ) Magistrate Judge Hogan |
| Defendant. | ) |

### PLAINTIFF THADDEUS FREEMAN'S RESPONSES TO DEFENDANT A. K. STEEL CORPORATION'S FIRST SET OF INTERROGATORIES

Comes now the Plaintiff, Thaddeus Freeman, by and through his undersigned counsel of record and responds to the Defendant's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1. The Plaintiff objects to the definitions and instructions accompanying these interrogatories to the extent that they seek to impose burdens, duties and obligations upon the Plaintiff in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure; Plaintiff will respond in accordance with said law and rules.

2. The Plaintiff objects to these requests to the extent they seek information and/or documentation regarding matters about which the Defendant has knowledge but has failed to disclose, or so limited their responses to previous discovery of the Plaintiff, so as to in effect deny the Plaintiff the information requested and needed by them to answer these requests.

3. The Plaintiff objects to these requests to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of



EXHIBIT 6

attorneys or other representatives of the Plaintiff, rather than seeking this information from the Plaintiff.

4. The Plaintiff objects to these requests to the extent they seek information and/or documentation protected by the attorney-client privilege or any other applicable privilege.

5. The Plaintiff objects to these requests to the extent that the Defendant is seeking to make them into a bill of particulars.

6. The Plaintiff objects to these requests to the extent they seek to require Plaintiff's counsel to present a "dress rehearsal" of the evidence to be submitted in the course of the proceedings. The mental impressions, legal theories, legal conclusions, and legal opinions of Plaintiff's counsel, as well as any communications between Plaintiff and her counsel, are clearly protected from discovery by the attorney-client privilege and the work product doctrine.

7. The Plaintiff objects to these requests to the extent that the information and/or documentation sought, if any, was obtained and prepared in anticipation of litigation and the Defendants have not made the required showing of substantial need for the information and/or documentation or that the substantial equivalent of such information and/or documentation is unobtainable by other means. The Plaintiff further objects to these requests to the extent that the information and/or documentation called for, if any, is protected and is not discoverable under Rule 26(b)(3) of the Fed. R. Civ. P. and <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947).

8. The Plaintiff objects to these requests to the extent that they seek information and/or documentation that is equally available to the Defendant and the burden on the Defendant to obtain the requested information and/or documentation is no greater than the burden on the Plaintiff.

9. The Plaintiff objects to these requests to the extent they exceed the requirements of Rules

26, 30, 34 or 45 of the Fed. R. Civ. P.

10. The Plaintiff objects to these requests to the extent they seek information and/or documentation relating to expert witnesses, witnesses, and trial exhibits in excess of the disclosure duties imposed by the Fed. R. Civ. P. and the Court's Scheduling and Pretrial Orders relating to such matters.

11. The Plaintiff objects to these requests to the extent they require the Plaintiff to disclose "each and every" fact or piece of knowledge possessed by them as such a requirement is impossible to fulfill and is objectionably broad for failure to be "reasonably particularized".

12. The Plaintiff objects to these requests to the extent they request duplicative and cumulative information and/or documentation heretofore disclosed in conjunction with discovery already undertaken by the Defendant in this action.

13. The Plaintiff objects to these requests to the extent that they seek to require the Plaintiff's attorneys to divulge the substance of information and/or documentation developed by them (i.e., interpretive, not investigatory) in preparation for any hearing or trial in this action.

14. The Plaintiff objects to these requests to the extent that they do not, on their face, restrict themselves either to an identifiable time or a reasonable, rationally-based time frame.

15. The Plaintiff objects to these requests to the extent that they seek information and/or documentation from the Plaintiff regarding matters about which the Defendant has refused or objected to providing in their interrogatory or request for production responses.

16. The Plaintiff objects to these requests to the extent that they are oppressive, i.e., they were designed to create an unreasonable burden on the Plaintiff which burden is not commensurate with the professed result sought.

17.     The Plaintiff objects to these interrogatories to the extent they seek answers to multiple interrogatories within a single interrogatory.

18.     These requests are addressed to the Plaintiff and the responses herein are based on information and/or documentation presently available to the Plaintiff. Investigation is presently continuing, however, and additional information and/or documentation pertinent to these requests may well be disclosed as a result of such ongoing and continuing investigation.

Except as otherwise indicated, the Plaintiff incorporates the General Objections into each and every answer set forth below. Without waiving the foregoing objections, the Plaintiff answers as follows:

**INTERROGATORY NO. 1:** Identify all litigation or legal proceedings in which you have been a witness or party, including the name and number of the case, the court or administrative agency for which the case was pending, and a brief description of the nature of the case, and the year in which the matter was pending.

**SPECIFIC OBJECTION TO REQUEST:** Plaintiff objects because this request does not seek relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this request is unduly harassing, burdensome, and oppressive. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**ANSWER:**  Bert, et al, v. AK Steel
Case No.: 1:02-CV-00467
United States District Court
Southern District of Ohio (Cincinnati)
Nature of case: Race discrimination in hiring

**INTERROGATORY NO. 2:** Identify all employers for whom you have worked since January 1, 2001, including the dates of employment, the positions held, amounts paid per week, and reason for

4

leaving, if applicable.

**SPECIFIC OBJECTION TO REQUEST**: Plaintiff objects because this request does not seek relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this request is unduly harassing, burdensome, and oppressive. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

> **ANSWER:** Kroger Company of 1014 Vine Street, Cincinnati, Ohio at $550.00 per week, full time and Midwest Seafood at 475 Victory Drive, Springboro, Ohio at $150.00 per week, part time employment.

**INTERROGATORY NO. 3:** Identify all employers to whom you applied for employment since January 1, 2001, including the date you submitted written applications, the job to which you applied, the dates you were interviewed, the employers who tendered you job offers, and a description of the offer.

**SPECIFIC OBJECTION TO REQUEST**: Plaintiff objects because this request does not seek relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this request is unduly harassing, burdensome, and oppressive. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

> **ANSWER:** I have applied to A. K. Steel Corporation in the summer of 2001, by completing an application in the Hamilton Ohio unemployment office; never heard back from A. K. Steel.

**INTERROGATORY NO. 4:** Identify all income received from whatever source, by amount each week after January 1, 2001.

> **ANSWER:** Approximately $550.00 per week at Kroger Company.

5

**INTERROGATORY NO. 5:** Identify by name, address and telephone number all individuals who have knowledge about or information about the allegations in the Complaint, and state a summary of what you believe their knowledge to be.

**ANSWER:** Vivian Bert; Ronald Sloan; Donald Edwards and Allen Roberts.

**INTERROGATORY NO. 6:** Identify all individuals who you intend to call as witnesses in the litigation of this matter.

**SPECIFIC OBJECTION TO REQUEST:** Plaintiffs objects because this Interrogatory violates the Court's Order establishing a deadline for Plaintiff to disclose witnesses and testimony. Plaintiff further objects to the extent this interrogatory seeks information protected by the attorney-client privilege or other privilege and/or the work product doctrine. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**ANSWER:** Plaintiff will abide by the deadlines established by the Court and the disclosure requirements set by the Federal Rules of Civil Procedure to disclose the witnesses they will use at trial in this case.

Respectfully Submitted,

Robert F. Childs, Jr.
Herman N. Johnson, Jr.
**WIGGINS, CHILDS, QUINN & PANTAZIS**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 328-0640
(205) 254-1500 (facsimile)

                    Tobias, Kraus & Torchia, LLP
                    414 Walnut Street
                    Suite 911
                    Cincinnati, Ohio 45202
                    (513) 241-8137
                    (513) 241-7863 (facsimile)

                    ATTORNEYS FOR THE PLAINTIFFS

## CERTIFICATE OF SERVICE

I do hereby certify that on April 30, 2007, I served the foregoing via U.S. Mail and electronic mail upon the following:

Gregory Parker Rogers
Lawrence James Barty
Patricia Anderson Pryor
Taft, Stettinius & Hollister, LLP
1800 First Star Tower
425 Walnut Street
Cincinnati, OH 45202
Fax: (513) 381-0205

                    _____
                    PLAINTIFFS' COUNSEL

## VERIFICATION

I, Thaddeus Freeman hereby state that the answers to the foregoing interrogatories are true and complete to the best of my knowledge.

*Thaddeus Freeman*
Thaddeus Freeman

This the \_\_4\_\_ day of April, 2007.

04/06/2007 FRI 13:12 FAX 513 423 8402 KROGER # 335    ☒007/009