UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.    C-1-02-467 |
| | ) | |
| | ) | Judge Beckwith |
| | ) | |
| v. | ) | |
| | ) | |
| AK STEEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.    Introduction**

Plaintiffs Ronald Sloan, Mary Harris, and Thaddeus Freeman inadvertently failed to report their claims against the defendant on their respective bankruptcy schedules. The defendant seeks to use against them the Plaintiffs' one oversight during a difficult process by twisting the doctrine of judicial estoppel for its own benefit rather than to protect the "integrity of the judicial process." *New Hampshire v. Maine*, 532 U.S. 742, 749-750 (2001) (citations omitted). Despite this attempt, it is clear from the Plaintiffs' depositions that their failures to list the claims were the result of pure inadvertence. (*See* Exhs. 1-3 attached). Furthermore, even if their mistakes are viewed in the harshest possible light, the trustees of each bankruptcy estate may step "in the shoes of debtor" and thereby have standing to pursue the original Plaintiffs' claims. *In re Cannon*, 277 F.3d 838, 853 (6th Cir. 2002) (citations omitted).

**II.    Thaddeus Freeman inadvertently omitted his claim against the defendant in his bankruptcy proceedings.**

Thaddeus Freeman did not act in bad faith or with the motive to conceal his claim against

the defendant. Freeman testified in his deposition that he was misled by his legal representative about whether or not he should report the claim, as follows:

> And she asked me at the bankruptcy hearing if I was in a lawsuit and I told her that I was on a lawsuit with AK Steel. And she told me that – were we close to settlement. And I said I don't think so. She said, well, *don't worry about it.* (*emphasis added*)  (Exh. 1, Freeman Depo. at 63-64).

Freeman's testimony distinguishes this case from *Wallace v. Johnston Coca-Cola Bottling Group, Inc.*, which defendant depends upon in its argument for summary judgment. 2007 WL 927929 (S.D. Ohio 2007) (J. Beckwith). In *Wallace*, this Court held that the fact that the Plaintiff was represented by counsel "undercuts any possibility that Plaintiff's omission was due to lack of understanding of the bankruptcy process, at least to the extent that such ignorance might have been reasonable: any question that he had about the required disclosures could easily have been answered." *Id*. at 2.

In the instant case, Freeman relied on the advice of his legal representative; this advice turned out to be false. Freeman did attempt to disclose his lawsuit against the defendant, yet was advised against it. As a result, his omission of the claim was through inadvertence, not a motive to conceal. Moreover, once Freeman learned of the error, he took steps to reopen his bankruptcy case to include the claim. (*See* Exh. 4 attached). By specifically telling his bankruptcy counsel about his suit against the defendant and immediately attempting to rectify the omission once he learned about it, Freeman demonstrated that he was not attempting to "play fast and loose" with the legal system as the defendant claims, but trying to do what was right during a difficult process.

**III.    Ronald Sloan inadvertently omitted his claim against the defendant in his bankruptcy proceeding.**

Ronald Sloan made a mistake when he did not report his claim against the defendant in

his bankruptcy proceeding. However, the defendant attempts to twist this mistake into an advantage in order to keep Sloan from recovering against the defendant for its wrongful conduct. This Court as well as the Sixth Circuit have stated that judicial estoppel is to be used solely for the protection of the judicial system. *Wallace*, 2007 WL 927929 at 2; *Lewis v. Weyerhauser Co.*, 141 Fed.Appx. 420, 424 (6th Cir. 2005). The defendant attempts to use judicial estoppel in the current case as a sword to strike down Sloan, as well as Harris and Freeman, which is not the purpose of the doctrine.

Sloan testified in his deposition that his omission was the result of his misunderstanding of the bankruptcy process and should be construed as an innocent mistake. "I didn't know that the suit needed to be listed as part of this. I only became aware of that recently and that's why there has been no motion prior to to [sic] amend." (Exh. 2, Sloan Depo. at 78-79). Sloan was not attempting to play both sides; he was merely unfamiliar with the bankruptcy process. Once he realized his error, he immediately amended his bankruptcy filings to reflect the suit against the defendant. (*See* Exh. 5 attached).

Sloan committed an error in his bankruptcy proceedings, which the defendant has pounced on in an attempt to use the Court's discretion to enforce judicial estoppel as a sword to strike down his claim, along with those of Freeman and Harris. Sloan's error was inadvertent and not made in bad faith; therefore, this Court should allow him to continue in his suit against the defendant or, in the alternative, allow his trustee to step into his shoes.

IV.    **Mary Harris inadvertently failed to list her suit against the defendant in her bankruptcy proceedings.**

Mary Harris testified in her deposition that she did not list her current suit against the defendant in her bankruptcy proceeding. However, Harris reiterates in her testimony that she had no ulterior motive for omitting the claim: "I didn't know. I – I wasn't aware that I was

3

supposed to. I – I didn't know. That's the only thing I can say. I didn't do it intentionally."
(Exh. 3, Harris Depo. at 62-63). The Sixth Circuit has held that "[i]t is well-settled that
judicial estoppel does not apply where the prior inconsistent position occurred because of
'mistake or inadvertence.'" *Lewis,* 141 Fed.Appx. at 425.

Harris' omission, as well as those by Freeman and Sloan, was a mistake. Harris, from her
testimony, had no intent to deceive the judicial system. She simply did not know that the
claim should have been reported. Upon learning of her error, she amended her bankruptcy
plan to include the claim, and her bankruptcy trustee has now reopened her estate in her
stead. (*See* Exh. 4). Harris was not trying to have her cake and eat it too, as the defendant
would have this Court believe. She simply made an error.

**V.    The trustees of the respective bankruptcy estates should be permitted to step in
and take over the claims.**

The defendant would like to keep the trustees of the Plaintiffs' bankruptcy estates out of
the litigation in order to curtail any payment of damages for its wrongful conduct. However,
the trustees for each of the Plaintiffs' estates may continue the litigation against the
defendants, according to well-settled law. The Sixth Circuit has held that "[t]he trustee stands
in the shoes of the debtor and has standing to bring any action that the bankrupt could have
brought had he not filed a petition for bankruptcy." *In re Cannon*, 277 F.3d at 853. The
trustees who desire to continue the claims, which are the property of the bankruptcy estate,
have the requisite standing to do so. Harris' bankruptcy trustee has already reopened her
estate for this purpose. (*See* Exh. 6 attached). Sloan's bankruptcy trustee has moved the
bankruptcy court to reopen his estate for this purpose, and the motion is still pending before
the bankruptcy court. (Exh. 5). Freeman's trustee is currently reviewing Freeman's claim
against the defendant for the purpose of reopening the bankruptcy estate. (Exh. 4).

4

Consequently, the defendant's motion for summary judgment should be denied since the trustees have standing to pursue the Plaintiffs' claims.

## VI.      Conclusion

The defendant's motion for summary judgment is due to be denied. Thaddeus Freeman, Ronald Sloan, and Mary Harris all made mistakes by not reporting their suits against the defendant to the bankruptcy court. However, their mistakes were unintentional and inadvertent. Their bankruptcy trustees have standing to pursue their claims. Harris' bankruptcy estate has already been reopened for the purpose of pursuing her claims in this lawsuit. Sloan's motion before the bankruptcy court to reopen his estate is pending, and Freeman's bankruptcy trustee is currently reviewing his claims in this lawsuit for the purpose of reopening his estate. Despite the defendant's contentions, judicial estoppel is a doctrine devised solely to protect the integrity of the judicial system, not the pocketbook of AK Steel Corporation. In any case, the trustees of the bankruptcy estates may continue the litigation even if the Plaintiffs are unable to continue pursuing their claims.

WHEREFORE, premises considered, the Plaintiffs respectfully request this honorable Court to deny defendant's Motion for Summary Judgment for reasons of judicial estoppel on the claims of Mary Harris, Thaddeus Freeman, and Ronald Sloan.

Respectfully submitted,

s/ *Susan Donahue*
Robert F. Childs, Jr. (*pro hac vice*)
Herman Nathaniel Johnson, Jr. (*pro hac vice)*
Susan Donahue (*pro hac vice*)
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

(205) 314-0500
(205) 254-1500 (facsimile)

Paul Henry Tobias (OH bar No. 0032415)
David Donald Kammer
TOBIAS, KRAUS & TORCHIA
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (facsimile)

David W. Sanford (*pro hac vice*)
SANFORD, WITTELS & HEISLER, L.L.P.
2121 K Street N.W.
Suite 700
Washington, D.C. 20037
(202) 942-9124
(202) 628-8189 (facsimile)

*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically serve the following:

Mr. Gregory P. Rogers
Mr. Lawrence James Barty
Ms. Patricia Anderson Pryor,
TAFT, STETTINIUS & HOLLISTER, LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957

s/ *Susan Donahue*
OF COUNSEL