**5**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

IN RE:                                    :         Case No.  03-34374

Ronald E. Sloan, Jr.                      :         Chapter 7
Trica S. Sloan
                                          :
        Debtors                                     Judge Lawrence S. Walter


<u>TRUSTEE'S MOTION TO REOPEN CASE</u>
**<u>COMBINED WITH NOTICE AND OPPORTUNITY TO OBJECT</u>**
**<u>AND CERTIFICATE OF SERVICE</u>**

**<u>NOTICE TO ALL PARTIES IN INTEREST</u>**

    YOU ARE HEREBY NOTIFIED THAT THE PROPOSED MOTION WILL BE GRANTED
BY THE COURT WITHOUT FURTHER HEARING UNLESS A VALID WRITTEN OBJECTION
IS FILED WITH THE CLERK OF THE BANKRUPTCY COURT, 120 WEST THIRD STREET,
DAYTON, OHIO 45402, AND A COPY SERVED UPON PAUL H. SPAETH, TRUSTEE, 130
WEST SECOND STREET, SUITE 450, DAYTON, OHIO 45402, **WITHIN TWENTY (20)
DAYS OF THE DATE OF ISSUANCE SET FORTH BELOW**.  IN THE EVENT THAT A
TIMELY OBJECTION IS NOT FILED, AN ORDER SHALL BE PRESENTED TO THE COURT
FOR APPROVAL IN ACCORDANCE WITH THE RELIEF REQUESTED HEREIN.


<u>April 25, 2007</u>                        <u>/s/ Paul H. Spaeth</u>
Date of Issuance                          Paul H. Spaeth

**<u>MOTION</u>**

    Now comes Trustee, Paul H. Spaeth, and hereby moves that the Court enter an Order
reopening this case which was closed on October 18, 2003.  In support of this Motion, the Trustee
was advised by attorney Herman Johnson, that Debtor Ronald E. Sloan, Jr, is a party to an
employment related case pending in the United States District Court, Southern District of Ohio
against A.K. Steel.

    Accordingly, Trustee, Paul H. Spaeth, respectfully moves that the Court grant such relief as
set forth above.

Respectfully submitted,

/s/Paul H. Spaeth
Paul H. Spaeth (0010524)
130 West Second Street, Suite 450
Dayton, Ohio 45402
(937) 223-1655
(937) 223-1656 (fax)
Spaethlaw@phslaw.com
Trustee

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of April, 2007, a copy of the foregoing Trustee's Motion to Reopen Case was electronically served on the following registered ECF participants, electronically through the Court's transmission facilities at their email addresses registered with the Court:

Office of the United States Trustee          Richard E. West, Esq.
170 North High Street, Suite 200             195 E. Central Avenue
Columbus, Ohio  43215                        Springboro, OH 45066
ustpregion09.cb.ecf@usdoj.gov

and that the following persons were mailed a copy by ordinary U.S. mail addressed to:

Ronald E. Sloan, Jr.
Trica S. Sloan
206 Webster Street, Apt. 2A
Middletown, OH 45042

/s/ Paul H. Spaeth
Paul H. Spaeth

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

IN RE:                       :      Case No.  03-34374

Ronald E. Sloan, Jr.          :      Chapter 7
Trica S. Sloan

                         :

       Debtor s                   Judge Lawrence S. Walter

### TRUSTEE'S MOTION TO WITHDRAW  REPORT OF NO DISTRIBUTION COMBINED WITH NOTICE AND OPPORTUNITY TO OBJECT

### NOTICE TO AFFECTED PARTIES IN INTEREST

YOU ARE HEREBY NOTIFIED THAT THE PROPOSED WITHDRAWAL  MAY BE GRANTED BY THE COURT WITHOUT FURTHER HEARING UNLESS A VALID WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE BANKRUPTCY COURT, 120 WEST THIRD STREET, DAYTON, OHIO 45402, AND A COPY SERVED UPON PAUL H. SPAETH, TRUSTEE, 130 WEST SECOND ST., SUITE. 450, DAYTON, OHIO 45402 AND THE PARTIES IN INTEREST LISTED IN THE CERTIFICATE OF SERVICE AT  THE END OF THIS APPLICATION **NOT LATER THAN 20 DAYS OF THE DATE OF ISSUANCE SET FORTH BELOW**.  IN THE EVENT THAT A TIMELY OBJECTION IS NOT FILED, AN ORDER SHALL BE PRESENTED TO THE COURT FOR APPROVAL IN ACCORDANCE WITH THE RELIEF REQUESTED HEREIN

April 25, 2007                              /s/ Paul H. Spaeth
Date of Issuance                           Paul H. Spaeth

Now comes Trustee, Paul H. Spaeth, and hereby moves that the Court authorize him to withdraw the Report of No Distribution filed on July 22, 2003.   In support of this Motion, this Trustee states the following.

The Trustee filed his Report of No Distribution on July 22, 2003 in the above captioned case. On April 20, 2007, the Trustee was advised by attorney Herman Johnson, that Debtor Ronald E. Sloan, Jr, is a party to an employment related case pending in the United States District Court, Southern District of Ohio against A.K. Steel.

Given the foregoing, the Trustee asserts that good cause exists for the Court to enter an Order authorizing the Trustee to withdraw the Report of No Distribution filed on July 22, 2003 and requests that the Court authorize him to withdraw such Report, in order that he may administer the above referenced asset  for the benefit of creditors.

Respectfully submitted,


/s/ Paul H. Spaeth
Paul H. Spaeth, Trustee (0010524)
130 West Second Street., Ste. 450
Dayton, Ohio 45402
(937) 223-1655
(937) 223-1656 (fax)
spaethlaw@phslaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of April 2007, a copy of the foregoing Trustee's Motion to Withdraw Report of No Distribution was electronically served on the following registered ECF participants, electronically through the Court's transmission facilities at their email addresses registered with the Court:

Office of the United States Trustee            Richard E. West, Esq.
170 North High Street, Suite 200               195 E. Central Avenue
Columbus, Ohio  43215                          Springboro, OH 45066
ustpregion09.cb.ecf@usdoj.gov

and that the following persons were mailed a copy by ordinary U.S. mail addressed to:

Ronald E. Sloan, Jr.
Trica S. Sloan
206 Webster Street, Apt. 2A
Middletown, OH 45042


/s/ Paul H. Spaeth
Paul H. Spaeth

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 03-34374 |
| | : | |
| RONALD AND TRICA SLOAN | : | Chapter 7 |
| | : | |
| | : | Judge Walter |
| | : | |
| Debtors. | : | |

## OBJECTION OF AK STEEL CORPORATION TO MOTIONS OF TRUSTEE TO REOPEN CASE AND WITHDRAW REPORT OF NO DISTRIBUTION

AK Steel Corporation ("AK Steel"), a party-in-interest and/or interested entity to the above-referenced motions, hereby objects to the Motions of the Trustee (the "Trustee") filed on April 25, 2007 to (i) Reopen the Debtor's Chapter 7 Case (the "Motion to Reopen") (Doc. No. 13), and (ii) to Withdraw Report of No Distributions (the "Withdraw Motion")(Doc. No. 14). The Motions seek to reopen the Debtor's case to "administer" an alleged asset/proceed with a pre-petition cause of action filed by the Debtor, Ronald Sloan (the "Debtor") against AK Steel[1] which the Debtor failed to disclose in either his bankruptcy schedules or his Statement of Financial Affairs and as a result, obtained an order from this Court granting him a Chapter 7 discharge on October 3, 2003 (over 3 & ½ years ago)(the "Discharge Order") (Doc. No. 12). Adequate cause required under Section 350 of the Bankruptcy Code does not exist to reopen the Debtor's case based on judicial estoppel principles, as set forth more fully herein.

---

[1] As set forth more fully herein, AK Steel is unquestionably either a party in interest and/or interested entity with respect to the Motions at issue pursuant to, without limitation, *In re Morton,* 298 B.R. 301, 306-07 (6th Cir. B.A.P. 2003) and Rule 2018 of the Federal Rules of Bankruptcy Procedure, which permits an interested entity to intervene generally or with respect to any specified matter , *See, In re Koch,* 29 B.R. 78 (Bankr. E.D. N.Y. 1999)(litigant against the debtor in non-bankruptcy proceeding permitted to intervene under Rule 2018 in bankruptcy to contest re-opening of bankruptcy and assert judicial estoppel with respect to debtor's alleged cause of action); *In re* Long, 2006 WL 2090246 (Bankr. E.D. Tenn. 2006); *In re La Sierra Financial Services, Inc.,* 290 B.R. 718 (9th Cir. B.A.P. 2002). AK Steel would request, to the extent necessary, that it be granted leave to intervene with respect to the matters referred to herein. AK Steel's pecuniary interests are directly affected by the Motions' inasmuch as they appear to be for the for the purpose of proceeding with the lawsuit for monetary damages against AK Steel.

{W0976847.2}

## MEMORANDUM IN SUPPORT

### Background

A.      Events Occurring Prior to The Debtor's Bankruptcy Filing.

1.      On June 17, 2002 (almost 11 months prior to the Debtor's bankruptcy filing), the

Debtor, filed his of Charge of Discrimination ("EEOC Notice") against AK Steel with the U.S.

Equal Employment Opportunity Commission (the "EEOC"), alleging discrimination by AK

Steel in its hiring practices (the "EEOC Proceeding").   A copy of this EEOC Notice is attached

hereto as Exhibit "A".

2.      Thereafter, on June 26, 2002, the Debtor filed his complaint (the "Complaint")

against AK Steel in the United States District Court for the Southern District of Ohio, alleging

employment discrimination-related claims (the "Alleged Cause of Action").   A copy of the

relevant pages of the District Court Docket showing the date of filing of the Complaint is

attached hereto as Exhibit "B".

3.      Less than a year after filing the Complaint against AK Steel, on May, 25, 2003

(the "Petition Date"), the Debtor (and his spouse) filed their Chapter 7 bankruptcy petition with

this Court, as well as their bankruptcy schedules (the "Schedules") and Statement of Financial

Affairs (the "SOFA").   The Debtor failed to disclose in both his Schedules and his SOFA

(executed under penalty of perjury), the Alleged Cause of Action, the pending Complaint or the

EEOC Proceeding as assets of his estate or pending actions he had commenced.   The Debtor's

Schedule B, a copy of which is attached hereto as Exhibit "C", fails to identify or make any

reference to the Alleged Cause of Action as an asset.   Likewise, the Debtor's SOFA, attached

hereto as Exhibit "D", fails to list in response to question number 4 – whether the Debtor is a

party to any suits or administrative proceedings, either the Complaint filed or the EEOC

{W0976847.2}

2

Proceeding. Yet, the Debtor clearly understood the question asked in the SOFA, since he did list a garnishment proceeding against him.

4.     As a result of the Debtor's filings, on July 22, 2003, the Trustee filed his report of no assets to close the Debtor's bankruptcy case (Doc. No. 8), and on October 3, 2003, this Court entered the Discharge Order, granting the Debtor a discharge of his debts (Doc. No. 12).

> B.     AK Steel's Discovery of the Debtor's Conduct and the Debtor's Efforts to Effect a Retroactive Cure.

5.     After receipt of his discharge from this Court, the Debtor continued to prosecute the Alleged Cause of Action against AK Steel *for over 3 & ½ years*, apparently without the knowledge or authority of the Bankruptcy Trustee. It was only after AK Steel was successful in uncovering the Debtor's conduct and prior bankruptcy filings by serving the Debtor with written discovery requests which compelled the Debtor to finally acknowledge and identify that he had in fact filed a prior Chapter 7 bankruptcy, that the Debtor then apparently decided to "fess up" to the Bankruptcy Trustee regarding the existence of his Alleged Cause of Action and attempt to unwind his prior conduct to prevent accountability for his acts.

6.     Specifically, after AK Steel served the Debtor with written discovery requests in the underlying discrimination action, the Debtor served verified responses to the discovery on or about April 23, 2007 (the "Discovery Responses"), a copy of the Discovery Responses is attached hereto as Exhibit "E". Interrogatory No. 1 of AK Steel's discovery requests asked the Debtor to identify all litigation or legal proceedings in which he had been a party and the court for which the cased was pending. The Debtor responded to this question by identifying his prior bankruptcy before this Court.

7.     Two days after the Debtor served his Discovery Responses on AK Steel, the Chapter 7 Trustee filed his Motions before this Court and advised that the reason for the filings

{W0976847.2}

3

was that he had been informed of the existence of the Alleged Cause of Action, (not by the Debtor or Debtor's bankruptcy counsel), but by the plaintiff's counsel for the Debtor[2] prosecuting the Alleged Cause of Action against AK Steel.

8.    Accordingly, the evidence strongly indicates that the Debtor, faced with the realization that the Debtor's prior bankruptcy filings and conduct would now become subject to scrutiny, elected to attempt to detract from the significance of that conduct by informing the Bankruptcy Trustee (again, over 3 & ½ years late), that Debtor had been prosecuting the Alleged Cause of Action, which apparently prompted the Trustee to seek to reopen the bankruptcy case to administer the alleged asset.

9.    Good cause does not exist to reopen the Debtor's bankruptcy case because of the Debtor's prior inconsistent, under penalty of perjury filings before this Court, which the Court thereafter took action based upon by granting the Debtor a discharge of his debts, warranting the application of judicial estoppel.

10.    AK Steel moved for summary judgment on the Alleged Cause of Action on May 14, 2007 based on judicial estoppel.

## **Legal Discussion**

### A.    Good Cause does Not Exist to Reopen the Debtor's Case.

11.    In order for a bankruptcy case to be reopened pursuant to Section 350(b) of the Bankruptcy Code where it is based upon a debtor's failure to properly schedule, it is well-established that unless it can be demonstrated that the debtor's failure to properly and accurately submit her original schedules was not fraudulent, willful or reckless, the case should not be reopened. *See, In re Soult*, 894 F.2d 815, 818 (6th Cir. 1990)(reopening of bankruptcy case would

---

[2] The Trustee's Motions actually only refer to Debtor's counsel by his name, but a review of the District Court docket and filings made by Plaintiff's/Debtor's counsel demonstrates that it was Debtor's/Plaintiff's counsel that so informed the Trustee of the Alleged Cause of Action.
{W0976847.2}

4

only be permitted if original failure to properly schedule was not willful, reckless or fraudulent);

*In re Rosinski*, 759 F.2d 539, 542 (6th Cir. 1985)(same); *In re Smart*, 97 B.R. 380, 382 (Bankr.

S.D. Ohio 1989)(debtors have a duty of great care in completing their schedules, and, as a

prerequisite to reopening a chapter 7 case, the debtor bears the burden of establishing that his

failure to originally schedule accurately was not fraudulent, intentional or reckless); *In re Koch*,

229 B.R. 78, 87-88 (Bankr. E.D. N.Y. 1999)(bankruptcy court may invoke its inherent equitable

powers to revoke an earlier order reopening a debtor's case where it determines that "fraud has

been practiced upon it or that the very temple of justice has been defiled"); *In re Jones*, 174 B.R.

67 (Bankr. N.D. Ohio 1994)(even where no prejudice shown if granting motion to reopen case

made, willful or reckless conduct in failing to properly schedule warranted denial of motion).

      12.     In the present case, no showing or justification has been made demonstrating that

the Debtor's failure to schedule his Alleged Cause of Action in either his Schedules or his

SOFA, (which ultimately resulted in the entry of the Discharge Order) was not willful or reckless

as required under Section 350 to reopen the case. Again, the evidence strongly indicates that the

Debtor "fessed up" and, through his counsel, advised the Bankruptcy Trustee of the existence of

the Alleged Cause of Action (i) over 3 & ½ years after the entry of the Discharge Order, and (ii)

**only after** being compelled to answer AK Steel's Discovery Requests which required the Debtor

to reveal his prior bankruptcy and open his conduct up to scrutiny.

      B.     <u>Judicial Estoppel Bars the Reopening of the Debtor's Case.</u>

      13.     As a matter of equity, judicial estoppel should preclude a finding that good cause

to reopen the Debtor's case exists due to the Debtor's inconsistent statements made and accepted

by this Court through the granting of the Discharge Order. "Judicial estoppel is an equitable

doctrine that preserves the integrity of the courts by preventing a party from abusing the judicial

process through cynical gamesmanship, achieving success on one position, then arguing the

{W0976847.2}

opposite to suit an exigency of the moment." *Teledyne Ind. v. NLRB*, 911 F.2d 1214, 1217-18

(6th Cir. 1990); *See also Lewis v. Weyerhaeuser*, 141 Fed. Appx. 420, 427 (6th Cir.

2005)("purpose of judicial estoppel is not to protect the litigants, it is to protect the integrity of

the judicial system", and where a debtor tries to pursue a cause of action not disclosed as an asset

in her bankruptcy schedules, inconsistent conduct sufficient to warrant application of judicial

estoppel has been found).  Under the judicial estoppel doctrine, "a party is precluded from

'asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a

previous proceeding.'" *See, Reynolds v. C.I.R.*, 861 F.2d 469, 472 (6th Cir. 1988).  "The purpose

of the doctrine 'is to protect the integrity of the judicial process by prohibiting parties from

deliberately changing positions according to the exigencies of the moment.'" *Burnes*, 291 F.3d

at 1285 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)).  "Courts have used a

variety of metaphors to describe the doctrine, characterizing it as a rule against 'playing fast and

loose with the courts,' 'blowing hot and cold as the occasion demands', or 'hav[ing] [one's] cake

and eat[ing] it too.'" *Reynolds*, 861 F.2d at 472.

      14.    With respect to AK Steel's status and standing[3] to bring these judicial estoppel

issues before the Court, such ability is well-supported by applicable law-- the doctrine of judicial

estoppel protects the integrity of the judicial system, not the litigants-- therefore, numerous

courts have concluded, and we agree, that "[w]hile privity and/or detrimental reliance are often

present in judicial estoppel cases, they are not required." *See Ryan Operations G.P. v. Santiam-*

*Midwest Lumber Co.*, 81 F.3d 355, 360 (3rd Cir. 1996); *Patriot Cinemas, Inc. v. General Cinema*

---

[3] With respect to AK Steel's status as either a party in interest and/or interested entity under Rule 2018, *see, In re Morton*, 298 B.R. 301, 306-07 (6th Cir. B.A.P. 2003)(holding that parties in interest with standing in a bankruptcy case is an expandable concept, broader than just meaning creditors, and includes all persons whose pecuniary interests may be affected by a bankruptcy); *In re Koch*, 29 B.R. 78 (Bankr. E.D. N.Y. 1999)(litigant against the debtor in non-bankruptcy proceeding permitted to intervene in bankruptcy to contest re-opening of bankruptcy and assert judicial estoppel with respect to debtor's alleged cause of action); *In re Long*, 2006 WL 2090246 (Bankr. E.D. Tenn. 2006); *In re La Sierra Financial Services, Inc.*, 290 B.R. 718 (9th Cir. B.A.P. 2002).

*Corp., et al.*, 834 F.2d 208, 214 (1st Cir. 1987); *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (6th Cir. 1982).

15.    In this case, the Debtor has indeed attempted to have his cake and eat it too. The potential motivations and upside for a debtor who fails to schedule an alleged cause of action as an asset of his/her bankruptcy estate and thereby preserve the ability to retain the full value personally of any settlement and/or judgment rendered are self-evident. By the same token, once uncovered, the motivations for a debtor to suddenly decide to "fess up" to his Bankruptcy Trustee and try to salvage some value for him/herself by seeking the Trustee's assistance in having his case reopened and his improper scheduling/conduct somehow "cleansed"/unwound are equally self-evident. And such tactics of a debtor should not be countenanced by this Court. Obviously, it is presumed that the Bankruptcy Trustee was completely unaware of the Debtor's conduct and failure to disclose until at or near the time that he filed his Motion. The Trustee's lack of knowledge of the Debtor's conduct however, does not negate its significance to this matter.

16.    The Debtor has received the benefit over the past three and one-half years of the Discharge injunction and the elimination of over $36,000 in unsecured debts scheduled (a copy of his Schedule F of unsecured creditors is attached hereto as Exhibit "F"). Now that the Debtor's conduct has been brought to light, the Debtor should not be rewarded by being able to retroactively unwind his conduct by proceeding to the Bankruptcy Trustee to inform him of the existence of his pre-bankruptcy lawsuit and thereby have his case reopened so the Debtor can still preserve potential value for himself and have the Trustee substituted into the Debtor's underlying Alleged Cause of Action as the plaintiff and then, presumably argue a "no harm no foul" type rationale that he has now stepped into to prosecute the action and repair the situation. The potential unjustified windfall to the Debtor in such a situation is clear-- the Debtor scheduled

{W0976847.2}

only $36,531.85 in unsecured creditors. Any recovery, by settlement or otherwise, in excess of

the unsecured debts (and any administrative expenses which might be incurred), the Debtor

would no doubt assert should be paid over to him by the Trustee (in addition to amounts pursuant

to any amended exemption schedule the Debtor may attempt to file). Presumably, although no

application to employ has yet been filed, in the event that the bankruptcy case is reopened, the

Trustee would seek to employ Debtor's counsel prosecuting the Alleged Cause of Action as his

special counsel to continue to prosecute the action on a contingency fee basis.

    17.    The chronology of the Debtor's conduct may be summarized as follows:

- June 17, 2002, the Debtor filed his EEOC Notice with the EEOC alleging that AK Steel had discriminated against him;

- June 26, 2002, the Debtor files his Complaint against AK Steel in the United States District Court for the alleged discriminatory conduct;

- May 23, 2003, the Debtor files his Bankruptcy Petition and Schedules and SOFA, under penalty of perjury, failing to list the Alleged Cause of Action or the EEOC Proceeding as assets of his estate or pending actions he had commenced;

- July 22, 2003, the Chapter 7 Trustee issues his Report of No Assets;

- October 3, 2003, the Court grants the Debtor his discharge by issuing the Discharge Order;

- April 23, 2007, Debtor serves its Discovery Responses to AK Steel in the underlying, alleged discrimination action, disclosing that he had filed a prior bankruptcy;

- April 25, 2007, Bankruptcy Trustee files his Motions in the Bankruptcy Court, asserting as the basis, that he was informed by Debtor's counsel (in the underlying discrimination action) of the existence of the action.

    18.    The Debtor's representations to this Court and to the Trustee in his schedules and

SOFA which all precipitated this Court's grant of the Discharge Order, preclude the alleged

claims against AK Steel from being pursued.

{W0976847.2}

19.    The fact that the Debtor, *over three and one-half years after receipt of his*

Discharge Order apparently chose to fess up and inform the Bankruptcy Trustee of the existence

of his pre-bankruptcy lawsuit and Alleged Cause of Action against AK Steel does not change the

result and in fact, strengthens the case that no good cause exists for reopening the Debtor's case.

Courts have routinely rejected a plaintiff's last ditch attempt to "fess up" after exposed by an

adversary in order to avoid judicial estoppel. *See In re Superior Crewboats Inc.*, 374 F.3d 330,

336 (5th Cir. 2004) (debtors "cannot be permitted at this late date to re-open the bankruptcy

proceeding and amend their petition. Judicial estoppel was designed to prevent such abuses");

*DeLeon v. Comcar Industries, Inc.*, 321 F.3d 1289, 291-92 (11th Cir. 2003) (rejecting plaintiff's

attempt to amend his bankruptcy documents as evidence that his omission was inadvertent, when

he amended only after defendant relied on plaintiff's omission in its motion to dismiss the case);

*Barger*, 348 F.3d at 1297 ("Barger's attempt to reopen the bankruptcy estate to include her

discrimination claim hardly casts her in the good light she would like. She only sought to reopen

the bankruptcy estate after the defendants moved the district court to enter summary judgment

against her or judicial estoppel grounds."); *Traylor v. Ford*, 185 F. Supp. 2d 1338, 1340 (N.D.

Ga. 2002) (plaintiff did not attempt to modify his bankruptcy petition until after defendant filed

the instant summary judgment motion).

20.    There are clear policy and equitable reasons why judicial estoppel may not be

avoided simply by the Debtor coming clean once his conduct is exposed.

As the court stated in *Scoggins v. Arrow Trucking Co.*, 92 F. Supp. 2d 1372 (S.D.

Ga. 2000), under similar circumstances:

> Scoggins should not be permitted to duck his bankruptcy court
> disclosure obligation, then "fess up" without consequence once
> exposed by his adversary. He knew of the facts giving rise to his
> inconsistent positions, and he had a motive to conceal this claim.
> That is enough. *See Coastal Plains*, 179 F.3d at 212.

{W0976847.2}

> Society's core message, as expressed in over 100 false statement statutes, in its bankruptcy concealment and tax fraud laws, and in its statutory prohibition against deceiving government agencies, is clear:  those who actively or passively (by failing to disclose material facts) deceive the government—especially the judicial branch, which so heavily depends upon truthful disclosures under oath—should, at a minimum, reap no advantage from doing so. That message would be disserved by giving Scoggins a free pass here.

* * *

> [A]fter-the-fact amendments still burden courts by disrupting the orderly administration of bankruptcy estates.  The offending litigants, not courts, should be made to bear the consequence of non-disclosure.  It is the court system, after all, that judicial estoppel aims to protect. *See Coastal Plains*, 179 F.3d at 205.

*Id.* at 1376.

21.    The doctrine that the Bankruptcy Trustee is steps into the shoes of the Debtor and in attempting to pursue a cause of action, is subject to the all the same rights, claims and defenses which were available against the Debtor has much relevance in the Trustee's pending Motions also.  *See In re MS55, Inc.*, 477 F.3d 1131, 1138 (10th Cir. 2007); *In re Colarusso*, 382 F.3d 51, 59 (1st Cir. 2004); *In re Segerstrom*, 247 F.3d 218, 224 (5th Cir. 2001); *In re Smith*, 100 B.R. 430 (Bankr. S.D. Ohio 1989)(Trustee, which stepped into debtor's shoes was subject, as a matter of equity, to unclean hands defense available against the debtor to bar Trustee's pursuit of claim); *In re Dublin Securities, Inc.*, 133 F.3d 377 (6th Cir. 1997)(*in pari delicto* applied to bar Trustee from pursuing debtor's alleged cause of action, which doctrine is rooted in the equitable principle that the court will not lend its aid to one whose cause of action is founded upon an immoral or illegal act).

22.    Here, the Bankruptcy Trustee is seeking to reopen the Debtor's bankruptcy case so that he can administer/continue to prosecute the Alleged Cause of Action, which the Debtor elected not to disclose in his Schedules or his SOFA.  As a matter of equity, the Trustee should

{W0976847.2}

be bound by the Debtor's conduct giving rise to the judicial estoppel principles demonstrated to

apply here. Accordingly, adequate cause to reopen is not present and the Trustee's Motions

should be denied.

<u>**Conclusion**</u>

AK Steel respectfully requests that the Court deny the Trustee's Motion to re-open the

Debtor's case and to Withdraw Report of No Distributions in order to proceed with the Alleged

Cause of Action.

Respectfully submitted,

/s/ Richard L. Ferrell
Richard L. Ferrell (0063176)
Taft, Stettinius & Hollister, LLP
425 Walnut Street, Ste. 1800
Cincinnati, Ohio 45240
(513) 381-2838 (Telephone)
(513) 381-0205 (Fax)
Ferrell@taftlaw.com
Attorney for AK Steel Corporation

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was served
on the following registered ECF participants electronically, through the Court's ECF system at
the email addresses registered with the Court, by regular email, and/or by regular U.S. Mail,
postage pre-paid on the following parties as indicated on the 15th day of May, 2007:

| Spaethlaw@phslaw.com | Office of the U.S. Trustee<br>ustpregion09.ci.ecf@usdoj.gov |
| --- | --- |

Richard West, Esq.
195 E. Central Avenue
Springboro, Ohio 45066

/s/Richard L. Ferrell

{W0976847.2}

11

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

IN RE:                           :        **Case No.  03-34374**

**Ronald E. Sloan, Jr.**            :        **Chapter 7**
**Trica S. Sloan**
                                 :
        **Debtors**                        **Judge Lawrence S. Walter**

## REPLY OF TRUSTEE TO OBJECTION OF AK STEEL CORPORATION TO MOTIONS OF TRUSTEE TO REOPEN CASE AND TO WITHDRAW REPORT OF NO DISTRIBUTION

On May 15, 2007, AK Steel Corporation ("AK Steel") filed an Objection to Motions filed by Trustee Paul H. Spaeth ("the Trustee") seeking to reopen this case and to withdraw a report of no distribution filed on July 22, 2003. The Trustee filed these motions on April 25, 2007 after receiving a telephone call on April 20, 2007 from attorney Herman N. Johnson, Jr., notifying the Trustee of the existence of an action in which Debtor is a plaintiff against AK Steel. Mr. Johnson and other counsel currently represent Debtor in the lawsuit, which alleges racial discrimination by AK Steel in its hiring practices. The lawsuit currently is pending in the United States District Court for the Southern District of Ohio, Western Division (Vivian Bert, et al. v. AK Steel Corp., Case No. C-1-02-467) and, on information and belief, has been certified as a class action. The Trustee has sought to reopen this case and to withdraw a previously filed report of no distribution in order to administer this previously undisclosed asset. AK Steel seeks to prevent the Trustee from administering the asset which unquestionably is property of the estate pursuant to 11 U.S.C. §541, citing theories of judicial estoppel and in pari delicto. The Objection is without merit and should be denied for the following reasons.

As noted in AK Steel's Objection, the lawsuit was filed on June 26, 2002, which was prior to the filing of this case on May 21, 2003. Since the cause of action existed as of the date of the filing of the petition, it clearly was an asset which was property of the estate under Bankruptcy Code Section 541. When the Trustee filed his report of no distribution on July 22, 2003, he had

no knowledge of the lawsuit and Debtor never disclosed its existence to him.

Clearly, property of the estate is not considered abandoned under Bankruptcy Code Section 554 at the conclusion of a case if its existence was not disclosed as required under Bankruptcy Code Section 521(1) or if it was concealed. *Cundiff v. Cundiff (In Re Cundiff)*, 227 B.R. 476 (6th Cir. BAP 1998); *Bonner v. Sicherman (In Re Bonner)*, 2005 Bankr. LEXIS 1683 (6th Cir. BAP 2005)(Bankruptcy Code §350 allows a case to be reopened to administer an asset that was unknown to the trustee at the time that the bankruptcy case was closed); *Dwyer v. Peebles (In re Peebles)*, 224 B.R. 519 (Bankr. D. Mass. 1998); *In re Auto West Inc.*, 43 B.R. 761, 763 (D. Utah 1984)); *In Re McCoy*, 139 B.R. 430, 1991 Bankr. LEXIS 2058 (Bankr. S.D. Ohio 1991).

The only relevant issue is whether the case should be reopened under Bankruptcy Code Section 350 to allow the Trustee to administer an asset that he did not abandon. Under Section 350(b), a case may be opened for other cause. Clearly, where the Trustee learns of the existence of an undisclosed asset which is not deemed abandoned, cause exists for him to act on behalf of creditors in order to liquidate the asset and to pay to them any proceeds recovered. It is the creditors, not the Debtor, who are the beneficiaries of any such recovery. Refusing to allow the reopening of the estate would only harm the interests of those creditors.

AK Steel argues that the Court should apply the doctrine of judicial estoppel to prevent the reopening of the case. Under this doctrine, a party is barred from asserting a position that is contrary to the one asserted under oath in a prior proceeding, where the prior court adopted the contrary position "either as a preliminary matter or as part of a final disposition." *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990), cited in *Eubanks v. CBSK Financial Group*, 385 F. 3d 894 at 897 (6th Cir. 2004). Under AK Steel's interpretation of judicial estoppel, the "inconsistency" would be the Debtor's failure to schedule the federal lawsuit in this bankruptcy case (presumably implying that Debtor does not have such a claim) and the assertion of the claim in the federal court litigation.

The assertion of judicial estoppel by a defendant in a racial discrimination case was rejected as to the trustee in *Parker v. Wendy's International*, 365 F. 3d 1268 (11th Cir. 2004), a case involving facts almost identical to the facts in this case. In *Parker*, the debtor failed to disclose the existence of a racial discrimination case in her schedules and the trustee filed a no

asset report. After learning of the existence of the discrimination action, the trustee successfully moved to reopen the bankruptcy case. The defendant moved to dismiss the case in the federal court discrimination action based upon judicial estoppel. Although the *Parker* Court applied judicial estoppel to claims in favor of the **debtor**, it refused to apply that doctrine to the **trustee**, who, as a representative of the estate, was the proper party in interest and the only party with standing to prosecute causes of action belonging to the estate.  As noted by the Court:

> In this case, Parker's discrimination claim became an asset of the bankruptcy estate when she filed her petition. Reynolds, as trustee, then became the real party in interest in Parker's discrimination suit. He has never abandoned Parker's discrimination claim and he never took an inconsistent position under oath with regard to this claim. Thus, Reynolds cannot now be judicially estopped from pursuing it.

*Parker*, infra, at 1272.

The *Parker* Court  also found that any post-petition conduct by the debtor, including failure to disclose an asset, does not relate to the merits of the discrimination claim. *Parker*, note 3 at 1272.

On information and belief, AK Steel already has asserted  judicial estoppel in the federal court discrimination action which issue currently is pending. AK Steel's assertion of judicial estoppel in the Bankruptcy Court should be seen for what it is- - an attempt to get a favorable decision on a defense that, if it exists at all, relates to the pending federal court action (and to the claims of Debtor, not of the Trustee as representative of the estate). The assertion of judicial estoppel does not relate to  the issue of whether the Trustee should be allowed to reopen the case to liquidate an asset for the benefit of creditors.  The only question that this Court needs to decide is whether cause exists to reopen the case under Section 350. Since the Trustee cannot be deemed to have abandoned an undisclosed asset, cause clearly exists to allow him to administer and liquidate the asset.

Even if this Court were to consider the merits of judicial estoppel as to the Trustee, who had nothing to do with Debtor's failure to disclose the discrimination case and who is the real party in interest,  the doctrine simply does not apply. Failure by a debtor to disclose an asset in schedules does not constitute the assertion of a  "position" argued to the Court and even if it did, it is the Trustee, not the Debtor, who is in charge of estate property, and obviously, he has not

taken the "position" that there is no right to sue AK Steel. Furthermore, the Court has not "adopted" the "position" that there is no cause of action against AK Steel by entering a discharge order. Indeed, when a court allows a trustee to reopen a case to administer a previously non-disclosed asset, it is, in effect, "adopting" the position that there **is**, in fact, an asset to be administered.

In addition, one of the factors considered by courts in applying judicial estoppel is whether or not the debtor would receive a windfall as a result of his failure to disclose an asset. *McClain v. Coverdell & Co.*, 272 F. Supp. 2d 631, 641-42 (E.D. Mich. 2003) (finding judicial estoppel inapplicable because the failure to disclose the asset did not result in a windfall to debtors); *Browning v. Levy*, 283 F. 3d 761 (6th Cir. 2002). The Trustee anticipates seeking court approval to hire special counsel to pursue the litigation against AK Steel on behalf of the estate. If the litigation results in a recovery (whether through settlement or judgment), the funds will be paid to creditors based upon their allowed claims.[1] The pursuit of the federal court litigation on behalf of creditors would not result in a windfall to Debtor.

Courts considering the application of judicial estoppel also have considered as factors whether there was a motive for concealment of an asset , lack of knowledge of the factual basis for undisclosed claims, and mistake and inadvertence on behalf of the debtor in failing to disclose an asset. *Eubanks, infra*, at 898[2]; *Browning, infra* at 776. If the federal district court in the pending litigation against AK Steel sees fit to allow judicial estoppel to be raised as a defense, there will be questions of fact as to the application of these factors. Clearly, these are not issues appropriately before the Bankruptcy Court in its consideration of motions to reopen a case and to authorize the withdrawal of a report of no distribution.

The assertion that judicial estoppel applies whenever a debtor fails to disclose an asset to

---

[1] There is always a possibility of surplus funds (i.e., funds exceeding the amount of allowable claims) being paid to Debtor. However, the possibility of Debtor's receiving surplus funds, which is completely unknown at this juncture, should not preclude the liquidation of an asset for the benefit of creditors.

[2] In *Eubanks* at 898, the Court noted that, in *Browning, infra* at 775, it found the "very limiting language" in the case of *Reynolds v. Comm'r*, 861 F. 2d 469, 474 (6th Cir. 1988), which would allow an "omission" by a debtor to support of finding of judicial estoppel, to be "merely dicta" and therefore, not binding.

the trustee, taken to its logical conclusion, would lead to absurd results. By failing to disclose all assets as required by Bankruptcy Code Section 521(1), a debtor would be able to prevent the trustee from liquidating any non-disclosed asset, resulting in harm to creditors and, unless the debtor's discharge were denied, he would walk away from his bankruptcy case continuing to own the non-disclosed asset. This clearly was not intended by Congress when it enacted the Bankruptcy Code and, in particular, the liquidation provisions of Chapter 7.

AK Steel's contention that the doctrine of in pari delicto applies to bar the Trustee's motions to reopen the case and to withdraw his report of no distribution should be rejected. Although some courts have allowed in pari delicto to be raised against a trustee to the extent that the doctrine may be raised against the debtor, the Trustee is aware of no caselaw applying the doctrine where a debtor's alleged misconduct relates to actions taken in the bankruptcy case such as failure to disclose an asset. Where it is applied, the doctrine of in pari delicto relates to pre-petition conduct of a debtor that goes to the merits of an action brought by a trustee, who "steps into the shoes" of the debtor to administer the asset under Bankruptcy Code Section 541. For example, in *In re Dublin Securities, Inc.*, 133 F.3d 377 (6th Cir. 1997) cited by AK Steel, the trustee brought an action against certain lawyers and law firms for assisting the debtor in defrauding innocent investors. The Sixth Circuit applied in pari delicto to bar the action due to wrongdoing by the Debtor corporation, the commission of a fraud on investors.

However, in the present case, the alleged wrongdoing has nothing to do with the activities of Debtor with respect to the matters that are the subject of the pending racial discrimination lawsuit, but rather, with Debtor's failure to disclose the lawsuit to the Trustee in this bankruptcy case. The Trustee submits that an action (or omission) by a debtor in a bankruptcy case is not the kind of wrongdoing contemplated by in pari delicto. If it were, then, by logical extension, the trustee would never be able to reduce to money any asset that the Debtor fails to disclose, which would have the effect of allowing the debtor to control the liquidation to be performed by the trustee[3]. This would wreak havoc on the entire bankruptcy process.

---

[3] As previously noted, this also is one of the reasons why the application of judicial estoppel makes no sense in the context of this case.

Accordingly, the Trustee requests that the Court deny the Objection of AK Steel for all the reasons set forth above.

Respectfully submitted,

/s/Paul H. Spaeth
Paul H. Spaeth (0010524)
Paul H. Spaeth Co., L.P.A.
130 West Second Street, Suite 450
Dayton, Ohio 45402
(937) 223-1655
Fax: (937) 223-1656
spaethlaw@phslaw.com
Attorney for Trustee Paul H. Spaeth

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April, 2007, a copy of the foregoing was electronically served on the following registered ECF participants, electronically through the Court's transmission facilities at their email addresses registered with the Court:

Office of the United States Trustee
170 North High Street, Suite 200
Columbus, Ohio  43215
ustpregion09.cb.ecf@usdoj.gov

Richard E. West, Esq.
195 E. Central Avenue
Springboro, OH 45066
bknotice@woh.rr.com

Richard L. Ferrell
Taft, Stettinius & Hollister LLP
425 Walnut Street, Ste. 1800
Cincinnati, Ohio 45240
Ferrell@taftlaw.com

and that the following persons were mailed a copy by ordinary U.S. mail addressed to:

Ronald E. Sloan, Jr.
Trica S. Sloan
206 Webster Street, Apt. 2A
Middletown, OH 45042

s/ Paul H. Spaeth
Paul H. Spaeth