UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al. | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | Magistrate Judge Hogan |
| v. | : | |
| | : | **MOTION OF DEFENDANT** |
| AK STEEL CORPORATION | : | **AK STEEL CORPORATION** |
| | : | **TO DECERTIFY MIDDLETOWN** |
| Defendant. | : | **SUBCLASS** |

     Defendant AK Steel Corporation respectfully moves to decertify the Middletown subclass pursuant to Federal Rule of Civil Procedure 23 and this Court's April 11, 2007 Order. (Doc. #106)  When this Court initially certified the Middletown subclass, the Court put Plaintiffs on notice that they needed a Middletown class representative who could satisfy Title VII's prerequisites for suit to keep the Middletown subclass certified.  Discovery has been taken on this issue and it is now plain that Plaintiffs have no class representative who can satisfy the Title VII prerequisites.  Accordingly, the Middletown subclass should be decertified.

     This argument is set forth more fully in the memorandum accompanying this Motion.

                                                      Respectfully submitted,

                                                      /s/ Gregory Parker Rogers
                                                      Lawrence J. Barty (0016002)
                                                      Gregory Parker Rogers (0042323))
                                                      Patricia Anderson Pryor (0069545)
                                                      Taft Stettinius & Hollister LLP
                                                      425 Walnut Street, Suite 1800
                                                      Cincinnati, Ohio 45202
                                                      (513) 381-2838
                                                      Trial Attorneys for Defendant
                                                      AK Steel Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al. | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | Magistrate Judge Hogan |
| v. | : | |
| | : | **MEMORDANUM OF DEFENDANT AK** |
| AK STEEL CORPORATION, | : | **STEEL CORPORATION** |
| | : | **IN SUPPORT OF ITS MOTION** |
| Defendant. | : | **TO DECERTIFY MIDDLETOWN SUBCLASS** |

## I.   INTRODUCTION

As this Court is by now well aware, Plaintiffs' only remaining class action allegation regarding the Middletown subclass is that AK Steel Corporation ("AK Steel" or "the Company") violated Title VII by utilizing a pre-hire test for entry level bargaining unit applicants which Plaintiffs contend had a disparate impact against unsuccessful African-American applicant test takers at the Company's Middletown, Ohio Works. (Plaintiffs' October 31, 2005 Motion for Class Certification, Doc. #70 at 21)  This Court initially certified a Middletown subclass.  The time parameters for the Middletown subclass were based upon Plaintiff Donald Edwards's ("Edwards") EEOC charge and consisted of those African-American applicants who took and failed the written AK Steel test between September 12, 2001 (the 300-day period preceding Edwards July 9, 2002 filing of EEOC Charge No. 221A200687) until October 31, 2003.  (Doc. #106 at 5).

In response to the Company's challenge to the issue of an appropriate Middletown subclass representative, the Court found that Edwards could provisionally represent the subclass, but that the Court would revisit the issue after discovery was taken to determine if Plaintiffs could prove

that Edwards satisfied Title VII's procedural prerequisites. (Doc. #79 at 17-20 and Doc. #106 at 3-5)

The Edwards deposition (certified by the Reporter on June 6, 2007) revealed that Plaintiffs have no class representative for the Middletown subclass who can satisfy Title VII's procedural prerequisites. Edwards, the only Middletown class representative, does not satisfy Title VII's procedural prerequisites for filing a lawsuit for several reasons. First, the deposition revealed that Edwards did not even take the AK Steel test. Second, even if Edwards took the test, the Company has no record of Edwards's performance on the test and it did not act upon his test results in not hiring Edwards. Third, Edwards testified that the only time he took the test was in August 2001. Thus, his claim (and those of the Middletown subclass) is untimely as a matter of law under Title VII. Edwards is not a class member, there is no Middletown class representative, and the Middletown subclass should be decertified.

## II.  STATEMENT OF FACTS

### A.  Donald Edwards Says He Took A Test In August 2001 Which Is More Than 300 Days Before He Filed The Relevant EEOC Charge

Edwards testified under oath in his deposition that he took an "AK Steel" test on the same day in August 2001 that he claims he filled out an AK Steel employment application at the Palmer Temps office in Middletown, Ohio. (Edwards Dep. at 23-24, 54-55) Edwards testified that the examination consisted of seven to 15 questions and took between 15 minutes and one-half hour to complete. (Edwards Dep. at 53-54) Edwards testified that, other than a test he took in 1981, the August 2001 test was the only test he took in pursuit of employment with AK Steel. (Edwards Dep. at 61) On July 9, 2002, Edwards filed an EEOC charge, Charge No. 221A200687, claiming that he pursued employment at AK Steel by filling out an application in

2

August 2001 and taking the August 2001 test discussed above, but that AK Steel did not hire him because of his race. (Edwards Dep. Exh. 10)

### B. AK Steel Has No Record Of Edwards Applying To Work For AK Steel In 2001 Or Of Edwards Ever Having Taken A Test

AK Steel has no record of Edwards applying for work in 2001 or taking any test at any time to work for AK Steel. (Short Dec, ¶ 13)[1] In fact, the employment application Edwards testified he submitted in August 2001--and the test which Edwards said he took at Palmer Temps in August of 2001--could not have been for AK Steel for the simple but important reason that Palmer Temps has never administered AK Steel's entry level bargaining unit employment test at the Palmer Temps office. (Palmer Nunlist Dec., ¶¶ 3 & 4) Also, Palmer Temps was not accepting AK Steel applications at its office in August 2001. (*Id.*)

### III. ARGUMENT

### A. The Court Noted Earlier That The Middletown Subclass May Need To Be Decertified If Edwards Is Not A Proper Class Representative

Plaintiffs have identified two potential class representatives for the Middletown subclass – (1) James Greenwood and (2) Donald Edwards. (Doc. #96 at 12) Greenwood did not file a timely EEOC Charge. This Court has stated that Greenwood can only serve as a class representative "[a]ssuming that Edwards proved to be a class member." (Doc. #96 at 6) This Court has noted an issue "whether Edwards is a member of the class." (Doc. #106 at 3-4). The

---

[1] AK Steel does have a record of Plaintiff applying for work at AK Steel in 1989, 1999, and 2000. Interestingly, Plaintiff stated on these application documents that he had never been convicted of a crime (although he was convicted of domestic violence and theft of a wallet); had never been without employment for more than six months (which Edwards admitted in deposition was untrue); and that he had one year of assembly, heavy machinery, and/or manufacturing experience (which Edwards admitted in deposition was untrue). When confronted at his deposition with the untruths on his application documents, Plaintiff stated "[a]t that point I was just grasping, trying to get on at AK at any cost." (Edwards Dep. at 5-7, 33, 35 and Dep. Exhibits 1, 2, 4 and 5)

3

Court further found that, if Edwards is not a class member, that this "**may require decertification of the Middletown class, as the Court's prior order made clear.**" (*Id.* at 3-4; (emphasis added)). The Court has also ruled that Edwards "obviously cannot serve as a typical or adequate class representative" if he took the exam prior to September 12, 2001 or did not take it at all. (Doc. #79 at 18 and 21)

### B. Plaintiffs Carry The Burden To Meet Rule 23 Class Certification Requirements

A court must engage in a "rigorous analysis" of the plaintiffs' ability to meet the requirements of Rule 23 in order to certify a class. *General Telephone Company v. Falcon*, 457 U.S. 147, 161 (1982); *Bacon v. Honda of Am. Manufacturing*, 370 F.3d 565, 569 (6th Cir. 2004), *cert. denied*, 543 U.S. 1151 (2005). Plaintiffs, as the moving party, have the burden of proof and may not rely on speculation to satisfy the requirements of Rule 23. *Golden v. City of Columbus*, 404 F.3d 950, 965-66 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 738 (2005); *Reeb v. Ohio Dept. of Rehab.*, 221 F.R.D. 464, 473 (S.D. Ohio 2004), *vacated and remanded on other grounds* 435 F.3d 639 (6th Cir. 2006). "No class that fails to satisfy all four of the prerequisites of Rule 23(a) may be certified." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 727 (6th Cir. 2004). Plaintiffs have failed to carry this burden with regard to Fed. R. Civ. Proc 23(a)(3) (the "typicality" requirement) and 23(a)(4)(the "adequacy of representation" requirement).

Federal Rule of Civil Procedure 23 requires that the named representative for the class must himself satisfy all jurisdictional prerequisites before a class action can go forward. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1101 (11th Cir. 2002). In recognition of this requirement, this Court ruled that in order for this case to proceed as a class action, Plaintiffs must identify a Middletown class representative who can satisfy Title VII's procedural requirements of the filing of an EEOC charge within 300 days of his or her taking of the test at issue and the filing of a

lawsuit within 90 days of the EEOC's issuance of a Notice of Right to Sue. (Doc. #79 at 18-20 and Doc. #106 at 3-4). S*ee also* 42 U.S.C. § 2000e-5(e) & (f); *Rojas*, 311 F.3d at 1101.

  C. **Edwards Did Not Take The AK Steel Test**

Plaintiffs cannot carry their burden to prove that Edwards took the test at issue in this lawsuit. Edwards testified in his deposition that he has taken two tests for employment with AK Steel – a test taken in 1981 and a test he took at Palmer Temps in 2001. (Edwards Dep. at 25-26) Edwards is correct that he took a test at the Palmer Temps office in 2001. Edwards took a test which Palmer Temps uses to evaluate individuals' suitability for temporary assignments as Palmer Temps' employees. In addition to assisting companies with their direct hires, Palmer Temps hires individuals as Palmer Temps' employees and places these individuals as workers with a variety of companies. (Palmer Nunlist Dec. at ¶ 1). Palmer Temps' records indicate that Edwards took the Palmer Temps test between January 29, 2001 and February 6, 2001. (Palmer Nunlist Dec., ¶ 5)

The 2001 test Edwards took at Palmer Temps was not the AK Steel test. Edwards testified that the 2001 test that he took at the Palmer Temps office consisted of seven to 15 simple math questions, was not divided into sections, and took between 15 and 30 minutes to complete. (Edwards Dep. at 24-25 and 53-55) This is a very different test than the test used by AK Steel for the Middletown Works. The AK Steel test takes approximately three hours to complete, consists of seven distinct sections (Pattern Series, Mechanical Reasoning, Reading Comprehension, Industrial Math, Form Pattern Perception, 3-D Reasoning, and Person Style Inventory), and has 365 questions. (Morris Dec., ¶ 3).

5

Furthermore, Edwards could not have taken the AK Steel test at issue in this lawsuit at the Palmer Temps office because that test has never been administered there. (Palmer Nunlist Dec., ¶ 4, Short Dec., ¶ 13, and Morris Dec., ¶ 5)

Because Edwards never took the AK Steel test at issue in this lawsuit, Edwards cannot be a representative for the Middletown subclass.

### D. If Edwards Took The AK Steel Test, AK Steel Has No Record Of The Test Results And AK Steel Could Not Have Acted Upon It

Even if one were to believe that the seven to 15 question test that Edwards took at the Palmer Temps office was the AK Steel three hour, 365 question test, AK Steel does not have any test results for a test taken by Edwards. (Short Dec., ¶ 13) AK Steel could not have discriminated against Edwards based upon the Middletown test because AK Steel has no test results for Edwards. Therefore, Edwards cannot be a class representative for the Middletown subclass.

### E. Whatever Test Edwards Took, He Testified He Took The Test In August 2001 And He Is Not a Member Of The Class Of Unsuccessful AK Steel Test Takers That Begins September 12, 2001

Plaintiffs also cannot carry their burden to prove that Edwards qualifies as the named representative for the subclass by satisfying the Title VII prerequisites to suit. Even assuming that Edwards actually took the AK Steel test in August 2001 as he claims, Edwards is not a member of the Middletown subclass because his claim is untimely and as such he cannot serve as a representative of the class. Therefore, the Middletown subclass should be decertified.

6

Edwards filed his EEOC charge, Charge No. 221A200687, on July 9, 2002.[2] This Court previously recognized that Edwards would have had to have taken the test within 300 days of the July 9, 2002 filing of his Charge, i.e., on or after September 12, 2001, in order for Edwards to have a timely claim under Title VII. (Order, Doc. #79 at 18-21). S*ee also* 42 U.S.C. § 2000e-5(e).

Edwards testified under oath in his deposition the he took the "AK Steel" test at the Palmer Temps office in August 2001. (Edwards Dep. at 24, 55). This is consistent with his Charge of Discrimination where Edwards states that: "[i]n previous applications, such as the one in August 2001, I took an aptitude test and was interviewed by a white Palmer Temps representative." (Edwards Dep. Exh. 10, Charge No. 221A200687 at ¶ II)

Edwards testified in his deposition that he took the test referenced in his Charge on the same day in August 2001 that he filled out an application at the Palmer Temps office.

> Q. – Okay, Did you take the test the same day that you filled out the application in August of 2001?
> A. – Yes.

(Edwards Dep. at 55)

On a separate occasion in his deposition, Edwards again confirmed that he took the test at the Palmer Temps office in August of 2001.

> Q. – You said you took the test in August of 2001?
> A.- Yes.

(Edwards Dep. at 24)

---

[2] Edwards had filed a prior EEOC Charge on February 28, 2000. However, Plaintiffs have conceded that all claims based upon this Charge are time-barred as he did not bring suit within 90 days of the EEOC's March 29, 2001 issuance of Notice of Right to Sue. 42 U.S.C. § 2000e-5(f)(1); Plaintiffs' Opposition to Defendant's Motion to Dismiss December 9, 2002, Doc. #12 at 3 ("Nonetheless, Plaintiffs concede that the claims delineated in Plaintiffs Bert, Edwards, and Freeman's EEOC charges filed in 2000 are not actionable" ).

7

Edwards further testified that the only two tests which he took in pursuit of AK Steel employment were the August 2001 test and a test he took in 1981. (Edwards Dep. at 26)

Edwards is bound by his sworn testimony that he took the "test" at Palmer Temps in August of 2001. Having taken the test prior to September 12, 2001 (i.e., more than 300 days before his July 9, 2002 Charge), Edwards's Title VII disparate impact claim based upon this test is untimely. He is not a class member. Plaintiffs do not have a Middletown class representative who can satisfy Title VII's procedural prerequisites required to certify a Title VII Middletown subclass under Fed. R. Civ. Proc 23(a)(3)'s "typicality" requirement and 23(a) (4) "adequacy of representation" requirement. This Court has previously indicated that Plaintiffs' failure to identify a Middletown class representative who can satisfy Title VII's procedural prerequisites to suit would lead to decertification of the Middletown subclass. (Doc. #79 at 18-19, Doc. #106 at 3-4) AK Steel respectfully submits that decertification by this Court is now proper.

## IV.    CONCLUSION

Even if one believes Edwards, he took the test outside the class period. Further, there is absolutely no evidence that Edwards ever took the AK Steel test, or that AK Steel acted upon the results of his test in not hiring Edwards. Therefore, Edwards is not a member of the Middletown subclass and cannot serve as the class representative. After nearly five years of litigation Plaintiffs have produced no adequate class representative for the Middletown subclass who has

taken the test and satisfied Title VII prerquisites for filing a lawsuit. For each and all of the foregoing reasons, Defendant AK Steel respectfully requests that this Court decertify the Middletown subclass.

Respectfully submitted,

/s/ Gregory Parker Rogers
Lawrence J. Barty (0016002)
Gregory Parker Rogers (0042323))
Patricia Anderson Pryor (0069545)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
(513) 381-2838
Trial Attorneys for Defendant
AK Steel Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on June 15, 2007 using the Court's CM/ECF system, which will send notice of this filing to Susan Donahue, Robert Childs, Herman N. Johnson, Jr., Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama 35203; Paul H. Tobias and David Kammer, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202; and David Sanford, Sanford, Wittels & Heisler, L.L.P., 2121 K Street, N.W., Suite 700, Washington, D.C. 20037.

/s/ Gregory Parker Rogers