UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VIVIAN BERT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. C-1-02-467 |
| ) | Judge Beckwith |
| AK STEEL CORPORATION, ) | Magistrate Judge Hogan |
| ) | |
| Defendant. ) | |

## PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANT'S MOTION TO DECERTIFY MIDDLETOWN SUBCLASS

The Plaintiffs, by and through undersigned counsel, move this honorable Court for a 45-day extension of the present submission date for their Response to Defendant's Motion of Defendant AK Steel Corporation to Decertify Middletown Subclass (Doc. 112) (hereinafter, "Motion to Decertify") filed on June 15, 2007. Pursuant to Local Rule 7.2(a)(2) and Fed. R. Civ. Pro. 6(e) and Fed. R. Civ. Pro. 5(b)(2)(B), Plaintiffs' response is presently due to be filed on July 9, 2007. The requested extension of 45 days would allow the Plaintiffs' response to be filed on August 23, 2007.

In support of their request, Plaintiffs state the following:

1. Defendant's Motion to Decertify is premature and was filed while discovery is ongoing regarding issues raised by Defendant in its motion. Contrary to Defendant's assertion in its Motion to Decertify, discovery has not been completed on the issues raised in that motion regarding an adequate representative for the Middletown subclass.

2. AK Steel has recently named Jane Palmer Nunlist as a witness with information relating to Palmer Temps and included a declaration from Ms. Nunlist with its Motion to Decertify. In her declaration, Ms. Nunlist additionally names Richard Nunlist as a person with information regarding whether or not or when Donald Edwards may have taken a test at Palmer Temps related to employment at AK Steel. Plaintiffs have not had an opportunity to depose either Mr. Nunlist or Ms. Nunlist on the assertions made in AK Steel's Motion to Decertify. AK Steel cites Mr. Edwards' deposition testimony as its sole evidence that he did not take any AK Steel test timely. However, that testimony has yet to be confirmed or questioned on the basis of additional discovery yet to be conducted via deposition of Mr. and Ms. Nunlist and possibly others, including the receptionist at Palmer Temps who may have administered the test. Mr. Edwards' testimony is based solely on his memory from several years ago and needs to be confirmed or refuted with additional evidence the Plaintiffs seek.

3. AK Steel also included a declaration from Jessica Morris in their Motion to Decertify. Plaintiffs similarly should be allowed to depose Ms. Morris as to her assertions regarding the test Mr. Edwards took and the arrangements with Palmer Temps regarding that test in order to adequately defend against AK Steel's Motion to Decertify.

4. Additionally, on or about October 30, 2006, Donald Edwards filed an EEOC charge against Palmer Temps, charging retaliation for refusing to accommodate him by processing intake papers regarding a position of employment that he had accepted at Middletown Community Center. Palmer Temps provides intake application services for Middletown Community Center. An EEOC investigation is on going on this charge with Mr. Edwards scheduled to be interviewed by an EEOC representative on June 27, 2007. Mr. Edwards charges Palmer Temps with retaliating against him as retribution for his

involvement in the instant case, specifically regarding the issues surrounding the test he took at Palmer Temps for employment at AK Steel. Information pertinent to the instant case may emerge from this EEOC investigation. Plaintiffs seek an extension to develop any discovery material that may arise in this context.

5. Depositions of Allen Roberts and the Ashland plaintiffs are currently scheduled for August 14-16, 2007 in Cincinnati, OH, which is after the current deadline for Plaintiffs' response to Defendant's Motion to Decertify. As to the deposition of Allen Roberts, the Plaintiffs believe that his deposition will clarify many questions that have arisen concerning the testimony of the Middletown plaintiffs during their depositions taken in Cincinnati, OH, on June 5 and 6, 2007. Relevant testimony during Mr. Roberts' deposition may well shed light on Mr. Edwards' EEOC application procedure and his test at Palmer Temps. Furthermore, the Plaintiffs' position has always been that the Ashland plaintiffs are adequate class representations for the entire class. Deposition testimony of the Ashland plaintiffs may reveal additional information in support of the Plaintiffs' position. Plaintiffs are entitled to pursue this legal theory and any relevant discovery concerning it at this point in the litigation. Such discoverable material may develop from the depositions yet to be taken.

6. That discovery operates under the broad discretion of the trial court regarding class claims under Fed. R. Civ. Pro. 23 is well established. Further, the Sixth Circuit has found that a premature ruling on the maintainability of a class action without sufficient discovery allowed to the plaintiffs cannot be sustained on appeal. *See Weathers v. Peters Realty Corporation*, 499 F.2d 1197, 1200 (6th Cir. 1974) (reversing and remanding after the district court prematurely determined that class action could not be maintained and stating that "[t]he parties should be afforded an opportunity to present evidence on the maintainability of the class action."). Therefore, pursuant to the broad discovery rules afforded to this Court

and particularly pursuant to Fed. R. Civ. Pro. 56(e), the Plaintiffs assert that they are entitled the additional discovery identified in ¶¶ 2-5, *supra*, in order to properly defend against AK Steel's Motion to Decertify, which, in proposing to dismiss the claims of a large number of class members in this action, functions in the nature of a dispositive motion here. Rule 56(e) provides in pertinent part, as follows:

> **(e)** **Form of Affidavits; Further Testimony; Defense Required.**
> .... The court may permit affidavits to be supplemented **or opposed by depositions, answers to interrogatories, or further affidavits.** (emphasis added).

As argued, the Plaintiffs seek to oppose AK Steel's Motion to Decertify by means of depositions that must be taken of Defendant's newly identified witnesses as well as by further testimony from the plaintiffs in this lawsuit which are scheduled after the current deadline for the Plaintiffs' Response. Plaintiffs seek an extension of the time in which to respond to Defendant's motion to develop this discovery which may lead to admissible evidence on the question of the certification of the Middletown subclass.

7.  Plaintiffs' counsel in this case, Robert F. Childs, Jr. and Herman Nathaniel Johnson, Jr., who have been directly involved with the class certification issue in this case, are currently in Panama City, Panama, taking trial depositions for a trail in the case styled *In re: Juan Aguas Romero, et al. v. Drummond Company, Inc., et al.*, Civil Action No. 03-BE-0575-N. The trial for this case begins on July 9, 2007, in the United States District Court for the Northern District of Alabama, in Birmingham, Alabama, and will last until July 28, 2007. Plaintiffs will be greatly prejudiced by the current deadline for response to AK Steel's motion to decertify since lead counsel on this issue will not be available to prepare that response by the current deadline. The current deadline also disallows time for the needed discovery required as discussed, *supra*, no matter what the availability of counsel.

8.    Despite Plaintiffs' request of the Defendant that it join the Plaintiffs in their request for an extension of time in which to respond to their decertification motion, or at a minimum, not to oppose such request, Defendant has decided to oppose the Plaintiffs' motion. This refusal effectively prevents Plaintiffs from developing relevant discovery for their response, including discovery currently scheduled as well as discovery needed arising from the newly named witnesses and the testimony thus far in this case, as discussed *supra*. The Plaintiffs assert that there will be no prejudice to the Defendant to allow a 45-day extension to adequately respond to their premature motion.

WHEREFORE, premises considered, the Plaintiffs seek a 45-day extension of time until August 23, 2007, in order to adequately prepare a response to Defendant's premature Motion to Decertify the Middletown Subclass.

Respectfully submitted,

s/ *Susan Donahue*
Robert F. Childs, Jr. (*pro hac vice*)
Herman Nathaniel Johnson, Jr. (*pro hac vice*)
Susan Donahue (*pro hac vice*)
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500
(205) 254-1500 (facsimile)

Paul Henry Tobias (OH bar No. 0032415)
David Donald Kammer
TOBIAS, KRAUS & TORCHIA
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202

(513) 241-8137
(513) 241-7863 (facsimile)

David W. Sanford (*pro hac vice*)
SANFORD, WITTELS & HEISLER, L.L.P.
2121 K Street N.W.
Suite 700
Washington, D.C. 20037
(202) 942-9124
(202) 628-8189 (facsimile)

*Attorneys for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 21, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically serve the following:

Mr. Gregory P. Rogers  
Mr. Lawrence James Barty  
Ms. Patricia Anderson Pryor,  
TAFT, STETTINIUS & HOLLISTER, LLP  
425 Walnut Street, Suite 1800  
Cincinnati, Ohio 45202-3957  

                                              s/ *Susan Donahue*  
                                              OF COUNSEL