UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VIVIAN BERT, et al.                       :
                                          :      Case No. C-1-02-467
              Plaintiffs,                 :
                                          :      Judge Beckwith
       v.                                 :
                                          :
AK STEEL CORPORATION,                     :      **DEFENDANT'S REPLY**
                                          :      **MEMORANDUM**
                                          :      **IN SUPPORT OF ITS MOTION FOR**
              Defendant.                  :      **SUMMARY JUDGMENT ON THE**
                                          :      **CLAIMS OF RONALD SLOAN,**
                                          :      **MARY HARRIS AND**
                                          :      **THADDEUS FREEMAN BASED**
                                          :      **UPON JUDICIAL ESTOPPEL**

## I.  INTRODUCTION

Defendant AK Steel Corporation ("AK Steel" or "the Company") moved for summary judgment on all of the claims of Plaintiffs Ronald Sloan, Mary Harris and Thaddeus Freeman (collectively "Plaintiffs").  Each of these Plaintiffs, in order to obtain the benefit of a discharge of their debts through bankruptcy, represented to the Bankruptcy Court that they did not have any contingent or unliquidated claims or causes of action.  Their claims in this litigation should be barred by judicial estoppel.

In an effort to avoid summary judgment, Plaintiffs each claim that they "inadvertently" failed to report their claims in this litigation in their individual bankruptcies.  Only now are they trying to reopen their bankruptcies (nearly 4 years later) in order to save their claims here.  Both this Court and the Sixth Circuit have rejected similar attempts by other plaintiffs.  Plaintiffs have not established that they have acted in good faith.  They have not presented any basis on which they can avoid summary judgment.

{W1006894.1}

## II. ARGUMENT

A.    Plaintiffs Have Not Established Inadvertence.

AK Steel has established that judicial estoppel is appropriate.  Plaintiffs each took an inconsistent position under oath before the bankruptcy court that was adopted by the bankruptcy court.  Plaintiffs do not dispute this.  "Once a defendant demonstrates that a finding of judicial estoppel is supported by the record, a plaintiff must come forward and show why the doctrine should not apply under the facts of the case."  *Pate v. United Parcel Serv.*, 2006 WL 2076795, *2 (E.D. Tenn. 2006).  Plaintiffs have failed to show why judicial estoppel should not apply here.

Plaintiffs' "inadvertence" or "I didn't know" excuse was recently rejected by this Court in a similar case, *Wallace v. Johnston Coca-Cola Bottling Group, Inc.,* 2007 WL 927929, at *2 (S.D. Ohio 2007), and has been rejected by other courts as well.  *See, e.g., Paris v. Sansom*, 2007 WL 1345368, *8 (E.D. Tenn. 2007) ("Plaintiff states in her affidavit she was unsure that questions on her Statement of Financial Affairs and Schedule of Assets form referred to any claims she had with TVA.  This argument is insufficient to show absence of bad faith since the fact Plaintiff was represented by counsel in her bankruptcy proceedings undercuts any possibility Plaintiff's omission was due to lack of understanding the question."); *Scott v. The Dress Barn*, 2006 WL 962534, *5 (W.D. Tenn. 2006) (plaintiff cannot rely on alleged failure of her bankruptcy attorney to tell her to disclose "any and all lawsuits as a potential asset" to avoid judicial estoppel);  *Belnavis v. Nicholson*, 2006 WL 3359684, *11 (M.D. Fla. 2006) ("a failure by the lawyer to explain the forms will not excuse the nondisclosure of the discrimination claims.").

A claim of "inadvertence" requires the debtor-plaintiff to establish that (1) the debtor lacked knowledge of the factual basis of the undisclosed claims or (2) the debtor had no motive for concealment.  *Browning v. Levy,* 283 F.3d 761, 776 (6th Cir. 2002).  Neither of these are

alleged or present here.  Each of these Plaintiffs was represented by counsel during his or her

bankruptcy proceeding.  "This fact undercuts any possibility that [Plaintiffs'] omission was due

to lack of understanding of the bankruptcy process, at least to the extent that such ignorance

might have been reasonable: any question that [they] had about the required disclosures could

easily have been answered."  *Wallace*, 2007 WL 927929, at *2.  Each of the three Plaintiffs

knew the factual basis for their claims.  They had each filed EEOC charges and this lawsuit prior

to filing for bankruptcy.  *See Salyer v. Honda of Am. Mfg., Inc.*, 2006 WL 3230807 (S.D. Ohio

2006) (plaintiff's omission was not inadvertent where he "clearly understood the factual basis of

his claims against HAM.  Indeed he could not have filed this lawsuit without such knowledge.").

They each also had motive for concealment.  They each received a discharge of their debts while

continuing to pursue this lawsuit for their own benefit.  *See Wallace*, 2007 WL 927929, at *3.

Plaintiffs' failure to identify their claims as an asset in their bankruptcy cases and failure to

identify this litigation in response to the specific question to list all suits in which they were

involved was not the result of inadvertence.  Summary judgment based on judicial estoppel is

appropriate.

> B.    Freeman Did Not Act In Good Faith; His Alleged Conversation With Someone
>       From His Attorney's Office Does Not Save His Claims.

Freeman attempts to blame his conduct on some unidentified individual from his

attorney's office. This attempt to hide behind his counsel also fails.  Freeman claims that at the

bankruptcy hearing, he told someone from his attorney's office about this lawsuit.  He claims the

unidentified individual from his attorney's office asked if he was close to settlement and when he

said "I don't think so," she said "well, don't worry about it."  (Freeman Dep. 64)  This alleged

advice not to worry about identifying this lawsuit if it was not close to settlement is no panacea.

Either his representative did not believe Freeman had a viable claim or made the intentional

decision not to disclose it in order to obtain the discharge of debts and pursue this claim

unencumbered.  In either case, judicial estoppel applies.  The Sixth Circuit has rejected a similar

argument under similar facts, stating:

> We also find unpersuasive Lewis's assertion that she relied in good
> faith on the advice of her attorney's paralegal.  In a similar case,
> the Eleventh Circuit noted that although the "[debtor's] attorney
> failed to list [the debtor's] discrimination suit on the schedule of
> assets despite the fact that [the debtor] specifically told him about
> the suit, the attorney's omission is no panacea." *Barger v. City of
> Cartersville, Georgia*, 348 F.3d 1289, 1295 (11th Cir. 2003).
>
> *        *        *
>
> The issue here is whether Lewis pursued a "position" before the
> bankruptcy court that is inconsistent with the pursuit of her current
> discrimination claim against Weyerhaueser.  Lewis alleges that
> before filing her bankruptcy petition, she informed a paralegal with
> her law firm that she had a potential discrimination claim against
> Weyerhaeuser.  For whatever reason, the paralegal or Lewis's
> attorney made a conscious decision not to present that information
> to the bankruptcy court in contravention of the clear terms of the
> bankruptcy petition.  Thus, Lewis's "freely selected agent" took
> the position that Lewis had no cause of action against
> Weyerhaeuser.  *Link*, 370 U.S. at 633-34, 82 S.Ct. 1386.  Lewis
> presents no compelling reason to justify departing from the general
> rule set forth in *Link* that litigants are bound by the actions of their
> attorneys.

*Lewis v. Weyerhaeuser Co.*, 141 Fed. Appx. 420, 427-28 (6th Cir. 2005).  *See also Randelson v.*

*Kennametal Inc.*, 2006 WL 3196457, *2 (N.D. Ohio 2006) (plaintiff's "assertion that she

informed her bankruptcy attorney of her potential claim is unpersuasive"; the mistake by

plaintiff's bankruptcy attorney "will not translate into an admissible inadvertent mistake by

[plaintiff] and move this court to deny the application of the doctrine of judicial estoppel").

Moreover, this alleged conversation at the bankruptcy hearing does not explain why

Freeman had not disclosed this litigation as an asset earlier in his initial bankruptcy filings,

which he signed under oath.  (Freeman Dep. Ex. 16)  It also does not explain why Freeman

concealed his bankruptcy in this litigation.  Although he testified in his deposition that he understood his bankruptcy was a legal proceeding, he did not identify his bankruptcy in response to Defendant's first interrogatory asking that he identify all legal proceedings to which he was a party.[1]  (Freeman Dep.63; Freeman Dep. Ex. 15)

This is not a case like *Eubanks v. CBSK Financial Group*, 385 F.3d 894, 898-99 (6th Cir. 2004) where the plaintiffs established that their non-disclosure was inadvertent and they had no motive to conceal the claim from the bankruptcy court.  In *Eubanks*, the plaintiffs presented evidence that they not only attempted to amend the bankruptcy schedules but also put the bankruptcy court and trustee on notice of the asset through correspondence, motions and status conference reports during the bankruptcy proceeding (not after they were caught).  Here, Freeman made no attempt to disclose his alleged claims to the bankruptcy court or trustee or notify the bankruptcy court or trustee of this litigation until AK Steel filed its motion for summary judgment and he was faced with the possibility of losing his claims in this case.  His claims are barred by judicial estoppel.  Summary judgment is appropriate.

C.    Plaintiffs Cannot Avoid Summary Judgment By Amending Their Bankruptcy
      Schedules Nearly Four Years After Their Debts Were Discharged.

Plaintiffs claim that their earlier representations under oath to the bankruptcy court should be disregarded because now they are willing to disclose their claims to the bankruptcy court.  In other words, they ask this Court to endorse a debtor only disclosing his potential assets if he is caught concealing them.  Numerous courts, including this one, have rejected similar arguments.  *See, e.g., Wallace*, 2007 WL 927929, at *3 ("The fact that Plaintiff did not offer to disclose his claims to the Bankruptcy Court until Johnston drew the matter to the attention of the

---

[1]    Harris similarly did not disclose her bankruptcy in response to this interrogatory.  (Harris Dep. Ex. 1)  Like Freeman she concealed her participation in her bankruptcy and did not seek to reopen her bankruptcy proceedings until after AK Steel filed its Motion for Summary Judgment.

Court of Common Pleas, and then of this Court, also suggests that Plaintiff previously sought to conceal his claims."); *Scott v. The Dress Barn Inc*., 2006 WL 962534 (W.D. Tenn. 2006) (the fact that plaintiff amended her bankruptcy petition after the filing of defendant's motion does not negate application of judicial estoppel); *Tyler v. Federal Express Corp*., 420 F. Supp. 2d 849, 859 (W.D. Tenn. 2005) (same), *aff'd*, 206 Fed. Appx. 500 (2006); *Belnavis v. Nicholson*, 2006 WL 3359684, *11 (M.D. Fla. 2006) ("The plaintiff argues that her subsequent payment of her debts in full makes the application of judicial estoppel inequitable. However, the nondisclosure of the employment discrimination claims was brought to light by the defendant's attorney. The fact that, thereafter, the plaintiff made payment in full upon being directed to do so by the bankruptcy court does not justify any forgiveness").

As the court stated in *Burnes v. Pemco Aeroplex Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002):

> The success of our bankruptcy laws requires a debtor's full and honest disclosure. Allowing [plaintiff] to back up, re-open the bankruptcy case, and amend his bankruptcy filings only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets.

Similarly, in *Scoggins v. Arrow Trucking Co*., 92 F. Supp. 2d 1372, 1376 (S.D. Ga. 2000), the court held a plaintiff "should not be permitted to duck his bankruptcy court disclosure obligation, then 'fess up' without consequence once exposed by his adversary. He knew of the facts giving rise to his inconsistent positions, and he had a motive to conceal this claim. That is enough."

Plaintiffs also cannot circumvent judicial estoppel by having the bankruptcy trustee pursue their claims (with Plaintiffs' attorneys representing the trustees). Courts have dismissed claims due to judicial estoppel under similar circumstances even though bankruptcies were re-

opened and/or trustees were involved.  *See In re Superior Crewboats, Inc.*, 374 F.3d 330, 336 (5th Cir. 2004); *Randelson v. Kennametal, Inc.*, 2006 WL 3196457, *2 (N.D. Ohio 2006) (dismissing claim on judicial estoppel grounds despite addition of bankruptcy trustee as plaintiff); *Pate v. United Parcel Serv.*, 2006 WL 2076795, *3 (E.D. Tenn. 2006) (plaintiff could not save claims by reopening bankruptcy case); *Marshal v. Electrolux Home Products*, 2006 WL 3756574, *3 (M.D. Fla. 2006) (dismissing claim despite reopening of bankruptcy proceeding where trustee had not been informed of claim until a year after if was filed and did not move to intervene until after defendant moved for summary judgment based on judicial estoppel).  As the Court stated in *In re Superior Crewboats*, when dismissing the plaintiff's complaint and refusing to allow the trustee to substitute as plaintiff: "[Plaintiffs] cannot be permitted at this late date to re-open the bankruptcy proceeding and amend their petition.  Judicial estoppel was designed to prevent such abuses."  374 F.3d at 336.

Moreover, the trustees in this case have not entered an appearance or otherwise made any attempt to prosecute this action.  Allowing the trustees, at Plaintiffs' insistence, to substitute as plaintiffs would open the door for Plaintiffs to still recover damages despite their misconduct. This is why Plaintiffs, not the trustees, are asking the court to allow their claims to proceed and why Plaintiffs' attorneys are pushing the trustees to reopen the bankruptcies and allow Plaintiffs' attorneys to pursue these claims.  (See Ex. 4 to Plaintiffs' Memorandum)  Plaintiffs cannot subvert the integrity of the bankruptcy process and the purposes behind judicial estoppel in this manner.

## III.  CONCLUSION

For each and all of the foregoing reasons, AK Steel Corporation respectfully requests that this Court grant its Motion for Summary Judgment and dismiss all of the claims of Plaintiffs Ronald Sloan, Mary Harris and Thaddeus Freeman.

Respectfully submitted,

/s/ Gregory Parker Rogers
Gregory Parker Rogers (0042323))
rogers@taftlaw.com
Lawrence J. Barty (0016002)
barty@taftlaw.com
Patricia Anderson Pryor (0069545)
pryor@taftlaw.com
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
(513) 381-2838
(513) 381-0205 (fax)

Trial Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on June 26, 2007 using the Court's CM/ECF system, which will send notice of this filing to Susan Donahue, Robert Childs, Herman N. Johnson, Jr., Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama  35203; Paul H. Tobias and David Kammer, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202; and David Sanford, Sanford, Wittels & Heisler, L.L.P., 2121 K Street, N.W., Suite 700, Washington, D.C.  20037.

 s/ Gregory Parker Rogers