UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. C-1-02-467 |
| | ) | Judge Beckwith |
| AK STEEL CORPORATION, | ) | Magistrate Judge Hogan |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF MARY HARRIS' RESPONSES TO DEFENDANT A. K. STEEL CORPORATION'S FIRST SET OF INTERROGATORIES**

Comes now the Plaintiff, Mary Harris, by and through her undersigned counsel of record and responds to the Defendant's First Set of Interrogatories as follows:

EXHIBIT
HARRIS 1 6-5-07 AmB

**GENERAL OBJECTIONS**

1. The Plaintiff objects to the definitions and instructions accompanying these interrogatories to the extent that they seek to impose burdens, duties and obligations upon the Plaintiff in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure; Plaintiff will respond in accordance with said law and rules.

2. The Plaintiff objects to these requests to the extent they seek information and/or documentation regarding matters about which the Defendant has knowledge but has failed to disclose, or so limited their responses to previous discovery of the Plaintiff, so as to in effect deny the Plaintiff the information requested and needed by them to answer these requests.

3. The Plaintiff objects to these requests to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of

attorneys or other representatives of the Plaintiff, rather than seeking this information from the Plaintiff.

4. The Plaintiff objects to these requests to the extent they seek information and/or documentation protected by the attorney-client privilege or any other applicable privilege.

5. The Plaintiff objects to these requests to the extent that the Defendant is seeking to make them into a bill of particulars.

6. The Plaintiff objects to these requests to the extent they seek to require Plaintiff's counsel to present a "dress rehearsal" of the evidence to be submitted in the course of the proceedings. The mental impressions, legal theories, legal conclusions, and legal opinions of Plaintiff's counsel, as well as any communications between Plaintiff and her counsel, are clearly protected from discovery by the attorney-client privilege and the work product doctrine.

7. The Plaintiff objects to these requests to the extent that the information and/or documentation sought, if any, was obtained and prepared in anticipation of litigation and the Defendants have not made the required showing of substantial need for the information and/or documentation or that the substantial equivalent of such information and/or documentation is unobtainable by other means. The Plaintiff further objects to these requests to the extent that the information and/or documentation called for, if any, is protected and is not discoverable under Rule 26(b)(3) of the Fed. R. Civ. P. and Hickman v. Taylor, 329 U.S. 495 (1947).

8. The Plaintiff objects to these requests to the extent that they seek information and/or documentation that is equally available to the Defendant and the burden on the Defendant to obtain the requested information and/or documentation is no greater than the burden on the Plaintiff.

9. The Plaintiff objects to these requests to the extent they exceed the requirements of Rules

26, 30, 34 or 45 of the Fed. R. Civ. P.

  10. The Plaintiff objects to these requests to the extent they seek information and/or documentation relating to expert witnesses, witnesses, and trial exhibits in excess of the disclosure duties imposed by the Fed. R. Civ. P. and the Court's Scheduling and Pretrial Orders relating to such matters.

  11. The Plaintiff objects to these requests to the extent they require the Plaintiff to disclose "each and every" fact or piece of knowledge possessed by them as such a requirement is impossible to fulfill and is objectionably broad for failure to be "reasonably particularized".

  12. The Plaintiff objects to these requests to the extent they request duplicative and cumulative information and/or documentation heretofore disclosed in conjunction with discovery already undertaken by the Defendant in this action.

  13. The Plaintiff objects to these requests to the extent that they seek to require the Plaintiff's attorneys to divulge the substance of information and/or documentation developed by them (i.e., interpretive, not investigatory) in preparation for any hearing or trial in this action.

  14. The Plaintiff objects to these requests to the extent that they do not, on their face, restrict themselves either to an identifiable time or a reasonable, rationally-based time frame.

  15. The Plaintiff objects to these requests to the extent that they seek information and/or documentation from the Plaintiff regarding matters about which the Defendant has refused or objected to providing in their interrogatory or request for production responses.

  16. The Plaintiff objects to these requests to the extent that they are oppressive, i.e., they were designed to create an unreasonable burden on the Plaintiff which burden is not commensurate with the professed result sought.

17. The Plaintiff objects to these interrogatories to the extent they seek answers to multiple interrogatories within a single interrogatory.

18. These requests are addressed to the Plaintiff and the responses herein are based on information and/or documentation presently available to the Plaintiff. Investigation is presently continuing, however, and additional information and/or documentation pertinent to these requests may well be disclosed as a result of such ongoing and continuing investigation.

Except as otherwise indicated, the Plaintiff incorporates the General Objections into each and every answer set forth below. Without waiving the foregoing objections, the Plaintiff answers as follows:

**INTERROGATORY NO. 1:** Identify all litigation or legal proceedings in which you have been a witness or party, including the name and number of the case, the court or administrative agency for which the case was pending, and a brief description of the nature of the case, and the year in which the matter was pending.

**SPECIFIC OBJECTION TO REQUEST**: Plaintiff objects because this request does not seek relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this request is unduly harassing, burdensome, and oppressive. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**ANSWER:** Bert, et al. v. AK Steel
Case No.: 1:02-CV-00467
United States District Court
Southern District of Ohio (Cincinnati)
Nature of case: Race discrimination in hiring

**INTERROGATORY NO. 2:** Identify all employers for whom you have worked since January 1, 2001, including the dates of employment, the positions held, amounts paid per week, and reason for

leaving, if applicable.

**SPECIFIC OBJECTION TO REQUEST**: Plaintiff objects because this request does not seek relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this request is unduly harassing, burdensome, and oppressive. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**ANSWER:** RDI Marketing Services - May of 1998 to the Present - Position is Telephone Sales Representative - Pay is approximately $400.00 - $9.50 per hour depending upon how many hours are available.

**<u>INTERROGATORY NO. 3:</u>** Identify all employers to whom you applied for employment since January 1, 2001, including the date you submitted written applications, the job to which you applied, the dates you were interviewed, the employers who tendered you job offers, and a description of the offer.

**SPECIFIC OBJECTION TO REQUEST**: Plaintiff objects because this request does not seek relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this request is unduly harassing, burdensome, and oppressive. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**ANSWER:** I have applied to A. K. Steel Corporation in November of 2001 (second time applied); General Electric Company in July, August and November of 2006; applied for positions of laborer, assembler, machine operator - was never contacted or interviewed by employers.

**<u>INTERROGATORY NO. 4:</u>** Identify all income received from whatever source, by amount each week after January 1, 2001.

**ANSWER:** 2001 - $400 per week; 2002 - $424 per week; 2003 - $425 per week; 2004 - $402 per week; 2005 - $497 per week; 2006 - $508 per week

**INTERROGATORY NO. 5:** Identify by name, address and telephone number all individuals who have knowledge about or information about the allegations in the Complaint, and state a summary of what you believe their knowledge to be.

**ANSWER:** Allen Roberts, 4916 Oak Court, Middletown, Ohio 45044, Vivian Bert and Shawn Pryor

**INTERROGATORY NO. 6:** Identify all individuals who you intend to call as witnesses in the litigation of this matter.

**SPECIFIC OBJECTION TO REQUEST:** Plaintiffs objects because this Interrogatory violates the Court's Order establishing a deadline for Plaintiff to disclose witnesses and testimony. Plaintiff further objects to the extent this interrogatory seeks information protected by the attorney-client privilege or other privilege and/or the work product doctrine. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**ANSWER:** Plaintiff will abide by the deadlines established by the Court and the disclosure requirements set by the Federal Rules of Civil Procedure to disclose the witnesses they will use at trial in this case.

Respectfully Submitted,

Robert F. Childs, Jr.
Herman N. Johnson, Jr.

**WIGGINS, CHILDS, QUINN & PANTAZIS**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 328-0640
(205) 254-1500 (facsimile)

Tobias, Kraus & Torchia, LLP
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (facsimile)

ATTORNEYS FOR THE PLAINTIFFS

## CERTIFICATE OF SERVICE

I do hereby certify that on May 4, 2007, I served the foregoing via U.S. Mail and electronic mail upon the following:

Gregory Parker Rogers
Lawrence James Barty
Patricia Anderson Pryor
Taft, Stettinius & Hollister, LLP
1800 First Star Tower
425 Walnut Street
Cincinnati, OH 45202
Fax: (513) 381-0205

PLAINTIFFS' COUNSEL

**VERIFICATION**

I, Mary Harris hereby state that the answers to the foregoing interrogatories are true and complete to the best of my knowledge.

Mary Harris

This the 3rd day of April, 2007.

AK Steel Corporation

**AK Steel**

AK Steel Corporation is an Equal Employment Opportunity Employer and as such meets all government regulations pertaining to Equal Employment Opportunity.

Name Mary L. Harris (FIRST / MIDDLE / LAST) Date 5/15/01

Present Address 11716 Elkwood Dr. Cincinnati Ohio 45240 (NO / STREET / CITY / STATE / ZIP CODE)

Phone Number — or number where you can be reached: (573) 742-3946 - or 513-378-7085 (AREA CODE / NUMBER)

Permanent Address: 11716 Elkwood Dr. Cincinnati Ohio 45240 (NO. / STREET / CITY / STATE / ZIP CODE)

Permanent Phone: (513) 742-3946 (AREA CODE / NUMBER) Social Security # [redacted]

Are you 18 years of age or older? ☑ Yes ☐ No

Are you lawfully entitled to work within the U.S.? Yes
(PROOF OF CITIZENSHIP OR IMMIGRATION STATUS IS REQUIRED UPON EMPLOYMENT)

Have you been convicted of a crime other than a minor traffic violation? No

If yes, explain.

Date available for employment: Whenever Needed

If the job requires, are you willing to travel? No Relocate? No

If the job requires, are you able to work all shifts? Yes

Have you previously applied at Armco or AK Steel? / If yes, when/where?

Have you previously worked for Armco or AK Steel? No If yes, when/where?

EXHIBIT
Harris 2
6-5-07
AMB

Harris Mary Lmilor
LAST NAME / FIRST / MIDDLE

Federal regulations require AK Steel Corporation to maintain the following information on all individuals making application for employment. This information is retained separate and apart from all APPLICATIONS FOR EMPLOYMENT and is not used for purposes of making employment decisions. All qualified applicants will receive consideration for employment without regard to race, color, religion, sex, national origin, military status, disability or age. We appreciate your cooperation.

NAME Mary L. Harris DATE 5/15/01

SEX: ☐ Male ☑ Female

RACE: ☐ White (not of Hispanic origin) ☑ Black (not of Hispanic origin) ☐ Hispanic ☐ American Indian or Alaskan Native ☐ Asian or Pacific Islander

CHECK IF APPLICABLE: ☐ Vietnam Era Veteran ☐ Disabled Veteran ☐ Disabled Individual

POSITION FOR WHICH YOU ARE APPLYING:
☐ Management ☐ Professional ☐ Sales Representative ☐ Technical ☑ Clerical ☑ Craft Worker ☑ Laborer ☑ Service Worker

Form G-6545 12/94 *(EMPLOYMENT DEPARTMENT: Detach Upon Receipt of Application)*

0096 Plts' 1st Prod. to Dft

0097 Plts' 1st Prod. to Dft

**EMPLOYMENT EXPERIENCE:**

PRESENT OR MOST RECENT POSITION

Name of employer RDI Marketing Service Your title Tele Marketing

Address 9920 Carver Rd Kind of business Marketing

Describe your position Telephone Service Representative · Various Campaigns · Mortgage, Political, Etc.

Period of employment from 5-99 (MO/YR) to Present (MO/YR) Name of person for whom you worked Connie Messler Rate of earnings 9.25 Hr.

Give exact reason for leaving Looking for Better Wages, Benefits, Etc.

NEXT PREVIOUS POSITION

Name of employer Creations By Mary Your title Floral Designer

Address Self Employed Kind of business Floral Ceramic Center Home Decorating

Describe your position Floral Arrangements. Weddings, Ceramics, Etc

Period of employment from 8/98 (MO/YR) to Present (MO/YR) Name of person for whom you worked Self Employed Rate of earnings Excellent

Give exact reason for leaving Still Doing Business, "Praise The Lord"

NEXT PREVIOUS POSITION

Name of employer Kelly Services Your title Assembler

Address Princeton Rd Kind of business Johnson Johnson Surgical Instrum

Describe your position Assembling Surgical Instrument

Period of employment from 1/97 (MO/YR) to 8/98 (MO/YR) Name of person for whom you worked Robert Rose Rate of earnings $10.17 per hr

Give exact reason for leaving Temporary Positions

NEXT PREVIOUS POSITION

Name of employer Marketing Programs Your title Lab Technican

Address Fairfield Ohio Kind of business Contracted co Procter & Gamble

Describe your position Health Care - Prototype - working on [illegible]

Period of employment from 2/96 (MO/YR) to 8/96 (MO/YR) Name of person for whom you worked Nancy Bendick Rate of earnings $7.50 hr

Give exact reason for leaving Temporary Positions

How much time have you lost from work in the past two years? 2 months - Major Surgery

**EDUCATIONAL BACKGROUND:**

Circle last grade completed 1 2 3 4 5 6 7 8 9 10 11 (12) **College hours completed**

| TYPE OF SCHOOL | NAME AND LOCATION | GRADUATED YES | GRADUATED NO | DEGREE | FIELD OF STUDY | GRADE POINT/SCALE TOP/MID. BOT. 1/3 |
|---|---|---|---|---|---|---|
| HIGH | Robert A Taft - 720 Ezzard Charles | ✓ | | | General | Average |
| BUSINESS OR TRADE | Scarlet Oak Vocation - G.E. - Computer Bench Assembly | ✓ | | | Computer Assembly | |
| | | | | | | |
| COLLEGE OR UNIVERSITY | | | | | | |
| | | | | | | |
| POST GRADUATE | | | | | | |
| | | | | | | |

List other formal educational experience; e.g., night school, home study courses, GED, etc. See Resume

If presently enrolled, indicate where and field of study: ______

Describe any definite plans for further study: ______

List significant activities, honors, awards or elective offices which have contributed to your career goals and interests: See Resume

**MILITARY SERVICE:** Are you a Veteran of the U.S. Military Service? ☐ Yes ☒ No

| BRANCH OF SERVICE | HIGHEST RANK OR RATE |
|---|---|
| | |

Please, indicate any military experience or training you feel might be of interest and value to AK Steel:

Assembler, Machine Operator, Spot Welder, Punch Press Opr

Expected wage or salary $ Highest Available

If applying for clerical work, list special skills. Include typing (wpm), word processing, computer software, and any office machines or equipment you can operate: Xerox, Computer, Calculator, Etc.

If applying for sales, technical, professional, or administrative work, give highlights of any special training or experience which may be helpful: Awards, Highest Conversion Rates - Team Training Just-in Time Inventory Reduction, Haz Com Training Microcomputers Introduction Level I - Customer Service Experience - Dealing with People Over Phone or in Person.

If applying for labor or craft work, indicate any training or experience which might be useful. Include any equipment or machinery you can operate: Punch Press, Spot Welder, Rivet Mach Hand Tools, Forklift Driver's License, Sub Assembly School @ G.E., Etc.

Describe any additional qualifications, abilities, or strong points which will help you be successful in the job for which you are applying. Dependable with 18 to 20 yrs industry - 10 to 15 yrs Service Representative, Clerical Experience, Along with Dealing with Clients. Positive Attitude, Ambitious and Willing to do whatever it takes to provide a Quality Job.

**PERSONAL REFERENCES:**

Please provide the following information on three individuals whom we may contact as references:

| NAME | ADDRESS | TELEPHONE NO | RELATIONSHIP |
|---|---|---|---|
| Allan Robert | | 573-320-3181 | Friendly |
| Vivian Bert | 1812 Cherry St | 513-423-3408 | Friend |
| Shirley Daniels | 4477 P.O. Bx 40817 [illegible] | 513-648-0529 | Fri[illegible] |

I hereby certify that the foregoing information is accurate, and I authorize AK Steel to verify it. I specifically authorize AK Steel Corporation to obtain information from my former employers and other references, and I authorize my former employers and other references to release information to AK Steel Corporation.

I agree that any false or misleading statement in this application for employment or any additional forms signed by me in connection with my employment shall be sufficient cause for refusal or termination of employment.

I understand that this application is not and is not intended to be a contract of employment. I agree to submit to a physical examination applicable to the requirements of the type of work for which I am applying, including drug and alcohol abuse screening.

Signature of Applicant Mary L. Harris

Application received by/Date received

God Bless You All! "Thanks."

0099 Plts' 1st Prod. to Dft

# APPLICANT SURVEY

Applicant Name: Mary J. Harris Date: 5/15/01

| Item | Response | |
|---|---|---|
| 1. Other than exiting the military, how many times have you been without employment for more than six weeks? | 2 Times | |
| 2. In the left column, list your full-time employers (company names) for the past 10 years and in the right column write the number of years in each job listed | RDI Marketing Services | 2 yrs |
| | Creations By Mary | 2 yrs |
| | G.E. Aircraft Engines | 8 yrs |
| 3. Have you ever been terminated from any employer? | YES | NO (circled) |
| 4. Do you have a high school diploma or GED? | YES (circled) | NO |
| 5. Do you have a valid driver's license? | YES (circled) | NO |
| 6. Do you have reliable transportation? | YES (circled) | NO |
| 7. Have you ever been convicted of a crime other than a minor traffic violation? | YES | NO (circled) |
| 8. Some positions are on weekly rotating shifts. Is this: (A) Preferred (B) Tolerable, or (C) Unacceptable | A B (circled) C | |
| 9. Have you ever worked for AK Steel/Armco before? | YES | NO (circled) |
| 10. How many years of assembly, heavy machinery and/or manufacturing experience do you have? | 18 - 20 yrs | |
| 11. Do you have experience in welding, electrical, maintenance or plumbing? | YES (circled) | NO |
| 12. List any education beyond high school. | Computers Assembling | |
| 13. Have you served in the military? (Upon job offer, a copy of your DD-214 will be required) | YES | NO (circled) |
| 14. Have you ever worked rotating shifts for a previous employer? | YES (circled) | NO |

EXHIBIT
Harris
3 6-5-07 bmb

**MARY L. HARRIS**

**11716 Elkwood Drive**
**Cincinnati, Ohio 45240**
**(513) 742-3946**

---

SUMMARY: Dependable employee with 18 years in industry as a machine operator, assembler and in manufacturing support activities, over 12 years in service industry as computer operator, service representative and various clerical positions. Positive attitude. Enjoy working with public. Ambitious and willing to do whatever it takes to provide a quality job.

## WORK EXPERIENCE

**May, 1999 to present**
**RDI Marketing Services,** 9920 Carver Rd., Blue Ash
Telephone Service Representative, Marketing Service. Telemarketing Campaigns, March of Dimes, Various Mortgage Companies, Financial Institutions, and Political Campaigns, along with other various campaigns. Duties include answering computerized phone calls with head set and setting up appointments for loan officers after completing sales call.

**Aug., 1998 to May, 1999**
**Creations by Mary** – Forest Park, Ohio
Self-Employed
Floral Designer, Ceramic Specialist – Wedding, etc.

**Jan., 1997 to Aug., 1998**
**Kelly Services** - Princeton Rd.
Contracted to the Ethicon-Endo Surgery Company, Reed Hartman & Creek Rd. Duties include the assembling of surgical instruments.

**Nov., 1996 to Dec. 31, 1996**
**U.S. Postal Services** - Cincinnati, Ohio
Duties included mail handler. Seasonal job only.

EXHIBIT
HARRIS 4 6-5-07 amb

**Sept., 1996 to Nov., 1996**
**Kelly Services** - Princeton Rd.
Contracted out to P&G and Xerox.

**Aug., 1996 to Sept. 27, 1996**
**Kelly Services** - Princeton Rd.
Contracted to the Ethicon-Endo Surgery Company, Reed Hartman & Creek Rd. Duties included the assembling of surgical instruments.

**Feb., 1996 to Aug., 1996**
**Marketing Programs, Inc.** - Fairfield, Ohio
Contracted to the Procter & Gamble Co., Sharon Woods Health Care Center on Williamson Rd. During these six months I worked in the Health Care Prototype lab working on new products.

**Sept., 1994 to Feb., 1996**

**Marketing Programs, Inc.** - Fairfield, Ohio
Contracted to the Procter & Gamble Co., Winton Hills Technical Center. During this one and a half years I worked in the Diaper Prototype lab.

**Feb., 1994 to Sept., 1994**

**Marketing Programs, Inc.** - Fairfield, Ohio
Contracted to the Procter & Gamble Co., Sharon Woods Technical Center. During these seven months my job function was to provide technical support in the execution of performance testing on new products.

**1985 to 1993**

**GE AIRCRAFT ENGINES** - Cincinnati, Ohio
An international manufacturer of engines for the military, commercial, and marine industries.

**Material Support**
Responsible for performing a variety of functions in support of manufacturing including the routing/preparation and shipment of products to Engine Assembly.

- Used computer to receive/route vendor material.
- Used computer to organize parts and sub-assemblies for shipment to Engine Assembly.
- Operated machines for final preparation of the product to include deburring and cleaning parts.
- Certified to operate a lift truck and industrial mobile equipment.

**Assembler**
Responsible for performing various sub-assembly duties including grinding, brazing, riveting, drilling and assembling parts.

- Set-up and operated a variety of grinding machines and operated riveting machines and drill presses.
- Applied alloy and braze to blueprint requirements.
- Used various hand tools and standard precision gauges to maintain close tolerances.
- Dress grinding wheels, as required.
- Maintain required records.

**1982 to 1985**

**VICTOR TEMPORARY SERVICES** - Cincinnati, Ohio
Provide short term assignments to factories and offices.

- **Assembler/Computer Operator**

Responsible for working as an assembler at P&G and Revlon and as a computer operator with Warner Cable.

**1979 to 1982**

**CINCINNATI TIME RECORDER COMPANY** - Cincinnati, Ohio
Manufactured recording and parking control equipment.

- **Machine Operator**
  Responsible for operating variety of production machines including spot welder, punch press and drill press.

**1975 to 1979**

**CINCINNATI AUTO - AAA** - Cincinnati, Ohio
Provide exclusive benefits and services for members, complete travel agency and insurance agency.

- **Marketing Service Representative**
  Responsible for performing various duties of service to club members. For example, answer phone inquiries, plan trips, and provide emergency road service. Managing own accounts, making hotel, motel reservations. License department: Processing driver license, transfer titles from one name to another. Responsible for legal reimbursements, attorney fees, etc.

**1966 to 1975**

**OTHER BUSINESS EXPERIENCE**
Worked in a variety of positions including nurse's aide at a private hospital, assembler with a toy manufacturer and various clerical positions: cashier, clerk typist and file clerk.

## EDUCATION

Robert A. Taft - Cincinnati, Ohio
Graduate
Scarlet Oaks Vocational School:
Introduction to Microcomputers, Level 1

## GE TRAINING

Just In Time Inventory Reduction
Haz-Com Training
Sub Assembly School
Team Training

## AWARDS

Highest Conversion Rate
(Turning & Helping change Customer or Clients Minds)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: [ ] FEPA [X] EEOC

CHARGE NUMBER: 221A200660

Cincinnati Area Office and EEOC

State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Mary Harris | (513) 742-3946 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 11716 Elkwood Dr. | Cincinnati, OH 45240 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AG AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| AKSteel | >20 | 1-800-331-5050 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 703 Curtis Street | Middletown, Ohio 45043 | |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

[X] RACE [X] COLOR [ ] SEX [ ] RELIGION [ ] AGE [ ] RETALIATION [ ] NATIONAL ORIGIN [ ] DISABILITY [ ] OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE EARLIEST *(ADEA/EPA)* LATEST *(ALL)*

February 2002

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

EEOC CINCINNATI AREA OFFICE

JUN 21 2002

RECEIVED

EXHIBIT 5 HARRIS 6-5-07

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

x 6-12-02 x Mary L. Harris

Date Charging Party (Signature)

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

EEOC FORM 5 (10/94)

**CHARGE OF DISCRIMINATION**
**MARY HARRIS**
**PAGE 1**

## I. Overview of Individual and Class Allegations

AK Steel Corporation has discriminated and continues to discriminate against me in the terms and conditions of my application for employment with them on the basis of my race, African-American, by denying me the opportunity to be hired while hiring equally or less qualified white employees and subjecting me to a racially hostile application process and other forms of discrimination. I believe that AK Steel Corporation's actions are part of a continuing pattern and practice of discrimination against African-American applicants for employment and employees, including but not limited to, denying applicants hiring opportunities while providing such opportunities to equally or less qualified white applicants and subjecting them to a racially hostile application process.

## II. Statement of Facts

I applied three times to AKSteel: in late 2000, mid 2001, and February 2002. Having learned that they were hiring through the Ohio Unemployment Office, I submitted my application at this location. Each time, I applied for a General Labor position, a job which requires basic skills such as ability to work in an assembly line. Because I have experience as a welder, doing bench assembly, and working in an assembly line at a General Electric factory continuously for eight years doing labor, sub-labor, and assembly, I thought that the position corresponded well to my qualifications. In addition, I have no felony convictions and am drug-free. After each application, however, I heard nothing back from AKSteel. They did not acknowledge receipt of my application materials, schedule an interview or test, or notify me of rejection. I am currently employed by RDI, where I have been a Telemarketer for approximately 3 years.

## III. Statement of Discrimination

I believe that AK Steel Corporation has discriminated against me and continues to discriminate against me in the terms and conditions of my applications for employment with them on the basis of my race, African-American, in violation of the Civil Rights Act of 1964, as amended, because white applicants with fewer qualifications than me have been hired and I have not, and because I have been subjected to a racially hostile application process and other forms of discrimination and denied the right to apply for work in an environment free of racial discrimination.

I have been adversely affected by these discriminatory practices by being deprived of the equal opportunity to be hired. Such discrimination denies me and other African-Americans the right to be hired for positions for which we are qualified.

This systemic discrimination also adversely affects the status of African-Americans as employees by promoting and reinforcing racial stereotypes and bias in hiring.

**IV. Statement of Classwide Discrimination on the Basis of Race**

Based on my experiences, I believe that AK Steel Corporation has engaged and continues to engage in a pattern and practice of discrimination against its African-American applicants for employment and employees that denies them equal employment opportunities in ways including but not limited to the following: denying them hiring opportunities while providing such opportunities to equally or less qualified white employees and subjecting them to a racially hostile application process and work environment in which few other African-Americans are employed. This policy violates Title VII of the 1964 Civil Rights Act, 42 U.S.C. Section 2000(e), et seq.

I believe this policy has effected a class of black persons comprised of all past, present and future black applicants for employment with AK Steel. I believe that these discriminatory practices occur throughout AK Steel Corporation. I make this charge on behalf of myself and all similarly situated African-American applicants for employment and employees.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 6-12-02

Mary A. Harris

Charging Party (signature)

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

| To: Mary Harris<br>11716 ELKWOOD DRIVE<br>CINCINNATI, OH 45240 | From: E.E.O.C<br>Cincinnati Area Office<br>550 Main Street, Suite 10-019<br>Cincinnati, Ohio 45202-5202 |
|---|---|

☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL ( 29 C.F.R. 1601.7(a) )*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 221A200660 | Legal Unit Duty Officer | (216) 522-7445 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.
☐ Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.
☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.
☐ We cannot investigate your charge because it was not filed within the time limit required by law.
☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.
☐ While reasonable efforts were made to locate you, we were not able to do so.
☐ You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.
☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.
☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.
☒ Other *(briefly state)* CHARGING PARTY FILED SUIT IN U.S. DISTRICT COURT

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice;** otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

Wilma L. Javey, Director

09 January 2003
(Date)

**Enclosure(s)**

cc: A K STEEL
703 CURTIS STREET
MIDDLETOWN, OH 45043

EXHIBIT
6
HARRIS
6-5-07

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VIVIAN BERT, et al., | ) Case No. C-1-02-00467 |
| | ) Judge Beckwith |
| Plaintiffs, | ) Magistrate Judge Hogan |
| | ) |
| v. | ) PLAINTIFF MARY HARRIS' |
| | ) RESPONSES TO DEFENDANT'S |
| AK STEEL CORPORATION, | ) FIRST REQUEST FOR THE |
| | ) PRODUCTION OF DOCUMENTS |
| Defendant. | ) |
| | ) |

**GENERAL OBJECTIONS**

1. The Plaintiff objects to these discovery requests to the extent they seek information or documents protected from discovery and/or disclosure by the attorney/client privilege, the work product doctrine, or any other applicable privilege.

2. The Plaintiff objects to these discovery requests to the extent they seek information or documents neither material nor relevant to the claims or defenses of this action nor reasonably calculated to lead to the discovery of admissible evidence.

3. The Plaintiff objects to these discovery requests to the extent they are overly broad and/or unduly burdensome.

4. The Plaintiff objects to these discovery requests to the extent they are so vague and ambiguous as to be incapable of a definite response.

5. The Plaintiff objects to these discovery requests to the extent they seek confidential or proprietary information or documents. Notwithstanding this objection, the Plaintiff agrees to provide, if any exist, as more fully set forth below, such information or documents subject to the terms of a mutually agreeable protective order to be entered in this action.

6. The Plaintiff objects to these discovery requests to the extent they call for conclusions of law.

7. The Plaintiff objects to these discovery requests to the extent that they seek and/or require the production of documents which are not in the Plaintiff's possession, custody, or control.

8. The Plaintiff objects to the time and place of production for documents specified in these

discovery requests but state, to the extent that the documents are available, as more fully set forth below, they will be produced at a mutually convenient time and place.

9. The Plaintiff objects to the definitions and instructions in the discovery requests to the extent they seek to require the Defendant to comply with requirements beyond the scope of or impose burdens, duties and obligations in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure.

10. The Plaintiff objects to these discovery requests to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of attorneys or other representatives of Plaintiff and/or the substance of information developed by them (i.e., interpretive, not investigatory) in preparation for the trial of this action.

11. The Plaintiff objects to these discovery requests to the extent that the information sought, if any, was obtained and prepared in anticipation of litigation, and the Plaintiff has not made the required showing of substantial need for the information or that the substantial equivalent of such information is unobtainable by other means. The Plaintiff further objects to these discovery requests to the extent that the information called for, if any, is privileged and is not discoverable under FRCP 26(b)(3) and *Hickman v. Taylor*, 329 U.S. 495 (1947).

12. The Plaintiff objects to these discovery requests to the extent that they seek information that is equally available to the Defendant, and the burden on the Defendant to obtain the requested information is no greater than the burden on the Plaintiff.

13. The Plaintiff objects to these discovery requests to the extent they seek information or documents relating to expert witnesses, witnesses, and trial exhibits in excess of the disclosure duties imposed by the Federal Rules of Civil Procedure and the Court's Orders relating to such matters.

14. The Plaintiff objects to these discovery requests to the extent that they seek information regarding matters which are not at issue in this action.

15. The Plaintiff objects to these discovery requests to the extent that they do not, on their face, restrict themselves either to an identifiable time or a reasonable, rationally-based time frame.

16. The Plaintiff objects to these discovery requests to the extent that they are oppressive, i.e., designed to create an unreasonable burden on the Plaintiff which burden is not commensurate with the professed result sought.

17. Except as otherwise indicated, the Plaintiff incorporates the General Objections into each

and every response set forth below. By responding to any of the discovery requests, the Plaintiff does not waive any of the foregoing General Objections.

Plaintiff responds to Defendant's requests for the production of the following documents:

**Request No. 1**: Produce all documents that refer to, reflect, comment on, or tend to prove or disprove any of the contentions in the Complaint or the Answer.

**Specific Objection to Request No. 1**: Plaintiff objects to the extent this request is vague, ambiguous, and overly broad. Plaintiff further objects to the extent that this request seeks information or documents protected from discovery and/or disclosure by the attorney/client privilege, the work product doctrine, or any other applicable privilege. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

**Request No. 2**: Produce all documents that you believe support your claim for damages, or which reflect, comment on, or tend to prove or disprove such claims.

**Specific Objection to Request No. 2**: Plaintiff objects to the extent this request is vague, ambiguous, and overly broad. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

**Request No. 3**: Produce any diary, journal, or calendar of appointments, or notes that you have maintained since January 1, 1998.

**Specific Objection to Request No. 3**: Plaintiff objects to the extent that this request is overly broad and/or unduly burdensome. Plaintiff also objects to the extent that this request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:** Plaintiff will produce any diary, journal, or calendar of appointments that Plaintiff has maintained since January 1, 1998 that relate to the claims or defenses in this case.

**Request No. 4**: Produce all documents provided to or obtained from Defendant.

**Specific Objection to Request No. 4**: Plaintiff objects to the extent that this request is overly broad and/or unduly burdensome. Plaintiff further objects to the extent that this request seeks information that is equally available to the Defendant, and the burden on the Defendant to obtain the requested information is no greater than the burden on the Plaintiff. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:**    Plaintiff will produce all non-privileged responsive documents.

**Request No. 5**: Produce all of your medical or psychological records since January 1, 1998.

**Specific Objection to Request No. 5**: Plaintiff objects to this Request to the extent that the information sought is confidential and/or privileged.

**Request No. 6**: Produce all documents that refer to, reflect, or comment on any criminal proceeding in which in which you have been either arrested or convicted during the past 10 years.

**Specific Objection to Request No. 6**: Plaintiff objects to this Request to the extent that the information sought is confidential and/or privileged. Plaintiff further objects that the information is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 7**: Produce your federal income tax returns and any W-2s or Form 1099s for each tax year beginning in 1999.

**Specific Objection to Request No. 7**: Plaintiff objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent the information sought is confidential and/or privileged. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:**    Plaintiff will produce Plaintiff's W-2s or Form 1099s for 1999, 2000, and 2001.

**Request No. 8**: Produce any documents that you sent to or received from the EEOC, OCRC, or any other state agency with the power to investigate charges of discrimination.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

**Request No. 9**: Produce any resume or other listing of your qualifications for employment you have prepared or had prepared for you since January 1, 1998.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

**Request No. 10**: Produce any document by which you sought employment from any employer from January 1, 1998 to date.

**Specific Objection to Request No. 10**: Plaintiff objects to the extent this request is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

**Request No. 11**: Produce any document by which you claim you requested employment from AK Steel Corporation.

**Specific Objection to Request No. 11**: Plaintiff objects to the extent this request is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

Respectfully submitted this 27th day of November, 2002.

David Sanford / ERB

DAVID SANFORD, D.C. Bar No. 457933
ERIC BACHMAN, KY Bar. No. 88122
**GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.**
7 DUPONT CIRCLE, N.W.
SUITE 200
WASHINGTON, D.C. 20036
Telephone: (202) 467-4123
Facsimile: (202) 467-4489

GRANT MORRIS, D.C. Bar No. 926253
**LAW OFFICES OF GRANT MORRIS**
7 DUPONT CIRCLE, N.W.
SUITE 250
WASHINGTON, D.C. 20036
Telephone: (202) 331-4707

PAUL H. TOBIAS, OH Bar No. 0032415
DAVID D. KAMMER, OH Bar No. 0061808
**TOBIAS, KRAUS & TORCHIA, LLP**
414 WALNUT STREET
SUITE 911
CINCINNATI, OH 45202
Telephone: (513) 241-8137
Facsimile: (513) 241-7863

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of Plaintiffs' Responses to Defendant's First Set of Requests for Production of Documents was served via first-class mail, postage prepaid, upon:

Lawrence J. Barty
Patricia Anderson Pryor
Gregory Parker Rogers
Roger A. Weber
TAFT, STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957

This is the 27th day of November, 2002.

*Attorney for Plaintiffs*

FROM (MON) 2. 3'03 16:50/ST. 16:49/NO. 4863410133 P 3

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VIVIAN BERT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AK STEEL CORPORATION,<br><br>Defendant. | Case No. C-1-02-467<br>Judge Beckwith<br>Magistrate Judge Hogan |

EXHIBIT 8 HARRIS 6.5.07 AMB

**PLAINTIFFS' INITIAL DISCLOSURES**

Plaintiffs, through their counsel, submit the following disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure:

1. **The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleading identifying the subjects of the information.**

Lay Witnesses: See Attachment A.

Additional witnesses may include any of the Defendant's hiring personnel, management, or any other employees who have otherwise witnessed the violations alleged in Plaintiffs' complaint. Discovery is continuing and ongoing and Plaintiffs reserve the right to supplement this response as additional facts become available.

Expert Witnesses: At this time, expert witnesses are not identified. Plaintiffs' counsel will provide information pursuant to the Case Management Order in this case.

2. **A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings.**

See Attachment B.

Additional supporting documentation may include documentation in the possession of Defendants. Such documents may include any personnel files, postings, bids, manuals, notices, agreements, or other writings documenting the Plaintiffs' and putative class members' employment, applications for employment, and/or opportunities for advancement or lack thereof and Defendants' policies on discrimination and harassment.

Plaintiffs objects to the production of any documents which are protected by the attorney-client privilege or the work-product doctrine. Discovery is continuing and ongoing and Plaintiffs reserve the right to supplement this response as additional facts become available.

3. **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

The actual nominal and punitive damage amounts are currently unknown and will be determined at a later date. This response will be supplemented as further information becomes available. In determining the amount of Plaintiffs' damages, Plaintiffs may need to rely upon information in the possession of the Defendant to be obtained during discovery, as well as the opinion of an expert or experts.

4. **For inspection and copying as under Rule 34 any insurance agreement under**

**which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable to Plaintiffs.

Respectfully submitted this 3rd day of February, 2003.

DAVID SANFORD, D.C. Bar No. 457933
ERIC BACHMAN, KY Bar. No. 88122
**GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.**
7 DUPONT CIRCLE, N.W.
SUITE 200
WASHINGTON, D.C. 20036
202-467-4123 / 202-467-4489 (facsimile)

GRANT MORRIS, Washington D.C. Bar No. 926253
**LAW OFFICES OF GRANT MORRIS**
7 DUPONT CIRCLE, N.W.
SUITE 250
WASHINGTON, D.C. 20036
202-331-4707

PAUL H. TOBIAS, OH Bar No. 0032415
DAVID D. KAMMER, OH Bar No. 0061808
**TOBIAS, KRAUS & TORCHIA, LLP**
414 WALNUT STREET
SUITE 911
CINCINNATI, OH 45202
Telephone: (513) 241-8137
Facsimile: (513) 241-7863

*Attorneys for Plaintiffs*

**which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable to Plaintiffs.

Respectfully submitted this 3rd day of February, 2003.

DAVID SANFORD, D.C. Bar No. 457933
ERIC BACHMAN, KY Bar. No. 88122
**GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.**
7 DUPONT CIRCLE, N.W.
SUITE 200
WASHINGTON, D.C. 20036
202-467-4123 / 202-467-4489 (facsimile)

GRANT MORRIS, Washington D.C. Bar No. 926253
**LAW OFFICES OF GRANT MORRIS**
7 DUPONT CIRCLE, N.W.
SUITE 250
WASHINGTON, D.C. 20036
202-331-4707

PAUL H. TOBIAS, OH Bar No. 0032415
DAVID D. KAMMER, OH Bar No. 0061808
**TOBIAS, KRAUS & TORCHIA, LLP**
414 WALNUT STREET
SUITE 911
CINCINNATI, OH 45202
Telephone: (513) 241-8137
Facsimile: (513) 241-7863

*Attorneys for Plaintiffs*

**ATTACHMENT A**

Lay Witness Testimony:[1]

1. Vivian Bert

a) Donna Phillips
Oklahoma Department of Transportation
200 N. E. 21st Street
Oklahoma City, OK 73105

Phillips may have knowledge of Bert's character, qualifications, level of experience, and job performance.

b) Clyde W. Thomas
Oklahoma Department of Transportation
200 N. E. 21st Street
Oklahoma City, OK 73105

Thomas may have knowledge of Bert's character, qualifications, level of experience, and job performance.

2. Thaddeus Freeman

None at this time.

3. Darrell Carter

a) Mark Collins
223 9th Street
Ashland, KY 4110

Collins may have information regarding race discrimination in hiring at AK Steel. He also may have knowledge of Carter's character, qualifications, and level of experience.

b) Susan Lester
AK Steel, HR Manager
P.O. Box 191
Ashland, KY 41105

[1] Witnesses are listed according to the Plaintiff to whose claims they are believed to be most directly relevant. Plaintiffs reserve the right to take the position that such testimony is relevant to the claims of other Plaintiffs and/or the claims of the putative class.

Lester, an employee of the Defendant, may have information regarding Carter's application for employment with the AK Steel. Lester may also have information regarding race discrimination in hiring at AK Steel.

c) Darlene Denise Carter
908 South 8th St.
Ironton, OH 45638

D. Carter may have information regarding race discrimination in hiring at AK Steel. He also may have knowledge of Carter's character, qualifications, and level of experience.

d) Marnie Carter
908 South 8th St.
Ironton, OH 45638

M. Carter may have information regarding race discrimination in hiring at AK Steel. She also may have knowledge of Carter's character, qualifications, and level of experience.

4. Edward James Lewis

a) Allen Roberts
P.O. Box 552
Middletown, OH 45044

Roberts may have information regarding race discrimination in hiring, promotions, training, and terms and conditions of employment at AK Steel. He also has knowledge of Lewis's character, qualifications, level of experience, and job performance.

5. Timothy Oliphant

None at this time.

6. Mary Harris

None at this time.

7. Roderique Russell

None at this time.

8. Kay Jackson

a)      Brooks Carmichael Jackson
        1223 Winifred St.
        Greenup, KY 41144

B. Jackson may have information regarding race discrimination in hiring, promotions,
training, and terms and conditions of employment at AK Steel.  He also has knowledge of
Jackson's character, qualifications, level of experience, and job performance.

b)      Roger Grundman, Jr.
        Tenneco Packaging
        18 Peck Avenue
        P.O. Box 148
        Glens Falls, New York 12801-0148

Grundman may have knowledge of Jackson's character, qualifications, level of
experience, and job performance.

c)      Mimi Louiso
        Tenneco Packaging
        9960 Raquet Club Lane
        Glen Allen, VA 23060

Louiso may have knowledge of Jackson's character, qualifications, level of experience,
and job performance.

d)      Gary Hamm
        Tenneco Packaging/AVI
        300 Harris Road
        Wurtland, KY 41144

Hamm may have knowledge of Jackson's character, qualifications, level of experience,
and job performance.

e)      Jackie Smith
        Tenneco Packaging/AVI
        300 Harris Road
        Wurtland, KY 41144

Smith may have knowledge of Jackson's character, qualifications, level of experience,
and job performance.

f)      Garry R. Lewis
        Tenneco Packaging/AVI

300 Harris Road
Wurtland, KY 41144

Lewis may have knowledge of Jackson's character, qualifications, level of experience, and job performance.

9. Marnie Carter

a) Darrell Carter
901 South 7th St.
Ironton, OH 45638

Carter may have information regarding race discrimination in hiring at AK Steel. He also may have knowledge of Carter's character, qualifications, and level of experience.

b) Darlene Denise Carter
908 South 8th St.
Ironton, OH 45638

D. Carter may have information regarding race discrimination in hiring at AK Steel. She also may have knowledge of Carter's character, qualifications, and level of experience.

c) Susan Lester
AK Steel, HR Manager
P.O. Box 191
Ashland, KY 41105

Lester, an employee of the Defendant, may have information regarding Carter's application for employment with the AK Steel. Lester may also have information regarding race discrimination in hiring at AK Steel.

10. Darlene Denise Carter

a) Darrell Carter
901 South 7th St.
Ironton, OH 45638

Carter may have information regarding race discrimination in hiring at AK Steel. He also may have knowledge of Carter's character, qualifications, and level of experience.

b) Marnie Carter
908 South 8th St.

Ironton, OH 45638

M. Carter may have information regarding race discrimination in hiring at AK Steel. She also may have knowledge of Carter's character, qualifications, and level of experience.

c) Susan Lester
AK Steel, HR Manager
P.O. Box 191
Ashland, KY 41105

Lester, an employee of the Defendant, may have information regarding Carter's application for employment with the AK Steel. Lester may also have information regarding race discrimination in hiring at AK Steel.

11. Dwight Lewis

a) Susan Lester
AK Steel, HR Manager
P.O. Box 191
Ashland, KY 41105

Lester, an employee of the Defendant, may have information regarding Lewis's application for employment with the AK Steel. Lester may also have information regarding race discrimination in hiring at AK Steel.

12. Michael Miller

a) Jessica Hicks

Hicks, an employee of the Defendant, may have information regarding Miller's application for employment with the AK Steel. Hicks may also have information regarding race discrimination in hiring at AK Steel.

b) Ella Moreland
Heidelberg Web Systems
4900 Webster Street
Dayton, Ohio 45414

Moreland may have knowledge of Miller's character, qualifications, level of experience, and job performance.

13. Ronald Sloan

a) Jessica Hicks

Hicks, an employee of the Defendant, may have information regarding Sloan's application for employment with the AK Steel. Hicks may also have information regarding race discrimination in hiring at AK Steel.

14. Donald Edwards

None at this time.

15. Shawn Pryor

None at this time.

16. Tiffany Jackson

a) Rodney Cosby
1202 Winifred St.
Greenup, KY 41144

Cosby may have information regarding race discrimination in hiring, promotions, training, and terms and conditions of employment at AK Steel. He also has knowledge of Jackson's character, qualifications, level of experience, and job performance.

b) Susan Lester
AK Steel, HR Manager
P.O. Box 191
Ashland, KY 41105

Lester, an employee of the Defendant, may have information regarding Jackson's application for employment with the AK Steel. Lester may also have information regarding race discrimination in hiring at AK Steel.

c) Pat Amitrano
Department of Puclic Works
11 Wurtz Avenue
Utica, NY 13502

Amitrano may have knowledge of Jackson's character, qualifications, level of experience, and job performance.

d) James Mack
User Friendly Software Systems

239 Genesee Street
Utica, NY 13502

Mack may have knowledge of Jackson's character, qualifications, level of experience, and job performance.

e) Brian Boyle
Liebert Corporation
3040 South 9th Street
Ironton, OH 45638

Boyle may have knowledge of Jackson's character, qualifications, level of experience, and job performance.

17. Allen Roberts

None at this time.

ATTACHMENT B

1. Vivian Bert

Tax returns from 1999, 2000, and 2001
Resume
EEOC Charge
Job application
Notebook

2. Thaddeus Freeman

Tax returns from 1999, 2000 and 2001
EEOC Charge
Correspondence related to EEOC charge
Resume

3. Darrell Carter

None at this time.

4. Edward James Lewis

None at this time.

5. Timothy Oliphant

None at this time.

6. Mary Harris

Tax returns from 1999, 2000 and 2001
EEOC Charge
Resume

7. Roderique Russell

None at this time.

8. Kay Jackson

W2 Wage and Tax Statements 1999, 2000, 2001
EEOC Documents

Resume
Letters of Recommendation
Copies of prescriptions
Notice of Dismissal
Copy of high school diploma
Copy of application to Shawnee Medical Center

9. Marnie Carter

None at this time.

10. Darlene Denise Carter

None at this time.

11. Dwight Lewis

Calender
Tax Returns 1999, 2000, 2001
Resume
EEOC Charge and related Documents

12. Michael Miller

Tax Returns 2000, 2001
Resume
Transcript, Sinclair Community College, Associate of Applied Science
Letter of Recommendation
EEOC Charge and related Documents
Work Force Reduction Notification, Heidelberg Web Systems

13. Ronald Sloan

Tax Returns:1999, 2000, 2001
EEOC charge
Resumes
Certificate of Discharge from Active Military Duty, Honorable
Certificate regarding Naval Training and Experience
cover letter
electronics certificate

14. Donald Edwards

None at this time.

15. Shawn Pryor

W2 Wage and Tax Statements: 1999, 2000, 2001
High School Diploma
Dipoloma, Miami University of Ohio, BA

16. Tiffany Jackson

Tax Returns: 1999, 2000 and 2001
EEOC Charge and Related Documents
Resume
Calendar notes
Letters of reference
Paralegal certificate
Forklift certificate

17. Allen Roberts

None at this time.*

*At present, Plaintiffs continue to review documents in the possession of Roberts and will supplement these initial disclosures as soon as practicable.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of Plaintiffs' Initial Disclosures was served this 3rd day of February, 2003, via facsimile and first-class mail, postage prepaid, upon:

ROGER A. WEBER
**TAFT, STETTINIUS & HOLLISTER LLP**
1800 FIRSTAR TOWER
425 WALNUT STREET
CINCINNATI, OH 452023959
Telephone: (513) 381-2838
Facsimile: (513) 381-0205

*Attorney for Plaintiffs*