UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | : | Case No. 1:02cv467 |
| Plaintiffs, | : | Judge Beckwith |
| v. | : | |
| | : | STIPULATED PROTECTIVE |
| AK STEEL CORPORATION, | : | ORDER PURSUANT TO |
| | : | FRCP RULE 26(c) |
| Defendant. | : | |

**WHEREAS**, the parties to the above litigation possess relevant documents or information that the parties regard as embodying confidential information within the meaning of Federal Rule of Civil Procedure 26(c)(7) ("Confidential Material"); and

**WHEREAS**, it has been agreed by and among the parties, through their respective counsel, that a protective order preserving the confidentiality of such documents and information should be entered by the United States District Court for the Southern District of Ohio; and

**WHEREAS**, the Court has reviewed the terms and conditions of the protective order submitted by the parties (the "Protective Order");

**IT IS HEREBY ORDERED THAT**:

1. Any party to this action may designate as Confidential Material any documents or information which are believed to contain confidential information as defined by Federal Rule of Civil Procedure 26(c)(7). Confidential Material shall remain confidential and shall not be used except in connection with the trial, preparation for trial or other proceedings in this matter, nor disclosed to any person except as hereafter provided.

2. Confidential Material shall be held in confidence by each recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, shall not be disclosed to any person except as hereafter provided and shall be carefully maintained so as to preclude access by persons who are not authorized under this Order to receive such information.

3. The parties agree that documents relating to AK Steel's employment test, including the test itself, contain Confidential Material and shall be treated confidentially in accordance with this Protective Order.

4. Confidential status may be claimed for documents and information contained therein either by stamping or writing "Confidential Subject to Protective Order" on them prior to their production. Confidential treatment may be claimed for documents and information, and copies thereof, already produced and in the hands of counsel for the inspecting party, either by providing counsel for inspecting party with new copies that have been stamped "Confidential Subject to Protective Order" or with a written description of those documents or information for which confidential treatment is desired, and the request that counsel for the inspecting party treat any such documents or information and summaries thereof as "confidential." Confidential Material may also be claimed for documents and information produced by non-party witnesses upon notice by any party.

5. The designation of any documents or information as confidential may be challenged by either party by motion to the Court.

6. No paper shall be filed under seal without Court order specifically authorizing the same. The Clerk of the Court shall maintain under seal all such sealed documents and make

them available only to the Court and to counsel for the parties to this proceeding until further order of this Court.

7. Confidential Material may be disclosed to the Court, to counsel for the parties, and to persons assisting such counsel in this litigation, or any person regularly employed by such counsel to whom it is necessary that the documents or information be shown for purposes of this litigation, including court reporters hired to make any transcript of any deposition, hearing or proceeding in this matter.

8. Counsel for the parties may also disclose or discuss Confidential Material, or any contents thereof, to or with witnesses and prospective witnesses (including parties) and persons employed by the inspecting party or counsel to assist in the preparation of this case for trial, such as experts, on the condition that (i) all persons to whom the disclosure of confidential information is made under this paragraph are made fully aware of the terms of this Protective Order and understand that use of any information contained in Confidential Material is strictly limited to preparation for trial or other proceedings in this case; and (ii) prior to disclosure by the inspecting party or counsel of the Confidential Material pursuant to this paragraph, a copy of this Protective Order shall be presented to the person to whom such document(s) or information are to be disclosed, and such person shall sign a copy of Exhibit A.  Each counsel shall maintain a copy of each signed Exhibit A.  Except for expert witnesses, witnesses or prospective witnesses (including parties) who are provided with Confidential Material pursuant to this paragraph shall not be permitted to keep copies of Confidential Material or any documents reflecting Confidential Material.  Expert witnesses will destroy all such Confidential Material they receive upon the conclusion of this matter.

9. If the answer to any interrogatory, request for production of documents, or request for admission requires the disclosure of Confidential Material, that answer shall be stamped "Confidential Subject to Protective Order." Such answer shall be handled in the same manner as any other Confidential Material of that designation.

10. Portions of any depositions where any Confidential Material is used or referred to shall be taken only in the presence of those authorized under this Order to have access to such Confidential Material. The transcript or portions of such depositions containing Confidential Material shall be stamped "Confidential Subject to Protective Order" and handled in the same manner as other Confidential Material of that designation.

11. No copies, extracts or summaries of Confidential Material shall be made except by or on behalf of attorneys of record, in-house counsel, court reporters or court officials. Any person making copies, extracts or summaries of such information, shall maintain all such copies, extracts or summaries within his/her possession or the possession of those entitled to access and possession of such information under this Protective Order and treat such copies, extracts and summaries as confidential in the same manner as the original Confidential Material.

12. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

13. At the conclusion of the proceedings of this action, all such Confidential Material and copies of such documents supplied by a party, except for the work product of counsel, shall be destroyed. In the alternative, should a party want such Confidential Material to be returned, it shall be returned upon request and at the expense of the requesting party. All other information

subject to this Order, including any extracts, or summaries thereof, and documents containing information taken therefrom, shall be destroyed by the party's counsel.

14. In the event that a party uses Confidential Material in a brief or document filed with the Court, the party shall simultaneously file a motion with the Court to seal such brief or document.

15. Any Confidential Material should be placed, to the extent possible, in exhibits which can be removed from papers being filed and retained by the submitting party.

16. This Protective Order may be construed or modified by the Court, on application of either party or any witness or on the Court's own initiative, to ensure the adjudication of all issues in this action in light of all relevant and material facts without publishing or otherwise destroying the value of Confidential Materials.

17. Nothing in this Protective Order shall be construed in any way to deprive any party or non-party of any rights it may otherwise have under the Federal Rules of Civil Procedure and the Federal Rules of Evidence including, but not limited to: (a) the right to object to any discovery request on any ground; (b) the right to issue subpoenas and/or seek an order compelling discovery with respect to any discovery requests; (c) the right to seek a Protective Order to prevent discovery with respect to any discovery requests; (d) the right to object to the admission of any evidence on any ground; (e) the right to assert the attorney-client privilege or the work-product doctrine; (f) the right to assert any other privilege, claim, or defense, to the use or non-use of such Confidential Material; (g) the right to use its own documents with complete discretion; (h) the right to seek a determination by the Court of whether any particular document, item or material or piece of information or testimony should be accorded the protections of this Order; (i) the right to seek relief

on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item, material, piece of information or testimony.

18. Nothing herein shall prohibit the disclosure of any documents or information to public officials for law enforcement purposes.

Entered this _18th  day of September, 2007.

                                                s/Sandra S. Beckwith
                                                Sandra S. Beckwith, Chief Judge
                                                United States District Court

Consent is hereby given to
the form and entry of the
within Order:


/s/ Gregory Parker Rogers
Lawrence J. Barty (0016002)
barty@taftlaw.com
Gregory Parker Rogers (0042323)
rogers@taftlaw.com
Patricia Anderson Pryor (0069545)
pryor@taftlaw.com
Taft Stettinius & Hollister LLP
Trial Attorneys for Defendant
425 Walnut Street, Suite 1800
Cincinnati, Ohio  45202-3957
(513) 381-2838


/s/ S. Donahue by GP Rogers per e-mail auth of 9/17/2007
Susan Donahue
Robert Childs
Herman N. Johnson, Jr.
Wiggins, Childs, Quinn & Pantazis, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203

Paul H. Tobias
Tobias, Kraus & Torchia
911 Mercantile Library Building
414 Walnut Street
Cincinnati, Ohio 45202

David Sanford
Sanford, Wittels & Heisler, L.L.P.
2121 K Street, N.W.
Suite 700
Washington, D.C. 20037

## EXHIBIT "A" STATEMENT OF CONFIDENTIALITY

By signing this document, I hereby certify that I have read the Protective Order entered by the court of the Southern District of Ohio, Western Division, in Case No. C-1-02-467 and hereby agree to abide by its terms and conditions concerning Confidential Material. I also understand that any violation of the Protective Order by me or anyone acting under my direction may subject me to penalties for contempt of the United States District Court for the Southern District of Ohio (Western Division). I hereby consent to the Court's personal jurisdiction over me.

SIGNATURE

NAME (PRINTED)

DATE