UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | |
| v. | : | |
| | : | MOTION OF DEFENDANT AK STEEL |
| AK STEEL CORPORATION, | : | CORPORATION TO DISMISS THE |
| | : | CLAIMS OF PLAINTIFFS DWIGHT |
| Defendant. | : | LEWIS AND TIFFANY JACKSON |

Pursuant to Federal Rules of Civil Procedure 37(d) and 41(b), Defendant AK Steel Corporation moves to dismiss the claims of Plaintiffs Dwight Lewis and Tiffany Jackson based on their failure to appear for their depositions and failure to respond to other discovery requests. A memorandum in support of this motion is attached.

Respectfully submitted,

 /s/ Gregory Parker Rogers
Lawrence J. Barty (0016002)
Gregory Parker Rogers (0042323)
Patricia Anderson Pryor (0069545)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
(513) 381-2838
(513) 381-0205 (fax)
Trial Attorneys for Defendant
AK Steel Corporation

{W1056107.1}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | |
| v. | : | |
| | : | MEMORANDUM IN SUPPORT OF THE |
| AK STEEL CORPORATION, | : | MOTION OF DEFENDANT AK STEEL |
| | : | CORPORATION TO DISMISS THE |
| Defendant. | : | CLAIMS OF PLAINTIFFS DWIGHT |
| | : | LEWIS AND TIFFANY |
| | : | JACKSON |

## I.    INTRODUCTION

Defendant AK Steel Corporation ("AK Steel") has moved to dismiss the claims of Plaintiffs Dwight Lewis ("Lewis") and Tiffany Jackson ("Jackson"). Lewis and Jackson are two of the named Plaintiffs in this lawsuit. Both Lewis and Jackson have failed to respond to AK Steel's interrogatories and failed to appear for their properly scheduled and noticed depositions. Under Federal Rules of Civil Procedure 37(d) and 41(b), dismissal of their claims is appropriate.

## II.    LEWIS AND JACKSON FAILED TO ANSWER INTERROGATORIES.

On March 22, 2007, AK Steel served interrogatories on Lewis and Jackson. Neither Lewis nor Jackson have responded to these interrogatories. (Pryor Dec. at ¶ 2, Exhs. 1 and 2)

AK Steel's counsel has in good faith conferred with Plaintiffs' counsel in an effort to secure these responses. Most recently, on September 7, 2007, AK Steel's counsel sent Plaintiffs' counsel an e-mail requesting that Lewis and Jackson respond to these overdue interrogatories by

September 14, 2007. (*Id.* at ¶ 5, Exh. 6) Lewis and Jackson still have not responded to the interrogatories.

### III. LEWIS AND JACKSON FAILED TO SHOW UP FOR THEIR DEPOSITIONS.

On July 5, 2007, after consultation with Plaintiffs' counsel concerning available dates, AK Steel served a notice of deposition for Tiffany Jackson's deposition, scheduled for August 14 at 11:00 a.m. (*Id.* at ¶ 3, Exh. 3) On July 24, 2007, after providing Plaintiffs' counsel with additional time to provide an agreeable date for Dwight Lewis's deposition, AK Steel served a notice of deposition for the deposition for August 14 at 2:00 p.m. (*Id.* at ¶ 3, Exh. 4)

On August 14, 2007, neither Dwight Lewis nor Tiffany Jackson appeared for their depositions. (*Id.* at ¶ 4) Plaintiffs' counsel stated that she had been unable to contact Dwight Lewis for some time. (*Id.*) Plaintiffs' counsel stated that she had warned Tiffany Jackson on August 13, 2007 of the consequences for failing to appear for her deposition. (*Id.*)

### IV. LEWIS AND JACKSON SHOULD BE DISMISSED FROM THIS ACTION.

Federal Rule of Civil Procedure 37(d) provides that if a party "fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories" the court may make such orders as are just including dismissing the action. Rule 41(b) similarly provides for dismissal of a plaintiff's claims for failure to prosecute or comply with the Federal Rules of Civil Procedure.

Dismissal of both Lewis's and Jackson's claims in this case is just and appropriate. Lewis's and Jackson's failure to appear for their depositions after failing to cooperate and participate in the prior discovery demonstrates willfulness, bad faith and fault. AK Steel has

been prejudiced by Lewis and Jackson's actions and denied reasonable discovery. Jackson was warned of the consequences of her failure to appear. Lewis, by failing to keep in contact with his attorney, has abandoned his claims. Under these circumstances, any sanction less than dismissal would be ineffective and result in unnecessary further expense and delay. *See United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (upholding dismissal of action based on claimant's failure to respond to document requests: "it is presumed that dismissal is not an abuse of discretion if the party has the ability to comply with a discovery order but does not"); *Harmon v. CSX Transp.*, 110 F.3d 364, 369 (6th Cir. 1997) (court did not abuse its discretion by ordering dismissal as first and only sanction); *Williams v. Greenlee*, 2007 WL 1573873 (N.D. Tex. 2007) (dismissing action for failure to respond to discovery requests). Dismissal of Jackson and Lewis will not affect the claim of the two subclasses certified by the Court.

## V. CONCLUSION

For each and all of the foregoing reasons, Defendant AK Steel respectfully requests that its motion to dismiss be granted and that the claims of Dwight Lewis and Tiffany Jackson be dismissed.

Respectfully submitted,

/s/ Gregory Parker Rogers
Lawrence J. Barty (0016002)
Gregory Parker Rogers (0042323)
Patricia Anderson Pryor (0069545)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
(513) 381-2838
(513) 381-0205 (fax)
Trial Attorneys for Defendant
AK Steel Corporation

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on September 20, 2007, using the Court's CM/ECF system, which will send notice of this filing to Susan Donahue, Robert Childs, Herman N. Johnson, Jr., Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama 35203; Paul H. Tobias, Tobias, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202; and David Sanford, Sanford, Wittels & Heisler, L.L.P., 1666 Connecticut Avenue, N.W. Suite 310, Washington, D.C. 20009.

      /s/ Gregory Parker Rogers