UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | |
| v. | : | |
| | : | |
| AK STEEL CORPORATION, | : | DECLARATION OF |
| | : | PATRICIA ANDERSON PRYOR |
| Defendant. | : | |

Patricia Anderson Pryor truthfully declares that she is competent to testify if called and she further truthfully states of her own personal knowledge as follows:

1.      I am a partner at the law firm of Taft Stettinius & Hollister LLP.  I am one of the attorneys representing AK Steel Corporation in the above-referenced matter.

2.      On March 22, 2007, AK Steel served interrogatories on Dwight Lewis and Tiffany Jackson.  Attached as Exhibits 1 and 2 are copies of AK Steel's First Set of Interrogatories to Dwight Lewis and Tiffany Jackson.  Neither Lewis nor Jackson have responded to these interrogatories.

3.      On July 5, 2007, I served a notice of deposition for Tiffany Jackson's deposition, which, in accordance with Plaintiffs' counsel's request, was scheduled for August 14, 2007 at 11:00 a.m.  Attached as Exhibit 3 is a copy of the notice of deposition.  On July 24, 2007, after providing Plaintiff's counsel with additional time to provide an agreeable date for Dwight Lewis' deposition, I served a notice of deposition for Dwight Lewis' deposition for August 14, 2007 at 2:00 p.m.  Attached as Exhibit 4 is a copy of this notice of deposition.

4.    On August 14, 2007, neither Dwight Lewis nor Tiffany Jackson appeared for their depositions. Plaintiffs' counsel stated that she had not heard from Dwight Lewis despite numerous efforts by phone and certified letters made directly to him and his relatives. Plaintiffs' counsel stated that she had warned Tiffany Jackson on August 13, 2007 of the consequences for failing to appear at her deposition. Attached as Exhibit 5 is a copy of the transcript that was made by the parties when Plaintiffs Jackson and Lewis failed to appear for their depositions.

5.    On September 7, 2007, I sent an e-mail to Susan Donahue, Plaintiffs' counsel, requesting that Plaintiffs Lewis and Jackson respond to AK Steel's interrogatories by September 14, 2007. Attached as Exhibit 6 is a copy of this e-mail. I told Ms. Donahue that if we did not receive the overdue interrogatory responses by September 14, 2007, we would consider our extra judicial efforts to obtain this information exhausted. I had had previous conversations with Ms. Donahue asking that these interrogatory responses be provided prior to depositions. Dwight Lewis and Tiffany Jackson did not respond to the interrogatories. I have in good faith conferred with Plaintiffs' counsel in an effort to secure these responses without court action.

I declare under penalty of perjury that the foregoing is true and accurate.

Signed this **20**th day of September, 2007.

_____
Patricia Anderson Pryor

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | |
| v. | : | |
| | : | |
| AK STEEL CORPORATION, | : | DEFENDANT AK STEEL |
| | : | CORPORATION'S FIRST SET OF |
| DEFENDANT. | : | INTERROGATORIES TO DWIGHT |
| | | LEWIS |

Defendant AK Steel Corporation serves the following First Set of Interrogatories upon

Plaintiff, Dwight Lewis, to be responded to in writing and under oath pursuant to Federal Rule of

Civil Procedure 33 within thirty (30) days from the date of service.

<u>DEFINITIONS</u>

The terms used herein have the following meaning:

1.      "Identify," when used in reference to a person, means to state that person's name,

address, telephone number, professional position and business affiliation.

2.      "Identify," when used in reference to documents, means to give the signator and

addressee of any document, if any, the date on which the document was prepared and/or

completed, a description of the document's contents, the custodian of the document, and the

custodian's address and telephone number.

3.      "Person" or "persons" means a natural person, a corporation, an unincorporated

association, a partnership, or any other form of business, commercial or governmental.

EXHIBIT

1

PENGAD 800-631-6989

4.     "Document" or "documents" refer to any and all items that are in your actual or constructive possession, custody or control, or to which you have access, and means the original and each nonidentical copy, whether different from the original because of marginal notes or other material inserted therein or attached thereto or otherwise, and drafts and both sides thereof, of any written, printed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including, but not limited to:  resumes, employment applications, papers, books, letters, correspondence, telegrams, cables, telex messages, memoranda, communications, notes, accounting records, tax records, tax returns, notations, work papers, transcripts, employment records, payroll records, earnings records, W-2's, 1099s, employee benefit records, summary plan descriptions of employee benefits, employee handbooks, employment contracts, reports and recordings and notes of telephone or other conversations or of interviews or of conferences or other meetings, affidavits, statements, manuscripts, statutes, regulations, ordinances, media articles, legal papers, transcripts, summaries, opinions, reports, desk calendars, appointment books, telephone logs, diaries, lists, tabulations, sound recordings, audio recordings, video recordings, computer printouts, data processing input and output, computer tapes, disks, or diskettes, microfilms, photographs, motion pictures, tape recordings, charts, accounts, financial statements and reports, and all other records kept by electronic, photographic, or mechanical means, and things similar to any of the foregoing, however denominated.

## INSTRUCTIONS

1.    The information sought in these interrogatories is information that is within your knowledge, possession, custody or control, or within the knowledge, possession, custody or control of any of your agents, attorneys, or representatives. You may not respond that you lack knowledge sufficient to answer an interrogatory without stating that you have made a reasonable inquiry to obtain the information, describing the efforts made, and that, notwithstanding those efforts, you were unable to obtain the requested information.

2.    Each interrogatory below shall operate and be construed independently and, unless otherwise indicated, no interrogatory limits the scope of any other interrogatory.

3.    These interrogatories should be deemed continuing and you are requested to provide, such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers now given to the interrogatories below. Supplementary answers are to be served upon Defendant's counsel promptly after receipt of such information.

4.    Whenever a document responsive to a particular interrogatory is believed to be privileged from production for any reason, it shall be identified by (a) date; (b) author; (c) addressee; (d) subject matter; (e) all persons who received, handled or saw a copy of the document at any time, or to whom its contents were communicated at any time, either advertently or inadvertently; (f) why the document is claimed to be privileged from production; and (g) if the privilege asserted arises under Rule 26(b)(3) of the Federal Rules of Civil Procedure, identify the litigation for which the document was prepared.

## INTERROGATORIES

1.    Identify all litigation or legal proceedings in which you have been a witness or party, including the name and number of the case, the court or administrative agency for which the case was pending, and a brief description of the nature of the case, and the year in which the matter was pending.

**ANSWER:**

2.    Identify all employers for whom you have worked since January 1, 2002, including the dates of employment, the positions held, amounts paid per week, and reason for leaving, if applicable.

**ANSWER:**

3.     Identify all employers to whom you applied for employment since January 1, 2002, including the date you submitted written applications, the job to which you applied, the dates you were interviewed, the employers who tendered you job offers, and a description of the offer.

**ANSWER:**

4.     Identify all income received from whatever source, by amount each week after January 1, 2002.

**ANSWER:**

5.    Identify by name, address and telephone number all individuals who have

knowledge about or information about the allegations in the Complaint, and state a summary of

what you believe their knowledge to be.

**ANSWER:**

6.    Identify all individuals who you intend to call as witnesses in the litigation of this

matter.

**ANSWER:**

Lawrence J. Barty (0016002)
Gregory Parker Rogers (0042323)
Patricia Anderson Pryor (0069545)
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
(513) 381-2838
(513) 381-0205 (fax)
Trial Attorneys for Defendant

## **VERIFICATION**

COUNTY OF _____     )
                                )  SS:
STATE OF _____      )

     I, Dwight Lewis, being first duly sworn and cautioned, depose and state that the answers to the foregoing interrogatories are true and complete to the best of my knowledge.


_____
Dwight Lewis


     Sworn to and before me as subscribed in my presence, this _____ day of _____, 2007.


_____
Notary Public

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Defendant's First Set of Interrogatories was served upon Paul Tobias and David Kammer of Tobias, Kraus & Torchia, LLP, 414 Walnut Street, Suite 911, Cincinnati, Ohio 45202 and Robert Childs and Herman Johnson of Wiggins, Childs, Quinn & Pantazis, The Kress Building, 301 19th Street North, Birmingham, AL 35203 via regular U.S. mail, this _22__ day of March 2007.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | | |
|---|---|---|---|
| VIVIAN BERT, et al., | : | Case No. C-1-02-467 | |
| | : | | |
| Plaintiffs, | : | Judge Beckwith | |
| | : | | |
| v. | : | | |
| | : | | |
| AK STEEL CORPORATION, | : | DEFENDANT AK STEEL | |
| | : | CORPORATION'S FIRST SET OF | |
| DEFENDANT. | : | INTERROGATORIES TO TIFFANY | |
| | | JACKSON | |

Defendant AK Steel Corporation serves the following First Set of Interrogatories upon Plaintiff, Tiffany Jackson, to be responded to in writing and under oath pursuant to Federal Rule of Civil Procedure 33 within thirty (30) days from the date of service.

<u>DEFINITIONS</u>

The terms used herein have the following meaning:

1.     "Identify," when used in reference to a person, means to state that person's name, address, telephone number, professional position and business affiliation.

2.     "Identify," when used in reference to documents, means to give the signator and addressee of any document, if any, the date on which the document was prepared and/or completed, a description of the document's contents, the custodian of the document, and the custodian's address and telephone number.

3.     "Person" or "persons" means a natural person, a corporation, an unincorporated association, a partnership, or any other form of business, commercial or governmental.

EXHIBIT
2
PENGAD 800-631-6989

4.    "Document" or "documents" refer to any and all items that are in your actual or constructive possession, custody or control, or to which you have access, and means the original and each nonidentical copy, whether different from the original because of marginal notes or other material inserted therein or attached thereto or otherwise, and drafts and both sides thereof, of any written, printed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including, but not limited to:  resumes, employment applications, papers, books, letters, correspondence, telegrams, cables, telex messages, memoranda, communications, notes, accounting records, tax records, tax returns, notations, work papers, transcripts, employment records, payroll records, earnings records, W-2's, 1099s, employee benefit records, summary plan descriptions of employee benefits, employee handbooks, employment contracts, reports and recordings and notes of telephone or other conversations or of interviews or of conferences or other meetings, affidavits, statements, manuscripts, statutes, regulations, ordinances, media articles, legal papers, transcripts, summaries, opinions, reports, desk calendars, appointment books, telephone logs, diaries, lists, tabulations, sound recordings, audio recordings, video recordings, computer printouts, data processing input and output, computer tapes, disks, or diskettes, microfilms, photographs, motion pictures, tape recordings, charts, accounts, financial statements and reports, and all other records kept by electronic, photographic, or mechanical means, and things similar to any of the foregoing, however denominated.

## INSTRUCTIONS

1.     The information sought in these interrogatories is information that is within your knowledge, possession, custody or control, or within the knowledge, possession, custody or control of any of your agents, attorneys, or representatives.  You may not respond that you lack knowledge sufficient to answer an interrogatory without stating that you have made a reasonable inquiry to obtain the information, describing the efforts made, and that, notwithstanding those efforts, you were unable to obtain the requested information.

2.     Each interrogatory below shall operate and be construed independently and, unless otherwise indicated, no interrogatory limits the scope of any other interrogatory.

3.     These interrogatories should be deemed continuing and you are requested to provide, such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers now given to the interrogatories below.  Supplementary answers are to be served upon Defendant's counsel promptly after receipt of such information.

4.     Whenever a document responsive to a particular interrogatory is believed to be privileged from production for any reason, it shall be identified by (a) date; (b) author; (c) addressee; (d) subject matter; (e) all persons who received, handled or saw a copy of the document at any time, or to whom its contents were communicated at any time, either advertently or inadvertently; (f) why the document is claimed to be privileged from production; and (g) if the privilege asserted arises under Rule 26(b)(3) of the Federal Rules of Civil Procedure, identify the litigation for which the document was prepared.

## INTERROGATORIES

1.    Identify all litigation or legal proceedings in which you have been a witness or party, including the name and number of the case, the court or administrative agency for which the case was pending, and a brief description of the nature of the case, and the year in which the matter was pending.

**ANSWER:**

2.    Identify all employers for whom you have worked since January 1, 2001, including the dates of employment, the positions held, amounts paid per week, and reason for leaving, if applicable.

**ANSWER:**

3.    Identify all employers to whom you applied for employment since January 1, 2001, including the date you submitted written applications, the job to which you applied, the dates you were interviewed, the employers who tendered you job offers, and a description of the offer.

**ANSWER:**

4.    Identify all income received from whatever source, by amount each week after January 1, 2001.

**ANSWER:**

5.    Identify by name, address and telephone number all individuals who have

knowledge about or information about the allegations in the Complaint, and state a summary of

what you believe their knowledge to be.

**ANSWER:**

6.    Identify all individuals who you intend to call as witnesses in the litigation of this

matter.

**ANSWER:**

Lawrence J. Barty (0016002)
Gregory Parker Rogers (0042323)
Patricia Anderson Pryor (0069545)
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
(513) 381-2838
(513) 381-0205 (fax)
Trial Attorneys for Defendant

## VERIFICATION

COUNTY OF _____    )
                             ) SS:
STATE OF _____     )

I, Tiffany Jackson, being first duly sworn and cautioned, depose and state that the answers to the foregoing interrogatories are true and complete to the best of my knowledge.

_____
Tiffany Jackson

Sworn to and before me as subscribed in my presence, this _____ day of _____, 2007.

_____
Notary Public

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Defendant's First Set of Interrogatories was served upon Paul Tobias and David Kammer of Tobias, Kraus & Torchia, LLP, 414 Walnut Street, Suite 911, Cincinnati, Ohio 45202 and Robert Childs and Herman Johnson of Wiggins, Childs, Quinn & Pantazis, The Kress Building, 301 19th Street North, Birmingham, AL 35203 via regular U.S. mail, this _22_ day of March 2007.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
FOR THE WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al. | : | Case No. 1:02CV00467 |
| | : | |
| Plaintiffs | : | Judge Beckwith |
| | : | |
| v. | : | |
| | : | **NOTICE OF DEPOSITION** |
| AK STEEL CORPORATION | : | **OF TIFFANY JACKSON** |
| | : | |
| Defendant | : | |

Please take notice and be advised that Defendant AK Steel Corporation will, pursuant to

Rules 26 and 30 of the Federal Rules of Civil Procedure, take the deposition of Tiffany Jackson

at the offices of Taft Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, Ohio

45202 at 11:00 a.m. on Tuesday, August 14, 2007, and continuing from day to day until

complete, before an officer authorized to administer oaths, according to the rules of this Court.

Lawrence J. Barty (0016002)
Gregory Parker Rogers (0042323)
Patricia Anderson Pryor (0069545)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH   45202-3957
(513) 381-2838
(513) 381-0205 (fax)

Trial Attorneys for Defendant

EXHIBIT
3

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2007, a copy of the foregoing was sent via United States Mail, postage prepaid to the following: Susan Donahue, Robert Childs, Herman N. Johnson, Jr., Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama 35203; Paul H. Tobias and David Kammer, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202; and David Sanford, Sanford, Wittels & Heisler, L.L.P., 1666 Connecticut Avenue, N.W. Suite 310, Washington, D.C. 20009.

{W1019022.1}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
FOR THE WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al. | : | Case No. 1:02CV00467 |
| | : | |
| Plaintiffs | : | Judge Beckwith |
| | : | |
| v. | : | |
| | : | **NOTICE OF DEPOSITION** |
| AK STEEL CORPORATION | : | **OF DWIGHT LEWIS** |
| | : | |
| Defendant | : | |

Please take notice and be advised that Defendant AK Steel Corporation will, pursuant to

Rules 26 and 30 of the Federal Rules of Civil Procedure, take the deposition of Dwight Lewis at

the offices of Taft Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, Ohio

45202 at 2:00 p.m. on Tuesday, August 14, 2007, and continuing from day to day until complete,

before an officer authorized to administer oaths, according to the rules of this Court.

Lawrence J. Barty (0016002)
Gregory Parker Rogers (0042323)
Patricia Anderson Pryor (0069545)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH   45202-3957
(513) 381-2838
(513) 381-0205 (fax)

Trial Attorneys for Defendant

**EXHIBIT**
4

{W1033049.1}

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2007, a copy of the foregoing was sent via fax and United States Mail, postage prepaid to the following: Susan Donahue, Robert Childs, Herman N. Johnson, Jr., Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama 35203; Paul H. Tobias, Tobias, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202; and David Sanford, Sanford, Wittels & Heisler, L.L.P., 1666 Connecticut Avenue, N.W. Suite 310, Washington, D.C. 20009.

{W1033049.1}

1                    UNITED STATES DISTRICT COURT

2                    SOUTHERN DISTRICT OF OHIO

3                     FOR THE WESTERN DIVISION

4

5    VIVIAN BERT, et al.,        : CASE NO. 1:02CV00467

6            Plaintiffs,         : Judge Beckwith

7    v.                          :

8    AK STEEL CORPORATION,       :       **ORIGINAL**

9            Defendant.          :

10   _____

11          Deposition of **TIFFANY JACKSON**, taken on

12   Tuesday, August 14, 2007, commencing at 11:20 a.m.,

13   at the offices of Taft, Stettinius & Hollister LLP,

14   425 Walnut Street, Suite 1800, Cincinnati, Ohio,

15   before Susan M. Barhorst, Notary Public.

16

17

18

19

20

21

22              AROUND-THE-CLOCK REPORTING SERVICES
                          P. O. BOX 11008
23                    CINCINNATI, OHIO 45211
                          513-481-5200
24

EXHIBIT
5

```
1    APPEARANCES:

2    On behalf of Plaintiffs:

3        Susan Donahue, Esq.
         Wiggins, Childs, Quinn & Pantazis, PC
4        The Kress Building
         301 19th Street North
5        Birmingham, Alabama 35203

6    On behalf of Defendant AK Steel Corporation:

7        Patricia A. Pryor, Esq.
         Taft, Stettinius & Hollister LLP
8        425 Walnut Street, Suite 1800
         Cincinnati, Ohio 45202-3957

9
     EXHIBITS                    MARKED/IDENTIFIED
10
         A                           4
11
         B                           4
12

13

14

15

16

17

18

19

20

21

22

23

24
```

1            MS. PRYOR:  Just going to be put on

2    the record that we had two depositions properly

3    noticed today.  One for Tiffany Jackson and one for

4    Dwight Lewis.  Tiffany Jackson's deposition was

5    scheduled for 11 a.m.  Dwight Lewis's deposition

6    was scheduled for 2 p.m.

7            It is now 11:20.  It is my

8    understanding that Tiffany Jackson is not here and

9    is not going to appear.  Is that correct?

10            MS. DONAHUE:  That's my understanding

11    from the message I got from her mother last

12    evening, that she would not be here because she

13    could not get a ride.

14            MS. PRYOR:  And it's my understanding

15    that Dwight Lewis is also not going to appear

16    today.

17            MS. DONAHUE:  I have been unable to

18    contact Dwight Lewis, despite numerous efforts by

19    both me and my assistants by telephone, various

20    telephone numbers to him, to his relatives,

21    certified letters to his relatives.  We have not

22    had any contact with Dwight Lewis.

23            MS. PRYOR:  Let's mark this.  And it

24    is the plan that will Tiffany Jackson will not --

1    going to be appearing for deposition at all?

2              (Exhibits A and B marked.)

3              MS. DONAHUE:  I didn't talk to

4    Tiffany.  I talked to her mother who said she

5    couldn't get here because of lack of a ride and I

6    told her that -- I had told Tiffany what the

7    consequences would be if she didn't show up to her

8    deposition because I talked to her on Monday in the

9    morning, and so I can't say anything further than

10   that.

11             MS. PRYOR:  Okay.  That's it.

12             (Off the record at 11:22 a.m.)

13

14

15

16

17

18

19

20

21

22

23

24

C E R T I F I C A T E

STATE OF OHIO              :

                          :    SS

COUNTY OF HAMILTON        :


        I, Susan M. Barhorst, a Notary Public in

and for the State of Ohio, duly commissioned and

qualified, do hereby certify that the foregoing

pages constitute a true, correct, and complete

transcript of proceedings which was recorded in

stenotypy by me this 14th day of August 2007.

        I further certify the within proceeding was

duly taken before me at the time and place stated,

pursuant to the Federal Rules of Civil Procedure;

that I am not counsel, attorney, relative or

employee of any of the parties hereto, or their

counsel, or financially or in any way interested in

the within action, and that I was at the time of

taking said deposition a Notary Public in and for

the State of Ohio.

        IN WITNESS WHEREOF, I have hereunto set my

hand and notarial seal at Cincinnati, Ohio, this

1    14th day of August 2007.

2

3

4    _____
     Susan M. Barhorst, Notary Public
5    in and for the State of Ohio.
     My commission expires
6    February 18, 2009

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
FOR THE WESTERN DIVISION

VIVIAN BERT, et al.                    :        Case No. 1:02CV00467
                                       :
            Plaintiffs                 :        Judge Beckwith
                                       :
v.                                     :
                                       :        **NOTICE OF DEPOSITION**
AK STEEL CORPORATION                   :        **OF TIFFANY JACKSON**
                                       :
            Defendant                  :

 

 

    Please take notice and be advised that Defendant AK Steel Corporation will, pursuant to

Rules 26 and 30 of the Federal Rules of Civil Procedure, take the deposition of Tiffany Jackson

at the offices of Taft Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, Ohio

45202 at 11:00 a.m. on Tuesday, August 14, 2007, and continuing from day to day until

complete, before an officer authorized to administer oaths, according to the rules of this Court.

 

 

 

Lawrence J. Barty (0016002)
Gregory Parker Rogers (0042323)
Patricia Anderson Pryor (0069545)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH   45202-3957
(513) 381-2838
(513) 381-0205 (fax)

Trial Attorneys for Defendant



## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2007, a copy of the foregoing was sent via United States

Mail, postage prepaid to the following: Susan Donahue, Robert Childs, Herman N. Johnson, Jr.,

Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North,

Birmingham, Alabama 35203; Paul H. Tobias and David Kammer, Kraus & Torchia, 911

Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202; and David Sanford,

Sanford, Wittels & Heisler, L.L.P., 1666 Connecticut Avenue, N.W. Suite 310, Washington,

D.C. 20009.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
FOR THE WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al. | : | Case No. 1:02CV00467 |
| | : | |
| Plaintiffs | : | Judge Beckwith |
| | : | |
| v. | : | |
| | : | **NOTICE OF DEPOSITION** |
| AK STEEL CORPORATION | : | **OF DWIGHT LEWIS** |
| | : | |
| Defendant | : | |

Please take notice and be advised that Defendant AK Steel Corporation will, pursuant to

Rules 26 and 30 of the Federal Rules of Civil Procedure, take the deposition of Dwight Lewis at

the offices of Taft Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, Ohio

45202 at 2:00 p.m. on Tuesday, August 14, 2007, and continuing from day to day until complete,

before an officer authorized to administer oaths, according to the rules of this Court.

Lawrence J. Barty (0016002)
Gregory Parker Rogers (0042323)
Patricia Anderson Pryor (0069545)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH   45202-3957
(513) 381-2838
(513) 381-0205 (fax)

Trial Attorneys for Defendant

EXHIBIT
B   8·14·07
pmb

{W1033049.1}

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2007, a copy of the foregoing was sent via fax and United States Mail, postage prepaid to the following: Susan Donahue, Robert Childs, Herman N. Johnson, Jr., Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama 35203; Paul H. Tobias, Tobias, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202; and David Sanford, Sanford, Wittels & Heisler, L.L.P., 1666 Connecticut Avenue, N.W. Suite 310, Washington, D.C. 20009.

## Pryor, Patricia Anderson

**From:**    Pryor, Patricia Anderson
**Sent:**    Friday, September 07, 2007 11:25 AM
**To:**     Susan Donahue (sgd@wcqp.com)
**Cc:**     Rogers, Gregory P.
**Subject:** Bert et al

Susan,

It has been nearly 5 years since we first served document requests in this matter on each of the named plaintiffs. It became apparent during the depositions that the named plaintiffs have not searched for responsive documents and in many cases have not provided responsive documents. In fact, we have received no documents from Dwight Lewis or Tiffany Jackson.

In March we served interrogatories on each of the named Plaintiffs. We have still not received responses from James Greenwood, Tiffany Jackson and Dwight Lewis. We also have not received responses or responsive documents to the document requests we served on James Greenwood at that time.

I have now made several requests for this information and the documents that are responsive to the document requests, including during many of the depositions.

Please provide the interrogatory responses and responsive documents by September 14. After that date we will consider our extra-judicial efforts to obtain this information exhausted.

