UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Vivian Bert, et al.,                   :    Case No. 1:02-cv-467
                                       :
     Plaintiffs,                       :
                                       :
vs.                                    :
                                       :
AK Steel Corporation,                  :
                                       :
     Defendant.                        :

**ORDER**

Before the Court is Defendant AK Steel Corporation's motion for summary judgment against three of the individual Plaintiffs in this case: Ronald Sloan, Mary Harris, and Thaddeus Freeman. (Doc. 107)  Each of these Plaintiffs filed a voluntary Chapter 7 bankruptcy petition after they filed this lawsuit.  All three Plaintiffs failed to list this lawsuit on their bankruptcy schedule of assets.  Defendant contends that all three lack standing and/or are estopped from proceeding in this case because of their failure to disclose their claims.

Plaintiffs oppose the motion, generally arguing that their failure to disclose was an inadvertent mistake.  (Doc. 111, and attached deposition excerpts of Sloan, Harris and Freeman.) Defendant has filed a reply (Doc. 116).  At the Court's request, Plaintiffs filed an October 1 status report concerning actions of each Plaintiff's bankruptcy trustee with respect to reopening the bankruptcy cases.  (Doc. 128)

-1-

## FACTUAL BACKGROUND

Ronald Sloan, Mary Harris and Thaddeus Freeman each filed an EEOC claim against AK Steel, claiming that AK's hiring practices discriminated against them on the basis on race.  All three individuals are Plaintiffs in the original complaint filed in this case on June 26, 2002.  (None of these three Plaintiffs are members of the "testing class" previously certified in this case under Fed. R. Civ. P. 23(b)(2), and are proceeding solely on their individual claims of disparate treatment.)

Sloan and his wife filed a Chapter 7 petition on May 21, 2003; Harris and her husband filed their Chapter 7 petition on January 9, 2003; and Freeman and his wife filed their Chapter 7 petition on June 24, 2003.  This lawsuit and the three individuals' claims against AK Steel are not listed in any of the bankruptcy petitions.  In 2007, AK Steel served discovery on Plaintiffs, asking them to identify any involvement in any prior litigation.  Sloan listed his bankruptcy proceeding, but Freeman and Harris did not.

AK Steel then deposed each of the three Plaintiffs.  Sloan testified that he did not realize he needed to list this lawsuit, as he understood the question in the bankruptcy petition to apply only to suits filed **against** him.  (Doc. 108, Sloan Deposition at p. 77)  Harris testified that she did not know her claim against AK Steel should have been listed.  (Doc. 118, Harris Deposition

at pp. 62-65) Freeman testified that at a bankruptcy court hearing, he told a woman who worked for his attorney about this lawsuit.  The woman asked him if he was close to settlement and Freeman said no.  The woman then told him not to worry about it. (Doc. 117, Freeman Deposition at pp. 63-65.)  All three Plaintiffs were represented by counsel during their bankruptcy proceedings.

Plaintiffs' counsel in this case contacted each Trustee about this situation, and each Trustee has moved to re-open the bankruptcy proceedings.  The Trustees' motions in the Sloan and Freeman cases are pending, and both Trustees have expressed their intent to administer the claims if the cases are reopened.  The Trustee's motion in the Harris case has been granted, the no-distribution report has been stricken from the record, and the Trustee is in the process of obtaining approval to retain Plaintiff's counsel in this case to prosecute Harris' claim on behalf of the estate.  (See Doc. 128)

## DISCUSSION

The legal principles that apply to resolve this dispute are well established.  A debtor has a mandatory, affirmative duty to disclose all assets, including contingent or unliquidated claims, to the bankruptcy court pursuant to 11 U.S.C. §521(1).  Those assets constitute the bankruptcy estate, 11 U.S.C. §541(a)(1), and remain estate property unless abandoned or administered

during the bankruptcy proceedings.  11 U.S.C. §554.  The
bankruptcy trustee thus has the exclusive right to pursue any of
the debtor's claims that arise prior to or during the bankruptcy
proceeding.  11 U.S.C. §704(1).  The Trustee for each Plaintiff
apparently had no knowledge of these claims, and there is no
suggestion that any Trustee has abandoned Plaintiffs' claims.  It
therefore appears that Plaintiffs lack standing to prosecute
their claims at this juncture.

However, the Plaintiffs all assert that their failure to
disclose their discrimination claims against AK Steel was
inadvertent and not done with any intent to mislead.  They each
contend they should therefore be allowed to proceed.

The Sixth Circuit has applied the doctrine of judicial
estoppel to bar a debtor's prosecution of a claim that was not
disclosed to the bankruptcy court prior to the debtor's
discharge.  In Browning v. Levy, 283 F.3d 761, 775 (6th Cir.
2002), the Court stated that "[t]he doctrine of judicial estoppel
bars a party from (1) asserting a position that is contrary to
one that the party has asserted under oath in a prior proceeding,
where (2) the prior court adopted the contrary position either as
a preliminary matter or as part of a final disposition."
(internal citation omitted)  Judicial estoppel does not apply
where the inconsistent position was the result of mistake or
inadvertence.  See Lewis v. Weyerhaeuser Co., 141 Fed. Appx. 420,

425 (6th Cir. 2005).  A failure to disclose can be inadvertent where the debtor lacks knowledge of the factual basis of a claim, or where a debtor lacks a motive to conceal a claim.  Browning, 283 F.3d at 776 (citing In re Coastal Plains, Inc., 179 F.3d 197, 210 (5th Cir. 1999)).  And a debtor's lack of bad faith should also be considered in determining whether estoppel applies.  See Eubanks v. CBSK Financial Group, Inc., 385 F.3d 894, 895 (6th Cir. 2004).

Here, each Plaintiff did not inform the bankruptcy court or the Trustee of the existence of this lawsuit, and each Plaintiff was granted a discharge by the bankruptcy court.  Plaintiffs clearly knew the facts giving rise to their claims, as each one filed an EEOC charge and joined this lawsuit prior to filing his or her bankruptcy petition.  Many courts have commented that any debtor has a motive to conceal a claim, in order to protect any potential recovery from creditors.  See, e.g., Lewis v. Weyerhaeuser, 141 Fed. Appx. at 426; Maxwell v. MGM Grand Detroit, 2007 WL 2050795 at *7 (E.D. Mich., July 16, 2007); Randelson v. Kennametal, Inc., 2006 WL 3196457 at *2 (N.D. Ohio, Nov. 2, 2006).

Each Plaintiff was represented by counsel during the bankruptcy case.  But the Sixth Circuit has held that a lawyer's error does not prevent the application of judicial estoppel in these circumstances, absent a compelling reason.  See Lewis v.

Weyerhaeuser, 141 Fed. Appx. at 427-428 (estoppel properly
applied even when bankruptcy attorney's paralegal told debtor not
to list a pending claim).  In any event, neither Sloan nor Harris
testified that they actually informed their lawyer about this
lawsuit.  Freeman testified that he had one discussion with
someone from his lawyer's office just before his bankruptcy
hearing, essentially the same situation presented in Lewis.

     As noted in Eubanks v. CBSK, however, this Court must also
consider Plaintiffs' lack of bad faith.  In Eubanks, the Sixth
Circuit reversed a district court's dismissal of a debtor's
lender liability claim based on judicial estoppel.  Eubanks had
filed bankruptcy after a creditor revoked a loan.  From the
beginning of the bankruptcy proceeding, Eubanks informed his
trustee of his potential lender liability claim; he asked his
trustee several times to pursue the claim; he brought the matter
to the attention of the bankruptcy court; he tried to have the
trustee substituted as a plaintiff in his civil action against
the lender after the trustee refused to abandon the claim; and he
filed an amended schedule to list the claim.  On those facts, the
Sixth Circuit held that estoppel was improperly applied, as
Eubanks' actions demonstrated a good faith attempt to disclose
his claim.

     Here, the facts do not suggest such a high degree of care.
Freeman said he could not "remember exactly" if he reviewed all

of his bankruptcy forms before he signed them, and that the

bankruptcy judge "didn't ask me any questions."  (Freeman

Deposition, pp. 62-63 and 65.)  He states he had a conversation

with someone he could not specifically identify, whom he believed

was from his attorney's office, who gave him some erroneous

advice to "not worry" about his claims against AK Steel.  More

troubling is the fact that Freeman failed to disclose his

bankruptcy when specifically questioned about any prior lawsuits

in AK Steel's interrogatories.  Similarly, Harris said she didn't

know she was supposed to disclose her claim, although two

lawsuits against her were listed on her disclosure forms.  She

claimed that her attorney listed those claims.  Harris was

instructed not to answer when she was asked if she told her

bankruptcy attorney about this lawsuit.  (Harris Deposition, pp.

63 and 65)  Harris also failed to disclose her bankruptcy in

response to AK Steel's interrogatory.  The record does not

establish that either Freeman or Harris took any steps to notify

their trustees before AK Steel filed its motion raising the

estoppel argument.

　　　　Sloan testified that he understood the question on the

bankruptcy schedule to apply to lawsuits filed against him, and

that he did not understand that his lawsuit against AK Steel was

considered an asset.  (Sloan Deposition, pp. 78-79)  Sloan

disclosed his bankruptcy proceeding in his interrogatory

responses, which he signed on April 20, 2007.  (Doc. 108, Exhibit 9)  That same day, Plaintiffs' counsel contacted Sloan's bankruptcy trustee, who promptly filed a motion to reopen Sloan's bankruptcy case.  These events preceded Defendant's estoppel motion.  This time line lends some credence to Sloan's testimony.

Nevertheless, as the Sixth Circuit noted in Lewis, "the disclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge." Lewis, 141 Fed. Appx. at 424 (internal citations omitted).  A debtor's good faith mistake about the scope of that disclosure obligation does not necessarily excuse a failure to disclose. The Sixth Circuit's decision in Eubanks was clearly premised on the fact that, although the claim was not listed on the debtor's schedule, the debtor repeatedly made the bankruptcy court and his trustee aware of the claim, which first arose just prior to the bankruptcy petition.  The situation presented by the record here is not analogous.  Although the Court does not doubt Mr. Sloan's veracity, the Court concludes it is an insufficient basis upon which to excuse his failure to disclose this claim.

The Court also notes that judicial estoppel would not necessarily bar the Trustees for these Plaintiffs from prosecuting and administering these claims.  There is nothing in the record suggesting that the Trustees had any knowledge of

these claims until very recently.  The Trustees therefore never
abandoned the claims nor took an inconsistent position before any
court.  See, e.g., <u>Parker v. Wendy's International</u>, 365 F.3d 1268
(11th Cir. 2004), reversing a district court's dismissal of a
debtor's Title VII action based on judicial estoppel.  There, the
Trustee had sought to intervene in the debtor's civil action and
to reopen the debtor's bankruptcy case in order to administer the
claim.  The Eleventh Circuit held that the Trustee was not
estopped based on the debtor's post-petition failure to disclose
the claim.  The Plaintiffs' Trustees have not yet sought to
intervene here, but it is clear that each Trustee intends to
administer these claims if permitted to do so by the bankruptcy
court.

## CONCLUSION

For all of the foregoing reasons, Defendant's motion for
summary judgment against Plaintiffs Sloan, Harris and Freeman
(Doc. 107) is granted as to those individual Plaintiffs, and
without prejudice to any right or interest of the Trustees for
each Plaintiffs' bankruptcy estate.

SO ORDERED.

DATED: October 12, 2007              s/Sandra S. Beckwith
                               Sandra S. Beckwith, Chief Judge
                               United States District Court