**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

VIVIAN BERT, et. al.,
     Plaintiffs,

vs

AK STEEL CORPORATION,
     Defendant.

Case No. C-1-02-467
(Beckwith, J.)
(Hogan, M.J.)

**ORDER**

     This matter came before the Court for an informal telephonic discovery conference on November 20, 2007. All parties were represented by counsel and were given the opportunity to provide a one-page brief outlining their respective positions regarding the current discovery dispute. The briefs are incorporated in this Order to facilitate a ruling on possible Objections by the District Court. This is a race-based discrimination case, which was filed as a class action and which alleges a pattern and practice of discrimination.

     The parties' dispute centers around three issues: 1) Defendant seeks to have two witnesses on Plaintiffs' Witness List stricken; 2) Defendant objects to the testimony of Dr. Bradley with respect to damages; and 3) Plaintiffs object to the use of Defendant's validation studies at trial.

     On October 31, 2007, Plaintiffs identified Liesl Fox and a paralegal from Wiggins, Childs, Quinn & Pantazis LLC[1] as potential witnesses at trial. Defendant claims that neither witness was identified in Plaintiffs' Initial Disclosures or in response to interrogatories served earlier this year. Defendants argue that the witnesses' testimony

---

     [1] Plaintiffs state that one of three possible paralegals from their law firm is expected to testify regarding the calculation of backpay.

constitutes expert testimony because neither witness has first hand knowledge regarding the facts of this case. However, neither witness was identified by the March 1, 2005 expert deadline nor were reports produced by either witness.

Plaintiffs contend that the testimony of the paralegal and/or Dr. Bradley regarding backpay is non-expert testimony and involves only mechanical mathematical calculations of backpay. Defendant is concerned with the method used to calculate backpay, claiming that factors such as the use of federal minimum wage as opposed to the average industrial wage or the Ohio minimum wage significantly affect the end result. The parties have cited to no authority, and the Court is not aware of any, which holds that expert testimony is required to apprise the jury of Plaintiffs' lost wages. In this Court's experience, evidence with respect to backpay has largely been introduced by members of the human resources or payroll department, leaving the jury to make the ultimate calculation of any backpay award it deems just. Indeed, if such damage award truly involves "only a mechanical mathematical calculation," we see no need for expert testimony on such. Accordingly, we find no need to establish a new expert testimony deadline in this case. However, Plaintiffs have offered to permit the deposition of Dr. Bradley by Defendant with respect to his backpay calculations. It is entirely up to Defendant whether it accepts Plaintiffs' offer. In light of the fact that any such deposition will occur outside the discovery deadline, the parties will be expected to resolve any future conflict relating to said deposition among themselves and without the involvement of the Court.

Additionally, Plaintiffs state that they do not envision calling Dr. Fox to testify unless Dr. Bradley, whom she assisted with his work on Plaintiffs' expert report, should suddenly and unexpectedly become unavailable to testify. Plaintiffs offer no reason for the Court to believe that such an event is foreseeable or probable. Therefore, in the event Dr. Bradley unexpectedly becomes unavailable to testify, this issue can, and no doubt will, be revisited at such time. Accordingly, we find that a ruling regarding whether Dr. Fox's testimony is necessary is premature at this time.

Lastly, Plaintiffs object to the use at trial of Defendant's validation studies conducted on its pre-employment test because they claim that the studies were untimely produced. Defendant contends that Plaintiffs "were alerted as early as February 2003 that its test was validated by Lucy Gibson and identified Lucy Gibson as a witness who would testify about the validation of [Defendant's] test." Defendant contends that Plaintiff waited four and one-half years later to request records from Dr. Gibson from 2001 to the present. Plaintiffs, on the other hand, argue that all validation studies conducted by Defendant, or any expert retained by the Defendant, were requested in Plaintiffs' First Request for Production of Documents, No. 7, which was served on October 17, 2002. Defendant objected to the production of any validation studies pending the district court's

determination as to whether Plaintiffs' had properly pled their Title VII claim. (Doc. 41, Attachment A, June 4, 2004 Letter from Gregory Parker Rogers to David Sanford). The district court subsequently ruled on January 1, 2005, that Plaintiffs had pled a valid Title VII claim, and Plaintiffs argue that Defendant was under a duty to supplement its initial responses to Plaintiffs' First Request for Production of Documents at that time. Defendant insists that its response that "there were no validation studies conducted during the relevant time frame" was a proper response to Plaintiffs' requests as they were written. However, on November 5, 2007, Defendant produced three validation studies conducted in 1997 and 1999 for the pre-employment test used by Defendant from February 2001 until 2003 when Defendant ceased hiring for both plants. Plaintiffs argue that there is insufficient time for Plaintiffs to retain an expert with respect to the validation studies, to prepare for and depose Defendant's expert with respect to the validation studies, and to prepare a rebuttal expert report regarding "validation" and "alternatives with less impact." Plaintiffs further argue that Defendant's validation studies do not meet the requirements of expert testimony under the Federal Rules because they contain redactions, do not provide actual job analyses and technical manuals, and do not identify their author or authors. Plaintiffs seek an order prohibiting the use of such studies at trial or in the alternative seek an extension of the existing deadlines in order to retain experts to provide rebuttal testimony, obtain additional discovery from Defendant, and set new deadlines for summary judgment and for trial.

While Defendant seeks to have this Court believe that Plaintiffs simply failed to request the proper information, we find that Plaintiffs' request for the validation studies was clearly worded and Defendant's failure to produce such was unjustified. Plaintiffs' First Request for the Production of Documents requested,

> All job analyses, validation studies, tests, criteria, systems, models, or processes or similar documents utilized for jobs at AK Steel Corporation in any way relating to employee selection or hiring, whether in evaluating jobs, job tasks, job functions, job duties, job responsibilities, and/or lines of job progression, and/or in evaluating or assessing necessary job qualifications, criteria, training, and/or job performance, and/or in determining the impact of selection devices on African-Americans from January 1, 1995 to the present.

(Plaintiffs' First Request for Production of Documents, #7, attached). On June 4, 2004, in correspondence between counsel, Defendant stated that "AK Steel has not produced . . . test validation studies, . . . which we do not believe are relevant to a disparate treatment theory, or reasonably calculated to lead to the discovery of admissible evidence. . . . We also said we would reconsider this objection if the Court allowed you to plead a Title VII

claim." Plaintiffs served a Second Request for Production of Documents on July 23, 2007, which requested,

> Any and all validation studies conducted by AK Steel or by any of its agents pursuant to the EEOC's Uniform Guidelines on Employee Selection Procedures for the tests administered by AK Steel or any of its agents for hourly bargaining unit candidates for employment at its Middletown, Ohio location and its Ashland, Kentucky location from February 2001 to the present.

(Defendant's Objections and Responses to Plaintiffs' Second Request for Production of Documents, #2, attached). Defendant's response to this request was that "[t]here are no validation studies from February 2001 to the present relating to the pre-employment test challenged in this lawsuit." (Id.) Defendant apparently interprets this request as asking for validation studies *conducted* from February 2001 to the present. Whether deliberate or not, we find Defendant's misinterpretation of Plaintiffs' request to be unreasonable. Plaintiffs' request clearly seeks validation studies conducted by AK Steel or any of its agents *for tests administered (by AK Steel) from February 2001 to the present*. The 1997 and 1999 validation studies were conducted on the pre-employment test which was used by AK Steel from February 2001 to the present. Thus, by "misinterpreting" Plaintiffs' requests, Defendant avoided the production of validation studies conducted prior to February 2001. Finally, in response to a third informal request, the wording of which was not made know to the Court, Defendant produced the validation studies. We find no ambiguity in Plaintiffs' requests. Moreover, we find Defendant's assertion that no validation reports were created during the "requested period" and their implication that Plaintiffs simply failed to properly phrase their request, to be disingenuous at best. For this reason, we find Plaintiffs' arguments on this issue to be well founded. Accordingly, the use of the validation studies prepared in 1997 and 1999 relating to the pre-employment tests administered by Defendant from February 2001 to present shall be prohibited.

SO ORDERED.

Date: 11/27/07

Timothy S. Hogan
United States Magistrate Judge

J:\SMITHLE\DISCOVRY\Bert.inf.wpd

-4-