IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION



EXHIBIT

D. D. CARTER
/ 8.15.07
/ DMB

|  |  |  |
|---|---|---|
| VIVIAN BERT, et al., | ) | Case No. C-1-02-00467 |
|  | ) | Judge Beckwith |
| Plaintiffs, | ) | Magistrate Judge Hogan |
|  | ) |  |
| v. | ) | PLAINTIFF DARLENE DENISE |
|  | ) | CARTER'S RESPONSES TO |
| AK STEEL CORPORATION, | ) | DEFENDANT'S FIRST REQUEST |
|  | ) | FOR THE PRODUCTION OF |
| Defendant. | ) | DOCUMENTS |
|  | ) |  |

## GENERAL OBJECTIONS

1.   The Plaintiff objects to these discovery requests to the extent they seek information or documents protected from discovery and/or disclosure by the attorney/client privilege, the work product doctrine, or any other applicable privilege.

2.   The Plaintiff objects to these discovery requests to the extent they seek information or documents neither material nor relevant to the claims or defenses of this action nor reasonably calculated to lead to the discovery of admissible evidence.

3.   The Plaintiff objects to these discovery requests to the extent they are overly broad and/or unduly burdensome.

4.   The Plaintiff objects to these discovery requests to the extent they are so vague and ambiguous as to be incapable of a definite response.

5.   The Plaintiff objects to these discovery requests to the extent they seek confidential or proprietary information or documents. Notwithstanding this objection, the Plaintiff agrees to provide, if any exist, as more fully set forth below, such information or documents subject to the terms of a mutually agreeable protective order to be entered in this action.

6.   The Plaintiff objects to these discovery requests to the extent they call for conclusions of law.

7.   The Plaintiff objects to these discovery requests to the extent that they seek and/or require the production of documents which are not in the Plaintiff's possession, custody, or control.

8.   The Plaintiff objects to the time and place of production for documents specified in these

discovery requests but state, to the extent that the documents are available, as more fully set forth below, they will be produced at a mutually convenient time and place.

9.   The Plaintiff objects to the definitions and instructions in the discovery requests to the extent they seek to require the Defendant to comply with requirements beyond the scope of or impose burdens, duties and obligations in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure.

10.   The Plaintiff objects to these discovery requests to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of attorneys or other representatives of Plaintiff and/or the substance of information developed by them (i.e., interpretive, not investigatory) in preparation for the trial of this action.

11.   The Plaintiff objects to these discovery requests to the extent that the information sought, if any, was obtained and prepared in anticipation of litigation, and the Plaintiff has not made the required showing of substantial need for the information or that the substantial equivalent of such information is unobtainable by other means. The Plaintiff further objects to these discovery requests to the extent that the information called for, if any, is privileged and is not discoverable under FRCP 26(b)(3) and *Hickman v. Taylor*, 329 U.S. 495 (1947).

12.   The Plaintiff objects to these discovery requests to the extent that they seek information that is equally available to the Defendant, and the burden on the Defendant to obtain the requested information is no greater than the burden on the Plaintiff.

13.   The Plaintiff objects to these discovery requests to the extent they seek information or documents relating to expert witnesses, witnesses, and trial exhibits in excess of the disclosure duties imposed by the Federal Rules of Civil Procedure and the Court's Orders relating to such matters.

14.   The Plaintiff objects to these discovery requests to the extent that they seek information regarding matters which are not at issue in this action.

15.   The Plaintiff objects to these discovery requests to the extent that they do not, on their face, restrict themselves either to an identifiable time or a reasonable, rationally-based time frame.

16.   The Plaintiff objects to these discovery requests to the extent that they are oppressive, i.e., designed to create an unreasonable burden on the Plaintiff which burden is not commensurate with the professed result sought.

17.   Except as otherwise indicated, the Plaintiff incorporates the General Objections into each

2

and every response set forth below. By responding to any of the discovery requests, the Plaintiff does not waive any of the foregoing General Objections.

Plaintiff responds to Defendant's requests for the production of the following documents:

**Request No. 1**: Produce all documents that refer to, reflect, comment on, or tend to prove or disprove any of the contentions in the Complaint or the Answer.

**Specific Objection to Request No. 1**: Plaintiff objects to the extent this request is vague, ambiguous, and overly broad. Plaintiff further objects to the extent that this request seeks information or documents protected from discovery and/or disclosure by the attorney/client privilege, the work product doctrine, or any other applicable privilege. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

**Request No. 2**: Produce all documents that you believe support your claim for damages, or which reflect, comment on, or tend to prove or disprove such claims.

**Specific Objection to Request No. 2**: Plaintiff objects to the extent this request is vague, ambiguous, and overly broad. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

**Request No. 3**: Produce any diary, journal, or calendar of appointments, or notes that you have maintained since January 1, 1998.

**Specific Objection to Request No. 3**: Plaintiff objects to the extent that this request is overly broad and/or unduly burdensome. Plaintiff also objects to the extent that this request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:** Plaintiff will produce any diary, journal, or calendar of appointments that Plaintiff has maintained since January 1, 1998 that relate to the claims or defenses in this case.

**Request No. 4**: Produce all documents provided to or obtained from Defendant.

**Specific Objection to Request No. 4**: Plaintiff objects to the extent that this request is overly broad and/or unduly burdensome. Plaintiff further objects to the extent that this request seeks information that is equally available to the Defendant, and the burden on the Defendant to obtain the requested information is no greater than the burden on the Plaintiff. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

3

**RESPONSE:**    Plaintiff will produce all non-privileged responsive documents.

**Request No. 5**:  Produce all of your medical or psychological records since January 1, 1998.

**Specific Objection to Request No. 5**:  Plaintiff objects to this Request to the extent that the information sought is confidential and/or privileged.

**Request No. 6**: Produce all documents that refer to, reflect, or comment on any criminal proceeding in which in which you have been either arrested or convicted during the past 10 years.

**Specific Objection to Request No. 6**: Plaintiff objects to this Request to the extent that the information sought is confidential and/or privileged.  Plaintiff further objects that the information is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 7**: Produce your federal income tax returns and any W-2s or Form 1099s for each tax year beginning in 1999.

**Specific Objection to Request No. 7**: Plaintiff objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request to the extent the information sought is confidential and/or privileged.  Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:**  Plaintiff will produce Plaintiff's W-2s or Form 1099s for 1999, 2000, and 2001.

**Request No. 8**: Produce any documents that you sent to or received from the EEOC, OCRC, or any other state agency with the power to investigate charges of discrimination.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

**Request No. 9**: Produce any resume or other listing of your qualifications for employment you have prepared or had prepared for you since January 1, 1998.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

**Request No. 10**: Produce any document by which you sought employment from any employer from January 1, 1998 to date.

**Specific Objection to Request No. 10**:  Plaintiff objects to the extent this request is vague and ambiguous.  Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

**Request No. 11**: Produce any document by which you claim you requested employment from AK Steel Corporation.

**Specific Objection to Request No. 11**: Plaintiff objects to the extent this request is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

     **RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

     Respectfully submitted this 27th day of November, 2002.

DAVID SANFORD, D.C. Bar No. 457933
ERIC BACHMAN, KY Bar. No. 88122
**GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.**
7 DUPONT CIRCLE, N.W.
SUITE 200
WASHINGTON, D.C. 20036
Telephone: (202) 467-4123
Facsimile: (202) 467-4489

GRANT MORRIS, D.C. Bar No. 926253
**LAW OFFICES OF GRANT MORRIS**
7 DUPONT CIRCLE, N.W.
SUITE 250
WASHINGTON, D.C. 20036
Telephone: (202) 331-4707

PAUL H. TOBIAS, OH Bar No. 0032415
DAVID D. KAMMER, OH Bar No. 0061808
**TOBIAS, KRAUS & TORCHIA, LLP**
414 WALNUT STREET
SUITE 911
CINCINNATI, OH 45202
Telephone: (513) 241-8137
Facsimile: (513) 241-7863

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of Plaintiffs' Responses to Defendant's First Set of Requests for Production of Documents was served via first-class mail, postage prepaid, upon:

> Lawrence J. Barty
> Patricia Anderson Pryor
> Gregory Parker Rogers
> Roger A. Weber
> TAFT, STETTINIUS & HOLLISTER LLP
> 425 Walnut Street, Suite 1800
> Cincinnati, Ohio 45202-3957

This is the 27th day of November, 2002.

_Attorney for Plaintiffs_

Test
Friday
NO
11/2/a

# APPLICATION FOR EMPLOYMENT

## AK Steel Corporation



AK Steel Corporation is an Equal Employment Opportunity Employer and as such meets all government regulations pertaining to Equal Employment Opportunity.

Name _DARLENE_ _D_ _CARTER_  Date _10-3-2001_
       FIRST        MIDDLE        LAST

Present Address _908 So. 8th ST._      _IRONTON_  _Oh_  _45638_
                NO.      STREET         CITY      STATE   ZIP CODE

Phone Number — or number where you can be reached: ( _740_ ) _532-1733_
                                                   AREA CODE   NUMBER

Permanent Address: _SAME_
                   NO.      STREET         CITY      STATE   ZIP CODE

Permanent Phone: ( _Same_                 Social Security # _____
                  AREA CODE   NUMBER

Are you 18 years of age or older? ☑ Yes ☐ No

Are you lawfully entitled to work within the U.S.? _YES_
(PROOF OF CITIZENSHIP OR IMMIGRATION STATUS IS REQUIRED UPON EMPLOYMENT)

Have you been convicted of a crime other than a minor traffic violation? _NO_

If yes, explain. _____

Date available for employment: _ANYTIME_

If the job requires, are you willing to travel? _NO_ Relocate? _NO_

If the job requires, are you able to work all shifts? _YES_

Have you previously applied at Armco or AK Steel? _NO_ If yes, when/where? ____

Have you previously worked for Armco or AK Steel? _NO_ If yes, when/where? ____



D.D. CARTER
2  8.15.07
   DMB

**EDUCATIONAL BACKGROUND:**

Circle last grade completed    1   2   3   4   5   6   7   8   ⑨   10   11   12       **College hours completed**

| TYPE OF SCHOOL | NAME AND LOCATION | GRADUATED YES | NO | DEGREE | · FIELD OF STUDY | GRADE POINT/SCALE TOP. MID. BOT. 1/3 |
|---|---|---|---|---|---|---|
| HIGH | IRONTON-High   GED | | ✓ | | | |
| BUSINESS OR TRADE | | | | | | |
| COLLEGE OR UNIVERSITY | | | | | | |
| | | | | | | |
| POST GRADUATE | | | | | | |
| | | | | | | |

List other formal educational experience; e.g., night school, home study courses, GED, etc. _____

_____

If presently enrolled, indicate where and field of study: _____

Describe any definite plans for further study: _____

_____

List significant activities, honors, awards or elective offices which have contributed to your career goals and interests: _____

_____


**MILITARY SERVICE:** Are you a Veteran of the U.S. Military Service?    ☐ Yes    ☑ No

| BRANCH OF SERVICE | HIGHEST RANK OR RATE |
|---|---|
| | |

Please, indicate any military experience or training you feel might be of interest and value to AK Steel:

_____

_____

_____

# EMPLOYMENT EXPERIENCE

## PRESENT OR MOST RECENT POSITION

Name of employer *Intermet/Ronton Iron*    Your title *Core processor*

Address *2520 So 3rd St Ironton Oh.*    Kind of business *Foundry*

Describe your position *Core processor*

Period of employment from *6-24-92* to *10-18-2006* (MO/YR)    Name of person for whom you worked *Rob Cline*    Rate of earnings *12.41 per hr*

Give exact reason for leaving *Plant shut down*

## NEXT PREVIOUS POSITION

Name of employer *Wilson Sporting Goods*    Your title *Glove Lacer*

Address *So 3rd St Ironton Oh*    Kind of business *Sporting goods plant*

Describe your position *Glove Lacer*

Period of employment from *5-3-76* to *6-12-83* (MO/YR)    Name of person for whom you worked *Gerald Brampner*    Rate of earnings *7.35 per hr*

Give exact reason for leaving *Plant Closed*

## NEXT PREVIOUS POSITION

Name of employer _____    Your title _____

Address _____    Kind of business _____

Describe your position _____

Period of employment from _____ to _____ (MO/YR)    Name of person for whom you worked _____    Rate of earnings _____

Give exact reason for leaving _____

## NEXT PREVIOUS POSITION

Name of employer _____    Your title _____

Address _____    Kind of business _____

Describe your position _____

Period of employment from _____ to _____ (MO/YR)    Name of person for whom you worked _____    Rate of earnings _____

Give exact reason for leaving _____

How much time have you lost from work in the past two years? *NONE*

**JOB INTERESTS AND SKILLS:**

For what particular type of work are you making application; e.g., clerical, technical, engineering, professional, sales, labor, etc.

_LABOR_

Expected wage or salary $ _STARTING PAY_

If applying for clerical work, list special skills. Include typing (wpm), word processing, computer software, and any office machines or equipment you can operate: _____

_____

_____

If applying for sales, technical, professional, or administrative work, give highlights of any special training or experience which may be helpful: _____

_____

_____

If applying for labor or craft work, indicate any training or experience which might be useful. Include any equipment or machinery you can operate: _MADE CORE IN FOUNDRY USED FORK LIFT RAN MACHINES. KEEP TEMPERATURES ON FURNACE_

_____

Describe any additional qualifications, abilities, or strong points which will help you be successful in the job for which you are applying.

_I AM IN good health, STRONG and good WORKER I also get along good with people and AM VERY HONEST._

**PERSONAL REFERENCES:**

Please provide the following information on three individuals whom we may contact as references:

| NAME | ADDRESS | TELEPHONE NO. | RELATIONSHIP |
|---|---|---|---|
| _Teresa Wilds_ | _1044 Twp.Rd. 218 (Ironton Oh)_ | _740-533-3728_ | _Friend_ |
| _Claudia Holland_ | _1023 So. 10th (Ironton, OH)_ | _740-532-7736_ | _Friend_ |
| _Sue Birckfield_ | _814 Adams St (Ironton)_ | _533-0577_ | _Friend_ |

I hereby certify that the foregoing information is accurate, and I authorize AK Steel to verify it. I specifically authorize AK Steel Corporation to obtain information from my former employers and other references, and I authorize my former employers and other references to release information to AK Steel Corporation.

I agree that any false or misleading statement in this application for employment or any additional forms signed by me in connection with my employment shall be sufficient cause for refusal or termination of employment.

I understand that this application is not and is not intended to be a contract of employment. I agree to submit to a physical examination applicable to the requirements of the type of work for which I am applying, including drug and alcohol abuse screening.

Signature of Applicant _Darlene Carter_          _Susan Reiter 11/21/2001_

Application received by/Date received

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| | ☐ FEPA | |
| | ☒ EEOC | 241A201038 |

Cincinnati Area Office _____ and EEOC

State or local Agency, if any

| NAME(Indicate Mr., Ms., Mrs.)  Ms. Darlene Denise Carter | HOME TELEPHONE (Include Area Code)  (740) 532-1733 | |
|---|---|---|
| STREET ADDRESS  901 South Eighth St. | CITY, STATE AND ZIP CODE  Ironton, OH 45638 | DATE OF BIRTH  /55 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME  AK Steel | NUMBER OF EMPLOYEES, MEMBERS  >20 | TELEPHONE (Include Area Code)  1-800-331-5050 |
|---|---|---|
| STREET ADDRESS  703 Curtis Street | CITY, STATE AND ZIP CODE  Middletown, Ohio 45043 | COUNTY |

| NAME | TELEPHONE NUMBER (Include Area Code) | |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

**CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))**

☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE
☐ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA)  LATEST (ALL)

April 2002

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

EXHIBIT
D.D. CARTER
3        8-15-07
         pmB

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| *Darlene Carter* (Charging Party Signature)  Date 6-17-2002 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE  (Day, month, and year) |

EEOC FORM 5 (10/94)

# CHARGE OF DISCRIMINATION
## DARLENE DENISE CARTER
### PAGE 1

## I.    Overview of Individual and Class Allegations

AK Steel Corporation has discriminated and continues to discriminate against me in the terms and conditions of my application for employment with them on the basis of my race, African-American, by denying me the opportunity to be hired while hiring equally or less qualified white employees and subjecting me to a racially hostile application process and other forms of discrimination. I believe that AK Steel Corporation's actions are part of a continuing pattern and practice of discrimination against African-American applicants for employment and employees, including but not limited to, denying applicants hiring opportunities while providing such opportunities to equally or less qualified white applicants and subjecting them to a racially hostile application process.

## II.    Statement of Facts

I applied to AK Steel in January 2002 for a general labor position at their plant in Ashland, Kentucky. I found out about the position at a career fair in Portsmouth, OH, where AK Steel had a booth. There, I filled out an application. I then took it to the AK Steel plant to submit it. A week later, they called to schedule me for a test, which was administered in the basement of the plant. The test, which asked logical and general questions, took two hours and was not very difficult. I thought I did medium to good on it. Approximately a week and a half later, I spoke with Susan Lester, an AK recruiter, on the phone. She told me that I had failed the test and refused to answer my questions or provide any further information about it.

## III.    Statement of Discrimination

I believe that AK Steel Corporation has discriminated against me and continues to discriminate against me in the terms and conditions of my applications for employment with them on the basis of my race, African-American, in violation of the Civil Rights Act of 1964, as amended, because white applicants with fewer qualifications than me have been hired and I have not, and because I have been subjected to a racially hostile application process and other forms of discrimination and denied the right to apply for work in an environment free of racial discrimination.

I have been adversely affected by these discriminatory practices by being deprived of the equal opportunity to be hired. Such discrimination denies me and other African-Americans the right to be hired for positions for which we are qualified.

This systemic discrimination also adversely affects the status of African-Americans as employees by promoting and reinforcing racial stereotypes and bias in hiring.

## CHARGE OF DISCRIMINATION

## DARLENE DENISE CARTER
### PAGE 2

**IV.    Statement of Classwide Discrimination on the Basis of Race**

Based on my experiences, I believe that AK Steel Corporation has engaged and continues to engage in a pattern and practice of discrimination against its African-American applicants for employment and employees that denies them equal employment opportunities in ways including but not limited to the following: denying them hiring opportunities while providing such opportunities to equally or less qualified white employees and subjecting them to a racially hostile application process and work environment in which few other African-Americans are employed. This policy violates Title VII of the 1964 Civil Rights Act, 42 U.S.C. Section 2000(e), <u>et seq.</u>

I believe this policy has effected a class of black persons comprised of all past, present and future black applicants for employment with AK Steel. I believe that these discriminatory practices occur throughout AK Steel Corporation. I make this charge on behalf of myself and all similarly situated African-American applicants for employment and employees.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 6-14-2002

Charging Party (signature)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**EXHIBIT**

*D.D. CARTER*
*8.15.07*
*4    DMB*

| | | |
|---|---|---|
| VIVIAN BERT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **CASE NO. C-1-02-467** |
| | ) | **Judge Beckwith** |
| AK STEEL CORPORATION, | ) | **Magistrate Judge Hogan** |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF DARLENE CARTER'S RESPONSES TO
## DEFENDANT A. K. STEEL CORPORATION'S FIRST SET OF INTERROGATORIES

Comes now the Plaintiff, Darlene Carter, by and through her undersigned counsel of record and responds to the Defendant's First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1.      The Plaintiff objects to the definitions and instructions accompanying these interrogatories to the extent that they seek to impose burdens, duties and obligations upon the Plaintiff in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure; Plaintiff will respond in accordance with said law and rules.

2.      The Plaintiff objects to these requests to the extent they seek information and/or documentation regarding matters about which the Defendant has knowledge but has failed to disclose, or so limited their responses to previous discovery of the Plaintiff, so as to in effect deny the Plaintiff the information requested and needed by them to answer these requests.

3.      The Plaintiff objects to these requests to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of

attorneys or other representatives of the Plaintiff, rather than seeking this information from the Plaintiff.

4.       The Plaintiff objects to these requests to the extent they seek information and/or documentation protected by the attorney-client privilege or any other applicable privilege.

5.       The Plaintiff objects to these requests to the extent that the Defendant is seeking to make them into a bill of particulars.

6.       The Plaintiff objects to these requests to the extent they seek to require Plaintiff's counsel to present a "dress rehearsal" of the evidence to be submitted in the course of the proceedings. The mental impressions, legal theories, legal conclusions, and legal opinions of Plaintiff's counsel, as well as any communications between Plaintiff and her counsel, are clearly protected from discovery by the attorney-client privilege and the work product doctrine.

7.       The Plaintiff objects to these requests to the extent that the information and/or documentation sought, if any, was obtained and prepared in anticipation of litigation and the Defendants have not made the required showing of substantial need for the information and/or documentation or that the substantial equivalent of such information and/or documentation is unobtainable by other means. The Plaintiff further objects to these requests to the extent that the information and/or documentation called for, if any, is protected and is not discoverable under Rule 26(b)(3) of the Fed. R. Civ. P. and <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947).

8.       The Plaintiff objects to these requests to the extent that they seek information and/or documentation that is equally available to the Defendant and the burden on the Defendant to obtain the requested information and/or documentation is no greater than the burden on the Plaintiff.

9.       The Plaintiff objects to these requests to the extent they exceed the requirements of Rules

2

26, 30, 34 or 45 of the Fed. R. Civ. P.

10.    The Plaintiff objects to these requests to the extent they seek information and/or documentation relating to expert witnesses, witnesses, and trial exhibits in excess of the disclosure duties imposed by the Fed. R. Civ. P. and the Court's Scheduling and Pretrial Orders relating to such matters.

11.    The Plaintiff objects to these requests to the extent they require the Plaintiff to disclose "each and every" fact or piece of knowledge possessed by them as such a requirement is impossible to fulfill and is objectionably broad for failure to be "reasonably particularized".

12.    The Plaintiff objects to these requests to the extent they request duplicative and cumulative information and/or documentation heretofore disclosed in conjunction with discovery already undertaken by the Defendant in this action.

13.    The Plaintiff objects to these requests to the extent that they seek to require the Plaintiff's attorneys to divulge the substance of information and/or documentation developed by them (i.e., interpretive, not investigatory) in preparation for any hearing or trial in this action.

14.    The Plaintiff objects to these requests to the extent that they do not, on their face, restrict themselves either to an identifiable time or a reasonable, rationally-based time frame.

15.    The Plaintiff objects to these requests to the extent that they seek information and/or documentation from the Plaintiff regarding matters about which the Defendant has refused or objected to providing in their interrogatory or request for production responses.

16.    The Plaintiff objects to these requests to the extent that they are oppressive, i.e., they were designed to create an unreasonable burden on the Plaintiff which burden is not commensurate with the professed result sought.

3

17.    The Plaintiff objects to these interrogatories to the extent they seek answers to multiple interrogatories within a single interrogatory.

18.    These requests are addressed to the Plaintiff and the responses herein are based on information and/or documentation presently available to the Plaintiff. Investigation is presently continuing, however, and additional information and/or documentation pertinent to these requests may well be disclosed as a result of such ongoing and continuing investigation.

Except as otherwise indicated, the Plaintiff incorporates the General Objections into each and every answer set forth below. Without waiving the foregoing objections, the Plaintiff answers as follows:

**INTERROGATORY NO. 1:**  Identify all litigation or legal proceedings in which you have been a witness or party, including the name and number of the case, the court or administrative agency for which the case was pending, and a brief description of the nature of the case, and the year in which the matter was pending.

**SPECIFIC OBJECTION TO REQUEST**: Plaintiff objects because this request does not seek relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this request is unduly harassing, burdensome, and oppressive. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

ANSWER:    <u>Bert, et al. v. AK Steel</u>
Case No.: 1:02-CV-00467
United States District Court
Southern District of Ohio (Cincinnati)
Nature of case: Race discrimination in hiring

**INTERROGATORY NO. 2:** Identify all employers for whom you have worked since January 1, 2001, including the dates of employment, the positions held, amounts paid per week, and reason for

4

leaving, if applicable.

**SPECIFIC OBJECTION TO REQUEST**: Plaintiff objects because this request does not seek relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this request is unduly harassing, burdensome, and oppressive. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**ANSWER:**    August 16, 2002 to present: Sam's Club as a demonstrator, part time work from 16 to 40 hours per week at $8.00 per hour.

**INTERROGATORY NO. 3:** Identify all employers to whom you applied for employment since January 1, 2001, including the date you submitted written applications, the job to which you applied, the dates you were interviewed, the employers who tendered you job offers, and a description of the offer.

**SPECIFIC OBJECTION TO REQUEST**: Plaintiff objects because this request does not seek relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this request is unduly harassing, burdensome, and oppressive. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**ANSWER:**    I have applied to A. K. Steel Corporation and the employers listed in my response to Interrogatory No. 2.

**INTERROGATORY NO. 4:** Identify all income received from whatever source, by amount each week after January 1, 2001.

**ANSWER:**    Please see my response to Interrogatory No. 2.

**INTERROGATORY NO. 5:** Identify by name, address and telephone number all individuals who have knowledge about or information about the allegations in the Complaint, and state a summary of

what you believe their knowledge to be.

> **ANSWER:**    Marnie Carter at 908 S. 8th Street, Ironton, Ohio and Darrell Carter at 901 South
>
> 7th Street, Ironton, Ohio

**INTERROGATORY NO. 6:** Identify all individuals who you intend to call as witnesses in the litigation of this matter.

**SPECIFIC OBJECTION TO REQUEST**: Plaintiffs objects because this Interrogatory violates the Court's Order establishing a deadline for Plaintiff to disclose witnesses and testimony. Plaintiff further objects to the extent this interrogatory seeks information protected by the attorney-client privilege or other privilege and/or the work product doctrine. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**ANSWER:** Plaintiff will abide by the deadlines established by the Court and the disclosure requirements set by the Federal Rules of Civil Procedure to disclose the witnesses they will use at trial in this case.

Respectfully Submitted,

Robert F. Childs, Jr.
Herman N. Johnson, Jr.
**WIGGINS, CHILDS, QUINN & PANTAZIS, LLC.**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 328-0640
(205) 254-1500 (facsimile)

6

Tobias, Kraus & Torchia, LLP
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (facsimile)

ATTORNEYS FOR THE PLAINTIFFS

## CERTIFICATE OF SERVICE

I do hereby certify that on May 10, 2007, I served the foregoing via U.S. Mail and electronic mail upon the following:

Gregory Parker Rogers
Lawrence James Barty
Patricia Anderson Pryor
Taft, Stettinius & Hollister, LLP
1800 First Star Tower
425 Walnut Street
Cincinnati, OH 45202
Fax: (513) 381-0205

_____
PLAINTIFFS' COUNSEL

7

## **VERIFICATION**

I, ~~Maggie~~ DARLENE Carter, hereby state that the answers to the foregoing interrogatories are true and

complete to the best of my knowledge.

_Darlene Carter_

DARLENE ~~Maggie~~ Carter

This the ___5th___ day of ~~April~~ MAY, 2007.

7

**H&R Block**
# advantage

## 2004 Tax Return Summary

### Federal Year over Year Comparison

| INCOME | Year 2004 | Year 2003 | Change($) |
|---|---|---|---|
| Wages, salaries, tips | $9,986 | $10,877 | ($891) |
| Total income | $9,986 | $10,877 | ($891) |
| **ADJUSTED GROSS INCOME** | | | |
| Total income less total adjustments | $9,986 | $10,877 | ($891) |
| **PAYMENTS** | | | |
| Federal withholding | $816 | $886 | ($70) |
| Earned income credit | $2,604 | $2,547 | $57 |
| Additional child tax credit | $0 | $38 | ($38) |
| Total payments | $3,420 | $3,471 | ($51) |
| **REFUND** | | | |
| Overpayment | $3,420 | $3,471 | ($51) |
| Refund due | $3,420 | $3,471 | ($51) |
| **OTHER COMPUTATIONS** | | | |
| Alternative minimum taxable income | $9,986 | $10,877 | ($891) |
| Filing status | Head of Household | Head of Household | |

**An H&R Block Tax Professional is available year-round to provide you with information about these opportunities. For more information about tax, mortgage and financial services call 1-800-HRBLOCK or visit hrblock.com.**

This H&R Block Advantage document provides suggestions that may help you improve your tax and financial situation. Its contents should be considered in conjunction with information you receive from other sources that are familiar with your specific circumstances. H&R Block Financial Advisors, Inc., a subsidiary of H&R Block Inc. offers investment services and securities products. H&R Block Financial Advisors, Inc. is a dually-registered investment advisor and broker-dealer and a member of NYSE/SIPC. Tax services offered through subsidiaries of H&R Block Services Inc. Mortgage services offered through H&R Block Mortgage Inc. H&R Block Inc., H&R Block Services Inc. and H&R Block Mortgage Inc. are not registered broker-dealers.

Form **1040A**

Department of the Treasury - Internal Revenue Service
**U.S. Individual Income Tax Return**    (99)    **2004**    IRS Use Only - Do not write or staple in this space.

OMB No. 1545-0085

**Label**
(See page 18.)

**Use the IRS label.**
Otherwise, please print or type.

DARLENE D CARTER
908 SOUTH 8TH STREET
IRONTON, OH 45638

Your social security number

Spouse's social security number

▲ **Important!** ▲
You **must** enter your SSN(s) above.

**Presidential Election Campaign**
(See page 18.)

Note. Checking "Yes" will not change your tax or reduce your refund.
Do you, or your spouse if filing a joint return, want $3 to go to this fund?    ▶
You: ☐ Yes ☒ No    Spouse: ☐ Yes ☐ No

**Filing Status**
Check only one box.

1. ☐ Single
2. ☐ Married filing jointly (even if only one had income)
3. ☐ Married filing separately. Enter spouse's SSN above & full name below.
4. ☒ Head of household (with qualifying person). (See page 19.)
   If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5. ☐ Qualifying widow(er) with dependent child (see page 19)

**Exemptions**

6a ☒ **Yourself.** If someone can claim you as a dependent, **do not check** box 6a.

b ☐ **Spouse**

| c Dependents: (1) First name    Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if qual. child for child tax cr. (see pg 21) |
|---|---|---|---|
| ALEXA CARTER | | DAUGHTER | X |
| | | | |
| | | | |
| | | | |

If more than six dependents, see page 20.

Boxes checked on 6a and 6b: **1**

No. of children on 6c who:
- lived with you: **1**
- did not live with you due to divorce or separation (see page 21):
- Dependents on 6c not entered above:

Add numbers on lines above ▶ **2**

d Total number of exemptions claimed.

**Income**

Attach Form(s) W-2 here. Also attach Form(s) 1099-R if tax was withheld.

If you did not get a W-2, see page 22.

Enclose, but do not attach, any payment.

| | | | |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. | 7 | 9,986. |
| 8a | Taxable interest. Attach Schedule 1 if required. | 8a | |
| b | Tax-exempt interest. Do not include on line 8a. | 8b | |
| 9a | Ordinary dividends. Attach Schedule 1 if required. | 9a | |
| b | Qualified dividends (see page 23.) | 9b | |
| 10 | Capital gain distributions (see page 23). | 10 | |
| 11a | IRA distributions.   11a | 11b Taxable amount (see page 23). | 11b |
| 12a | Pensions and annuities.   12a | 12b Taxable amount (see page 24). | 12b |
| 13 | Unemployment compensation & Alaska Permanent Fund dividends. | 13 | |
| 14a | Social security benefits.   14a | 14b Taxable amount (see page 26). | 14b |
| 15 | Add lines 7 through 14b (far right column). This is your **total income**. ▶ | 15 | 9,986. |

**Adjusted gross income**

| | | | |
|---|---|---|---|
| 16 | Educator expenses (see page 26). | 16 | |
| 17 | IRA deduction (see page 26). | 17 | |
| 18 | Student loan interest deduction (see page 29). | 18 | |
| 19 | Tuition and fees deduction (see page 29). | 19 | |
| 20 | Add lines 16 through 19. These are your **total adjustments**. | 20 | |
| 21 | Subtract line 20 from line 15. This is your **adjusted gross income**. ▶ | 21 | 9,986. |

KBA    For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see page 57.

Form **1040A** (2004)

Form 1040A (2004)  DARLENE D CARTER
Page 2

| | | | |
|---|---|---|---|
| **Tax, credits, and payments** | 22 Enter the amount from line 21 (adjusted gross income). | 22 | 9,986. |
| | 23a Check if: ☐ **You** were born before January 2, 1940, ☐ Blind ☐ **Total boxes** ☐ **checked** ▶ 23a | | |
| | ☐ **Spouse** was born before January 2, 1940, ☐ Blind | | |
| **Standard Deduction for —** | b If you are married filing separately and your spouse itemizes deductions, see page 30 and check here ▶ 23b ☐ | | |
| • People who checked any box on line 23a or 23b **or** who can be claimed as a dependent, see page 31. | 24 Enter your **standard deduction** (see left margin). | 24 | 7,150. |
| | 25 Subtract line 24 from line 22. If line 24 is more than line 22, enter -0-. | 25 | 2,836. |
| | 26 If line 22 is $107,025 or less, multiply $3,100 by the total number of exemptions claimed on line 6d. If line 22 is over $107,025, see the worksheet on page 32. | 26 | 6,200. |
| | 27 Subtract line 26 from line 25. If line 26 is more than line 25, enter -0-. This is your **taxable income.** ▶ | 27 | 0. |
| • All others: Single or Married filing separately, $4,850 | 28 **Tax**, including any alternative minimum tax (see page 31). | 28 | 0. |
| Married filing jointly or Qualifying widow(er), $9,700 | 29 Credit for child and dependent care expenses. Attach Schedule 2. | 29 | |
| | 30 Credit for the elderly or the disabled. Attach Schedule 3. | 30 | |
| Head of household, $7,150 | 31 Education credits. Attach Form 8863. | 31 | |
| | 32 Retirement savings contributions credit. Attach Form 8880. | 32 | |
| | 33 Child tax credit (see page 36). | 33 | |
| | 34 Adoption credit. Attach Form 8839. | 34 | |
| | 35 Add lines 29 through 34. These are your **total credits.** | 35 | 0. |
| | 36 Subtract line 35 from line 28. If line 35 is more than line 28, enter -0-. | 36 | 0. |
| | 37 Advance earned income credit payments from Form(s) W-2. | 37 | |
| | 38 Add lines 36 and 37. This is your **total tax.** ▶ | 38 | 0. |
| | 39 Federal income tax withheld from Forms W-2 and 1099. | 39 | 816. |
| **If you have a qualifying child, attach Schedule EIC.** | 40 2004 estimated tax payments and amount applied from 2003 return. | 40 | |
| | 41a Earned income credit (EIC). | 41a | 2,604. |
| | b Nontaxable combat pay election. | 41b | |
| | 42 Additional child tax credit. Attach Form 8812. | 42 | |
| | 43 Add lines 39, 40, 41a & 42. These are your **total payments.** ▶ | 43 | 3,420. |
| **Refund** | 44 If line 43 is more than line 38, subtract line 38 from line 43. This is the amount you **overpaid.** | 44 | 3,420. |
| Direct deposit? See page 49 and fill in 45b, 45c, and 45d. | 45a Amount of line 44 you want **refunded to you.** ▶ | 45a | 3,420. |
| | ▶ b Routing number | ▶ c Type: ☒ Checking ☐ Savings | |
| | ▶ d Account number | | |
| | 46 Amount of line 44 you want **applied to your** 2005 estimated tax. | 46 | |
| **Amount you owe** | 47 **Amount you owe.** Subtract line 43 from line 38. For details on how to pay, see page 51. ▶ | 47 | |
| | 48 Estimated tax penalty (see page 51). | 48 | |
| **Third party designee** | Do you want to allow another person to discuss this return with the IRS (see page 52)? ☒ **Yes.** Complete the following. ☐ **No** | | |
| | Designee's name ▶ HR BLOCK | Phone no. ▶ (304) 523-9488 | Personal ID number (PIN) ▶ 46103 |

**Sign here**
Joint return? See page 18. Keep a copy for your records.

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and accurately list all amounts and sources of income I received during the tax year. Declaration of preparer (other than the taxpayer) is based on all information of which the preparer has any knowledge.

| | Date | | Daytime phone number |
|---|---|---|---|
| Your signature  For Info Only-Do not file | | Your occupation  DEMO | |
| Spouse's signature. If a joint return, **both** must sign.  For Info Only-Do not file | Date | Spouse's occupation | |

**Paid preparer's use only**

| Preparer's signature ▶ | Date 1/17/2005 | Check if self-employed ☐ | Preparer's SSN or PTIN  P00457385 |
|---|---|---|---|
| Firm's name (or yours if self-employed), address, and ZIP code ▶ | H AND R BLOCK  IRONTON, OH 45638 | | EIN 43-1862224  Phone no.(740) 532-4578 |

Form **1040A** (2004)

FD1040A- 2V 1.18
Form Software Copyright 1996 - 2005 H&R Block Tax Services, Inc.