# APPLICATION FOR EMPLOYMENT
## AK Steel Corporation



AK Steel Corporation is an Equal Employment Opportunity Employer and as such meets all government regulations pertaining to Equal Employment Opportunity.

Name: Edward James Lewis  Date: 4-30-01

Present Address: 614 20th Street Middletown Ohio 45044

Phone Number — or number where you can be reached: (513) 422-8651

Permanent Address: 614 20th Middletown Ohio 45044

Permanent Phone: (513) 422-8651  Social Security #: ___

Are you 18 years of age or older? ☒ Yes  ☐ No

Are you lawfully entitled to work within the U.S.? yes
(PROOF OF CITIZENSHIP OR IMMIGRATION STATUS IS REQUIRED UPON EMPLOYMENT)

Have you been convicted of a crime other than a minor traffic violation? NA

If yes, explain. ___

Date available for employment: 4 30 01

If the job requires, are you willing to travel? yes    Relocate? ___

If the job requires, are you able to work all shifts? yes

Have you previously applied at Armco or AK Steel? NA   If yes, when/where? ___

**EXHIBIT**
Lewis
6-5-07
DWB

Have you previously worked for Armco or AK Steel? NA   If yes, when/where? ___

---

Federal regulations require AK Steel Corporation to maintain the following information on all individuals making application for employment. This information is retained separate and apart from all APPLICATIONS FOR EMPLOYMENT and is not used for purposes of making employment decisions. All qualified applicants will receive consideration for employment without regard to race, color, religion, sex, national origin, military status, disability or age. We appreciate your cooperation.

NAME: Edward James Lewis   DATE: 4 30 01

SEX: ☐ Male  ☐ Female

RACE: ☐ White (not of Hispanic origin)  ☐ Hispanic  ☐ Asian or Pacific Islander
      ☒ Black (not of Hispanic origin)  ☐ American Indian or Alaskan Native

CHECK IF APPLICABLE:  ☐ Vietnam Era Veteran  ☐ Disabled Veteran  ☐ Disabled Individual

POSITION FOR WHICH YOU ARE APPLYING:
☐ Management      ☐ Sales Representative   ☐ Clerical        ☒ Laborer
☐ Professional    ☐ Technical              ☐ Craft Worker    ☐ Service Worker

Form G-6545  12/94  *(EMPLOYMENT DEPARTMENT: Detach Upon Receipt of Application)*   0078   Plfs' 1st Prod. to Dft

(Side margin: Lewis Edward James — LAST NAME / FIRST / MIDDLE)

# EDUCATIONAL BACKGROUND:

Circle last grade completed   1   2   3   4   5   6   7   8   9   10   11   12        **College hours completed** _____

| TYPE OF SCHOOL | NAME AND LOCATION | GRADUATED YES | GRADUATED NO | DEGREE | FIELD OF STUDY | GRADE POINT/SCALE TOP, MID, BOT, 1/3 |
|---|---|---|---|---|---|---|
| HIGH | Middletown High School | ✓ | | | | M, D |
| BUSINESS OR TRADE | | | | | | |
| COLLEGE OR UNIVERSITY | | | | | | |
| | | | | | | |
| | | | | | | |
| POST GRADUATE | | | | | | |
| | | | | | | |

List other formal educational experience; e.g., night school, home study courses, GED, etc. _____

_____

_____

If presently enrolled, indicate where and field of study: _____

Describe any definite plans for further study: _____

_____

List significant activities, honors, awards or elective offices which have contributed to your career goals and interests: _____

_____

**MILITARY SERVICE:** Are you a Veteran of the U.S. Military Service?   ☐ Yes   ☑ No

| BRANCH OF SERVICE | HIGHEST RANK OR RATE |
|---|---|
| | |

Please, indicate any military experience or training you feel might be of interest and value to AK Steel: _____

_____

_____

EMPLOYMENT EXPERIENCE

PRESENT OR MOST RECENT POSITION

Name of employer S. K. Construcion   Your title Labor

Address 2236 Atco   Kind of business Con

Describe your position Labor

Period of employment from 1-97 (MO/YR) to 2-01 (MO/YR)   Name of person for whom you worked Jimmy Smith   Rate of earnings 19.92

Give exact reason for leaving lack of work

NEXT PREVIOUS POSITION

Name of employer Graycor con   Your title Labor

Address Indiana   Kind of business

Describe your position Labor

Period of employment from 1-96 (MO/YR) to 1-97 (MO/YR)   Name of person for whom you worked Scott Rosewood   Rate of earnings 17.75

Give exact reason for leaving had off

NEXT PREVIOUS POSITION

Name of employer ___   Your title ___

Address ___   Kind of business ___

Describe your position ___

Period of employment from ___ (MO/YR) to ___ (MO/YR)   Name of person for whom you worked ___   Rate of earnings ___

Give exact reason for leaving ___

NEXT PREVIOUS POSITION

Name of employer ___   Your title ___

Address ___   Kind of business ___

Describe your position ___

Period of employment from ___ (MO/YR) to ___ (MO/YR)   Name of person for whom you worked ___   Rate of earnings ___

Give exact reason for leaving ___

How much time have you lost from work in the past two years? ___

0080   FHS 1St
Prod. to Dft

## JOB INTERESTS AND SKILLS:

For what particular type of work are you making application; e.g., clerical, technical, engineering, professional, sales, labor, etc.

Labor

Expected wage or salary $ Open

If applying for clerical work, list special skills. Include typing (wpm), word processing, computer software, and any office machines or equipment you can operate: _____

If applying for sales, technical, professional, or administrative work, give highlights of any special training or experience which may be helpful: _____

If applying for labor or craft work, indicate any training or experience which might be useful. Include any equipment or machinery you can operate: Shields Site Specific training, OSHA Occupational Safety and Health Training Course in Construction & health, Hazard Communication Training Certificate, Fall Protection training Course SHA Safety Training Passport training course ATSSA Registered Flagger

Describe any additional qualifications, abilities, or strong points which will help you be successful in the job for which you are applying.
I been working in constuction for 4 year as a labor very hard worker and dependable to be on the job on time and work in a safe env:

## PERSONAL REFERENCES:

Please provide the following information on three individuals whom we may contact as references:

| NAME | ADDRESS | TELEPHONE NO | RELATIONSHIP |
|---|---|---|---|
| Allen Roberts | Oaks | 820 3181 | |
| Jack Kenner | 1109 Baltimore | 425 9453 | Friend |
| Monn Moore | 2241 Young | 425 0700 | Friend |

I hereby certify that the foregoing information is accurate, and I authorize AK Steel to verify it. I specifically authorize AK Steel Corporation to obtain information from my former employers and other references, and I authorize my former employers and other references to release information to AK Steel Corporation.

I agree that any false or misleading statement in this application for employment or any additional forms signed by me in connection with my employment shall be sufficient cause for refusal or termination of employment.

I understand that this application is not and is not intended to be a contract of employment. I agree to submit to a physical examination applicable to the requirements of the type of work for which I am applying, including drug and alcohol abuse screening.

Signature of Applicant _[signature]_    4 30 01
Application received by/Date received

0081 Prod. to Dft

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VIVIAN BERT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. C-1-02-467 |
| | ) Judge Beckwith |
| AK STEEL CORPORATION, | ) Magistrate Judge Hogan |
| | ) |
| Defendant. | ) |

**PLAINTIFF EDWARD JAMES LEWIS' RESPONSES TO
DEFENDANT A. K. STEEL CORPORATION'S FIRST SET OF INTERROGATORIES**

Comes now the Plaintiff, James Edward Lewis, by and through his undersigned counsel of record and responds to the Defendant's First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

1. The Plaintiff objects to the definitions and instructions accompanying these interrogatories to the extent that they seek to impose burdens, duties and obligations upon the Plaintiff in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure; Plaintiff will respond in accordance with said law and rules.

2. The Plaintiff objects to these requests to the extent they seek information and/or documentation regarding matters about which the Defendant has knowledge but has failed to disclose, or so limited their responses to previous discovery of the Plaintiff, so as to in effect deny the Plaintiff the information requested and needed by them to answer these requests.

3. The Plaintiff objects to these requests to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of



attorneys or other representatives of the Plaintiff, rather than seeking this information from the Plaintiff.

4. The Plaintiff objects to these requests to the extent they seek information and/or documentation protected by the attorney-client privilege or any other applicable privilege.

5. The Plaintiff objects to these requests to the extent that the Defendant is seeking to make them into a bill of particulars.

6. The Plaintiff objects to these requests to the extent they seek to require Plaintiff's counsel to present a "dress rehearsal" of the evidence to be submitted in the course of the proceedings. The mental impressions, legal theories, legal conclusions, and legal opinions of Plaintiff's counsel, as well as any communications between Plaintiff and her counsel, are clearly protected from discovery by the attorney-client privilege and the work product doctrine.

7. The Plaintiff objects to these requests to the extent that the information and/or documentation sought, if any, was obtained and prepared in anticipation of litigation and the Defendants have not made the required showing of substantial need for the information and/or documentation or that the substantial equivalent of such information and/or documentation is unobtainable by other means. The Plaintiff further objects to these requests to the extent that the information and/or documentation called for, if any, is protected and is not discoverable under Rule 26(b)(3) of the Fed. R. Civ. P. and Hickman v. Taylor, 329 U.S. 495 (1947).

8. The Plaintiff objects to these requests to the extent that they seek information and/or documentation that is equally available to the Defendant and the burden on the Defendant to obtain the requested information and/or documentation is no greater than the burden on the Plaintiff.

9. The Plaintiff objects to these requests to the extent they exceed the requirements of Rules

2

26, 30, 34 or 45 of the Fed. R. Civ. P.

10. The Plaintiff objects to these requests to the extent they seek information and/or documentation relating to expert witnesses, witnesses, and trial exhibits in excess of the disclosure duties imposed by the Fed. R. Civ. P. and the Court's Scheduling and Pretrial Orders relating to such matters.

11. The Plaintiff objects to these requests to the extent they require the Plaintiff to disclose "each and every" fact or piece of knowledge possessed by them as such a requirement is impossible to fulfill and is objectionably broad for failure to be "reasonably particularized".

12. The Plaintiff objects to these requests to the extent they request duplicative and cumulative information and/or documentation heretofore disclosed in conjunction with discovery already undertaken by the Defendant in this action.

13. The Plaintiff objects to these requests to the extent that they seek to require the Plaintiff's attorneys to divulge the substance of information and/or documentation developed by them (i.e., interpretive, not investigatory) in preparation for any hearing or trial in this action.

14. The Plaintiff objects to these requests to the extent that they do not, on their face, restrict themselves either to an identifiable time or a reasonable, rationally-based time frame.

15. The Plaintiff objects to these requests to the extent that they seek information and/or documentation from the Plaintiff regarding matters about which the Defendant has refused or objected to providing in their interrogatory or request for production responses.

16. The Plaintiff objects to these requests to the extent that they are oppressive, i.e., they were designed to create an unreasonable burden on the Plaintiff which burden is not commensurate with the professed result sought.

3

17.　The Plaintiff objects to these interrogatories to the extent they seek answers to multiple interrogatories within a single interrogatory.

18.　These requests are addressed to the Plaintiff and the responses herein are based on information and/or documentation presently available to the Plaintiff. Investigation is presently continuing, however, and additional information and/or documentation pertinent to these requests may well be disclosed as a result of such ongoing and continuing investigation.

Except as otherwise indicated, the Plaintiff incorporates the General Objections into each and every answer set forth below. Without waiving the foregoing objections, the Plaintiff answers as follows:

**INTERROGATORY NO. 1:** Identify all litigation or legal proceedings in which you have been a witness or party, including the name and number of the case, the court or administrative agency for which the case was pending, and a brief description of the nature of the case, and the year in which the matter was pending.

**SPECIFIC OBJECTION TO REQUEST:** Plaintiff objects because this request does not seek relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this request is unduly harassing, burdensome, and oppressive. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**ANSWER:**　Bert, et al. v. AK Steel
Case No.: 1:02-CV-00467
United States District Court
Southern District of Ohio (Cincinnati)
Nature of case: Race discrimination in hiring

ARR ENT - Workers Comp Claim - 06-850-270　　8/1/2006
ADDECO - Workers Comp. Claim - 97-615192　　12/10/97

4

**INTERROGATORY NO. 2:** Identify all employers for whom you have worked since January 1, 2001, including the dates of employment, the positions held, amounts paid per week, and reason for leaving, if applicable.

**SPECIFIC OBJECTION TO REQUEST**: Plaintiff objects because this request does not seek relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this request is unduly harassing, burdensome, and oppressive. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**ANSWER:** 1/17/01 - 3/5/02:  The Lewis Group - CEO  - Home Repair - $2,500.00 weekly - Too much overhead to continue

7/02 to 6/10/03: Inavative Body Shop - Shop Tech. - $500.00 weekly - Lack of Pay

9/3/03 - 10/15/04: AKR Interprise - Driver and Installer $700.00 weekly - End of Contract

11/19/04 - 3/16/05: B. S. Auto Repair - CEO - Auto Mechanic and Repair - $1,000.00 weekly - Too much overhead to continue

Columbus Steel - Casting - Burner - $600.00 weekly - left for better job.

**INTERROGATORY NO. 3:** Identify all employers to whom you applied for employment since January 1, 2001, including the date you submitted written applications, the job to which you applied, the dates you were interviewed, the employers who tendered you job offers, and a description of the offer.

**SPECIFIC OBJECTION TO REQUEST**: Plaintiff objects because this request does not seek relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this request is unduly harassing, burdensome, and oppressive. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**ANSWER:** Please see the response to Interrogatory No. 2 above

**INTERROGATORY NO. 4:** Identify all income received from whatever source, by amount each week after January 1, 2001.

**ANSWER:**  B. S. Auto Repair - CEO - $1,000.00 Weekly

AKR Enterprise - $600.00 to $700.00 Weekly

Inavative Body Shop - $500.00 Weekly

Columbus Steel Casting - $600.00 Weekly

The Louis Group - $2,500.00 Weekly

Decker Transportation - $500.00 Weekly

**INTERROGATORY NO. 5:** Identify by name, address and telephone number all individuals who have knowledge about or information about the allegations in the Complaint, and state a summary of what you believe their knowledge to be.

**ANSWER:** None

**INTERROGATORY NO. 6:** Identify all individuals who you intend to call as witnesses in the litigation of this matter.

**SPECIFIC OBJECTION TO REQUEST:** Plaintiffs objects because this Interrogatory violates the Court's Order establishing a deadline for Plaintiff to disclose witnesses and testimony. Plaintiff further objects to the extent this interrogatory seeks information protected by the attorney-client privilege or other privilege and/or the work product doctrine. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**ANSWER:** Plaintiff will abide by the deadlines established by the Court and the disclosure

6

[L.J.
4 of 5]

## VERIFICATION

I, Edward James Lewis hereby state that the answers to the foregoing interrogatories are true and complete to the best of my knowledge.

_____
Edward James Lewis

This the ____28____ day of April, 2007.

requirements set by the Federal Rules of Civil Procedure to disclose the witnesses they will use at trial in this case.

                              Respectfully Submitted,

                              */s/ H. Johnson, Jr.*
                              Robert F. Childs, Jr.
                              Herman N. Johnson, Jr.
                              Susan G. Donahue

                              **WIGGINS, CHILDS, QUINN & PANTAZIS**
                              The Kress Building
                              301 19th Street North
                              Birmingham, Alabama 35203
                              (205) 328-0640
                              (205) 254-1500 (facsimile)

                              Tobias, Kraus & Torchia, LLP
                              414 Walnut Street
                              Suite 911
                              Cincinnati, Ohio 45202
                              (513) 241-8137
                              (513) 241-7863 (facsimile)

                              ATTORNEYS FOR THE PLAINTIFFS

## CERTIFICATE OF SERVICE

I do hereby certify that on June 5, 2007, I served the foregoing via Hand Delivery upon the following:

Gregory Parker Rogers
Lawrence James Barty
Patricia Anderson Pryor
Taft, Stettinius & Hollister, LLP
1800 First Star Tower
425 Walnut Street
Cincinnati, OH 45202
Fax: (513) 381-0205

_____
PLAINTIFFS' COUNSEL

## VERIFICATION

I, Edward Lewis hereby state that the answers to the foregoing interrogatories are true and complete to the best of my knowledge.

_____
Edward Lewis

This the **6/4/07** day of June, 2007



# APPLICANT SURVEY

Applicant Name: Edward Lewis       Date: 4 30 01

| Item | Response | | |
|---|---|---|---|
| 1. Other than exiting the military, how many times have you been without employment for more than six weeks? | | | |
| 2. In the left column, list your full-time employers (company names) for the past 10 years and in the right column write the number of years in each job listed | Graycor Con | 1 | |
| | Sik Con | 4 | |
| | Mount Carmel med | 2 | |
| | Klean Rite detail | 3 | |
| | Big ten Auto Sales | 2 | |
| | | | |
| 3. Have you ever been terminated from any employer? | YES | **NO** (circled) | |
| 4. Do you have a high school diploma or GED? | **YES** (circled) | NO | |
| 5. Do you have a valid driver's license? | **YES** (circled) | NO | |
| 6. Do you have reliable transportation? | **YES** (circled) | NO | |
| 7. Have you ever been convicted of a crime other than a minor traffic violation? | YES | **NO** (circled) | |
| 8. Some positions are on weekly rotating shifts. Is this: (A) Preferred (B) Tolerable, or (C) Unacceptable | **A** (circled) | B | C |
| 9. Have you ever worked for AK Steel/Armco before? | YES | **NO** (circled) | |
| 10. How many years of assembly, heavy machinery and/or manufacturing experience do you have? | .3 | | |
| 11. Do you have experience in welding, electrical, maintenance or plumbing? | **YES** (circled) | NO | |
| 12. List any education beyond high school. | | | |
| 13. Have you served in the military? (Upon job offer, a copy of your DD-214 will be required) | YES | **NO** (circled) | |
| 14. Have you ever worked rotating shifts for a previous employer? | **YES** (circled) | NO | |

EXHIBIT 4 LEWIS 6-5-07 pmB

0086    Pfts' 1st Prod. to Dft

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 221A200704 |

_____ Cincinnati Area Office _____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Edward James Lewis | (513) 705-6398 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 614 20th Street | Middletown, OH 45044 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| AKSteel | >20 | 1-800-331-5050 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 703 Curtis Street | Middletown, Ohio 45043 | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE
☐ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)    LATEST (ALL)

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

EEOC CINCINNATI AREA OFFICE

JUL 16 2002

RECEIVED

**EXHIBIT** 5 LEWIS 6-5-07 pmb

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

*[signature]*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

Date X    Charging Party (Signature) X

EEOC FORM 5 (10/94)

# CHARGE OF DISCRIMINATION
# EDWARD JAMES LEWIS
# PAGE 1

## I. Overview of Individual and Class Allegations

AK Steel Corporation has discriminated and continues to discriminate against me in the terms and conditions of my application for employment with them on the basis of my race, African-American, by denying me the opportunity to be hired while hiring equally or less qualified white employees and subjecting me to a racially hostile application process and other forms of discrimination. I believe that AK Steel Corporation's actions are part of a continuing pattern and practice of discrimination against African-American applicants for employment and employees, including but not limited to, denying applicants hiring opportunities while providing such opportunities to equally or less qualified white applicants and subjecting them to a racially hostile application process.

## II. Statement of Facts

I applied three times to AKSteel. The most recent was around November 2001. Having seen their advertizement in the help wanted section of the local newspaper, I submitted my applications by giving them to a current AKSteel maintenance employee, Allen Roberts. Each time, I applied for a general labor position, a job which requires basic skills such as ability to do construction work. Because I have more than twelve years of experience as a construction worker (in which capacity I did sub-contractor work through S and K Construction and Graycor Construction at the AKSteel factory), including such skills as concrete and blacktop work, I thought that the position corresponded well to my qualifications. In addition, I had gone through AK's training process in order to do sub-contractor work there, was never written up or reprimanded during my tenure there, and provided them with excellent references including that of current AKSteel employee Allen Roberts. Furthermore, I have no felony convictions and am drug-free. After each application, however, I heard nothing back from AKSteel. They did not acknowledge receipt of my application materials, schedule an interview or test, or notify me of rejection. I am currently employed by Spears in Mason, OH, where I do maintenance work.

## III. Statement of Discrimination

I believe that AK Steel Corporation has discriminated against me and continues to discriminate against me in the terms and conditions of my applications for employment with them on the basis of my race, African-American, in violation of the Civil Rights Act of 1964, as amended, because white applicants with fewer qualifications than me have been hired and I have not, and because I have been subjected to a racially hostile application process and other forms of discrimination and denied the right to apply for work in an environment free of racial discrimination.

I have been adversely affected by these discriminatory practices by being deprived of the equal opportunity to be hired. Such discrimination denies me and other African-Americans the right to be hired for positions for which we are qualified.

CHARGE OF DISCRIMINATION
EDWARD JAMES LEWIS
PAGE 2

This systemic discrimination also adversely affects the status of African-Americans as employees by promoting and reinforcing racial stereotypes and bias in hiring.

IV.  **Statement of Classwide Discrimination on the Basis of Race**

Based on my experiences, I believe that AK Steel Corporation has engaged and continues to engage in a pattern and practice of discrimination against its African-American applicants for employment and employees that denies them equal employment opportunities in ways including but not limited to the following: denying them hiring opportunities while providing such opportunities to equally or less qualified white employees and subjecting them to a racially hostile application process and work environment in which few other African-Americans are employed. This policy violates Title VII of the 1964 Civil Rights Act, 42 U.S.C. Section 2000(e), et seq.

I believe this policy has effected a class of black persons comprised of all past, present and future black applicants for employment with AK Steel. I believe that these discriminatory practices occur throughout AK Steel Corporation. I make this charge on behalf of myself and all similarly situated African-American applicants for employment and employees.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 7-6-02

_____
Charging Party (signature)

# DISMISSAL AND NOTICE OF RIGHTS

| To: Edward Lewis<br>614 20TH STREET<br>MIDDLETOWN, OH 45044 | From: E.E.O.C<br>Cincinnati Area Office<br>550 Main Street, Suite 10-019<br>Cincinnati, Ohio 45202-5202 |
|---|---|

☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL ( 29 C.F.R. 1601.7(a) )*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 221A200704 | Legal Unit Duty Officer | (216) 522-7445 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.
☐ Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.
☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.
☐ We cannot investigate your charge because it was not filed within the time limit required by law.
☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.
☐ While reasonable efforts were made to locate you, we were not able to do so.
☐ You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.
☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.
☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.
☒ Other (*briefly state*) CHARGING PARTY FILED SUIT IN U.S. DISTRICT COURT

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

_____          09 January 2003
Wilma L. Javey, Director              (Date)

Enclosure(s)



cc: A K STEEL
    703 CURTIS STREET
    MIDDLETOWN, OH 45043

EEOC FORM 161 (Rev 09/97)                     RESPONDENT COPY