# APPLICATION FOR EMPLOYMENT

## AK Steel Corporation



**AK Steel**

AK Steel Corporation is an Equal Employment Opportunity Employer and as such meets all government regulations pertaining to Equal Employment Opportunity.

Name *Shawn* *Remon* *Pryor*     Date *11-19-01*
       FIRST      MIDDLE    LAST

Present Address *1101*  *Young St*  *Middletown*  *OH*  *45044*
                NO       STREET      CITY         STATE  ZIP CODE

Phone Number — or number where you can be reached: ( *513* ) *422-3164*
                                                    AREA CODE    NUMBER

Permanent Address: *1101*  *Young St.*  *Middletown*  *OH*  *45044*
                   NO       STREET       CITY          STATE  ZIP CODE

Permanent Phone: ( *513* ) *422-3164*     Social Security # _____
                 AREA CODE    NUMBER

Are you 18 years of age or older? ☑ Yes   ☐ No

Are you lawfully entitled to work within the U.S.? *Yes*
(PROOF OF CITIZENSHIP OR IMMIGRATION STATUS IS REQUIRED UPON EMPLOYMENT)

Have you been convicted of a crime other than a minor traffic violation? *No*

If yes, explain. _____

Date available for employment: *A.S.A.P*

If the job requires, are you willing to travel? *Yes*     Relocate? *Yes*

If the job requires, are you able to work all shifts? *No*

Have you previously applied at Armco or AK Steel? *No*   If yes, when/where? _____

Have you previously worked for Armco or AK Steel? *No*   If yes, when/where?

**EXHIBIT**

*Pryor*
*6-6-07*
*1*
*AnB*

Federal regulations require AK Steel Corporation to maintain the following information on all individuals making application for employment. This information is retained separate and apart from all APPLICATIONS FOR EMPLOYMENT and is not used for purposes of making employment decisions. All qualified applicants will receive consideration for employment without regard to race, color, religion, sex, national origin, military status, disability or age. We appreciate your cooperation.

NAME *Shawn Pryor*     DATE *11-19-01*

SEX: ☑ Male   ☐ Female

RACE: ☐ White (not of Hispanic origin)     ☐ Hispanic                      ☐ Asian or Pacific Islander
      ☑ Black (not of Hispanic origin)     ☐ American Indian or Alaskan Native

CHECK IF APPLICABLE: ☐ Vietnam Era Veteran   ☐ Disabled Veteran   ☐ Disabled Individual   **0140**  Plfs' 1st Prod. to Dft

POSITION FOR WHICH YOU ARE APPLYING:
☐ Management          ☐ Sales Representative   ☐ Clerical        ☐ Laborer
☑ Professional        ☑ Technical              ☐ Craft Worker    ☐ Service Worker

**EMPLOYMENT EXPERIENCE:**

PRESENT OR MOST RECENT POSITION

Name of employer _Trader Publishing_    Your title _Information Systems Manager_

Address _4500 Lyons Rd._    Kind of business _Publishing_

Describe your position _Maintained & Serviced the computer network, technical support_

Period of employment from _5/00_ to _8/01_    Name of person for whom you worked _Evelyn Humphrey_    Rate of earnings _16.00 hr_
(MO/YR)    (MO/YR)

Give exact reason for leaving _Position Eliminated_

NEXT PREVIOUS POSITION

Name of employer _PC Review Media Group_    Your title _Feature Column Writer/Technician_

Address _10570 Springboro Pike_    Kind of business _Media/Technology_

Describe your position _Column writer for their monthly magazine, computer technical support_

Period of employment from _11/98_ to _2/00_    Name of person for whom you worked _Brad Proctor_    Rate of earnings _9.50_
(MO/YR)    (MO/YR)

Give exact reason for leaving _Better Opportunity_

NEXT PREVIOUS POSITION

Name of employer _Comp USA_    Your title _Sales_

Address _____    Kind of business _Retail_

Describe your position _Retail Sales, Technical Support_

Period of employment from _3/95_ to _11/98_    Name of person for whom you worked _Lisa Walker_    Rate of earnings _6.75_
(MO/YR)    (MO/YR)

Give exact reason for leaving _Better Opportunity_

NEXT PREVIOUS POSITION

Name of employer _____    Your title _____

Address _____    Kind of business _____

Describe your position _____

Period of employment from _____ to _____    Name of person for whom you worked _____    Rate of earnings _____
(MO/YR)    (MO/YR)

Give exact reason for leaving _____

**0141** Plfs' 1st
Prod. to Dft

How much time have you lost from work in the past two years? _Ø_

## JOB INTERESTS AND SKILLS:

For what particular type of work are you making application; e.g., clerical, technical, engineering, professional, sales, labor, etc.

*Technical or Professional*

Expected wage or salary $ *Going Rate*

If applying for clerical work, list special skills. Include typing (wpm), word processing, computer software, and any office machines or equipment you can operate: _____

_____

_____

_____

If applying for sales, technical, professional, or administrative work, give highlights of any special training or experience which may be helpful: *See Resume for Qualifications.*

_____

_____

If applying for labor or craft work, indicate any training or experience which might be useful. Include any equipment or machinery you can operate: _____

_____

_____

Describe any additional qualifications, abilities, or strong points which will help you be successful in the job for which you are applying.

*See Resume*

_____

_____

## PERSONAL REFERENCES:

Please provide the following information on three individuals whom we may contact as references:

| NAME | ADDRESS | TELEPHONE NO | RELATIONSHIP |
|------|---------|--------------|--------------|
| Brad Proctor | 1057 W. Springboro Pk | 937-885-1080 | Former Boss |
| Michelle Charlton | | 513-899-9515 | Professor |
| Othello Harris | Miami University, Oxford OH | | Professor |

I hereby certify that the foregoing information is accurate, and I authorize AK Steel to verify it. I specifically authorize AK Steel Corporation to obtain information from my former employers and other references, and I authorize my former employers and other references to release information to AK Steel Corporation.

I agree that any false or misleading statement in this application for employment or any additional forms signed by me in connection with my employment shall be sufficient cause for refusal or termination of employment.

I understand that this application is not and is not intended to be a contract of employment. I agree to submit to a physical examination applicable to the requirements of the type of work for which I am applying, including drug and alcohol abuse screening.

Plfs' 1st
Prod. to Dft

0142

## EDUCATIONAL BACKGROUND:

Circle last grade completed   1   2   3   4   5   6   7   8   9   10   11   12    (College hours completed)

| TYPE OF SCHOOL | NAME AND LOCATION | GRADUATED YES | NO | DEGREE | FIELD OF STUDY | GRADE POINT/SCALE TOP, MID, BOT, 1/3 |
|---|---|---|---|---|---|---|
| HIGH | Middletown High School | ✓ | | ✓ | H.S. Requirements | Mid |
| BUSINESS OR TRADE | | | | | | |
| COLLEGE OR UNIVERSITY | Miami University, Oxford OH | ✓ | | B.A. | English | Mid |
| | | | | | | |
| | | | | | | |
| POST GRADUATE | | | | | | |

List other formal educational experience; e.g., night school, home study courses, GED, etc. _____

_____

If presently enrolled, indicate where and field of study: _____

Describe any definite plans for further study: *Thinking/Planning to acquire a Master's Degree starting in 2003*

List significant activities, honors, awards or elective offices which have contributed to your career goals and interests:

*Dean's List - Fall 1994, Dean's List - Spring 1996, Dean's List - Fall 1996*

**MILITARY SERVICE:** Are you a Veteran of the U.S. Military Service?   ☐ Yes   ☑ No

| BRANCH OF SERVICE | HIGHEST RANK OR RATE |
|---|---|
| | |

Please, indicate any military experience or training you feel might be of interest and value to AK Steel:

_____

_____

Plfs' 1st
Prod. to Dft

# SHAWN PRYOR

1101 YOUNG ST.
MIDDLETOWN, OH 45044
Home Phone (513) 422-3164
Voice Mail (513) 420-2244
computingchoices@yahoo.com

---

**OBJECTIVE:** To obtain future employment in the Information Systems market.

**QUALIFICATIONS**
   *Knowledgeable in the following: MAC OS 7.5-9.1, Windows 3.1/9x/ME/NT, MS Office, IAQ, 4D/IMS, QuarkXpress, Fetch 2.02, Adobe Acrobat/ Photoshop/Illustrator, Flightcheck, Appleshare IP 6.1/6.3, Appletalk, MS Outlook, MS Front Page.*

**EDUCATION**
   **1999   Miami University, Oxford, OH**
      *-B.A., Arts & Sciences, English – Creative Writing*
      *-Dean's List, Fall 1996*
      *-Dean's List, Spring 1996*
      *-Dean's List, Fall 1994*

**EXHIBIT**

PRYOR   6-6-07
2      SMB

**EMPLOYMENT**
   **Trader Publishing, Miamisburg, OH**
   *October 2000 – September 2001*
   *Information Systems Manager*
      -Responsible for maintaining and servicing the computer network of 33 Macintosh Computers, two Macintosh Workgroup Servers, and one Windows NT server so publishing deadlines are effectively met.
      -Built and created a network on a Macintosh environment, using Appleshare client software, increasing employee production.
      -Supervised and worked with clients to install hardware and implement software on a daily basis.
      -Implemented new functions and accesses for computer composition clerks.
      -Responsible for Technical Support for the following programs: Mac OS 7.5-9.1, Windows 9x/NT, MS Outlook, MS Office, Adobe Acrobat/Photoshop/Illustrator, and QuarkXpress.
      -Performed and overseen training support in QuarkXpress & Adobe Photoshop for new employees.
      -Updated and kept the 4D/IMS database current.

# SHAWN PRYOR (pg. 2)

May 2000 – October 2000
*Composition/Graphic Artist*
-Created and updated various advertisements for Trader
Publishing Magazines.
-Responsible for building various magazines via computer to
meet pre-press deadlines.
-Proofing and correcting inaccurate advertisements.
-Downloading photos for Trader Publishing Magazines.

**PC Review Media Group, Dayton, OH**
*November 1998 – February 2000*
*Feature Column Writer*
-Created a Job Market monthly feature for Midwest PC Review
Magazine. The local articles focused on the continuing changes
in the job market dealing with system analyst fields.
*Technical Support Specialist*
-Supervised and worked with clients to install hardware and
implement software on a daily basis.
-Responsible for support of the following programs: Windows
3.1/9x/NT, MS Outlook, MS Office, MS Publisher, MS Front Page,
Adobe PageMaker/Photoshop/, QuarkXpress, and Bulletproof
FTP.
-Helped to build and create networks on a PC environment,
using LANtastic and Novell.
-Learned to design, build, and update web sites using MS Front
Page 2000.

**CompUSA, Dayton, OH**
*March 1995 – November 1998*
*Upgrade Center Clerk*
-Sales/Support of memory upgrades for PC's and Laptops.
-Knowledgeable in hard drives, support.
-Knowledgeable in digital video equipment.
-Responsible for testing computer memory and hard drives.
-Installed memory into laptop's and PC's.
-Installed video cards into PC's.
-Handled phone sales/technical support for pricing and
availability of retail products, and placed orders for retail sales.

**REFERENCES**
*Available upon request.*

# APPLICANT SURVEY

Applicant Name: *Shawn Pryor*    Date: 11-19-01

| Item | Response | |
|---|---|---|
| 1. Other than exiting the military, how many times have you been without employment for more than six weeks? | *Twice* | |
| 2. In the left column, list your full-time employers (company names) for the past 10 years and in the right column write the number of years in each job listed. **EXHIBIT** *PRYOR 3  6-6-07  smb* | Trader Publishing | 1¼ years |
| | PC Review Media Group | 1¼ years |
| | CompUSA | 3¾ years |
| | | |
| | | |
| | | |
| 3. Have you ever been terminated from any employer? | YES | (NO) |
| 4. Do you have a high school diploma or GED? | (YES) | NO |
| 5. Do you have a valid driver's license? | (YES) | NO |
| 6. Do you have reliable transportation? | (YES) | NO |
| 7. Have you ever been convicted of a crime other than a minor traffic violation? | YES | (NO) |
| 8. Some positions are on weekly rotating shifts. Is this: (A) Preferred (B) Tolerable, or (C) Unacceptable | A (B) C | |
| 9. Have you ever worked for AK Steel/Armco before? | YES | (NO) |
| 10. How many years of assembly, heavy machinery and/or manufacturing experience do you have? | Ø | |
| 11. Do you have experience in welding, electrical, maintenance or plumbing? | YES | (NO) |
| 12. List any education beyond high school. | Miami University, Oxford OH | |
| 13. Have you served in the military? (Upon job offer, a copy of your DD-214 will be required.) | YES | (NO) |
| 14. Have you ever worked rotating shifts for a previous employer? | YES | (NO) |

0148

Plfs' 1st
Prod. to Dft

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA <br> ☒ EEOC | 2 21A 200 669 |

Cincinnati Area Office                               and EEOC

State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Shawn Pryor | (513) 422-3164 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 1101 Young St. | Middletown, OH 45044 | 1/75 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| AK Steel | >20 | 1-800-331-5050 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 703 Curtis Street | Middletown, Ohio 45043 | |

| NAME | | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE   ☒ COLOR   ☐ SEX   ☐ RELIGION   ☐ AGE <br> ☐ RETALIATION   ☐ NATIONAL ORIGIN   ☐ DISABILITY   ☐ OTHER (Specify) | EARLIEST (ADEA/EPA)          LATEST (ALL) <br> October 2001 <br> ☒ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**EXHIBIT**

PRYOR
4   6-6-07
smb

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT <br><br> SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month and year) |
| Date × 6/24/02    Charging Party (Signature) × | |

# CHARGE OF DISCRIMINATION
## SHAWN PRYOR
### PAGE 1

I. **Overview of Individual and Class Allegations**

AK Steel Corporation has discriminated and continues to discriminate against me in the terms and conditions of my application for employment with them on the basis of my race, African-American, by denying me the opportunity to be hired while hiring equally or less qualified white employees and subjecting me to a racially hostile application process and other forms of discrimination. I believe that AK Steel Corporation's actions are part of a continuing pattern and practice of discrimination against African-American applicants for employment and employees, including but not limited to, denying applicants hiring opportunities while providing such opportunities to equally or less qualified white applicants and subjecting them to a racially hostile application process.

II. **Statement of Personal Harm**

I applied to AK Steel in October 2001 for a computer technical position at their factory in Middletown, Ohio. Having heard by word of mouth that AK Steel was hiring, I went down to one of their employment offices. There, I requested an application, filled it out, and turned it in. On this application, I showed how my work experience and education made me well-qualified for a computer technical position at AK Steel. In addition to having earned a Bachelor of Arts degree in English from Miami University in Oxford, Ohio, I have three years of work experience at CompUSA selling computers and fixing PC's. I have another year of experience as a computer information systems manager at Trader Publishing in Miamisburg, Ohio servicing the network and upkeeping 35 computers, among other things. In both of these positions I ran into no disciplinary problems and my work was generally good. In addition, I have not committed any felonies and am drug-free. Despite these qualifications, AK Steel never responded to my application to acknowledge receipt of my application materials, schedule an interview or test, or notify me of rejection. For the past six months I have been working for Dalco Electronics in Springdale, Ohio, selling computers and fixing PC's.

III. **Statement of Discrimination**

I believe that AK Steel Corporation has discriminated against me and continues to discriminate against me in the terms and conditions of my applications for employment with them on the basis of my race, African-American, in violation of the Civil Rights Act of 1964, as amended, because white applicants with fewer qualifications than me have been hired and I have not, and because I have been subjected to a racially hostile application process and other forms of discrimination and denied the right to apply for work in an environment free of racial discrimination.

I have been adversely affected by these discriminatory practices by being deprived of the equal opportunity to be hired. Such discrimination denies me and other African-Americans the right to be hired for positions for which we are qualified.

# CHARGE OF DISCRIMINATION
## SHAWN PRYOR
### PAGE 2

This systemic discrimination also adversely affects the status of African-Americans as employees by promoting and reinforcing racial stereotypes and bias in hiring.

## IV. Statement of Classwide Discrimination on the Basis of Race

Based on my experiences, I believe that AK Steel Corporation has engaged and continues to engage in a pattern and practice of discrimination against its African-American applicants for employment and employees that denies them equal employment opportunities in ways including but not limited to the following: denying them hiring opportunities while providing such opportunities to equally or less qualified white employees and subjecting them to a racially hostile application process and work environment in which few other African-Americans are employed. This policy violates Title VII of the 1964 Civil Rights Act, 42 U.S.C. Section 2000(e), et seq.

I believe this policy has effected a class of black persons comprised of all past, present and future black applicants for employment with AK Steel. I believe that these discriminatory practices occur throughout AK Steel Corporation. I make this charge on behalf of myself and all similarly situated African-American applicants for employment and employees.

I declare under penalty of perjury that the foregoing is true and correct.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

| To: Shawn Pryor<br>1101 YOUNG STREET<br>MIDDLETOWN, OH 45044 | From: E.E.O.C<br>Cincinnati Area Office<br>550 Main Street, Suite 10-019<br>Cincinnati, Ohio 45202-5202 |
|---|---|

☐ On behalf of a person aggrieved whose identity is CONFIDENTIAL ( 29 C.F.R. 1601.7(a) )

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 221A200669 | Legal Unit Duty Officer | (216) 522-7445 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ We cannot investigate your charge because it was not filed within the time limit required by law.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other (briefly state) CHARGING PARTY FILED SUIT IN U.S. DISTRICT COURT

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

Wilma L. Javey / Director         09 January 2003
                                                         (Date)

Enclosure(s)

cc: A K STEEL
703 CURTIS STREET
MIDDLETOWN, OH 45043



**EXHIBIT**
PRYOR
5 6-6-07
AmB

EEOC FORM 161 (R- 00/00)

# OHIO BUREAU OF EMPLOYMENT SERVICES
## SPECIAL SERVICES APPLICATION

| | OFFICE USE ONLY |
|---|---|
| | Employer Name   *M* |

Complete if you are interested only in casual labor or special job recruitment employment or in other types of special services.

Job Order No.

## APPLICANT DATA

| Name (Last) *Pryor* | (First) *Shawn* | (M.I.) *R* | SSN | Date *11-19-01* |
|---|---|---|---|---|

Mailing Address (Please include P.O. Box, route number, apartment number, etc.)
*1101 Young St.*

| City *Middletown* | State *OH* | ZIP Code *45044* |
|---|---|---|

Phone Numbers:
Home (5/3) *422-3164*     Message ( )

Are you a United States citizen?   ☑ Yes   ☐ No
If "No," please present your immigration documents to a staff person after completing your application.

| DO NOT COMPLETE SHADED AREAS. FOR STAFF USE ONLY | Document Type | Document Number | Exp. Date |
|---|---|---|---|

| Birthdate (mm/dd/yy): *9 / 17 / 75* | What is your race or ethnic group? |
|---|---|

What is your race or ethnic group?
☐ White, not Hispanic          ☐ American Indian or Alaskan Native
☑ Black, not Hispanic          ☐ Asian or Pacific Islander
☐ Hispanic

Gender   ☑ Male   ☐ Female

## SEASONAL/MIGRANT FARMWORKER

The following information will help us determine if you are a seasonal or migrant farmworker or a migrant food processing worker.

| | YES | NO |
|---|---|---|
| 1. Did you earn at least half of your income during the past 12 months from farm and/or food processing work? If you answered "Yes," answer question 2 of this item. If "No," proceed to education. | ☐ | ☑ |
| 2. Were you employed by the same employer year round? If you answered "No," answer questions 3, 4, and 5 of this item. | ☑ | ☐ |
| 3. In the past 12 months, did you work at least 25 days in farm work? | ☐ | ☑ |
| 4. In the past 12 months, did you work at least 25 days in food processing? | ☐ | ☑ |
| 5. Are you unable to return home at night because your work location is too far from your residence? | ☐ | ☑ |

## EDUCATION

The following educational information may be used to determine whether you are qualified for certain jobs. You may be required to provide a transcript, diploma, or other proof if requested.

Highest school grade completed: (Indicate 12 if you have a GED certificate.)

Highest degree that you have received:

☐ None        ☐ GED           ☐ High School Diploma      ☐ Certificate/License
☐ Associate   ☑ Bachelor      ☐ Master                   ☐ Ph.D

## HOUSEHOLD

How many people, including yourself, who are related by blood, marriage, or adoption, are living in your household?   *2*

What is the total income from all sources by all members of your household in the past six months?
Estimate the amount to the nearest dollar   $ *14,200*

## VETERAN SERVICES

Have you ever served in the military or has your spouse ever served in the military?   ☐ Yes   ☑ No
If yes, you may be entitled to preference in referral to jobs. If YES, please complete the reverse side of this form.

ESAS-511S (R 8-99) (Formerly POT-1)
SES 1096
22207

**EXHIBIT**

0149

Plfs' 1st
Prod. to Dft

*PRYOR*
*6  6-6-07*
*sms*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**EXHIBIT**

PRYOR
7   6-6-07
DmB

| | | |
|---|---|---|
| VIVIAN BERT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **CASE NO. C-1-02-467** |
| | ) | **Judge Beckwith** |
| AK STEEL CORPORATION, | ) | **Magistrate Judge Hogan** |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF SHAWN PRYOR'S RESPONSES TO DEFENDANT A. K. STEEL CORPORATION'S FIRST SET OF INTERROGATORIES

Comes now the Plaintiff, Shawn Pryor, by and through his undersigned counsel of record and responds to the Defendant's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1. The Plaintiff objects to the definitions and instructions accompanying these interrogatories to the extent that they seek to impose burdens, duties and obligations upon the Plaintiff in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure; Plaintiff will respond in accordance with said law and rules.

2. The Plaintiff objects to these requests to the extent they seek information and/or documentation regarding matters about which the Defendant has knowledge but has failed to disclose, or so limited their responses to previous discovery of the Plaintiff, so as to in effect deny the Plaintiff the information requested and needed by them to answer these requests.

3. The Plaintiff objects to these requests to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of

attorneys or other representatives of the Plaintiff, rather than seeking this information from the Plaintiff.

4.    The Plaintiff objects to these requests to the extent they seek information and/or documentation protected by the attorney-client privilege or any other applicable privilege.

5.    The Plaintiff objects to these requests to the extent that the Defendant is seeking to make them into a bill of particulars.

6.    The Plaintiff objects to these requests to the extent they seek to require Plaintiff's counsel to present a "dress rehearsal" of the evidence to be submitted in the course of the proceedings. The mental impressions, legal theories, legal conclusions, and legal opinions of Plaintiff's counsel, as well as any communications between Plaintiff and her counsel, are clearly protected from discovery by the attorney-client privilege and the work product doctrine.

7.    The Plaintiff objects to these requests to the extent that the information and/or documentation sought, if any, was obtained and prepared in anticipation of litigation and the Defendants have not made the required showing of substantial need for the information and/or documentation or that the substantial equivalent of such information and/or documentation is unobtainable by other means. The Plaintiff further objects to these requests to the extent that the information and/or documentation called for, if any, is protected and is not discoverable under Rule 26(b)(3) of the Fed. R. Civ. P. and <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947).

8.    The Plaintiff objects to these requests to the extent that they seek information and/or documentation that is equally available to the Defendant and the burden on the Defendant to obtain the requested information and/or documentation is no greater than the burden on the Plaintiff.

9.    The Plaintiff objects to these requests to the extent they exceed the requirements of Rules

2

26, 30, 34 or 45 of the Fed. R. Civ. P.

      10.    The Plaintiff objects to these requests to the extent they seek information and/or documentation relating to expert witnesses, witnesses, and trial exhibits in excess of the disclosure duties imposed by the Fed. R. Civ. P. and the Court's Scheduling and Pretrial Orders relating to such matters.

      11.    The Plaintiff objects to these requests to the extent they require the Plaintiff to disclose "each and every" fact or piece of knowledge possessed by them as such a requirement is impossible to fulfill and is objectionably broad for failure to be "reasonably particularized".

      12.    The Plaintiff objects to these requests to the extent they request duplicative and cumulative information and/or documentation heretofore disclosed in conjunction with discovery already undertaken by the Defendant in this action.

      13.    The Plaintiff objects to these requests to the extent that they seek to require the Plaintiff's attorneys to divulge the substance of information and/or documentation developed by them (i.e., interpretive, not investigatory) in preparation for any hearing or trial in this action.

      14.    The Plaintiff objects to these requests to the extent that they do not, on their face, restrict themselves either to an identifiable time or a reasonable, rationally-based time frame.

      15.    The Plaintiff objects to these requests to the extent that they seek information and/or documentation from the Plaintiff regarding matters about which the Defendant has refused or objected to providing in their interrogatory or request for production responses.

      16.    The Plaintiff objects to these requests to the extent that they are oppressive, i.e., they were designed to create an unreasonable burden on the Plaintiff which burden is not commensurate with the professed result sought.

17.     The Plaintiff objects to these interrogatories to the extent they seek answers to multiple interrogatories within a single interrogatory.

18.     These requests are addressed to the Plaintiff and the responses herein are based on information and/or documentation presently available to the Plaintiff. Investigation is presently continuing, however, and additional information and/or documentation pertinent to these requests may well be disclosed as a result of such ongoing and continuing investigation.

Except as otherwise indicated, the Plaintiff incorporates the General Objections into each and every answer set forth below.  Without waiving the foregoing objections, the Plaintiff answers as follows:

**INTERROGATORY NO. 1:**  Identify all litigation or legal proceedings in which you have been a witness or party, including the name and number of the case, the court or administrative agency for which the case was pending, and a brief description of the nature of the case, and the year in which the matter was pending.

**SPECIFIC OBJECTION TO REQUEST**: Plaintiff objects because this request does not seek relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this request is unduly harassing, burdensome, and oppressive.  Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

ANSWER:     Bert, et al, v. AK Steel
            Case No.: 1:02-CV-00467
            United States District Court
            Southern District of Ohio (Cincinnati)
            Nature of case: Race discrimination in hiring

**INTERROGATORY NO. 2:** Identify all employers for whom you have worked since January 1, 2001, including the dates of employment, the positions held, amounts paid per week, and reason for

leaving, if applicable.

**SPECIFIC OBJECTION TO REQUEST**: Plaintiff objects because this request does not seek relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this request is unduly harassing, burdensome, and oppressive. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**ANSWER:**     October 2000 - September 2001: Trader Publishing, Miamisburg, Ohio as Graphic Artist/Information Systems Analyst: $390.00 per week as Graphic Artist from Oct. 2000 thru Dec. 2000; $625.00 per week as Information Systems Analyst from Dec. 2000 thru Sept. 2001.  Position was eliminated by the Company in Sept. of 2001.

October 2001 thru January 2002: Regent Systems, Dayton, Ohio as Computer Consultant at $275.00 per week; it was a temporary position.

February 2002 thru November 2002: Dalco Electronics in Springfield, Ohio as a Sales Clerk at $320.00 per week; left for better opportunity.

November 2002 thru June 2005: Northwest Local School District as a Computer Technician; started at $622.75 per week, was making $690.91 when left for better opportunity.

June of 2005 thru November 2006: RWD Technologies as a SAP Consultant/Trainer; started at $845.16 per week, ended up at $900.25 when left for better opportunity.

November 2006 to Current Time: Engyro Corporation in Software Design making $1,000.00 per week.

**INTERROGATORY NO. 3:** Identify all employers to whom you applied for employment since January 1, 2001, including the date you submitted written applications, the job to which you applied, the dates you were interviewed, the employers who tendered you job offers, and a description of the offer.

**SPECIFIC OBJECTION TO REQUEST:** Plaintiff objects because this request does not seek relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this request is unduly harassing, burdensome, and oppressive. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**ANSWER:** **Sept. 2001** - A. K. Steel as General Helper; **October 2001** - Regent Systems - Contracted Computer Consultant - received offer of $275.00 a week for temporary work; **January 2002** - Dalco Electronics - Sales Clerk at rate of $8.00 per hour, was offered position; **October 2002** - Northwest School District - an offer of $15.50 per hour; **March 2005** - RWD Technologies - offer of starting salary of $854.16; **April 2006** - Wright State University - IT Assistant for WSU Libaries - offer not given; **July 2006**, University of Dayton - Computer Tech. Offer given, but salary was too low to take position; **August 2006** - Engyro Software - Offer was made at $1,000.00 per week.

**INTERROGATORY NO. 4:** Identify all income received from whatever source, by amount each week after January 1, 2001.

**ANSWER:** January - Sept. 2001 - $625.00 per week; Oct. 2001 to Jan. 2002 - $275.00 per week; Feb. 2002 to Nov. 2002 - $32.00 per week; Nov. 2002 thru June 2003 - $622.75 per week; June 2003 thru Nov. 2004 - $662.50 per week; Nov. 2004

6

thru June 2005 - $690.91 per week; June 2005 thru Feb. 2006 - $854.16 per

week; Feb. 2006 thru Nov. 2006 - $900.25 per week; Nov. 2006 to current time

- $1,000.00 per week.

**INTERROGATORY NO. 5:** Identify by name, address and telephone number all individuals

who have knowledge about or information about the allegations in the Complaint, and state a summary of

what you believe their knowledge to be.

**ANSWER:**    None at this time but Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 6:** Identify all individuals who you intend to call as witnesses in the

litigation of this matter.

**SPECIFIC OBJECTION TO REQUEST:**    Plaintiffs objects because this Interrogatory violates

the Court's Order establishing a deadline for Plaintiff to disclose witnesses and testimony. Plaintiff further

objects to the extent this interrogatory seeks information protected by the attorney-client privilege or other

privilege and/or the work product doctrine. Subject to and without waiving the foregoing general and

specific objections, Plaintiff responds as follows:

**ANSWER:** Plaintiff will abide by the deadlines established by the Court and the disclosure

requirements set by the Federal Rules of Civil Procedure to disclose the witnesses they will use at trial in

this case.

Respectfully Submitted,

Robert F. Childs, Jr.
Herman N. Johnson, Jr.

7

**WIGGINS, CHILDS, QUINN & PANTAZIS**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 328-0640
(205) 254-1500 (facsimile)

Tobias, Kraus & Torchia, LLP
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (facsimile)

ATTORNEYS FOR THE PLAINTIFFS

## CERTIFICATE OF SERVICE

I do hereby certify that on April 30, 2007, I served the foregoing via U.S. Mail and electronic mail upon the following:

Gregory Parker Rogers
Lawrence James Barty
Patricia Anderson Pryor
Taft, Stettinius & Hollister, LLP
1800 First Star Tower
425 Walnut Street
Cincinnati, OH 45202
Fax: (513) 381-0205

PLAINTIFFS' COUNSEL

8

## VERIFICATION

I, Shawn Pryor hereby state that the answers to the foregoing interrogatories are true and complete to the best of my knowledge.

_____
Shawn Pryor

This the _____ day of April, 2007.