UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VIVIAN BERT, et al., | : Case No. C-1-02-467 |
| Plaintiffs, | : Judge Beckwith |
| v. | : |
| AK STEEL CORPORATION, | : DECLARATION OF GREGORY PARKER ROGERS |
| DEFENDANT. | : |

Gregory Parker Rogers truthfully declares that he is competent to testify if called and he further truthfully states of his own personal knowledge as follows:

1. I am a partner at the law firm of Taft Stettinius & Hollister LLP. I am one of the attorneys representing AK Steel Corporation in the above-referenced matter.

2. On February 3, 2003, the parties exchanged initial disclosures. Attached as Exhibit 1 is a copy of AK Steel's Initial Disclosures.

3. In May 2004 Plaintiffs complained for the first time about AK Steel's discovery responses and document production. I responded to their inquiry. With respect to their request for affirmative action plans and validation studies I explained that these had not been produced because they were neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on a disparate treatment claim. There were no disparate impact claims at this time. I told Plaintiffs that we would reconsider this objection if the Court allowed Plaintiffs to plead a disparate impact claim. Attached as Exhibit 2 is a copy of my letter.

4. On January 3, 2005, I sent Plaintiffs a letter confirming an earlier conversation. A copy of this letter is attached as Exhibit 3.

{W1147592.1}

5.  On July 23, 2007, Plaintiffs sent their Second Request for Production of Documents. We read request number 2 as seeking validation studies conducted from February 2001 to the present. We believed the phrase "February 2001 to the present" described validation studies as did the other phrases within this long sentence. There were no validation studies created after February 2001. We responded: "There are no validation studies from February 2001 to the present relating to the pre-employment test challenged in this lawsuit." Attached as Exhibit 4 is a copy of AK Steel's Objections and Responses to Plaintiffs' Second Request for Production of Documents.

6.  We knew that Plaintiffs were aware that there were validation studies conducted pre-2000. We assumed that if Plaintiffs intended to request these validation studies that they would have clarified their request.

7.  Plaintiffs never asked for clarification of our discovery response until October 29, 2007, when Plaintiffs' counsel e-mailed my partner Larry Barty and asked "Have there been validation studies done on the test used by AK Steel for its entry level labor position during any timeframe? If so, we would ask that you provide them. We are requesting any validation studies done on that test."

8.  After this clarification, we produced the validation studies to Plaintiffs counsel within one week.

9.  Plaintiffs did not notice Dr. Lucy Gibson for deposition until November 9, 2007 when they noticed her for a deposition on November 28, 2007. Attached as Exhibit 5 is a copy of this Notice. Despite the late notice, both Dr. Gibson and AK Steel cleared their schedules to make themselves available for this date. Plaintiffs then decided not to take the deposition.

I declare under penalty of perjury that the foregoing is true and accurate.

Signed this 12 day of December, 2007.

_____
Gregory Parker Rogers

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VIVIAN BERT, ET AL.,             :
                                 :   Case No. C-1-02-467
        Plaintiff,               :
                                 :
v.                               :   Judge Beckwith
                                 :
AK STEEL CORPORATION,            :
                                 :   DEFENDANT AK STEEL
        Defendant.               :   CORPORATION'S
                                 :   INITIAL DISCLOSURES
                                 :

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant AK Steel Corporation ("AK Steel") provides the following initial disclosures to Plaintiffs:

(1) The individuals listed below are likely to have discoverable information that AK Steel may use to support its defenses. The subjects of information listed are not all inclusive; each individual may have knowledge of a subject other than those listed below.

| Name | Subject Matter |
|---|---|
| Vivian Bert | All matters relating to the pleadings |
| Darlene Denise Carter | All matters relating to the pleadings |
| Darrell Carter | All matters relating to the pleadings |
| Marnie Carter | All matters relating to the pleadings |
| Louis Cox | AK Steel's outreach to minorities |
| Donald Edwards | All matters relating to the pleadings |
| Thaddeus Freeman | All matters relating to the pleadings |
| Lucy Gibson<br>Resource Associates Inc.<br>1140 Topside Road, Suite 3<br>Louisville, Tennessee 37777 | Validation of AK Steel's test |



| | |
|---|---|
| Brenda Harmon<br>AK Steel Corporation<br>1801 Crawford Street<br>Middletown, Ohio 45047 | AK Steel's policies, practices and hiring decisions |
| Mary Harris | All matters relating to the pleadings |
| Jessica Hicks<br>AK Steel Corporation<br>1801 Crawford Street<br>Middletown, Ohio 45043 | AK Steel's policies, practices and hiring decisions at Middletown |
| Kay Jackson | All matters relating to the pleadings |
| Tiffany Jackson | All matters relating to the pleadings |
| Michael Lehman<br>AK Steel Corporation<br>1801 Crawford Street<br>Middletown, Ohio 45043 | AK Steel's policies, practices and hiring decisions at Middletown |
| Susan Lester<br>AK Steel Corporation<br>P.O. Box 191<br>Ashland, Kentucky 41105 | AK Steel's policies, practices and hiring decisions at Ashland |
| Dwight Lewis | All matters relating to the pleadings |
| Edward James Lewis | All matters relating to the pleadings |
| Michael Miller | All matters relating to the pleadings |
| Timothy Oliphant | All matters relating to the pleadings |
| Shawn Pryor | All matters relating to the pleadings |
| Roderique Russell | All matters relating to the pleadings |
| Phyllis Short<br>AK Steel Corporation<br>1801 Crawford Street<br>Middletown, Ohio 45043 | AK Steel's policies, practices and hiring decisions at Middletown |
| Ronald Sloan | All matters relating to the pleadings |

Defendant reserves the right to supplement or amend the foregoing.

(2)  AK Steel will produce at a mutually agreeable time and place documents consistent with its obligations under Fed. R. Civ. P. 26(a)(1)(B).

(3) AK Steel has an insurance agreement that is applicable to this matter.

Respectfully submitted,

*/s/ Lawrence J. Barty*

Lawrence J. Barty (0016002)
Gregory Parker Rogers (0042323)
Patricia Anderson Pryor (0069545)
Roger A. Weber (0001257)
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838
(513) 381-0205 (fax)
Trial Attorneys for Defendant
AK Steel Corporation

OF COUNSEL:

John P. O'Connor
AK Steel Corporation
703 Curtis Street
Middletown, Ohio 45043-0001
(513) 425-5000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this 3 day of ~~January~~ February, 2003 mailed to David Sanford, Eric Bachman, Charles Dixon, Gordon, Silberman, Wiggins & Childs, P.C., 7 DuPont Circle, N.W., Suite 200, Washington, D.C. 20036, Grant Morris, 7 DuPont Circle, N.W., Suite 250, Washington, D.C. 20036, Paul Tobias and Davis Krammer, Tobias Kraus & Torchia LLP, 414 Walnut Street, Suite 911, Cincinnati, Ohio 45202.

_____

H:\Pap\AKSTEEL\Bert Initial Disclosures.wpd

# TAFT, STETTINIUS & HOLLISTER LLP

425 WALNUT STREET, SUITE 1800
CINCINNATI, OHIO 45202-3957
513-381-2838
FAX: 513-381-0205
www.taftlaw.com

COLUMBUS, OHIO OFFICE
TWELFTH FLOOR
21 EAST STATE STREET
COLUMBUS, OHIO 43215-4221
614-221-2838
FAX: 614-221-2007

NORTHERN KENTUCKY OFFICE
SUITE 340
1717 DIXIE HIGHWAY
COVINGTON, KENTUCKY 41011-4704
859-331-2838
513-381-2838
FAX: 513-381-6613

CLEVELAND, OHIO OFFICE
3500 BP TOWER
200 PUBLIC SQUARE
CLEVELAND, OHIO 44114-2302
216-241-2838
FAX: 216-241-3707

GREGORY PARKER ROGERS
(513) 357-9349
rogers@taftlaw.com

June 4, 2004

David Sanford
Sanford, Wittels & Heisler LLP
2121 K Street
Suite 700
Washington, DC 20036

Re: Bert v. AK Steel Corporation

Dear David :

This letter follows up on our telephone conversations of May 27 and 28, 2004, your e-mail of May 28, 2004 at 3:42 p.m., and my e-mail to you of May 28, 2004 at 4:54 p.m. Our conversations last week were the first claim we heard from Plaintiffs that the Company's November 27, 2002 timely responses to Plaintiffs' October 29, 2002 discovery requests were allegedly unsatisfactory.

### Depositions

We agreed to accept an e-mail/letter from you in lieu of requiring you to serve formal notices of depositions for deposition dates after the June 1, 2004 discovery cutoff with respect to class issues. Whether Plaintiffs have the right to take depositions after the cutoff for class discovery is a matter to be addressed if the parties are unable to negotiate a settlement. AK Steel reserves the right to object to certain of Plaintiffs' proposed deponents.

### Response to Document Request Nos. 1, 2, 4, 5, 6, 8, 10, 11, 12

AK Steel is producing documents it has located that it has agreed to produce. These documents are Bates numbered AKX00001-AKX001386, and are being produced today directly to David Kammer. When we receive the invoice from the copying service, we will pass it along

{W0186170.1}


EXHIBIT 2

David Sanford
June 4, 2004
Page 2

to you for payment. The Company will produce to you next week lines of progression charts and job descriptions that are responsive to Request No. 6.

### Response to Document Request Nos. 3, 7, 9, 14

AK Steel has previously produced its applications, published selection criteria and qualifications, application form, and interview form used at Ashland Works and Middletown Works. These amount to more than 150,000 pages of documents. AK Steel has not produced affirmative action studies, test validation studies, test, or affirmative action plans, which we do not believe are relevant to a disparate treatment theory, or reasonably calculated to lead to the discovery of admissible evidence. At this time, Plaintiffs' claim is alleged discrimination because they were not hired, allegedly due to race, allegedly in violation of 42 U.S.C. § 1981, which, as you know, does not allow disparate impact claims.

We told you we would reconsider our position if you could show us any Section 1981 case involving similar claims where similar documents were required to be produced. You have not cited us a single case. We also said we would reconsider this objection if the Court allowed you to plead a Title VII claim.

### Response to Document Request Nos. 15 and 16

You have asked for computerized information relating to the current workforce of AK Steel, requesting 24 different types of information with respect to the current workforce, including such things as social security number, relatives employed by AK Steel, wages and/or salary received at AK Steel, discipline received, names, races and job titles of each supervisor of AK Steel. This request is extremely overbroad and unduly invasive, and we fail to see how a request for this information is relevant to your Section 1981 claims or reasonably calculated to lead to the discovery of admissible evidence. Again, we invited you to produce any case involving similar claims where such information was required to be produced, but you have not identified a single such case.

### Document Request No. 18

You asked for any and all decrees or settlement agreements against AK Steel related to allegations of race discrimination, regardless of whether the Company was found liable. We told you that there have been no consent decrees during the requested period, nor have there been any adverse findings against AK Steel. If you have any case that shows how settlement agreements or findings that the Company did not discriminate (as in the case of Al Roberts's individual lawsuit against AK Steel, which the same Judge considering this case found to be meritless) could have any relevance whatsoever to this action, we would reconsider this objection.

### Document Request Nos. 20 and 23

You asked for lawsuits, charges and internal or external investigations of complaints of race discrimination. I told you we would produce the files that the Company has regarding its

{W0186170.1}

David Sanford
June 4, 2004
Page 3

investigation of complaints of race discrimination, and these are produced in the Bates range described above. There are a few additional responsive files that have yet to be produced, but which will be produced next week. You earlier asked in Document Request No. 18 for lawsuits, and that issue was addressed in response to Document Request No. 18. You also asked for charges, which we continue to assert are not discoverable pursuant to the doctrine set forth by the Supreme Court in *EEOC v. Associated Dry Goods*, 449 U.S. 590 (1981).

**Document Request No. 21**

We have produced EEO-1 data going back to 2001, which you have not disputed.

We will produce a privilege log to you next week.

We continue to await your payment for $13,005.92 for documents AK Steel previously produced.

Sincerely yours,

Gregory Parker Rogers

GPR:clh
cc:    David Kammer (via hand delivery, with the documents being produced)

{W0186170.1}

# TAFT, STETTINIUS & HOLLISTER LLP

425 WALNUT STREET, SUITE 1800

CINCINNATI, OHIO 45202-3957

513-381-2838

FAX: 513-381-0205

www.taftlaw.com

COLUMBUS, OHIO OFFICE
TWELFTH FLOOR
21 EAST STATE STREET
COLUMBUS, OHIO 43215-4221
614-221-2838
FAX: 614-221-2007

NORTHERN KENTUCKY OFFICE
SUITE 340
1717 DIXIE HIGHWAY
COVINGTON, KENTUCKY 41011-4704
859-331-2838
513-381-2838
FAX: 513-381-6613

CLEVELAND, OHIO OFFICE
3500 BP TOWER
200 PUBLIC SQUARE
CLEVELAND, OHIO 44114-2302
216-241-2838
FAX: 216-241-3707

DAYTON, OHIO OFFICE
SUITE 900
110 NORTH MAIN STREET
DAYTON, OHIO 45402-1786
937-228-2838
FAX: 937-228-2816

GREGORY PARKER ROGERS
(513) 357-9349
rogers@taftlaw.com

January 3, 2005

**VIA TELECOPY AND U.S. MAIL**

Robert F. Childs, Jr.
Wiggins, Childs, Quinn & Pantazis, P.C.
1400 Southtrust Tower
420 North 20th Street
Birmingham, Alabama 35203

Re: Bert v. AK Steel Corporation

Dear Bob:

In our last conversation, you conceded that AK Steel's written test did not create an adverse impact on African-American applicants. We advised you that the test had been initially validated by means of a concurrent study and then subsequently validated by means of a criterion study. In view of the fact that discovery has closed, and even more so in light of the fact that the test does not have an adverse impact, we have concluded not to provide you with a copy of the validation report.

As we have repeatedly stated and as the data base unequivocally establishes, your class allegations are without merit. We hope that you will dismiss the class allegations before an adverse ruling on your pending motion.

Sincerely,

Gregory Parker Rogers

GPR:clh

{W0345767.1}


EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | : | Case No. C-1-02-467 |
| Plaintiffs, | : | Judge Beckwith |
| v. | : | DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS |
| AK STEEL CORPORATION, | : | |
| Defendant. | : | |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant AK Steel Corporation ("AK Steel") makes the following responses and objections to Plaintiffs' Second Request for the Production of Documents as set forth below.

Defendant makes the following general objections which are incorporated into all of the following responses to Plaintiffs' document requests:

1. Only relevant and discoverable information shall be provided.

2. No attorney-client privilege or work-product information shall be provided. To the extent that any privileged information is provided, it shall not constitute a waiver of the privilege as to any other information.

3. Defendant reserves the right to seek protection from disclosure of confidential or proprietary information.

4. Defendant reserves the right to object to the use of any document provided pursuant to these document requests in any subsequent proceeding or in the trial of this or any other action on any ground.

{W1057874.1}                                1


EXHIBIT 4

5.  Defendant reserves the right to object on any ground at any time to a demand for further responses to these document requests or to further document requests.

6.  Defendant reserves the right at any time to revise, correct, add to or clarify any of the responses or objections herein.

Documents will be produced at a time of mutual convenience at the offices of Taft Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202-3957.

## REQUESTS FOR PRODUCTION

1.  Any and all tests administered by AK Steel or any of its agents for hourly bargaining unit candidates for employment at its Middletown, Ohio, location and Ashland, Kentucky, location, from February, 2001 until the present.

**RESPONSE:**

Objection. This request is overbroad and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Objecting further, this request seeks confidential information. Notwithstanding and without waiving the objections, upon entry of an appropriate and mutually agreeable protective order, AK Steel will produce all tests used to hire hourly entry-level laborer or labor reserve bargaining unit candidates for employment at its Middletown, Ohio and Ashland, Kentucky location during the relevant period, August 12, 2001 through October 31, 2003.

2.  Any and all validation studies conducted by AK Steel or by any of its agents pursuant to the EEOC's Uniform Guidelines on Employee Selection Procedures for the tests administered by AK Steel or any of its agents for hourly bargaining unit candidates for

2

employment at its Middletown, Ohio location and its Ashland, Kentucky location from February, 2001 to the present.

**RESPONSE:**

There are no validation studies from February 2001 to the present relating to the pre-employment test challenged in this lawsuit.

Respectfully submitted,

_____
Lawrence J. Barty (0016002)
Gregory Parker Rogers (0042323))
Patricia Anderson Pryor (0069545)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
(513) 381-2838
Trial Attorneys for Defendant
AK Steel Corporation

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was sent via regular U.S. mail on August ____, 2007 to Susan Donahue, Robert Childs, Herman N. Johnson, Jr., Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama 35203; Paul H. Tobias Tobias, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202; and David Sanford, Sanford, Wittels & Heisler, L.L.P., 1666 Connecticut Avenue, N.W., Suite 310, Washington, D.C. 20009.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VIVIAN BERT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. C-1-02-467 |
| ) | Judge Beckwith |
| AK STEEL CORPORATION, ) | Magistrate Judge Hogan |
| ) | |
| Defendant. ) | |

## NOTICE OF DEPOSITION

TO:   ALL ATTORNEYS AND PARTIES

Please take notice that at the time, date, and place designated below, Plaintiffs will take the testimony by deposition upon oral examination of the deponent named herein. Such deposition shall be taken for the purpose of discovery or for use as evidence in this action or both, and shall be taken before a notary public, court reporter, or other person who is legally authorized to administer oath.

**DEPONENT:**         Lucy Gibson

**DATE:**         November 28, 2007

**TIME:**         9:00 a.m.

**PLACE OF DEPOSITION:** Tobias, Kraus & Torchia
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137



Respectfully submitted,

*/s/ Susan Donahue*

Robert F. Childs, Jr. (*pro hac vice*)
Herman Nathaniel Johnson, Jr. (*pro hac vice*)
Susan Donahue (*pro hac vice*)
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500
(205) 254-1500 (facsimile)


Paul Henry Tobias (OH bar No. 0032415)
TOBIAS, KRAUS & TORCHIA
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (facsimile)


*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2007, I served a copy of the Notice of Deposition via first-class U.S. Mail, postage pre-paid, upon the following:

Mr. Gregory P. Rogers
Ms. Patricia Anderson Pryor,
TAFT, STETTINIUS & HOLLISTER, LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957

                                                        _____
                                                        OF COUNSEL