**EXHIBIT**

M. CARTER
8-15-07
/ DMB

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | ) | Case No. C-1-02-00467 |
| | ) | Judge Beckwith |
| Plaintiffs, | ) | Magistrate Judge Hogan |
| | ) | |
| v. | ) | PLAINTIFF MARNIE CARTER'S |
| | ) | RESPONSES TO DEFENDANT'S |
| AK STEEL CORPORATION, | ) | FIRST REQUEST FOR THE |
| | ) | PRODUCTION OF DOCUMENTS |
| Defendant. | ) | |
| | ) | |

## GENERAL OBJECTIONS

1.    The Plaintiff objects to these discovery requests to the extent they seek information or documents protected from discovery and/or disclosure by the attorney/client privilege, the work product doctrine, or any other applicable privilege.

2.    The Plaintiff objects to these discovery requests to the extent they seek information or documents neither material nor relevant to the claims or defenses of this action nor reasonably calculated to lead to the discovery of admissible evidence.

3.    The Plaintiff objects to these discovery requests to the extent they are overly broad and/or unduly burdensome.

4.    The Plaintiff objects to these discovery requests to the extent they are so vague and ambiguous as to be incapable of a definite response.

5.    The Plaintiff objects to these discovery requests to the extent they seek confidential or proprietary information or documents. Notwithstanding this objection, the Plaintiff agrees to provide, if any exist, as more fully set forth below, such information or documents subject to the terms of a mutually agreeable protective order to be entered in this action.

6.    The Plaintiff objects to these discovery requests to the extent they call for conclusions of law.

7.    The Plaintiff objects to these discovery requests to the extent that they seek and/or require the production of documents which are not in the Plaintiff's possession, custody, or control.

8.    The Plaintiff objects to the time and place of production for documents specified in these

discovery requests but state, to the extent that the documents are available, as more fully set forth below, they will be produced at a mutually convenient time and place.

9.    The Plaintiff objects to the definitions and instructions in the discovery requests to the extent they seek to require the Defendant to comply with requirements beyond the scope of or impose burdens, duties and obligations in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure.

10.    The Plaintiff objects to these discovery requests to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of attorneys or other representatives of Plaintiff and/or the substance of information developed by them (i.e., interpretive, not investigatory) in preparation for the trial of this action.

11.    The Plaintiff objects to these discovery requests to the extent that the information sought, if any, was obtained and prepared in anticipation of litigation, and the Plaintiff has not made the required showing of substantial need for the information or that the substantial equivalent of such information is unobtainable by other means. The Plaintiff further objects to these discovery requests to the extent that the information called for, if any, is privileged and is not discoverable under FRCP 26(b)(3) and *Hickman v. Taylor*, 329 U.S. 495 (1947).

12.    The Plaintiff objects to these discovery requests to the extent that they seek information that is equally available to the Defendant, and the burden on the Defendant to obtain the requested information is no greater than the burden on the Plaintiff.

13.    The Plaintiff objects to these discovery requests to the extent they seek information or documents relating to expert witnesses, witnesses, and trial exhibits in excess of the disclosure duties imposed by the Federal Rules of Civil Procedure and the Court's Orders relating to such matters.

14.    The Plaintiff objects to these discovery requests to the extent that they seek information regarding matters which are not at issue in this action.

15.    The Plaintiff objects to these discovery requests to the extent that they do not, on their face, restrict themselves either to an identifiable time or a reasonable, rationally-based time frame.

16.    The Plaintiff objects to these discovery requests to the extent that they are oppressive, i.e., designed to create an unreasonable burden on the Plaintiff which burden is not commensurate with the professed result sought.

17.    Except as otherwise indicated, the Plaintiff incorporates the General Objections into each

2

and every response set forth below.  By responding to any of the discovery requests, the Plaintiff does not waive any of the foregoing General Objections.

Plaintiff responds to Defendant's requests for the production of the following documents:

**Request No. 1**:  Produce all documents that refer to, reflect, comment on, or tend to prove or disprove any of the contentions in the Complaint or the Answer.

**Specific Objection to Request No. 1**:  Plaintiff objects to the extent this request is vague, ambiguous, and overly broad.  Plaintiff further objects to the extent that this request seeks information or documents protected from discovery and/or disclosure by the attorney/client privilege, the work product doctrine, or any other applicable privilege.  Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:**  Plaintiff will produce all non-privileged responsive documents.

**Request No. 2**:  Produce all documents that you believe support your claim for damages, or which reflect, comment on, or tend to prove or disprove such claims.

**Specific Objection to Request No. 2**:  Plaintiff objects to the extent this request is vague, ambiguous, and overly broad.  Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:**  Plaintiff will produce all non-privileged responsive documents.

**Request No. 3**:  Produce any diary, journal, or calendar of appointments, or notes that you have maintained since January 1, 1998.

**Specific Objection to Request No. 3**:  Plaintiff objects to the extent that this request is overly broad and/or unduly burdensome.  Plaintiff also objects to the extent that this request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:**  Plaintiff will produce any diary, journal, or calendar of appointments that Plaintiff has maintained since January 1, 1998 that relate to the claims or defenses in this case.

**Request No. 4**:  Produce all documents provided to or obtained from Defendant.

**Specific Objection to Request No. 4**:  Plaintiff objects to the extent that this request is overly broad and/or unduly burdensome.  Plaintiff further objects to the extent that this request seeks information that is equally available to the Defendant, and the burden on the Defendant to obtain the requested information is no greater than the burden on the Plaintiff.  Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

3

**RESPONSE:**    Plaintiff will produce all non-privileged responsive documents.

**Request No. 5**: Produce all of your medical or psychological records since January 1, 1998.

**Specific Objection to Request No. 5**: Plaintiff objects to this Request to the extent that the information sought is confidential and/or privileged.

**Request No. 6**: Produce all documents that refer to, reflect, or comment on any criminal proceeding in which in which you have been either arrested or convicted during the past 10 years.

**Specific Objection to Request No. 6**: Plaintiff objects to this Request to the extent that the information sought is confidential and/or privileged. Plaintiff further objects that the information is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 7**: Produce your federal income tax returns and any W-2s or Form 1099s for each tax year beginning in 1999.

**Specific Objection to Request No. 7**: Plaintiff objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent the information sought is confidential and/or privileged. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:**    Plaintiff will produce Plaintiff's W-2s or Form 1099s for 1999, 2000, and 2001.

**Request No. 8**: Produce any documents that you sent to or received from the EEOC, OCRC, or any other state agency with the power to investigate charges of discrimination.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

**Request No. 9**: Produce any resume or other listing of your qualifications for employment you have prepared or had prepared for you since January 1, 1998.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

**Request No. 10**: Produce any document by which you sought employment from any employer from January 1, 1998 to date.

**Specific Objection to Request No. 10**: Plaintiff objects to the extent this request is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

4

**Request No. 11**: Produce any document by which you claim you requested employment from AK Steel Corporation.

**Specific Objection to Request No. 11**:  Plaintiff objects to the extent this request is vague and ambiguous.  Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents.

Respectfully submitted this 27th day of November, 2002.

_David Sanford EKB_

DAVID SANFORD, D.C. Bar No. 457933
ERIC BACHMAN, KY Bar. No. 88122
**GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.**
7 DUPONT CIRCLE, N.W.
SUITE 200
WASHINGTON, D.C. 20036
Telephone: (202) 467-4123
Facsimile: (202) 467-4489

GRANT MORRIS, D.C. Bar No. 926253
**LAW OFFICES OF GRANT MORRIS**
7 DUPONT CIRCLE, N.W.
SUITE 250
WASHINGTON, D.C. 20036
Telephone: (202) 331-4707

PAUL H. TOBIAS, OH Bar No. 0032415
DAVID D. KAMMER, OH Bar No. 0061808
**TOBIAS, KRAUS & TORCHIA, LLP**
414 WALNUT STREET
SUITE 911
CINCINNATI, OH 45202
Telephone: (513) 241-8137
Facsimile: (513) 241-7863

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of Plaintiffs' Responses to Defendant's First Set of Requests for Production of Documents was served via first-class mail, postage prepaid, upon:

> Lawrence J. Barty
> Patricia Anderson Pryor
> Gregory Parker Rogers
> Roger A. Weber
> TAFT, STETTINIUS & HOLLISTER LLP
> 425 Walnut Street, Suite 1800
> Cincinnati, Ohio 45202-3957

This is the 27th day of November, 2002.

_Attorney for Plaintiffs_

*Test Friday 9:00 NO 11/13/01* (handwritten)

# APPLICATION FOR EMPLOYMENT

## AK Steel Corporation



AK Steel Corporation is an Equal Employment Opportunity Employer and as such meets all government regulations pertaining to Equal Employment Opportunity.

Name _Marnie_  _Danite_  _Cortin_        Date _10-02-01_
         FIRST          MIDDLE          LAST

Present Address _908_  _8 st._  _Ironton_  _ohio_  _45638_
                 NO.      STREET       CITY      STATE    ZIP CODE

Phone Number — or number where you can be reached: ( _740_ ) _532 - 1733_
                                                    AREA CODE        NUMBER

Permanent Address: _908_  _8 st_  _Iraton_  _ohio_  _45638_
                    NO.      STREET     CITY     STATE   ZIP CODE

Permanent Phone: ( _740_ ) _532 - 1733_        Social Security # _____
                  AREA CODE     NUMBER

Are you 18 years of age or older?  ☑ Yes   ☐ No

Are you lawfully entitled to work within the U.S.? _yes_
(PROOF OF CITIZENSHIP OR IMMIGRATION STATUS IS REQUIRED UPON EMPLOYMENT)

Have you been convicted of a crime other than a minor traffic violation? _No_

If yes, explain. _____

Date available for employment: _Any time_

If the job requires, are you willing to travel? _Yes_                Relocate? _No_

If the job requires, are you able to work all shifts? _Yes_

Have you previously applied at Armco or AK Steel? _No_  If yes, when/where? _____

Have you previously worked for Armco or AK Steel? _No_  If yes, when/where? _____

## EXHIBIT

_M. CARTER_ (handwritten)
_2_   _8-15-07_
      _DMB_

## NEXT PREVIOUS POSITION

Name of employer _____  Your title _____

Address _____  Kind of business _____

Describe your position _____

Period of
employment from _____ to _____    Name of person for
              (MO/YR)      (MO/YR)      whom you worked _____    Rate of
                                                                          earnings _____

Give exact reason for leaving _____

How much time have you lost from work in the past two years? _____

# EDUCATIONAL BACKGROUND:

Circle last grade completed   1   2   3   4   5   6   7   8   9   10   11   ⑫      **College hours completed**

| TYPE OF SCHOOL | NAME AND LOCATION | GRADUATED YES | NO | DEGREE | FIELD OF STUDY | GRADE POINT/SCALE TOP, MID, BOT, 1/3 |
|---|---|---|---|---|---|---|
| HIGH | Ironton High School | ✓ | | | General | Middle |
| BUSINESS OR TRADE | | | | | | |
| COLLEGE OR UNIVERSITY | | | | | | |
| POST GRADUATE | | | | | | |

List other formal educational experience; e.g., night school, home study courses, GED, etc. _____

_____

_____

If presently enrolled, indicate where and field of study: _____

Describe any definite plans for further study: _____

_____

List significant activities, honors, awards or elective offices which have contributed to your career goals and interests: _____

_____

_____

**MILITARY SERVICE:** Are you a Veteran of the U.S. Military Service?   ☐ Yes   ☑ No

| BRANCH OF SERVICE | HIGHEST RANK OR RATE |
|---|---|
| | |

Please, indicate any military experience or training you feel might be of interest and value to AK Steel:

_____

_____

| NAME | ADDRESS | TELEPHONE NO. | RELATIONSHIP |
|---|---|---|---|
| Willa Mae Royal | 906 8 st. Ironton, oh | (740) 532-8539 | Neighbor |
| Ryanna Carter | 809 9 st. Ironton, oh | (740) 532-8334 | Cousin |
| Sue Birchfield | 814 Adams st. Ironton, oh | (740) 532-0577 | friend |

I hereby certify that the foregoing information is accurate, and I authorize AK Steel to verify it. I specifically authorize AK Steel Corporation to obtain information from my former employers and other references, and I authorize my former employers and other references to release information to AK Steel Corporation.

I agree that any false or misleading statement in this application for employment or any additional forms signed by me in connection with my employment shall be sufficient cause for refusal or termination of employment.

I understand that this application is not and is not intended to be a contract of employment. I agree to submit to a physical examination applicable to the requirements of the type of work for which I am applying, including drug and alcohol abuse screening.

Signature of Applicant _Marnie S Carter_                _Susan Carter_ 11/2/2001

Application received by/Date received

## EMPLOYMENT EXPERIENCE

**PRESENT OR MOST RECENT POSITION**

Name of employer _Internal Denton Iron_     Your title _Core processor, Fork lift_

Address _2520 3 st. Ironton ohio 45638_     Kind of business _Foundry_

Describe your position _Press cores. Transport skids and pallets on fork lift_

Period of employment from _5/94_ (MO/YR) to _1/2000_ (MO/YR)     Name of person for whom you worked _Robert Cline_     Rate of earnings _10.14 hr_

Give exact reason for leaving _The plant shut down_

**NEXT PREVIOUS POSITION**

Name of employer _Little Caesars Pizza_     Your title _Day opener_

Address _502 4 st Ironton ohio 45638_     Kind of business _Pizza Parlor_

Describe your position _Opened the store and got it ready for business._

Period of employment from _9/88_ (MO/YR) to _5/94_ (MO/YR)     Name of person for whom you worked _Vicki Lunn_     Rate of earnings _5.35 hr_

Give exact reason for leaving _Advanced to higher paying job_

**NEXT PREVIOUS POSITION**

Name of employer _____     Your title _____

Address _____     Kind of business _____

Describe your position _____

Period of employment from _____ (MO/YR) to _____ (MO/YR)     Name of person for whom you worked _____     Rate of earnings _____

Give exact reason for leaving _____

**NEXT PREVIOUS POSITION**

Name of employer _____     Your title _____

Address _____     Kind of business _____

Describe your position _____

Period of employment from _____ (MO/YR) to _____ (MO/YR)     Name of person for whom you worked _____     Rate of earnings _____

Give exact reason for leaving _____

How much time have you lost from work in the past two years? _____

For what particular type of work are you making application; e.g., clerical, technical, engineering, professional, sales, labor, etc.

*Labor*

Expected wage or salary $ *Starting pay*

If applying for clerical work, list special skills. Include typing (wpm), word processing, computer software, and any office machines or equipment you can operate: _____

_____

_____

If applying for sales, technical, professional, or administrative work, give highlights of any special training or experience which may be helpful: _____

_____

_____

If applying for labor or craft work, indicate any training or experience which might be useful. Include any equipment or machinery you can operate: *Fork lift training. Processor training.*

_____

_____

Describe any additional qualifications, abilities, or strong points which will help you be successful in the job for which you are applying.

*I am a good team worker with dedication and drive.*

_____

## PERSONAL REFERENCES:

Please provide the following information on three individuals whom we may contact as references:

| NAME | ADDRESS | TELEPHONE NO. | RELATIONSHIP |
|------|---------|---------------|--------------|
| Willie Mae Royal | 906 8 st. Ironton, oh | (740) 532-8529 | Neighbor |
| Ruanna Carter | 809 9 st. Ironton, oh | (740) 532-8334 | Cousin |
| Sue Birchfield | 814 Adams st. Ironton, oh | (740) 532-0577 | friend |

I hereby certify that the foregoing information is accurate, and I authorize AK Steel to verify it. I specifically authorize AK Steel Corporation to obtain information from my former employers and other references, and I authorize my former employers and other references to release information to AK Steel Corporation.

I agree that any false or misleading statement in this application for employment or any additional forms signed by me in connection with my employment shall be sufficient cause for refusal or termination of employment.

I understand that this application is not and is not intended to be a contract of employment. I agree to submit to a physical examination applicable to the requirements of the type of work for which I am applying, including drug and alcohol abuse screening.

Signature of Applicant *Marnie S Carter*          *Susan Lester* 11/2/2001

Application received by/Date received

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| | ☐ FEPA | |
| | ☒ EEOC | 241A201039 |

Cincinnati Area Office

State or local Agency, if any

and EEOC

| NAME(Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Marnie Carter | (740) 532-1733 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 901 South Eighth St. | Ironton, OH 45638 | 70 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| AK Steel | >20 | 1-800-331-5050 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 703 Curtis Street | Middletown, Ohio 45043 | |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| Marnie Carter | (740) 532-1733 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 908 So. 8th St. | Ironton, Ohio 45638 | Lawrence |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☒ RACE   ☒ COLOR   ☐ SEX   ☐ RELIGION   ☐ AGE
☐ RETALIATION   ☐ NATIONAL ORIGIN   ☐ DISABILITY   ☐ OTHER (Specify)

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST (ADEA/EPA) | LATEST (ALL) |
| | April 2002 |

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

*Race Discrimination*

**EXHIBIT**

M. CARTER
3    8.15.07
BmB

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

6/14/02    Marnie Carter

Date    Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

Marnie Carter

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

EEOC FORM 5 (10/94)

## CHARGE OF DISCRIMINATION
## MARNIE CARTER
## PAGE 1

### I.    Overview of Individual and Class Allegations

AK Steel Corporation has discriminated and continues to discriminate against me in the terms and conditions of my application for employment with them on the basis of my race, African-American, by denying me the opportunity to be hired while hiring equally or less qualified white employees and subjecting me to a racially hostile application process and other forms of discrimination.  I believe that AK Steel Corporation's actions are part of a continuing pattern and practice of discrimination against African-American applicants for employment and employees, including but not limited to, denying applicants hiring opportunities while providing such opportunities to equally or less qualified white applicants and subjecting them to a racially hostile application process.

### II.    Statement of Facts

I applied to AK Steel in approximately January 2002 for a general labor position at their plant in Ashland, Kentucky.   My work experience includes serving as a Forklift Operator at Ironton Iron Intermit, so I thought that I was well qualified to work in this capacity. In addition, I have no felony convictions and am drug-free.  I found out about the position at a career fair in Portsmouth, Ohio at the Elks Club. An AK Steel representative there gave me an application, which I submitted at the AK Steel plant.  A week later, they called to schedule me for a test given in the basement of the plant. The test asked logic, math, and general questions.  I found the test to be relatively challenging and wondered why they were asking a lot of the questions because, based on my experience at Ironton Iron Intermit, much of the material tested seemed irrelevant to working in general labor. I thought that I did medium on it, well enough to have achieved a passing score.  Approximately a week and a half later, I spoke with Susan Lester, an AK recruiter, on the phone.  She told me that I had failed the test and refused to answer my questions or provide any further information about it.

### III.    Statement of Discrimination

I believe that AK Steel Corporation has discriminated against me and continues to discriminate against me in the terms and conditions of my applications for employment with them on the basis of my race, African-American, in violation of the Civil Rights Act of 1964, as amended, because white applicants with fewer qualifications than me have been hired and I have not, and because I have been subjected to a racially hostile application process and other forms of discrimination and denied the right to apply for work in an environment free of racial discrimination.

# CHARGE OF DISCRIMINATION
## MARNIE CARTER
### PAGE 2

I have been adversely affected by these discriminatory practices by being deprived of the equal opportunity to be hired. Such discrimination denies me and other African-Americans the right to be hired for positions for which we are qualified.

This systemic discrimination also adversely affects the status of African-Americans as employees by promoting and reinforcing racial stereotypes and bias in hiring.

## IV.    Statement of Classwide Discrimination on the Basis of Race

Based on my experiences, I believe that AK Steel Corporation has engaged and continues to engage in a pattern and practice of discrimination against its African-American applicants for employment and employees that denies them equal employment opportunities in ways including but not limited to the following: denying them hiring opportunities while providing such opportunities to equally or less qualified white employees and subjecting them to a racially hostile application process and work environment in which few other African-Americans are employed. This policy violates Title VII of the 1964 Civil Rights Act, 42 U.S.C. Section 2000(e), et seq.

I believe this policy has effected a class of black persons comprised of all past, present and future black applicants for employment with AK Steel. I believe that these discriminatory practices occur throughout AK Steel Corporation. I make this charge on behalf of myself and all similarly situated African-American applicants for employment and employees.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 6/14/02

*Marnie Carter*

Charging Party (signature)

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

VIVIAN BERT, *et al.*,                )
                                      )
           Plaintiffs,                )
                                      )
v.                                    )        Case No. C-1-02-467
                                      )        Judge Beckwith
AK STEEL CORPORATION,                 )        Magistrate Judge Hogan
                                      )
           Defendant.                 )
                                      )
                                      )

**EXHIBIT**

M. CARTER
4    8.15.07
     pmb

## PLAINTIFFS' INITIAL DISCLOSURES

Plaintiffs, through their counsel, submit the following disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure:

1.     **The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleading identifying the subjects of the information.**

Lay Witnesses:  See Attachment A.

Additional witnesses may include any of the Defendant's hiring personnel, management, or any other employees who have otherwise witnessed the violations alleged in Plaintiffs' complaint. Discovery is continuing and ongoing and Plaintiffs reserve the right to supplement this response as additional facts become available.

Expert Witnesses:  At this time, expert witnesses are not identified.  Plaintiffs' counsel will provide information pursuant to the Case Management Order in this case.

2.      A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings.

See Attachment B.

Additional supporting documentation may include documentation in the possession of Defendants. Such documents may include any personnel files, postings, bids, manuals, notices, agreements, or other writings documenting the Plaintiffs' and putative class members' employment, applications for employment, and/or opportunities for advancement or lack thereof and Defendants' policies on discrimination and harassment.

Plaintiffs objects to the production of any documents which are protected by the attorney-client privilege or the work-product doctrine. Discovery is continuing and ongoing and Plaintiffs reserve the right to supplement this response as additional facts become available.

3.      A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

The actual nominal and punitive damage amounts are currently unknown and will be determined at a later date. This response will be supplemented as further information becomes available. In determining the amount of Plaintiffs' damages, Plaintiffs may need to rely upon information in the possession of the Defendant to be obtained during discovery, as well as the opinion of an expert or experts.

4.      For inspection and copying as under Rule 34 any insurance agreement under

2

which any person carrying on an insurance business may be liable to satisfy part or all of a

judgment which may be entered in the action or to indemnify or reimburse for payments made

to satisfy the judgment.

      Not applicable to Plaintiffs.


      Respectfully submitted this 3rd day of February, 2003.


DAVID SANFORD, D.C. Bar No. 457933
ERIC BACHMAN, KY Bar. No. 88122
**GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.**
7 DUPONT CIRCLE, N.W.
SUITE 200
WASHINGTON, D.C. 20036
202-467-4123 / 202-467-4489 (facsimile)

GRANT MORRIS, Washington D.C. Bar No. 926253
**LAW OFFICES OF GRANT MORRIS**
7 DUPONT CIRCLE, N.W.
SUITE 250
WASHINGTON, D.C. 20036
202-331-4707

PAUL H. TOBIAS, OH Bar No. 0032415
DAVID D. KAMMER, OH Bar No. 0061808
**TOBIAS, KRAUS & TORCHIA, LLP**
414 WALNUT STREET
SUITE 911
CINCINNATI, OH 45202
Telephone: (513) 241-8137
Facsimile: (513) 241-7863

*Attorneys for Plaintiffs*

which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

      Not applicable to Plaintiffs.

      Respectfully submitted this 3rd day of February, 2003.

DAVID SANFORD, D.C. Bar No. 457933
ERIC BACHMAN, KY Bar. No. 88122
**GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.**
7 DUPONT CIRCLE, N.W.
SUITE 200
WASHINGTON, D.C. 20036
202-467-4123 / 202-467-4489 (facsimile)

GRANT MORRIS, Washington D.C. Bar No. 926253
**LAW OFFICES OF GRANT MORRIS**
7 DUPONT CIRCLE, N.W.
SUITE 250
WASHINGTON, D.C. 20036
202-331-4707

PAUL H. TOBIAS, OH Bar No. 0032415
DAVID D. KAMMER, OH Bar No. 0061808
**TOBIAS, KRAUS & TORCHIA, LLP**
414 WALNUT STREET
SUITE 911
CINCINNATI, OH 45202
Telephone: (513) 241-8137
Facsimile: (513) 241-7863

*Attorneys for Plaintiffs*

3

# ATTACHMENT A

<u>Lay Witness Testimony:</u>[1]

1.    Vivian Bert

    a)    Donna Phillips
             Oklahoma Department of Transportation
             200 N. E. 21st Street
             Oklahoma City, OK 73105

Phillips may have knowledge of Bert's character, qualifications, level of experience, and job performance.

    b)    Clyde W. Thomas
             Oklahoma Department of Transportation
             200 N. E. 21st Street
             Oklahoma City, OK 73105

Thomas may have knowledge of Bert's character, qualifications, level of experience, and job performance.

2.    Thaddeus Freeman

        None at this time.

3.    Darrell Carter

    a)    Mark Collins
             223 9th Street
             Ashland, KY 4110

Collins may have information regarding race discrimination in hiring at AK Steel. He also may have knowledge of Carter's character, qualifications, and level of experience.

    b)    Susan Lester
             AK Steel, HR Manager
             P.O. Box 191
             Ashland, KY 41105

---

[1] Witnesses are listed according to the Plaintiff to whose claims they are believed to be most directly relevant. Plaintiffs reserve the right to take the position that such testimony is relevant to the claims of other Plaintiffs and/or the claims of the putative class.

FROM (MON) 2. 3' 03 16:51/ST. 16:49/NO. 4863410133 P 7

Lester, an employee of the Defendant, may have information regarding Carter's application for employment with the AK Steel. Lester may also have information regarding race discrimination in hiring at AK Steel.

    c)    Darlene Denise Carter
           908 South 8th St.
           Ironton, OH 45638

D. Carter may have information regarding race discrimination in hiring at AK Steel. He also may have knowledge of Carter's character, qualifications, and level of experience.

    d)    Marnie Carter
           908 South 8th St.
           Ironton, OH 45638

M. Carter may have information regarding race discrimination in hiring at AK Steel. She also may have knowledge of Carter's character, qualifications, and level of experience.

4.    Edward James Lewis

    a)    Allen Roberts
           P.O. Box 552
           Middletown, OH 45044

Roberts may have information regarding race discrimination in hiring, promotions, training, and terms and conditions of employment at AK Steel. He also has knowledge of Lewis's character, qualifications, level of experience, and job performance.

5.    Timothy Oliphant

        None at this time.

6.    Mary Harris

        None at this time.

7.    Roderique Russell

        None at this time.

8.    Kay Jackson

a)      Brooks Carmichael Jackson
        1223 Winifred St.
        Greenup, KY 41144

B. Jackson may have information regarding race discrimination in hiring, promotions, training, and terms and conditions of employment at AK Steel. He also has knowledge of Jackson's character, qualifications, level of experience, and job performance.

b)      Roger Grundman, Jr.
        Tenneco Packaging
        18 Peck Avenue
        P.O. Box 148
        Glens Falls, New York 12801-0148

Grundman may have knowledge of Jackson's character, qualifications, level of experience, and job performance.

c)      Mimi Louiso
        Tenneco Packaging
        9960 Raquet Club Lane
        Glen Allen, VA 23060

Louiso may have knowledge of Jackson's character, qualifications, level of experience, and job performance.

d)      Gary Hamm
        Tenneco Packaging/AVI
        300 Harris Road
        Wurtland, KY 41144

Hamm may have knowledge of Jackson's character, qualifications, level of experience, and job performance.

e)      Jackie Smith
        Tenneco Packaging/AVI
        300 Harris Road
        Wurtland, KY 41144

Smith may have knowledge of Jackson's character, qualifications, level of experience, and job performance.

f)      Garry R. Lewis
        Tenneco Packaging/AVI

300 Harris Road
Wurtland, KY 41144

Lewis may have knowledge of Jackson's character, qualifications, level of experience, and job performance.

9.     Marnie Carter

   a)     Darrell Carter
          901 South 7th St.
          Ironton, OH 45638

Carter may have information regarding race discrimination in hiring at AK Steel. He also may have knowledge of Carter's character, qualifications, and level of experience.

   b)     Darlene Denise Carter
          908 South 8th St.
          Ironton, OH 45638

D. Carter may have information regarding race discrimination in hiring at AK Steel. She also may have knowledge of Carter's character, qualifications, and level of experience.

   c)     Susan Lester
          AK Steel, HR Manager
          P.O. Box 191
          Ashland, KY 41105

Lester, an employee of the Defendant, may have information regarding Carter's application for employment with the AK Steel. Lester may also have information regarding race discrimination in hiring at AK Steel.

10.     Darlene Denise Carter

   a)     Darrell Carter
          901 South 7th St.
          Ironton, OH 45638

Carter may have information regarding race discrimination in hiring at AK Steel. He also may have knowledge of Carter's character, qualifications, and level of experience.

   b)     Marnie Carter
          908 South 8th St.

7

Ironton, OH 45638

M. Carter may have information regarding race discrimination in hiring at AK Steel.  She also may have knowledge of Carter's character, qualifications, and level of experience.

c)      Susan Lester
        AK Steel, HR Manager
        P.O. Box 191
        Ashland, KY 41105

Lester, an employee of the Defendant, may have information regarding Carter's application for employment with the AK Steel.  Lester may also have information regarding race discrimination in hiring at AK Steel.

11.    Dwight Lewis

a)      Susan Lester
        AK Steel, HR Manager
        P.O. Box 191
        Ashland, KY 41105

Lester, an employee of the Defendant, may have information regarding Lewis's application for employment with the AK Steel.  Lester may also have information regarding race discrimination in hiring at AK Steel.

12.    Michael Miller

a)      Jessica Hicks

Hicks, an employee of the Defendant, may have information regarding Miller's application for employment with the AK Steel.  Hicks may also have information regarding race discrimination in hiring at AK Steel.

b)      Ella Moreland
        Heidelberg Web Systems
        4900 Webster Street
        Dayton, Ohio 45414

Moreland may have knowledge of Miller's character, qualifications, level of experience, and job performance.

13.    Ronald Sloan

8

FROM

a) **Jessica Hicks**

Hicks, an employee of the Defendant, may have information regarding Sloan's application for employment with the AK Steel. Hicks may also have information regarding race discrimination in hiring at AK Steel.

14. **Donald Edwards**

None at this time.

15. **Shawn Pryor**

None at this time.

16. **Tiffany Jackson**

a) **Rodney Cosby**
1202 Winifred St.
Greenup, KY 41144

Cosby may have information regarding race discrimination in hiring, promotions, training, and terms and conditions of employment at AK Steel. He also has knowledge of Jackson's character, qualifications, level of experience, and job performance.

b) **Susan Lester**
AK Steel, HR Manager
P.O. Box 191
Ashland, KY 41105

Lester, an employee of the Defendant, may have information regarding Jackson's application for employment with the AK Steel. Lester may also have information regarding race discrimination in hiring at AK Steel.

c) **Pat Amitrano**
Department of Puclic Works
11 Wurtz Avenue
Utica, NY 13502

Amitrano may have knowledge of Jackson's character, qualifications, level of experience, and job performance.

d) **James Mack**
User Friendly Software Systems

9

239 Genesee Street
Utica, NY 13502

Mack may have knowledge of Jackson's character, qualifications, level of experience, and job performance.

e)      Brian Boyle
        Liebert Corporation
        3040 South 9th Street
        Ironton, OH 45638

Boyle may have knowledge of Jackson's character, qualifications, level of experience, and job performance.

17.    Allen Roberts

        None at this time.

10

## ATTACHMENT B

1.    Vivian Bert

          Tax returns from 1999, 2000, and 2001
          Resume
          EEOC Charge
          Job application
          Notebook

2.    Thaddeus Freeman

          Tax returns from 1999, 2000 and 2001
          EEOC Charge
          Correspondence related to EEOC charge
          Resume

3.    Darrell Carter

          None at this time.

4.    Edward James Lewis

          None at this time.

5.    Timothy Oliphant

          None at this time.

6.    Mary Harris

          Tax returns from 1999, 2000 and 2001
          EEOC Charge
          Resume

7.    Roderique Russell

          None at this time.

8.    Kay Jackson

          W2 Wage and Tax Statements 1999, 2000, 2001
          EEOC Documents

11

Resume
Letters of Recommendation
Copies of prescriptions
Notice of Dismissal
Copy of high school diploma
Copy of application to Shawnee Medical Center

9.    Marnie Carter

None at this time.

10.    Darlene Denise Carter

None at this time.

11.    Dwight Lewis

Calender
Tax Returns 1999, 2000, 2001
Resume
EEOC Charge and related Documents

12.    Michael Miller

Tax Returns 2000, 2001
Resume
Transcript, Sinclair Community College, Associate of Applied Science
Letter of Recommendation
EEOC Charge and related Documents
Work Force Reduction Notification, Heidelberg Web Systems

13.    Ronald Sloan

Tax Returns: 1999, 2000, 2001
EEOC charge
Resumes
Certificate of Discharge from Active Military Duty, Honorable
Certificate regarding Naval Training and Experience
cover letter
electronics certificate

14.    Donald Edwards

12

None at this time.

15.    Shawn Pryor

        W2 Wage and Tax Statements: 1999, 2000, 2001
        High School Diploma
        Dipoloma, Miami University of Ohio, BA

16.    Tiffany Jackson

        Tax Returns: 1999, 2000 and 2001
        EEOC Charge and Related Documents
        Resume
        Calendar notes
        Letters of reference
        Paralegal certificate
        Forklift certificate

17.    Allen Roberts

        None at this time.*

*At present, Plaintiffs continue to review documents in the possession of Roberts and will supplement these initial disclosures as soon as practicable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of Plaintiffs' Initial Disclosures was served this 3rd day of February, 2003, via facsimile and first-class mail, postage prepaid, upon:

> ROGER A. WEBER
> **TAFT, STETTINIUS & HOLLISTER LLP**
> 1800 FIRSTAR TOWER
> 425 WALNUT STREET
> CINCINNATI, OH 452023959
> Telephone: (513) 381-2838
> Facsimile: (513) 381-0205

_____
*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

VIVIAN BERT, et al.,                          )

     Plaintiffs,                            )
                                              )
v.                                            )          **CASE NO. C-1-02-467**
                                              )          **Judge Beckwith**
AK STEEL CORPORATION,                         )          **Magistrate Judge Hogan**
                                              )
     Defendant.                             )

**EXHIBIT**

M. CARTER
8.15.07
5    pmB

## PLAINTIFF MARNIE CARTER'S RESPONSES TO DEFENDANT A. K. STEEL CORPORATION'S FIRST SET OF INTERROGATORIES

Comes now the Plaintiff, Marnie Carter, by and through her undersigned counsel of record and responds to the Defendant's First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1.    The Plaintiff objects to the definitions and instructions accompanying these interrogatories to the extent that they seek to impose burdens, duties and obligations upon the Plaintiff in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure; Plaintiff will respond in accordance with said law and rules.

2.    The Plaintiff objects to these requests to the extent they seek information and/or documentation regarding matters about which the Defendant has knowledge but has failed to disclose, or so limited their responses to previous discovery of the Plaintiff, so as to in effect deny the Plaintiff the information requested and needed by them to answer these requests.

3.    The Plaintiff objects to these requests to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of

attorneys or other representatives of the Plaintiff, rather than seeking this information from the Plaintiff.

4.      The Plaintiff objects to these requests to the extent they seek information and/or documentation protected by the attorney-client privilege or any other applicable privilege.

5.      The Plaintiff objects to these requests to the extent that the Defendant is seeking to make them into a bill of particulars.

6.      The Plaintiff objects to these requests to the extent they seek to require Plaintiff's counsel to present a "dress rehearsal" of the evidence to be submitted in the course of the proceedings. The mental impressions, legal theories, legal conclusions, and legal opinions of Plaintiff's counsel, as well as any communications between Plaintiff and her counsel, are clearly protected from discovery by the attorney-client privilege and the work product doctrine.

7.      The Plaintiff objects to these requests to the extent that the information and/or documentation sought, if any, was obtained and prepared in anticipation of litigation and the Defendants have not made the required showing of substantial need for the information and/or documentation or that the substantial equivalent of such information and/or documentation is unobtainable by other means. The Plaintiff further objects to these requests to the extent that the information and/or documentation called for, if any, is protected and is not discoverable under Rule 26(b)(3) of the Fed. R. Civ. P. and Hickman v. Taylor, 329 U.S. 495 (1947).

8.      The Plaintiff objects to these requests to the extent that they seek information and/or documentation that is equally available to the Defendant and the burden on the Defendant to obtain the requested information and/or documentation is no greater than the burden on the Plaintiff.

9.      The Plaintiff objects to these requests to the extent they exceed the requirements of Rules

26, 30, 34 or 45 of the Fed. R. Civ. P.

10.    The Plaintiff objects to these requests to the extent they seek information and/or documentation relating to expert witnesses, witnesses, and trial exhibits in excess of the disclosure duties imposed by the Fed. R. Civ. P. and the Court's Scheduling and Pretrial Orders relating to such matters.

11.    The Plaintiff objects to these requests to the extent they require the Plaintiff to disclose "each and every" fact or piece of knowledge possessed by them as such a requirement is impossible to fulfill and is objectionably broad for failure to be "reasonably particularized".

12.    The Plaintiff objects to these requests to the extent they request duplicative and cumulative information and/or documentation heretofore disclosed in conjunction with discovery already undertaken by the Defendant in this action.

13.    The Plaintiff objects to these requests to the extent that they seek to require the Plaintiff's attorneys to divulge the substance of information and/or documentation developed by them (i.e., interpretive, not investigatory) in preparation for any hearing or trial in this action.

14.    The Plaintiff objects to these requests to the extent that they do not, on their face, restrict themselves either to an identifiable time or a reasonable, rationally-based time frame.

15.    The Plaintiff objects to these requests to the extent that they seek information and/or documentation from the Plaintiff regarding matters about which the Defendant has refused or objected to providing in their interrogatory or request for production responses.

16.    The Plaintiff objects to these requests to the extent that they are oppressive, i.e., they were designed to create an unreasonable burden on the Plaintiff which burden is not commensurate with the professed result sought.

3

17.    The Plaintiff objects to these interrogatories to the extent they seek answers to multiple interrogatories within a single interrogatory.

18.    These requests are addressed to the Plaintiff and the responses herein are based on information and/or documentation presently available to the Plaintiff. Investigation is presently continuing, however, and additional information and/or documentation pertinent to these requests may well be disclosed as a result of such ongoing and continuing investigation.

Except as otherwise indicated, the Plaintiff incorporates the General Objections into each and every answer set forth below. Without waiving the foregoing objections, the Plaintiff answers as follows:

**INTERROGATORY NO. 1:** Identify all litigation or legal proceedings in which you have been a witness or party, including the name and number of the case, the court or administrative agency for which the case was pending, and a brief description of the nature of the case, and the year in which the matter was pending.

**SPECIFIC OBJECTION TO REQUEST**: Plaintiff objects because this request does not seek relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this request is unduly harassing, burdensome, and oppressive. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

ANSWER:    Bert, et al, v. AK Steel
Case No.: 1:02-CV-00467
United States District Court
Southern District of Ohio (Cincinnati)
Nature of case: Race discrimination in hiring

**INTERROGATORY NO. 2:** Identify all employers for whom you have worked since January 1, 2001, including the dates of employment, the positions held, amounts paid per week, and reason for

4

leaving, if applicable.

**SPECIFIC OBJECTION TO REQUEST**: Plaintiff objects because this request does not seek

relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this

request is unduly harassing, burdensome, and oppressive. Subject to and without waiving the foregoing

general and specific objections, Plaintiff responds as follows:

> **ANSWER:**  9-5-02 to 1-13-03: Applied Card Systems as a collector, $212.50 per week,
>
> they shut down the business;
>
> 4-9-04 to 8-1-04: Bryants Health Care as a Nurse Aide, $536.00 bi-weekly, was
>
> laid off;
>
> 8-9-04 to 11-1-04: Oak Ridge Treatment Center as a Mental Health Specialist -
>
> $250.00 per week; went back to Bryants Health Care.
>
> 11-1-04 to the Present: Bryants Health Care as a Nurse Aide - $536.00 bi-weekly

**INTERROGATORY NO. 3:** Identify all employers to whom you applied for employment since

January 1, 2001, including the date you submitted written applications, the job to which you applied, the

dates you were interviewed, the employers who tendered you job offers, and a description of the offer.

**SPECIFIC OBJECTION TO REQUEST**: Plaintiff objects because this request does not seek

relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this

request is unduly harassing, burdensome, and oppressive. Subject to and without waiving the foregoing

general and specific objections, Plaintiff responds as follows:

> **ANSWER:**  I have applied to A. K. Steel Corporation and the employers listed in my response
>
> to Interrogatory No. 2.

5

**INTERROGATORY NO. 4:** Identify all income received from whatever source, by amount each week after January 1, 2001.

**ANSWER:**    Please see my response to Interrogatory No. 2.

**INTERROGATORY NO. 5:** Identify by name, address and telephone number all individuals who have knowledge about or information about the allegations in the Complaint, and state a summary of what you believe their knowledge to be.

**ANSWER:**    Darlene Carter at 908 S. 8th Street, Ironton, Ohio and Darrell Carter at 901 South

7th Street, Ironton, Ohio

**INTERROGATORY NO. 6:** Identify all individuals who you intend to call as witnesses in the litigation of this matter.

**SPECIFIC OBJECTION TO REQUEST:**  Plaintiffs objects because this Interrogatory violates the Court's Order establishing a deadline for Plaintiff to disclose witnesses and testimony.  Plaintiff further objects to the extent this interrogatory seeks information protected by the attorney-client privilege or other privilege and/or the work product doctrine.  Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**ANSWER:**  Plaintiff will abide by the deadlines established by the Court and the disclosure requirements set by the Federal Rules of Civil Procedure to disclose the witnesses they will use at trial in this case.

Respectfully Submitted,

Robert F. Childs, Jr.

Herman N. Johnson, Jr.

6

**WIGGINS, CHILDS, QUINN & PANTAZIS**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 328-0640
(205) 254-1500 (facsimile)


Tobias, Kraus & Torchia, LLP
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (facsimile)

ATTORNEYS FOR THE PLAINTIFFS


## CERTIFICATE OF SERVICE

I do hereby certify that on May 10, 2007, I served the foregoing via U.S. Mail and electronic mail upon the following:

Gregory Parker Rogers
Lawrence James Barty
Patricia Anderson Pryor
Taft, Stettinius & Hollister, LLP
1800 First Star Tower
425 Walnut Street
Cincinnati, OH 45202
Fax: (513) 381-0205


PLAINTIFFS' COUNSEL

7

## <u>VERIFICATION</u>

I, Marnie Carter, hereby state that the answers to the foregoing interrogatories are true and

complete to the best of my knowledge.

_Marnie Carter_
Marnie Carter

This the _7th_ day of _May_, 2007.

7

MARNIE D CARTER

| | 2000 | 1999 |
|---|---|---|
| **INCOME** | | |
| 7. Wages, salaries, tips..................... | 2,132 | 23,722 |
| 8a. Taxable interest income................... | 0 | 0 |
| 9. Ordinary dividend income.................. | 0 | 0 |
| 10. State/local tax refunds................... | 0 | 0 |
| 11. Alimony received......................... | 0 | 0 |
| 12. Business income (loss)................... | 0 | 0 |
| 13. Capital gain (loss)...................... | 0 | 0 |
| 14. Other gains (losses).................... | 0 | 0 |
| 15b. Taxable IRA dist........................ | 0 | 0 |
| 16b. Taxable pensions........................ | 0 | 0 |
| 17. Rents, partnerships, etc................. | 0 | 0 |
| 18. Farm income (loss)...................... | 0 | 0 |
| 19. Unemployment comp........................ | 2,448 | 0 |
| 20b. Taxable soc.security.................... | 0 | 0 |
| 21. Other income............................ | 0 | 0 |
| 22. Total income............................ | 4,580 | 23,722 |
| | | |
| **ADJUSTMENTS** | | |
| 23. IRA deduction............................ | 0 | 0 |
| 24. Student loan interest deduction.......... | 0 | 0 |
| 25. Medical Savings deduction................ | 0 | 0 |
| 26. Moving Expense........................... | 0 | 0 |
| 27. Self-empl.tax deduct..................... | 0 | 0 |
| 28. Self-empl.health ins.................... | 0 | 0 |
| 29. KEOGHs, SEPs, and SIMPLEs................ | 0 | 0 |
| 30. Sav.withdrawal penalty................... | 0 | 0 |
| 31a. Alimony paid............................ | 0 | 0 |
| 32. Total adjustments....................... | 0 | 0 |
| | | |
| **ADJUSTED GROSS INCOME** | | |
| 33. Line 22 less line 32..................... | 4,580 | 23,722 |
| | | |
| **TAXABLE INCOME** | | |
| 36. Itemized deductions...................... | 0 | 0 |
| Medical expenses.......................... | 81 | 964 |
| Taxes.................................... | 0 | 0 |
| Deductible interest...................... | 0 | 0 |
| Contributions........................... | 0 | 0 |
| Casualty................................. | 0 | 0 |
| Miscellaneous deduct..................... | 81 | 964 |
| Total itemized........................... | 6,450 | 4,300 |
| 36. Standard deduction....................... | 5,600 | 2,750 |
| 38. Exemptions............................... | 0 | 16,672 |
| 39. Taxable income.......................... | | |
| | | |
| **TAX COMPUTATION** | | |
| Tax from Tax Table (00)     Tax Table (99)... | 0 | 2,501 |
| Additional taxes........................... | 0 | 0 |
| 41. Alt.minimum tax.......................... | 0 | 0 |
| 42. Tax before credits....................... | 0 | 2,501 |
| | | |
| **CREDITS** | | |
| 43. Foreign tax credit....................... | 0 | 0 |
| 44. Child care............................... | 0 | 0 |
| 45. Elderly or the disabled.................. | 0 | 0 |
| 46. Education credits........................ | 0 | 0 |
| 47. Child tax credit........................ | 0 | 0 |

# Income Tax Summary

Name MARNIE D CARTER

Social Security Number

| | INCOME and ADJUSTMENTS | Year 2001 | Year 2000 |
|---|---|---|---|
| 7. | Wages, salaries, tips | 0 | 2,132 |
| 8a. | Taxable interest income | 0 | 0 |
| 9. | Ordinary dividend income | 0 | 0 |
| 10. | State/local tax refunds | 0 | 0 |
| 11. | Alimony received | 0 | 0 |
| 12. | Business income (loss) | 0 | 0 |
| 13. | Capital gain (loss) | 0 | 0 |
| 14. | Other gains (losses) | 0 | 0 |
| 15b. | Taxable IRA distribution | 0 | 0 |
| 16b. | Taxable pensions | 0 | 2,387 |
| 17. | Rents, partnerships, etc. | 0 | 0 |
| 18. | Farm income (loss) | 0 | 0 |
| 19. | Unemployment compensation | 13,872 | 2,448 |
| 20b. | Taxable social security benefits | 0 | 0 |
| 21. | Other income | 0 | 0 |
| 22. | Total income | 13,872 | 6,967 |
| 23. | IRA deduction | 0 | 0 |
| 24. | Student loan interest deduction | 0 | 0 |
| 25-31. | Other adjustments | 0 | 0 |
| 32. | Total adjustments | 0 | 0 |
| 33. | Line 22 less Line 32 | 13,872 | -6,967 |
| | **TAXABLE INCOME** | | |
| 36. | Itemized deductions | | |
| | Medical expenses | 0 | 0 |
| | Taxes | 0 | 81 |
| | Deductible interest | 0 | 0 |
| | Contributions | 0 | 0 |
| | Casualty | 0 | 0 |
| | Miscellaneous deductions | 0 | 0 |
| | Total itemized deductions | 0 | 81 |
| 36. | Standard deduction | 6,650 | 6,450 |
| 38. | Exemptions | 5,800 | 5,600 |
| 39. | Taxable income | 1,422 | 0 |
| | **CREDITS** | | |
| 42. | Tax before credits | 212 | 0 |
| 44. | Child care credit | 0 | 0 |
| 46. | Education credits | 0 | 0 |
| 43, 45, 48-49. | Other credits | 71 | 0 |
| 48. | Child tax credit | 141 | 0 |
| 51. | Total credits | 212 | 0 |
| 52. | Tax after credits | 0 | 0 |
| 53. | Self-employment tax | 0 | 0 |
| 54. | Social security tax on tips | 0 | 0 |
| 55. | Tax on IRA and other plans | 0 | 239 |
| 56-57. | Other taxes | 0 | 0 |
| 58. | Total tax | 0 | 239 |
| | **PAYMENTS** | | |
| 59. | Federal withholding | 1,811 | 1,153 |
| 60. | Estimated payments | 0 | 0 |
| 61a. | Earned income credit | 0 | 723 |
| 62, 64, 65. | Other payments | 0 | 0 |
| 63. | Additional child tax credit | 0 | 0 |
| 66. | Total payments | 1,811 | 1,876 |
| | **REFUND** | | |
| 67. | Overpayment | 1,811 | 1,637 |
| 68a. | Refund due after amount applied to next year's estimates | 1,811 | 1,637 |
| | **AMOUNT DUE** | | |
| 70. | Amount owed with return | 0 | 0 |
| 71. | Penalty for underpayment of tax | 0 | 0 |

Advantage (2001)         FDADV-2V 1.0
Form Software Copyright 1996 - 2001 H&R Block Tax Services, Inc.



H&R Block
advantage

## 2003 Tax Return Summary

### Federal Year over Year Comparison

| INCOME | Year 2003 | Year 2002 | Change($) |
|---|---|---|---|
| Wages, salaries, tips | $6,150 | $4,329 | $1,821 |
| Unemployment compensation | $2,160 | $7,072 | ($4,912) |
| Total income | $8,310 | $11,401 | ($3,091) |
| **ADJUSTED GROSS INCOME** | | | |
| Total income less total adjustments | $8,310 | $11,401 | ($3,091) |
| **PAYMENTS** | | | |
| Federal withholding | $394 | $708 | ($314) |
| Earned income credit | $2,100 | $1,471 | $629 |
| Total payments | $2,494 | $2,179 | $315 |
| **REFUND** | | | |
| Overpayment | $2,494 | $2,179 | $315 |
| Refund due | $2,494 | $2,179 | $315 |
| **OTHER COMPUTATIONS** | | | |
| Alternative minimum taxable income | $8,310 | $11,401 | ($3,091) |
| Effective tax bracket | 0% | | |
| Filing status | Head of Household | Head of Household | |



**H&R BLOCK**

# ADVANTAGE

## 2005 Tax Return Summary

### Federal Year over Year Comparison

| INCOME | Year 2005 | Year 2004 | Change($) |
|---|---|---|---|
| Wages, salaries, tips | $16,519 | $9,361 | $7,158 |
| Unemployment compensation | $0 | $141 | ($141) |
| Total income | $16,519 | $9,502 | $7,017 |

| ADJUSTED GROSS INCOME | | | |
|---|---|---|---|
| Total income less total adjustments | $16,519 | $9,502 | $7,017 |

| TAXABLE INCOME | | | |
|---|---|---|---|
| Standard deductions | $7,300 | $7,150 | $150 |
| Exemptions | $6,400 | $6,200 | $200 |
| Taxable income | $2,819 | $0 | $2,819 |

| TAX COMPUTATION | | | |
|---|---|---|---|
| Income tax | $281 | $0 | $281 |
| Tax before credits | $281 | $0 | $281 |

| CREDITS | | | |
|---|---|---|---|
| Child care credit | $281 | $0 | $281 |
| Total credits | $281 | $0 | $281 |

| PAYMENTS | | | |
|---|---|---|---|
| Federal withholding | $1,340 | $552 | $788 |
| Earned income credit | $2,318 | $2,604 | ($286) |
| Additional child tax credit | $828 | $0 | $828 |
| Total payments | $4,486 | $3,156 | $1,330 |

| REFUND | | | |
|---|---|---|---|
| Overpayment | $4,486 | $3,156 | $1,330 |
| Refund due | $4,486 | $3,156 | $1,330 |

| OTHER COMPUTATIONS | | | |
|---|---|---|---|
| Alternative minimum taxable income | $16,519 | $9,502 | $7,017 |
| Marginal tax bracket | 10% | | |
| Filing status | Head of Household | Head of Household | |

**An H&R Block Tax Professional is available year-round to provide you with information about these opportunities. For more information about tax, mortgage and financial services call 1-800-HRBLOCK or visit hrblock.com.**

This H&R Block Advantage document provides suggestions that may help you improve your tax and financial situation. Its contents should be considered in conjunction with information you receive from other sources that are familiar with your specific circumstances. H&R Block Financial Advisors, Inc., a subsidiary of H&R Block Inc. offers investment services and securities products. H&R Block Financial Advisors, Inc. is a dually-registered investment advisor and broker-dealer and a member of NYSE/SIPC. Tax services offered through subsidiaries of H&R Block Services Inc. Mortgage services offered through H&R Block Mortgage Inc. H&R Block Inc., H&R Block Services Inc. and H&R Block Mortgage Inc. are not registered broker-dealers.