### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **VIVIAN BERT, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. C-1-02-467** |
| | ) | **Judge Beckwith** |
| **AK STEEL CORPORATION,** | ) | **Magistrate Judge Hogan** |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF TIMOTHY OLIPHANT'S RESPONSES TO DEFENDANT A. K. STEEL CORPORATION'S FIRST SET OF INTERROGATORIES

Comes now the Plaintiff, Timothy Oliphant, by and through his undersigned counsel of record and responds to the Defendant's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1.      The Plaintiff objects to the definitions and instructions accompanying these interrogatories to the extent that they seek to impose burdens, duties and obligations upon the Plaintiff in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure; Plaintiff will respond in accordance with said law and rules.

2.      The Plaintiff objects to these requests to the extent they seek information and/or documentation regarding matters about which the Defendant has knowledge but has failed to disclose, or so limited their responses to previous discovery of the Plaintiff, so as to in effect deny the Plaintiff the information requested and needed by them to answer these requests.

3.      The Plaintiff objects to these requests to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of



attorneys or other representatives of the Plaintiff, rather than seeking this information from the Plaintiff.

4.      The Plaintiff objects to these requests to the extent they seek information and/or documentation protected by the attorney-client privilege or any other applicable privilege.

5.      The Plaintiff objects to these requests to the extent that the Defendant is seeking to make them into a bill of particulars.

6.      The Plaintiff objects to these requests to the extent they seek to require Plaintiff's counsel to present a "dress rehearsal" of the evidence to be submitted in the course of the proceedings. The mental impressions, legal theories, legal conclusions, and legal opinions of Plaintiff's counsel, as well as any communications between Plaintiff and her counsel, are clearly protected from discovery by the attorney-client privilege and the work product doctrine.

7.      The Plaintiff objects to these requests to the extent that the information and/or documentation sought, if any, was obtained and prepared in anticipation of litigation and the Defendants have not made the required showing of substantial need for the information and/or documentation or that the substantial equivalent of such information and/or documentation is unobtainable by other means. The Plaintiff further objects to these requests to the extent that the information and/or documentation called for, if any, is protected and is not discoverable under Rule 26(b)(3) of the Fed. R. Civ. P. and <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947).

8.      The Plaintiff objects to these requests to the extent that they seek information and/or documentation that is equally available to the Defendant and the burden on the Defendant to obtain the requested information and/or documentation is no greater than the burden on the Plaintiff.

9.      The Plaintiff objects to these requests to the extent they exceed the requirements of Rules

2

26, 30, 34 or 45 of the Fed. R. Civ. P.

10.    The Plaintiff objects to these requests to the extent they seek information and/or documentation relating to expert witnesses, witnesses, and trial exhibits in excess of the disclosure duties imposed by the Fed. R. Civ. P. and the Court's Scheduling and Pretrial Orders relating to such matters.

11.    The Plaintiff objects to these requests to the extent they require the Plaintiff to disclose "each and every" fact or piece of knowledge possessed by them as such a requirement is impossible to fulfill and is objectionably broad for failure to be "reasonably particularized".

12.    The Plaintiff objects to these requests to the extent they request duplicative and cumulative information and/or documentation heretofore disclosed in conjunction with discovery already undertaken by the Defendant in this action.

13.    The Plaintiff objects to these requests to the extent that they seek to require the Plaintiff's attorneys to divulge the substance of information and/or documentation developed by them (i.e., interpretive, not investigatory) in preparation for any hearing or trial in this action.

14.    The Plaintiff objects to these requests to the extent that they do not, on their face, restrict themselves either to an identifiable time or a reasonable, rationally-based time frame.

15.    The Plaintiff objects to these requests to the extent that they seek information and/or documentation from the Plaintiff regarding matters about which the Defendant has refused or objected to providing in their interrogatory or request for production responses.

16.    The Plaintiff objects to these requests to the extent that they are oppressive, i.e., they were designed to create an unreasonable burden on the Plaintiff which burden is not commensurate with the professed result sought.

3

17.    The Plaintiff objects to these interrogatories to the extent they seek answers to multiple interrogatories within a single interrogatory.

18.    These requests are addressed to the Plaintiff and the responses herein are based on information and/or documentation presently available to the Plaintiff. Investigation is presently continuing, however, and additional information and/or documentation pertinent to these requests may well be disclosed as a result of such ongoing and continuing investigation.

Except as otherwise indicated, the Plaintiff incorporates the General Objections into each and every answer set forth below.  Without waiving the foregoing objections, the Plaintiff answers as follows:

**INTERROGATORY NO. 1:**  Identify all litigation or legal proceedings in which you have been a witness or party, including the name and number of the case, the court or administrative agency for which the case was pending, and a brief description of the nature of the case, and the year in which the matter was pending.

**SPECIFIC OBJECTION TO REQUEST**: Plaintiff objects because this request does not seek relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this request is unduly harassing, burdensome, and oppressive.  Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

**ANSWER:**    Bert, et al, v. AK Steel
Case No.: 1:02-CV-00467
United States District Court
Southern District of Ohio (Cincinnati)
Nature of case: Race discrimination in hiring

**INTERROGATORY NO. 2:** Identify all employers for whom you have worked since January 1, 2001, including the dates of employment, the positions held, amounts paid per week, and reason for

4

leaving, if applicable.

SPECIFIC OBJECTION TO REQUEST: Plaintiff objects because this request does not seek relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this request is unduly harassing, burdensome, and oppressive. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

ANSWER:   New Boston Coke Corporation, New Boston, Ohio 45648, held position of Machine Operator from 10/19/89 to April of 2002, Starting Salary was $10.00 per hour; ending salary was $17.40 per hour. - they went into bankruptcy in 2004. M & J Industries, LLC - 832 Fairground Road, Lucsville, Ohio 46548, held position of Job Press Operator from April of 2002 thru January of 2004 - Starting salary of $7.35 per hour; ending salary of $8.35 per hour - left for better position. Haverhill North Coke Company - 2446 Gallia Pike, Franklin Furnace, Ohio 45629 Held position in Utility Department - from August of 2005 thru the present - Salary is $17.00 per hour.

**INTERROGATORY NO. 3:** Identify all employers to whom you applied for employment since January 1, 2001, including the date you submitted written applications, the job to which you applied, the dates you were interviewed, the employers who tendered you job offers, and a description of the offer.

SPECIFIC OBJECTION TO REQUEST: Plaintiff objects because this request does not seek relevant information or that information subject to production under Fed. R. Civ. P. 26, and thus, this request is unduly harassing, burdensome, and oppressive. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

5

**ANSWER:** I have applied to A. K. Steel Corporation in Ashland as a Machine Operator in March of 2002; K-Mart in New Boston, Ohio as a stock boy in March of 2002; Kroger in Portsmouth, Ohio as a stock boy in April of 2002; City of Portsmouth, Ohio as a sanitation worked in April of 2002 and Portsmouth Inner City Development as a Janitor in April of 2002 and January of 2004.

**INTERROGATORY NO. 4:** Identify all income received from whatever source, by amount each week after January 1, 2001.

**ANSWER:** Ohio Department of Unemployment and please see response to Interrogatory No. 2.

**INTERROGATORY NO. 5:** Identify by name, address and telephone number all individuals who have knowledge about or information about the allegations in the Complaint, and state a summary of what you believe their knowledge to be.

**ANSWER:** Dwight Lewis of 1427 Findlay Street, Phone 353-1230. Both Dwight Lewis and myself took the test from A. K. Steel and we were told we did not pass.

**INTERROGATORY NO. 6:** Identify all individuals who you intend to call as witnesses in the litigation of this matter.

**SPECIFIC OBJECTION TO REQUEST:** Plaintiffs objects because this Interrogatory violates the Court's Order establishing a deadline for Plaintiff to disclose witnesses and testimony. Plaintiff further objects to the extent this interrogatory seeks information protected by the attorney-client privilege or other privilege and/or the work product doctrine. Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

6

**ANSWER:** Plaintiff will abide by the deadlines established by the Court and the disclosure requirements set by the Federal Rules of Civil Procedure to disclose the witnesses they will use at trial in this case.

Respectfully Submitted,

Robert F. Childs, Jr.
Herman N. Johnson, Jr.
**WIGGINS, CHILDS, QUINN & PANTAZIS**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 328-0640
(205) 254-1500 (facsimile)

Tobias, Kraus & Torchia, LLP
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (facsimile)

ATTORNEYS FOR THE PLAINTIFFS

7

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on May 4, 2007, I served the foregoing via U.S. Mail and electronic mail upon the following:

Gregory Parker Rogers
Lawrence James Barty
Patricia Anderson Pryor
Taft, Stettinius & Hollister, LLP
1800 First Star Tower
425 Walnut Street
Cincinnati, OH 45202
Fax: (513) 381-0205

PLAINTIFFS' COUNSEL

8

## <u>VERIFICATION</u>

I, Timothy Oliphant hereby state that the answers to the foregoing interrogatories are true and

complete to the best of my knowledge.

_Timothy Oliphant Sr_
Timothy Oliphant

This the ____14____ day of April, 2007.

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA ☒ EEOC | 241A201043 |

| | |
|---|---|
| Cincinnati Area Office | and EEOC |
| *State or local Agency, if any* | |

NAME *(Indicate Mr., Ms., Mrs.)*  Mr. Timothy Oliphant

HOME TELEPHONE *(Include Area Code)*  (740) 353-3494

STREET ADDRESS  1204 Union St.

CITY, STATE AND ZIP CODE  Portsmouth, OH 45662

DATE OF BIRTH  /56

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

NAME  AKSteel

NUMBER OF EMPLOYEES, MEMBERS  >20

TELEPHONE *(Include Area Code)*  1-800-331-5050

STREET ADDRESS  703 Curtis Street

CITY, STATE AND ZIP CODE  Middletown, Ohio 45043

COUNTY

NAME

TELEPHONE NUMBER *(Include Area Code)*

STREET ADDRESS

CITY, STATE AND ZIP CODE

COUNTY

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE
☐ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE *EARLIEST (ADEA/EPA) LATEST (ALL)*  April 2002

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

EXHIBIT 2  8-9-07 CW

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT

I declare under penalty of perjury that the foregoing is true and correct.

X 6/12/02  Date

X Timothy Oliphant  Charging Party (Signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Day, month, and year)*

EEOC FORM 5 (10/94)

CHARGE OF DISCRIMINATION
TIMOTHY OLIPHANT
PAGE 1

## I.  Overview of Individual and Class Allegations

AK Steel Corporation has discriminated and continues to discriminate against me in the terms and conditions of my application for employment with them on the basis of my race, African-American, by denying me the opportunity to be hired while hiring equally or less qualified white employees and subjecting me to a racially hostile application process and other forms of discrimination. I believe that AK Steel Corporation's actions are part of a continuing pattern and practice of discrimination against African-American applicants for employment and employees, including but not limited to, denying applicants hiring opportunities while providing such opportunities to equally or less qualified white applicants and subjecting them to a racially hostile application process.

## II.  Statement of Facts

I applied to AKSteel in April 2002 for a General Laborer position at their factory in Ashland, KY. Having found out at church that AKSteel was accepting applications, I went to the AKSteel booth at a job fair at the mall. There I met AKSteel employees Rodney Cosby, a black man, and Susan Lester, a white woman. Ms. Lester gave me her business card and told me I could call her to schedule a time to sit for the AKSteel entrance exam. I faxed my resume to Mr. Cosby, which detailed my twelve years of experience working as a Machine Operator for the New Boss and Coke Corporation and five years laying rail and tie for the Norfolk&Southern Rail Company. I was not asked to fill out an application or answer any questions. Two to three days after having taken AKSteel's entrance exam, I called Ms. Lester again, as per her instructions, to find out how I did on it, and she informed me that I hadn't passed. She didn't tell me what was my score or offer any other information about it. I have not had any contact with AKSteel subsequently. I am currently employed by PIDC doing maintenance work.

## III.  Statement of Discrimination

I believe that AK Steel Corporation has discriminated against me and continues to discriminate against me in the terms and conditions of my applications for employment with them on the basis of my race, African-American, in violation of the Civil Rights Act of 1964, as amended, because white applicants with fewer qualifications than me have been hired and I have not, and because I have been subjected to a racially hostile application process and other forms of discrimination and denied the right to apply for work in an environment free of racial discrimination.

I have been adversely affected by these discriminatory practices by being deprived of the equal opportunity to be hired. Such discrimination denies me and other African-Americans the right to be hired for positions for which we are qualified.

This systemic discrimination also adversely affects the status of African-Americans as employees by promoting and reinforcing racial stereotypes and bias in hiring.

## CHARGE OF DISCRIMINATION
## TIMOTHY OLIPHANT
## PAGE 2

**IV.    Statement of Classwide Discrimination on the Basis of Race**

Based on my experiences, I believe that AK Steel Corporation has engaged and continues to engage in a pattern and practice of discrimination against its African-American applicants for employment and employees that denies them equal employment opportunities in ways including but not limited to the following: denying them hiring opportunities while providing such opportunities to equally or less qualified white employees and subjecting them to a racially hostile application process and work environment in which few other African-Americans are employed. This policy violates Title VII of the 1964 Civil Rights Act, 42 U.S.C. Section 2000(e), et seq.

I believe this policy has effected a class of black persons comprised of all past, present and future black applicants for employment with AK Steel. I believe that these discriminatory practices occur throughout AK Steel Corporation. I make this charge on behalf of myself and all similarly situated African-American applicants for employment and employees.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 6/12/02

Timothy Oliphant

Charging Party (signature)

**H&R BLOCK**

*tax and financial services*

Alan G. Barlow
Director
Southern Ohio Franchise District

Date: 4/23/2002      # Pages: 3
(including cover sheet)

To: Rodney N. Cosby

Fax #: 606-327-5882

From: Tim Oliphant

Subject:
Resume

303 Offnere Street   Portsmouth OH 45662-4655
Tel 740 355 6933   Fax 740 355 7996   abarlow@hrblock.com   www.hrblock.com

EXHIBIT
3

# TIMOTHY R. OLIPHANT

1204 Union St.
Portsmouth, OH 45662
Phone: (740) 353-3494
Email: TROliphant@hotmail.com

**OBJECTIVE:** To seek employment in a position for advancement.

## QUALIFICATIONS

**Machine Operator New Boston Coke Corporation**

Worked various machines for New Boston Coke Corp.

Door Machine – Worked job for ten of twelve years

Larry Car Machine-Worked job ten of twelve years

Pusher, Push Machine-Worked steadily for two of twelve years

Big Walking-Works all 3 machines listed above for twelve years

Ohio Peace Officer Training  State of Ohio-Qualified as Ohio Peace Officer Private Security Training Program.

## EDUCATION

| | |
|---|---|
| 1972-1975 | Aiken High School, Cincinnati OH |
| 1989-1989 | Southeastern Business college, obtained  One Hundred and Forty-One Hours of Private Security Training.  Title-Ohio Peace Officer.  O.P.O.T.C Firearms Certified State of Ohio Office of the Attorney General. |

## EMPLOYMENT

| | |
|---|---|
| 1986-2002 | New Boston Coke Corporation |
| 1986-1986 | Southern Ohio Correctional Facility<br>Prison Guard |
| 1981-1986 | N&W Railroad – N&S Railroad<br>Labor Gang, Rail Gang, Tie Gang and Section Gang |
| 1979-1979 | City of Portsmouth<br>Sanitation Department, Trash Collect |

REFERENCE

Earl D. Stephens
586 Allegheny Hill Road
Wheelersburg, OH
Phone-776-6977

Eugene Collins
Community Acton Organization
433 3rd St.
Portsmouth, OH
354-7541

Pastor David Malone
Kingdom Builders Evangelistic Ministries
1629 Waller St.
Portsmouth, OH 45662
Phone-353-0866

Alan G. Barlow, Comptroller
Kingdom Builders Evangelistic Ministries
1629 Waller St.
Portsmouth, OH 45662
Phone-355-6933



EXHIBIT
4
(6-1-07 Cu)
PENGAD 800-631-6989

| a Control number | | OMB No. 1545-0008 | This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. | |
|---|---|---|---|---|
| b Employer identification number (EIN) 23-2970292 | | | 1 Wages, tips, other compensation 48191.59 | 2 Federal income tax withheld 4788.76 |
| c Employer's name, address, and ZIP code Haverhill North Coke Company 2446 Gallia Pike Franklin Furnace, OH 45629 | | | 3 Social security wages 48191.59 | 4 Social security tax withheld 2987.88 |
| | | | 5 Medicare wages and tips 48191.59 | 6 Medicare tax withheld 698.78 |
| | | | 7 Social security tips 0.00 | 8 Allocated tips 0.00 |
| d Employee's social security number | | | 9 Advance EIC payment 0.00 | 10 Dependent care benefits 0.00 |
| e Employee's name, address, and ZIP code   Suff. TIMOTHY R.            OLIPHANT 2917 BRANT AVENUE PORTSMOUTH, OH 45662 | | | 11 Nonqualified plans 0.00 | 12a See instructions for box 12 |
| | | | 13 Statutory employee [ ]  Retirement plan [X]  Third-party sick pay [ ] | 12b |
| | | | 14 Other | 12c |
| | | | | 12d |
| 15 State Employer's state ID number OH  l136482-00-2 | 16 State wages, tips, etc. 48191.59 | 17 State income tax 1737.11 | 18 Local wages, tips, etc. | 19 Local income tax |
| | | | 20 Locality name | |

**W-2** **Wage and Tax Statement**

2006

Department of the Treasury—Internal Revenue Service

Copy C For EMPLOYEE'S RECORDS. (See Notice to
Employee on back of Copy B) or Copy 2 to be Filed With
Employee's State, City or Local Income Tax Return

Safe, accurate,
FAST! Use ~~IRS~~ e~file

✿ Printed on Recycled Paper                 FORM 5203