UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al. | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | Magistrate Judge Hogan |
| v. | : | |
| | : | **MOTION OF AK STEEL** |
| AK STEEL CORPORATION | : | **CORPORATION FOR SUMMARY** |
| | : | **JUDGMENT ON THE CLAIMS OF** |
| Defendant. | : | **RODERIQUE RUSSELL** |
| | : | |

Defendant AK Steel Corporation ("AK Steel") moves for summary judgment on the claims of Plaintiff Roderique Russell. Based on Mr. Russell's deposition testimony, there is no genuine issue of material fact and summary judgment in favor of AK Steel is appropriate. A Memorandum in support of this Motion is attached.

    Respectfully submitted,

    /s/ Gregory Parker Rogers
    Lawrence J. Barty (0016002)
    Gregory Parker Rogers (0042323))
    Patricia Anderson Pryor (0069545)
    Taft Stettinius & Hollister LLP
    425 Walnut Street, Suite 1800
    Cincinnati, Ohio 45202
    (513) 381-2838
    Trial Attorneys for Defendant
    AK Steel Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al. | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | Magistrate Judge Hogan |
| v. | : | |
| | : | **MEMORANDUM OF AK STEEL** |
| AK STEEL CORPORATION | : | **CORPORATION IN SUPPORT OF** |
| | : | **ITS MOTION FOR SUMMARY** |
| Defendant. | : | **JUDGMENT ON THE CLAIMS OF** |
| | : | **RODERIQUE RUSSELL** |
| | : | |
| | : | |

## I.   INTRODUCTION

Defendant AK Steel Corporation ("AK Steel" or "the Company") moves for summary judgment on the claims of Plaintiff Roderique Russell ("Russell").

## II.   RUSSELL PASSED THE TEST; HE IS NOT A CLASS MEMBER.

Russell passed the pre-employment test challenged by the purported class. He is not a member of the class and is proceeding solely on his individual claims of discrimination.

## III.   RUSSELL'S COMPLAINT ALLEGES DISCRIMINATION IN HIRING BASED ON ALLEGED SEPTEMBER 2001 AND MARCH 2002 APPLICATIONS.

Russell alleged in his Complaint, his Amended Complaint and his Second Amended Complaint that AK Steel discriminated against him when it allegedly denied him employment based on a September 2001 and a March 2002 application. (Doc. # 1, ¶¶ 15, 87-91; Doc. # 22, ¶¶ 15, 87-91; Doc. # 45, ¶¶ 15, 87-91)

## IV.  RUSSELL TESTIFIED HE DID NOT APPLY IN SEPTEMBER 2001 OR MARCH 2002.

Based on Russell's own testimony, his asserted claims in this case are without merit as a matter of law.  Russell testified that, despite the representations in the Complaints, he did not apply to AK Steel in September, 2001 or March, 2002 and that his last application was in July, 2000.  (Russell Dep. 29, 56, 71, 78)  AK Steel could not have discriminated against Russell as alleged in the Complaints because Russell did not submit an application in September 2001 or March 2002.

## V.  RUSSELL LONG AGO MADE CLEAR HE WAS NOT PURSUING ANY CLAIM RELATING TO HIS JULY 2000 APPLICATION.

Russell did apply to AK Steel in July 2000.[1]  However, there is no claim before the Court relating to Russell's application in July 2000 or any earlier application.  Both Russell and this Court made clear early in this litigation that Russell's only claims in this case relate to the alleged September 2001 application and the alleged March 2002 application.  On November 15, 2002, AK Steel filed a motion for summary judgment on Russell's claims, including any claim based on an alleged 1999 application or a July 2000 application.  (Doc. # 10)  In response, Plaintiffs stated:  "Because Plaintiffs never raised these as actionable claims, Plaintiffs do not oppose Defendant's arguments that these specific claims are non-actionable."  (Doc. # 12, p. 1)  Plaintiffs confirmed, and this Court agreed, that Russell's claims in this lawsuit only related to an alleged September, 2001 application and an alleged March, 2002 application to AK Steel and any motion for summary judgment directed at claims relating to earlier applications was moot as such claims were not before the Court.  (Doc. # 12, p. 1, 3, 9; Doc. # 26, p. 9)

---

[1]  Russell passed the initial screening and pre-employment test, but before he completed the application process, AK Steel instituted a hiring freeze.

{W0999321.1}                     2

## VI. CONCLUSION

For each and all of the foregoing reasons, Defendant AK Steel Corporation respectfully requests that this Court grant its Motion for Summary Judgment on the claims of Roderique Russell.

    Respectfully submitted,

    /s/ Gregory Parker Rogers
    Lawrence J. Barty (0016002)
    Gregory Parker Rogers (0042323))
    Patricia Anderson Pryor (0069545)
    Taft Stettinius & Hollister LLP
    425 Walnut Street, Suite 1800
    Cincinnati, Ohio 45202
    (513) 381-2838
    Trial Attorneys for Defendant
    AK Steel Corporation

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on January 14, 2008 using the Court's CM/ECF system, which will send notice of this filing to Susan Donahue, Robert Childs, Herman N. Johnson, Jr., Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama 35203; Paul H. Tobias, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202; and David Sanford, Sanford, Wittels & Heisler, L.L.P., 2121 K Street, N.W., Suite 700, Washington, D.C. 20037

                                                      /s/ Gregory Parker Rogers