UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | : | Case No. 1:02CV467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | |
| v. | : | **REPLY MEMORANDUM OF AK** |
| | : | **STEEL CORPORATION IN** |
| AK STEEL CORPORATION, | : | **SUPPORT OF ITS OBJECTIONS** |
| | : | **TO THE MAGISTRATE JUDGE'S** |
| Defendant. | : | **NOVEMBER 28, 2007 ORDER** |
| | : | |

## I.  INTRODUCTION

Defendant AK Steel Corporation respectfully requests that this Court overturn the November 28, 2007 Order by the Magistrate Judge. (Doc. # 135) The Order which precludes the use of Dr. Gibson's 1997-1999 written validation studies, which Plaintiffs have known about for four years, and which AK Steel voluntarily produced during the discovery period, is contrary to law and the circumstances in this case. Plaintiffs' primary argument for exclusion of these documents is that they are expert reports, which Plaintiffs claim should have been produced in accordance with the Court Order concerning expert reports. They are not. These validation studies were created in connection with the development of the pre-employment test between three and five years before this case was filed. AK Steel did not violate any Court order regarding their production.

## II.  PLAINTIFFS SEEK TO BE REWARDED FOR THEIR OWN LACK OF DILIGENCE

As discussed in AK Steel's Objections, neither the Federal Rules of Civil Procedure nor Sixth Circuit precedent support sanctions in the form of exclusion of evidence where there is no court order and no motion to compel.

{W1177799.1}

Plaintiffs do not dispute that they have known about the validation studies for years or that AK Steel produced them. AK Steel told Plaintiffs that it had validation studies and told Plaintiffs that Lucy Gibson would testify about the validation of the test. Plaintiffs knew that Gibson was, in their own words, the "doctor that designed the test." (Short Dep. 31) They knew that she validated the test and would testify about that validation. (Doc. # 144, Rogers Dec. ¶ 2, Ex. 1) Yet, Plaintiffs chose not to depose Gibson. They chose not to file a motion to compel the production of the validation studies, despite their asserted belief that AK Steel should have produced them. Whether Plaintiffs' choice not to pursue this information was due to their ever-changing legal theories in this case[1] or just a lack of diligence, there is no basis to exclude the written validation studies which AK Steel did produce during the discovery period and which were never the subject of a motion or order to compel.

Plaintiffs may believe that AK Steel should have produced the validation studies earlier, but there is a process in place to remedy any such delay. Had they wanted or needed the studies earlier they could have moved to compel. Instead, Plaintiffs waited nearly five years before raising the issue with the Court so as to feign prejudice. Plaintiffs seek to be rewarded for their own lack of diligence.

As discussed in AK Steel's Objections, and not disputed by Plaintiffs, Rule 37 does not provide for sanctions based on arguably delayed responses or arguably inadequate responses.

---

[1] During the five-year course of this action, Plaintiffs have changed their theory for recovery multiple times. Currently, they challenge the test. However, Plaintiffs have yet to offer evidence of anyone with a viable claim who can show that they were harmed by a disparate impact related to the test. Only if they can meet their burden of showing a disparate impact do the validation studies become relevant. Contrary to Plaintiffs' argument, this Court did not conclude a disparate impact existed when it certified the two classes. Instead, the Court stated that Plaintiffs had "presented a statistical analysis framework" that "*if properly supported with reliable data* could give rise to a reasonable inference of disparate impact." (Doc. # 79, p. 16) As discussed in AK Steel's Motion for Summary Judgment, Plaintiffs have not supported the framework with reliable data to show a disparate impact. (Doc. # 158, p. 9-12)

*See Sloan v. Oakland Police Dept.*, 2006 WL 753013, * 5 (N.D. Cal. 2006) ("premature to impose sanctions where the Court has not instructed Plaintiff regarding how his discovery responses are deficient."); *Qualcomm Inc. v. Broadcom Corp.*, 2007 WL 935617, * 4 (S.D. Cal. 2007) (delay resulting from disagreement over scope of request due to ambiguous language does not warrant harsh sanction of preclusion of evidence); *Almonte v. Coca-Cola Bottling Co.*, 169 F.R.D. 246, 249 (D. Conn. 1996) (untimely filing of damages analyses, witness lists and exhibit lists, even combined with prior failures to provide discovery not sufficient to support harsh sanction of preclusion of evidence).

Plaintiffs, recognizing that there is no legal basis for exclusion, focus their argument on Rule 37(c) contending that the validation studies are expert reports or that AK Steel should have amended its response to Plaintiffs' earlier discovery requests under Rule 26(e)(2).  As discussed below, the validation studies, created years before this litigation, are not expert reports.  Rule 37(c) does not apply.

Rule 26(e)(2) also does not apply.  Rule 26(e)(2)[2] requires a party to amend its response when the party learns that discovery information that it has provided is in some material respect incomplete or incorrect.  The Rule prevents knowing concealment, but does not impose a duty to check the accuracy of prior responses.  Fed. R. Civ. P. 26 (comments, subdivision (e)).

AK Steel did not provide discovery information that was incomplete or incorrect.  AK Steel objected to production of the validation studies at all.  At the time they were not relevant as there was no disparate impact claim related to the test even asserted.  (Doc. # 144, Rogers Dec. ¶

---

[2]    For consistency among the briefs (Plaintiffs' Opposition cites to pre-December 1, 2007 Rules), citations to the Federal Rules of Civil Procedure throughout this Reply are to the Rules as they existed at the time of the Magistrate's Order. Effective December 1, 2007, stylistic changes were made to the applicable Rules, including renumbering the subparts of Rule 26(e).

3-4, Exs. 2, 3) Plaintiffs knew the validation studies had not been produced. AK Steel did not conceal their existence. Plaintiffs were not misled to believe that they had complete discovery.

If Plaintiffs believed AK Steel's objection was unfounded or that subsequent events, of which they were well aware, changed the appropriateness of the objection, Plaintiffs were under an obligation to raise this issue with AK Steel and/or file a motion to compel. They chose not to. They cannot now claim "foul" when all of the facts were in their possession -- they knew AK Steel was going to use Lucy Gibson as a witness; they knew Lucy Gibson developed and validated the test; they knew there were validation studies pre-2000; they knew, better than Defendant, what theory of recovery they were going to pursue; and they received the Court's January, 2005 Order allowing them to amend to add a Title VII disparate impact claim.[3]

Under these circumstances, there was no duty to amend under Rule 26(e)(2). Rule 37(c) does not apply.

### III. THE VALIDATION STUDIES ARE NOT EXPERT REPORTS UNDER RULE 26(a)(2)

Recognizing that there is no basis for exclusion of the validation studies under these circumstances, Plaintiffs' primary argument is that the validation studies, created three to five years before this litigation began, are somehow expert reports under Rule 26(a)(2). They are not.

The validation studies were not created for purposes of this litigation. They were created years earlier in connection with the development of the test. These documents are not required to meet the requirements of Rule 26(a)(2)(B).

---

[3] Even if there were a duty to amend objections, the duty to amend under Rule 26(e)(2) only applies when the newly discovered corrective information "has not otherwise been made known to the other parties." Fed. R. Civ. P. 26(e)(2). The alleged corrective information, which Plaintiffs claim should have caused AK Steel to amend its objections -- the Court's January, 2005 Order, which allowed Plaintiffs to amend their Complaint to add a Title VII disparate impact claim -- was well within Plaintiffs' knowledge.

Rule 26(a)(2)(B) (which requires the provision of expert reports), by its terms does not apply to Dr. Gibson or the validation studies. Under that rule, expert reports are only required "with respect to a witness who is retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). An "expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit" is not an expert witness. Fed. R. Civ. P. 26 (comments, subdivision (b)(4)). "Such an expert should be treated as an ordinary witness." *Id. See also Battle v. Memorial Hosp. of Gulfport*, 228 F.3d 544, 551-52 (5th Cir. 2000) (individual who is fact witness as well as expert is treated as ordinary witness for purposes of Rule 26); *Cox v. Tennessee Valley Auth.*, 1993 WL 72488, * 5 (6th Cir. 1993) (individual who had expertise was not "expert" for discovery purposes because he was not retained for purposes of testifying at trial and he had personal knowledge about events which were subject matter of lawsuit).

Dr. Gibson was not retained or specially employed to provide expert testimony in this case. She was hired by AK Steel five years before this litigation began to develop and validate a pre-employment test. AK Steel properly identified Dr. Gibson in February 2003 (two years before expert witnesses needed to be disclosed), as the witness who would testify about the validation of the test.[4] Her testimony in this case, her written studies created in 1997 and 1999, and her opinions relating to her development and validation of the test were not created for purposes of this litigation. Under the rules, her testimony, both factual and opinion, is not expert

---

[4] If, as Plaintiffs incorrectly contend, testimony about the validation of a pre-employment test can only be provided by an expert, Plaintiffs can hardly claim they did not know Dr. Gibson would provide "expert" testimony. AK Steel identified her years before the expert deadline as the individual who would testify about the validation of the test. (Doc. # 144, Rogers Dec. ¶ 2, Ex. 1)

{W1177799.1}                                     5

testimony subject to the requirements of Rule 26(a)(2).[5] *See Cox*, 1993 WL 72488, at *5 (witness who was not identified as expert could nonetheless provide expert opinions: "[T]he expert whose information was not acquired in preparation for trial but rather because he [or she] was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit . . . should be treated as an ordinary witness."); *Trejo v. Franklin*, 2007 WL 2221433, * 2 (D. Colo. 2007) (medical professional not identified as an expert may testify about facts of treatment and issues of causation and prognosis); *Baker v. Taco Bell Corp.*, 163 F.R.D. 348, 349 (D. Colo. 1995) (treating physician is not expert but may testify about his examination, diagnosis and treatment of patient and opinions as to causation and degree of injury in the future: "These opinions are a necessary part of the treatment of the patient" and do not make the physician an expert under the Federal Rules); *Schneider v. Hertz Corp.*, 2007 WL 1362743, *1 (M.D. Fla. 2007) (treating physician "is not considered a 'specially retained expert' even if the physician offers opinion testimony under Federal Rules of Evidence, Rules 702, 703 and 705").

Dr. Gibson is no different than a treating physician. The validation studies are no different than medical records and notes maintained by a treating physician. They are contemporaneous records created in connection with the development and validation of the test 10 years ago. That the validation studies were created by an individual who is an expert in her

---

[5] Notably, Plaintiffs, who have known about Dr. Gibson since 2003, have never sought to preclude Dr. Gibson's testimony. Nor could Plaintiffs preclude her testimony, where they chose not to depose Dr. Gibson, despite knowledge of the basis for her testimony. *See Cox v. Tennessee Valley Auth.*, 1993 WL 72488, * 5 (6th Cir. 1993) (expert who had personal knowledge about events that were subject of lawsuit was not excluded where he had been listed as potential witness (but not expert witness) and plaintiffs chose not to take his deposition during discovery); *Silman Custom Painting, Inc. v. Aetna Life & Casualty Co.*, 990 F.2d 1063, 1068-69 (8th Cir. 1993)(expert witness/arson investigator who was not disclosed as an "expert" could nonetheless provide factual and expert opinion testimony where he was identified on witness lists; any prejudice or unfair surprise was attributable to the party's own failure to ascertain the investigator's opinion).

field, does not turn them into expert reports under the rules.  They are not required to look like an expert report or meet the requirements of Rule 26(a)(2)(B) and they were not required to be produced as an expert report.  Plaintiffs' argument that the validation studies, which pre-date this litigation by several years, should be precluded because they are expert reports is just plain wrong.

### IV. SIXTH CIRCUIT PRECEDENT DOES NOT SUPPORT PRECLUSION OF THE VALIDATION REPORTS

As discussed above and in AK Steel's Objections, the Federal Rules do not allow for the preclusion of evidence under these circumstances.  Even if there were some basis for a sanction, which there is not, each of the factors considered by the Sixth Circuit in determining whether the extreme sanction of preclusion of evidence is appropriate counsel against such a sanction here.  Preclusion of evidence is a harsh sanction that should only be imposed in rare situations. *Polokoff v. International Pantyhose, Inc.*, 1998 WL 308022, *1 (S.D.N.Y. 1998).  The Sixth Circuit considers four factors in determining whether such a sanction is appropriate:  (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered.  *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).  None of these factors are present here.

AK Steel acted in good faith.  It engaged in good faith discussions with Plaintiffs over discovery disputes, including the production of the validation studies.  It did not violate any Court order or otherwise act in bad faith.  Plaintiffs may not have agreed with AK Steel's position, but that is the purpose of engaging in extrajudicial efforts.  AK Steel produced the

validation studies in response to Plaintiffs' extrajudicial efforts without the need for a motion to the Court.

Plaintiffs, who have known of the existence of the studies and the existence of Lucy Gibson for years were not prejudiced by AK Steel's actions. They could have deposed Dr. Gibson or moved to compel the production of the validation studies at any point during the five years before discovery closed. They chose not to. To the extent Plaintiffs now claim any prejudice, it was caused by their own lack of action. *See Freeland v. Amigo*, 103 F.3d 1271, 1278 (6th Cir. 1997) (any prejudice "must be given less weight because [their] attorneys also engaged in diliatory conduct"); *Williams v. Saint-Gobain Corp.*, 2002 WL 1477618, * 2 (W.D.N.Y. 2002) (refusing to preclude evidence; "plaintiff could have deposed [witness] on this topic before initial discovery deadline but chose not to"); *Silman*, 990 F.2d at 1068-69 (any prejudice or unfair surprise was attributable to party's own failure to ascertain witness' opinions). There is no basis to preclude evidence under these circumstances.

## V. CONCLUSION

Neither the Federal Rules of Civil Procedure nor Sixth Circuit precedent support the Magistrate Judge's decision. The validation studies, created years before this litigation, are not expert reports under the Federal Rules, nor were expert reports required. There is no legal basis for precluding evidence that was voluntarily produced upon request during discovery without the need or request for court intervention.

For each and all of the foregoing reasons and those in its Objections, Defendant AK Steel Corporation respectfully objects to the Magistrate Judge's November 28, 2007 Order and requests that this Court overturn the November 28 Order and allow the use of the written validation studies in this case.

Respectfully submitted,

 /s/ Gregory Parker Rogers
Lawrence J. Barty (0016002)
Gregory Parker Rogers (0042323)
Patricia Anderson Pryor (0069545)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio  45202
(513) 381-2838
(513) 381-0205 (fax)

Trial Attorneys for Defendant
AK Steel Corporation

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was electronically filed on January 22, 2008 using the Court's CM/ECF system, which will send notice of this filing to Susan Donahue, Robert Childs, Herman N. Johnson, Jr., Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama 35203; Paul H. Tobias, Tobias, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202; and David Sanford, Sanford, Wittels & Heisler, L.L.P., 2121 K Street, N.W., Suite 700, Washington, D.C. 20037.

<u>/s/ Gregory Parker Rogers</u>