AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

EASTERN            DISTRICT OF            KENTUCKY

VIVIAN BERT, et al.,

V.                                    **SUBPOENA IN A CIVIL CASE**

AK STEEL CORPORATION.

Case Number:[1] 1:02CV00467 (S.D. Ohio)

TO: Rodney N. Cosby
1202 Winifred Street
Greenup, Kentucky 41144

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Van Antwerp, Monge, Jones, Edwards & McCann LLP<br>1544 Winchester Avenue, Ashland, Kentucky 41105 | 11/26/2007 10:00 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHMENT A.

EXHIBIT 1  11/26/07

| PLACE | DATE AND TIME |
|---|---|
| Van Antwerp, Monge, Jones, Edwards & McCann LLP<br>1544 Winchester Avenue, Ashland, Kentucky 41105 | 11/26/2007 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Defendant | 11/9/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Patricia Anderson Pryor, Esq., Taft Stettinius & Hollister LLP,
425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202, (513) 381-2838

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

DATE 11-16-07
PLACE Residence 1202 Winifred St
Greenup, Ky 41144

SERVED: Rodney Cosby

MANNER OF SERVICE: Personal Service

SERVED BY (PRINT NAME): Teresa Blankenship

TITLE: Individual Process Server

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 11-16-07
DATE

SIGNATURE OF SERVER: Teresa B[...]

ADDRESS OF SERVER: 3009 Noddin Way, Portsmouth, Ohio 45662

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
   (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
   (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
   (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

Please produce all documents, including all documents or data stored or maintained electronically, in your possession, custody or control relating to:

1) the lawsuit captioned Vivian Bert, et al., v. AK Steel Corporation, Case No. 1:02cv00467, including any correspondence or notes between you and any of the plaintiffs or any of the plaintiffs' attorneys.

2) Vivian Bert, Donald Edwards, Thaddeus Freeman, James Greenwood, Mary Harris, Edward James Lewis, Michael Miller, Shawn Pryor, Roderique Russell, Ronald Sloan, Darrell Carter, Darlene Denise Carter, Marnie Carter, Kay Jackson, Tiffany Jackson, Dwight Lewis, Timothy Oliphant, or Allen Roberts, including but not limited to any documents referencing any of these individuals, any documents received from any of these individuals or theirs agents or attorneys and any documents sent to any of these individuals or their agents or attorneys;

3) AK Steel's hiring process or the results of that hiring process;

4) any person(s) referred to AK Steel for possible hire;

5) any person(s) who applied for a position at AK Steel; or

6) any allegations of race discrimination at AK Steel Corporation.

{W1127421.1}

Page: 1 Document Name: untitled

```
                          HOURLY WORK HISTORY                          HIS1 01

   FIND:       05833                    EMPL NAME: RODNEY N COSBY
   GROUP:      B01H    LOCATION:  7  AW CATEGORY : REG ACT HOURLY
   BADGE/SSN:  05833                    TRAN CODE: RETURN FROM DISABILITY
   SOC SEC #:  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              TRAN CODE DATE:    02-07-2007
      N=NEXT,P=PREVIOUS
ACT TRAN CODE    DEPARTMENT/COST      LOC-BADGE/           JOB        JOB     PY
CDE    DATE         DESCRIPTION       LST DY WRK          TITLE       CODE    ZN
RT  02-07-2007 RETURN FROM DISABILI
S   01-18-2007 NON-OCCUPATIONAL DIS 01-17-2007
OC  11-01-2005 ENERGY SERVICES      AW - 05833 MAINT TECH 4 - LE  00014650 08
RT  10-09-2005 RETURN FROM DISABILI
S   08-01-2005 NON-OCCUPATIONAL DIS 07-31-2005
OC  06-09-2002 ENERGY SERVICES      AW - 05833 MAINT TECH 4        00014410 42
T   05-15-2001 ENERGY SERVICES      AW - 05833 RELIEF MAN          00014333 01
OC  05-15-2001 BASIC OXY MAINT OP   AW - 05833 RELIEF MAN          00014333 01
T   07-01-1999 BASIC OXY MAINT OP   AW - 05833 MAINT TECH 4        00014140 42
RT  11-10-1997 RETURN FROM LAYOFF

F1 - EMPLOYEE KEY                    F8  - SALARY WORK HISTORY
F2 - EMPLOYEE NAME  F4 - BADGE #     F9  - WORK HISTORY MEMOS
F3 - SOCIAL SECURITY NUMBER          F10 - EMPLOYEE HISTORY MENU
   MORE HISTORY IS AVAILABLE
                                                                  =>
```


EXHIBIT 2
11/26/07

Date: 11/21/2007 Time: 10:35:46 AM

```
Page: 1  Document Name: untitled

                        HOURLY WORK HISTORY                              HIS1 01

   FIND:        05833              EMPL NAME:   RODNEY N COSBY
   GROUP:       B01H   LOCATION: 7  AW  CATEGORY :  REG ACT HOURLY
   BADGE/SSN:   05833               TRAN CODE:   RETURN FROM DISABILITY
   SOC SEC #:   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         TRAN CODE DATE:      02-07-2007
        N=NEXT,P=PREVIOUS
   ACT TRAN CODE    DEPARTMENT/COST    LOC-BADGE/      JOB        JOB    PY
   CDE   DATE         DESCRIPTION      LST DY WRK      TITLE      CODE   ZN
   LO  09-22-1997  LAYOFF-LACK OF WORK  09-19-1997
   RT  09-01-1997  RETURN FROM LAYOFF
   LO  08-25-1997  LAYOFF-LACK OF WORK  08-22-1997
   RT  07-28-1997  RETURN FROM LAYOFF
   LO  07-15-1996  LAYOFF-LACK OF WORK  07-07-1996
   RT  07-07-1996  RETURN FROM LAYOFF
   LO  07-01-1996  LAYOFF-LACK OF WORK  06-29-1996
   RT  06-10-1996  RETURN FROM LAYOFF
   LO  05-14-1996  LAYOFF-LACK OF WORK  05-11-1996
   RT  05-07-1996  RETURN FROM LAYOFF


   F1 - EMPLOYEE KEY                F8  - SALARY WORK HISTORY
   F2 - EMPLOYEE NAME   F4 - BADGE #  F9  - WORK HISTORY MEMOS
   F3 - SOCIAL SECURITY NUMBER      F10 - EMPLOYEE HISTORY MENU
      MORE HISTORY IS AVAILABLE                                    => ____
```

Date: 11/21/2007 Time: 10:38:15 AM

```
                          HOURLY WORK HISTORY                      HIS1 01

   FIND:      05833              EMPL NAME: RODNEY N COSBY
   GROUP:     B01H  LOCATION: 7 AW  CATEGORY : REG ACT HOURLY
   BADGE/SSN: 05833              TRAN CODE:  RETURN FROM DISABILITY
   SOC SEC #: 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        TRAN CODE DATE:    02-07-2007
       N=NEXT, P=PREVIOUS
   ACT TRAN CODE   DEPARTMENT/COST   LOC-BADGE/       JOB        JOB    PY
   CDE    DATE       DESCRIPTION     LST DY WRK       TITLE      CODE   ZN
   LO 09-16-1995 LAYOFF-LACK OF WORK 09-15-1995
   RT 09-11-1995 RETURN FROM LAYOFF
   RT 05-01-1995
   LO 03-11-1995
   RT 03-08-1995
   LO 02-04-1995
   RT 09-11-1994
   OC 08-01-1994
   LO 07-02-1994
   RT 05-17-1994


   F1 - EMPLOYEE KEY                F8  - SALARY WORK HISTORY
   F2 - EMPLOYEE NAME  F4 - BADGE # F9  - WORK HISTORY MEMOS
   F3 - SOCIAL SECURITY NUMBER      F10 - EMPLOYEE HISTORY MENU
    MORE HISTORY IS AVAILABLE                                   =>
```

Date: 11/21/2007 Time: 10:38:58 AM