UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. C-1-02-467 |
| | ) | Judge Beckwith |
| AK STEEL CORPORATION, | ) | Magistrate Judge Hogan |
| | ) | |
| Defendant. | ) | |

**OPPOSITION TO MOTION OF AK STEEL CORPORATION FOR SUMMARY JUDGMENT ON THE CLAIMS OF RODERIQUE RUSSELL**

The Plaintiffs, by and through undersigned counsel, oppose AK Steel Corporation's Motion for Summary Judgment on the Claims of Roderique Russell (Doc. 154) (hereinafter, "M/SJ Russell"). As reasons for their opposition, Plaintiffs state as follows:

**I        PROCEDURAL BACKGROUND**

Roderique Russell along with other Plaintiffs filed their original complaint against AK Steel on June 26, 2002. (Doc. 1) seeking class-wide relief for discrimination based upon race in hiring under both Title VII and § 1981. Defendant originally filed for summary judgment on the Title VII claims of Roderique Russell on November 15, 2002, as well as filing a Motion to Dismiss the Title VII claims of the other Middletown plaintiffs. *See* Defendant's Motion to Dismiss Title VII Claims of Middletown Plaintiffs and Motion for Summary Judgment on Roderique Russell's Title VII Claims (hereinafter, "M/Dismiss and for SJ on Russell" Doc. 10). Defendant misleads the Court in its Motion for Summary Judgment regarding Russell, p. 2, when it cites a sentence from Plaintiffs' Opposition to Defendant's M/Dismiss and for SJ on

Russell (hereinafter, "Opp to M/Dismiss and for SJ on Russell") (Doc. 12). Defendant cites the sentence on page 1, which states: "Because Plaintiffs never raised these actionable claims, Plaintiffs do not oppose Defendant's arguments that these specific claims are non-actionable." Opp. to M/Dismiss and for SJ on Russell, p. 2. The actionable claims referred to here are claims related to the claims raised in Plaintiff's original Complaint. What Defendant does not cite is the next sentence which highly qualifies the sentence Defendant does cite: "**However, the net effect of Defendant's motion regarding the claims of Plaintiffs Bert, Edwards, Freeman, and Russell have no impact on the claims actually raised by Plaintiffs in this case.**" *Id.* Neither does Defendant cite footnote 2 in Plaintiff's Opposition to Motion to Dismiss and for Summary Judgement regarding Russell which cites multiple cases supporting the proposition that "discriminatory acts predating the statute of limitations for which no remedy is available may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue." *Id.* at 4, FN 2 (internal citation omitted).

This Court denied Defendant's Motion to Dismiss and for Summary Judgment regarding on Russell on January 22, 2004, stating that Plaintiffs had not pled Title VII claims in their Complaint, and, therefore, the Court could not grant the motions based on unpled claims. *See* Order, (Doc. 26). What Defendant fails to note is that Plaintiffs filed a motion to alter or amend this Order (Doc. 29) which this Court granted on January 4, 2005 (Doc. 44), finding that Plaintiffs had, in fact, pled Title VII claims. The Court granted Plaintiffs leave to file a Second Amended Complaint, which Plaintiffs filed on January 19, 2005 (Doc. 45). Therefore, Plaintiff's Second Amended Complaint is the relevant complaint in this lawsuit.[1] Defendant did

---

[1] Defendant notes in its Memorandum of AK Steel Corporation in Support of its Motion for Summary Judgment on the Claims of Vivian Bert, Edward James Lewis, Michael Miller and Shawn

2

not immediately renew its motion for summary judgment as to Russell's claim. Rather, Defendant waited for six years to refile a summary judgment motion on Russell's claims and made a very different argument in the instant motion than it had in its previous summary judgment motion. In fact, Defendant makes no reference at all in its current summary judgment motion to the arguments raised in its previous motion. Therefore, Defendant's arguments in that motion are not presently before this court.

Russell filed EEOC Charge No. 221A00326 on or about January 25, 2000. *See* EEOC Charge No. 221A00326. Deposition of Roderique Russell (hereinafter "Russell Dep.") (Doc. 142), Exh. 5. Russell filed a second EEOC Charge, No. 221A200673 on or about June 19, 2002. *See* EEOC Charge No. 221A200673. *Id.* at Exh. 5. Russell received a RTS letter from the EEOC pursuant to this charge on January 9, 2003. *See* Exh. to Plaintiffs' Motion to Alter or Amend Judgment under Rule 59(e) (Doc. 29).

## II. STATEMENT OF FACTS

Roderique Russell is an African American male. He applied for the entry-level laborer position at AK Steel multiple times. *Id.* 28. He testified that he applied to AK Steel in the summers of 1990, 1991 and 1992, in December 1994, October 1999 and on July 21, 2000. *Id.* His application to AK Steel dated July 21, 2000 identifies the previous dates listed above when he had previously applied to AK Steel. *Id.* at Exh. 1. After his July 2000 application, Rusell was interviewed. Exh. 4 to Russell Dep. He was

---

Pryor (Doc. 156) that the Court has noted that Plaintiffs intend to seek formal severance of the claims in its Order granting class certification (Doc. 96). Defendant's motions for summary judgment on the individual claims of the "Middletown plaintiffs" seem to be based on Plaintiff's Second Amended Complaint which Plaintiffs contend is the proper Complaint at this point in the litigation to serve as the basis of Defendant's motions for summary judgment on the individual claims of the "Middletown plaintiffs."

called to take a pre-employment test in 2000, and he took that test. Russell Dep. 70-71. Unbeknownst to Russell at the time, AK Steel had instituted a hiring freeze. Russell Dep. 55. Russell heard nothing more from AK Steel about his July 2000 application. *Id.* He never learned whether he had passed the pre-employment test. Russell Dep. 34-35. Russell also testified that he heard nothing from AK Steel about the applications he submitted prior to his July 2000 application. Russell Dep. 67-68.

## II.    ARGUMENT

Defendant's sole argument in its summary judgment motion regarding Russell's claims is that the claims based upon his July 2000 application and earlier applications are not properly before this court. Defendant attempts to make this argument without citing any law or Federal Rules of Civil Procedure whatsoever. Instead, Defendant relies upon its interpretation of one order by this Court (Doc. 26) which this Court later modified (Doc. 45). Defendant also attempts to rely upon a sentence from a previous pleading by the Plaintiffs (Doc. 12) which is clearly taken out of context. Defendant makes no statement whatsoever about Russell's prima facie case, nor does it offer a legitimate business reason for not hiring Russell beyond a footnote stating that "before [Russell] completed the application process, AK Steel instituted a hiring freeze." M/SJ on Russell p. 2 FN 1. As demonstrated herein, there is much more to the story than the hiring freeze. Because Defendant has not even attempted to address the merits of Russell's claim, it has failed its burden to defend against his hiring claim; and, therefore, Defendant's motion is due to be denied. Despite Defendant's utter silence about the merits of Plaintiff's claim, in an abundance of caution, Plaintiff also sets forth his argument as to the merits below.

A.  **Russell's July 2000 and October 1999 Applications to AK Steel Are Viable Claims in this Lawsuit.**

Defendant erroneously claims that Russell's July 2000 application and any earlier applications are not properly before this Court. M/SJ on Russell, p. 2. Defendants are simply wrong in this assertion in two ways. First, Russell's § 1981 claim properly encompasses his July 2000 application as well as his October 1999 application; and, second, notice pleading allows for factual evidence learned during discovery to support claims that are properly pled.

Russell testified that he applied to AK Steel in the summers of 1990, 1991 and 1992, in December 1994, October 1999 and on July 21, 2000. Russell Dep. 28. Russell's July 21, 2000 application confirms his testimony that he applied in the summers of 1990, 1991, 1992, in December of 1994 and October 1999. Exh. 1 to Russell Dep. Jessica Morris, AK Steel's 30(b)(6) witness as to Russell's claims, confirms that Russell applied to AK Steel in July of 2000. Deposition of Jessica Morris (hereinafter "Morris Dep.") (Doc. 148) 145-146. Under notice pleading standards and under § 1981, the evidence of Russell's July 2000 application and his October 1999 application are properly before this court.

1.  **Russell's § 1981 claim encompasses his applications in July 2000 and October 1999.**

The Second Amendment Complaint (Doc. 45) shows that Russell has pled a § 1981 claim as well as a Title VII claim  The statute of limitations on Russell's § 1981 claim goes back four years from the filing of Plaintiff's initial Complaint on June 26, 2002. *See Jones v. Donnelley*, 541 U.S. 369 (2004)[2]

Furthermore, this Court has already noted that Plaintiffs have properly pled § 1981 as well as Title

---

[2]Russell's § 1981 claim goes back to June 27, 1998.

VII. As this Court explained in its Order (Doc. 44) in which this Court ruled that Plaintiffs had properly pled Title VII:

> At this time the Court notes that the remedies provided to employment discrimination plaintiffs under § 1981 are coextensive with, although independent of, the remedies provided by Title VII. *See Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 459-60 (1975). Moreover, the evidentiary burdens for employment discrimination plaintiffs are the same under § 1981 and Title VII. *Jackson v. RKO Bottlers of Toledo, Inc.,* 743 F.2d 370, 378 (6th Cir. 1978).

Order (Doc. 44) at 3. Defendant has not challenged the sufficiency of Plaintiffs' Second Amended Complaint regarding Plaintiffs' § 1981 claim. Therefore, pursuant to Russell's § 1981 claim, his July 2000 application is properly before this Court as is his application of October 1999.

### 2.    Notice pleading allows for factual evidence gained during discovery to support claims that are properly pled.

The fact that Russell stated that he applied to AK Steel in September 2001 or March 2002 in the Second Amended Complaint does not restrict his claim for race discrimination to applications on those dates. Notice pleading allows for factual evidence revealed during discovery to be allowed into the case as long as the defendant is on notice as to the claims asserted. The Supreme Court has recently affirmed this proposition in two separate decisions. In *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955, 1965 (2007), the Court stated that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Two weeks later in *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), the Supreme Court elaborated on this point as follows:

> Federal Rule of civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." **Specific facts are not necessary**; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which

> it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, ----, 127
> S.Ct. 1955, 167 .Ed.2d 929, ---- - ---- (2007) (slip op. At 7-8) (quoting
> *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2L.Ed.2d 80 (19570).

*Erickson, supra*, at 2200 (emphasis added). *See Collins v. Marve Collins Preparatory School*, 2007 WL 1989828 (Judge Michael R. Barrett, S.D. Ohio, July 9, 2007 (noting the circuits courts that have applied *Twombly* and district courts in the 6th Circuit that have done so). If "specific facts are not necessary", there can be no defect in identifying dates of applications which prove to be incorrect once discovery reveals as much. Furthermore, courts can always allow amendments of complaints to conform to the evidence discovered. Defendant's argument that Russell's July 2000 application and October 1999 application are not properly before this Court has no merit.

**B.    Russell Should Survive Summary Judgment as to His Hiring Claim Based on His July 2000 Application.**

Russell should survive summary judgment as to his hiring claim based on his July 2000 application because Defendant has not made any argument defeating this claim other than to argue that the claim is not properly before this Court. As argued, Defendant's argument that Russell's claim is not properly before this court is contrary to the law.

Under the *McDonnell Douglas* method of proof, the plaintiff's burden of establishing a prima facie case of disparate treatment in an individual hiring case under Title VII as well as § 1981 requires a showing that the plaintiff:

(1)    belongs to a group protected by the statutes;

(2)    applied and was qualified for a job for which the employer was seeking applicants;

(3)    was rejected; and

(4) the position remained open and the employer continued to seek similarly qualified applicants.

*See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). This formulation was not intended to be ridigly and mechanically applied in all situations, but to merely explain a sensible and orderly way of evaluating the evidence in a particular situation. *See Furnco Constl. Corp. v. Waters*, 438 U.S. 567 (1978). To establish a prima facie case of disparate treatment as a result of a prospective employer's failure to hire, the plaintiff must show that he:

(1) applied for an available position;

(2) was qualified for the position; and

(3) was rejected under circumstances that give rise to an inference of unlawful discrimination.

*See Anema v. Diagnostek, Inc.*, 164 F. 3d 1275 (19th Cir. 1999).

Consideration of a motion for summary judgment requires that the facts shown are to be judged in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252-255 (1986) and *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150-151 (2000).

Once a plaintiff makes out a prima facie case of disparate treatment in hiring, it is the Defendant's burden of production to come forth with a legitimate business reason for not hiring the plaintiff. *McDonnell Douglas, supra,* at 820-803. In the instant case, since Defendant bases its entire summary judgment argument on its faulty assertion that Russell's hiring claim is not properly before this court, it has not come forth with its legitimate business reason for not hiring the plaintiff. On this ground alone, Defendant's motion is due to be denied. However, in an abundance of caution, Russell asserts his prima facie case as follows:

There is no dispute that Russell applied for an entry-level laborer position in July of 2000. There is also no dispute that he was qualified. AK Steel would not have interviewed Russell if he had not applied and was not qualified. Russell asserts that he was rejected for employment under circumstances that give rise to an inference of racial discrimination. Russell testified that he believes that he was discriminated against because of his race because everybody he knows who was black and in his age bracket never got hired at AK Steel after applying. Russell Dep. at 52. Russell testified that in Middletown where he lives and where AK Steel's plant is located if an African American gets hired at AK Steel, it's a known fact because the black community in Middletown is relatively small. Russell Dep. 53. Russell testified that it is a "big deal" when an African American gets hired in Middletown because it happens so rarely. *Id.* He testified that other people with whom he went to high school and are white got jobs at AK Steel right out of high school. *Id.* This includes two white individuals named James and Scott Fannin who got hired at AK Steel right out of high school in or around the early 1990s when Russell first began applying for employment there. Russell Dep. 54-55. Russell also believes that AK Steel engages in discriminatory hiring practices based on his conversations with the other plaintiffs in this case who also were not hired by AK Steel. Russell Dep. 60. He testified that he and African Americans he talked to filled out multiple applications to AK Steel and then never heard from AK Steel again or would take a test and then never hear from AK Steel again. Russell Dep. 60.

Jessica Morris, AK Steel's 30(b)(6) witness regarding the reasons for not hiring Russell, testified that she could not say one way or the other if the workforce was diverse in 2001 and 2002 despite her testimony that there was some impetus to achieve a more diverse workforce. Morris Dep. 161-162. Furthermore, she could not say how many African Americans were employed with AK Steel at the

9

Middletown facility in 2001 and 2002, nor did she know how many African Americans were employed at the Middletown facility at the time of her deposition. Morris Dep. 162-163. It is difficult to understand how a personnel officer could be committed to creating a diverse work force at AK Steel without even knowing whether it was diverse or not either in 2001 and 2002 or five years later in 2007 when she was deposed. Such testimony creates an inference that AK Steel was not committed to creating a diverse workforce that went beyond stating this goal. This testimony supports Russell's contention that he was not hired because of race discrimination by the Defendant.

    **C.**    **Russell Should Survive Summary Judgment as to His Hiring Claim Based on His October 1999 Application.**

Russell should survive summary judgment as to his hiring claim based on his October 1999 application because Defendant has not made any argument defeating this claim other than to argue that the claim is not properly before this Court. Russell asserts his prima facie case based on his October 1999 application as follows:

Russell testified that he applied for employment at AK Steel in October 1999. Russell Dep. 28. Russell's July 2000 application supports his testimony because he wrote on his application that he had applied to AK Steel previously in October 1999. Exh. 1 to Russell Dep. Morris testified that there were no other applications made by Russell on file other than his July 2000 application. Morris Dep. 146. Therefore, a question of material fact exists about whether or not Russell applied for a position at AK Steel in October 1999. Defendant's motion for summary judgment is due to be denied based upon this question of material fact that is in dispute.

Russell asserts all the reasons he was not hired by AK Steel in October 1999 because of racial

discrimination as he has argued regarding not being hired as a result of his July 2000 application, as set forth above.

## CONCLUSION

For all the reasons stated, Defendant's motion on summary judgment as to the hiring claims of Roderique Russell is due to be denied. Defendant's argument that his claims are not properly before this court must fail as a matter of law, and Defendant has made no argument whatsoever regarding the merits of Russell's claim. Thus, Defendant has not met its burden of production regarding a legitimate business reason for not hiring Russell. Having failed its burden of production, and considering the evidence in the light most favorable to Russell, Defendant's motion for summary judgment is also due to fail.

WHEREFORE, premises considered, Plaintiff Roderique Russell respectfully requests that this honorable Court deny Defendant's motion for summary judgment as to his hiring claims.

Respectfully submitted,

s/ *Susan Donahue*
Robert F. Childs, Jr. (*pro hac vice*)
Herman Nathaniel Johnson, Jr. (*pro hac vice)*
Susan Donahue (*pro hac vice*)
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500
(205) 254-1500 (facsimile)


Paul Henry Tobias (OH bar No. 0032415)
David Donald Kammer

TOBIAS, KRAUS & TORCHIA
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (facsimile)

David W. Sanford (*pro hac vice*)
SANFORD, WITTELS & HEISLER, L.L.P.
2121 K Street N.W.
Suite 700
Washington, D.C. 20037
(202) 942-9124
(202) 628-8189 (facsimile)

*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 7, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically serve the following:

Mr. Gregory P. Rogers
Mr. Lawrence James Barty
Ms. Patricia Anderson Pryor,
TAFT, STETTINIUS & HOLLISTER, LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957


                                                   s/ *Susan Donahue*
                                                   OF COUNSEL