## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | ) | CASE NO. C-1-02-467 |
| | ) | |
| Plaintiffs, | ) | Judge Beckwith |
| | ) | Magistrate Judge Hogan |
| v. | ) | |
| | ) | PLAINTIFFS' OPPOSITION TO |
| AK STEEL CORPORATION, | ) | DEFENDANTS' MOTION FOR |
| | ) | SUMMARY JUDGMENT ON THE |
| Defendant. | ) | CLAIMS OF DONALD EDWARDS, |
| | ) | JAMES GREENWOOD AND THE |
| | ) | MIDDLETOWN CLASS |

Plaintiffs, through undersigned counsel, hereby submit this Opposition to the defendant's Motion for Summary Judgment On the Claims of Donald Edwards, James Greenwood and the Middletown Class (Dkt. #157). The defendant's motion should be rejected for several reasons. First, as evidenced in Plaintiffs' Opposition to Defendant's Motion to Decertify the Middletown Subclass (Dkt. #121), there exist several disputable issues of fact as to whether Donald Edwards filed a timely charge with the Equal Employment Opportunity Commission. Furthermore, plaintiffs still maintain that Messrs. Edwards and Greenwood may piggyback on the EEOC charge of Ashland plaintiff Darrell Carter, and Mr. Greenwood may surely do so to maintain his individual claim of disparate impact discrimination. In addition, plaintiffs submit that based upon the facts at present and the prevailing precedent, the Court should maintain one class of Ashland and Middletown test takers based upon Darrell Carter's EEOC charge, an action which will render the Middletown subclass questions moot. Finally, the defendant has not proffered any admissible evidence regarding its burden of proving a legitimate business necessity for using the Laborer qualifying test. Therefore, the defendant's motion for summary judgment should be DENIED.

## <u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court's role is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also Poller v. Columbia Broad. Sys., Inc.*, 386 U.S. 464 (1962) (even if ". . . the weight of the evidence favors the moving party [that] does not authorize a court to grant summary judgment"). The party seeking summary judgment bears the responsibility of demonstrating the "absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The court must view all evidence and any factual inferences in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Supreme Court has held that the court "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 151, 120 S. Ct. 2097, 2110 (2000). The court should only give credence to the nonmovant's favorable evidence and evidence of the movant which is uncontradicted, unimpeached, *and* "comes from disinterested witnesses." *Id*. Moreover, the non-moving party's demonstration of a genuine issue of material fact is not a high bar:

> . . . the issue of material fact required by Rule 56(c) . . . to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or a judge to resolve the parties' differing versions of the truth at trial.

2

*First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288 89 (1968).

If a jury would be able to return a verdict for the non-movant in light of the facts presented, the court must deny summary judgment. *See Anderson*, 477 U.S. at 249. In other words, summary judgment may be entered only where no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus.*, 475 U.S. at 587.

### STATEMENT OF FACTS

AK Steel is a corporation with steel plants in Middletown, Ohio and Ashland, Kentucky. The Middletown Works ("Middletown") is the largest facility within AK Steel and processes raw materials into finished coils of steel. Phyllis Short Dep., at 45 (deposition excerpts attached as Ex. 3). The entry-level position at Middletown is the Laborer classification, which is also called Employment Reserve and Production Employee. *Id.* at 46-47.

The Ashland Works ("Ashland") contains a coke making facility, which produces coke from coal, and a primary steel plant, which processes coke into steel. Susan R. Lester Dep., at 7-8 (deposition excerpts attached as Ex. 35). Ashland employs approximately 1,200 employees, and entry-level positions are called Heat Relief Laborer at the coke making facility and Laborer at the main facility. *Id.* at 8-9.[1]

AK Steel uses a similar process to select individuals for Laborer vacancies at its Middletown and Ashland facilities. Of particular note for the dispute at bar, AK Steel administers the same qualifying test to applicants for the Laborer positions.[2] On January 19, 2007, this Court certified two

---

[1] Hereafter, plaintiffs will refer to entry-level positions at both Middletown and Ashland as "Laborer" positions.

[2] Lester at 73-74 (Ex. 35).

3

subclasses in this case as follows:

> 1.    All African-American applicants for labor positions at AK Steel's Middletown, Ohio plant who took and failed AK Steel's screening employment test within the 300-day period preceding July 9, 2002, and who allege that test has an impermissible disparate impact on African-American applicants.
>
> 2.    All African-American applicants for labor positions at AK Steel's Ashland, Kentucky plant who took and failed AK Steel's screening employment test within the 30-day period preceding June 8, 2002, and who allege that test has an impermissible disparate impact on African-American applicants.

Dkt. #96 at 12-13.  In addition, the Court permitted plaintiff James Greenwood to intervene into this action via plaintiff Donald Edwards's charge of discrimination and serve as a class representative for the Middletown subclass.  *Id*. at 3-6.  The Court noted, however, that Mr. Edwards cannot serve as a class representative if he took the exam prior to September 12, 2001, – which is 300 days before his June 28, 2002, E.E.O.C. charge of discrimination – or did not take the exam at all.  Dkt. #79 at 21.

Mr. Edwards declares that he took the qualifying test in a timely manner at Palmer Temps in August, 2001, but the defendant disputes this assertion.  As plaintiffs noted in their Opposition to Defendant's Motion to Decertify Middletown Subclass, there exists a significant dispute on this issue.  *See* Dkt. # 121.  Notably, the owner of Palmer Temps at that time could not remember the date when the Palmer Group stopped accepting applications for AK Steel; the information provided in the owner's declaration is inadmissible due to her memory loss; AK Steel has been a client of the Palmer Group from 1986 to the present; defense counsel for AK Steel represented the Nunlists at their depositions; the Palmer Group may have retaliated against Mr. Edwards for his participation in this lawsuit against AK Steel; and the Palmer Group has not responded to plaintiffs' subpoena

with any records regarding Mr. Edwards's purported application for a temporary job in January 2001, and the purported taking of the Palmer Group's test during the same period. *See* Dkt. #121 at 3-10.

## DISCUSSION

**A.    There Is a Disputable Issue of Fact Whether Donald Edwards Filed a Timely EEOC Charge**

Based on the Court's prior rulings, the Middletown subclass, and plaintiff James Greenwood's qualification as a class representative, rest upon the timeliness of plaintiff Donald Edwards's EEOC charge of discrimination.  The defendant asserts in its motion for summary judgment that Mr. Edwards did not take and fail AK Steel's test within 300 days of filing his EEOC charge, yet plaintiffs' Statement of Facts and Opposition to Defendant's Motion to Decertify the Middletown Subclass (Dkt. #121) demonstrate that there is a disputable issue of fact whether Mr. Edwards took AK Steel's test at Palmer Temps in August 2001.  As plaintiffs stated, Mr. Edwards asserts that he took the test at Palmer Temps in August 2001, and the information from Palmer Temps about Mr. Edwards's application for employment with AK Steel cannot rebut Mr. Edwards's assertions given the circumstances noted in the factual background. *See* pp. 4-5, *supra*.  In such a situation, where inferences and credibility judgments have to be made, such issues should be resolved at trial by the appropriate factfinder rather than on a summary judgment motion.  Therefore, the defendant's motion for summary judgment should be denied.

**B.    Plaintiffs Edwards and Greenwood May Piggyback on Ashland Plaintiff Darrell Carter's EEOC Charge**

Furthermore, as plaintiffs have argued previously, even if plaintiff Edwards's charge is ultimately found to be untimely, he and Mr. Greenwood could still piggyback upon the charge of Ashland plaintiff Darrel Carter – with a rearward temporal scope back to August 12, 2001, for the

standard liability period – to maintain a Middletown subclass. *See Howlett v. Holiday Inns, Inc.*, 49 F.3d 189 (6th Cir. 1995). The piggyback, or single filing rule, "allows the administrative charge of one plaintiff to satisfy the charge filing obligations of other plaintiffs." *Id.* at 194 (citing *Equal Employment Opportunity Comm'n v. Wilson Metal Casket Co.*, 24 F.3d 836 (6th Cir.1994)). A "charge will be adequate to support piggybacking under the single filing rule if it contains sufficient information to notify prospective defendants of their potential liability and permit the EEOC to attempt informal conciliation of the claims before a lawsuit is filed." *Id.* at 195. The *Howlett* Court also favorably cited a Second Circuit decision for the proposition that for large work units, the representative charge must sufficiently indicate violations against a group of individuals for a plaintiff to piggyback on the charge for class action purposes. *Id.* at 195-96 (discussing *Tolliver v. Xerox Corp.*, 918 F.2d 1052 (2d Cir.1990)).

Plaintiff Darrell Carter's charge is clearly sufficient for class representatives Edwards and Greenwood to piggyback on for their individual and class action disparate impact claims. *See* Ex. 9. In his charge, plaintiff Carter describes his failing of the test and prefaces his narrative with the statement that "AK Steel Corporation's actions are part of a continuing pattern and practice of discrimination against African-American applicants for employment . . . ." *Id.* at 1.

As portrayed, plaintiff Carter's charge was clearly sufficient to inform the E.E.O.C. and AK Steel that he was alleging discrimination against the defendant for its Laborer hiring practices throughout the company, including its discriminatory qualifying test, and that these allegations were made on behalf of a class of African-Americans. Because plaintiff Carter's charge was filed along with at least 15 other E.E.O.C. charges alleging discrimination in AK Steel's hiring practices, all alleging class claims, the E.E.O.C. and the defendant were sufficiently notified of a class action such

6

that class representatives Edwards and Greenwood may piggyback on plaintiff Carter's charge.[3]

Messrs. Edwards's and Greenwood's reliance upon Mr. Carter's EEOC charge is even more

warranted now that plaintiffs have demonstrated the adverse impact of the test upon African-

American applicants at the Ashland facility. *See* Plaintiffs' Opposition to Defendant's Motion for

Summary Judgment on the Claims of the Ashland Class and Ashland Plaintiffs, at 6-8, 11-13 (filed

contemporaneously herewith).

      Furthermore, that Mr. Edwards may have filed an untimely E.E.O.C. charge is not

dispositive. Under binding Sixth Circuit precedent he could still be an adequate class representative

for the Middletown subclass. In *Howlett*, the Sixth Circuit stated:

> The single filing rule serves to prevent a wooden application of the administrative
> charge requirement where the ends of the requirement have already been satisfied.
> The purpose of the single filing rule is no less well served in application to a
> potential plaintiff who has filed an untimely EEOC charge than to one who has never
> filed an administrative charge. A potential plaintiff who has filed an untimely EEOC
> charge is not given any more of a 'second bite at the apple' than any plaintiff who
> brings a civil action . . . after filing an EEOC charge.

*Howlett*, 49 F.3d at 196-97; *see also Smith v. Healthsouth Rehab. Center of Memphis, Ltd.*, 234 F.

Supp. 2d 812, 816 (W.D. Tenn. 2002) ("Based on its review of the case law and the pleadings

[including *Howlett*], the court finds that [plaintiff] may benefit from the single filing rule only if she

did not file an EEOC charge at all *or if she filed a charge that was untimely*.") (emphasis added); *c.f.,*

---

[3] Moreover, the Sixth Circuit has commented that the "reasonable investigation rule" would
permit a non-charge filing individual to file a lawsuit. *See E.E.O.C. v. Wilson Metal Casket Co.*, 24
F.3d 836, 840 n. 3 (6th Cir. 1994); *see also, id.* at 843 (Ryan, J., *dissent*). The reasonable
investigation rule provides that a Title VII complaint is "limited to the scope of the EEOC
investigation reasonably expected to grow out of the charge of discrimination." *E.E.O.C. v. Bailey*,
563 F.2d 439, 446 (6th Cir. 1977), *abrogated on other grounds by*, *Christiansburg Garment Co. v.
E.E.O.C.*, 434 U.S. 412 (1978). As discussed, the E.E.O.C. investigation of Darrell Carter's charge
should have reasonably encompassed a review of AK Steel's qualifying test utilized at the
Middletown and Ashland facilities.

*Binion v. Metropolitan Pier and Expos. Auth.*, 163 F.R.D. 117 (N.D. Ill. 1995) (class representatives are allowed to establish an earlier limitations period based upon the earlier charge of another complainant). Therefore, class representatives Edwards and Greenwood may rely upon the standard liability period established by plaintiff Carter's charge – back to August 12, 2001 – to demonstrate that their claims fell within the liability period and that they have standing based on this fact.

In addition, even if Mr. Greenwood may not piggyback on Mr. Carter's charge to serve as a class representative, he may surely do so based upon the precedent above to pursue his individual disparate impact claim. Therefore, Mr. Greenwood's individual claim should survive summary judgment.

### C.    The Court Should Certify One Class of Ashland and Middletown Test Failers

If the Court ultimately rules that Messrs. Edwards and Greenwood are not adequate class representatives because they did not file a timely charge and they cannot rely upon the Ashland class representatives' charges of discrimination, one class may be maintained for African-American applicants who failed the same qualifying test used at the Ashland and Middletown facilities. *See* Opposition to the Defendant's Motion to Decertify the Middletown Subclass (Dkt. #121 at 14-17). As plaintiffs have argued previously, it is beyond dispute that a test used at multiple facilities of a company may be challenged on a class basis if it has a disparate impact against a protected group. *See, e.g., Williams v. Ford Motor Co.*, 187 F.3d 533, 535-36 (6th Cir. 1999) (in a class action covering seven Ford Motor Company plants in Ohio, the Sixth Circuit examined the validity of a pre-employment test used for the hiring of unskilled, hourly laborers); *Bacon v. Honda of America Mfg., Inc.*, 205 F.R.D. 466, 471-72, 477-78 (S.D. Ohio 2001) (finding commonality regarding a disparate impact claim challenging facially neutral criteria used at four Honda plants in central

Ohio), *affm'd by*, 370 F.3d 565 (6th Cir. 2001); *Dothard v. Rawlinson*, 433 U.S. 321 (1977) (disparate impact claim upheld for neutral height and weight policy used for multiple prison facilities); *c.f.*, *General Telephone Company of the Southwest v. Falcon*, 457 U.S. 147, 159 n. 15 (1982) ("If petitioner used a biased testing procedure to evaluate both applicants for employment and incumbent employees, a class action on behalf of every applicant or employee who might have been prejudiced by the test would satisfy the commonality and typicality requirements of Rule 23(a)."). As AK Steel uses the same test at both Middletown and Ashland,[4] and the Four-Fifths rule and statistical analyses demonstrate the adverse impact of the test at both facilities,[5] a disparate impact class action may be properly maintained across both facilities.

Indeed, the Sixth Circuit has approved the maintenance of one applicant class even if the class challenges several different hiring requirements utilized by different entities. *See Smith v. United B'hood. of Carpenters and Joiners of America*, 685 F.2d 164 (6th Cir. 1982). In *Smith*, a class of skilled and unskilled African Americans seeking employment as carpenters lodged a disparate impact claim against four local carpentry unions, the union international, the collective bargaining agent for the locals, and a joint contractor-union apprenticeship council for their use of discriminatory entrance requirements for the trade. *Id.* at 165. The Court ruled that the class representatives met the adequacy prong of the Fed. R. Civ. P. 23 analysis so as to represent all class members regardless of the entrance requirement challenged:

> Here, only the entrance requirements to the trade were challenged. This case is not analogous to a broad attack on an employer's hiring, firing, and seniority procedures.

---

[4]Lester at 73-74 (Ex. 35).

[5] *See* Plaintiffs' Opposition to Defendant's Motion for Summary Judgment on the Claims of the Ashland Class and Ashland Plaintiffs, at 6-8, 11-13 (filed contemporaneously herewith).

> That instance requires separate representatives because the interests of employees are pitted against those of non-employee applicants. In contrast, this lawsuit presents only the claims of the latter group. *Inasmuch as applicants' interests are the same, it is not necessary to divide them into subgroups according to the individual entrance criteria.* To do so unreasonably burdens the plaintiffs.

*Id*. at 167 (emphasis added); *see also Clark Equip. Co. v. Int'l Union, Allied Indus. Workers of Am., AFL-CIO*, 803 F.2d 878, 880 (6th Cir.1986) ("Subclassing . . . is appropriate only when the court believes it will materially improve the litigation" and is not always necessary because "subclassing often leads to more complex and protracted litigation."); *c.f.*, *Intl. Union, United Automobile, Aerospace, and Agricul. Implem. Workers of America v. General Motors Corp.*, 497 F.3d 615, 629 (6th Cir. 2007) (in rejecting argument that class should have been divided into subclasses, stating that "if every distinction drawn (or not drawn) . . . required a new subclass, class counsel would need to confine the settlement class to the simplest imaginable or risk fragmenting the class beyond repair"). As the Supreme Court has held, for adequacy purposes "the interests of those within the single class [need only be] aligned" to dispense with the creation of subclasses. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 (1997).

The interests of the African Americans who failed AK Steel's qualifying test for the Ashland and Middletown facilities are aligned. This action presents a challenge to a test that is utilized at both facilities, and there exists no conflict between Middletown test-takers and Ashland test-takers. Indeed, counsel for AK Steel has represented, and offered to stipulate, that the Ashland class representatives were definitively not hired because they failed the test. *See* Ex. 30. There should be no impediment preventing the class representatives who failed the test at Ashland from representing the African-Americans who failed the test at Middletown and vice-versa, especially given the guidance from *Smith*, *supra*. Therefore, plaintiffs respectfully request that the Court re-

certify one class for the African-American applicants who failed the same qualifying test at Ashland and Middletown.

    **D.**    <u>**The Defendant Cannot Proffer a Legitimate Business Necessity for Using Its Test Because Its Evidence of Purported Validation is Inadmissible**</u>

        The defendant argues that it has met its burden of setting forth a legitimate business necessity for using its discriminatory test. *Def.'s Mem.* at 3-8. A defendant satisfies its burden of persuasion on the business necessity defense by setting forth evidence that a test has been validated pursuant to the EEOC's Uniform Guidelines. *See* 42 U.S.C. § 2000e-2(k)(1)(A)(I); *Isabel*, 404 F.3d at 413. Here, the defendant does not have any admissible evidence on its business necessity defense.

        As Magistrate Judge Hogan ordered, AK Steel is prohibited from using the purported validation studies conducted by Resource Associates in 1997 and 1999 because it failed to timely produce those studies to plaintiffs. Dkt. #135.[6] Furthermore, the defendant may not circumvent Magistrate Judge Hogan's Order by relying upon a declaration from Dr. Lucy Gibson, an executive of Resource Associates. The defendant has never timely produced any expert report from Dr. Gibson, and it thus it may not at the summary judgment stage produce for the first time a declaration from Dr. Gibson based upon specialized knowledge falling within the purview of Rule 702, Federal Rules of Evidence, especially as the declaration does not conform to Rule 26(a)(2), Federal Rules of Civil Procedure, regarding expert disclosures. Therefore, the defendant has failed to meet its

---

      [6] The defendant has objected to Magistrate Judge Hogan's Order. Dkt. #144. If the Court overrules Magistrate Judge Hogan's Order and permits the defendant to use its expert reports, then plaintiffs request, pursuant to Rule 56(f), Federal Rules of Civil Procedure, that they be allowed an opportunity to conduct discovery on the reports and produce a report of their own, and subsequently re-address this issue on summary judgment. *See Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) ("It is well-established that the plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment.") (citations omitted).

business necessity burden, and summary judgment should be denied on this basis.

<u>**CONCLUSION**</u>

WHEREFORE, PREMISES CONSIDERED, plaintiffs respectfully request that the Court

DENY the defendant's Motion for Summary Judgment On the Claims of Donald Edwards, James

Greenwood, and the Middletown Class.


Respectfully Submitted,

*/s/ Herman N. Johnson, Jr.*
Robert F. Childs, Jr. (ASB-2223-C-60R)
Herman N. Johnson, Jr.(ASB-3607-R50J)
**WIGGINS, CHILDS, QUINN & PANTAZIS**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 328-0640
(205) 254-1500 (facsimile)

Tobias, Kraus & Torchia, LLP
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (facsimile)

ATTORNEYS FOR THE PLAINTIFFS

## <u>LIST OF EXHIBITS</u>

Ex. 3          Phyllis Short Deposition Excerpts

Ex. 9          Darrell Carter Declaration

Ex. 30         8/1/01 G. Rogers Email to S. Donahue

Ex. 35         Susan Lester Deposition Excerpts

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on March 7, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Gregory Parker Rogers
Lawrence James Barty
Patricia Anderson Pryor
Taft, Stettinius & Hollister, LLP
1800 First Star Tower
425 Walnut Street
Cincinnati, OH 45202
Fax: (513) 381-0205

*/s/ Herman N. Johnson, Jr.*
PLAINTIFFS' COUNSEL

14