UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al. | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | Magistrate Judge Hogan |
| v. | : | |
| | : | **REPLY MEMORANDUM OF AK** |
| AK STEEL CORPORATION | : | **STEEL CORPORATION IN** |
| | : | **SUPPORT OF ITS MOTION FOR** |
| Defendant. | : | **SUMMARY JUDGMENT ON THE** |
| | : | **CLAIMS OF RODERIQUE** |
| | : | **RUSSELL** |

**I.    PLAINTIFFS CONCEDE THAT THE CLAIMS ASSERTED IN THE COMPLAINT ARE MERITLESS.**

In their Memorandum in Opposition to Defendant's Motion for Summary Judgment, Plaintiffs concede that Russell has no claim based on any alleged application in September, 2001 or March, 2002. They make no argument in support of these claims. As these were the only claims Russell asserted in this case, summary judgment is appropriate.

**II.   PLAINTIFFS CANNOT AVOID SUMMARY JUDGMENT BY ASSERTING A DIFFERENT CLAIM, DIRECTLY CONTRARY TO PRIOR REPRESENTATIONS.**

Plaintiffs stated in the Complaint, Amended Complaint, Second Amended Complaint and EEOC charge that Russell applied and was discriminatorily denied hire in September, 2001 and March, 2002. (Doc. # 1, ¶ 15, 87-91; Doc. # 22, ¶ 15, 87-91; Doc. # 45, ¶ 15, 87-91) They then confirmed to the Court and to AK Steel that this action only related to these alleged applications in September, 2001 and March, 2002 and did not relate to alleged applications in 1999 or July, 2000. (Doc. # 12)

Now, in response to AK Steel's Motion for Summary Judgment, Plaintiffs attempt to reverse course and allege for the first time that Russell's claim is based on his alleged applications to AK Steel in October, 1999 and July, 2000.  This is directly contrary to all three complaints and to Plaintiffs' earlier representations.

Plaintiffs incredulously argue that "notice pleading allows for factual evidence learned during discovery to support claims that are properly pled." (Doc. # 164, Pl. Mem. Opp. p. 5) Plaintiffs did not "learn" any new facts during discovery.  Plaintiffs have always known that Russell claims he applied in 1999 and July 2000.  Russell knew he had not applied in 2001 or 2002 as alleged in the complaint.  (Russell Dep. 29, 56)  The facts were always within Plaintiffs' knowledge.

Moreover, claims related to any alleged application in October, 1999 or July, 2000 were not properly pled.  Plaintiffs conceded this on December 9, 2002 when they admitted that they "never raised these as actionable claims."  (Doc. # 12, p. 1)

Plaintiffs try to avoid these representations by arguing that these representations related to the original complaint.  However, when Plaintiffs amended their complaint, they did not change their factual allegations with respect to Russell.  (*Compare* Doc. # 1, ¶ 15, 87-91 *with* Doc. # 45, ¶ 15, 87-91)

Notice pleading requires that Defendant actually be on notice as to what the claims against it are.  Plaintiffs did not place AK Steel on notice that Russell was alleging claims based on an October, 1999 application or a July, 2000 application.  Instead, Plaintiffs placed AK Steel on notice that Russell specifically was *not* alleging claims based on an October, 1999 application or a July, 2000 application.  (Doc. # 12)  Plaintiffs stated these claims were not actionable in this case and the Court similarly recognized that these claims were not before the Court.  (Doc. # 12,

p. 1, 3, 9; Doc. # 26, p. 9)  As a result, AK Steel did not refile its earlier motion for summary judgment on these claims.  Plaintiffs cannot deny that they are asserting certain claims and then, five years later, attempt to assert them after discovery has closed, in response to a motion for summary judgment.

### III. RUSSELL HAS NO CLAIM WITH RESPECT TO HIS ALLEGED APPLICATIONS IN 1999 AND 2000.

Even if Russell could completely change his claims at this stage of the litigation, there is no merit to any claim based on these alleged earlier applications.  As Plaintiffs themselves concede, Russell was not hired in 2000 because of a hiring freeze, a legitimate non-discriminatory reason, which Plaintiffs have not rebutted.  (Doc. # 164, Pl. Mem. Opp. p. 4)  Even if a claim relating to this application were properly before the Court, summary judgment would be appropriate.[1]

Summary judgment would also be appropriate on any claim relating to Russell's alleged 1999 application.  AK Steel never received Russell's alleged 1999 application.  (*See* Doc. # 10, Hicks Dec. ¶ 3-4)  But, even if it had, any claim based on this application fails as a matter of law.

Russell did not file an EEOC charge with respect to the alleged October, 1999 application (his 2000 charge related to an alleged application in August).  (Russell Dep. Ex. 4)  Any Title VII claim therefore fails.  *See Lopez-Flores*, 1992 WL 146651, at * 2.

Any Section 1981 claim also fails because it is barred by the statute of limitations.  Section 1981 claims based on alleged hiring discrimination are governed by a two-year statute of limitations, not a four-year one as asserted by Plaintiffs.  *See Nelson v. General Elec. Co.*, 2 Fed.

---

[1] Moreover, Russell did not file an EEOC charge with respect to this claim and therefore cannot proceed with a Title VII claim.  *Lopez-Flores v. General Motors Corp.*, 1992 WL 146651, * 2 (6th Cir. 1992) (court lacks jurisdiction where plaintiff failed to exhaust administrative remedy).

Appx. 425 (6th Cir. 2001) (Section 1981 claims borrow Ohio's two-year personal injury statute of limitations). The four-year statute of limitations in 28 U.S.C. § 1658, which Plaintiffs cite, is only applicable to claims based on post-1990 enactments. *See Jones v. R.R. Donnelley & Sons. Co.*, 541 U.S. 369, 382-83 (2004). Hiring discrimination claims under Section 1981 pre-date 1990. The statute of limitations in 28 U.S.C. § 1658 does not apply. *Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1188 (10th Cir. 2006) (28 U.S.C. § 1658 has no application to discrimination claims under § 1981 for failure to hire which were actionable before 1990); *Mahar v. City of Portland*, 2005 WL 465428, *8 (D. Or. 2005) ("Failure to hire claims fall squarely within the pre-1991 version of § 1981"); *Fit v. Northern Trust Corp.*, 2007 WL 4373971 (N.D. Ill. 2007) (same). Any claim based on a 1999 application fails as a matter of law because this lawsuit was not filed within two years of the alleged application.

     Even if Plaintiffs could base Russell's claims on events which they expressly claimed were not actionable, these claims would fail as a matter of law.

## IV.    CONCLUSION

Russell does not have an actionable claim before the Court. Defendant AK Steel Corporation respectfully requests that this Court grant its Motion for Summary Judgment on the claims of Roderique Russell.

Respectfully submitted,

/s/ Gregory Parker Rogers
Lawrence J. Barty (0016002)
Gregory Parker Rogers (0042323))
Patricia Anderson Pryor (0069545)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
(513) 381-2838
Trial Attorneys for Defendant
AK Steel Corporation

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on March 21, 2008 using the Court's CM/ECF system, which will send notice of this filing to Susan Donahue, Robert Childs, Herman N. Johnson, Jr., Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama  35203; Paul H. Tobias, Tobias, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202; and David Sanford, Sanford, Wittels & Heisler, L.L.P., 2121 K Street, N.W., Suite 700, Washington, D.C.  20037.

/s/ Gregory Parker Rogers