UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al. | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | Magistrate Judge Hogan |
| v. | : | |
| | : | **REPLY MEMORANDUM OF AK** |
| AK STEEL CORPORATION | : | **STEEL CORPORATION IN** |
| | : | **SUPPORT OF ITS MOTION FOR** |
| Defendant. | : | **SUMMARY JUDGMENT ON THE** |
| | : | **CLAIMS OF VIVIAN BERT,** |
| | : | **EDWARD JAMES LEWIS,** |
| | : | **MICHAEL MILLER AND SHAWN** |
| | : | **PRYOR** |

## I.  INTRODUCTION

Plaintiffs Vivian Bert, Edward James Lewis, Michael Miller and Shawn Pryor have offered no evidence that their race played any role in AK Steel's decisions concerning them. They have offered no evidence of racial animus. They have offered no evidence to rebut the undisputed legitimate reasons why each of them was not hired. Instead, they ask this Court to deny summary judgment based on nothing more than pure speculation and their own unsupported belief that the four of them were not chosen for employment, from among the over 4,000 applicants, because of their race. Plaintiffs have the burden to show discrimination. They cannot survive summary judgment based on their own speculation, conjecture and beliefs. *See Chappell v. GTE Products Corp.*, 803 F.2d 261, 268 (6th Cir. 1986) ("personal belief, conjecture and speculation insufficient to support inference of discrimination."); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992). AK Steel respectfully submits that summary judgment is appropriate as a matter of law.

{W1229622.1}

## II. ARGUMENT

### A. Plaintiffs Have Not Established A Prima Facie Case Of Discrimination.

Plaintiffs skip right over their burden to establish a prima facie case and instead rely solely on speculative arguments about pretext. As set forth in AK Steel's original Memorandum (Doc. # 156, p. 8-9), Plaintiffs have not established a prima facie case of discrimination. Plaintiffs did not meet AK Steel's pre-established qualifications for employment; AK Steel did not hire any similarly situated Caucasian or seek applicants with Plaintiffs' qualifications; and Lewis, Miller and Pryor have not established that they submitted the applications upon which their claims of discrimination are alleged to be based. Plaintiffs made no effort to prove otherwise in their Memorandum. (Doc. # 165) Their claims should be dismissed for this reason alone.

### B. Plaintiffs Cannot Establish Pretext.

Even had Plaintiffs established a prima facie case, they have not presented any evidence of pretext. AK Steel offered undisputed testimony from both Phyllis Short and Jessica Morris asserting the legitimate reasons for its decisions with respect to each of the Plaintiffs. There is no obligation that it buttress this undisputed testimony with additional documentation as Plaintiffs appear to assert. AK Steel's burden is only one of production, not of persuasion. *See Frazier v. Ford Motor Co.*, 109 Fed. Appx. 718, 721 (6th Cir. 2004) ("The [defendant's] burden to articulate nondiscriminatory reasons to the plaintiffs' non-selections is extremely light."). *See also St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993) (holding defendant need only introduce evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action). Once AK Steel identified a legitimate reason for its decisions, it was Plaintiffs' burden to establish, with evidence, that the reasons given were

pretextual and a pretext for unlawful race discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000). Plaintiffs, at all times, maintain the burden of proof. *Id.*

Plaintiffs' arguments amount to nothing more than their own disagreement with AK Steel's decisions and hiring process. "The law does not require employers to make perfect decisions, nor forbid them from making decisions that others may disagree with." *Hartsel v. Keys*, 87 F.3d 795, 801 (6th Cir. 1996). There is no evidence that AK Steel treated Plaintiffs differently than any of the other 4,000 applicants. Plaintiffs' arguments, on their face, do not support an inference of race discrimination. Nevertheless, AK Steel addresses each of the individual Plaintiffs' arguments below.

1. <u>AK Steel Did Not Discriminate Against Vivian Bert.</u>

Plaintiffs do not dispute that Vivian Bert was a former Armco employee and have presented no evidence to dispute that AK Steel screened out applicants who previously worked for Armco or AK Steel. Nevertheless, Plaintiffs claim there is a "strong inference of pretext" with respect to the decision concerning Vivian Bert because according to them the disqualifying reason was not in writing and AK Steel did not communicate the reason to Bert. Even if this were true,[1] it does not support an inference of race discrimination as there is no evidence that anything was done differently with respect to Caucasian applicants. There is no requirement that an employer place its reasons in writing or that an employer communicate its reason to an applicant. *See Thompson v. Ohio Health Corp.*, 2008 WL 640441, at *2 (S.D. Ohio 2008) ("Plaintiff points to and this court is aware of no public policy that requires that an employer provide appropriate documentation or explanation prior to termination of an employee's employment."). AK Steel did not communicate the reasons for its decisions not to hire to any

---

[1] Contrary to Plaintiffs' assertion, AK Steel did put its reasons in writing and maintained it internally in its database (this information was long ago produced to Plaintiffs). (Morris Dep. 118)

{W1229622.1}    3

applicant, black or white. (Morris Dep. 109) Because of the enormous volume of applicants, applicants were told they would be contacted only if they were still being considered. (Morris Dep. 34, 108-109) Plaintiffs have not established that AK Steel's reason for not hiring Bert was discriminatory or pretextual.

        2.        <u>AK Steel Did Not Discriminate Against Edward James Lewis.</u>

            a.        <u>AK Steel Is Not Required To Track Down An Applicant Whose Phone Number Has Been Disconnected.</u>

Plaintiffs do not dispute that Edward James Lewis's phone was disconnected when AK Steel tried to contact him. (Morris Dep. 77-78) In fact, he testified he changed it many times. (Lewis Dep. 10) Instead, Plaintiffs appear to argue that AK Steel had some extraordinary obligation to check for other phone numbers for Lewis, to write him a letter, or to contact directory assistance. There is no evidence that AK Steel took any such efforts with respect to Caucasian applicants. That an employer who receives 4,000 applications does not spend time tracking down an applicant who has disconnected the phone number that he provided to the employer is not evidence of discrimination.

            b.        <u>There Is No Evidence that Lewis Applied Any Other Time.</u>

Plaintiffs also claim that there is an issue of fact because Jessica Morris was not "100% certain" whether Lewis had applied any other time. This argument is a red herring. First, Plaintiffs have misrepresented Morris's testimony. She testified she was not "100% sure" she entered an applicant's social security number in the database each time they applied. (Morris Dep. 80) She did not testify she was not "100% certain" whether Lewis had applied any other time as Plaintiffs incorrectly claim. In any event, Plaintiffs, who have the burden of proof, have

not presented evidence that Lewis did apply any other time.[2] Lewis himself did not know whether he had applied. He specifically denied applying in the manner alleged in the Complaint. (Lewis Dep. 67)

        c.        It Is Undisputed Any Other Application Would Have Been Screened Out Because Lewis Did Not Have A High School Diploma Or GED.

Moreover, even if there were evidence of another application, Lewis claimed that any other application he would have submitted would have stated that he did not have a high school diploma or GED. (Lewis Dep. 32-33) It is undisputed his application would have been automatically screened out for this reason by the Ohio Bureau of Employment Services and by AK Steel. (Morris Dep. 24) AK Steel did not consider any applicant, regardless of race, who did not have a high school diploma or GED. (Morris Dep. 24) Even if there were an issue about whether he applied any other time, there is no issue concerning whether AK Steel discriminated against him. Lewis cannot establish that he was qualified for the position which required a high school diploma or GED. Summary judgment is appropriate.

        3.        AK Steel Did Not Discriminate Against Michael Miller.

Plaintiffs do not dispute that Michael Miller had a poor driving record with eight points on his license and a history of suspensions. Plaintiffs also do not dispute that AK Steel screened out applicants regardless of race who had poor driving records.

Plaintiffs attempt to create an issue by disagreeing with AK Steel's consideration of an applicant's driving record when making employment decisions. First, they argue that Jessica Morris did not know why AK Steel screened out applicants with a poor driving record. This is

---

[2] The only application in evidence is an application Lewis submitted in April 2001. (Morris Dep. Ex. 4) Lewis's Title VII claim based on this application is untimely, as it occurred more than 300 days before he filed a charge. *See Poe v. Memphis Light, Gas and Water Div.*, 1999 WL 1204694, *2 (6th Cir. 1999).

false. In fact, both Morris and her supervisor Phyllis Short testified that this type of driving record raised concerns about an individual's reliability. (Morris Dep. 104-105; 4th Short Dec. ¶ 4) Short also testified that she would not approve hiring an applicant with a poor driving record because she could not trust that the individual would act safely with AK Steel's equipment when the individual did not act safely with his own. (4th Short Dec. ¶ 4) In any event, the reason why AK Steel screened out applicants based on a poor driving record is irrelevant in a disparate treatment case where it is undisputed AK Steel did screen out such applicants and there is no evidence that AK Steel hired any Caucasian applicant with a similar record. (Morris Dep. 105; 4th Short Dec. ¶ 4)

Plaintiffs also complain that Morris did not know the state law concerning the maximum number of points a person could have before his license was revoked or whether a suspended license was a major or minor traffic citation. This is irrelevant. AK Steel did not count a suspended license as a criminal conviction (although, as discussed in AK Steel's Motion, and not rebutted by Plaintiffs, Miller had other undisclosed criminal convictions which also would have disqualified him from employment). (Morris Dep. 106-107) AK Steel screened out applicants who had poor driving records because of reliability and safety concerns (Morris Dep. 104-105; 4th Short Dec. ¶ 4), not because it considered their offenses to be criminal convictions.

It is undisputed AK Steel did not hire Miller because of his driving record. Plaintiffs have offered no evidence to the contrary.

        4.        <u>AK Steel Did Not Discriminate Against Shawn Pryor.</u>

Plaintiffs do not dispute that AK Steel does not hire computer personnel, the type of position for which Shawn Pryor applied.[3] Plaintiffs challenge only that Pryor was not hired for a laborer position.

Pryor did not have manufacturing experience. (Pryor Dep. 25) Plaintiffs have not identified a single similarly situated white applicant who was hired under these circumstances. Instead, Plaintiffs attempt to question the manufacturing requirement stating that Phyllis Short testified that manufacturing experience was a "preferred" qualification. Although Short used the word "preferred," she testified that "preferred" meant that if an applicant did not have it, they were screened out. (Short Dep. 75) It is undisputed AK Steel did screen out applicants who did not have the requisite manufacturing or labor experience. (Short Dep. 75; Morris Dep. 24-25, 27)

Plaintiffs then make the ludicrous argument that Short's testimony that at some point AK Steel began considering for employment women and minorities who did not have a full two years of manufacturing experience -- as part of meeting its affirmative action goals -- is somehow evidence of discrimination against African Americans. That at some point African Americans were hired without two years experience cannot support an inference of race discrimination against Pryor, an African American. Moreover, Short testified that even when they made exceptions for women and minorities, the exceptions were only made for those who had some experience -- one year. (Short Dep. 137) Pryor did not have any manufacturing or labor experience. (Pryor Dep. 25) There is no evidence that AK Steel hired any similarly situated Caucasian applicant who did not have manufacturing experience.

---

[3]     AK Steel long ago outsourced information technology jobs to IBM.

      5.      Plaintiffs Have Not Established Pretext Under Any Of The Types Of Showings Adopted By The Sixth Circuit.

Plaintiffs have failed to establish that AK Steel's reasons were pretextual. The Sixth Circuit has adopted three ways for a plaintiff to show pretext: by showing that the proffered reason (1) has no basis in fact; (2) was insufficient to warrant the challenged conduct; or (3) did not actually motivate the decision. *Manzer v. Diamond Shamrock Chem. Co.*, 29 Fed. 1078, 1084 (6th Cir. 1994). Plaintiffs have not made any of these showings with respect to any of the four Plaintiffs.

The first type of pretext showing consists of evidence that the proffered bases for the decision never happened, i.e., that they are factually false. *Id.* at 1084. Plaintiffs do not dispute that Bert was a former Armco employee, that Lewis's phone was disconnected and he did not have a GED, that Miller had eight points on his driving record and a history of license suspensions, and that Pryor did not have manufacturing or labor experience. They have not established the first type of pretext showing.

The second showing of pretext consists of evidence that other applicants, particularly Caucasian applicants, were hired even though they had similar attributes to that which the employer contends motivated its decision not to hire plaintiff. *Id.* at 1084. Plaintiffs, who have copies of AK Steel's applicant files, have not identified a single Caucasian applicant who was hired with similar qualifications. There is no evidence that AK Steel hired any white applicant who had previously worked for Armco, who did not have a GED, whose phone was disconnected when AK Steel called, who had eight points on his driving record or a history of license suspensions, or who did not have the requisite manufacturing or labor experience. Plaintiffs have not established the second type of pretext showing.

The third showing of pretext requires a plaintiff to show "circumstances which tend to prove that an illegal motivation was *more* likely than that offered by the defendant. In other words, the plaintiff argues that the sheer weight of the circumstantial evidence of discrimination makes it 'more likely than not' that the employer's explanation is a pretext, or coverup." *Id.* at 1084. Plaintiffs have presented *no evidence*, let alone a sheer weight of evidence, that their race played any role in the hiring decisions. There is not one racial comment or other evidence of racial animus alleged.[4]

### III.    CONCLUSION

Plaintiffs have presented no evidence of race discrimination with respect to their individual claims of disparate treatment. For each and all of the foregoing reasons and those in its original motion for summary judgment, AK Steel respectfully requests that this Court grant its Motion for Summary Judgment and dismiss the claims of Vivian Bert, Edward James Lewis, Michael Miller and Shawn Pryor.

Respectfully submitted,

/s/ Gregory Parker Rogers
Lawrence J. Barty (0016002)
Gregory Parker Rogers (0042323))
Patricia Anderson Pryor (0069545)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
(513) 381-2838
Trial Attorneys for Defendant
AK Steel Corporation

---

[4]    Plaintiffs cite to a comment (Pl. Opp. p. 7) made by a co-worker at Armco at some point between 1982 and 1984 that African American women were given preferential treatment. (Bert Dep. 66-67) This non-discriminatory remark by an hourly co-worker who was not a decisionmaker nearly 20 years before the challenged decision is irrelevant.

{W1229622.1}                                    9

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on March 21, 2008 using the Court's CM/ECF system, which will send notice of this filing to Susan Donahue, Robert Childs, Herman N. Johnson, Jr., Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama 35203; Paul H. Tobias, Tobias, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202; and David Sanford, Sanford, Wittels & Heisler, L.L.P., 2121 K Street, N.W., Suite 700, Washington, D.C. 20037.

/s/ Gregory Parker Rogers