UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al. | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | Magistrate Judge Hogan |
| v. | : | |
| | : | **REPLY MEMORANDUM OF AK** |
| AK STEEL CORPORATION | : | **STEEL CORPORATION IN** |
| | : | **SUPPORT OF ITS MOTION FOR** |
| Defendant. | : | **SUMMARY JUDGMENT ON THE** |
| | : | **CLAIMS OF ALLEN ROBERTS** |

## I.    INTRODUCTION

Allen Roberts admitted during his deposition that he did not suffer any harm as a result of AK Steel's hiring practices. Plaintiffs have produced no evidence of an actionable injury to Roberts that was caused by the alleged hiring discrimination. Roberts has no standing and his claims must be dismissed.

Plaintiffs' Opposition to AK Steel's Motion for Summary Judgment makes clear that Roberts is attempting to re-litigate the same claims and issues from his earlier litigation (Case No. 1:02cv656). Plaintiffs previously asserted (without any record support) that Roberts's injury was emotional and psychological harm caused by working in an environment that was not diverse or integrated. (Doc. # 62) Roberts's testimony denies any such harm. (Roberts Dep. 142-143) Now, as Plaintiffs frequently have in this matter, they have reversed course, and attempt to save Roberts's claims by arguing that his discipline and termination, the same injury and transactions from the earlier litigation, constitute the injury in this case. (Pl. Opp. p. 4) Roberts has already brought and lost claims challenging his discipline and termination. (Case No. 1:02cv656) He is precluded from re-litigating these actions here.

{W1229624.1}

## II.     ARGUMENT

Roberts seeks to bring a third party claim challenging alleged hiring discrimination against others. In order to bring such a claim, however, Roberts must present evidence that he did not work in a racially integrated environment and that he suffered injury that was caused by the alleged hiring discrimination. *See Palmer v. Occidental Chem. Corp.*, 356 F.3d 235, 238 (2d Cir. 2004). Roberts's claims fail because he did work in a racially integrated environment; he did not suffer an actionable injury; and, even if he did, he cannot connect the alleged hiring discrimination to any injury. Summary judgment is appropriate for each of these independently dispositive reasons.

### A.     Roberts Worked In An Integrated Environment.

It is undisputed that Roberts worked in an integrated environment. Plaintiffs do not dispute that AK Steel's workforce had more African Americans than reasonably would be expected based on the recruitment area. Roberts testified he knew and worked with 220 African Americans at AK Steel. (Roberts Dep. 90-91) Roberts's working environment at AK Steel was more integrated than the surrounding area and offered more opportunity for interracial association.

Plaintiffs make the nonsensical argument that it is irrelevant that AK Steel's workforce was 7% African American and Roberts's own work area was 15% African American, as compared to 4.9% in the surrounding area, claiming that the issue is whether AK Steel *prevented* Roberts from working in an integrated environment. (Pl. Opp. p. 4-5) Roberts worked in a racially integrated environment as shown by the undisputed facts and statistics; AK Steel did not *prevent* Roberts from working in an integrated environment.

In *Palmer v. Occidental Chem. Corp.*, 356 F.3d 235, 238 (2d Cir. 2004), the court affirmed summary judgment on a similar claim where:

{W1229624.1}                                             2

> [T]he Plaintiffs failed to create a genuine issue of material fact as to whether the denial they alleged had occurred. They produced no data concerning the number of minority employees in Occidental's workforce or in the immediate area where they worked, thereby precluding any basis for determining whether their opportunity for interracial association was unduly limited.

*Id.* Similarly, here, Plaintiffs have presented no evidence that Roberts's opportunity for interracial association was unduly limited. The undisputed evidence establishes that it was not. Plaintiffs do not dispute that Roberts worked with 220 African Americans, that he was one of four crew chiefs, all of whom were African American, and that his work area was 15% African American as compared to the only 4.9% African American rate in the community where he lived. Summary judgment is appropriate for this reason alone.

### B. Roberts Did Not Suffer Any Injury.

Moreover, even had Roberts presented evidence that he did not work in a racially integrated environment, which he did not, like the plaintiffs in *Palmer*, he has not established that he actually suffered any injury as a result of the alleged hiring discrimination. Roberts cannot proceed with a claim based on alleged hiring discrimination against others unless he can establish that he was personally harmed by the alleged discrimination. *See Leibovitz v. New York City Transit Auth.*, 252 F.3d 179, 184 (2d Cir. 2001) ("Article III's requirement of a 'case or controversy' obligates the federal courts to hear only suits in which the plaintiff has alleged some actual or threatened harm to him or herself as a result of a 'particular illegal action.'"). *See also Yeager v. General Motors Corp.*, 67 Fed. Appx. 335, 338 (6th Cir. 2003) (plaintiff must prove actual injury proximately caused by the alleged discrimination).

In order to assert claims under Title VII and Section 1981, Roberts must establish that AK Steel took some action (within the statute of limitations) which violated these statutes and which proximately caused him injury. Plaintiffs claim that AK Steel's hiring practices had a

disparate impact on African Americans.[1] Even if Plaintiffs could establish that AK Steel's hiring practices had a disparate impact on African Americans, which they cannot, Roberts cannot establish that any hiring decision within the statute of limitations had any impact on Roberts or his work environment. Roberts testified that the individuals he worked with had extensive seniority. (Roberts Dep. 70) Roberts could not recall a single new hire of any race in his work area during the applicable period. (Roberts Dep. 70, 84) In other words, the hiring decisions during the applicable statute of limitations, did not affect Roberts's work environment.

Moreover, Roberts testified that he did not suffer any harm as a result of AK Steel's hiring practices:

> Q. Have you been harmed in any other way because of the alleged hiring discrimination that you claim occurred at AK Steel?
>
> A. I can't say at this time that I – I mean, I can't – I don't think I have. I mean, as far as hiring is concerned?
>
> Q. Yes, as far as the hiring is concerned.
>
> A. I don't think that I've personally been harmed because I – you know, I was working at the time.

(Roberts Dep. 142-143)

After speaking to his attorney at lunch, he asked to clarify his earlier testimony and stated that in his mind:

> . . . if there was a balance of supervisors, a balance of minorities in the plant, we probably wouldn't be having this conversation today. And I probably would -- would probably still be working at AK Steel.
>
> Q. Meaning you wouldn't have gotten terminated?

---

[1] Plaintiffs' arguments only relate to a disparate impact claim of discrimination. They do not claim that Roberts was injured by any disparate treatment hiring discrimination. Section 1981 does not provide a claim based on disparate impact. *See General Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982). Roberts's Section 1981 claim fails as a matter of law.

    A.  I probably wouldn't have.

    Q.  You wouldn't have gotten the discipline that you previously --

    A.  I probably wouldn't have.

(Roberts Dep. 211-213) Plaintiffs cite to this testimony as "evidence" that Roberts suffered injury. Plaintiffs claim that: "This testimony by Roberts clearly establishes his injury regarding his claimed right to work in an integrated environment. According to Roberts the lack of African American supervisors and managers and a racially integrated workplace caused him to be disciplined and ultimately terminated." (Pl. Opp. p. 4) Plaintiffs' argument that this newly alleged injury -- Roberts's discipline and termination -- resulted from the alleged hiring discrimination is nothing more than pure supposition.

  Plaintiffs, without any record support, claim that if AK Steel had hired more African Americans, "[t]here *may* have been more opportunities for African American employees to gain supervisory and managerial positions where they would have been in a position to respond to Roberts's concerns about race discrimination, or, as Roberts testified, there *may* have been significantly fewer problems with racial discrimination at the plant." (Pl. Opp. p. 6-7) (emphasis added) From this speculation, Plaintiffs conclude "it is reasonable to draw the conclusion that AK Steel's discriminatory hiring practices caused Roberts injury." (Pl. Opp. p. 7) A plaintiff cannot avoid summary judgment with unsupported speculation and conjecture, which is all Plaintiffs have provided here. *See Chappell v. GTE Products Corp.*, 803 F.2d 261, 268 (6th Cir. 1986); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992).

  Plaintiffs ask this Court to make several speculative leaps without any evidence to guide it. Plaintiffs' claim is not that the alleged lack of minority hiring with respect to entry level laborers injured Roberts, but that a lack of minority supervisors impacted him. Yet, there is no

evidence or allegation of discrimination with respect to the hiring of supervisors. There is also no evidence that any supervisor with whom Roberts had contact had been hired as a laborer, let alone that they had been hired as a laborer within the statute of limitations period. Moreover, there is no evidence that any supervisor, regardless of race, would have taken a different action in response to Roberts's misconduct, including sleeping on the job and attempted subornation of perjury. Roberts cannot connect any actionable harm that he suffered to any act of discrimination by AK Steel within the statute of limitations period.

Plaintiffs speculatively claim that if AK Steel had hired more African Americans, there may have been fewer problems with race discrimination at the plant. But Plaintiffs presented no evidence of racial discrimination in the plant. In fact, this Court has already granted summary judgment to AK Steel on Roberts's racial discrimination claims. *See* Case No. 1:02cv656.

The closest Roberts comes to connecting the alleged hiring discrimination to Roberts's discipline and termination is his allegation that he was disciplined and terminated for filing charges against AK Steel's hiring practices (not because of the actual hiring practices themselves). (Roberts Dep. 142-143) This is an allegation of retaliation, which is the exact claim Roberts already litigated and lost in the earlier litigation.

Even if Plaintiffs could establish race discrimination in the hiring process, Plaintiffs have not established that such discrimination proximately caused injury to Roberts.

      C.    Claim Preclusion Precludes Roberts From Re-Litigating His Discipline And Termination.

Plaintiffs' changed theory about what "injury" Roberts suffered makes it clear that his claims are nothing more than an attempt to re-litigate claims dismissed in Case No. 1:02cv656. In that this Court has already determined that Roberts's discipline and termination were legitimate and granted summary judgment on his claims that these actions were discriminatory or

retaliatory, there is no basis for concluding that those legitimate actions would not have been taken if there were more minorities in the workplace. Roberts cannot try a second bite at the same claims he previously litigated and lost.

This Court's earlier decision denying AK Steel's Motion for Summary Judgment on claim preclusion was based on Plaintiffs' representation that they were challenging a different harm. Plaintiffs' Opposition now makes clear that it is the same harm -- his discipline and termination. Whether the discipline and termination were caused by direct race discrimination and retaliation against Roberts or indirect race discrimination against others, the claims cannot be relitigated in a piecemeal fashion. *See Austin v. U.S. Postal Service*, 1985 WL 12989, at *1 (6th Cir. 1985) ("When successive suits seek recovery for the same injury, the earlier judgment on the merits precludes later suits even though they raise different legal theories of recovery."); *Apseloff v. Family Dollar Stores*, 236 Fed. Appx. 185, 188 (6th Cir. 2007) (discharged employee's prior lawsuits against former employer for failure to pay stock options and vacation precluded later lawsuit for wrongful termination because causes of action arose out of the same transaction).

The Restatement of the Law, Second, Judgments, § 24 (cited by this Court in its earlier decision) provides that a final judgment extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." The discipline and termination were the exact "transactions" challenged in the earlier case. Roberts cannot seek to remedy this same alleged harm in this case.

Plaintiffs try to avoid this Court's prior decision by claiming that Roberts is only seeking recovery for emotional injuries here, not back pay, for his discipline and discharge. This argument does not change the result. Claim preclusion is not dependent on the type of relief

sought. It precludes "all rights of the plaintiff to remedies. . .with respect to all or any part of the transaction." Restatement (Second) Judgments, § 24. Even if Roberts was seeking a different type of relief here,[2] it is undisputed that he is seeking it for the ***same injury*** -- the discipline and termination. As the court stated in *Austin* "[w]hen successive suits seek recovery for the same injury, the earlier judgment on the merits precludes later suits even though they raise different legal theories of recovery." 1985 WL 12989, at *1.

Even if Roberts could establish that his alleged injury was caused by the alleged hiring discrimination, summary judgment is appropriate. The law does not allow him to try successive theories of recovery for the same alleged injury.

### III.    CONCLUSION

Regardless of whether Plaintiffs could show disparate impact race discrimination (AK Steel addresses this in its Motion for Summary Judgment on the Middletown Class claims), Roberts's claims fails as a matter of law. For each and all of the foregoing reasons, AK Steel respectfully requests that this Court grant its motion for summary judgment.

        Respectfully submitted,

        /s/ Gregory Parker Rogers
        Lawrence J. Barty (0016002)
        Gregory Parker Rogers (0042323))
        Patricia Anderson Pryor (0069545)
        Taft Stettinius & Hollister LLP
        425 Walnut Street, Suite 1800
        Cincinnati, Ohio 45202
        (513) 381-2838
        Trial Attorneys for Defendant
        AK Steel Corporation

---

[2] The relief sought here is not different from the relief sought in Case No. 1:02cv656. Roberts's earlier litigation sought recovery for emotional injuries as well as back pay. *See* Case No. 1:02cv656. Moreover, Roberts cannot recover for emotional injuries here because Roberts testified he did not suffer any harm, emotional or otherwise as a result of the alleged hiring discrimination. (Roberts Dep. 142-143) Plaintiffs have not cited any evidence supporting their claim that Roberts suffered any emotional injury.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on March 21, 2008 using the Court's CM/ECF system, which will send notice of this filing to Susan Donahue, Robert Childs, Herman N. Johnson, Jr., Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama  35203; Paul H. Tobias, Tobias, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202; and David Sanford, Sanford, Wittels & Heisler, L.L.P., 2121 K Street, N.W., Suite 700, Washington, D.C.  20037.

                                           /s/ Gregory Parker Rogers