UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al. | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | Magistrate Judge Hogan |
| v. | : | |
| | : | **REPLY MEMORANDUM OF AK** |
| AK STEEL CORPORATION | : | **STEEL CORPORATION IN** |
| | : | **SUPPORT OF ITS MOTION FOR** |
| Defendant. | : | **SUMMARY JUDGMENT ON THE** |
| | : | **CLAIMS OF DONALD EDWARDS,** |
| | : | **JAMES GREENWOOD AND THE** |
| | : | **MIDDLETOWN CLASS** |

### I.   THE MIDDLETOWN PLAINTIFFS DID NOT FILE A TIMELY EEOC CHARGE; THEIR CLAIMS MUST BE DISMISSED.

The claims of Donald Edwards, James Greenwood, and the Middletown Class fail as a matter of law because they did not file a timely EEOC charge and have not administratively exhausted their claims. It is undisputed Greenwood did not file a charge and Edwards filed a charge more than 300 days after he claims to have taken a test. (Greenwood Dep. 20; Edwards Dep. 53-54, Ex. 10) Their claims, and the claims of the Middletown class, fail as a matter of law because Plaintiffs did not timely exhaust their administrative remedies.

Plaintiffs' arguments in opposition to AK Steel's Motion for Summary Judgment restate the arguments they made in opposition to AK Steel's Motion to Decertify the Middletown Class. AK Steel responded to all of these arguments in its Reply Memorandum in Support of its Motion to Decertify and Plaintiffs' Opposition here does nothing to rebut AK Steel's response. Rather than restate those same unrebutted arguments here, AK Steel incorporates the arguments from that Reply (Doc. # 124) by reference here.

{W1229619.1}

For the reasons discussed in that Reply and in AK Steel's Motion for Summary Judgment, summary judgment is appropriate because neither Greenwood nor Edwards have established that they filed a timely EEOC charge and, for all the reasons previously discussed (*see* Doc. # 73, 94, and 124) and accepted by this Court, there is no basis to allow Plaintiffs at this stage of the proceedings to combine the classes from Middletown and Ashland to save Edwards's and Greenwood's untimely claims.[1]

## II. EDWARDS HAS NOT ESTABLISHED THAT HE TOOK THE SAME TEST CHALLENGED IN THIS CASE.

Edwards's claim additionally fails because he has not presented evidence that he actually took and failed the AK Steel test challenged in this action. Even if Edwards could prove that the test he claims he took at Palmer Temps was an AK Steel test, despite the undisputed testimony from Palmer Temps and AK Steel that Palmer Temps never administered an AK Steel test (R. Nunlist Dep. 69-70, 94; M. Palmer Nunlist Dep. 21, 69; Doc. # 112, Morris Dec. ¶ 5), it is undisputed that whatever test he claims to have taken was not the test challenged here, and not the test that Darrell Carter or anyone else who filed a charge took. Edwards claimed he took a seven to 15 question test that took 15 to 30 minutes to complete and had no separate sections. (Edwards Dep. 24-25, 53-55) It is undisputed the AK Steel test consists of 365 questions, takes approximately three hours to complete and consists of seven distinct sections. (Doc. # 112, Morris Dec. ¶ 3) It is, therefore, undisputed, based on Edwards's own testimony, that whatever test he took was not the same test challenged by the other Plaintiffs. From that, it necessarily follows that whatever test he took has not been established to have a disparate impact on minorities.

---

[1] Moreover, as noted in AK Steel's Motion for Summary Judgment on the Ashland Plaintiffs' claims, there is an issue as to whether the Ashland Plaintiffs have exhausted their own administrative remedies.

Edwards does not establish a prima facie case by simply asserting that he took an unidentified test that has an unmeasured impact on minority applicants. Moreover, he cannot rely on an EEOC charge filed by someone at a different plant challenging a different test. Summary judgment is appropriate on Edwards's claim for this reason as well.

### III.  PLAINTIFFS DO NOT DISPUTE THAT THE TEST IS JOB RELATED.

Even if Plaintiffs had filed a timely EEOC charge, and even if they could establish a disparate impact, summary judgment is nonetheless appropriate because AK Steel has established that the test is job related. *See* Doc. # 158, p. 12-14. Plaintiffs have not presented any evidence to the contrary. Instead Plaintiffs claim that AK Steel cannot use Dr. Gibson's testimony. There is no basis for excluding Dr. Gibson's testimony.

As discussed in AK Steel's Reply Memorandum in Support of its Objections to the Magistrate Judge's November 28, 2007 Order (Doc. # 159), Dr. Gibson was not specifically employed to provide expert testimony and was not required to create or produce an expert report under the Federal Rules. Her declaration is not an "expert report" and is not required to comport with the requirements of Rule 26(a)(2). *See* Fed. R. Civ. P. 26(a)(2)(B)(expert reports are only required "with respect to a witness who is retained or specially employed to provide expert testimony in the case"). *See also* Fed. R. Civ. P. 26(b)(4), advisory committee notes (1970 Amendment)(requirements do not apply to an "expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit"); *Battle v. Memorial Hosp. of Gulfport*, 228 F.3d 544, 551-52 (5th Cir. 2000); *Cox v. Tennessee Valley Auth.*, 1993 WL 72488, *5 (6th Cir. 1993).

Dr. Gibson has been identified as a witness in this case since February 2003. (Doc. # 144, Rogers Dec. ¶ 2, Ex. 1) Plaintiffs knew that Dr. Gibson developed and validated the test. (*Id.*; Short Dep. 31; Lester Dep. 69) They knew that she was going to testify about its validation. Yet, Plaintiffs chose not to depose Dr. Gibson. They can not now object to her testimony on the exact subjects about which AK Steel informed Plaintiffs she would testify. *See Cox*, 1993 WL 72488, at *5 (6th Cir. 1993) (expert who had personal knowledge about events that were subject of lawsuit was not excluded where he had been listed as potential witness (but not expert witness) and plaintiffs chose not to take his deposition during discovery); *Silman Custom Painting, Inc. v. Aetna Life & Casualty Co.*, 990 F.2d 1063, 1068-69 (8th Cir. 1993)(expert witness/arson investigator who was not disclosed as an "expert" could nonetheless provide factual and expert opinion testimony where he was identified on witness lists; any prejudice or unfair surprise was attributable to the party's own failure to ascertain the investigator's opinion). Rather than seek her opinions or seek documents from her, Plaintiffs chose to wait until the end of discovery and then claim in response to summary judgment that Dr. Gibson's testimony should be excluded or, alternatively, that they should be provided an opportunity for discovery now.

Even if the physical validation studies that Dr. Gibson created at the time she validated the test are excluded (which as discussed in Defendant's Objections (Doc. # 144), they should not be), there is no basis for limiting Dr. Gibson's independent testimony. The underlying facts surrounding the efforts that Dr. Gibson took to develop and validate the test in question are all within Dr. Gibson's personal knowledge. Plaintiffs could have obtained the information contained in Dr. Gibson's declaration at any time by deposing her. They chose not to. They are not unfairly prejudiced by AK Steel's use of this information now.

Plaintiffs have not rebutted that AK Steel's test is job related.  They offer nothing other than an argument that a properly identified witness should not be allowed to testify.  For the unrebutted reasons in AK Steel's Motion for Summary Judgment, summary judgment is appropriate, even if Plaintiffs could establish disparate impact, because the test is job related and validated.

## IV.   CONCLUSION

For each and all of the foregoing reasons, Defendant AK Steel Corporation respectfully requests that its Motion for Summary Judgment be granted and the claims of the Donald Edwards, James Greenwood and the Middletown Class be dismissed.

Respectfully submitted,

/s/ Gregory Parker Rogers
Lawrence J. Barty (0016002)
Gregory Parker Rogers (0042323))
Patricia Anderson Pryor (0069545)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
(513) 381-2838
Trial Attorneys for Defendant
AK Steel Corporation

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on March 21, 2008 using the Court's CM/ECF system, which will send notice of this filing to Susan Donahue, Robert Childs, Herman N. Johnson, Jr., Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama 35203; Paul H. Tobias, Tobias, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202; and David Sanford, Sanford, Wittels & Heisler, L.L.P., 2121 K Street, N.W., Suite 700, Washington, D.C. 20037.

/s/ Gregory Parker Rogers