UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | ) | CASE NO. C-1-02-467 |
| | ) | |
| Plaintiffs, | ) | Judge Beckwith |
| | ) | Magistrate Judge Hogan |
| | ) | |
| | ) | PLAINTIFFS' SUPPLEMENTAL |
| | ) | RESPONSE TO DEFENDANT'S |
| AK STEEL CORPORATION, | ) | MOTION FOR SUMMARY |
| | ) | JUDGMENT ON THE CLAIMS |
| Defendant. | ) | OF THE ASHLAND PLAINTIFFS |
| | ) | AND ASHLAND CLASS |

Plaintiffs, through undersigned counsel, hereby submit this Supplemental Response to Defendant's Motion for Summary Judgment On the Claims of the Ashland Plaintiffs and Ashland Class (Dkt. #158). Plaintiffs submit this Supplemental Response to address several misstatements of law and fact in the defendant's Reply (Dkt. #173), particularly the defendant's contention that Dr. Edwin Bradley's March 5, 2008, Declaration is untimely and that the failure to produce E.E.O.C. notices of right to sue result in a failure to exhaust administrative remedies.

**A.   The Defendant's Failure to Produce Requested Documents Resulted in the Delayed Production of Dr. Bradley's March, 5, 2008, Declaration**

In its Reply, the defendant has the audacity to argue that Dr. Bradley's declaration is untimely while half-heartedly contending that plaintiffs are at fault for the defendant's late production of highly relevant records. Not surprisingly, the record demonstrates that the defendant, once again, has seriously contravened its duties under the Federal Rules of Civil Procedure.

As plaintiffs noted in their Opposition to defendant's Motion, plaintiffs requested from defendant, as early as October 17, 2002, all documents and information regarding the tests used by

AK Steel to select candidates for employment. *See* Plaintiffs' First Request for Production of Documents, Requests Nos. 3, 6, 7, 9, 12, 15(s) (Ex. 32). The defendant states that plaintiffs' "overbroad discovery requests to AK Steel requested the tests themselves and 'test scores' for AK Steel's actual workforce (request 15(s)), but they did not specifically ask for test scores or results for applicants." *Def.'s Reply* at 4 n. 1. Again, this assertion is at best unreasonable and probably disingenuous. Plaintiffs' document requests specifically encompassed the test scores and results for applicants:

- Request No. 3 asked for "[a]ll documents showing or relating to selection criteria, qualifications, and/or tests for all positions within AK Steel Corporation from January 1, 1995 to the present. (Dkt. #32 at 7).

- Request No. 6 requested, "[f]or all positions at AK Steel Corporation, all documents comprising, containing, or discussing all . . . certifications, testing, or other characteristics, qualifications, or criteria necessary or helpful for each such job . . . . (Dkt. #32 at 8).

- Request No. 7 asked for "[a]ll . . . tests, criteria, . . . or processes or similar documents utilized for jobs at AK Steel Corporation in any way relating to employee selection or hiring, whether in evaluating . . . or assessing necessary job qualifications [or] criteria . . . ." (Dkt. #32 at 8).

- Request No. 9 asked for "[a]ll documents used in . . . assessing candidates for employment, hiring, [sic] at AK Steel from January 1, 1995 to the present. (Dkt. #32 at 9).

- Request No. 12 asked for "[a]ll documents which show or tend to show the

2

- applicants who were considered or selected for hire at AK Steep Corporation from January 1, 1995 to the present." (Dkt. #32 at 9).

• Request No. 15(s) asked for all "[c]omputer tapes, or similar medium (or, in the event, no such computerized records exist, paper copies of all such records) containing any information relating to the work force at AK Steel Corporation during the time period of January 1, 1995 to present, which contain all or some of the following information: . . . test scores or grades, assessment center scores or grades, interview scores or grades, evaluation scores or grades, performance appraisal scores or grades, or any other scores or grades on which job selection decisions, recommendations, or exclusions are made or considered." (Dkt. #32 at 10, 11).

The preceding document requests clearly and unequivocally encompass the test results for applicants at AK Steel's Ashland facility, yet the defendant inexplicably states that plaintiffs only requested the test scores and results from Resource Associates. *Def.'s Reply* at 4 n. 1. AK Steel's reasoning defies common sense. Indeed, that defendant understood the document requests to encompass test scores and results for applicants is exhibited by their production of such information for its Middletown facility. The defendant has repeatedly asserted in this case that such information did not exist for Ashland. This is the first time that the defendant has declared that plaintiffs' document requests did not seek such information, and such contention is incredibly specious and disingenuous based upon its prior production regarding Middletown and its prior assertions regarding the Ashland data.

In keeping with its specious contentions, the defendant further argues that Resource Associates is a "wholly independent company" and thus, it did not have possession, custody, or

control of the documents held by that entity. *Def.'s Reply* at 4-5. However, as plaintiffs explained in their Opposition, pursuant to Rule 34(a), Federal Rules of Civil Procedure, a party responding to a document request must produce responsive documents within its "possession, custody or control." Documents are deemed within a party's possession, custody, or control when the party has actual possession, custody, or control of the documents or "has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (citing *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo.1992); *Weck v. Cross*, 88 F.R.D. 325, 327 (N.D. Ill.1980)); *see also General Env't. Science Corp. v. Horsfall*, 136 F.R.D. 130, 133 (N.D. Ohio 1991) ("In the context of Rule 34, 'control is defined not only as possession, but as the legal right to obtain the documents requested upon demand.'") (citation and alteration omitted). In their document requests, plaintiffs also defined "AK Steel," "AK Steel Corporation," and "Defendant" – the entity from whom plaintiffs sought documents – to include the "agents" of AK Steel. Dkt. #32 at 3. Clearly, there should be no dispute that AK Steel has the legal right to obtain the Ashland test results from Resource Associates, and that Resource Associates served as an agent of AK Steel for purposes of scoring the Laborer hiring test. Plaintiffs are at a loss to discern any reasonable argument otherwise.

It is advisable to take a step back and clearly analyze the extent of the defendant's conduct here. When this case was filed, AK Steel had a continuing obligation to preserve the test results at issue here. Plaintiffs requested testing results more than five years ago in 2002. Moreover, the plaintiffs, from the inception of this case, have clearly made the test results a huge issue by stating in the original Complaint that they did not hear from AK Steel after they took the test, and that position was reinforced by filing the class certification motion seeking a disparate impact class

regarding use of the test, a motion which the Court granted. The defendant repeatedly declared, over several years of litigation, that it did not have test results for the Ashland facility. Yet lo and behold, the designer and scorer of the tests for AK Steel – Resource Associates – produces test results for Ashland - via defendant's counsel – from 2001 *through 2007* shortly before discovery closes in this case. Clearly, the defendant had to receive the test results from Resource Associates during the pendency of this case because they were used – and still are being used – to assess candidates for employment. And yet, to this date the defendant has never acknowledged that it received the results, received the results and destroyed them, received the results and lost them, or said anything reasonable about why it has never produced these results.

In such circumstances, the defendant is clearly subject to the severest of sanctions, including a default judgment as to the claims of the Ashland class. *See Bratka v. Anheuser-Busch Co., Inc.*, 164 F.R.D. 448 (S.D. Ohio 1995) (Graham, J.) (granting default judgment for defendant's repeated refusal to respond to discovery request and trial court's order compelling production of records); *In re Telxon Corp. Securities Litig.*, No. 5:98CV2876, 1:01CV1078, 2004 WL 3192729 (N.D. Ohio July 16, 2004) (entering default judgment against third-party defendant for repeated failure to produce discovery). At a minimum, the defendant's actions warrant a prohibition against it offering any evidence regarding the plaintiffs' prima facie burden of proffering a statistical analysis demonstrating that the test had an adverse impact *and* an adverse inference that the missing data demonstrates such impact. *See In re LTV Steel Co., Inc.*, 307 B.R. 37 (Bankr. N.D. Ohio 2004) (in lieu of dismissal for repeated failure to produce discovery, court barred party from offering any evidence on issue to which discovery related); *N.L.R.B. v. Evans Packing Co.*, 463 F.2d 193, 197 (6th Cir. 1972) ("when it would be natural under the circumstances for a party to introduce documents

in his possession and he fails to do so, his failure may invoke an adverse inference") (citation omitted); *Langford v. Gatlinburg Real Estate & Rental, Inc.*, 499 F. Supp. 2d 1042, 1052-53 (E.D. Tenn. 2007) (intentional destruction of documents "may give rise to a rebuttable presumption that the destroyed documents were unfavorable to the defendant") (citing *McDaniel v. Transcender, LLC,* 119 Fed. App. 774, 782 (6th Cir. Jan. 31, 2005)).

Rather than acknowledge its repeated failure to produce test results for the Ashland facility and seek to remedy its transgressions, AK Steel chastises plaintiffs for submitting Dr. Bradley's declaration. Indeed, the defendant argues that it has not had the opportunity to conduct discovery regarding Dr. Bradley's declaration, prepare a rebuttal report, review plaintiffs' database, or discover the number of successful test takers.[1] *Def.'s Reply* at 2. This is truly incredible because it has had this data -- particularly the data covering the liability period ending in 2003 -- for over five years, during which time it could have easily ascertained all of the information it now seeks. However, the defendant has not done so, according to its contentions. Such gamesmanship should not be countenanced. *C.f.*, Fed. R. Civ. P. 26 adv. com. note (the "disclosure requirements should . . . be *applied with common sense* in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish. The litigants *should not indulge in gamesmanship* with respect to the disclosure obligations.") (emphasis added).

As plaintiffs discussed in their Opposition, the defendant's failure to produce the pertinent discovery, and its decision to have Resource Associates submit the test documents in paper format when they are clearly recorded electronically, resulted in plaintiffs' counsel and their expert

---

[1] Plaintiffs note that they provided the number of successful and unsuccessful test takers in their Four-Fifths Rule analysis. *See Pls.' Opp.* at 12.

compiling the test results from thousands of pages so as to create a database and perform the requisite analyses. The defendant may not challenge a supposed "untimely" production when its actions led to the purported tardy disclosure. *C.f., Bratka*, 164 F.R.D. at 462 (plaintiff clearly prejudiced by defendant's failure to produce highly relevant documents); *LTV Steel*, 307 B.R. at 47 (party prejudiced by creditor's failure to produce discovery central to dispute); *Texlon Corp.*, 2004 WL 3192729 at *34 (parties prejudiced by third-party defendant's repeated failure to produce relevant information).

### B. Plaintiffs' EEOC Notices of Rights-to-Sue Are Admissible

The defendant argues that plaintiffs' claims should be dismissed because their EEOC notices of rights-to-sue were produced for the first time in response to a summary judgment motion. *Def.s' Reply* at 7-9. The defendant's arguments in this regard are also without merit.

First, the defendant states that plaintiffs did not produce Darrell Carter's EEOC notice of right-to-sue, and that none of the produced notices have been authenticated. *See Def.'s Memo.* at 7. Plaintiffs attach hereto Darrell Carter's EEOC notice as Exhibit 36, as well as an affidavit authenticating the EEOC notices submitted with plaintiffs' pleadings.

Second, Sixth Circuit precedent provides that production of EEOC notices of rights-to-sue at this stage precludes summary judgment. *See Parry v. Mohawk Motors Corp. of Mich., Inc.*, 236 F.3d 299, 309-10 (6th Cir. 2000). In *Parry*, the plaintiff did not receive his notice of right-to-sue until one week after his complaint was filed. *Id.* The Court held that there was no reason to bar the plaintiff's claim on the grounds of a non-jurisdictional requirement whose brief absence did not cause the defendant any prejudice. *Id*. At 310 (citing *Portis v. State of Ohio*, 141 F.3d 632, 634-35 (6th Cir. 1998); *see also Toth v. State of Ohio*, No. C-2-99-713, 2001 WL 506492, at *4 (S.D. Ohio

April 23, 2001) (Kinneary, J.) ("subsequent filing of . . . notice cured any defect caused by the premature filing of . . . Title VII claims") (citing *Portis*, *supra*). As the Sixth Circuit stated, "the proper time . . . to raise this argument was between the filing of the lawsuit and . . . receipt" of the notice. *Portis*, 141 F.3d at 635.

Furthermore, the defendant's argument that the EEOC was prevented from engaging in the conciliation process is to no avail. The Sixth Circuit quoted with approval the following declaration from the Fifth Circuit:

> A Title VII action filed prior to the receipt of statutory notice of the right to sue does not preclude the EEOC from performing its administrative functions, and it is unlikely that permitting the subsequent receipt of a right-to-sue letter to cure the filing defect will encourage plaintiffs to attempt to bypass the administrative process because premature suits are subject to a motion to dismiss at any time before notice of the right to sue is received.

*Portis*, 141 F.3d at 635 (quoting *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1218 (5th Cir. 1982)). Therefore, that the EEOC issued rights-to-sue notices here because the plaintiffs had filed lawsuits represents a policy by that agency, not a failing by plaintiffs. Indeed, plaintiffs were required to file these lawsuits because the limitations period on their 42 U.S.C. § 1981 claims were running,[2] and, as the Sixth Circuit provided in *Portis*, if the defendant wished to take issue with the lack of rights-to-sue notices, it should have done so in the two-month period between the filing of the complaint and issuance of the notices.

---

[2] At the time suit was filed in this case, the limitations period for 42 U.S.C. § 1981 actions brought in the State of Ohio was two years. *Dyer v. Radcliffe*, 169 F. Supp. 2d 770, 777-78 (S.D. Ohio 2001) (Sargus, J.). Of course, that period was extended to four years by the Supreme Court's decision in *Jones v. R.R. Donnelley & Sons, Co.*, 541 U.S. 369 (2004).

## **CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, plaintiffs respectfully request that the Court DENY the defendant's Motion for Summary Judgment On the Claims of the Ashland Plaintiffs and Ashland Class.

Respectfully Submitted,

*/s/ Herman N. Johnson, Jr.*
Robert F. Childs, Jr. (ASB-2223-C-60R)
Herman N. Johnson, Jr.(ASB-3607-R50J)
**WIGGINS, CHILDS, QUINN & PANTAZIS**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 328-0640
(205) 254-1500 (facsimile)

Tobias, Kraus & Torchia, LLP
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (facsimile)

ATTORNEYS FOR THE PLAINTIFFS

**CERTIFICATE OF SERVICE**

      I do hereby certify that on March 27, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Gregory Parker Rogers
Lawrence James Barty
Patricia Anderson Pryor
Taft, Stettinius & Hollister, LLP
1800 First Star Tower
425 Walnut Street
Cincinnati, OH 45202
Fax: (513) 381-0205

                                      */s/ Herman N. Johnson, Jr.*
                                      PLAINTIFFS' COUNSEL