```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

Vivian Bert, et al.,                :   Case No. 1:02-cv-467
                                    :
    Plaintiffs,                     :
                                    :
vs.                                 :
                                    :
AK Steel Corporation,               :
                                    :
    Defendant.                      :

**ORDER TO SHOW CAUSE**

This Court previously certified two subclasses of African-American applicants for entry-level employment at AK Steel corporation, who took and did not pass a screening employment test. (See Doc. 79, April 24, 2006 Order.) The parties' class certification motion papers discussed their respective experts' reports prepared during 2005, which addressed the alleged disparate impact of that screening employment test on African-American test takers. (See Doc. 71, Plaintiffs' motion; Doc. 73, AK Steel's opposition; Doc. 75, Plaintiffs' Reply, and the reports of Drs. Bradley [Plaintiff's statistical expert] and Baker [Defendant's expert] attached to those documents.)

Based upon the deposition testimony of AK Steel's witnesses Phyllis Short and Susan Lester, Dr. Bradley's report stated that AK Steel maintained no data on any of the individual components of the Ashland hiring process for Laborer vacancies. Thus, Dr. Bradley could not perform a statistical analysis of the testing

-1-

process alone for the Ashland plant. (Bradley Rebuttal Report at p. 11, Exhibit 2 to Plaintiffs' class certification motion.) Dr. Baker agreed with Dr. Bradley's statement that the Ashland plant did not have discrete data reflecting the testing results. (See May 25, 2005 Baker Report, p. 2 n. 4.) The Middletown plant did have that discrete data, however, and both experts addressed it. Both experts also cited to several different sets of employment data that had apparently been produced at different times, leading to disagreements between the experts on the proper data set to be used, and what the statistical analysis of those different data sets revealed.

This Court addressed the difficulty posed by the lack of equivalent, discrete test results data for the two plants in its ruling on class certification. This Court noted that it would be "manifestly unfair to deny Plaintiffs class certification at this juncture because AK Steel's Ashland records are not as complete as those for Middletown." (Doc. 79 at p. 16) Therefore, two subclasses were certified, one for each plant. AK Steel's objections to Dr. Bradley's conclusions, and the data he used to reach those conclusions, would be addressed at the summary judgment stage. The Court also rejected AK Steel's argument that the Middletown subclass lacked an appropriate representative, because the individual proposed by Plaintiffs (Donald Edwards) may not have taken the AK Steel test, and Plaintiffs offered no

other Middletown representative.  This issue would await resolution at summary judgment (although there was no dispute that if Edwards did not take the test, he could not be a subclass representative).

The parties have engaged in discovery since the 2005 certification order, and on January 14, 2008, AK Steel moved for summary judgment on all claims of both the Middletown subclass (Doc. 157) and the Ashland subclass (Doc. 158).  As relevant to this Order, the Ashland motion contends that "None of Dr. Bradley's reports analyze the impact of the test in Ashland. Despite the fact that an alleged disparate impact relating to the test is the only claim before the Court, Plaintiffs have not presented evidence about the alleged lack of success on the test in Ashland."  (Doc. 158, p. 9)  AK Steel also attacks Dr. Bradley's analysis of the entire Ashland hiring process - an analysis Dr. Bradley opines is necessary because AK Steel did not have discrete data on the Ashland test results for the class period.

Plaintiffs opposed AK Steel's motion (Doc. 166).  In that brief, they state that on August 29, 2007, they served a subpoena upon Resource Associates, the consulting firm AK Steel used to design the screening employment test in the late 1990's. According to Defendant's witnesses, that firm also actually

grades the tests for AK Steel.[1]  Plaintiffs state that on October 5, 2007, they received a large number of documents, including test results for Ashland applicants from 2001 through August 27, 2007.  (Doc. 166, p. 5)  Dr. Bradley has analyzed this data, and concludes it establishes a statistically significant disparity.

AK Steel's reply (Doc. 173) argues that Dr. Bradley's latest report is untimely and should be stricken.  It claims that Plaintiffs unreasonably delayed in requesting information from Resource Associates, and that Plaintiffs should not be permitted to "sandbag" AK Steel with its late-blooming expert report.  AK Steel also contends that it lacked "possession, custody or control" of the test results produced by Resource Associates, thereby excusing itself from any obligation to produce any document that may have been in the possession of this third party.

Plaintiffs have sought leave to file a sur-reply (Doc. 174), disputing AK Steel's assertions and arguing that AK Steel should be sanctioned.  They note that Resources Associates produced their documents in hard copy, which necessitated spending additional time and money to create a database which their expert could use.  They also flatly reject AK Steel's suggestion that

---

[1] Short testified that the tests were sent to Resource Associates for grading, and that she would receive a faxed list showing the names of the test takers alphabetically, the date they were tested, and whether they qualified or not.  Short Deposition at pp. 29-30 (Doc. 166, Exhibit 4)

they never "asked for" the test data, noting that AK Steel produced the Middletown data long ago.

There is no doubt that Plaintiffs were aware that Resource Associates designed and scored the test in question; both Short and Lester discussed this in their February 2005 depositions. However, there is also no doubt that AK Steel and its internal HR witnesses have consistently asserted the Ashland plant did not keep that discrete data, leading to the obvious conclusion that the Ashland test data is simply unavailable. That is obviously not the case. Both parties' experts have been hampered by the lack of this data, which in turn has led to debates about the propriety of their competing opinions, creating additional burdens for this Court. The existence of this data and its production very late in the history of this litigation is very troubling.

Therefore, for good cause shown, the Court ORDERS both parties to appear for a hearing before this Court on **April 23, 2008 at 9:00 a.m.** Defendant is ORDERED to appear at that hearing and to show cause why it should not be sanctioned or held in contempt of Court.

    **SO ORDERED.**

DATED: April 7, 2008                       s/Sandra S. Beckwith
                                             Sandra S. Beckwith, Chief Judge
                                             United States District Court