UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | ) | CASE NO. C-1-02-467 |
| | ) | |
| Plaintiffs, | ) | Judge Beckwith |
| | ) | Magistrate Judge Hogan |
| • | ) | |
| | ) | PLAINTIFFS' OPPOSITION TO |
| AK STEEL CORPORATION, | ) | DEFENDANT'S MOTION TO STRIKE |
| | ) | DR. EDWIN BRADLEY'S MARCH 5, |
| Defendant. | ) | 2008 DECLARATION AND PRECLUDE |
| | ) | ANY RELATED TESTIMONY |

Plaintiffs, through undersigned counsel, hereby submit this Opposition to Defendant's Motion to Strike Dr. Edwin Bradley's March 5, 2008 Declaration and Preclude Any Related Testimony by Dr. Bradley (Dkt. #175).

## I.   DR. BRADLEY'S MARCH 5TH DECLARATION IS NOT UNTIMELY

The defendant seeks exclusion of Dr. Bradley's declaration because it is purportedly "untimely." The defendant's assertion is erroneous because plaintiffs were complying with Rule 26(e), Federal Rules of Civil Procedure, when they submitted Dr. Bradley's declaration.

Rule 26(e)(1)(A) provides as follows:

> A party who has made a disclosure under Rule 26(a) -- or who has responded to an interrogatory, request for production, or request for admission -- must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .

Rule 26(e)(2) further elaborates that additions or changes to expert reports "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Supplements to expert reports are properly considered exhibits, and thus pursuant to Rule 26(a)(3)(B), Federal Rules of Civil

Procedure, they are due either 30 days before trial (which would be May 3, 2008, under the present trial date), or by the alternative date established by the Court for filing lists of exhibits in the Joint Pretrial Statement, which is May 9, 2008. *See* Dkt. #104.

As plaintiffs have previously discussed, they requested from defendant, as early as October 17, 2002, all documents and information regarding the tests used by AK Steel to select candidates for employment, *see* Plaintiffs' First Request for Production of Documents, Requests Nos. 3, 6, 7, 9, 12, 15(s) (attached as Ex. 32), and the defendant has repeatedly asserted that it did not have any data or information regarding the test results generated at the Ashland facility. On August 29, 2007, the plaintiffs served a subpoena upon Resource Associates, the consulting firm AK Steel used to design and grade its Laborer qualifying tests. On October 5, 2007 – after the defendant had consistently failed to produce any information regarding the test results at Ashland -- Resource Associates, via defendant's counsel, served upon plaintiffs' counsel test results for Ashland applicants from 2001 through August 27, 2007. Plaintiffs' counsel and plaintiffs' experts painstakingly took time to review and compile the information contained in the thousands of pages of documents produced by Resource Associates to create a database regarding Ashland test takers from August 12, 2001, to December 31, 2003. The analyses in Dr. Bradley's March 5th Declaration rests upon the database created from the Resource Associates' subpoena production.

Based upon Rule 26(e) and the foregoing facts, Dr. Bradley's declaration is not untimely. Plaintiffs have described the defendant's repeated failure to produce the Ashland testing information, and it was only when plaintiffs sought to cover all bases by issuing a subpoena upon Resource Associates that they discovered that the defendant indeed had possession, custody, and control of the information. Plaintiffs and their expert reviewed and compiled the information and then produced

an expert report in as timely a manner as possible given the circumstances of the late discovery of the purportedly missing data. There should be no dispute that Dr. Bradley's March 5th Declaration qualifies as a supplement pursuant to Rule 26(e), and thus, plaintiffs dutifully disclosed the declaration to the defendant. Furthermore, Dr. Bradley's supplemental declaration was disclosed by the deadlines provided by Rules 26(e) and 26(a)(3) – i.e., May 3d or 9th as discussed previously – and therefore was not untimely. Finally, by the date of this Opposition, plaintiffs have produced to the defendant the database compiled for Dr. Bradley's use as well as the statistical data upon which he performed his analyses.[1]

AK Steel argues that plaintiffs "did not request test results for the pre-employment test now in question," Dkt. #175 at 3, yet plaintiffs have previously demonstrated that its assertion is clearly erroneous. Plaintiffs' October 17, 2002, document requests specifically encompassed the test scores and results for applicants:

- Request No. 3 asked for "[a]ll documents showing or relating to selection criteria, qualifications, and/or tests for all positions within AK Steel Corporation from January 1, 1995 to the present." (Dkt. #32 at 7).

- Request No. 6 requested, "[f]or all positions at AK Steel Corporation, all documents comprising, containing, or discussing all . . . certifications, testing, or other characteristics, qualifications, or criteria necessary or helpful for each such job . . . ." (Dkt. #32 at 8).

- Request No. 7 asked for "[a]ll . . . tests, criteria, . . . or processes or similar

---

[1] Plaintiffs will demonstrate, *infra*, that production of the database and statistical data is not prejudicial to the defendant.

    documents utilized for jobs at AK Steel Corporation in any way relating to employee selection or hiring, whether in evaluating . . . or assessing necessary job qualifications [or] criteria . . . ." (Dkt. #32 at 8).

- Request No. 9 asked for "[a]ll documents used in . . . assessing candidates for employment, hiring, [sic] at AK Steel from January 1, 1995 to the present." (Dkt. #32 at 9).

- Request No. 12 asked for "[a]ll documents which show or tend to show the applicants who were considered or selected for hire at AK Steep Corporation from January 1, 1995 to the present." (Dkt. #32 at 9).

- Request No. 15(s) asked for all "[c]omputer tapes, or similar medium (or, in the event, no such computerized records exist, paper copies of all such records) containing any information relating to the work force at AK Steel Corporation during the time period of January 1, 1995 to present, which contain all or some of the following information: . . . test scores or grades, assessment center scores or grades, interview scores or grades, evaluation scores or grades, performance appraisal scores or grades, or any other scores or grades on which job selection decisions, recommendations, or exclusions are made or considered." (Dkt. #32 at 10, 11).

The preceding document requests clearly and unequivocally encompass the test results for applicants at AK Steel's Ashland facility. That defendant understood the document requests to encompass test scores and results for applicants is exhibited by their production of such information for its Middletown facility.

Furthermore, there should be no dispute here that the federal rules required that AK Steel

obtain the documents from Resource Associates and produce them to the plaintiffs. Pursuant to Rule 34(a), Federal Rules of Civil Procedure, a party responding to a document request must produce responsive documents within its "possession, custody or control." Documents are deemed within a party's possession, custody, or control when the party has actual possession, custody, or control of the documents or "has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (citing *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo.1992); *Weck v. Cross*, 88 F.R.D. 325, 327 (N.D. Ill. 1980)); *see also General Env't. Science Corp. v. Horsfall*, 136 F.R.D. 130, 133 (N.D. Ohio 1991) ("In the context of Rule 34, 'control is defined not only as possession, but as the legal right to obtain the documents requested upon demand.'") (citation and alteration omitted). In addition, plaintiffs' document requests defined "AK Steel," "AK Steel Corporation," and "Defendant" – the entity from whom plaintiffs sought documents – to include the "agents" of AK Steel. Dkt. #32 at 3. Clearly, there should be no dispute that AK Steel has had the legal right to obtain the Ashland test results from Resource Associates, and that Resource Associates served as an agent of AK Steel for purposes of scoring the Laborer hiring test at Ashland.

Therefore, for the foregoing reasons, the defendant's Motion to Strike should be denied because Dr. Bradley's March 5th Declaration is not untimely.

**II.    THE RULE 37 SANCTION OF EXCLUSION IS NOT WARRANTED**

As a further matter, even if Dr. Bradley's March 5th Declaration is deemed untimely, it still should not be excluded pursuant to the federal rule which governs sanctions for failures to make disclosures.

Rule 37(c)(1), Federal Rules of Civil Procedure, provides

> ***Failure to Disclose or Supplement.***  If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*.

Fed. R. Civ. P. 37(c)(1) (emphasis added).  Rule 37 sanctions are subject to the district court's discretion.  *Doe v. Lexington-Fayette Urban County Govt.*, 407 F.3d 755, 765 (6th Cir. 2005) (hereafter "*LFUCG*").

An action is "'substantially justified' if it raises an issue about which 'there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Id*. at 765 (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)).  "'[T]he one connotation most naturally conveyed by the phrase . . . 'substantially justified' is not 'justified to a high degree,' but rather 'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person.'" *LFUCG*, 407 F.3d at 765 (quoting *Pierce*, 487 U.S. at 565) (internal alterations omitted).  Rule 37's exclusionary sanction "is a drastic remedy and should only be applied in cases where the party's conduct represents flagrant bad faith and callous disregard of the federal rules." *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 587 (W.D.N.Y. 1995) (citation omitted); *see also Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 504 (D. Md. 1997) (same); *KW Plastics v. U.S. Can Co.*, 199 F.R.D. 687, 694 (M.D. Al. 2000) (Rule 37's exclusionary sanction "is a drastic step that should . . . not be taken without significant justification.") (citing *McNerney, supra*); *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 791-92 (3d Cir. 1994) ("The exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence.") (citations, internal quotation marks, and internal alterations omitted).

> Rule 37 sanctions are governed by the following factors:
>
> "The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered."

*LFUCG*, 407 F.3d at 766 (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). Application of these factors counsels against exclusion of Dr. Bradley's March 5th Declaration.

First, based on the facts discussed, plaintiffs did not disclose Dr. Bradley's declaration in March because of willfulness, bad faith, or fault. The defendant's repeated failure to produce the Ashland testing results occasioned the March disclosure of Dr. Bradley's declaration, not any malice on plaintiffs' part.

The March disclosure of the declaration also did not cause any undue prejudice to the defendant. Clearly, the defendant had to receive the test results from Resource Associates during the pendency of this case because they were used – and still are being used – to assess candidates for employment at Ashland. Thus, it has had this data -- particularly the data covering the liability period ending in 2003 -- for over five years. Dr. Bradley's statistical analyses, as well as the EEOC's Four-Fifths Rule analysis, is not unduly complicated. The defendant's statistical expert, Dr. Mary Baker, may use the same information produced by Resource Associates to ascertain the impact of the test upon Ashland African-American applicants. Indeed, now that plaintiffs have produced their database and statistical data, this task is even easier. Plaintiffs have suffered the prejudice here, not the defendant.

Finally, the third and fourth factors are inapplicable to this matter. The facts recounted above

clearly demonstrate that plaintiffs were substantially justified in producing Dr. Bradley's March 5th Declaration in March. A reasonable person would find that plaintiffs' actions were appropriate given the circumstances under which they received the Ashland testing results. Therefore, Rule 37 sanctions are not warranted for plaintiffs' disclosure of Dr. Bradley's March 5th declaration.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, plaintiffs respectfully request that the Court DENY the defendant's Motion to Strike Dr. Edwin Bradley's March 5, 2008 Declaration and Preclude Any Related Testimony by Dr. Bradley.

Respectfully Submitted,

*/s/ Herman N. Johnson, Jr.*
Robert F. Childs, Jr. (ASB-2223-C-60R)
Herman N. Johnson, Jr.(ASB-3607-R50J)
**WIGGINS, CHILDS, QUINN & PANTAZIS**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 328-0640
(205) 254-1500 (facsimile)

Tobias, Kraus & Torchia, LLP
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (facsimile)

ATTORNEYS FOR THE PLAINTIFFS

## CERTIFICATE OF SERVICE

      I do hereby certify that on April 11, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Gregory Parker Rogers
Lawrence James Barty
Patricia Anderson Pryor
Taft, Stettinius & Hollister, LLP
1800 First Star Tower
425 Walnut Street
Cincinnati, OH 45202
Fax: (513) 381-0205

                                      */s/ Herman N. Johnson, Jr.*
                                      PLAINTIFFS' COUNSEL