# EXHIBIT NO. 32

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VIVIAN BERT, THADDEUS FREEMAN, )<br>DARRELL CARTER, EDWARD JAMES LEWIS, )<br>TIMOTHY OLIPHANT, MARY HARRIS, )<br>RODERIQUE RUSSELL, KAY JACKSON, )<br>MARNIE CARTER, DARLENE DENISE )<br>CARTER, DWIGHT LEWIS, MICHAEL MILLER,)<br>RONALD SLOAN, DONALD EDWARDS, )<br>SHAWN PRYOR, TIFFANY JACKSON, AND )<br>ALLEN ROBERTS, )<br>)<br>individually and on behalf of all )<br>other persons similarly situated, )<br>)<br>      Plaintiffs, )<br>)<br>v. )<br>)<br>AK STEEL CORPORATION, )<br>)<br>      Defendant. )<br>_____) | No. C-1-02-467<br><br>JUDGE SUSAN J. DLOTT<br><br><br><br><br><br><br><br><br><br><br><br><br><br>Complaint filed: 6/26/02 |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, the Plaintiffs request production of the documents listed from Defendant and its officers, attorneys, agents, contractors, and employees having any documents available to them. This Request is to be answered separately and severally by the Defendant in the manner, time and form provided by law and the rules of court, and pursuant to the Instructions and Definitions set forth below.

## INSTRUCTIONS

These document requests are to be answered by the Defendant in the manner and form provided by law and the rules of court. Pursuant to Rule 26(e), Plaintiffs specifically request supplementation of all discovery requests up through trial. Responses to these document requests shall be responsive to the date on which the responses are filed and shall be continuing in character and require the filing of supplemental responses if further or different documents

relative thereto become known before trial. These document requests include documents in possession of the Defendant's agents, contractors, representatives, and any other person or organization acting on the Defendant's behalf, and unless privileged, its attorneys.

If Defendant contends that it is entitled to refuse to produce any document on the basis of the attorney-client privilege, the work-product doctrine, or some other ground, state with particularity the basis on which Defendant contends that it is entitled to withhold production and, with respect to each such refusal, describe the nature of the privileged document, including the pertinent dates, the identities of the author and all recipients, and the facts giving rise to the claim of privilege, work product, or other claim.

Unless specifically stated otherwise, all document requests seek all documents and materials since January 1, 1995.

Unless specifically stated otherwise, all document requests pertain to all of AK Steel Corporation's facilities and/or to the employees who work, or have worked at any of AK Steel Corporation's facilities, and/or to AK Steel Corporation's employment opportunities.

Documents produced pursuant to this Request For Production of Documents shall be organized and labeled according to the number of the particular request to which they are responsive. If particular documents are responsive to more than one request, they need not be produced repeatedly, but should be labeled to reflect their responsiveness to each request.

The fact that a discovery request may be objectionable in part does not excuse the Defendant from providing the requested documents to the extent not objectionable.

## DEFINITIONS

A.  As used herein, the term "document" shall be construed in its broadest sense, including any original, reproduction, or copy of any kind of written or documentary material, or drafts thereof, and any electronically, magnetically, or otherwise recorded or stored material, including, but not limited to, the following items, whether printed, recorded or reproduced by any other mechanical, electronic, or photographic means or process, or written or produced by hand: agreements; contracts; communications; correspondence; letters; telegrams; electronic mail

(email), notes, diaries, calendars, contract documents, publications, calculations, estimates, vouchers, minutes of meetings, invoices, tape recordings; dictation belts; voice tapes; notes or summaries of telephone conversations, personal conversations, oral communications, or meetings; memoranda; notes; agenda of meetings; notices; records; studies; bid records; personal memoranda; photographs; photographic negatives; photographic slides; motion picture films; video tapes; compact discs (CDs); charts; graphs; diagrams; reports; lists; statement of witnesses; findings of investigations; files; statistics; statistical analyses; spreadsheets; charts; graphs; reports of experts; reports of consultants; papers; books; records; summaries; computer tapes, computer disks, computer cards, and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported.

B. As used herein, the term "oral communication" means any words heard or spoken, and including, without limitation, words spoken at any meeting, discussion, speech or conversation, including any telephone conversation.

C. As used herein, the term "person" includes natural persons, governments (or agencies thereof), quasi-public entities, corporations, partnerships, ventures, and all other forms of organization, association or business entities.

D. As used herein, the term "AK Steel," "AK Steel Corporation," "you," "company," or "Defendant" means the named Defendant in this action and the officers, attorneys, agents and employees of such Defendant having information available to the Defendant within the meaning of Rule 33(a).

E. "Identify" when referring to a natural person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, race, present or last known home address and telephone number, present or last known business affiliation and address, title or occupation, and each of the positions held by such persons during the applicable time covered by any answer referring to such person.

F.  "Identify" when referring to a document or writing means to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity" for purposes of Rule 33 and of Rule 34 of the Federal Rules of Civil Procedure. More particularly, the term "identify" when used with reference to a document includes:

1. the date(s) the document bears, or if none, the date it was written;

2. the name, address, and telephone number of each and every person who wrote it, participated in the writing of it, signed it, and/or over whose name it was issued;

3. the name, address, and telephone number of each and every person to whom it was addressed and each person to whom a copy was identified as being directed;

4. the name and address of each and every person who received a copy of the document;

5. a description of a description of the document, as for instance, a letter or memorandum, and the nature and substance of the document or writing described with sufficient particularity to enable the same to be identified;

6. its present location or custodian of each copy, or if unknown, its last known location or custodian;

7. if any document is no longer in Defendant's possession, or subject to Defendant's control, state what disposition was made of it, the reason for such disposition, the identity of the person(s) currently having possession or control and the date that possession or control was relinquished by the Defendant.

G. "Identify" when used with reference to an oral communication, means to include the following:

1. the identities of all persons participating in, or hearing, such oral communication;

2. the date, manner (*e.g.*, telephone), and place at which persons who participated in, or heard, the oral communication were located;

3. a description of the circumstances surrounding the communications, as, for instance, meeting, speech or conversation;

4. name of each person who was present, other than the participants;

5. the substance of the oral communication, including what was said by each person who made or participated in such oral statement or conversation;

6. the identity and present custodian of any writing or any mechanical or electrical recording that recorded, summarized, or confirmed such oral statement or conversation, or which refers, relates to, or bears upon it.

H. As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

I. "Personnel Information" shall include data or information which pertains to employees, applicants for employment, persons seeking employment, or former employees, and includes, but is not limited to, information on any individual or aggregate of individuals concerning applicant flow, residence, interviews, tests, evaluations, referrals from referral agencies, length of service, absences, tardiness, educational level, selection, job assignment, performance, training, qualifications, validation of tests, promotion, health, and/or safety, vacancies, job applications, test results, marital status, sex, age, race, family status, recruitment, discipline, counseling, supervisors' notes, supervisors' files, etc.

J. As used herein the term "discipline" shall include any action taken in regard to an employee which is intended to punish and/or correct some aspect of the employee's behavior conduct or performance, including, but not limited to, the following actions: verbal warning, written warning, verbal reprimand, written reprimand, suspension, demotion, placement or probation, fine, etc.

K.  As used herein, the term "termination" shall include any one or more of the following actions which interrupt an employee's service of employment with the Defendant: layoff, discharge, quit, resignation, terminated, fired, etc.

L.  The term "personnel file" shall include any file and the contents thereof relating to the employment of an individual, whether designated as a personnel file or otherwise, including, but not limited to, human resources file, employee file, supervisor's file, manager's file, departmental file, division file, training file, work history file, benefits file, safety file, workers' compensation file, discipline file, grievance file, or any other name.

M.  The term "promotion" shall include any temporary or permanent promotion or assignment into a position of greater and/or specialized responsibility and/or pay.

N.  Documents produced pursuant to this Request for Production of Documents shall be organized and labeled according to the number of the particular request to which they are responsive. If particular documents are responsive to more than one request, they need not be produced repeatedly, but should be labeled to reflect their responsiveness to each request. Please note that your responses to this Document Request shall be responsive to the date on which the response is filed and shall be continuing in character and require the filing of supplemental responses if further or different documents relative thereto becomes known before trial.

O.  The fact that a discovery request may be objectionable in part does not excuse a party from providing the requested information to the extent not objectionable. To the extent that the Defendant contends that a request for production is objectionable, please state the objection and provide all documents which the Defendant contends are reasonable.

### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

The Plaintiffs request that the Defendant produce and permit Plaintiffs' representatives to inspect and copy within the time provided by Rule 34, Federal Rules of Civil Procedure, at the offices of Plaintiffs' attorneys or at such other mutually agreed-upon place, the following documents:

1. Organizational charts related to AK Steel Corporation from January 1, 1995 to the present, and all documents describing or discussing any method or means for classifying, grouping, or dividing (whether at any of the Defendant's initiative or otherwise) any or all parts of AK Steel as an organization, and/or its employees or any subgroup of them, for any purpose including, but not limited to, organizational structure, management structure, supervision, payroll, accounting, or labor relations.

2. Documents comprising, evidencing, discussing, describing, revoking, amending, or otherwise addressing AK Steel's employment policies, practices, and procedures in effect at anytime from January 1, 1995 through the present, with respect to any or all of the following employment matters: recruiting, hiring, initial job placement, training, wage and wage or raise determinations, promotion, job assignments, work assignments, performance evaluations, absenteeism, layoff, furlough, recall, bumping rights, drug testing, rehabilitation therapy programs, transfer, discipline, termination, harassment, equal employment opportunity ("EEO"), and/or retaliation.

3. All documents showing or relating to selection criteria, qualifications, and/or tests for all positions within AK Steel Corporation from January 1, 1995 to the present.

4. All documents sent to the Defendant regarding the referral by recruiters of candidates for any position at AK Steel Corporation from January 1, 1995 to the present.

5. All documents and information, including, but not limited to, job postings, bids, job descriptions, and advertisements maintained for all job position vacancies at AK Steel Corporation from January 1, 1995 to the present.

6. For all positions at AK Steel Corporation, all documents comprising, containing, or discussing all job titles, job descriptions, job classifications, line of job progressions, and/or job families, and documents establishing the wage rates, scales, or ranges applicable thereto, and all documents describing or outlining the personal characteristics, education, training, prior experience, certifications, testing, or other characteristics, qualifications or criteria necessary or helpful for each such job and/or line of progression and/or job family from January 1, 1995 to the present.

7. All job analyses, validation studies, tests, criteria, systems, models, or processes or similar documents utilized for jobs at AK Steel Corporation in any way relating to employee selection or hiring, whether in evaluating jobs, job tasks, job functions, job duties, job responsibilities, and/or lines of job progression, and/or in evaluating or assessing necessary job qualifications, criteria, training, and/or job performance, and/or in determining the impact of selection devices on African-Americans from January 1, 1995 to the present.

8. All advertisements used by the Defendant from January 1, 1995 to the present for the recruitment of qualified African-Americans for employment positions at AK Steel Corporation.

9. All documents used in interviewing or otherwise assessing candidates for employment, hiring, at AK Steel from January 1, 1995 to the present.

10. All documents furnished to any federal or governmental agency regarding the racial discrimination charges, claims, contentions, complaints, grievances, or status of Vivian Bert, Thaddeus Freeman, Darrell Carter, Edward James Lewis, Timothy Oliphant, Mary Harris, Roderique Russell, Kay Jackson, Marnie Carter, Darlene Denise Carter, Dwight Lewis, Michael Miller, Ronald Sloan, Donald Edwards, Shawn Pryor, Tiffany Jackson, or any African-American applicant or employee at any AK Steel facility or plant from January 1, 1995 to the present.

11. All documents relating to Vivian Bert, Thaddeus Freeman, Darrell Carter, Edward James Lewis, Timothy Oliphant, Mary Harris, Roderique Russell, Kay Jackson, Marnie Carter, Darlene Denise Carter, Dwight Lewis, Michael Miller, Ronald Sloan, Donald Edwards, Shawn Pryor, and Tiffany Jackson's applications for employment and the Defendant's consideration and decision with respect to each such application.

12. All documents which show or tend to show the applicants who were considered or selected for hire at AK Steel Corporation from January 1, 1995 to the present.

13. All documents which show applicant flow data at AK Steel Corporation from January 1, 1995 to present, by whatever name known, including, applicant flow charts as well as applications and resumes.

14. All Affirmative Action Plans, Affirmative Action Quarterly Reports, utilization analyses, workforce analyses, and EEO-1 reports related to AK Steel Corporation from January 1, 1995 to the present.

15. Computer tapes, or similar medium (or, in the event, no such computerized records exist, paper copies of all such records) containing any information relating to the work force at AK Steel Corporation during the time period of January 1, 1995 to present, which contain all or some of the following information:

   a. name;
   b. race;
   c. social security number;
   d. present and/or former address(es);
   e. jobs held prior to applying for employment;
   f. all relatives who are employed by the Defendant;
   g. performance on all jobs held prior to applying for employment;
   h. date(s) of application;
   i. job(s) applied for;
   j. reason(s) not employed, if applicable;
   k. date of hire and, if applicable, re-hire, including date of hire as a part-time employee;
   l. job initially hired into, including temporary, part-time, or full-time employment;
   m. whether the employee was hired as a temporary, part-time, or full-time employee;

n.  all jobs held with the Defendant, including temporary, part-time, and full-time employment, and the reasons(s) for each job change;

o.  dates each job was held, including temporary, part-time, or full-time employment;

q.  wages and/or salary received, and rate of pay on each job held, including temporary, part-time, or full-time employment;

r.  hours worked on each job held, including temporary, part-time, or full-time employment;

s.  test scores or grades, assessment center scores or grades, interview scores or grades, evaluation scores or grades, performance appraisal scores or grades, or any other scores or grades on which job selection decisions, recommendations, or exclusions are made or considered;

t.  any discipline received and date(s), if applicable;

u.  date of discharge or termination of employment, if applicable;

v.  reason(s) for discharge or termination, if applicable;

w.  name, race, and job title of each supervisor on each job held with the defendant, including temporary, part-time, or full-time employment;

x.  the dates of each performance/salary review conducted during each person's employment with the defendant, the type of each such review, the performance rating received on each such review,

11

and the promotability rating received on each such review, if any;

16. All documents and other sources of information which are necessary in order to interpret all coded fields within each data base or computerized information regarding employment data which the Defendant has. (A coded field contains an abbreviated entry representing other information and cannot be used or understood without a key the translation or meaning of the entry. An example would be a field for sex, with the possible coded entries of "1", "2", etc., representing "male", "female", etc.).

17. All documents from January 1, 1995 to the present describing Defendant's record keeping and record retention practices related to hiring, promotions, transfers, compensation, discipline, termination, and/or any term and condition of employment.

18. All documents from January 1, 1990 to the present relating to any and all decrees (whether by consent or judgment) and/or settlement agreements in any judicial or administrative actions against the Defendant which are, or were, in any manner, related to allegations of race discrimination, whether or not such decree or agreement contains any admission of liability for discrimination.

19. All documents from January 1, 1995 to the present relating to statistical and/or economic analyses which have been made, or which the Defendant intends to make or cause to be made, regarding racially equal employment opportunities, or the lack thereof, and/or

utilization or under-utilization of African-Americans, in recruiting, hiring, and initial job placement, and to the extent that such analyses have already been made, the results of each analysis along with all supporting data and documents upon which each is based.

20. All documents from January 1, 1995 to the present listing the names of, or referring to, any employees who have complained of the racist, racially biased, and/or racially discriminatory conduct or attitudes of Defendant's agents, managers, or employees, including, but not limited to, all documents relating to investigations of the same, the findings regarding the same, and/or corrective action with respect to the same.

21. All documents relating or referring in any way to job openings for general laborer positions since January 1, 1995, including any job posting, requisition for posting, bids or applications, vacancy announcement, all of the applicant and/or bid files, interview notes, documents that reflect the selection process(es) and the selection decision(s) as related to both successful and unsuccessful candidates.

22. All documents that reflect the racial composition of AK Steel from January 1, 1995 to the present.

23. All documents from January 1, 1995 to the present relating to complaints or charges of race discrimination at AK Steel, whether informal, formal, whether made internally at AK Steel or with any external federal, state, or local administrative agency (such as the U.S. Equal Employment Opportunity Commission), and all documents relating to any

internal or external investigations of such complaints or charges or decisions made with respect to such complaints.

Respectfully submitted this 17th day of October, 2002.

DAVID SANFORD, D.C. Bar No. 457933
ERIC BACHMAN, KY Bar. No. 88122
**GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.**
7 DUPONT CIRCLE, N.W.
SUITE 200
WASHINGTON, D.C. 20036
Telephone: (202) 467-4123
Facsimile: (202) 467-4489


GRANT MORRIS, D.C. Bar No. 926253
**LAW OFFICES OF GRANT MORRIS**
7 DUPONT CIRCLE, N.W.
SUITE 250
WASHINGTON, D.C. 20036
Telephone: (202) 331-4707

PAUL H. TOBIAS, OH Bar No. 0032415
DAVID D. KAMMER, OH Bar No. 0061808
**TOBIAS, KRAUS & TORCHIA, LLP**
414 WALNUT STREET
SUITE 911
CINCINNATI, OH 45202
Telephone: (513) 241-8137
Facsimile: (513) 241-7863

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of Plaintiffs' First Set of Interrogatories to Defendant was served this via facsimile and first-class mail, postage prepaid, upon:

ROGER A. WEBER
**TAFT, STETTINIUS & HOLLISTER LLP**
1800 FIRSTAR TOWER
425 WALNUT STREET
CINCINNATI, OH 452023959
Telephone: (513) 381-2838
Facsimile: (513) 381-0205

This the 17th day of October, 2002.

_____
*Attorney for Plaintiffs*

15