UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al. | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | Magistrate Judge Hogan |
| v. | : | |
| | : | **DECLARATION OF** |
| AK STEEL CORPORATION | : | **PATRICIA ANDERSON PRYOR** |
| | : | |
| Defendant. | : | |

Patricia Anderson Pryor truthfully declares that she is competent to testify if called and she further truthfully states of her own personal knowledge as follows:

1.    I am a partner at the law firm of Taft Stettinius & Hollister LLP. I am one of the attorneys representing AK Steel Corporation in the above-referenced matter.

2.    On March 22, 2007, I sent Plaintiffs' counsel a letter requesting that they supplement and provide any additional documents that are responsive to any of the document requests we had earlier served by April 6, 2007. Attached as Exhibit 1 is a copy of this letter.

3.    During the depositions of the Middletown Plaintiffs, it became apparent to me that a number of the Plaintiffs had not gathered documents in response to AK Steel's document requests. I expressed my concern to Plaintiffs' counsel at the depositions. I also sent Plaintiffs' counsel an e-mail on June 15, 2007, requesting again that Plaintiffs' produce all requested documents before the next round of depositions. A copy of this e-mail is attached as Exhibit 2.

4.      During the Ashland Plaintiffs' depositions, it was still apparent that Plaintiffs had not gathered and produced responsive documents.  On September 7, 2007, I sent Plaintiffs' counsel another e-mail requesting that all responsive documents be produced by September 14. A copy of this e-mail is attached as Exhibit 3.  On September 14, 2007, Plaintiffs' counsel sent a letter to me, producing some additional documents and stating that she had contacted or would contact by early the following week each of the Plaintiffs (with the exception of Tiffany Jackson and Dwight Lewis whom she had been unable to contact) and that they had searched for responsive documents and provided them.  Attached as Exhibit 4 is a copy of this letter. Plaintiffs did not produce notices of right to sue for any of the current Ashland Plaintiffs.

5.      Attached as Exhibit 5 is a copy of AK Steel's Response to Plaintiff's First Request for Production of Documents.

6.      Attached as Exhibit 6 is a copy of the subpoena that Plaintiffs served on Resource Associates on August 29, 2007.

I declare under penalty of perjury that the foregoing is true and accurate.

Signed this 17th day of April, 2008.

_____
Patricia Anderson Pryor

# TAFT STETTINIUS & HOLLISTER LLP

425 WALNUT STREET, SUITE 1800

CINCINNATI, OHIO 45202-3957

513-381-2838

FAX: 513-381-0205

www.taftlaw.com

**COLUMBUS, OHIO OFFICE**
TWELFTH FLOOR
21 EAST STATE STREET
COLUMBUS, OHIO 43215-4221
614-221-2838
FAX: 614-221-2007

**NORTHERN KENTUCKY OFFICE**
SUITE 340
1717 DIXIE HIGHWAY
COVINGTON, KENTUCKY 41011-4704
859-331-2838
513-381-2838
FAX: 513-381-6613

**CLEVELAND, OHIO OFFICE**
3500 BP TOWER
200 PUBLIC SQUARE
CLEVELAND, OHIO 44114-2302
216-241-2838
FAX: 216-241-3707

**DAYTON, OHIO OFFICE**
SUITE 900
110 NORTH MAIN STREET
DAYTON, OHIO 45402-1786
937-228-2838
FAX: 937-228-2816

PATRICIA ANDERSON PRYOR
(513) 357-9409
pryor@taftlaw.com

March 22, 2007

**VIA FACSIMILE AND REGULAR MAIL**

Herman N. Johnson , Jr.
Wiggin, Childs, Quinn & Pantazis
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

Re:    Bert, et al v. AK Steel

Dear Rusty:

In preparation for our mediation on April 13 and the upcoming depositions on April 24, we ask that you provide us with information concerning each of the plaintiffs' employment and earnings history since 1999. This information was previously requested in Defendant's First Request for Production of Documents which was sent to each of the named Plaintiffs on October 29, 2002. For example, Request Number 7 of each of those requests asked each individual Plaintiff to "produce your federal income tax returns and any W-2's or Form 1099's for each tax year beginning in 1999." Your firm responded that "Plaintiff will produce Plaintiffs' W-2's or Form 1099's for 1999, 2000 and 2001." To date, we have not received these documents. We ask that you supplement this response and provide all federal income tax returns, W-2's and Form 1099's for each of the named Plaintiffs for the years 1999, 2000, 2001, 2002, 2003, 2004, 2005 and 2006.

We would also ask that you supplement and provide any additional documents that are responsive to the other document requests, in particular Requests 9 and 10. Please provide this information by April 6 so that we will have it in time for the Court's scheduled mediation.

{W0923870.1}

EXHIBIT

Herman N. Johnson , Jr.
March 22, 2007
Page 2

      In addition, enclosed please find additional discovery requests including Defendant's First Request for Production of Documents to James Greenwood and Defendant's First Set of Interrogatories to each of the named Plaintiffs.

      Thank you for your prompt attention to these matters.

              Sincerely,

              Patricia Anderson Pryor

PAP:sls
Enclosures  (via mail only)
cc:    Paul H. Tobias  (w/encl.)
       David Kammer  (w/encl.)
       Robert Childs  (w/encl.)
       David Sanford  (w/encl.)
       Lawrence J. Barty
       Gregory Parker Rogers

{W0923870.1}

**Pryor, Patricia Anderson**

| | |
|---|---|
| **From:** | Pryor, Patricia Anderson |
| **Sent:** | Friday, June 15, 2007 2:30 PM |
| **To:** | Susan Donahue (sgd@wcqp.com) |
| **Subject:** | Bert v AK Steel |

Susan,

As mentioned in my voicemail, I would like to schedule the depositions of the remaining plaintiffs, Darrell Carter, Darlene Carter, Marnie Carter, Kay Jackson, Tiffany Jackson, Dwight Lewis, Timothy Oliphant, and Allen Roberts. I am available the following dates: June 25, June 26, June 27, July 6, July 25, July 26, July 27, July 30.

Please let me know which of these dates will work to schedule these individuals. I would plan 2-3 hours for all of them except Mr. Roberts who I would like to schedule for his own day.

Also, as now mentioned at each of the depositions, it is obvious that the plaintiffs have not produced, gathered or, in some cases, even kept documents that we requested long ago. Please produce all such requested documents before the depositions or for those who have already been deposed by July 11, 2007.

Thank you for your cooperation in this matter.

EXHIBIT

2

PENGAD 800-631-6989

## Pryor, Patricia Anderson

| | |
|---|---|
| **From:** | Pryor, Patricia Anderson |
| **Sent:** | Friday, September 07, 2007 11:25 AM |
| **To:** | Susan Donahue (sgd@wcqp.com) |
| **Cc:** | Rogers, Gregory P. |
| **Subject:** | Bert et al |

Susan,

It has been nearly 5 years since we first served document requests in this matter on each of the named plaintiffs. It became apparent during the depositions that the named plaintiffs have not searched for responsive documents and in many cases have not provided responsive documents. In fact, we have received no documents from Dwight Lewis or Tiffany Jackson.

In March we served interrogatories on each of the named Plaintiffs. We have still not received responses from James Greenwood, Tiffany Jackson and Dwight Lewis. We also have not received responses or responsive documents to the document requests we served on James Greenwood at that time.

I have now made several requests for this information and the documents that are responsive to the document requests, including during many of the depositions.

Please provide the interrogatory responses and responsive documents by September 14. After that date we will consider our extra-judicial efforts to obtain this information exhausted.

**EXHIBIT**

3

PENGAD 800-631-6989

LAW OFFICES

# WIGGINS, CHILDS, QUINN & PANTAZIS

### A LIMITED LIABILITY COMPANY

ROBERT L. WIGGINS, JR.
ROBERT F. CHILDS, JR.
C. MICHAEL QUINN
DENNIS G. PANTAZIS
TERRILL W. SANDERS
RICHARD J. EBBINGHOUSE
ANN K. WIGGINS
SAMUEL FISHER
ANN C. ROBERTSON
JOSEPH H. CALVIN, III
DEBORAH A. MATTISON
TIMOTHY B. FLEMING*
JON C. GOLDFARB
GREGORY O. WIGGINS
ROCCO CALAMUSA, JR.
BRIAN M. CLARK
RUSSELL W. ADAMS
CRAIG L. LOWELL
EDWARD McF. JOHNSON

LOUIS SILBERMAN 1889-1976

WILBUR G. SILBERMAN 1919-2003

THE KRESS BUILDING
THREE HUNDRED ONE - NINETEENTH STREET NORTH
BIRMINGHAM, ALABAMA 35203
205-314-0500
205-254-1500 (FAX)

*LORI B. KISCH
*ERIC BACHMAN
HERMAN N. JOHNSON, JR.
TEMPLE D. TRUEBLOOD
H. WALLACE BLIZZARD
KEVIN W. JENT
JENNIFER WIGGINS SMITH
SUSAN DONAHUE
JOSHUA D. WILSON
*KEIR BICKERSTAFFE
TONI BRAXTON
*JULIENE JAMES
ETHAN R. DETTLING
JAMES V. DOYLE, JR.
RACHEL LEE McGINLEY
MELISSA N. TAPP

CANDIS A. McGOWAN
OF COUNSEL
*Not Licensed in Alabama

September 14, 2007

VIA E-MAIL AND U.S. MAIL

Ms. Patricia Anderson Pryor
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957

Re:  *Vivian Bert, et al. v. A. K. Steel*

Dear Patty:

I am responding to your e-mail to me on September 7, 2007. Your e-mail implies that we have not responded to your requests for documents in five years. This is not the case. As the attached letter from David Sanford to Lawrence Barty dated April 22, 2003 indicates, the plaintiffs produced documents, a log of information redacted from plaintiff's first document production and a privilege log on that date. *See* "Attachment A" attached hereto. That production included documents Bates nos. 0001-2817. Plaintiffs were questioned about some of these documents during their depositions. If you would like us to produce these documents and/or logs a second time, we will be happy to do so, but we ask that you bear the expense of a second production of these documents.

Attached are documents produced herewith by Ronald Sloan, Tim Oliphant, Shawn Pryor, Tiffany Jackson and Darrell Carter. *See* "Attachment B" attached hereto. I have contacted Ronald Sloan, Thaddeus Freeman, Mary Harris, Michael Miller, Roderique Russell, Shawn Pryor, Kay Jackson, Darrell Carter, and Tim Oliphant regarding questions raised about their document searches in their depositions. They have all stated to me that they have searched for the responsive documents and have provided them to us. We, in turn, have provided them to you. My assistant has contacted James Greenwood regarding his interrogatory answers and document requests, and those will be sent to you early next week. Despite many efforts, we have been unable to contact Tiffany Jackson and Dwight Lewis. Before we lost contact with Ms. Jackson, she provided tax records to us, which I have enclosed. I anticipated giving them to you

EXHIBIT
4

LAW OFFICES

## WIGGINS, CHILDS, QUINN & PANTAZIS

### A LIMITED LIABILITY COMPANY

September 14, 2007
Page 2

at her deposition, but as you know she was unable to attend her deposition, and I did not produce them to you at that time simply as an oversight, for which I apologize.

I anticipate that I will be able to affirm with Edward Lewis, Vivian Bert, Marnie Carter and Darlene Carter that they have searched for responsive documents and have produced everything they have found early next week. If they have further responsive documents, I will send them to you. No questions regarding Donald Edwards' production of documents were raised during his deposition. I will contact him, however, to affirm that he has produced all the responsive documents he has and produce any responsive documents to you if he should locate any at this time. I will write to you next week to let you know the status of the production of documents for these plaintiffs.

After reviewing the documents we have produced to you both on April 22, 2003, and subsequently, if you still have specific questions regarding specific documents that you believe any of the plaintiffs have in their possession which they have not produced, please let me know what those documents may be and why you believe they are still in the possession of the plaintiffs. We believe that we have accommodated your requests for production timely, and have supplemented that production timely. I believe we have made an accounting of the questions you raised in your e-mail which will be supplemented next week when I complete my interviews with the plaintiffs named above. We will continue to supplement discovery from the plaintiffs as we become aware of the existence of any responsive documents. And, again, if you have specific questions about specific documents you believe to be still held by the plaintiffs, please let me know what those specific questions are so that I may respond to them.

Please let me know if I can answer further specific questions you may have about the plaintiffs' production of discovery to you.

Cordially,

Susan

Susan Donahue
Attorney for the Plaintiffs

cc:
Mr. Paul Tobias

WASHINGTON, D.C. - 2031 FLORIDA AVENUE, SUITE 300, WASHINGTON, D.C. 20009 MAIN (202)467-4123 FAX (202)467-4498

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | : | Case No. C-1-02-467 |
| | : | Judge Beckwith |
| Plaintiffs, | : | Magistrate Judge Hogan |
| | : | |
| vs. | : | DEFENDANT'S RESPONSE TO |
| | : | PLAINTIFFS' FIRST REQUEST FOR |
| AK STEEL CORPORATION, | : | PRODUCTION OF DOCUMENTS |
| | : | |
| Defendant. | : | |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant AK Steel

Corporation ("AK Steel") makes the following responses and objections to Plaintiffs' First

Request for the Production of Documents as set forth below.

Defendant makes the following general objections which are incorporated into all of the

following responses to Plaintiffs' document requests:

 1. Only relevant and discoverable information shall be provided.

 2. No attorney-client privilege or work-product information shall be

provided. To the extent that any privileged information is provided, it shall not constitute a

waiver of the privilege as to any other information.

 3. Defendant reserves the right to seek protection from disclosure of

confidential or proprietary information.

 4. Defendant reserves the right to object to the use of any answer provided

pursuant to these document requests in any subsequent proceeding or in the trial of this or any

other action on any ground.



EXHIBIT
5

5.      Defendant reserves the right to object on any ground at any time to a

demand for further responses to these document requests or to further document requests.

6.      Defendant reserves the right at any time to revise, correct, add to or clarify

any of the answers or objections herein.

Documents will be produced at a time of mutual convenience at the offices of Taft,

Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202-3957.


1.      Organizational charts related to AK Steel Corporation from January 1,
1995 to the present, and all documents describing or discussing any method or means for
classifying, grouping, or dividing (whether at the Defendant's initiative or otherwise) any or all
parts of AK Steel as an organization, and/or its employees or any subgroup of them, for any
purpose including, but not limited to, organizational structure, management structure,
supervision, payroll, accounting, or labor relations.

**RESPONSE:** AK Steel objects to the production of information for any of its

facilities other than the Middletown Works and the Ashland Works, as no Plaintiff sought

employment from any other facility. Accordingly, information concerning facilities other than

the Middletown Works and the Ashland Works is not relevant nor is it reasonably calculated to

lead to the discovery of admissible evidence. Moreover, production of information other than

from January 1, 2000 to present would be unduly burdensome, is not relevant, and is not

reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the

objection, AK Steel agrees to produce organizational charts for its management structure,

supervision, hiring and labor relations for the Middletown Works and the Ashland Works from

January 1, 2000 to present.

- 2 -

2.    Documents comprising, evidencing, discussing, describing, revoking, amending, or otherwise addressing AK Steel's employment policies, practices, and procedures in effect at anytime from January 1, 1995 through the present, with respect to any or all of the following employment matters: recruiting, hiring, initial job placement, training, wage and wage or raise determinations, promotion, job assignments, work assignments, performance evaluations, absenteeism, layoff, furlough, recall, bumping rights, drug testing, rehabilitation therapy programs, transfer, discipline, termination, harassment, equal employment opportunity ("EEO"), and/or retaliation.

**RESPONSE:** AK Steel objects to the production of information for any of its

facilities other than the Middletown Works and the Ashland Works, as no Plaintiff sought

employment from any other facility. Accordingly, information concerning facilities other than

the Middletown Works and the Ashland Works is not relevant nor is it reasonably calculated to

lead to the discovery of admissible evidence. Moreover, production of information other than

from January 1, 2000 to present would be unduly burdensome, is not relevant, and is not

reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the

objection, AK Steel will produce documents describing policies or procedures from January 1,

2000 to the present for the Middletown Works and the Ashland Works regarding recruiting,

hiring, initial job placement, drug testing for new hires, and equal employment opportunity.


3.    All documents showing or relating to selection criteria, qualifications, and/or tests for all positions within AK Steel Corporation from January 1, 1995 to the present.

**RESPONSE:** AK Steel objects to the production of information for any of its

facilities other than the Middletown Works and the Ashland Works, as no Plaintiff sought

employment from any other facility. Accordingly, information concerning facilities other than

the Middletown Works and the Ashland Works and positions other than entry level bargaining

unit employment is not relevant nor is it reasonably calculated to lead to the discovery of

admissible evidence. Moreover, production of information other than from January 1, 2000 to present would be unduly burdensome, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Further, the question is ambiguous such that response would be unduly burdensome. Notwithstanding the objection, AK Steel will produce documents for the Middletown Works and the Ashland Works that describe selection criteria and qualifications and tests for entry level bargaining unit positions from January 1, 2000 to present. The test will only be produced pursuant to a mutually agreeable protective order.


    4.    All documents sent to the Defendant regarding the referral by recruiters of candidates for any position at AK Steel Corporation from January 1, 1995 to the present.

**RESPONSE:** AK Steel objects to the production of information for any of its facilities other than the Middletown Works and the Ashland Works, as no Plaintiff sought employment from any other facility. Accordingly, information concerning facilities other than the Middletown Works and the Ashland Works and positions other than entry level bargaining unit employment is not relevant nor is it reasonably calculated to lead to the discovery of admissible evidence. Moreover, production of information other than from January 1, 2000 to present would be unduly burdensome, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the objection, AK Steel will produce documents embodying referrals for entry level bargaining unit positions for the Middletown Works and the Ashland Works sent to it by recruiters for labor reserve positions from January 1, 2000 to present.

- 4 -

5.    All documents and information, including, but not limited to, job postings, bids, job descriptions, and advertisements maintained for all job position vacancies at AK Steel Corporation from January 1, 1995 to the present.

**RESPONSE:** AK Steel objects to the production of information for any of its

facilities other than the Middletown Works and the Ashland Works, as no Plaintiff sought

employment from any other facility. Accordingly, information concerning facilities other than

the Middletown Works and the Ashland Works and positions other than entry level bargaining

unit employment is not relevant nor is it reasonably calculated to lead to the discovery of

admissible evidence. Moreover, production of information other than from January 1, 2000 to

present would be unduly burdensome, is not relevant, and is not reasonably calculated to lead to

the discovery of admissible evidence. Notwithstanding the objection, AK Steel will produce

documents for the Middletown Works and the Ashland Works reflecting job descriptions and

advertisements for entry level bargaining unit positions from January 1, 2000 to present.


6.    For all positions at AK Steel Corporation, all documents comprising, containing, or discussing all job titles, job descriptions, job classifications, line of job progressions, and/or job families, and documents establishing the wage rates, scales, or ranges applicable thereto, and all documents describing or outlining the personal characteristics, education, training, prior experience, certifications, testing, or other characteristics, qualifications or criteria necessary or helpful for each such job and/or line of progression and/or job family from January 1, 1995 to the present.

**RESPONSE:** AK Steel objects to the production of information for any of its

facilities other than the Middletown Works and the Ashland Works, as no Plaintiff sought

employment from any other facility. Accordingly, information concerning facilities other than

the Middletown Works and the Ashland Works and positions other than entry level bargaining

unit employment is not relevant nor is it reasonably calculated to lead to the discovery of

- 5 -

admissible evidence. Moreover, production of information other than from January 1, 2000 to

present would be unduly burdensome, is not relevant, and is not reasonably calculated to lead to

the discovery of admissible evidence. Notwithstanding the objection, AK Steel will produce for

the period from January 1, 2000 to present lists of job requirements, applicable collective

bargaining agreements, and advertisements for the Middletown Works and Ashland Works for

entry level bargaining unit positions.


7.    All job analyses, validation studies, tests, criteria, systems, models, or
processes or similar documents utilized for jobs at AK Steel Corporation in any way relating to
employee selection or hiring, whether in evaluating jobs, job tasks, job functions, job duties, job
responsibilities, and/or lines of job progression, and/or in evaluating or assessing necessary job
qualifications, criteria, training, and/or job performance, and/or in determining the impact of
selection devices on African-Americans from January 1, 1995 to the present.

**RESPONSE:** AK Steel objects to the production of information for any of its

facilities other than the Middletown Works and the Ashland Works, as no Plaintiff sought

employment from any other facility. Accordingly, information concerning facilities other than

the Middletown Works and the Ashland Works and positions other than entry level bargaining

unit employment is not relevant nor is it reasonably calculated to lead to the discovery of

admissible evidence. Moreover, production of information other than from January 1, 2000 to

present would be unduly burdensome, is not relevant, and is not reasonably calculated to lead to

the discovery of admissible evidence. Notwithstanding the objection, AK Steel will produce its

affirmative action plans since January 1, 2000 for the Middletown Works and Ashland Works,

and it will produce test validation studies used for entry level bargaining unit employment for

this relevant time period for these relevant manufacturing facilities.

- 6 -

8.    All advertisements used by the Defendant from January 1, 1995 to the present for the recruitment of qualified African-Americans for employment positions at AK Steel Corporation.

**RESPONSE:** AK Steel objects to this request as it is cumulative and duplicative of Request #5, and thus unduly burdensome.

9.    All documents used in interviewing or otherwise assessing candidates for employment, hiring, at AK Steel from January 1, 1995 to the present.

**RESPONSE:** AK Steel objects to the production of information for any of its facilities other than the Middletown Works and the Ashland Works, as no Plaintiff sought employment from any other facility. Accordingly, information concerning facilities other than the Middletown Works and the Ashland Works and positions other than entry level bargaining unit employment is not relevant nor is it reasonably calculated to lead to the discovery of admissible evidence. Moreover, production of information other than from January 1, 2000 to present would be unduly burdensome, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the objection, AK Steel will produce for entry level bargaining unit employment its application form, a copy of its test, and a copy of the interview form used at the Ashland Works and Middletown Works. The test will be produced only subject to an applicable mutually agreeable protective order.

10.    All documents furnished to any federal or governmental agency regarding the racial discrimination charges, claims, contentions, complaints, grievances, or status of Vivian Bert, Thaddeus Freeman, Darrell Carter, Edward James Lewis, Timothy Oliphant, Mary Harris, Roderique Russell, Kay Jackson, Marnie Carter, Darlene Denise Carter, Dwight Lewis, Michael Miller, Ronald Sloan, Donald Edwards, Shawn Pryor, Tiffany Jackson, or any African-American applicant or employee at any AK Steel facility or plant from January 1, 1995 to the present.

**RESPONSE:** AK Steel will produce the requested documents for the sixteen (16)

named Plaintiffs. AK Steel objects to production of documents concerning other individuals

pursuant to the doctrine set forth by the Supreme Court in <u>EEOC v. Associated Dry Goods,</u> 449

U.S. 590 (1981).

 

11.    All documents relating to Vivian Bert, Thaddeus Freeman, Darrell Carter, Edward James Lewis, Timothy Oliphant, Mary Harris, Roderique Russell, Kay Jackson, Marnie Carter, Darlene Denise Carter, Dwight Lewis, Michael Miller, Ronald Sloan, Donald Edwards, Shawn Pryor, and Tiffany Jackson's application for employment and the Defendant's consideration and decision with respect to each such application.

    **RESPONSE:** AK Steel will produce its file for each of these individuals.

 

12.    All documents which show or tend to show the applicants who were considered or selected for hire at AK Steel Corporation from January 1, 1995 to the present.

    **RESPONSE:** AK Steel objects to the production of information for any of its

facilities other than the Middletown Works and the Ashland Works, as no Plaintiff sought

employment from any other facility. Accordingly, information concerning facilities other than

the Middletown Works and the Ashland Works and positions other than entry level bargaining

unit employment is not relevant nor is it reasonably calculated to lead to the discovery of

admissible evidence. Moreover, production of information other than from January 1, 2000 to

present would be unduly burdensome, is not relevant, and is not reasonably calculated to lead to

the discovery of admissible evidence. Notwithstanding the objection, AK Steel will produce

applicant files for the Middletown Works and the Ashland Works from January 1, 2000 to the

present for qualified applicants for entry level bargaining unit positions.

- 8 -

13.    All documents which show applicant flow data at AK Steel Corporation from January 1, 1995 to present, by whatever name known, including, applicant flow charts as well as applications and resumes.

**RESPONSE:** AK Steel objects to the production of information for any of its

facilities other than the Middletown Works and the Ashland Works, as no Plaintiff sought

employment from any other facility. Accordingly, information concerning facilities other than

the Middletown Works and the Ashland Works and positions other than entry level bargaining

unit employment is not relevant nor is it reasonably calculated to lead to the discovery of

admissible evidence. Moreover, production of information other than from January 1, 2000 to

present would be unduly burdensome, is not relevant, and is not reasonably calculated to lead to

the discovery of admissible evidence. Notwithstanding the objection, AK Steel will produce

applicant flow documents for the Middletown Works and the Ashland Works from January 1,

2000 to the present for entry level bargaining unit positions.


14.    All Affirmative Action Plans, Affirmative Action Quarterly Reports, utilization analyses, workforce analyses, and EEO-1 reports related to AK Steel Corporation from January 1, 1995 to the present.

**RESPONSE:** AK Steel objects to the production of information for any of its

facilities other than the Middletown Works and the Ashland Works, as no Plaintiff sought

employment from any other facility. Accordingly, information concerning facilities other than

the Middletown Works and the Ashland Works is not relevant nor is it reasonably calculated to

lead to the discovery of admissible evidence. Moreover, production of information other than

from January 1, 2000 to present would be unduly burdensome, is not relevant, and is not

reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the

- 9 -

objection, AK Steel will produce its Affirmative Action Plans and the EEO-1 reports for the

Middletown Works and the Ashland Works from January 1, 2000 to present.

      15.    Computer tapes, or similar medium (or, in the event, no such computerized records exist, paper copies of all such records) containing any information relating to the work force at AK Steel Corporation during the time period of January 1, 1995 to present, which contain all or some of the following information:

| | |
|---|---|
| a. | name; |
| b. | race; |
| c. | social security number; |
| d. | present and/or former address(es); |
| e. | jobs held prior to applying for employment; |
| f. | all relatives who are employed by the Defendant; |
| g. | performance on all jobs held prior to applying for employment; |
| h. | date(s) of application; |
| i. | job(s) applied for; |
| j. | reason(s) not employed, if applicable; |
| k. | date of hire and, if applicable, re-hire, including date of hire as a part-time employee; |
| l. | job initially hired into, including temporary, part-time, or full-time employment; |
| m. | whether the employee was hired as a temporary, part-time, or full-time employee; |
| n. | all jobs held with the Defendant, including temporary, part-time, and full-time employment, and the reason(s) for each job change; |
| o. | dates each job was held, including temporary, part-time, or full-time employment; |
| q.[sic] | wages and/or salary received, and rate of pay on each job held, including temporary, part-time, or full-time employment; |
| r. | hours worked on each job held, including temporary, part-time, or full-time employment; |
| s. | test scores or grades, assessment center scores or grades, interview scores or grades, evaluation scores or grades, performance appraisal scores or grades, or any other scores or grades on which job selection decisions, recommendations, or exclusions are made or considered; |
| t. | any discipline received and date(s), if applicable; |
| u. | date of discharge or termination of employment, if applicable; |
| v. | reason(s) for discharge or termination, if applicable; |

- 10 -

w.    name, race, and job title of each supervisor on each job held with the defendant, including temporary, part-time, or full-time employment;

x.    the dates of each performance/salary review conducted during each person's employment with the defendant, the type of each such review, the performance rating received on each such review, and the promotability rating received on each such review, if any;

**RESPONSE:** AK Steel objects to this question relating to its current workforce as such information is not relevant nor reasonably calculated to lead to the discovery of admissible evidence concerning the hiring claims at issue in this case. Moreover, the request seeks information whose production is annoying, embarrassing, oppressing and unduly burdensome.

16.    All documents and other sources of information which are necessary in order to interpret all coded fields within each data base or computerized information regarding employment data which the Defendant has. (A coded field contains an abbreviated entry representing other information and cannot be used or understood without a key the translation or meaning of the entry. An example would be a field for sex, with the possible coded entries of "1", "2", etc., representing "male", "female", etc.)

**RESPONSE:** Not applicable.

17.    All documents from January 1, 1995 to the present describing Defendant's record keeping and record retention practices related to hiring, promotions, transfers, compensation, discipline, termination, and/or any term and condition of employment.

**RESPONSE:** AK Steel objects to information concerning promotions, transfers, compensation, discipline, termination, and/or any term and condition of employment as not relevant to this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the objection, AK Steel does not have records of the type requested other than

- 11 -

certain guidance pursuant to Sarbanes-Oxley and direction from counsel to relevant individuals,

sent after receipt of charges or the instant complaint, to retain documents that might be relevant

to this action. AK Steel declines production of the guidance or direction as protected by the

attorney client privilege and work product doctrine.

18.    All documents from January 1, 1990 to the present relating to any and all
decrees (whether by consent or judgment) and/or settlement agreements in any judicial or
administrative actions against the Defendant which are, or were, in any manner, related to
allegations of race discrimination, whether or not such decree or agreement contains any
admission of liability for discrimination.

**RESPONSE:** AK Steel objects to this request as it seeks information which is

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Furthermore, there is no post-January 1, 1990 consent decree and no relevant settlement

agreement.

19.    All documents from January 1, 1995 to the present relating to statistical
and/or economic analyses which have been made, or which the Defendant intends to make or
cause to be made, regarding racially equal employment opportunities, or the lack thereof, and/or
utilization or under-utilization of African-Americans, in recruiting, hiring, and initial job
placement, and to the extent that such analyses have already been made, the results of each
analysis along with all supporting data and documents upon which each is based.

**RESPONSE:** AK Steel objects to the production of information for any of its

facilities other than the Middletown Works and the Ashland Works, as no Plaintiff sought

employment from any other facility. Accordingly, information concerning facilities other than

the Middletown Works and the Ashland Works and positions other than entry level bargaining

unit employment is not relevant nor is it reasonably calculated to lead to the discovery of

admissible evidence. Moreover, production of information other than from January 1, 2000 to

present would be unduly burdensome, is not relevant, and is not reasonably calculated to lead to

the discovery of admissible evidence. Notwithstanding the objection, AK Steel will produce its

Affirmative Action Plans for the Middletown Works and the Ashland Works from January 1,

2000 to present for entry level bargaining positions. AK Steel has other statistical analyses that

were made by and for counsel in anticipation of litigation and others that will be made that it is

not producing based on the attorney work product doctrine and the attorney client privilege.


20.    All documents from January 1, 1995 to the present listing the names of, or
referring to, any employees who have complained of the racist, racially biased, and/or racially
discriminatory conduct or attitudes of Defendant's agents, managers, or employees, including,
but not limited to, all documents relating to investigations of the same, the findings regarding the
same, and/or corrective action with respect to the same.

**RESPONSE:** AK Steel objects, for this request is overbroad, vague, ambiguous

and impossible, and thus responding would be unduly burdensome.


21.    All documents relating or referring in any way to job openings for general
laborer positions since January 1, 1995, including any job posting, requisition for posting, bids or
applications, vacancy announcement, all of the applicant and/or bid files, interview notes,
documents that reflect the selection process(es) and the selection decision(s) as related to both
successful and unsuccessful candidates.

**RESPONSE:** AK Steel objects to the production of information for any of its

facilities other than the Middletown Works and the Ashland Works, as no Plaintiff sought

employment from any other facility. Accordingly, information concerning facilities other than

the Middletown Works and the Ashland Works and positions other than entry level bargaining

- 13 -

unit employment is not relevant nor is it reasonably calculated to lead to the discovery of admissible evidence. Moreover, production of information other than from January 1, 2000 to present would be unduly burdensome, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the objection, AK Steel will produce for the Middletown Works and the Ashland Works, from January 1, 2000 to present, applicant files, interview notes, and documents that describe the selection process and the selection decision as related to both successful and unsuccessful candidates for entry level bargaining unit positions.

22.     All documents that reflect the racial composition of AK Steel from January 1, 1995 to the present.

**RESPONSE:** AK Steel objects to the production of information for any of its facilities other than the Middletown Works and the Ashland Works, as no Plaintiff sought employment from any other facility. Accordingly, information concerning facilities other than the Middletown Works and the Ashland Works and positions other than entry level bargaining unit employment is not relevant nor is it reasonably calculated to lead to the discovery of admissible evidence. Moreover, production of information other than from January 1, 2000 to present would be unduly burdensome, is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the objection, see documents produced in response to Request #14.

23.     All documents from January 1, 1995 to the present relating to complaints or charges of race discrimination at AK Steel, whether informal, formal, whether made internally at AK Steel or with any external federal, state, or local administrative agency (such as the U.S. Equal Employment Opportunity Commission), and all documents relating to any internal or

- 14 -

external investigations of such complaints or charges or decisions made with respect to such complaints.

**RESPONSE:** See objection and response to Request No. 10.

Respectfully submitted,

Lawrence V. Barty (0016002)
Patricia Anderson Pryor (0069545)
Gregory Parker Rogers (0042323)
Roger A. Weber (0001257)
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838
Attorneys for Defendant

Of Counsel:

John P. O'Connor
AK Steel Corporation
703 Curtis Street
Middletown, Ohio 45043-0001
(513) 425-5000

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was this 27th day of November, 2002 mailed to David Sanford, Gordon, Silberman, Wiggins & Childs, P.C., 7 Dupont Circle NW, Suite 200, Washington, D.C. 20036; Grant Morris, 7 Dupont Circle NW, Suite 250, Washington, D.C. 20036; Paul H. Tobias, Tobias Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202.

Roger A. Weber

H:\GPR\BERTRESPONSE.wpd

- 15 -

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

EASTERN         DISTRICT OF         TENNESSEE

| VIVIAN BERT, ET AL., | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| AK STEEL CORPORATION | Case Number:[1] C-1-02-467, S.D. OHIO |

TO:  RESOURCE ASSOCIATES, INC.
      1140 TOPSIDE ROAD
      SUITE 3
      LOUISVILLE, TN 37777-5542

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHMENT A.

| PLACE    WIGGINS, CHILDS, QUINN & PANTAZIS, LLC/ ATTN: HERMAN N. JOHNSON, JR./ THE KRESS BUILDING/ 301 19TH STREET N./ BIRMINGHAM, AL  35203 | DATE AND TIME 9/17/2007 11:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* AT LAW | 8/28/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
HERMAN N. JOHNSON, JR./ WIGGINS, CHILDS, QUINN & PANTAZIS, LLC/ THE KRESS BUILDING/ 301 19TH STREET N./ BIRMINGHAM, AL  35203/ (205) 314-0500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



EXHIBIT
6

AO88 (Rev. 12/06) Subpoena in a Civil Case.

## PROOF OF SERVICE

|  | DATE 8/29/2007 | PLACE |
| --- | --- | --- |
| SERVED | *Resource Associates* | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |
| *R. Cooden* | |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    *8-29-2007*

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

Pursuant to the attached subpoena, please produce the following documents:

1.  Any and all records and documents regarding Resource Associates, Inc.'s supplying of selection tests to, and grading of selection tests for, AK Steel Corporation's Middletown, Ohio, and Ashland, Kentucky facilities from 2001 to the present, including, but not limited to, the selection tests for AK Steel's entry-level Labor positions and maintenance positions and any electronics tests for maintenance positions.

2.  Any and all records and documents regarding Resource Associates, Inc.'s testing of applicants for employment at AK Steel Corporation's Middletown, Ohio, and Ashland, Kentucky facilities from 2001 to the present, including, but not limited to, copies of tests; results of the tests; standards for grading the tests, administering the tests, and determining individuals who passed the test; validation/validity studies of the tests; and identification of individuals who took, passed, and/or failed the test, including identifiers by name, identification number, social security number, race/ethnicity, and gender.

3.  Any and all records and documents regarding any court rulings, litigation discovery (deposition transcripts, etc.), and expert reports pertaining to Resource Associates, Inc.'s testing of applicants for employment at AK Steel Corporation's Middletown, Ohio, and Ashland, Kentucky facilities.

4.  Any and all contracts, purchase orders, letters of agreement, or other documents, including records of conversations, regarding the products and services rendered by Resource Associates, Inc. to AK Steel Corporation for the testing of applicants for employment at AK Steel Corporation's Middletown, Ohio, and Ashland, Kentucky facilities.

As used herein, the term "document" shall be construed in its broadest sense, including any original, reproduction, or copy of any kind of written or documentary material, or drafts thereof, and any electronically, magnetically, or otherwise recorded or stored material, including, but not limited to, the following items, whether printed, recorded or reproduced by any other mechanical, electronic, or photographic means or process, or written or produced by hand: agreements; contracts; communications; correspondence; letters; telegraphs; electronic mail (e-mail), notes, diaries, calendars, contract documents, publications, calculations, estimates, vouchers, minutes of meetings, invoices, tape recordings; dictation belts; voice tapes; notes or summaries of telephone conversations; personal conversations, oral communications, or meetings; memoranda; notes; agenda of meetings; notices; records; studies; bid records; personal memoranda; photographs; photographic negatives; photographic slides; motion picture films; video tapes; compact discs (CDs); charts; graphs; diagrams; reports; lists; statement of witnesses; findings of investigations; files; statistics; statistical analyses; spreadsheets; charts; graphs; reports of experts; reports of consultants; papers; books; records; summaries; computer tapes, computer disks, computer cards, and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported.