UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al. | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | Magistrate Judge Hogan |
| v. | : | |
| | : | **MOTION OF DEFENDANT AK** |
| AK STEEL CORPORATION | : | **STEEL CORPORATION TO** |
| | : | **CORRECT THE RECORD** |
| Defendant. | : | |

Defendant AK Steel Corporation ("AK Steel" or "the Company") moves the Court, in response to its Order to Show Cause (Doc. 176), to clarify three points. (Doc. 177)

First, at page 5, the Order states that AK Steel's "HR witnesses have consistently asserted the Ashland Plant did not keep" Ashland test data. (Doc. 176 at 5) The testimony is the opposite. The Ashland Human Resources Manager testified on February 16, 2005 that she had this data. (Lester Dep. 75-76) It is undisputed that AK Steel did not agree to produce this data during discovery because it does not believe it was asked for the data. The Company was not asked for the data during this deposition or thereafter. There is no wrongful withholding of any information that the Company agreed to produce.

Second, the Order states that Dr. Bradley (Plaintiffs' Expert) said Ashland had no test data. (Doc. 176 at 1) However, in his initial and supplemental reports Dr. Bradley does not say Ashland test data was unavailable. He cites a laundry list of items that he did not believe were available, but he does not claim the Ashland test data was unavailable. (Doc. 71, Bradley Supp. Report at 8-9)

1

Third, Dr. Baker (Defendant's Expert), in her report, simply agreed with Dr. Bradley about information unavailable for Ashland. (Doc. 73, Baker Report at 2 n. 4) It is true that there is incomplete Ashland data for all the steps in the hiring process. But, it is not true that testing data was unavailable, for Lester testified that it was.

This information is more fully described in the accompanying Memorandum.

          Respectfully submitted,

          /s/ Gregory Parker Rogers
          Lawrence J. Barty (0016002)
          Gregory Parker Rogers (0042323))
          Patricia Anderson Pryor (0069545)
          Taft Stettinius & Hollister LLP
          425 Walnut Street, Suite 1800
          Cincinnati, Ohio 45202
          (513) 381-2838
          Trial Attorneys for Defendant
          AK Steel Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al. | : | Case No. C-1-02-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | Magistrate Judge Hogan |
| v. | : | |
| | : | **MEMORANDUM OF AK STEEL** |
| AK STEEL CORPORATION | : | **CORPORATION IN SUPPORT OF** |
| | : | **ITS MOTION TO CORRECT THE** |
| Defendant. | : | **RECORD** |

AK Steel Corporation ("AK Steel") respectfully submits this Memorandum in Support of its Motion to Correct the Record in this case.

This Court's Order to Show Cause states that "AK Steel and its internal HR witnesses have consistently asserted the Ashland plant did not keep that discrete data [the test results], leading to the obvious conclusion that the Ashland test data is simply unavailable." (Doc. 176 at 5) The testimony from AK Steel's Ashland HR manager is exactly the opposite. Susan Lester testified as follows:

> Q. Do you have written record that would reflect each individual since January of 2000 who passed this test and each individual who flunked this test?
>
> A. Yes, sir.
>
> Q. Is that a yes?
>
> A. Yes.
>
>                                             \* \* \*
>
> Q. How would you determine if you wanted to do so now whether each and every individual who has taken the test since January of 2000 to the present passed or failed the test?

1

> A. I look at the report that Dr. Gibson gave me. You know, I have that to refer to.
>
> Q. Is that in a particular file?
>
> A. Yes, sir.
>
> Q. What's the name of that file?
>
> A. Test file.
>
> Q. I'm sorry?
>
> A. It's just the test file where I keep those reports she sends me.
>
> Q. So you have one test file that would reflect the results for every individual that has taken this test designed by Dr. Gibson at the Ashland and Middletown -- I'm sorry, at the Ashland plant from January of 2000 to the present.
>
> A. Yes, sir.

(Lester Dep. 75-76) AK Steel submitted this deposition to the Court on November 30, 2005. (Doc. 72)

The Court's Order also states that "Dr. Baker agreed with Dr. Bradley's statement that the Ashland plant did not have discrete data reflecting the testing results." (Doc. 176 at 2) Dr. Baker agreed with Dr. Bradley that Ashland did not maintain data on various stages of the hiring process such that each step could be analyzed, which is true. (Doc. 73, Baker Report at 2 n. 4) Dr. Baker did not state, nor did Dr. Bradley state in the reports to which Dr. Baker responded, that AK Steel did not have Ashland test data, a single step in a multi-step process. In fact, Dr. Bradley lists which steps Ashland does not have data for, and the test result step is conspicuously absent -- because as Susan Lester testified, this data did exist. (Doc. 71, Bradley Supp. Report at 8-9)

In recent filings, Plaintiffs have stated without any record support that Defendant has repeatedly declared or asserted that it did not have test results for Ashland. (Doc. 174-2 at 3 and 5; Doc. 178 at 2) This is incorrect. AK Steel was asked during the course of this litigation whether it had test results for Ashland. Its answer was yes. (Lester Dep. 75-76)

After learning this, Plaintiffs did not take any action consistent with their current claim that their 2002 document requests requested test data. They did not ask AK Steel why it had not produced the test data; they did not make a specific request for the test file which Susan Lester testified she had; and they did not move to compel the production of these documents. If, as Plaintiffs now claim, their discovery requests truly did ask for this information they had numerous options under the Civil Rules to obtain this data that they knew existed. They could have engaged in extra judicial efforts to obtain it through discussions with AK Steel, served a specific document request for this information, asked for a discovery conference with the Court, or moved to compel their production. They chose not to take any action to obtain the test results which they knew existed in February, 2005 until August 29, 2007 when they served a subpoena on Resource Associates, a non-party, in response to which they received test data two months before the close of discovery.

AK Steel respectfully submits this memorandum to correct the record. It is true that Plaintiffs' expert Bradley did not earlier perform a statistical analysis of the testing process at Ashland, but this is true only because Plaintiffs did not pursue the test results which they knew

existed. This is explained more fully in AK Steel's Memorandum in Opposition to Plaintiffs' Motion for Leave to File a Supplemental Response which is also filed today.

                    Respectfully submitted,

                    /s/ Gregory Parker Rogers
                    Lawrence J. Barty (0016002)
                    Gregory Parker Rogers (0042323))
                    Patricia Anderson Pryor (0069545)
                    Taft Stettinius & Hollister LLP
                    425 Walnut Street, Suite 1800
                    Cincinnati, Ohio 45202
                    (513) 381-2838
                    Trial Attorneys for Defendant
                    AK Steel Corporation

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on April 17, 2008 using the Court's CM/ECF system, which will send notice of this filing to Susan Donahue, Robert Childs, Herman N. Johnson, Jr., Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama 35203; Paul H. Tobias, Tobias, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202; and David Sanford, Sanford, Wittels & Heisler, L.L.P., 2121 K Street, N.W., Suite 700, Washington, D.C. 20037.

                    /s/ Gregory Parker Rogers