UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **VIVIAN BERT, et al.,** | ) | CASE NO. C-1-02-467 |
| | ) | |
| Plaintiffs, | ) | Judge Beckwith |
| | ) | Magistrate Judge Hogan |
| | ) | |
| v. | ) | PLAINTIFFS' REPLY RE: MOTION |
| | ) | FOR LEAVE TO FILE A |
| | ) | SUPPLEMENTAL RESPONSE TO |
| **AK STEEL CORPORATION,** | ) | DEFENDANT'S MOTION FOR |
| | ) | SUMMARY JUDGMENT ON THE |
| Defendant. | ) | CLAIMS OF THE ASHLAND |
| | ) | PLAINTIFFS AND ASHLAND CLASS |

Plaintiffs, through undersigned counsel, hereby submit this Reply In Support of Motion for Leave to File a Supplemental Response to Defendant's Motion for Summary Judgment on the Claims of the Ashland Plaintiffs and Ashland Class.

**I.    AK STEEL KNEW PLAINTIFFS REQUESTED ASHLAND TEST RESULTS AND IT ASSERTED SUCH RESULTS WERE UNAVAILABLE**

In the defendant's Opposition to plaintiffs' Motion (Dkt. #179), AK Steel misrepresented several facts regarding the discovery process in this case. The facts at issue demonstrate that the defendant is largely to blame for the failure to produce Ashland test results.

The defendant's argument rests upon its assertion that plaintiffs did not request Ashland test results. Dkt. #179 at 4, 5-7. In its Opposition, the defendant reviews its responses to plaintiffs' First Request for Documents and sums up its investigation with the remark that plaintiffs "did not take issue with AK Steel's interpretation of the requests [that they did not ask for test results] or ask that AK Steel produce test results." *Id*. at 7. Unfortunately, the record is diametrically opposed to the defendant's contentions.

In two separate pieces of correspondence post-dating AK Steel's 2002 responses to plaintiffs'

document requests, the defendant explicitly stated that it would not produce any discovery regarding its test because it believed plaintiffs had only pled 42 U.S.C. 1981 claims, not Title VII -- and thus, disparate impact – claims. In an electronic mail sent from the defendant on May 28, 2004, regarding discovery disputes centered on plaintiffs' document requests, the defendant remarked that the "principal item" underlying its objections

> is that since [plaintiffs] do not have a Title VII claim, we fail to see the relevance *of the pre-employment test, the test validation studies,* the affirmative action plans, and the HRIS system. I told you with respect to each item that we would reconsider this objection if you could show us any Section 1981 case involving similar claims where similar documents were required to be produced. You have not cited us a single such case. *We also said we would reconsider our objection if the court allowed you to plead a Title VII claim.*

5/28/04 G. Rogers Email to D. Sanford at 1 (attached as Ex. 36) (emphasis added).

In a letter sent a few days later, the defendant re-confirmed its refusal to produce any information regarding the test:

> AK Steel has not produced affirmative action studies, *test validation studies, test,* or affirmative action plans, which we do not believe are relevant to a disparate treatment theory, or reasonably calculated to lead to the discovery of admissible evidence. At this time, Plaintiffs' claim is alleged discrimination because they were not hired, allegedly due to race, allegedly in violation of 42 U.S.C. § 1981, which, as you know, does not allow disparate impact claims.
>
> We told you we would reconsider our position if you could show us any Section 1981 case involving similar claims where similar documents were required to be produced. You have not cited us a single case. *We also said we would reconsider this objection if the Court allowed you to plead a Title VII claim.*

6/4/04 G. Rogers Ltr. to D. Sanford (attached as Ex. 37) (emphasis added).[1] Therefore, contrary to defendant's explicit misrepresentations in its Opposition, it knew at least as of 2003 that plaintiffs'

---

[1] Thus, the defendant is completely inaccurate when it asserts that "[f]rom June 26, 2002, when Plaintiffs filed this action, to October 31, 2005, when Plaintiffs filed their motion to certify a class, this case did not focus on the pre-employment test." Dkt. #179 at 5.

document requests asked for discovery regarding AK Steel's pre-employment test because it objected to production of such information.

As acknowledged in the foregoing correspondence, the defendant said it would reconsider its objections to producing discovery regarding the test if the Court allowed plaintiffs to plead Title VII claims.  On January 4, 2005, the Court ruled on a series of motions which allowed plaintiffs to plead their Title VII claims, *see* Dkt. #44, and thus, the defendant should have known its objections to producing discovery regarding the pre-employment test were no longer viable.  Indeed, Rule 26(e)(1)(A), Federal Rules of Civil Procedure, provides that a party must supplement or correct a response to a request for production "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ."  As a result, the defendant should have produced the test results upon entry of the Court's January 4, 2005, Order.

To compound its erroneous assertion that plaintiffs never asked for the Ashland test results, the defendant contends that plaintiffs did not ask for such results after its human resources representative, Susan Lester, testified that she purportedly maintained such information.  Dkt. #179 at 7-8.  Once again, the defendant's contentions wither under the weight of the record.  As an initial matter, Ms. Lester testified during her deposition that there were no logs which would show, in complete form, at which step Ashland applicants were eliminated from consideration for employment. (Lester Dep. at 10-11) (attached as Ex. 38).

As a result of the Court's January 4, 2005, Order allowing the prosecution of plaintiffs' Title VII claims, plaintiffs requested updated employment information and data for both Middletown and

Ashland. The defendant balked, and on the very same day of Ms. Lester's deposition – indeed, <u>after</u> Ms. Lester's deposition had adjourned on February 16, 2005 – the parties participated in a discovery conference with Magistrate Judge Hogan regarding the defendant's refusal to provide updated data and information. *See* Dkt. #59. Magistrate Judge Hogan ordered the parties to submit one-page briefs regarding the matter, and on February 23, 2005, the parties argued the issues again before Magistrate Judge Hogan. *See* Dkt. #61. On March 1, 2005, Magistrate Judge Hogan ordered the defendant to produce updated data and employment information from 2003, which should have included the Ashland test results. *See* Dkt. #63.

On March 22, 2005, the defendant produced to plaintiffs "a disk with images of the Ashland employment documents dated January 1, 2003 and thereafter." *See* 3/22/05 L. Barty Ltr. (attached as Ex. 39). As the deadline for providing expert reports was fast approaching, plaintiffs gave the disk immediately upon receipt to their statistical expert, Dr. Edwin Bradley, for analysis. Dr. Bradley issued his supplemental report on April 18, 2005, in which he found that the data produced by the defendant up to that time was not complete with respect to the components of the hiring process. Ex. 1 at 9.

In the report of defendant's expert, which was issued on May 25, 2005, Dr. Mary Baker unequivocally stated that test results for Ashland were not available. *See* Def.'s Ex. 3 at 2 n. 4. Contrary to the defendant's assertions, Dr. Baker did not just agree with Dr. Bradley that the Ashland test results were unavailable; she clearly stated that "**documentation regarding the various stages of the hiring process is not available for Ashland**," *id.*, and she did not qualify her declaration with any acknowledgment that some components – such as the test results – were available. Indeed, Dr. Baker juxtaposed the complete lack of documentation regarding the Ashland components with

4

the information available for the Middletown hiring process, including "the test results for test-takers." *Id*.

Therefore, even though Ms. Lester had testified that she maintained Ashland test results, Magistrate Judge Hogan had ordered the defendant subsequent to Ms. Lester's deposition to produce updated information, and the defendant ostensibly produced Ashland information on March 22, 2005, defendant's expert Dr. Baker stated on May 25, 2005, that Ashland test results were unavailable. Plaintiffs believed that the representation by Dr. Baker was the status of the test results at Ashland because that was the last word from the defendant regarding the matter, and the Court relied upon Dr. Baker's utterance for the same belief. *See* Dkt. #79 at 7.

If the defendant knew all of this time – contrary to the Court's and plaintiffs' beliefs – that it possessed Ashland test results, then it had many opportunities to produce the results in conformity with plaintiffs' document requests. Defendant could have produced the test results:

- When the Court ruled on January 4, 2005, that plaintiffs' Title VII claims were viable;

- When Ms. Lester testified on February 16, 2005, that she purportedly had the test results;

- When, upon plaintiffs' request, Magistrate Judge Hogan ordered the defendant on March 1, 2005, to produced updated employment data and information;

- When the defendant produced updated Ashland applicant information on March 22, 2005;

- When Dr. Bradley stated in his April 18, 2005, supplemental report that information regarding the components of the Ashland hiring process was not available;

- When Dr. Baker stated in her May 25, 2005, expert report that documentation regarding the components of the Ashland hiring process was unavailable;
- When Dr. Bradley stated in his July 6, 2005, rebuttal report that individual components of the hiring process at Ashland Works were not available (*see* Ex. 2 at 11);
- When the plaintiffs moved for class certification on October 31, 2005, regarding the disparate impact of the test upon African-American applicants at Middletown and stated that comparable data was unavailable for Ashland test takers (*see* Dkt. #71 at 9);
- When the defendant argued in its briefs opposing class certification that a class action could not be maintained at Ashland because plaintiffs could not identify any Ashland applicant class member who failed the test other than the named plaintiffs (*see* Dkt. #73 at 9-10, 12; Dkt. #77 at 7); or
- When, on April 24, 2006, the Court, relying upon defendant's expert Dr. Baker, expressed its belief that the Ashland test results were not available (Dkt. #79 at 7).

The defendant wants to claim that plaintiffs did not ask for test results, yet the defendant's refusal to provide testing information – as stated in the correspondence reviewed previously – belie that contention. Further, on the very same day that Ms. Lester testified that she possessed Ashland test results, the plaintiffs were arguing before Magistrate Judge Hogan that the defendant should produce updated employment data and information, which should have encompassed the Ashland test results. In response to all of these requests, the defendant's last word on the issue was uttered by its expert, Dr. Baker: Ashland test results were unavailable. The Court and the plaintiffs

reasonably relied upon Dr. Baker's assertion and proceeded with that understanding. It is the defendant here who allowed this erroneous understanding to persist due to its "incorrect allegations," "mischaracterization of the discovery," and "false attribution of the actual testimony in this case." Dkt. #179 at 1.

## II.    DEFENDANT'S ARGUMENTS REGARDING PLAINTIFFS' NOTICES OF RIGHTS-TO-SUE ARE STILL MERITLESS

In its Opposition, the defendant additionally argues that AK Steel is not challenging its late receipt of plaintiffs' notices of rights-to-sue; rather, it purportedly challenges plaintiffs' alleged failure to produce the notices during discovery. Dkt. #179 at 3. It appears that the identification of defendant's specific summary judgment rationale is a moving target. In its actual memorandum in support of its motion for summary judgment, the defendant argues that the claims of the Ashland plaintiffs and the Ashland class should be dismissed because the Ashland plaintiffs did not possess notices of rights-to-sue. Dkt. #158 at 8. The defendant probably abandoned this ground for summary judgment not only because of plaintiffs' arguments in their Supplemental Response, but also because its entreaty is untimely. In the Order permitting plaintiffs' Second Amended Complaint, the Court stated that AK Steel may file a "motion to dismiss claims in the second amended complaint for failure to satisfy any of Title VII's conditions precedent," yet it ordered that "[a]ny such motion . . .should be filed no later than February 14, 2005." Dkt. #44 at 5. Therefore, the defendant's motion for summary judgment regarding the rights-to-sue notices was filed almost three years later than the Court's deadline, and thus, the motion should be denied on this basis.

Now the defendant argues that plaintiffs failed to produce the notices during discovery, yet because AK Steel failed to lodge this argument by the deadline set for dispositive motions, its

challenge is foreclosed as untimely. It cannot lodge its argument for the first time in a response to plaintiffs' motion to file a supplemental response, more than three months after the dispositive motion deadline.

In any event, even if the defendant's new challenge is timely, it is still a losing argument. If the defendant is seeking to argue that plaintiffs' claims should be dismissed because they allegedly failed to produce the notices during discovery (which is rather unclear because the defendant never clearly articulates what relief it is seeking), then its entreaty should be denied because it cannot identify any prejudice resulting from the alleged failure. *See Doe v. Lexington-Fayette Urban County Govt.*, 407 F.3d 755, 766 (6th Cir. 2005).

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, plaintiffs respectfully request that the Court GRANT their Motion for Leave to File a Supplemental Response to Defendant's Motion for Summary Judgment on the Claims of the Ashland Plaintiffs and Ashland Class.

Respectfully Submitted,

*/s/ Herman N. Johnson, Jr.*
Robert F. Childs, Jr. (ASB-2223-C-60R)
Herman N. Johnson, Jr.(ASB-3607-R50J)
**WIGGINS, CHILDS, QUINN & PANTAZIS**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500
(205) 254-1500 (facsimile)

Tobias, Kraus & Torchia, LLP
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137

ATTORNEYS FOR THE PLAINTIFFS

**CERTIFICATE OF SERVICE**

  I do hereby certify that on April 21, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Gregory Parker Rogers
Lawrence James Barty
Patricia Anderson Pryor
Taft, Stettinius & Hollister, LLP
1800 First Star Tower
425 Walnut Street
Cincinnati, OH 45202
Fax: (513) 381-0205

                */s/ Herman N. Johnson, Jr.*
                PLAINTIFFS' COUNSEL