# EXHIBIT NO. 37

# TAFT, STETTINIUS & HOLLISTER LLP

425 WALNUT STREET, SUITE 1800
CINCINNATI, OHIO 45202-3957
513-381-2838
FAX: 513-381-0205
www.taftlaw.com

COLUMBUS, OHIO OFFICE
TWELFTH FLOOR
21 EAST STATE STREET
COLUMBUS, OHIO 43215-4221
614-221-2838
FAX: 614-221-2007

NORTHERN KENTUCKY OFFICE
SUITE 340
1717 DIXIE HIGHWAY
COVINGTON, KENTUCKY 41011-4704
859-331-2838
513-381-2838
FAX: 513-381-6613

CLEVELAND, OHIO OFFICE
3500 BP TOWER
200 PUBLIC SQUARE
CLEVELAND, OHIO 44114-2302
216-241-2838
FAX: 216-241-3707

GREGORY PARKER ROGERS
(513) 357-9349
rogers@taftlaw.com

June 4, 2004

David Sanford
Sanford, Wittels & Heisler LLP
2121 K Street
Suite 700
Washington, DC 20036

Re:   Bert v. AK Steel Corporation

Dear David :

This letter follows up on our telephone conversations of May 27 and 28, 2004, your e-mail of May 28, 2004 at 3:42 p.m., and my e-mail to you of May 28, 2004 at 4:54 p.m. Our conversations last week were the first claim we heard from Plaintiffs that the Company's November 27, 2002 timely responses to Plaintiffs' October 29, 2002 discovery requests were allegedly unsatisfactory.

### Depositions

We agreed to accept an e-mail/letter from you in lieu of requiring you to serve formal notices of depositions for deposition dates after the June 1, 2004 discovery cutoff with respect to class issues. Whether Plaintiffs have the right to take depositions after the cutoff for class discovery is a matter to be addressed if the parties are unable to negotiate a settlement. AK Steel reserves the right to object to certain of Plaintiffs' proposed deponents.

### Response to Document Request Nos. 1, 2, 4, 5, 6, 8, 10, 11, 12

AK Steel is producing documents it has located that it has agreed to produce. These documents are Bates numbered AKX00001-AKX001386, and are being produced today directly to David Kammer. When we receive the invoice from the copying service, we will pass it along

{W0186170.1}

David Sanford
June 4, 2004
Page 2

to you for payment. The Company will produce to you next week lines of progression charts and job descriptions that are responsive to Request No. 6.

### Response to Document Request Nos. 3, 7, 9, 14

AK Steel has previously produced its applications, published selection criteria and qualifications, application form, and interview form used at Ashland Works and Middletown Works. These amount to more than 150,000 pages of documents. AK Steel has not produced affirmative action studies, test validation studies, test, or affirmative action plans, which we do not believe are relevant to a disparate treatment theory, or reasonably calculated to lead to the discovery of admissible evidence. At this time, Plaintiffs' claim is alleged discrimination because they were not hired, allegedly due to race, allegedly in violation of 42 U.S.C. § 1981, which, as you know, does not allow disparate impact claims.

We told you we would reconsider our position if you could show us any Section 1981 case involving similar claims where similar documents were required to be produced. You have not cited us a single case. We also said we would reconsider this objection if the Court allowed you to plead a Title VII claim.

### Response to Document Request Nos. 15 and 16

You have asked for computerized information relating to the current workforce of AK Steel, requesting 24 different types of information with respect to the current workforce, including such things as social security number, relatives employed by AK Steel, wages and/or salary received at AK Steel, discipline received, names, races and job titles of each supervisor of AK Steel. This request is extremely overbroad and unduly invasive, and we fail to see how a request for this information is relevant to your Section 1981 claims or reasonably calculated to lead to the discovery of admissible evidence. Again, we invited you to produce any case involving similar claims where such information was required to be produced, but you have not identified a single such case.

### Document Request No. 18

You asked for any and all decrees or settlement agreements against AK Steel related to allegations of race discrimination, regardless of whether the Company was found liable. We told you that there have been no consent decrees during the requested period, nor have there been any adverse findings against AK Steel. If you have any case that shows how settlement agreements or findings that the Company did not discriminate (as in the case of Al Roberts's individual lawsuit against AK Steel, which the same Judge considering this case found to be meritless) could have any relevance whatsoever to this action, we would reconsider this objection.

### Document Request Nos. 20 and 23

You asked for lawsuits, charges and internal or external investigations of complaints of race discrimination. I told you we would produce the files that the Company has regarding its

{W0186170.1}

David Sanford
June 4, 2004
Page 3

investigation of complaints of race discrimination, and these are produced in the Bates range described above. There are a few additional responsive files that have yet to be produced, but which will be produced next week. You earlier asked in Document Request No. 18 for lawsuits, and that issue was addressed in response to Document Request No. 18. You also asked for charges, which we continue to assert are not discoverable pursuant to the doctrine set forth by the Supreme Court in *EEOC v. Associated Dry Goods*, 449 U.S. 590 (1981).

### Document Request No. 21

We have produced EEO-1 data going back to 2001, which you have not disputed.

We will produce a privilege log to you next week.

We continue to await your payment for $13,005.92 for documents AK Steel previously produced.

                                              Sincerely yours,

                                              Gregory Parker Rogers

GPR:clh
cc:    David Kammer (via hand delivery, with the documents being produced)

{W0186170.1}