UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **VIVIAN BERT, et al.,** | ) | CASE NO. C-1-02-467 |
| | ) | |
| **Plaintiffs,** | ) | Judge Beckwith |
| | ) | Magistrate Judge Hogan |
| | ) | |
| v. | ) | **PLAINTIFFS' RESPONSE TO** |
| | ) | **DEFENDANT AK STEEL** |
| | ) | **CORPORATION'S MOTION** |
| **AK STEEL CORPORATION,** | ) | **TO CORRECT THE RECORD** |
| | ) | |
| **Defendant.** | ) | |

Plaintiffs, through undersigned counsel, hereby submit this Response to Defendant AK Steel Corporation's Motion to Correct the Record (Dkt. #180). By this Response, the plaintiffs seek to inform the Court of the complete record in this case.

**I.   AK STEEL KNEW PLAINTIFFS REQUESTED ASHLAND TEST RESULTS AND IT ASSERTED SUCH RESULTS WERE UNAVAILABLE**

In its Motion, AK Steel argues that plaintiffs did not take any action after Susan Lester testified that she maintained testing results for the Ashland facility. The defendant also claims that Dr. Baker did not claim that AK Steel lacked Ashland test data. The record does not support the defendant's contentions.

As an initial matter, the record is diametrically opposed to the defendant's contentions that plaintiffs never requested testing data. In two separate pieces of correspondence post-dating AK Steel's 2002 responses to plaintiffs' document requests, the defendant explicitly stated that it would not produce any discovery regarding its test because it believed plaintiffs had only pled 42 U.S.C. 1981 claims, not Title VII -- and thus, disparate impact – claims. In an electronic mail sent from the defendant on May 28, 2004, regarding discovery disputes centered on plaintiffs' document requests,

the defendant remarked that the "principal item" underlying its objections

> is that since [plaintiffs] do not have a Title VII claim, we fail to see the relevance *of the pre-employment test, the test validation studies,* the affirmative action plans, and the HRIS system. I told you with respect to each item that we would reconsider this objection if you could show us any Section 1981 case involving similar claims where similar documents were required to be produced. You have not cited us a single such case. *We also said we would reconsider our objection if the court allowed you to plead a Title VII claim.*

5/28/04 G. Rogers Email to D. Sanford at 1 (attached as Ex. 36) (emphasis added).

In a letter sent a few days later, the defendant re-confirmed its refusal to produce any information regarding the test:

> AK Steel has not produced affirmative action studies, *test validation studies, test,* or affirmative action plans, which we do not believe are relevant to a disparate treatment theory, or reasonably calculated to lead to the discovery of admissible evidence. At this time, Plaintiffs' claim is alleged discrimination because they were not hired, allegedly due to race, allegedly in violation of 42 U.S.C. § 1981, which, as you know, does not allow disparate impact claims.
>
> We told you we would reconsider our position if you could show us any Section 1981 case involving similar claims where similar documents were required to be produced. You have not cited us a single case. *We also said we would reconsider this objection if the Court allowed you to plead a Title VII claim.*

6/4/04 G. Rogers Ltr. to D. Sanford (attached as Ex. 37) (emphasis added). Therefore, the defendant knew at least as of 2003 that plaintiffs' document requests asked for discovery regarding AK Steel's pre-employment test because it objected to production of such information.

As acknowledged in the foregoing correspondence, the defendant said it would reconsider its objections to producing discovery regarding the test if the Court allowed plaintiffs to plead Title VII claims. On January 4, 2005, the Court ruled on a series of motions which allowed plaintiffs to plead their Title VII claims, *see* Dkt. #44, and thus, the defendant should have known its objections to producing discovery regarding the pre-employment test were no longer viable. Indeed, Rule

26(e)(1)(A), Federal Rules of Civil Procedure, provides that a party must supplement or correct a response to a request for production "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." As a result, the defendant should have produced the test results upon entry of the Court's January 4, 2005, Order.

To compound its erroneous assertion that plaintiffs never asked for the Ashland test results, the defendant contends that plaintiffs did not ask for such results after its human resources representative, Susan Lester, testified that she purportedly maintained such information. Dkt. #179 at 7-8. Once again, the defendant's contentions wither under the weight of the record.[1]

As a result of the Court's January 4, 2005, Order allowing the prosecution of plaintiffs' Title VII claims, plaintiffs requested updated employment information and data for both Middletown and Ashland. The defendant balked, and on the very same day of Ms. Lester's deposition – indeed, <u>after</u> Ms. Lester's deposition had adjourned on February 16, 2005 – the parties participated in a discovery conference with Magistrate Judge Hogan regarding the defendant's refusal to provide updated data and information. *See* Dkt. #59. Magistrate Judge Hogan ordered the parties to submit one-page briefs regarding the matter, and on February 23, 2005, the parties argued the issues again before Magistrate Judge Hogan. *See* Dkt. #61. On March 1, 2005, Magistrate Judge Hogan ordered the defendant to produce updated data and employment information from 2003, which should have included the Ashland test results. *See* Dkt. #63.

---

[1] As an initial matter, Ms. Lester testified during her deposition that the applicant flow log at Ashland did not contain the test results of applicants (Lester Dep. at 10-11) (attached as Ex. 38).

On March 22, 2005, the defendant produced to plaintiffs "a disk with images of the Ashland employment documents dated January 1, 2003 and thereafter." *See* 3/22/05 L. Barty Ltr. (attached as Ex. 39). As the deadline for providing expert reports was fast approaching, plaintiffs gave the disk immediately upon receipt to their statistical expert, Dr. Edwin Bradley, for analysis. Dr. Bradley issued his supplemental report on April 18, 2005, in which he found that the data produced by the defendant up to that time was not complete with respect to the components of the hiring process. Ex. 1 at 9.

In the report of defendant's expert, which was issued on May 25, 2005, Dr. Mary Baker unequivocally stated that test results for Ashland were not available. *See* Def.'s Ex. 3 at 2 n. 4. Contrary to the defendant's assertions, Dr. Baker clearly stated that "**documentation regarding the various stages of the hiring process is not available for Ashland**," *id.*, and she did not qualify her declaration with any acknowledgment that some components – such as the test results – were available. Indeed, Dr. Baker juxtaposed the complete lack of documentation regarding the Ashland components with the information available for the Middletown hiring process, including "the test results for test-takers." *Id.*

Therefore, even though Ms. Lester had testified that she maintained Ashland test results, Magistrate Judge Hogan had ordered the defendant subsequent to Ms. Lester's deposition to produce updated information, and the defendant ostensibly produced Ashland information on March 22, 2005, defendant's expert Dr. Baker stated on May 25, 2005, that Ashland test results were unavailable. Plaintiffs believed that the representation by Dr. Baker was the status of the test results at Ashland because that was the last word from the defendant regarding the matter, and the Court relied upon Dr. Baker's utterance for the same belief. *See* Dkt. #79 at 7.

The defendant wants to claim that plaintiffs did not ask for test results after Ms. Lester testified that she maintained such information, yet on the very same day that Ms. Lester testified the plaintiffs were arguing before Magistrate Judge Hogan that the defendant should produce updated employment data and information, which should have encompassed the Ashland test results. In response to plaintiffs' requests and Magistrate Judge Hogan's Order, the defendant's last word on the issue was uttered by its expert, Dr. Baker: Ashland test results were unavailable. The Court and the plaintiffs reasonably relied upon Dr. Baker's assertion and proceeded with that understanding.

A more extensive review of the record is provided in plaintiffs' Reply in Support of Motion for Leave to File a Supplemental Response to Defendant's Motion for Summary Judgment, which is filed contemporaneously herewith.

Respectfully Submitted,

*/s/ Herman N. Johnson, Jr.*
Robert F. Childs, Jr. (ASB-2223-C-60R)
Herman N. Johnson, Jr.(ASB-3607-R50J)
**WIGGINS, CHILDS, QUINN & PANTAZIS**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500
(205) 254-1500 (facsimile)

Tobias, Kraus & Torchia, LLP
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (facsimile)

ATTORNEYS FOR THE PLAINTIFFS

**CERTIFICATE OF SERVICE**

      I do hereby certify that on April 21, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Gregory Parker Rogers
Lawrence James Barty
Patricia Anderson Pryor
Taft, Stettinius & Hollister, LLP
1800 First Star Tower
425 Walnut Street
Cincinnati, OH 45202
Fax: (513) 381-0205

                                              */s/ Herman N. Johnson, Jr.*
                                              PLAINTIFFS' COUNSEL