# EXHIBIT NO. 36

### Rogers, Gregory P.

**From:** Rogers, Gregory P.
**Sent:** Friday, May 28, 2004 4:54 PM
**To:** 'David Sanford'
**Subject:** RE: Meet and Confer

David, with respect to depositions, we agreed to accept your letter in lieu of requiring you to serve formal notices of depositions. Whether plaintiffs have the right to take depositions after the cutoff for class discovery is a matter to be addressed only if the settlement conference is not successful. Further, were plaintiffs permitted to take depositions, AK Steel reserves the right to object to certain of his proposed deponents -- also a matter to be addressed only if 6/16 meeting does not result in settlement.

With regard to our discussions of May 27 and 28, 2004 concerning the responses to document requests served by AK Steel eighteen months ago on November 27, 2002, I have a number of issues with your descriptions, including the fullness of the reasons why we stated objections, which will be expressed in writing in the letter we send to you next week with the additional documents we agreed to produce. The principal item, though, is that since you do not have a Title VII claim, we fail to see the relevance of the pre-employment test, the test validation studies, the affirmative action plans, and the HRIS system. I told you with respect to each item that we would reconsider this objection if you could show us any Section 1981 case involving similar claims where similar documents were required to be produced. You have not cited us a single such case. We also said we would reconsider our objection if the court allowed you to plead a Title VII claim.

We will send to Dave Kammer the documents next week, except for the job descriptions and lines of progression, which we will endeavor to produce the following week.

I trust that you too have a restful holiday weekend. We look forward to seeing you on the 16th.

Greg

> -----Original Message-----
> **From:** David Sanford [mailto:dsanford@davidsanford.com]
> **Sent:** Friday, May 28, 2004 3:42 PM
> **To:** Rogers, Gregory P.
> **Cc:** grantemorris@hotmail.com; 'Susan G. Donahue'; 'Eric Bachman'; rlw@wcqp.com; 'Dian Jernigan'; rfc@wcqp.com; 'Barry V. Frederick'; lgoldblatt@davidsanford.com; dgraddon@davidsanford.com
> **Subject:** Meet and Confer
>
> Greg:
>
> This email memorializes plaintiffs' understanding of our meet and confer held yesterday and today.
>
> In light of the outstanding discovery issues raised by plaintiffs, and in light of the parties' commitment to engaging in good faith settlement talks in Cincinnati, Ohio beginning at 10 a.m. in your office on June 16, 2004, you agreed that plaintiffs need not serve notices of depositions for the individuals and designees listed in plaintiffs' October 10, 2003 correspondence. Instead, you agreed that a short one paragraph note to you would be sufficient to preserve plaintiffs' right to take depositions after settlement talks on June 16 (should such depositions remain necessary). Here is that note, albeit slightly longer than one paragraph.
>
>> Plaintiffs will take the 30(b)(6) deposition of the designated corporate representative of Defendant relating to the organizational structure of the

Defendant: (a) the present and past organizational, management, and supervisory structure of the Defendant; and (b) the present and past organizational and management structure of the Human Resources Department or comparable entity.

Plaintiffs will take the 30(b)(6) deposition of the designated corporate representative of Defendant relating to hiring by the Defendant: (a) all systems, methods, and procedures for determining and making personnel decisions regarding hiring, recruiting, interviewing, applicant (or applicant qualification) evaluation or assessments, hiring selection processes or criteria, and any apprenticeship or similar program throughout and within AK Steel; (b) all decisions by AK Steel to hire or not hire any person since January 1, 1997; (c) each and every system, method or procedure at AK Steel for compiling, tracking, memorializing, measuring, or otherwise recording hiring and/or recruiting efforts, applicant flow system(s), applicant data base(s), interviewing and/or recruiting techniques or training, interview and/or recruiting record keeping, and interviewer and/or recruiter effectiveness or performance since January 1, 1997; (d) all efforts to enhance, promote, or maintain racial diversity through any of the systems, procedures, and/or decisions described in (a) through (c), above, including, but not limited to, affirmative action.

In addition to the 30(b)(6) depositions, above, Plaintiffs intend to take the deposition of (a) Howard Anastasia; (b) Michael Lehman; (c) Dick Boehm; (d) Brenda Harmon;(e) Dale Gerber; (f) George Armor; (g) Phyllis Short; (h) Jessica Hicks; (i) Lucy Gibson; and (j) Susan Lester.

In the event the parties are unable to successfully negotiate a settlement, plaintiffs will proceed with these depositions (and possibly others) after the court rules on plaintiffs' motion to compel.

With respect to plaintiffs' document requests, the following represents our understanding of the results of the meet and confer.

#1: Defendant will produce documents responsive next week.

#2: Defendant will produce documents responsive next week, including Defendant's EEO policy and drug testing policies.

#3: Defendant changed its position from its stated position of yesterday. Instead of producing responsive documents subject to a confidentiality agreement, Defendant's current position is that is will produce anything given (1) its understanding of the court's ruling with respect to Title VII claims; and (2) its understanding of U. S. Supreme Court law.

#4: Defendant will produce documents responsive next week.

#5: Defendant will produce documents responsive next week.

#6: Defendant will produce documents responsive in two weeks, including lines of progression charts and job descriptions.

#7: Defendant's current position is that is will produce anything given (1) its

12/1/2004

understanding of the court's ruling with respect to Title VII claims; and (2) its understanding of U. S. Supreme Court law.

#8: Defendant will produce documents responsive next week.

#9: Defendant will not produce tests in the applications.

#10. Defendant will produce documents responsive next week.

#11. Defendant will produce copies of plaintiffs' applications and/or will produce to plaintiffs a bates range of responsive documents next week.

#12: Defendant claims it has produced all responsive documents, but continues to check and will supplement if appropriate.

#13: Defendant will not produce documents and will provide a privilege log.

#14: Defendant will not produce affirmative action reports.

#15: Defendant has a computerized data base, but considers it irrelevant to Section 1981 claims.

#16: Defendant has documents, but considers them irrelevant to Section 1981 claims.

#17: Defendant will not produce documents and will provide a privilege log.

#18: Defendant will not produce documents and will provide a privilege log.

#19: Defendant will not produce documents and will provide a privilege log.

#20: Defendant will produce investigative files associated with discrimination complaints, but will not produce information regarding lawsuits or charges.

#21: Defendant maintains that plaintiffs have all responsive documents, but that the HR manager has been tasked with continuing to produce any other documents that may be responsive to this request.

#22: Defendant has produced the EEO-1 reports since 2001, but will not produce reports from January 1, 1995 through 2000.

#23: Defendant will produce investigative files associated with discrimination complaints, but will not produce information regarding lawsuits or charges.

If the above is not an accurate memorialization, please let me know by 5 p.m. EST today so that we discuss and correct any misunderstanding.

Plaintiffs look forward to receiving responsive documents to the above agreed upon requests by next week (and, with respect to #6, above, within two weeks), and look forward to meeting with you on June 16 at 10 a.m. in your office.

12/1/2004

Have a restful Memorial Day weekend.

David Sanford

12/1/2004