```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

Vivian Bert, et al.,                :    Case No. 1:02-cv-467
                                    :
    Plaintiffs,                     :
                                    :
vs.                                 :
                                    :
AK Steel Corporation,               :
                                    :
    Defendant.                      :

**ORDER**

Before the Court is Defendant's motion for summary judgment on the claims of Donald Edwards.  (Doc. 157) Defendant's motion also seeks judgment on the claims of James Greenwood and the Middletown subclass.  This Order is directed **only** to Donald Edwards; the motion with respect to the Middletown subclass and James Greenwood is denied without prejudice (as explained in the Court's Order concerning the April 23 hearing).

Edwards filed an EEOC charge on July 9, 2002, alleging he submitted an application to work at Defendant's Middletown plant in both August 2001 and January 2002.  (Edwards Deposition Exhibit 10) Edwards alleged that he submitted his application at Palmer Temps, and that he took a test at the agency in connection with his AK application.

Plaintiffs' class certification motion argued that Edwards was an appropriate Rule 23 representative for the Middletown class plaintiffs who took and failed AK Steel's pre-employment

-1-

test.  Defendant disagreed, submitting an affidavit that AK Steel has no record of Edwards ever taking the pre-employment test.  In the order concerning class certification, this Court noted:

> If the facts establish that Mr. Edwards took the AK Steel test within the 300 days prior to July 9, 2002, his claim is timely and he would have standing to sue.  If, on the other hand, he took the exam earlier, or if he did not take the AK Steel exam at all, he obviously cannot serve as a typical or adequate class representative.

(Doc. 79 at p. 18)

After Defendant objected to Edwards representation of the testing class, and after entry of the Court's Order quoted above, Edwards dismissed his individual disparate treatment claims, leaving only his disparate impact testing claim in this case. (See Doc. 81 at pp. 10-11.)

Defendant later deposed Edwards, and then filed a motion to de-certify the Middletown subclass, arguing that Edwards never took AK Steel's test and therefore was not an adequate class representative.  (Doc. 112)  Plaintiffs opposed the motion on several grounds, among them that discovery was not complete, and that the testimony of the Palmer Temps owner was suspect (based on a business association between Palmer Temps and AK Steel, and Ms. Palmer's faulty memory brought on by illness). (Doc. 121) The Court deferred ruling on the motion pending completion of discovery.

Defendant's summary judgment motion renews its argument with

respect to Edwards, that the undisputed evidence in the record clearly establishes that Edwards never took the AK Steel test, and therefore his disparate impact claim based on the test must be dismissed.

Edwards testified that he took a test at the Palmer Temps office in August 2001. He said the test took from 15 minutes to half an hour to complete, and that it contained from seven to fifteen questions. He described one of the questions as a simple math problem, and said the test was just a series of questions. He said he did not take any other test at Palmer for his AK Steel application. The only other AK Steel test that Edwards ever took was in 1981.

Mr. Nunlist, the Vice-President of Palmer Temps, testified several times in his deposition that Palmer Temps did not give and never has given the AK Steel pre-employment test to any applicant. He was asked if he ever did "any testing" of individuals who submitted an application through the agency, and said no. He said the agency used its own test for applicants for its own temporary positions. (R. Nunlist Deposition at p. 25.) Later, Nunlist described a telephone conversation he had with one of Plaintiffs' counsel about Donald Edwards. Counsel asked him if Edwards had taken the AK test, and Nunlist stated "I don't know if he took the test or not. **I can tell you he didn't take it here**. But I don't know who is taking the test and who is

not." (Deposition p. 35, emphasis added) And again later, when Nunlist was asked about that conversation with counsel, he said: "I mean, yeah, he [counsel] called and said this guy [Edwards] says he came in. I said no, he didn't come in. We never gave that test. To me, that was the end of the discussion. ... [W]e didn't give anybody the test that AK – at Palmer Temps ever." He then reiterated, "We never did that test at Palmer Temps." (Id. pp. 69-70)

Phyllis Short, the Middletown HR manager, states in her declaration that AK Steel did not and does not "test through outside agencies such as Palmer Temps." She states that AK Steel has no record of Edwards taking the AK Steel pre-employment test at any time. (Doc. 73, Short Declaration ¶13) Jessica Morris, a Middletown HR employee, states in her declaration that she was responsible for administering the pre-employment test from February 2001 through April 2003. She states that the test was always given on the AK Steel plant premises in Middletown. The test itself contains 365 questions in seven distinct sections (such as Mechanical Reasoning, Reading Comprehension, and 3-D Reasoning). Morris also states that the AK Steel test was never administered at the Palmer Temps office. (Doc. 112, Exhibit 1, Morris Declaration at ¶¶2, and 3-5.)

In opposition to Defendant's summary judgment motion, Plaintiffs merely reiterate their previous arguments - that Mary

Palmer's memory is faulty, precluding reliance on her previously filed declaration;[1] that AK Steel is a long time client of Palmer Temps; that AK Steel's lawyer represented Palmer and Nunlist at their depositions; and that Palmer Temps may have "retaliated" against Edwards (based on a unrelated EEOC charge Edwards filed in 2006 against Palmer Temps).  (See Doc. 167, pp. 4-5)  Plaintiffs argue that "inferences" and "credibility judgments" prevent summary judgment at this stage.

    The Court disagrees.  The testimony and evidence cited above is quite clear - the AK Steel pre-employment test has never been administered to anyone at Palmer Temps.  Edwards may well have taken a "test" when he applied in August 2001 or on another date, but that test is not the challenged AK Steel pre-employment test at issue.  Edwards' own testimony makes that very plain.  Plaintiffs have offered nothing but speculation about Palmer Temps motives or bias to refute the unambiguous testimony of Short, Morris and Nunlist.  This is plainly insufficient to avoid judgment.

    A party opposing a properly supported Rule 56 motion "must

---

[1] Mary Palmer is married to Richard Nunlist.  The Court has not considered her declaration or deposition testimony in ruling on the motion.  Her apparent faulty memory for times and dates (caused by chemotherapy treatments) does not affect the undisputed testimony of Richard Nunlist and of AK Steel's HR representatives.  Moreover, at the end of her deposition, Mrs. Palmer also expressed confusion about why she was being deposed at all, because "we have never tested anybody in our office with an AK test ever."  (M. Palmer Nunlist Dep. p. 69)

do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industries Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  See also, Hartsel v. Keys, 87 F.3d 795 (6th Cir. 1996), which noted that the "possibility of a factual dispute is not enough," and that circumstantial evidence consisting of "mere speculation ungrounded in fact" is insufficient to support the non-moving party's burden to establish a genuine issue of disputed fact. Id. at 799, 801 (internal citations and quotations omitted).

    Therefore, for all of the foregoing reasons, the Court grants Defendant's motion for summary judgment against Donald Edwards.  The balance of Defendant's motion concerning James Greenwood (who is a member of the testing subclass) and the Middletown subclass is denied without prejudice to renewal or supplementation following the additional discovery discussed at the April 23 hearing.

    **SO ORDERED.**

DATED: April 25, 2008                    s/Sandra S. Beckwith
                                        Sandra S. Beckwith, Chief Judge
                                        United States District Court