UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | : | Case No. 1:02cv467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | |
| v. | : | JOINT MOTION FOR PRELIMINARY |
| | : | APPROVAL OF CLASS ACTION |
| AK STEEL CORPORATION, | : | SETTLEMENT AGREEMENT AND |
| | : | PROPOSED CLASS NOTICE |
| Defendant. | : | |

Plaintiffs Darlene Denise Carter, Darrell Carter, Marnie Carter, Kay Jackson and Timothy Oliphant (the "Class Representatives") and Defendant AK Steel Corporation have entered into a Settlement Agreement resolving, subject to Court approval, all the claims of the Class Representatives and Class in this litigation.

Pursuant to Fed. R. Civ. P. 23, the parties jointly move the Court to enter an Order:

(1) Granting preliminary approval of the proposed Settlement Agreement subject to a final fairness hearing;

(2) Approving the proposed notice to be sent to the Class Members affected by the Settlement; and

(3) Setting a date for a hearing on the fairness, reasonableness, and adequacy of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e).

A Memorandum in Support of this Motion is attached, along with a copy of the proposed Settlement Agreement (Exhibit A) and a copy of the proposed Notice to Class Members (Exhibit B). A proposed agreed Order has also been submitted to the Court's chambers by email to beckwith_chambers@ohsd.uscourts.gov.

                                                                            Respectfully submitted,

| | |
|---|---|
| /s/ Robert F. Childs by G. P. Rogers with permission | /s/ Gregory Parker Rogers |
| Robert F. Childs, Jr. | Lawrence J. Barty |
| Herman Johnson, Jr. | Gregory Parker Rogers |
| Susan Donahue | Patricia Anderson Pryor |
| Wiggins, Childs, Quinn & Pantazis, P.C. | Taft Stettinius & Hollister LLP |
| The Kress Building | 425 Walnut Street, Suite 1800 |
| 301 19th Street North | Cincinnati, Ohio 45202 |
| Birmingham, Alabama 35203 | |
| | Attorneys for Defendant |
| | AK Steel Corporation |
| Paul H. Tobias Esq. | |
| Tobias, Kraus & Torchia | |
| 911 Mercantile Library Building | |
| 414 Walnut Street | |
| Cincinnati, OH 45202 | |
| | |
| David Sanford | |
| Sanford, Wittels & Heisler, L.L.P. | |
| 1666 Connecticut Avenue, N.W. Suite 310 | |
| Washington, D.C. 20009 | |
| | |
| Grant Morris | |
| 7 DuPont Circle, N.W. | |
| Suite 250 | |
| Washington, D.C. 20036 | |
| | |
| Attorneys for Plaintiffs | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VIVIAN BERT, et al., | : | Case No. 1:02cv-467 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | |
| v. | : | MEMORANDUM IN SUPPORT OF |
| | : | JOINT MOTION FOR PRELIMINARY |
| AK STEEL CORPORATION, | : | APPROVAL OF CLASS ACTION |
| | : | SETTLEMENT AGREEMENT AND |
| Defendant. | : | <u>PROPOSED CLASS NOTICE</u> |

## I. INTRODUCTION

The Class Representatives and AK Steel Corporation ("AK Steel" or "the Company"), following extensive arms' length negotiations, have entered into a Settlement Agreement that would resolve the class claims raised in this proceeding. The parties jointly submit the Settlement Agreement for preliminary approval by the Court, pursuant to Fed. R. Civ. P. 23(e). By this Motion, the parties respectfully submit that the Court should grant preliminary approval to the Settlement Agreement, approve the notice to Class Members, and schedule the Fairness hearing for final approval.

## II. BACKGROUND

Plaintiffs filed this lawsuit six years ago alleging that AK Steel discriminated against African American applicants for labor reserve positions at its Middletown Works and at its Ashland Works. Originally, 17 named individuals were seeking to represent a purported class or classes of individuals. In October 2005, Plaintiffs moved for class certification with respect to a more narrow group of class members, those who took and failed AK Steel's pre-employment screening test at the two locations. Injunctive relief was the predominant relief sought by the class. This Court certified the Class as two subclasses on January 19, 2007 under Fed. R. Civ. P.

{W1289770.4}                                                    1

23(b)(2), one subclass for those African American applicants who took and failed the test in Middletown on or after September 12, 2001 and one subclass for those African American applicants who took and failed the test in Ashland on or after August 12, 2001.

The Parties have engaged in extensive discovery over the six years of this litigation. Plaintiffs and the Company served initial disclosures, provided answers to and requests for production of documents, and produced over one hundred thousand pages of information. Depositions have been taken of each of the Class Representatives and of a number of AK Steel employees.

Plaintiffs claim that the pre-employment test that AK Steel used when hiring for labor reserve positions had a disparate impact on African American applicants. According to Plaintiffs, African Americans failed the test at a greater rate than did other applicants.

AK Steel denies that it has discriminated against any applicant. The test at issue was developed by a third party, Resource Associates, Inc. AK Steel submits the test properly was validated in compliance with the Uniform Guidelines on Employee Selection Procedures.

Both Parties acknowledge problems of proof in establishing their claims and defenses, the inherent uncertainty and risks of litigation, and the expense and delays that would be involved in continuing to litigate their dispute.

The Parties have engaged in settlement discussions at various times throughout this Litigation. On May 29, 2008, a formal mediation was held where the Parties reached the Settlement described here, which they subsequently committed to writing.

Under the proposed Settlement, AK Steel agrees not to use the employment screening test at issue in this litigation and it also agrees to validate any employment screening test it does use for the three year period after the agreement is finally approved by an agreed upon third party expert. The expected cost of such validation exceeds $300,000. In addition to this agreed upon

class relief, AK Steel will also pay to the Class a sum total equal to $3,400 per Class Member who submits a proof of claim and $10,000 to each of the Class Representatives for their time and expenses in prosecuting this litigation as Class Representatives for the last six years. The Company also agrees to pay $10,000 to Roderique Russell, the remaining individual plaintiff for his individual claim. In exchange, Russell, the Class Representatives and the Class members agree that the claims in this case should be dismissed with prejudice. Russell and the Class Representatives release AK Steel from any and all claims. The Class Members release AK Steel from claims that were asserted or could have been asserted in this litigation, including claims related to the pre-employment test and their related application for employment. AK Steel has also agreed to pay attorneys' fees and expenses to the Plaintiffs in the amount of $750,000.

### III.   ARGUMENT

#### A.   Under Fed. R. Civ. P. 23(e), This Settlement Agreement Should Be Approved By The Court.

Review and approval of a class action settlement involves three steps: (1) the Court preliminarily approves the proposed settlement; (2) members of the class are notified of the proposed settlement and (3) the Court holds a hearing to determine whether the proposed settlement is fair, reasonable, and adequate. *Alvorado v. Memphis–Shelby County Airport*, 2000 WL 1182446, *5 (6th Cir. 2000); *Reed v. Rhodes*, 869 F. Supp. 1274, 1278 (N.D. Ohio 1994); *Bronson v. Bd. of Educ. of Cincinnati*, 604 F. Supp. 68, 72 (S.D. Ohio 1984). If a proposed settlement appears to be the result of serious, informed, non-collusive negotiations, if it has no obvious deficiencies, if it does not improperly grant preferential treatment to class representatives or segments of the class, and if it falls within the range of reasonableness, the court should grant preliminary approval, direct the sending of notice to the classes, and schedule a fairness hearing. *In re Telectronics Pacing Systems, Inc.,* 137 F. Supp. 2d 985, 1015-16 (S.D.

Ohio 2001). In this Joint Motion, the Parties submit that the requirements for preliminary approval are satisfied and they ask that the Court direct the mailing of the Class Notice and schedule a Fairness Hearing.

> **B.   The Court Should Grant The Parties' Joint Motion For Preliminary Approval Of The Settlement Agreement.**

The Court should preliminarily approve the Settlement Agreement in this case because it is within the range of reasonableness and does not evidence unduly preferential treatment or other obvious deficiencies. "The law favors voluntary settlement of class action litigation." *UAW v. Ford Motor Corp.*, 2006 WL 1984363, *21 (E.D. Mich. 2006); *UAW v. General Motors Corp.*, 2006 WL 891151, *12 (E.D. Mich. 2006). (Both settlements were affirmed in *UAW v. General Motors Corp.*, 497 F.3d 615 (6th Cir. 2007).) At this preliminary approval stage, the Court's role is limited to issues such as determining whether the proposed Settlement Agreement is "within the range of reasonableness." *Ford*, 2006 WL 1984363 at *21. The Court should examine whether the Settlement is "illegal or tainted with collusion" or "the product of arms-length negotiations." *Bronson*, 604 F. Supp. at 71. "The [C]ourt's determination should be based on its familiarity with the issues, the results of discovery, and the character of the negotiations." *Id*.

The Settlement Agreement provides for the injunctive relief sought by Plaintiffs, i.e., AK Steel will not use the challenged test and will have any test used during the next three years validated by an agreed upon expert. The monetary value of this is likely worth more than $300,000.00. The Agreement also contemplates a class payment of up to $516,800 (based on the number of presumed class members). Considering the asserted claims and defenses of the Parties, the problems of proof, and the risks and delays of litigation, this relief clearly represents an amount "within the range of reasonableness."

{W1289770.4}                                     4

The proposed payments made to the Class Representatives of $10,000 apiece are reasonable based on the time and effort that they have spent during this six-year litigation in order to obtain relief on behalf of the class. In addition to representing the Class in this litigation for six years, they have each spent time responding to interrogatories and document requests, preparing for depositions and having each of their depositions taken. Federal courts routinely approve incentive awards to compensate named plaintiffs for the services they provide and the risks they incur during the course of class litigation. *See Enterprise Energy Corp. v. Columbus Gas Transmission Corp.*, 137 F.R.D. 240, 250-51 (S.D. Ohio 1991) (approving $50,000 to class representatives); *In re Dun &. Bradstreet Credit Serv. Customer Litig.*, 130 F.R.D. 366, 373-74 (S.D. Ohio 1990) (approving incentive awards in the amount of $35,000 to $55,000 to class representatives); *In re Linerboard*, 2004 WL 1221350, at * 19 (E.D. Pa. 2004) (approving incentive awards of $25,000 to each of five named plaintiffs); *In re Residential Doors Antitrust Litig.*, 1998 WL 151804, at *11 (E.D. Pa. 1998) (approving $10,000 incentive awards).

The Settlement Agreement was negotiated at arms' length by adversarial and informed Parties with the assistance of experienced counsel. The most recent settlement negotiations followed nearly six years of vigorously contested litigation and extensive discovery, during which over one hundred thousand documents were exchanged and over 20 depositions were taken. Ultimately, after multiple proposals were exchanged, the Parties reached agreement with the assistance of an experienced mediator.

The Settlement Agreement, which was negotiated by the Parties to a highly adversarial lawsuit, is not the result of illegality or collusion. The requirements for preliminary approval are met and the Court should grant the Joint Motion.

    **C.    The Court Should Approve The Parties' Proposed Form And Method Of Notice Of The Class Settlement.**

Once the Court makes a determination that a proposed settlement is within the range of reasonableness, notice of a formal Rule 23(e) hearing is given to class members. Manual on Complex Litigation (4th) § 21.633. The notice of the fairness hearing should advise objectors to file written statements of their objections by a specified date in advance of the hearing and to give notice if they intend to appear at the fairness hearing. *Id.*

The Parties have agreed on the content and method of the proposed notice. The Class Notice explains the nature of the controversy, the details of the Settlement Agreement, the eligibility of Class Members to participate in the Settlement, and their right to object to it. (Attached as Exhibit B) The Class Notice will be mailed to all Class Members via first class mail to their last known addresses.

The Court should approve the form and method of notice to the Class.

    **D.    The Parties Request The Court To Schedule A Final Fairness Hearing.**

Under the proposed Settlement Agreement, the Parties have agreed to send the class notice within 14 days of the Court's preliminary approval. Class members will have 60 days to submit written objections in advance of the fairness hearing. The parties request that this Court schedule a fairness hearing on the Settlement Agreement for a time after November 1, 2008.

## IV. CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court (i) preliminarily approve the Settlement Agreement; (ii) approve the proposed Class Notice and the mailing thereof; and (iii) set a date for a Fairness Hearing under Rule 23(e).

Respectfully submitted,

| | |
|---|---|
| /s/ Robert F. Childs by G. P. Rogers with permission<br>Robert F. Childs, Jr.<br>Herman Johnson, Jr.<br>Susan Donahue<br>Wiggins, Childs, Quinn & Pantazis, P.C.<br>The Kress Building<br>301 19th Street North<br>Birmingham, Alabama  35203 | /s/ Gregory Parker Rogers<br>Lawrence J. Barty<br>Gregory Parker Rogers<br>Patricia Anderson Pryor<br>Taft Stettinius & Hollister LLP<br>425 Walnut Street, Suite 1800<br>Cincinnati, Ohio  45202<br><br>Attorneys for Defendant<br>AK Steel Corporation |

Paul H. Tobias Esq.
Tobias, Kraus & Torchia
911 Mercantile Library Building
414 Walnut Street
Cincinnati, OH  45202


David Sanford
Sanford, Wittels & Heisler, L.L.P.
1666 Connecticut Avenue, N.W. Suite 310
Washington, D.C.  20009

Grant Morris
7 DuPont Circle, N.W.
Suite 250
Washington, D.C.  20036

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that on July 2, 2008, I electronically filed the foregoing Joint Motion For Preliminary Approval Of Class Action Settlement And Proposed Class Notice with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Susan Donahue, Robert Childs, Herman N. Johnson, Jr., Wiggins, Childs, Quinn & Pantazis, P.C., The Kress Building, 301 19th Street North, Birmingham, Alabama 35203; Paul H. Tobias, Tobias, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202; and David Sanford, Sanford, Wittels & Heisler, L.L.P., 2121 K Street, N.W., Suite 700, Washington, D.C. 20037.

/s/ Gregory Parker Rogers