## SETTLEMENT AGREEMENT
## BERT, *ET AL.* v. AK STEEL CORPORATION

### I.    Introduction

This Settlement Agreement (as defined in Section 1.30, below) is made for the purpose of

settling the case known as *Vivian Bert, et al. v. AK Steel Corporation* (the "Litigation") on a

class-wide basis.  The parties have actively engaged in this Litigation for six years including

extensive discovery and motion practice.  Over one hundred thousand pages of information have

been exchanged.  More than 20 depositions have been taken.  Expert witnesses on both sides

have been engaged.  AK Steel has filed motions for summary judgment on the class claims.

These motions have been held in abeyance by the Court pending further discovery.

During the course of this six-year Litigation, the Parties have engaged in substantial

settlement discussions.  These discussions culminated in several mediation sessions.  On May 29,

2008, a final mediation session was held where the Parties reached the settlement (which is

conditioned on Court approval) reflected in this Settlement Agreement.

This Settlement Agreement is made in compromise of disputed claims and is intended to

fully, finally and forever resolve, discharge and settle the Released Claims upon the terms and

conditions set forth below.

Because the Litigation is a class action, this Settlement Agreement must receive

preliminary and final approval by the Court.  The Parties have agreed to resolve the Litigation by

this Settlement Agreement, but to the extent it is not approved, the Parties agree that each of

them reserves all rights to challenge all claims, allegations and defenses in the Litigation upon all

procedural, legal and factual grounds and to assert all claims, defenses and privileges.  All

Parties agree that the other Parties retain these rights, and they agree not to take a position to the contrary.

## II.    The Parties to this Settlement Agreement

This Settlement Agreement is made by and among the following Parties: (i) the Class Representatives (on behalf of themselves and on behalf of the entire Class) with the guidance and approval of Class Counsel; (ii) Roderique Russell; and (iii) AK Steel.

## III.    Claims of the Class Representatives and the Benefits of Settlement

This case was originally filed on June 26, 2002 in the United States District Court for the Southern District of Ohio by 17 named individuals on behalf of themselves and a putative class of African American applicants for a labor reserve position at either the Middletown Works or the Ashland Works of AK Steel. On January 19, 2007, the Court certified the class as two sub-classes under Federal Rule of Civil Procedure 23(b)(2): one for unsuccessful African American Middletown test takers who took the test on or after September 12, 2001 and one for unsuccessful African American Ashland test takers who took the test on or after August 12, 2001.

Since the filing of this Litigation, the Court has granted summary judgment to AK Steel and dismissed the claims of Vivian Bert, Donald Edwards, Thaddeus Freeman, Mary Harris, Tiffany Jackson, Dwight Lewis, Edward Lewis, Michael Miller, Shawn Pryor, Allen Roberts, and Ronald Sloan. The claims of the remaining Class Representatives Darrell Carter, Darlene Denise Carter, Marnie Carter, Kay Jackson, and Timothy Oliphant have been narrowed to claims only for injunctive, declaratory and equitable relief.

The Class Representatives claimed that the Company's pre-employment test had a disparate impact on African American applicants and they sought primarily injunctive relief under Title VII of the Civil Rights Act of 1964. AK Steel filed motions for summary judgment on the class claims and a motion to decertify the Middletown subclass, and these motions were pending on May 29, 2008.

Roderique Russell is the sole remaining individual Plaintiff. He is not a member of the class. Russell passed AK Steel's pre-employment test, but claimed that AK Steel denied him employment because of his race in alleged violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. AK Steel filed a motion for summary judgment on Russell's claims. As of May 29, 2008, the Court had not yet decided this motion.

Plaintiffs recognize and acknowledge the expense and length of the type of continued proceedings necessary to prosecute the Litigation against AK Steel through trial and through appeals. Plaintiffs also recognize that AK Steel has asserted defenses to their claims, including a validation study supporting the use of the test. In addition, Plaintiffs have taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs are also mindful of the inherent problems of proof in establishing, and in overcoming defenses to, the claims they have asserted in the Litigation.

Plaintiffs believe that this Settlement confers substantial benefits upon the Class in light of these and other factors. Based upon their evaluation, Plaintiffs have determined that the Settlement is fair, reasonable and in the best interest of the Classes.

## IV.    AK Steel's Denial of Wrongdoing or Liability and the Benefits of Settlement

AK Steel denies all of the claims and contentions by the Class Representatives and Roderique Russell in the Litigation, and AK Steel believes that the evidence supports the

Company's position. Nonetheless, AK Steel has concluded that the substantial additional
expense and disruption of continuing this six-year-old Litigation weigh heavily in favor of
settlement. AK Steel has taken into account the uncertainty and risks inherent in any litigation.
The Company is also mindful of the inherent problems of proof in overcoming claims and
establishing defenses to the claims asserted in this Litigation. AK Steel has therefore determined
that it is desirable and beneficial to it that the Litigation be settled by the terms and conditions in
this Settlement Agreement.

## V.    Terms of Settlement Agreement

It is agreed by and between the Class Representatives (for themselves and the Class),
Roderique Russell and AK Steel, with the assistance of their respective counsel, that the
Litigation and the Released Claims shall be fully and finally compromised, settled and released;
the Litigation shall be dismissed with prejudice; and the Settlement will be implemented upon
and subject to the terms and conditions of this Settlement Agreement and upon entry of the
Judgment.

## 1. Definitions

1.1    "AK Steel" or "the Company" means AK Steel Corporation, the Defendant in the
Litigation, as well as each of its subsidiaries, parents (including without limitation AK
Steel Holding Corporation), predecessors, successors, purchasers, assigns and affiliates.

1.2    "AK Steel Releasees" means AK Steel (as defined in Section 1.1, above), as well as its
divisions, joint ventures and assigns, and each of these entities' past or present directors,
officers, employees, partners, members, principals, insurers (including but not limited to
National Union Fire Insurance Company of Pittsburgh, PA), benefit plans, fiduciaries,
administrators, agents, shareholders, attorneys, and personal or legal representatives.

1.3    "Class" or "Classes" means the two sub-classes which have been defined by the Court as:

(1)    All African American applicants for labor reserve positions at AK Steel's Middletown, Ohio plant who took and failed AK Steel's Screening Employment Test on or after September 12, 2001, and who allege that test has an impermissible disparate impact on African-American applicants; and

(2)    All African-American applicants for labor reserve positions at AK Steel's Ashland, Kentucky coke and steel plants who took and failed AK Steel's Screening Employment Test on or after August 12, 2001, and who allege that test has an impermissible disparate impact on African-American applicants.

1.4    "Class Counsel" means the law firms of Wiggins, Childs, Quinn & Pantazis, P.C. and Tobias, Kraus & Torchia, and attorneys David Sanford and Grant Morris, who as of this writing are the class counsel in this proceeding.

1.5    "Class Member" means a person who is a member of the Class or one of its sub-classes. The Class Members are listed in Attachment A.

1.6    "Class Notice" means a notice entitled "Notice To Class Members Regarding The Settlement Of The Class Action and Notice Of Hearing On Proposed Settlement" to be approved by the Court.

1.7    "Class Payment" means the payment made by AK Steel which will be divided and distributed to Class Members as described in Section 2.3. The amount of the Class Payment will be calculated by multiplying $3,400 by the number of Class Members who file a timely and proper Proof of Claim Form pursuant to Section 5.4.1. By way of example only, if 152 Class Members file a timely and proper Proof of Claim Form, the total Class Payment shall be $516,800; if 100 Class Members file a timely and proper

Proof of Claim Form, the total Class Payment shall be $340,000; if 50 Class Members file a timely and proper Proof of Claim Form, the total Class Payment shall be $170,000.

1.8    "Class Representatives" means Darlene Denise Carter, Darrell Carter, Marnie Carter, Kay Jackson and Timothy Oliphant, who as of this writing are the Class Representatives in this proceeding.

1.9    "Clerk of Court" means the Clerk of Court for the United States District Court, Southern District of Ohio.

1.10    "Court" means the United States District Court for the Southern District of Ohio.

1.11    "Effective Date" means the date on which the Judgment dismissing the claims in this Litigation as they pertain to those belonging to Roderique Russell, the Class Representatives and the Class Members becomes Final.

1.12    "Fairness Hearing" means a hearing set by the Court to take place after the Notice Response Deadline for the purpose of (i) determining the fairness, adequacy and reasonableness of the Settlement pursuant to class action procedures and requirements; (ii) determining the good faith of the Settlement; and (iii) entering Judgment.

1.13    "Final" means that the period for any appeals, petitions, writs, motions for rehearing or certiorari or any other motions required to seek review by any court with appellate or original jurisdiction has expired without the initiation of a review proceeding, or, if a review proceeding has been timely initiated, that there has occurred a full and final disposition of any such review proceeding, including the exhaustion of proceedings in any remand and/or subsequent appeal on remand.

1.14    "Joint Motion for Preliminary Approval of Class Action Settlement Agreement and Proposed Notice" means a joint motion filed with the Court to have the Court

preliminarily approve this Settlement, and to enter the Preliminary Approval Order, and to approve a Class Notice to be served on Class Members.

1.15 "Judgment" means the judgment rendered by the Court dismissing the claims in this Litigation with prejudice and approving this Settlement in its entirety without change (unless the Company and the Class Representatives have expressly consented to such changes in writing).

1.16 "Last Known Address" means the mailing address for a Class Member as such information is contained in the records maintained by AK Steel.

1.17 "Litigation" or the "Lawsuit" shall mean the lawsuit currently entitled *Vivian Bert, et al. v. AK Steel Corporation*, United States District Court for the Southern District of Ohio, Case No. C-1-02-467.

1.18 "Notice Administrator" means Settlement Services, Inc. ("SSI") or such other administrator selected at the discretion of AK Steel responsible for the mailing of certain notices pursuant to this Settlement.

1.19 "Notice Mailing Deadline" shall be the date fourteen (14) days after the Preliminary Approval Date (unless otherwise stated in the Preliminary Approval Order).

1.20 "Notice Response Deadline" shall be the date sixty (60) days after the Class Notice is mailed to the Class Members.

1.21 "Party" or "Parties" mean the Class Representatives, Roderique Russell and AK Steel.

1.22 "Plaintiffs" mean the Class Representatives, Roderique Russell and the Class Members. "Plaintiffs" as defined in this section do not include the other individual plaintiffs in this Litigation whose claims were dismissed by the Court upon motion by AK Steel.

1.23    "Preliminary Approval Date" shall mean the date on which the Court enters the Preliminary Approval Order.

1.24    "Preliminary Approval Order" shall mean that Order described in Section 5.1.1.

1.25    "Proof of Claim Form" shall mean the forms attached to this Agreement as Attachments B-1 and B-2 or such other form agreed to by the Parties and approved by the Court consistent with Section 5.5.4.

1.26    "Proof of Claim Mailing Deadline" shall be the date ten (10) days after the Effective Date.

1.27    "Proof of Claim Response Deadline" shall be the date sixty (60) days after the Proof of Claim Form is mailed to the Class Members.

1.28    "Released Claims" shall mean all claims by the Plaintiffs (whether known or unknown), and claims of all Class Members, for any type of relief against the AK Steel Releasees which were asserted or could have been asserted in this Litigation, including without limitation, claims related to the Screening Employment Test and any Class Member's related application for employment at AK Steel. Released Claims include claims for declaratory relief, damages, backpay, unpaid costs, penalties, interest (pre- and post-judgment), attorney fees, litigation costs, or any other monetary remedy, as well as injunctive relief.

1.29    "Screening Employment Test" means AK Steel's paper-and-pencil, 365-question pre-employment screening test prepared by Resource Associates, Inc. that was at issue in this Litigation.

1.30    "Settlement Agreement," or "Settlement" or "Agreement" in isolation, refers to the terms and conditions contained in this document.

1.31    "Settlement Hearing" has the same definition as "Fairness Hearing" in Section 1.12.

**2.     Consideration to Class Members**

2.1    AK Steel states that it will not use the Screening Employment Test after the Effective
       Date.

2.2    AK Steel agrees that it will cause to be validated any pre-employment personality,
       intelligence or knowledge-based pre-employment test(s) used in the three-year period
       following the Effective Date for its hiring selection process for entry-level bargaining
       unit positions at its Middletown Works or Ashland Works.  Such validation will be
       approved by Kathleen Lundquist or another qualified individual approved by counsel for
       the Parties.  The Parties recognize that the expected cost of such validation may exceed
       $300,000.  All such cost will be borne by AK Steel.

2.3    Within ten days of the Proof of Claim Response Deadline, AK Steel will transfer the
       Class Payment to the Notice Administrator which will establish, and place the Class
       Payment into, a qualified settlement fund.  The Class Payment shall be distributed by the
       qualified settlement fund to eligible Class Members pursuant to a formula established by
       Class Counsel, based in part on mitigation factors.  The distributions to Class Members
       shall be paid from the qualified settlement fund, net of withholdings for applicable taxes
       required to be withheld from monies attributable to claimed backpay.  AK Steel shall
       have no authority or liability in connection with the management, investment,
       maintenance or administration of the qualified settlement fund or the amounts of
       distribution to the individual Class Members.

2.4    If after six months following the issuance of a check to a Class Member, a check is not
       negotiated, those monies shall be paid to Workplace Fairness.

2.5    Within ten (10) days of the Effective Date, AK Steel will pay $10,000, less applicable taxes required to be withheld from monies attributable to claimed back pay, to Roderique Russell for settlement and full resolution of his individual claims.

2.6    Within ten (10) days of the Effective Date, AK Steel will pay $10,000 each to Darrell Carter, Darlene Denise Carter, Marnie Carter, Timothy Oliphant and Kay Jackson in recognition of their services as Class Representatives on behalf of the other Class Members and the time and expenses that they have spent prosecuting this six-year Litigation. AK Steel will issue an IRS form 1099 for these amounts, and no taxes shall be withheld from these payments. These Plaintiffs are Class Members and so they may also submit a Proof of Claim Form to participate in the qualified settlement fund, if they desire to do so.

2.7    The Parties agree that, other than as provided for in this Settlement Agreement, Plaintiffs are not entitled to and will not seek or receive any further compensation or other consideration from AK Steel including interest, costs or fees related to this Litigation.

## 3.    Contingencies

3.1    This Settlement is contingent upon Court approval. The Parties agree to undertake all steps and efforts reasonably contemplated by this Agreement and any other steps or efforts which may become necessary by order of the Court to carry out this Agreement and to obtain Court approval.

3.2    In the event that this Settlement is not approved by the Court or any subsequent appellate court or is voided by AK Steel in accordance with Sections 3.3 to 3.5, this Settlement Agreement will not prejudice the rights of the Parties and will not constitute an admission or waiver of any substantive or procedural defense. If this Settlement does not become

Final or is voided by AK Steel in accordance with Sections 3.3 to 3.5 below, this

Litigation and the Parties' rights and defenses shall be the same as they were on May 28,

2008 prior to the negotiation of this Settlement Agreement.

3.3    The Court certified this Class as two subclasses under Federal Rule of Civil Procedure

23(b)(2).  For purposes of this Settlement Agreement, the Parties agree that maintenance

of this Class under Rule 23(b)(2) is appropriate and neither the facts of the case nor the

terms of this Settlement Agreement change the certification status of the Class.  The

Parties recognize that there are no opt-out rights under Federal Rule of Civil Procedure

23(b)(2).  In the event that the Court were to conclude that the Class should be changed to

a Rule 23(b)(3) class and to allow for opt-outs, the Parties agree that AK Steel shall have

the right and option to void this Settlement in the event that more than 15 Class Members

opt out of this Settlement Agreement on the basis that they object to the terms of the

Agreement and do not wish to be bound by it.  This Agreement, other than for purposes

of this Settlement, shall not constitute and shall not be construed as an admission on the

part of AK Steel that this action or any other action is appropriate for class treatment and

does not constitute a waiver of any substantive or procedural defenses.

3.4    The Parties agree the Class Members are listed in Attachment A.  It is presumed that any

individual not identified on Attachment A is not a Class Member.  Any individual not

listed on Attachment A who claims to be a Class Member must file a motion with the

Court no later than the Proof of Claim Response Deadline establishing that he or she

meets the Class Member definition established by the Court.  In the event that the number

of Class Members exceeds 200, AK Steel shall have the right and option to void this

Settlement.

3.5    In order to void this Settlement, AK Steel must provide written notice to Class Counsel

and the Court that it has elected to void the Settlement pursuant to Section 3.3 or 3.4 of

the Settlement Agreement.  Such notice must be provided within 30 days after AK Steel

receives written notice that either of the events described in Section 3.3 or 3.4 have

occurred.

**4.    Release of AK Steel**

4.1    All of Plaintiffs' claims in this Litigation will be dismissed with prejudice.

4.2    Roderique Russell, Darlene Denise Carter, Darrell Carter, Marnie Carter, Kay Jackson

and Timothy Oliphant, individually, on behalf of themselves and any heirs, assigns,

attorneys, executors and/or administrators hereby covenant not to sue and fully, finally

and forever release AK Steel and the AK Steel Releasees from any and all rights, claims

and causes of action of every kind and nature under federal, state or other law, including,

but not limited to, any and all claims or rights under any law, statute, ordinance, rule or

regulation or the common law, whether known or unknown that have arisen or may arise

through the Effective Date of this Agreement as defined in Section 1.11, including those

raised in this Litigation.

4.2    The Class Representatives and each of the Class Members fully, finally and forever

release, dismiss with prejudice, relinquish and discharge all Released Claims.

4.3    With respect to any and all Released Claims, the Class Representatives agree that they

and the Class Members are releasing all Released Claims arising from the beginning of

time until the Effective Date of the Settlement, whether known or unknown, suspected or

unsuspected, contingent or non-contingent.  The Class Representatives acknowledge, and

the Class Members shall be deemed by operation of the Judgment to have acknowledged,

that the foregoing waiver was separately bargained for as a key element of the Settlement of which this release is a part.

**5.      Procedure for Court Approval**

5.1    *Court Approval of Notice to the Class and a Settlement Hearing.*

5.1.1    Via the Joint Motion for Preliminary Approval of Class Action Settlement Agreement and Proposed Notice, the Parties will request that the Court enter a Preliminary Approval Order that shall:  (1) preliminarily approve the terms and conditions of the Settlement embodied in this Agreement subject to the Fairness Hearing and final approval by the Court in the final settlement order; (2) schedule the Fairness Hearing for the purposes of determining the fairness, reasonableness and adequacy of the Settlement, granting final approval of the Settlement, and entering Judgment; and (3) find that the Class Notice fairly and adequately (a) describes the terms and effects of this Agreement and the Settlement; (b) gives adequate notice of the time and place of the Fairness Hearing for final approval of the Settlement; (c) describes how recipients of the Class Notice may object to approval of the Settlement and/or submit a claim; and (d) constitutes due and sufficient notice of the matters set forth in the Class Notice to all individuals entitled to receive such Class Notice.

5.1.2    If the Court enters the Preliminary Approval Order, then at or before the resulting Fairness Hearing, the Class Representatives and AK Steel through their counsel shall endeavor in good faith to address any written objections from Class Members or any issues or concerns expressed by Class Members who testify at the Fairness Hearing. They further shall endeavor in good faith to address any issues or concerns expressed by the Court during such Fairness Hearing.

5.3     *Notice to Class Members*

5.3.1   If, by entering the Preliminary Approval Order, the Court provides authorization to send a Class Notice to Class Members, the Notice Administrator will mail the Class Notice to all Class Members identified on Attachment A. This Class Notice shall be mailed via first class mail through the United States Postal Service, postage pre-paid.

5.3.2   This Class Notice and its envelope or covering shall be marked to denote the return address of the Notice Administrator.

5.3.3   The Notice Administrator shall prepare the name and Last Known Address for each Class Member so that it can engage in the processing and mailing of each Class Notice. This information shall also be provided to Class Counsel who will have the opportunity to review it for accuracy and to provide the Company with updated information to the extent Class Counsel is in possession of such information. Review by Class Counsel will not extend any deadline or any time period or notice period set forth in this Settlement. Class Counsel reserves the right to petition the Court to resolve any sufficiency of the Class Member information.

5.3.4   Unless the parties agree otherwise in writing or the Court so orders, each Class Notice shall be mailed to the Last Known Addresses of the Class Members no later than the Notice Mailing Deadline.

5.3.5   AK Steel shall be responsible for all reasonable costs of the mailing described in Section 5.3.1, which shall include the fees charged by the Notice Administrator, the cost of the envelope in which the Class Notice will be mailed, the cost of reproducing the Class Notice and the cost of postage to send the Class Notice. The Class Representatives

acknowledge that AK Steel's agreement to pay the notice administration and mailing costs constitutes additional consideration to the Class.

5.3.6    Unless the Notice Administrator receives the Class Notice returned from the United States Postal Service, that Class Notice shall be deemed received by the Class Member to whom it was sent three days after mailing. If subsequent to the first mailing of the Class Notice and prior to the deadline for a response, that Class Notice is returned to the Notice Administrator by the United States Postal Service with a forwarding address for the recipient, the Notice Administrator shall re-mail the notice to that address, and the forwarding address shall be deemed the updated address for that Class Member. The Class Notice shall be deemed received upon mailing once it is mailed for the second time. In the event that subsequent to the mailing of any Class Notice, and at least fourteen (14) days prior to the Notice Response Deadline, the Class Notice is returned to the Notice Administrator by the United States Postal Service, the Notice Administrator shall undertake a reasonable secondary address verification measure (*i.e.*, a standard skip trace procedure) to attempt to ascertain the current address of the particular Class Member in question and, if such an address is ascertained, the Notice Administrator will re-send the Class Notice as promptly as possible and in any event within fourteen (14) days of receiving such information. In either event, the Class Notice regarding Settlement of the Litigation shall be deemed received once it is mailed for the second time. In the event the Class Notice is returned as undeliverable, the Notice Administrator will notify Class Counsel within three business days of the name and the last known address of the Class Member. To the extent Class Counsel ascertains another address for the Class Member the Notice Claims Administrator will mail the Class Notice to this address. The Notice

Administrator will advise the Court and the Parties of all returned Class Notices as well

as the action the Notice Administrator took on each such Class Notice.

5.4    *Responses to the Class Notice and the Motion for Final Approval*

5.4.1    Class Members have whatever rights are granted to them in accordance with the Federal

Rules of Civil Procedure to file written objections to the Settlement at their own expense

on or before the Notice Response Deadline (unless otherwise provided in the Preliminary

Approval Order) and to appear at the Settlement Hearing.  The Class Notice will advise

Class Members of this option and that all objections must be filed in writing, any

objections not filed in writing as of the Notice Response Deadline are of no effect, and

that Class Members exercising this option shall be responsible for any attorneys' fees or

costs incurred by them in connection with such objections.

5.4.2    Prior to the Settlement Hearing and consistent with the instructions of the Court, the

Class Representatives and AK Steel shall jointly move the Court for entry of the order of

final approval (and the associated entry of Judgment).  The Class Representatives and

Class Counsel shall be responsible for justifying the agreed upon payments set forth in

Section 5.6.1 of this Settlement.  To the extent possible, the motion seeking entry of the

order of final approval shall be noticed for the same day as the Fairness Hearing, to be

scheduled by the Court.

5.5    *Proof of Claims Forms*

5.5.1    The Notice Administrator shall send a Proof of Claim Form to each Class Member by the

Proof of Claim Mailing Deadline.

5.5.2    Unless the Parties agree otherwise in writing or the Court so orders, each Proof of Claim

Form shall be mailed to the Last Known Address of the Class Member or the updated

address for that Class Member. The Proof of Claim Form shall be deemed received by
the Class Member to whom it was sent three days after mailing. In the event a Proof of
Claim Form is returned as undeliverable, the Notice Administrator will notify Class
Counsel and the Court of the returned Proof of Claim Form and the name and Last
Known Address or updated address of the Class Member.

5.5.3    AK Steel shall be responsible for all reasonable costs of the mailing described in Section
5.5.1, which shall include the fees charged by the Notice Administrator (if any), the cost
of the envelope in which the Proof of Claim Form will be mailed, the cost of reproducing
the Proof of Claim Form and the cost of postage to send the Proof of Claim Form.

5.5.4    In order to be eligible to receive any payment, a Class Member must submit a fully
completed and signed Proof of Claim Form to the Notice Administrator by the Proof of
Claim Response Deadline, *i.e.*, postmarked within 60 days of the mailing of the Proof of
Claim Form. The Proof of Claim Form shall be executed by the Class Member under
penalty of perjury. The amount of distribution from the Class Payment that each Class
Member will receive will be based in part upon the amount the individual has suffered
alleged harm as compared to the Class, which will be determined pursuant to a formula
established solely by Class Counsel based in part on the Class Member's interim
earnings. The Proof of Claim Form shall require each Class Member who seeks to
receive a distribution from the Class Payment to provide proof of income (interim
earnings) from the date of the Class Member's application for employment at AK Steel
through the Effective Date. Absent extraordinary circumstances, proof of income shall
be a copy of the individual's W-2s or tax returns (or, if neither are in their possession, a
sworn statement setting forth their earnings during the period for which W-2s or tax

returns are not available) reflecting the amount of earnings during the relevant period (from the date of application through the Effective Date). Unless the Class Member requests that the Proof of Claim Form be filed with the Court, it shall be maintained only by the Notice Administrator and counsel for the parties. In the event that a Proof of Claim Form is filed with the Court, the parties shall request the Court to file such forms under seal.

5.6    *Payment of Costs and Attorney Fees to The Class Representatives*

5.6.1    Subject to approval of the Settlement Agreement, AK Steel agrees to pay to Class Counsel $750,000 for all attorney fees and costs (including expert witness fees) related to the Litigation, the subject matter of the Litigation, the Settlement of the Litigation, and the administration of the Settlement which all Parties agree is reasonable under the circumstances. Payment of the attorney fees and costs shall not be due unless and until ten calendar days after the Effective Date. Roderique Russell, the Class Representatives and Class Counsel, on behalf of themselves and all Class Members, agree that they shall not seek nor be entitled to any additional attorney fees or costs from AK Steel under any theory related in any way to the Litigation, the subject matter of the Litigation, the Settlement of the Litigation, or the administration of the Settlement. The Class Representatives and Class Counsel agree that they shall be responsible for filing with the Court any submissions necessary from the Plaintiffs to obtain the approval by the Court of the Settlement Agreement. AK Steel shall make this payment pursuant to this paragraph to Class Counsel directly, and Class Counsel shall provide counsel for AK Steel with the pertinent taxpayer identification numbers and a Form W-9. Other than any reporting of this fee payment as required by this Settlement or law, which AK Steel shall

make, Class Counsel and the Class Representatives shall alone be responsible for the reporting and payment of any federal, state or local income or other form of tax on any payment made pursuant to this paragraph. Payments made pursuant to this paragraph shall constitute full satisfaction of any claim against the Company by any Class Member or Class Counsel for fees and costs related to the Litigation, the subject matter of the Litigation and the Settlement of the Litigation.

5.6.2 Plaintiffs shall be deemed the prevailing party in this Litigation solely for the purpose of and to the extent necessary to support an award of attorney fees to Class Counsel.

5.6.3 Unless otherwise expressly provided, AK Steel shall have no responsibility for, and no liability whatsoever with respect to, the allocation among the Class Representatives, Class Members, Class Counsel or any other person who may assert some claim thereto, of any award or payment issued or made in the Litigation or pursuant to this Settlement, including, but not limited to any award or payment pursuant to Section 5.6.1.

5.7    *Notice Administrator*

5.7.1 The Company shall be responsible for the fees and expenses reasonably incurred by the Notice Administrator as a result of procedures and processes expressly required by this Settlement. The Class Representatives and Class Counsel shall have no responsibility for any fees or expenses incurred by the Notice Administrator.

5.7.2 The actions of the Notice Administrator shall be governed by the terms of this Settlement. AK Steel may provide relevant information needed by the Notice Administrator per this Settlement Agreement, provide instructions to the Notice Administrator with regard to actions required by this Settlement, and engage in related communications with the Notice Administrator without notice or copies to Class Counsel,

any Class Members or the Court.  However, communications with Class Members regarding notices and responses to notices will be shared with Class Counsel, and counsel for AK Steel, Class Counsel, and the Notice Administrator shall cooperate in establishing a procedure for answering inquiries by Class Members.

5.7.3    In the event that Class Representatives or Class Counsel take the position that the Notice Administrator is not acting in accordance with the terms of the Settlement, Class Counsel shall meet and confer with counsel for AK Steel prior to raising any such issue with the Notice Administrator or the Court.

**6.    Miscellaneous Provisions**

6.1    No person shall have any claim against Class Counsel, the Class Representatives, the Notice Administrator, counsel for AK Steel, or any of the AK Steel Releasees based on the payments made or other actions taken in accordance with this Settlement or orders of the Court.

6.2    The Parties:  (a) acknowledge that it is their intent to consummate this Settlement; (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Settlement; and (c) agree to exercise their best efforts to accomplish the foregoing terms and conditions of the Settlement.

6.3    The Settlement compromises claims that are contested in good faith, and it shall not be deemed an admission by any of the Parties as to the merits of any claim or defense.  The Parties agree that the terms of the Settlement were negotiated in good faith by them, and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel.

6.4     Neither the Settlement, nor any act performed or document executed in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of any of the Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

6.5     The Settlement may be amended or modified only by a written instrument signed by or on behalf of AK Steel, Roderique Russell, Class Representatives and the Class Counsel, or their respective successors-in-interest.

6.6     The Settlement constitutes the entire agreement among the Parties hereto. No representations, warranties or inducements have been made to any party concerning the Settlement other than the representations, warranties and covenants contained and memorialized in this document. Each Party assumes the risk of mistake as to facts or law. Except as otherwise provided herein, each Party shall bear its own costs.

6.7     Class Counsel, on behalf of the Class, are expressly authorized by the Class Representatives to take all appropriate action required or permitted to be taken by the Class Representatives pursuant to the Settlement to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement on behalf of the Class which they deem appropriate, subject to the requirements of Rule 23 of the Federal Rules of Civil Procedure.

6.8     Each counsel or other person executing the Settlement Agreement on behalf of any Party hereto hereby warrants that such counsel or other person has the full authority to do so.

6.9     The Settlement Agreement may be executed in one or more counterparts. All executed

        counterparts and each of them shall be deemed to be one and the same instrument. A

        complete set of original executed counterparts shall be filed with the Court.

6.10    The Settlement shall be binding upon and inure to the benefit of the successors and

        assigns of the Parties; but this Settlement is not designed to and does not create any third

        party beneficiaries except for the AK Steel Releasees, who are intended to be third party

        beneficiaries.

6.11    The Court shall retain jurisdiction with respect to implementation and enforcement of the

        terms of the Settlement, and all Parties submit to the jurisdiction of the Court for

        purposes of implementing and enforcing the Settlement.

6.12    The rights and obligations of the Parties to the Settlement shall be construed and enforced

        in accordance with and governed by the substantive laws of the United States and the

        state of Ohio without giving effect to the state of Ohio's choice of law principles.

6.13    The language of all parts of this Settlement shall in all cases be construed as a whole,

        according to its fair meaning, and not strictly for or against either Party. No Party shall

        be deemed the drafter of this Settlement. The Parties acknowledge that the terms of the

        Settlement are contractual and are the product of negotiations between the Parties, by or

        with the assistance of their counsel. Each Party through their counsel cooperated in the

        drafting and preparation of the Settlement. The Parties hereto have caused the Settlement

        to be executed.

6.14    No Party shall initiate contact with the media relative to this Settlement or Litigation

        absent agreement of the parties.

{W1279164.12}                                    22

07/01/2008 14:55 FAX  205 254 1500         WIGGINS CHILDS                    ☒ 0027002

DATED:  July 1, 2008


CLASS COUNSEL AND                          AK STEEL CORPORATION
COUNSEL FOR RODERIQUE RUSSELL:

*Robert F. Childs*                         By: _____
Robert F. Childs, Jr.                          David C. Horn, its Senior Vice
Herman Johnson, Jr.                            President, General Counsel and
Susan Donohue                                  Secretary
Wiggins, Childs, Quinn & Pantazis, P.C.
The Kress Building                         COUNSEL FOR AK STEEL
301 19th Street North                      CORPORATION
Birmingham, Alabama  35203

and                                        _____
                                           Lawrence J. Barty
David Sandford                             Gregory Parker Rogers
Sanford, Wittels & Heisler, L.L.P.         Patricia Anderson Pryor
1666 Connecticut Avenue, N.W. Suite 310    Taft Stettinius & Hollister LLP
Washington, D.C.  20009                    425 Walnut Street, Suite 1800
                                           Cincinnati, Ohio  45202
and

Grant Morris
7 DuPont Circle, N.W.
Suite 250
Washington, D.C.  20036

and

Paul H. Tobias Esq.
Tobias, Kraus & Torchia
911 Mercantile Library Building
414 Walnut Street
Cincinnati, OH  45202


{W1279164.12}                    23

DATED:  July 1, 2008

CLASS COUNSEL AND
COUNSEL FOR RODERIQUE RUSSELL:

_____
Robert F. Childs, Jr.
Herman Johnson, Jr.
Susan Donohue
Wiggins, Childs, Quinn & Pantazis, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203

and

David Sandford
Sanford, Wittels & Heisler, L.L.P.
1666 Connecticut Avenue, N.W. Suite 310
Washington, D.C.  20009

and

Grant Morris
7 DuPont Circle, N.W.
Suite 250
Washington, D.C.  20036

and

Paul H. Tobias Esq.
Tobias, Kraus & Torchia
911 Mercantile Library Building
414 Walnut Street
Cincinnati, OH  45202

AK STEEL CORPORATION

By: _____
       David C. Horn, its Senior Vice
       President, General Counsel and
       Secretary

COUNSEL FOR AK STEEL
CORPORATION

_____
Lawrence J. Barty
Gregory Parker Rogers
Patricia Anderson Pryor
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio  45202

{W1279164.12}                                        23